IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FLETCHER JR., | ) | |
| | ) | Case No. 20−cv−04768 |
| *Plaintiff*, | ) | |
| | ) | Judge Andrea Wood |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| JEROME BOGUCKI, ANTHONY | ) | |
| NORADIN, RAYMOND SCHALK, | ) | |
| ANTHONY WOJCIK, UNKNOWN CITY | ) | |
| OF CHICAGO POLICE OFFICERS, and the | ) | |
| CITY OF CHICAGO | ) | |
| | ) | |
| *Defendants*. | ) | |

**INDIVIDUAL DEFENDANTS' MOTION TO ENFORCE SUBPOENA TO IDOC FOR
AUDIO RECORDINGS OF PLAINTIFF'S PHONE CALLS**

Defendants Jerome Bogucki, Anthony Noradin, Raymond Schalk and Anthony Wojcik ("Individual Defendants"), pursuant to Federal Rule of Civil Procedure 45, move to enforce Individual Defendants' subpoena to the Illinois Department of Corrections ("IDOC") to obtain certain relevant audio recordings of Plaintiff's phone calls. In support thereof, Individual Defendants state as follows:

**BACKGROUND**

Individual Defendants prepared a subpoena to the IDOC Intelligence Center for all of Plaintiff's recorded phone calls/audio recordings, and corresponding call logs placed between 2002 through 2020. *See* Exhibit A (IDOC Subpoena and Rider). Counsel for Plaintiff objected to the subpoena as overbroad, seeking irrelevant information, and in Plaintiff's view, a fishing expedition which was both intrusive and harassing. Plaintiff also objected because such recordings may contain attorney-client communications. The parties held a telephonic meet and confer

pursuant to L.R. 37.2 and Individual Defendants agreed to initially limit the subpoena to the production of Plaintiff's call logs. Individual Defendants would then review the call logs to narrow the scope of the recorded phone calls requested.

IDOC provided two types of call log reports: 1) an electronic detail report listing each call made by an inmate ("Call Detail Report"), and 2) a report with call recipient information provided by the inmate, listing the phone number, relationship, and description of the call recipient (by name and address) ("PAN report"). Plaintiff's Call Detail Report lists a total of 3,132 completed calls from March 1, 2013, through January 28, 2020, for which audio recordings exist. *See* Exhibit B (IDOC call logs for Arnold Dixon aka James Fletcher).

After reviewing the Call Detail Report and the Pan Report, Individual Defendants seek 1,285 audio recorded phone calls in which Plaintiff spoke to the following individuals: Deborah Sanders, Dawon Gardner, Natasha Reeves, Jennifer Blagg, Jimmie Fletcher Sr., and Yvette Loggins/McGhee. Each of these individuals are key witnesses in this case and had recorded phone calls with Plaintiff.

The parties engaged in another telephonic meet and confer on January 4, 2022 regarding Individual Defendants request for the limited audio recordings. Counsel for the Individual Defendants identified the witnesses they were seeking the recorded phone calls of and explained the relevance of each witness to the underlying lawsuit, *i.e.*, the witness being identified by Plaintiff as a damages witness in his Rule 26 disclosures. Plaintiff's counsel indicated she understood the Individual Defendants argument and would consider the request. On January 10, 2022, counsel for the Individual Defendants and counsel for the Plaintiff had another meet and confer conference via telephone. Counsel for Plaintiff informed counsel for the Individual Defendants that Plaintiff opposes this motion. This Court indicated that any motion to compel related to outstanding discovery disputes, shall be filed no later than January 10, 2022. (Dkt. # 66).

Individual Defendants now seek leave of Court to enforce their subpoena to IDOC for the audio recordings of Plaintiff's phone calls with the individuals listed above.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) allows the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The information sought "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). Moreover, the "scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Young v. City of Chicago,* 2017 WL 25170, at *8 (N.D. Ill. Jan. 3, 2017). "Liberal discovery is permitted in federal courts to encourage full disclosure before trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.C. 364, 366 (N.D. Ill. 2001).

When determining whether to enforce or quash a subpoena, the Court must balance the privacy interests of the person seeking to quash the subpoena against the relevance and benefit of the information sought. *Pursley v. City of Rockford¸* 2020 WL 1433827, at *2 (N.D. Ill. Mar. 24, 2020). In weighing the relevance of phone calls sought against the privacy interest of Plaintiff, the court considers "both the lesser privacy expectation for an incarcerated individual who knows his calls are being recorded, as well as the difficulty in identifying which phone calls were relevant without listening to the recordings." *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 7059444, at *3 (N.D. Ill. Dec. 2, 2020).

## ARGUMENT

**I.  The Recorded Phone Calls are Relevant and Discovery of these Calls is Proportional to the Needs of the Case.**

Fletcher was convicted of the December 21, 1990, murder of Willie Sorrell. (Dkt. # 1). On that date, Edward Cooper was delivering bread near Madison and Central Avenue in Chicago. Two offenders with guns approached and entered the bread truck, robbing Cooper. As the

3

offenders fled, Cooper, with his gun drawn, gave chase. The offenders and Cooper began firing at each other and a pedestrian, Willie Sorrell, was caught in the crossfire and killed. Eyewitness Shennee Friend and Cooper both identified Fletcher as one of the offenders and testified to this at Fletcher's 2005 criminal trial. However, in 2011, these witnesses began making inconsistent statements in affidavits procured by Fletcher which were used in post-conviction and *habeas corpus* petitions. Although *habeas corpus* relief was granted based on a Confrontation Clause issue, the court noted that if it had reached the issue it would have likely granted relief based on the allegations in the affidavits. *Dixon v. Pfister*, 420 F. Supp. 3d 740, 767 (N.D. Ill. 2019). The Cook County State's Attorney's Office elected not to retry Fletcher and he subsequently filed this lawsuit. The central allegation of Fletcher's case is that the Individual Defendants fabricated the eyewitness identifications of him and framed him for a crime he did not commit.

Plaintiff's audio recorded phone calls with Deborah Sanders, Dawon Gardner, Natasha Reeves, Jennifer Blagg, Jimmie Fletcher Sr., and Yvette Loggins/McGhee are relevant, discoverable, and proportional. Individual Defendants are seeking less than half of the 3,132 calls completed by Plaintiff from 2013-2020. After the meet and confer process, Individual Defendants have narrowly tailored the scope of calls requested to only individuals who are listed in Plaintiff's 26(a) disclosures and/or are witnesses in the case. In contrast, Plaintiff has refused any compromise. While Plaintiff retains some privacy interest in his recorded calls, that interest is minimal because he knew that his calls were recorded and may be heard by others. *See Coleman v. City of Peoria*, No. 15-CV-1100, 2016 WL 3974005, at \*4 (C.D. Ill. July 22, 2016). Moreover, any *de minimus* privacy interest Plaintiff may have in the recorded calls will be safeguarded by the Confidentiality Protective Order in this case. (Dkt. # 56).

4

Several cases in this district have examined the standard in seeking to review recorded telephone conversations of incarcerated individuals:

> Taken together, *Coleman, Simon, and Bishop* teach that in order to overcome a prisoner's privacy interest in the recordings of her telephone calls, the subpoenaing party must offer more than mere speculation that the recordings could house relevant evidence. Put another way, there must be evidence already discovered indicating that the recordings would probably document something relevant. What separates the permissible subpoena for telephone call recordings in *Coleman* from the overbroad subpoenas in *Simon* and *Bishop* is the previously discovered evidence supporting the *Coleman* subpoena, as well as the narrow tailoring of the subpoena to reflect that discovered evidence.

*Rodriguez v. City of Chicago*, No. 18-CV-7951, 2021 WL 2206164, at *2 (N.D. Ill. June 1, 2021), *quoting DeLeon-Reyes*, No. 18-cv-1028, 2020 WL 705944. Here, the relevancy and proportionality of the calls Individual Defendants seek is clear: these are calls Plaintiff made to witnesses in this case.

Deborah Sanders is Fletcher's ex-wife and testified on his behalf at the 2005 criminal trial. At trial, Ms. Sanders attempted to establish an alibi for Fletcher and testified that Fletcher's appearance in December 1990 did not match the description of the offenders provided by the eyewitnesses. Ms. Sanders is listed on Fletcher's Rule 26(a) disclosures as a witness with discoverable information in this case. *See* Exhibit C (Plaintiff's Rule 26(a)(1) Disclosures). Similarly, Jimmie Fletcher Sr., Fletcher's father, was called as a witness by the defense at the 2005 criminal trial and testified to the same topics as Ms. Sanders. As both individuals are witnesses to the case with knowledge regarding Plaintiff's underlying criminal trial and his whereabouts at the time of the Sorrell murder, phone calls that Plaintiff made to these witnesses are discoverable. *See Prince v. Kato*, No. 18 C 2952, 2020 WL 7698373, at *4 (N.D. Ill. Dec. 28, 2020) (granting Defendants' Motion to Enforce Subpoena for Plaintiff's IDOC phone calls as to the 227 calls made to witnesses in the case.)

Calls that Plaintiff made to his post-conviction attorney, Jennifer Blagg, are also discoverable. As an initial matter, calls Plaintiff made to Ms. Blagg that were recorded, and not completed via the secure attorney-client telephone call procedure, are not protected by the attorney-client privilege because there was no reasonable expectation of confidentiality. *See Bishop v. White*, No. 16 C 6040, 2020 WL 6149567, at *8 (N.D. Ill. Oct. 20, 2020) (stating several courts in our circuit have concluded the attorney-client privilege does not apply to recorded prison phone calls because there is no reasonable expectation of confidentiality)*; Pursley*, 2020 WL 1433827, at * 4-5 (finding "Plaintiff could not reasonably expect that his conversations with his attorneys on recorded prison telephone lines would be confidential. The Offender Orientation Manual explicitly states that calls made from Statesville . . . are subject to monitoring and recording."); *Simon v. Nw. Univ.*, 2017 WL 66818, at * 5 (N.D. Ill. 2017); *U.S. v. Thompson*, 2007 WL 2700016, at * 2 (C.D. Ill. 2007).

Further, telephone calls with Ms. Blagg are relevant because she was instrumental in obtaining affidavits for Fletcher to use in his post-conviction proceedings. Individual Defendants have discovered evidence that the affidavits obtained may have been the result of undue pressure. In particular, Shennee Friend signed a declaration in 2011, in which she claims that detectives told her to pick Fletcher out of a photo array and later out of a physical lineup. *See* Exhibit D (Friend affidavit). On April 5, 2012, Friend signed a supplemental affidavit after speaking to Fletcher's counsel and realizing that she knew additional facts that were relevant to Fletcher's case. *See* Exhibit E (Friend supplemental affidavit). On March 5, 2015, a Cook County State's Attorney's Office investigator met with Ms. Friend regarding the two affidavits obtained from her during Fletcher's post-conviction proceedings. *See* Exhibit F (Office of the State's Attorney Investigative Report). Ms. Friend told the investigator that the affidavits she signed were not accurate and that

6

she signed the affidavits to get Fletcher's lawyers to leave her alone. *Id.* Given this evidence, calls with Ms. Blagg, potentially discussing these affidavits, are highly relevant to this litigation. *See Prince*, 2020 WL 7698373, at *3 (ordering the production of 71 recorded phone calls between the plaintiff and his criminal defense attorney).

Dawon Garder and Natasha Reeves are Plaintiff's children and are also listed as witnesses on Plaintiff's 26(a) disclosures with knowledge of Fletcher's damages stemming from his conviction. *See* Exhibit C. Fletcher claims he suffered, in part, "emotional pain, anguish [and] disruption of his life and intimate and family relationships" as a result of his conviction. Both witnesses will be deposed by Individual Defendants during this litigation and questioned about their relationship with Fletcher before, during, and after his incarceration, their interactions with him while he was incarcerated, and their conversations with him while he was incarcerated. Recorded phone calls with these witnesses, who Fletcher himself identified, will provide Individual Defendants with information to test Fletcher's claimed damages. As such, phone calls that Fletcher had with Mr. Garder and Ms. Reeves are discoverable. *Rodriguez*, No. 18-CV-7951, 2021 WL 2206164, at *2 (finding defendants "adequately targeted their review to calls with family members that are likely to contain relevant information . . . [including] knowledge of [plaintiff's] damages and the impact his wrongful prosecution and conviction had on Mr. Rodriquez and his family…"); *Prince,* No. 18 C 2952, 2020 WL 7698373, at * 2.

Furthermore, Ms. Friend indicated to the Cook County State's Attorney's Office investigator that a woman identified as Fletcher's daughter told her not to come to court prior to Fletcher's criminal trial. This provides an additional basis for the relevancy of calls with Natasha Reeves. Specifically, Ms. Friend stated that she met members of Fletcher's family after Fletcher was arrested and they kept coming back to her residence, telling her not to come to court. Ms.

Friend recalled a tall African American woman in her twenties who identified herself as Fletcher's daughter and a tall, skinny African American male who identified himself as Fletcher's uncle. *Id*. Ms. Friend's allegation is corroborated by the original trial court proceedings in which an Assistant State's Attorney stated in open court that Fletcher's family was paying Ms. Friend not to appear in court for the trial. *People v. Fletcher*, 02 CR 16669 (Cir. Ct. Cook Cty. Feb. 23, 2005). As such, Individual Defendants should be allowed access to Fletcher's phone calls with Ms. Reeves.

Yvette Loggins/McGhee was listed as Fletcher's friend in the IDOC call logs and there appear to be 13 completed phone calls with Ms. McGhee during the relevant time period. *See* Exhibit B at p. 81. Plaintiff has produced documents indicating that Ms. McGhee played a role in securing the affidavit of Mr. Cooper for Fletcher that was used during the post-conviction and *habeus corpus* proceedings. Given the potential significance of Mr. Cooper's affidavit in this case, these recordings are relevant to discover the circumstances underlying that affidavit.

## CONCLUSION

For the reasons stated above, Individual Defendants request this Court enter an order enforcing Individual Defendants' subpoena to IDOC to obtain audio recordings for Plaintiff's phone calls, related to the individuals mentioned above.

Respectfully submitted,

*/s/ Jennifer Bitoy*
Special Assistant Corporation Counsel
One of the Attorneys for Individual Defendants


Andrew M. Hale
Amy A. Hijjawi
Barrett Boudreaux
Brian J. Stefanich

8

Jennifer Bitoy
Allyson West
Hale & Monico LLC
53 W. Jackson Blvd., Suite 337
Chicago, Il 60604
Main (312) 341-9646
andy@halemonico.com
ahijjawi@halemonico.com
bboudreaux@halemonico.com
bstefanich@halemonico.com
jbitoy@halemonico.com
awest@halemonico.com

## **CERTIFICATE OF SERVICE**

I, Jennifer Bitoy, an attorney, hereby certify that, on the date stamped on the margin within this document, I caused to be filed with the Clerk of the Court's CM/ECF filing system, the foregoing document which simultaneously sent electronic notification of this filing to all counsel of record.

*/s/ Jennifer Bitoy*

## **Service List**

| | |
|---|---|
| Anand Swaminathan<br>Jonathan Loevy<br>Mariah Garcia<br>Loevy & Loevy<br>311 N. Aberdeen, 3rd Flr.<br>Chicago, IL 60607<br>(312) 243-5900<br>anand@loevy.com<br>jon@loevy.com<br>mariah@loevy.com<br>margaret@loevy.com<br><br>*Attorneys for Plaintiff* | Jennifer Blagg<br>Law Office of Jennifer Blagg<br>1333 W. Devon Avenue, Suite 267<br>Chicago, IL 60660<br>Phone (312) 218-6015<br>Fax (773) 439-2863<br>jennifer@blagglaw.net<br><br>*Attorney for Plaintiff, James Fletcher* |

Daniel Burns
Daniel Noland
Dhaviella Nichelle Harris
Paul A. Michalik
Terrence M. Burns
Reiter Burns, LLP
311 S. Wacker Drive, Suite 5200
Chicago, IL 60606
(312) 982-0090
dburns@reiterburns.com
dnoland@reiterburns.com
dharris@reiterburns.com
pmichalik@reiterburns.com
tburns@reiterburns.com
dneville@reiterburns.com
mavitia@reiterburns.com
hbarhorst@reiterburns.com

*Attorneys for Defendant, City of Chicago*