# EXHIBIT 28



Transcript of the Deposition of
## Kathaleen Lanahan
**Case:** James Fletcher, Jr. v. Jerome Bogucki, et al.
**Taken On:** June 7, 2024

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


JAMES FLETCHER JR.,            )
                               )
        Plaintiff,             )
                               )
   -vs-                        )   No. 20 CV 4768
                               )
JEROME BOGUCKI, ANTHONY        )
NORADIN, RAYMOND SCHALK,       )
ANTHONY WOJCIK, UNKNOWN        )
CITY OF CHICAGO POLICE         )
OFFICERS, and the CITY OF      )
CHICAGO,                       )
                               )
        Defendants.            )
_____)


        The deposition of KATHALEEN LANAHAN taken

via videoconference, called by the Defendants for

examination, pursuant to notice and pursuant to the

Federal Rules of Civil Procedure for the United States

District Courts pertaining to the taking of

depositions, taken before Emma Sheehy, Certified

Shorthand Reporter within and for the County of Cook

and State of Illinois, commencing at the hour of

10:00 a.m. on the 7th day of June, 2024.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 2

```
 1   A P P E A R A N C E S: (Via videoconference)
 2        LOEVY & LOEVY
          MR. SEAN STARR
 3        311 North Aberdeen Street, 3rd Floor
          Chicago, Illinois  60607
 4        312.243.5900
          sean@loevy.com
 5
               On behalf of the Plaintiff;
 6
 7        HALE & MONICO, LLC
          MR. BRIAN J. STEFANICH
 8        53 West Jackson Boulevard, Suite 334
          Chicago, Illinois  60604
 9        312.341.9646
          bstefanich@halemonico.com
10
               On behalf of the Defendants,
11             Jerome Bogucki, Anthony Noradin,
               Raymond Schalk, Anthony Wojcik;
12
13        BURNS NOLAND
          MS. DHAVIELLA N. HARRIS
14        311 South Wacker Drive, Suite 5200
          Chicago, Illinois  60606
15        312.982.0090
          dharris@burnsnoland.com
16
               On behalf of the Defendant,
17             City of Chicago;
18
          OBERTS GALASSO LAW GROUP
19        MR. WILLIAM B. OBERTS
          161 North Clark Street, Suite 1600
20        Chicago, Illinois  60601
          312.741.1024
21        wboberts@obertsgalasso.com
22             On behalf of the Deponent.
23
24
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 3

1                          I N D E X

2

3

   WITNESS                          EXAMINATION
4
   KATHALEEN LANAHAN
5
        By Mr. Stefanich                    4
6        By Mr. Starr                      27

7

8

9

10

11

12                       E X H I B I T S

13

   DEPOSITION EXHIBIT              MARKED FOR ID
14
   Exhibit No. 1                        10
15   Exhibit No. 2                        12

16   Plaintiff's Exhibit No. 1            66

17

18

19            Exhibits retained by Counsel.

20

21

22

23

24

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 4

```
 1                    (Witness duly sworn.)
 2                    KATHALEEN LANAHAN,
 3      having been first duly sworn, was examined and
 4      testified via videoconference as follows:
 5                         EXAMINATION
 6      BY MR. STEFANICH:
 7          Q.    Good morning, Judge.  My name is
 8      Brian Stefanich.  I represent four police officers
 9      in this case; Detectives Bogucki, Schalk, Noradin,
10      and Sergeant Wojcik.
11                    Could you please state your name for the
12      record.
13          A.    Kathaleen Lanahan.
14          Q.    And you're currently a judge; is that
15      correct?
16          A.    That's correct.
17          Q.    How long have you been a judge?
18          A.    Five and a half years.
19          Q.    Where are you currently assigned?
20          A.    I'm assigned to the Fifth District.
21      That's Bridgeview.
22          Q.    What types of cases do you hear in
23      Bridgeview?
24          A.    I do the problem-solving courts, which are
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 5

1    mental health court, drug court, and veterans court.

2    And then I do, you know, misdemeanor, traffic,

3    domestic violence.  I fill in in other courtrooms.

4    But I primarily do problem-solving court.

5         **Q.    At some point before you were a judge,**

6    **you were an assistant state's attorney for the Cook**

7    **County State's Attorney's Office; is that correct?**

8         A.    That's correct.

9         **Q.    When did you begin at the Cook County State's**

10   **Attorney's Office?**

11        A.    February of 1994.

12        **Q.    And how long were you an assistant state's**

13   **attorney?**

14        A.    Approximately 25 years.

15        **Q.    I want to talk about your time at the**

16   **state's attorney's office in April of 2002.**

17             **Do you recall where you were assigned in**

18   **the state's attorney's office in April 2002?**

19        A.    I was assigned to Branch 66, which is the

20   homicide section.

21        **Q.    And can you describe what Branch 66 is?**

22        A.    Branch 66 prepares cases for indictment.

23   So once the cases are approved by felony review, they

24   go to Branch 66 to be indicted.  And in the process of

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 6

 1    indicting cases, you also talk to witnesses, victims,

 2    and you may present them to the grand jury.  And then,

 3    of course, present the case to the grand jury for the

 4    indictment.

 5         Q.    Okay.  Is there, like, a normal court call

 6    for Branch 66, like a daily court call?

 7         A.    There is.  It was in the afternoon,

 8    I believe.

 9         Q.    And, typically, what would happen at the

10    daily court call in Branch 66?

11               MR. OBERTS:  Object to vague; overbroad.

12    BY MR. STEFANICH:

13         Q.    You can answer.

14         A.    Basically, the cases were either -- the

15    cases, when they initially came in, were given a court

16    date.  And then the case is either indicted by that

17    date, and, you know, the preliminary -- the municipal

18    number would have been superseded by indictment, or,

19    you know -- I can't remember exactly what it was,

20    if we would do two or three weeks.  But if you needed

21    some more time for some -- you know, it could have

22    just been a continuance -- continuance on the call.

23    But that's about it.  And, occasionally, there would

24    be -- there had been -- occasionally, there would be

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 7

1  a prelim in Branch 66, but very rarely.

2     Q.   Okay.  So more often than not, it would just

3  be a direct indictment and not a prelim?

4     A.   Correct.

5     Q.   And Branch 66, when you would get the case in

6  Branch 66, the case would still be under the municipal

7  number?

8     A.   Correct.

9     Q.   And then it wouldn't get a, I guess, felony

10 CR number until either the prelim was granted or there

11 was an indictment?

12    A.   Correct.

13    Q.   When a case came into Branch 66, would there

14 be, I guess, like, a small court file that would come

15 in with it?

16         MR. OBERTS:  Vague; overbroad.

17         MR. STARR:  Objection to form; foundation.

18         THE WITNESS:  The -- no.  I mean, we didn't

19 get a court file, no.

20 BY MR. STEFANICH:

21    Q.   Okay.  Would there be any sort of file

22 that you would look at when a case would come into

23 Branch 66?

24    A.   The felony --

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 8

1          MR. OBERTS:  Vague; overbroad.

2          THE WITNESS:  Sorry.  The felony review file

3    may come to Branch 66.

4    BY MR. STEFANICH:

5      **Q.    Okay.  Do you remember doing any work on**

6    **James Fletcher's criminal case in April or May of**

7    **2002?**

8      A.   I do not.  I have no --

9      **Q.    Okay.**

10         MR. STARR:  I'm sorry.  I didn't hear the

11   rest of her answer.  You cut out.  I don't know if

12   it's just my computer or yours.

13         THE WITNESS:  No independent recollection.

14         MR. STARR:  Thank you.

15   BY MR. STEFANICH:

16     **Q.    Mr. Fletcher also went by the alias of**

17   **Arnold Dixon.**

18         **Does that name jog any memory for you?**

19     A.   No.

20     **Q.    Judge, do you have any documents about the**

21   **Fletcher case in front of you?**

22     A.   I was provided some documents, yes.

23   They're here --

24     **Q.    Do you have them in the back or with you**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 9

1    **right now?**

2         A.   I have them to the side here.

3         **Q.   Oh, okay.  Do you have the criminal**

4    **complaint?**

5         A.   I do.

6         **Q.   Okay.  It might just be easier if you look**

7    **at it as opposed to me trying to share my screen.**

8              MR. STARR:  Brian, I don't mean to interrupt

9    you, but you didn't provide any exhibits in advance

10   of this deposition, as far as I know.

11             Do you intend to identify stuff so I can

12   find it or share your screen?  I mean, we've commonly

13   exchanged exhibits, but I didn't see any come in this

14   morning.

15             MR. STEFANICH:  Sure.  So I can give you the

16   Bates stamp, Sean, or I can try to share my screen.

17   You know that generally doesn't work for me, but...

18             MR. STARR:  I've been trying to get you

19   to learn how to do it because it's really not that

20   complicated.  So I think if you share your screen,

21   that would be helpful for everyone on the Zoom, but...

22             MR. STEFANICH:  Sure.  I will see what

23   happens.

24   BY MR. STEFANICH:

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 10

1    **Q.   Judge, do you see on the screen here the**
2  **criminal complaint?**
3    A.   I do.
4    **Q.   Okay.**
5         MR. STEFANICH:  Sean, do you?
6         MR. STARR:  Yeah.  Do you mind identifying
7  the Bates as well, Brian?
8         MR. STEFANICH:  Sure.  Yeah.  So let's
9  mark this as Exhibit Number 1.  It's Bates-stamped
10  Fletcher 6926.
11         MR. STARR:  Thank you.
12         MR. STEFANICH:  And this is a copy of the
13  criminal complaint in People versus James Fletcher.
14  BY MR. STEFANICH:
15    **Q.   Judge, is this your signature where it says,**
16  **complainant signature?**
17    A.   My signature.  It's my handwriting, yes.
18    **Q.   Okay.  And is it your handwriting for the**
19  **entirety of this document where there's handwritten**
20  **notations?**
21    A.   It is.
22    **Q.   Okay.  And you're the complainant on this**
23  **criminal complaint; is that correct?**
24    A.   Correct.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 11

```
 1      Q.   And it looks like the criminal complaint
 2  was filed on April 18, 2002; is that correct?
 3           MR. OBERTS:  Foundation.
 4           THE WITNESS:  Correct.
 5  BY MR. STEFANICH:
 6      Q.   Do you know why you're the complainant for
 7  Mr. Fletcher's criminal case?
 8           MR. STARR:  Objection, foundation.
 9           MR. OBERTS:  Objection, foundation,
10  and to the extent it calls for her personal mental
11  impression.
12           THE WITNESS:  I don't.
13  BY MR. STEFANICH:
14      Q.   Was that typical for your time in Branch 66
15  where you would be a complainant in a criminal case?
16           MR. OBERTS:  Objection to vague; overbroad.
17           Go ahead.
18           THE WITNESS:  It was not.
19  BY MR. STEFANICH:
20      Q.   Do you have -- do you know what, if any,
21  documents you would have reviewed prior to filling
22  out this criminal complaint?
23           MR. STARR:  Objection; form, foundation.
24           MR. OBERTS:  Speculation.
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 12

1           Go ahead.

2           THE WITNESS:  I don't know what documents

3    I reviewed.

4    BY MR. STEFANICH:

5        Q.    Do you know who ASA Jennifer Walker is?

6        A.    I do.

7        Q.    Do you recall ever speaking with ASA Walker

8    about Mr. Fletcher's criminal case?

9        A.    No.

10           MR. STARR:  Objection; form, foundation,

11   speculation.

12   BY MR. STEFANICH:

13       Q.    I'll represent to you that ASA Walker was

14   the felony review attorney in Mr. Fletcher's case.

15           Would you have spoken to ASA Walker, the

16   felony review assistant state's attorney, prior to

17   filling out this complaint?

18           MR. STARR:  Same objections.

19           THE WITNESS:  I have no idea.

20   BY MR. STEFANICH:

21       Q.    Judge, do you see a report of proceedings on

22   the Zoom screen there?

23       A.    I do.

24       Q.    Okay.  We'll mark this as Exhibit Number 2.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 13

```
 1    This is a transcript of a report of proceedings from

 2    April 18 -- the transcript says 2004, but I think

 3    that's a scrivener's error.  I think it should be

 4    2002.  And this is in Branch 66.  The judge was

 5    Kevin Sheehan.

 6            Judge, do you recall Judge Sheehan being in

 7    Branch 66 in 2002?

 8       A.   I do.

 9       Q.   And you're listed as the assistant state's

10    attorney on this transcript representing the State in

11    this matter; is that correct?

12       A.   I am, yes.

13       Q.   Did you review this transcript prior to

14    today's deposition?

15       A.   I did.

16       Q.   Did reviewing this transcript refresh your

17    recollection at all about anything with Mr. Fletcher's

18    criminal case?

19       A.   No.

20       Q.   I turned to page 2, which is Bates stamp

21    Fletcher 6877.

22            And the last paragraph here, Judge, you state

23    that he is here -- "he" being Mr. Fletcher -- is here

24    today on a murder warrant.
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 14

1           Do you see that?

2     A.    I do.

3     Q.    Can you describe what a -- is a murder

4   warrant the same thing as an arrest warrant?

5     A.    Correct.  It's an arrest warrant for the

6   charge of murder.  Right.

7     Q.    Okay.  Got it.

8           MR. STARR:  Brian, can you identify the

9   entire range of this transcript?

10          MR. STEFANICH:  Sure.  It's Fletcher 6876

11  through Fletcher 6880.

12          MR. STARR:  Thank you.

13  BY MR. STEFANICH:

14    Q.    Judge, going back to page 2, you tell the

15  Court that we're asking that it be executed -- "it"

16  being the murder warrant -- that he be held no bail,

17  and that he be remanded at Cook County Jail to stand

18  in a lineup.

19          Do you see that?

20    A.    I do.

21    Q.    Based on this transcript, do you think that

22  the murder warrant or the arrest warrant hadn't been

23  executed on this date?

24          MR. STARR:  Objection; form, foundation.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 15

1          MR. OBERTS:  Objection to her thoughts and
2   her thought -- her mental impression and work product.
3   However, I don't object to asking factually --
4   factually -- question factually for factual
5   information, but as far as her thoughts or her mental
6   impression and ask her not to provide her work product
7   or mental impression.
8          THE WITNESS:  Yeah.  I am -- I mean, I'm
9   asking that it be executed.  He's coming from IDOC.
10  I guess we're asking that it be executed, so he will
11  be held in the county jail for lineup.  I mean, I
12  think it kind of speaks for itself.  I guess I'm not
13  sure what you're asking.
14  BY MR. STEFANICH:
15     **Q.   Yeah.  I guess, procedurally -- I'm trying**
16  **to ask procedurally if you know sort of what -- what**
17  **occurred, because my understanding was the murder**
18  **warrant was signed in March.**
19          **So, I guess, procedurally, if the murder**
20  **warrant hadn't been executed, how would he have -- how**
21  **would Mr. Fletcher have gotten to -- gotten to court?**
22          MR. STARR:  Objection; form and foundation.
23          MR. OBERTS:  Is that your question right now?
24          MR. STEFANICH:  Yeah.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 16

1          MR. OBERTS:  Objection as far as speculation
2    and judge's work product, mental impressions.  But if
3    she could answer factually or if you have a factual
4    question, I wouldn't object.  But to her thoughts or
5    impression or speculation of what may or may not have
6    happened without foundation, I object to that.
7          THE WITNESS:  Yeah.  I -- I don't know.
8    I mean, the -- they issued a warrant because he was
9    in IDOC and then writ him over for the warrant to be
10   executed to stand in a lineup.  I mean, I don't
11   know --
12   BY MR. STEFANICH:
13       Q.   I see.  So --
14       A.   -- what you're asking more than that.
15       Q.   No.  I think I understand.  I think I was
16   missing the State would have writted him over.
17   So thank you for that clarification.
18          On page 4 of this transcript, you inform
19   the Court that the lineup is to happen on Saturday.
20          Do you see that?
21       A.   I do.
22       Q.   Do you have -- do you know where you would
23   have received that information?
24          MR. STARR:  Objection; form, foundation,

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 17

```
 1   speculation.
 2            MR. OBERTS:  Join.
 3            THE WITNESS:  I don't.  I mean, I'm guessing
 4   the detectives, but --
 5   BY MR. STEFANICH:
 6       Q.   Okay.
 7       A.   -- I don't know who else would be -- I mean,
 8   they're the people who would be running the lineup,
 9   so -- but I -- but do I remember?  No.
10       Q.   Do you remember Detective Bogucki?
11       A.   I don't.  I don't know him.  I mean, I'm sure
12   I met him at some point if he was involved in this
13   case and he came to court on this case, but I can't
14   tell you for certain.  He's not --
15       Q.   What about --
16       A.   -- someone I regularly worked with or knew.
17       Q.   What about Detective Schalk, Ray Schalk?
18            MR. OBERTS:  Objection to form.
19            THE WITNESS:  I don't --
20            MR. OBERTS:  Go ahead.
21            THE WITNESS:  I don't think so.
22   BY MR. STEFANICH:
23       Q.   Judge, I'm going to pull up another
24   transcript of Sheenee Friend's grand jury testimony.
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 18

1          **Judge, do you see here that this appears**
2     **to be a transcript of grand jury testimony of**
3     **Sheenee Friend?**
4          A.   I do.
5          **Q.   Did you review this transcript prior to**
6     **today's deposition?**
7          A.   I did.
8               MR. OBERTS:  Brian, do you have a Bates
9     stamp?
10              MR. STARR:  Bill, what did you say?
11    I'm sorry.
12              MR. OBERTS:  Brian, can you give a Bates
13    stamp?
14              MR. STARR:  Okay.
15              MR. STEFANICH:  It's Fletcher 474 through
16    Fletcher 489.
17    BY MR. STEFANICH:
18         **Q.   Did reviewing this grand jury testimony**
19    **refresh your recollection at all about Mr. Fletcher's**
20    **criminal case?**
21         A.   No.
22         **Q.   Do you recall Ms. Friend?**
23         A.   No.
24         **Q.   Based on your review of the grand jury**

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 19

```
 1    testimony, is it fair to say that Ms. Friend
 2    identified and testified that Mr. Fletcher was one
 3    of the offenders in this murder in front of the grand
 4    jury?
 5              MR. OBERTS:  Object to foundation,
 6    speculation, and to the extent it calls for her mental
 7    impression.  But factually, I -- she can answer it if
 8    she has the ability.
 9              THE WITNESS:  That's what I read in the
10    transcript.
11              MR. STARR:  Belated objection to form and
12    foundation.  I apologize.  My Internet is a little
13    spotty this morning.
14    BY MR. STEFANICH:
15        Q.   And, Judge, you were the ASA who presented
16    Ms. Friend to the grand jury; is that correct?
17        A.   Correct.
18        Q.   In the transcript on page that's Bates
19    stamped Fletcher 480, you show Ms. Friend a photograph
20    that you mark as People's Exhibit 1.
21              Do you see that?
22              MR. OBERTS:  Foundation.
23              THE WITNESS:  I do.
24    BY MR. STEFANICH:
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 20

```
 1        Q.   Okay.  Do you recall where you would have
 2   received that photograph?
 3             MR. STARR:  Form; foundation.
 4             MR. OBERTS:  Join.
 5             THE WITNESS:  I don't.
 6   BY MR. STEFANICH:
 7        Q.   And, Judge, on page that's marked
 8   Fletcher 486 at the line that starts line 22, you
 9   ask Ms. Friend about an interview that she had with
10   ASA Walker, Detectives Bogucki and Schalk on
11   March 9, 2002.
12             Do you see that?
13             MR. OBERTS:  Foundation; speculation.
14             Go ahead.
15             THE WITNESS:  I do.
16   BY MR. STEFANICH:
17        Q.   Okay.  And you marked as People's Exhibit 2
18   Ms. Friend's handwritten statement that she gave to
19   ASA Walker.
20             Do you see that?
21             MR. OBERTS:  Foundation; speculation.
22             THE WITNESS:  I do.
23   BY MR. STEFANICH:
24        Q.   Okay.  You asked Ms. Friend at the grand
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 21

1   jury how she had been treated by the police and the

2   assistant state's attorney; is that correct?

3          MR. OBERTS:  Foundation; speculation.

4          MR. STARR:  Join.

5   BY MR. STEFANICH:

6      Q.   And how did Ms. Friend respond?

7          MR. OBERTS:  Objection; foundation,

8   speculation.

9          MR. STARR:  Join.

10         THE WITNESS:  The transcript says, I was

11  treated real good.

12  BY MR. STEFANICH:

13     Q.   You also asked Ms. Friend if anyone

14  threatened her or in any way promised her anything in

15  return for her handwritten statement.

16         Do you see that?

17     A.   I do.

18         MR. OBERTS:  Foundation; speculation.

19  BY MR. STEFANICH:

20     Q.   And how did Ms. Friend respond?

21         MR. OBERTS:  Objection; foundation,

22  speculation.

23         MR. STARR:  Join.

24         THE WITNESS:  No, ma'am.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 22

1  BY MR. STEFANICH:

2      Q.   **Was it your practice to speak with civilian**

3  **witnesses prior to putting them in front of the grand**

4  **jury?**

5      A.   Yes.

6      Q.   **And would it be your practice to go over**

7  **their testimony with them?**

8      A.   Yes.

9      Q.   **Did Ms. Friend ever tell you that she**

10 **identified someone other than Mr. Fletcher as one of**

11 **the offenders in a photo array and that the police**

12 **told her to pick out Fletcher?**

13         MR. STARR:  Objection to form; foundation;

14 calls for speculation.

15         THE WITNESS:  I have no idea based on the

16 transcript, but I would have addressed that had she

17 told me something like that.

18 BY MR. STEFANICH:

19     Q.   **Would you have -- how would you have**

20 **addressed it?**

21         MR. OBERTS:  Objection; speculation,

22 foundation, incomplete hypothetical.

23         MR. STARR:  Join.

24         THE WITNESS:  I don't remember in this --

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

                                                    Page 23

1    I don't remember her saying anything like that in

2    this case.

3    BY MR. STEFANICH:

4        Q.   Okay.  Do you recall or remember Ms. Friend

5    ever telling you that when she went to the police

6    station for an in-person lineup, that the police told

7    her to pick out who they had pointed out in the photo

8    array?

9            MR. STARR:  Form; foundation; speculation.

10           THE WITNESS:  No.

11   BY MR. STEFANICH:

12       Q.   Judge, on the screen now is a copy of a

13   Polaroid of Ms. Friend.

14           Does seeing this photograph refresh your

15   recollection at all about Ms. Friend?

16           MR. STARR:  Brian, can we get the Bates on

17   that, please?

18           MR. STEFANICH:  It is Bates Fletcher Evidence

19   Inspection 96.

20           THE WITNESS:  It does not.

21   BY MR. STEFANICH:

22       Q.   Okay.

23           MR. STARR:  Brian, you cut out for me.

24   Was that 96; did you say?

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

```
                                                    Page 24
 1           MR. STEFANICH:  Yeah.  Fletcher Evidence
 2   Inspection 96.
 3           MR. STARR:  Okay.  Thank you.
 4   BY MR. STEFANICH:
 5      Q.   Judge, on the screen here is another
 6   transcript of a grand jury proceeding in this case.
 7   The witness's name is Terry Rogers.  The Bates stamp
 8   range is Fletcher 7762 through 7768.
 9           Do you see the, I guess, first page of this
10   transcript on your screen, Judge?
11      A.   I do.
12      Q.   Okay.  And based on the transcript,
13   it appears that you were the ASA that presented
14   Mr. Rogers to the grand jury; is that correct?
15      A.   That's correct.
16      Q.   Do you have any recollection of Mr. Rogers?
17      A.   I do not.
18      Q.   Did you review this transcript prior to
19   today's deposition?
20      A.   I did not.  I didn't receive that transcript.
21      Q.   Okay.  On page 7765, lines 17 through 20,
22   you ask Mr. Rogers, on line 17, and what did you see
23   happen; is that correct?
24      A.   That's correct.
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 25

1      MR. OBERTS:  Speculation; foundation.

2  BY MR. STEFANICH:

3      Q.   And Mr. Rogers answered, well, Jimmy Fletcher

4  upped the gun from his backside, and there was some

5  gunfire exchanged; Edward Cooper ran to his truck and

6  got his gun.

7           Do you see that?

8           MR. OBERTS:  Object to speculation --

9  well, if you can see that, no -- no objection.

10          THE WITNESS:  I do.

11  BY MR. STEFANICH:

12     Q.   Okay.  Would you have, based on your

13  practice, spoken with Mr. Rogers prior to his grand

14  jury testimony?

15          MR. STARR:  Form; foundation; speculation.

16          THE WITNESS:  I have -- I don't recall

17  speaking to him, but if -- I would have spoken to him.

18  That would be my practice to speak to all witnesses

19  before I brought them in to the grand jury.

20  BY MR. STEFANICH:

21     Q.   And, again, if we go to page Fletcher 7767,

22  you ask Mr. Rogers about speaking with Assistant

23  State's Attorney Jennifer Walker and Detective

24  Noradin.  And based on this transcript, it appears

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 26

1    that he also had -- he also gave a statement to

2    ASA Walker.

3            Is that a fair summary of this portion of

4    the grand jury testimony?

5        A.   He answers yes, that he had spoken to them.

6        Q.   Okay.  I'm going to show you a picture

7    of Mr. Rogers.  Let's see if that refreshes your

8    recollection.

9            MR. STEFANICH:  And, Sean, this is Bates

10   stamped Fletcher Evidence Inspection 93.

11   BY MR. STEFANICH:

12       Q.   Judge, does this refresh your recollection

13   at all about Mr. Rogers?

14       A.   It does not.

15       Q.   Judge, you mentioned before that there would

16   be times that the felony review file or felony review

17   folder would be available to you in Branch 66; is that

18   correct?

19       A.   Yes.

20       Q.   A case like Mr. Fletcher's where witnesses

21   gave statements to the felony review assistant, would

22   those statements also be available to you in Branch 66

23   court?

24           MR. STARR:  Form; foundation; calls for

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 27

 1  speculation.

 2          THE WITNESS:  Yes.

 3          MR. STEFANICH:  I don't have any other

 4  questions, Judge.  Mr. Starr might have some questions

 5  for you.

 6          THE WITNESS:  Okay.

 7          MR. STARR:  I do have a few questions.

 8                    EXAMINATION

 9  BY MR. STARR:

10      Q.   **Good morning, your Honor.  My name is Sean**

11  **Starr.  I represent the plaintiff, James Fletcher,**

12  **in this matter.  Thanks for being here today.**

13          **You previously testified that in some**

14  **circumstances, you would receive the felony review**

15  **file or folder when you were presenting a case before**

16  **the grand jury; is that correct?**

17      A.   Correct.

18      Q.   **Was it also the case that there were**

19  **instances when you would not receive that folder**

20  **or file?**

21          MR. OBERTS:  Foundation; speculation.

22          Go ahead.

23          THE WITNESS:  I think there could have been.

24  Usually, you would have the felony review folder, but

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 28

1    if -- if it was an ongoing investigation, I don't --

2    I don't remember if the folders were there generally

3    or not, if they went back and forth or not.  I'm not

4    sure.

5    BY MR. STARR:

6        Q.   **In addition to the folder, were there any**

7    **other documents that you were routinely provided in**

8    **advance of presenting a case before the grand jury?**

9        A.   Whatever reports were available at the time

10   would be in the folder.

11       Q.   **Okay.  So is it -- in some circumstances,**

12   **you may have received police reports; is that correct?**

13       A.   Maybe, yes.

14       Q.   **In other circumstances, you may not have**

15   **received police reports, correct?**

16            MR. OBERTS:  Speculation; foundation.

17            Go ahead.

18            THE WITNESS:  As to this case, I don't know

19   what I received, but yes.

20   BY MR. STARR:

21       Q.   **And if you were not presenting a witness**

22   **who was a -- who was the police officer involved in**

23   **the underlying investigation, would you generally have**

24   **access to those police officers?**

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 29

```
 1          MR. OBERTS:  Objection; speculation,
 2     foundation.
 3          Go ahead.
 4          THE WITNESS:  I'm not sure what you're
 5     asking, but, I mean, my first -- I would say no.
 6     I mean -- I guess I don't understand your question.
 7     BY MR. STARR:
 8     Q.   Yeah.  Let me clarify it.  I apologize if
 9     that wasn't clear.
10          So when you were presenting a case before
11     the grand jury that was investigated by the Chicago
12     Police Department that had detectives who worked the
13     investigation up to the point in advance of coming
14     to the state's attorney's office, if you were not
15     presenting any of those police officers as witnesses,
16     would you generally have access to those police
17     officers in terms of asking them, you know, about
18     the investigation or interviewing them about their --
19     about their investigation?
20          MR. STEFANICH:  Objection, form.
21          MR. OBERTS:  Objection, vague with regards
22     to "access."  Objection, foundation and speculation.
23          But go ahead.
24          THE WITNESS:  Yeah.  I guess "access" is --
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 30

1  I'm not sure what you mean.  I mean, they're -- if

2  they're -- if they're coming to the grand jury on a

3  case, I would see them to talk to them.  I could pick

4  up a phone if I had a question.  You know -- I mean,

5  you would generally see detectives involved in a case

6  in the grand jury at some point.  Was it for every

7  witness?  Was it when it first came in?  Was it when

8  they came to indict the case?  You know, it could be

9  any of those times.  And most times, there was -- on

10 a murder, there's, you know, more than one detective,

11 and -- so it could be any number of people working on

12 the case, I guess.

13 BY MR. STARR:

14     Q.   **In circumstances -- for instance, a homicide**

15 **case that you were presenting before the grand jury,**

16 **you testified previously that you would -- it was your**

17 **practice to interview witnesses before you put them**

18 **on the stand, correct?**

19     A.   Before I brought them to the grand jury, yes.

20     Q.   **And would you interview those witnesses in**

21 **conjunction with the detectives who were investigating**

22 **a case?**

23          MR. STEFANICH:  Objection, form.

24          MR. OBERTS:  I think -- together with them?

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 31

```
 1          MR. STARR:  Yeah.
 2   BY MR. STARR:
 3      Q.   Was it your -- in your experience or was
 4   it your practice when you interviewed a witness that
 5   you were going to bring to the grand jury -- were
 6   detectives ever present for those interviews?
 7          MR. STEFANICH:  Objection, form.
 8          MR. OBERTS:  Objection, vague and
 9   speculation.
10          But go ahead.  And foundation.
11          THE WITNESS:  I would always talk -- I would
12   always talk to witnesses alone.  That doesn't mean
13   that they weren't present at some point, but I would
14   always make a -- talk to them -- talk to witnesses
15   alone so I can talk to them about their treatment and
16   those kind of things.
17   BY MR. STARR:
18      Q.   And as a state's attorney in 2002, were you
19   familiar with your obligations under the Supreme Court
20   case of Brady v. Maryland?
21      A.   Yes.
22      Q.   And you were -- in 2002, you were aware that
23   Brady required prosecutors to disclose any exculpatory
24   evidence that they encountered, correct?
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

                                                    Page 32

 1      A.   Correct.

 2      Q.   And as a prosecutor in 2002, you were aware

 3  that Brady required you to disclose any impeachment

 4  evidence that you may encounter in the course of your

 5  work on a case, correct?

 6      A.   Yes.

 7      Q.   And as a prosecutor in 2002, you were aware

 8  that Brady required you to not destroy any material

 9  evidence, correct?

10      A.   Correct.

11      Q.   Okay.  And did you -- as a Cook County

12  state's attorney, did you take the obligations of

13  Brady seriously?

14      A.   I did.

15      Q.   And did you adhere to the obligations that

16  were required upon you by Brady when you were at the

17  state's attorney's office?

18      A.   Yes.

19      Q.   As an ASA working in Branch 66, did you

20  independently investigate cases?

21      A.   No.

22      Q.   As a state's attorney working in Branch 66,

23  did you rely entirely upon the police investigation

24  and the felony review prosecutors to provide you with

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 33

1   the relevant evidence to present to the grand jury?

2           MR. STEFANICH:  Objection, form.

3   BY MR. STARR:

4       Q.   I'm sorry, ma'am.  I didn't hear your answer.

5       A.   Yes.

6       Q.   So did you have any --

7           MR. STARR:  And, Bill, this is not a question

8   about what her -- I don't think this is a mental

9   impressions question.

10  BY MR. STARR:

11      Q.   Did you have any discretion to seek specific

12  types of evidence as an ASA presenting cases to the

13  grand jury?

14      A.   I --

15          MR. STEFANICH:  Objection, form.

16          THE WITNESS:  -- your question.

17  BY MR. STARR:

18      Q.   Okay.  Let me rephrase it.

19          As an ASA working in Branch 66, did you

20  have the discretion to seek out evidence?

21          MR. STEFANICH:  Objection, form.

22          MR. OBERTS:  Objection, vague.

23          THE WITNESS:  We -- we weren't investigating.

24  I can't think -- I mean, in general, no.  You were --

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

                                                    Page 34

1    I mean, if something came up, you would, of course,

2    not ignore things or -- but no.  I guess I'm not sure

3    what you're getting at.

4    BY MR. STARR:

5       Q.   So I think you previously testified that as

6    an ASA presenting a case to the grand jury, you relied

7    on the police who investigated the crime and the

8    felony review who determined that there was probable

9    cause to charge, correct?

10      A.   Correct.

11      Q.   And they presented you the evidence that

12   you would then present to the grand jury, correct?

13      A.   Correct.

14      Q.   Did you have the discretion to ask for

15   evidence that they may have in their possession?

16           MR. OBERTS:  Object to vague, foundation,

17   and speculation.

18           THE WITNESS:  I don't know what you're --

19   I don't --

20   BY MR. STARR:

21      Q.   Okay.  Let me try to rephrase it.

22           So when you present a case to the grand jury,

23   you only present certain pieces of evidence, correct?

24      A.   We only present witnesses and then, you know,

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 35

1    whatever elements of the offense there are for the

2    indictment.

3        Q.    Right.  You're --

4        A.    But --

5        Q.    You're seeking an indictment; you're not

6    putting on an entire trial, correct?

7        A.    Correct.

8        Q.    Okay.  And is it fair to say that, as a

9    state's attorney presenting cases to the grand jury,

10   you typically relied upon the information that was

11   provided you to be complete and accurate?

12       A.    Yes.

13       Q.    Did you, in your career, work in felony

14   review?

15       A.    I did.

16       Q.    And as a felony review ASA, was it your --

17   to rely on the underlying police investigations that

18   were brought to you to be complete and accurate?

19       A.    You cut out again in the beginning.

20            MR. OBERTS:  You cut out.

21   BY MR. STARR:

22       Q.    Sure.  As a felony review trial -- or sorry.

23   Strike that.

24            As a felony review ASA, was it your practice

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 36

1    to rely on the underlying police investigations that

2    were presented to you to be complete and accurate?

3         A.   I don't understand the question.

4         Q.   So when I asked you as a Branch 66 ASA if

5    you relied on the underlying police investigations

6    to be complete and accurate, I believe you testified

7    you did; is that correct?

8         A.   And there had been an assistant state's

9    attorney who went out and reviewed the evidence

10   and talked to the witnesses.  As a felony review

11   assistant, you're going out there, and you're talking

12   to witnesses and defendants if they want to be spoken

13   to.  So you're talking to these people again, so...

14        Q.   And when you were in felony review -- my

15   question is, when you were in felony review, did you

16   expect the information that was presented to you by

17   the Chicago Police Department on any given case to

18   be accurate information?

19             MR. STEFANICH:  Objection, form.

20             THE WITNESS:  Yes.  You would expect that,

21   but you would talk to the witnesses yourself.

22   BY MR. STARR:

23        Q.   And you would do that to -- in an attempt to

24   corroborate the evidence that was presented, correct?

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 37

1      MR. OBERTS:  Objection to the extent it calls

2  for her mental impression.  But to the extent she can

3  answer factually, go ahead, but not to provide her

4  work product.

5      THE WITNESS:  Yes.

6  BY MR. STARR:

7  **Q.    Counsel for the defendants asked you about**

8  **Detective Bogucki, and I believe you testified you**

9  **have no independent recollection of who that is,**

10 **correct?**

11     A.    That's correct.

12 **Q.    And so you can't -- as you sit here**

13 **today, you can't tell us one way or another if you**

14 **interviewed him in advance of presenting the case to**

15 **the grand jury in the James Fletcher matter, correct?**

16     A.    Correct.

17 **Q.    Is that also true of Detective Ray Schalk?**

18     MR. OBERTS:  Object to form.

19     Go ahead.

20     THE WITNESS:  I didn't see the transcript

21 of the indictment.  I didn't have a copy of that.

22 So, I mean, that is the only detective I could say --

23 I have no recollection of it, but that would be the

24 only detective I can tell you for sure that I spoke

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 38

1   to.

2   BY MR. STARR:

3       Q.   Okay.  That's Detective Schalk?

4       A.   I don't know.  I didn't see the transcript.

5   I don't know.  Whoever is on the indictment is the

6   person I can tell you I spoke to based on that

7   transcript, but I don't have a recollection.

8       Q.   So I'm going to ask you about another

9   detective that was referenced by counsel, a detective

10  by the name of Anthony or Tony Noradin.

11          Do you know who that is?

12      A.   I don't.  I'm not saying I never met him.

13  I just -- I don't know.

14      Q.   And so because you don't have an independent

15  recollection of Detective Noradin, you can't say one

16  way or the other if you spoke to him in advance of

17  presenting James Fletcher's case to the grand jury,

18  correct?

19      A.   That's correct.

20      Q.   And the last police personnel I want to

21  ask you about is a sergeant by the name of Anthony

22  or Tony Wojcik.

23          Do you know who that is?

24      A.   That name is more familiar to me, but I --

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 39

1   I don't really know him either.

2       Q.   And do you have any independent recollection

3   of Tony or Anthony Wojcik being involved in the grand

4   jury case of James Fletcher?

5       A.   I don't.

6       Q.   Because you have no independent recollection

7   of Mr. Wojcik, you can't tell us one way or the other

8   if you spoke to him in advance of presenting the case

9   before the grand jury, correct?

10      A.   I can't.

11      Q.   You testified that you knew who former

12  ASA Jennifer Walker is, correct?

13      A.   Correct.

14      Q.   Did you work with her on a regular basis to

15  any extent during your time at the state's attorney's

16  office?

17      A.   I did not.

18           MR. OBERTS:  Vague.

19           Go ahead.

20           THE WITNESS:  I believe I worked with her

21  briefly subsequent to this.

22  BY MR. STARR:

23      Q.   Subsequent to this underlying case?

24      A.   Right.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 40

1      **Q.   Do you have any professional opinion of**
2    **ASA Walker's work in the state's attorney's office?**
3              MR. OBERTS:  Objection.  It calls for her
4    opinion, and she's a fact witness, not an opinion
5    witness.
6              But go ahead.
7              THE WITNESS:  I would hold her in the highest
8    regard.
9    BY MR. STARR:
10     **Q.   Do you have any sort of relationship with**
11   **ASA Walker outside of the confines of the state's**
12   **attorney's office?**
13     A.   I do not.
14             MR. STEFANICH:  Objection.
15   BY MR. STARR:
16     **Q.   What about a former state's attorney by the**
17   **name of Aidan O'Connor, do you know who that is?**
18     A.   I do.
19     **Q.   Did you work with Ms. O'Connor?**
20     A.   Not directly ever.
21     **Q.   And Ms. O'Connor was at the state's**
22   **attorney's office during part of your tenure at the**
23   **very minimum, correct?**
24     A.   Correct.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 41

1     **Q.  Do you have any professional opinion about**

2  **ASA O'Connor's work within the state's attorney**

3  **office?**

4         MR. OBERTS:  Object to the extent --

5  objection as it calls for an opinion of this fact

6  witness.

7         But go ahead.

8         THE WITNESS:  She was well-regarded.

9  BY MR. STARR:

10     **Q.  And do you have any social relationship with**

11  **Ms. O'Connor outside of the state's attorney's office?**

12     A.  I -- I do not.  I will tell you, though,

13  that I had -- I've been invited places that, you know,

14  she's also been in smaller groups.  So we must have

15  had some mutual friends.

16     **Q.  Okay.  And then what about an ASA or former**

17  **ASA by the name of Michael Clarke, do you know who**

18  **that is?**

19     A.  I do.

20     **Q.  And did you work with Mike Clarke at the**

21  **state's attorney's office?**

22     A.  No.

23     **Q.  But was Mr. Clarke at the state's attorney's**

24  **office during some part of your tenure?**

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 42

1      A.    Yes.

2      Q.    Okay.  And do you have any professional

3  opinion about ASA Clarke's work within the state's

4  attorney's office?

5            MR. OBERTS:  Objection as it calls for

6  opinion of this fact witness.

7            Go ahead.

8            THE WITNESS:  I -- I never -- I didn't work

9  with him at all.  I -- no.

10 BY MR. STARR:

11     Q.    And do you have any social relationship with

12 Mr. Clarke outside of the state's attorney's office?

13     A.    No.

14     Q.    Okay.  Cases that -- that were presented

15 before the grand jury, how did you as an ASA get

16 assigned a given case?

17           MR. OBERTS:  Did you say --

18           THE WITNESS:  You cut out at the beginning.

19           MR. STARR:  Yeah.  I'm sorry.  My Internet is

20 just a little wonky today.  I apologize to everyone on

21 the Zoom.  This hasn't been a problem lately, but I

22 guess it is today.  So thanks for letting me know.

23 BY MR. STARR:

24     Q.    My question was, generally speaking, how did

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 43

1    ASAs get assigned cases at the grand jury stage?

2        A.    Normally, the supervisor would assign cases

3    when they came in in the morning.

4        Q.    And did you have -- as a line -- I don't want

5    to be incorrect here.  Is line ASA an appropriate term

6    to use for the position you had in 2002?

7        A.    Line ASAs usually refer to felony review.

8    But yeah.  As a member of the grand jury unit, yeah,

9    or Branch 66 --

10       Q.    Okay.

11       A.    -- that's how they assigned cases.

12       Q.    As an ASA assigned to the grand jury unit,

13   did you have any discretion on which cases were

14   assigned to you?

15       A.    No.

16       Q.    Okay.  So you couldn't request to prosecute

17   a case, correct?

18       A.    No.

19       Q.    Okay.  Earlier, when I asked you about your

20   Brady obligations, as an ASA working in the grand jury

21   unit, those obligations applied to you just in the

22   same way they applied to any ASA, correct?

23       A.    Of course.

24       Q.    Okay.  So in prosecuting a case on the grand

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 44

1    jury level, if you had encountered exculpatory

2    evidence, you would have disclosed it, correct?

3        A.   Correct.

4        Q.   And I know you don't remember Mr. Fletcher's

5    case, but if you had learned of any exculpatory

6    evidence in the -- during the time in which the case

7    was assigned to you, you would have certainly

8    disclosed that to the defense, correct?

9        A.   I would.

10       Q.   And during the James Fletcher grand jury

11   stage, if you had -- if you had encountered or learned

12   of any impeachment evidence, you would have disclosed

13   that as well, correct?

14       A.   Yes.

15       Q.   And during the James Fletcher grand jury

16   stage, you didn't destroy any material evidence,

17   correct?

18       A.   No.

19            MR. OBERTS:  No, she did not, correct?

20            THE WITNESS:  No.

21            MR. OBERTS:  Objection, form.

22            MR. STARR:  Yeah.  Was it the way -- let

23   me just ask it again so it's clear on the record.

24   BY MR. STARR:

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 45

1    Q.   You didn't -- during the grand jury stage of

2    Mr. Fletcher, did you destroy any material evidence?

3    A.   I did not.

4    Q.   Okay.  At any point during the James Fletcher

5    case -- during the prosecution of James Fletcher, did

6    you ever receive any information from any source that

7    any Chicago police officer had improperly or unduly

8    influenced Terry Rogers' identification of James

9    Fletcher?

10          MR. STEFANICH:  Objection, form.

11          THE WITNESS:  No.

12   BY MR. STARR:

13   Q.   And do you know that because if you had

14   received that information, you would have disclosed

15   that to the defense?

16   A.   Correct.

17   Q.   Okay.

18   A.   No independent recollection, but I would

19   never hold on to that kind of information.

20   Q.   Right.  If we have no record of you

21   disclosing that type of information to the criminal

22   defense, we can safely assume it's because you never

23   received it; is that right?

24   A.   That's correct.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 46

1       Q.   Would you -- if -- strike that.

2            Mr. Rogers had a pending felony charge when

3    he identified Mr. Fletcher.

4            Is that information that would have been

5    made available to you as a -- as a grand jury ASA?

6            MR. STEFANICH:  Objection, form.

7            THE WITNESS:  It should have been, but I

8    don't know in this case.

9    BY MR. STARR:

10      Q.   And if any deals or any promises had been

11   made to Mr. Rogers in exchange for his testimony,

12   would that have been made known to you as a grand

13   jury ASA?

14           MR. STEFANICH:  Objection; form, misstates

15   the evidence in this case too.

16           THE WITNESS:  Yeah.  I should have been if

17   that was the case.

18   BY MR. STARR:

19      Q.   And do you have any independent recollection

20   of learning that there was a pending felony charge

21   against Mr. Rogers when he testified?

22           MR. STEFANICH:  Objection, form.

23           THE WITNESS:  I don't.

24   BY MR. STARR:

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 47

1    Q.   Do you have any independent recollection of
2  learning that there were any promises or deals made
3  with Terry Rogers at any point when he testified?
4         MR. STEFANICH:  Objection; form, misstates
5  the evidence.
6         THE WITNESS:  No.
7  BY MR. STARR:
8    Q.   Do you know -- I'm going to ask you --
9  I think I know what the answer is.  But do you know
10  a witness by the name of Edward Cooper?  Do you know
11  who that is?
12    A.   I saw the name in the material I was
13  provided, but no.
14    Q.   Okay.  And I'll just -- for the record,
15  I'll represent to you that Mr. Cooper was one of the
16  victims in this case.  He was the bread truck driver
17  that was robbed in the underlying criminal case.
18         Does that help refresh your recollection
19  at all as to who he is?
20    A.   I read it in the materials, but I don't --
21  I don't -- have no independent recollection about him.
22  Just what I read.
23    Q.   Yeah.  And I understand that you don't have
24  an independent recollection, and I don't necessarily

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 48

1    think that it would refresh your recollection.

2    But I just, for the record, have to ask some questions

3    to see what your answer is going to be.  Just, you

4    know, bear with me.  I'm trying to make this as short

5    as possible.  I understand you're a busy person.

6             So do you know, ma'am, whether or not you

7    ever interviewed Mr. Cooper?

8        A.    I don't.  I don't think I was provided

9    anything that I did, so I don't know if I interviewed

10   him or not.

11       Q.    Okay.  And as a general practice, would you

12   typically interview the victims in a case that you're

13   presenting to the grand jury?

14            MR. OBERTS:  Speculation; foundation.

15            THE WITNESS:  I feel like you generally

16   would if they were available or...

17   BY MR. STARR:

18       Q.    At any point while this case was assigned

19   to you, did you ever learn from Edward Cooper or from

20   any other source that the Chicago police detectives

21   investigating this crime unduly and improperly

22   influenced Edward Cooper to identify James Fletcher?

23            MR. STEFANICH:  Objection; form, foundation.

24            THE WITNESS:  No.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 49

 1  BY MR. STARR:
 2     Q.   And you said -- your answer was "no,"
 3  correct, ma'am?
 4     A.   Correct.
 5     Q.   Okay.  And we know that because there's no --
 6  there's nothing in the record to indicate that you
 7  ever disclosed that you had learned that information;
 8  is that correct?
 9     A.   The only way -- well, right.  I would have
10  disclosed that information if it existed.
11     Q.   Okay.  So because nothing in the record
12  exists to demonstrate that, we can safely assume that
13  you didn't learn that, correct?
14     A.   Correct.
15     Q.   And if at any point while this case was
16  assigned to you if the police had told you or provided
17  you with documentation that Mr. Cooper, the victim,
18  was unable to identify anyone, that's something you
19  would have disclosed, correct?
20          MR. STEFANICH:  Objection, form.
21          THE WITNESS:  Correct.
22  BY MR. STARR:
23     Q.   And if at any point in time anyone told
24  you -- whether Mr. Cooper, the police, or anyone

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 50

1    otherwise -- that the police had shown Mr. Cooper a

2    photo array and told him who to pick out of the photo

3    array, if you had learned that, you would have

4    disclosed that, correct?

5         A.   Of course.

6         Q.   At any point in time -- strike that.

7              If anyone had told you at any point in time,

8    while this case was assigned to you or otherwise,

9    that when Mr. Cooper went to view a lineup, the police

10   showed him a picture of Mr. Fletcher before he went

11   and viewed the lineup, that's something that you would

12   have also disclosed, correct?

13             MR. OBERTS:  Sean, you did freeze up again

14   during that question.

15             MR. STARR:  I'm sorry.  Let me ask it again.

16   BY MR. STARR:

17        Q.   If at any point in time anyone had informed

18   you that when Mr. Cooper went to go view a lineup, the

19   police showed him a picture of Mr. Fletcher prior to

20   viewing the lineup, that's something that you would

21   have disclosed, correct?

22        A.   Yes.

23        Q.   Regarding Ms. Friend, we looked at that

24   transcript earlier that indicated that Ms. Friend

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

```
                                            Page 51
 1   is a witness that you presented to the grand jury,

 2   correct?

 3        A.   Correct.

 4        Q.   Are you aware, as you sit there today,

 5   that Ms. Friend has signed a declaration recanting

 6   her identification of Mr. Fletcher in this case?

 7             MR. STEFANICH:  Objection; form, misstates

 8   the evidence.

 9             THE WITNESS:  No.

10   BY MR. STARR:

11        Q.   At any point in time, did Ms. Friend tell

12   you that the police -- strike that.

13             At any point in time, did Ms. Friend tell

14   you that she told the police that she was unable to

15   identify the shooter in the Willie Sorrell homicide?

16        A.   No.

17        Q.   And we know that -- we know that Ms. Friend

18   never told you that because there's no record of you

19   disclosing that, correct?

20        A.   Correct.

21        Q.   And if she had told you that information

22   and she had told you that she had told police she

23   couldn't identify anyone, that's something you would

24   have certainly disclosed to the defense, correct?
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

                                                    Page 52

1       A.   I would.

2       Q.   And the Brady obligation carries throughout

3    the prosecution, correct?

4       A.   It does all the way until sentencing.

5       Q.   And so if you are an ASA that works part

6    of the case, in this example, works on the grand

7    jury hearing and you later learn evidence that's

8    exculpatory, you still have that obligation to

9    disclose that information, correct?

10      A.   Correct.

11      Q.   At any point in time, did Ms. Friend

12   or anyone else tell you that when Ms. Friend was

13   presented with a photo array, she identified someone

14   other than James Fletcher?

15      A.   No.

16      Q.   If you had learned that Ms. Friend had

17   initially identified some other person other than

18   James Fletcher during a photo array, you would have

19   disclosed that to the defense, correct?

20      A.   I would.

21      Q.   Did you ever become aware that Ms. Friend

22   was -- had to be arrested multiple times in order

23   to testify during James Fletcher's trial?

24      A.   I didn't.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

```
                                                    Page 53
 1      Q.   Do you know --
 2           MR. STEFANICH:  Sorry.  I just want to make
 3   my objection.  Objection to form.
 4   BY MR. STARR:
 5      Q.   -- Fletcher was under arrest when she
 6   testified at the grand jury --
 7      A.   You broke up a little bit.
 8      Q.   Again, I apologize.
 9           Do you know whether or not Ms. Friend was
10   under arrest when she testified at the grand jury?
11      A.   I don't think so, but I'm not positive.
12   I'm not -- I'm not positive.
13      Q.   If Ms. Friend had been arrested in advance
14   of her testimony at the grand jury, is that something
15   that you should have been made aware of?
16           MR. STEFANICH:  Objection, form.
17           MR. OBERTS:  Join.
18           THE WITNESS:  Yes.
19   BY MR. STARR:
20      Q.   Were you ever made aware that Ms. Friend
21   had criminal charges pending when she identified
22   James Fletcher?
23           MR. OBERTS:  Foundation; speculation.
24           THE WITNESS:  I don't recall.
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

                                                      Page 54

1    BY MR. STARR:

2        Q.    And do you have any independent recollection

3    of whether or not there was any promises or deals made

4    with Ms. Friend in exchange for her testimony at any

5    point?

6              MR. OBERTS:  Speculation; foundation.

7              THE WITNESS:  I think I answered that

8    question.  The grand jury, she said no, but I wasn't

9    aware of anything.

10   BY MR. STARR:

11       Q.    As a general practice when you presented

12   a witness to a crime before the grand jury, would you

13   always ask them whether or not the police treated them

14   fairly and nicely?

15       A.    Yes.

16       Q.    Okay.  Did you ever have -- if you can recall

17   in your experience -- did you ever have a witness that

18   you presented before the grand jury, when you asked

19   that question, say no, that they were not treated

20   fairly or nicely by the police?

21             MR. OBERTS:  Foundation; speculation.

22             THE WITNESS:  I can't think off the top of

23   my head.

24   BY MR. STARR:

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 55

1   Q.   And in this case, if you asked Mr. Rogers

2   if he was treated fairly -- strike that.

3        As a general matter of practice, would you

4   ask those witnesses that in advance of putting them

5   on the stand?

6   A.   Yes.

7   Q.   Okay.  And so in this case, if you asked

8   Mr. Rogers, did the police treat you nicely and

9   fairly, and he told you yes, you'd have no way to

10  know if that was true or not, correct?

11       MR. STEFANICH:  Objection, form.

12       THE WITNESS:  No.  Just by their answer, not

13  in the presence of any police officers or detective.

14  BY MR. STARR:

15  Q.   You'd have to rely on what they told you,

16  right?

17  A.   Correct.

18  Q.   Okay.  And is that also true of

19  Ms. Friend; if Ms. Friend -- if you asked Ms. Friend,

20  in preparation for presenting her to the grand jury,

21  whether the police treated her nicely and fairly and

22  she told you they had, you'd have no way of knowing

23  if that wasn't true, correct?

24  A.   Correct.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 56

1    Q.    You'd have to rely on what she told you,

2    correct?

3    A.    Correct.

4    Q.    And you -- I think I asked you this.

5    I apologize if this has been asked already.

6          But you don't have any independent

7    recollection of interviewing Ms. Friend independent

8    of the police, correct?

9    A.    No.

10         MR. OBERTS:  That's true, right?

11         THE WITNESS:  No --

12   BY MR. STARR:

13   Q.    You don't have any independent recollection

14   of interviewing Mr. --

15   A.    I have no independent recollection of any

16   of it.

17   Q.    Right.  And you have no independent

18   recollection of interviewing Mr. Rogers independent

19   of the police, correct?

20   A.    I don't.

21   Q.    Do you have -- I'm going to ask you about

22   another witness just here briefly.

23         Do you have any independent recollection

24   of another witness to this crime by the name of

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 57

1   Emmitt Wade?

2       A.   No.

3       Q.   Do you know whether -- strike that.

4            Were you ever made aware that another witness

5   to this underlying crime by the name of Emmitt Wade

6   was shown a single photo of Mr. Fletcher by the

7   detectives investigating this case?

8       A.   No.

9       Q.   If you had been made aware of that, is that

10  something you would have disclosed to the defense?

11      A.   Yes.

12           MR. OBERTS:  Speculation.

13  BY MR. STARR:

14      Q.   Were you ever made aware that police told

15  Mr. Wade and Mr. Cooper that James Fletcher was a bad

16  guy and that they needed to help them convict him?

17           MR. STEFANICH:  Objection, form.

18           THE WITNESS:  No.

19  BY MR. STARR:

20      Q.   If you had learned that information, is that

21  something you would have disclosed to the defense?

22      A.   I would.

23      Q.   When the state's attorney's office was in

24  the process of reviewing the question of whether or

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 58

```
 1    not charges should be dropped or vacated against
 2    Mr. Fletcher when he had a pending post-conviction
 3    petition, were you ever asked any questions about this
 4    case?
 5         A.    No.
 6         Q.    So you had no involvement in the PC
 7    proceedings; is that correct?
 8         A.    Correct.
 9         Q.    Or you had -- and you also had no involvement
10    in the federal habeas corpus proceedings; is that
11    correct?
12         A.    Correct.
13         Q.    Did anyone else ever interview you about
14    this underlying case besides today sitting at this
15    deposition?
16         A.    Never.
17         Q.    I have to ask you a couple specific questions
18    about your awareness of particular police misconduct
19    that has been alleged in this case.  The defendants
20    in Mr. Fletcher's civil case may claim that the
21    prosecutors had knowledge of their alleged misconduct.
22              And given your answers about your independent
23    recollection, we may have to approach some of these as
24    hypothetical.  Like, as -- you know, if you had known
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 59

 1    this, would you have done this, which I've already

 2    asked you a couple times.  But I just have to go

 3    through this briefly.

 4          During the pendency of the James Fletcher

 5    criminal proceedings, were you ever at any point made

 6    aware that the Chicago Police Department engaged in

 7    any form of witness coercion?

 8    A.   No.

 9    Q.   At any point during the prosecution of

10    James Fletcher, were you ever made aware that there

11    were promises made to witnesses in this case?

12          MR. STEFANICH:  Objection; form, misstates

13    the evidence.

14          THE WITNESS:  No.

15    BY MR. STARR:

16    Q.   I apologize.  I didn't hear your answer.

17    A.   No.

18    Q.   Okay.  At any point during the prosecution

19    of James Fletcher, were you ever made aware that there

20    were threats made against any of the witnesses?

21    A.   No.

22    Q.   At any point during the prosecution of

23    James Fletcher, were you ever made aware that the

24    Chicago police fed facts to the witnesses to implicate

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 60

1   **Mr. Fletcher?**

2          MR. STEFANICH:  Objection, form.

3          THE WITNESS:  No.

4   BY MR. STARR:

5      **Q.   At any point during the prosecution of**

6   **James Fletcher, were you ever made aware that the**

7   **police suppressed individual police reports?**

8          MR. STEFANICH:  Objection; form, misstates

9   the evidence.

10         THE WITNESS:  No.

11  BY MR. STARR:

12     **Q.   At any point in time, were you ever -- during**

13  **the prosecution of James Fletcher, were you ever made**

14  **aware that the police included false facts in their**

15  **police reports?**

16         MR. STEFANICH:  Objection, form.

17         THE WITNESS:  No.

18  BY MR. STARR:

19     **Q.   At any point in time during the prosecution**

20  **of James Fletcher, were you ever made aware the police**

21  **fabricated evidence in the underlying investigation**

22  **of Mr. Fletcher and the shooting of Willie Sorrell?**

23     A.   No.

24     **Q.   At any point in time during the prosecution**

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 61

1   of James Fletcher, were you ever made aware that the
2   Chicago police concealed exculpatory evidence?
3       A.   No.
4       Q.   If you had been made aware of any of those
5   things, ma'am, would you have disclosed that to the
6   criminal defendant -- defense attorneys?
7       A.   I would.
8       Q.   Can you think of any case in your career
9   as a state's attorney that you were involved in, other
10  than this one, where an eyewitness identification was
11  made more than 12 years after the crime occurred?
12          MR. OBERTS:  Objection; speculation,
13  foundation.
14          THE WITNESS:  I can't think of one, but --
15  BY MR. STARR:
16      Q.   In your -- I'm sorry.  I didn't mean to
17  interrupt you.  What was the rest of your answer?
18      A.   I can't think of one, but I've worked on a
19  lot of cases.
20      Q.   In your career experience, would you say
21  it's unusual to have a case where an eyewitness
22  identification occurs more than 12 years after the
23  crime occurred?
24          MR. OBERTS:  Object to the extent it calls

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 62

 1   for her mental impression.  But factually, if she's
 2   aware of such, you can do so.
 3              THE WITNESS:  It's unusual.
 4   BY MR. STARR:
 5       Q.   In your career as a Cook County state's
 6   attorney, other than this case, have you ever been
 7   involved in a prosecution in which allegations were
 8   made that the Chicago police unduly influenced
 9   eyewitness identification procedures?
10              MR. OBERTS:  Objection; speculation,
11   foundation.
12              THE WITNESS:  Not that I'm aware of.
13   BY MR. STARR:
14       Q.   In your career as a Cook County state's
15   attorney, other than this case, have you ever been
16   involved in a prosecution in which allegations were
17   made that Chicago police withheld exculpatory
18   evidence?
19              MR. OBERTS:  Objection; speculation,
20   foundation.
21              THE WITNESS:  Not that I'm aware of.
22   BY MR. STARR:
23       Q.   In your career as a Cook County state's
24   attorney, were you ever involved in a prosecution

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

```
                                                    Page 63
 1    in which the allegations were that the prosecutors
 2    withheld exculpatory evidence?
 3            MR. OBERTS:  Object to speculation;
 4    foundation.
 5            Go ahead.
 6            THE WITNESS:  Not that I can think of.
 7    BY MR. STARR:
 8        Q.    As you sit here today, are you aware that
 9    Mr. Fletcher was --
10            MR. STEFANICH:  Objection, form.
11    BY MR. STARR:
12        Q.    -- on this case?
13            MR. STEFANICH:  Objection, form.
14            MR. OBERTS:  Sean, you froze.
15            MR. STARR:  Oh, I'm sorry.  I didn't realize
16    that.
17    BY MR. STARR:
18        Q.    As you sit here today, are you aware that
19    Mr. Fletcher was exonerated for the homicide of
20    Willie Sorrell?
21            MR. STEFANICH:  Objection, form.
22            THE WITNESS:  I wasn't.
23    BY MR. STARR:
24        Q.    As you sit here today, are you aware that
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 64

1    Mr. Fletcher received a certificate of innocence?

2        A.    No.

3        Q.    And as a sitting judge, do you know what

4    a certificate of innocence is?

5        A.    I do.

6        Q.    Could you give us what your understanding

7    of a certificate of innocence is, ma'am?

8            MR. OBERTS:  Object to the extent it calls

9    for a legal conclusion and opinions of a fact witness.

10           Go ahead.

11           THE WITNESS:  Well, it's more than just

12   having charges dismissed.  It's saying that, in fact,

13   the person was innocent.  It's not just like having

14   a pardon or dismissed charges.  It's, in fact,

15   innocence, and not everybody gets a certificate of

16   innocence.

17   BY MR. STARR:

18       Q.    It's a recognition by the state of Illinois

19   that the individual was, in fact, innocent of the

20   underlying crime they were charged with, correct?

21           MR. STEFANICH:  Objection, form.

22           MR. OBERTS:  Objection, calling for a legal

23   opinion for this fact witness.

24           Go ahead.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 65

1          THE WITNESS:  That's my understanding.

2    BY MR. STARR:

3      Q.    **Does knowing that impact your opinion one way**

4    **or the other of James Fletcher's guilt or innocence?**

5          MR. OBERTS:  Objection as it assumes facts

6    not in evidence of an opinion.  Objection to the

7    extent it calls -- the underlying question calls

8    for her opinion and her mental impression regarding --

9    regarding Mr. Fletcher's guilt or innocence.  And also

10   object to foundation and speculation.

11         MR. STEFANICH:  I'll join the objections.

12         THE WITNESS:  Not at all.

13   BY MR. STARR:

14     Q.    **Is that because you don't have any**

15   **independent recollection of this case whatsoever?**

16     A.    Correct.

17     Q.    **But as a general matter, would you -- do you**

18   **assume that people who have been granted certificates**

19   **of innocence are, in fact, innocent?**

20         MR. OBERTS:  Object to speculation --

21         THE WITNESS:  Counsel, I'm not assuming

22   anything.

23   BY MR. STARR:

24     Q.    **Do you know one way or another whether any**

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 66

```
 1   of the defendants in this case improperly or unduly
 2   influenced any witness identification in this case?
 3       A.   No.
 4       Q.   Okay.  I think that's all I have.  If it
 5   would be all right with you, your Honor, I'd just like
 6   to take a quick five-minute break and take a look at
 7   my notes.  And I think we can -- maybe Mr. Stefanich
 8   may have some questions.  But can we just take five?
 9            MR. OBERTS:  Sure.  And Ms. Harris -- is
10   Ms. Harris going to have anything?  We can still take
11   five regardless.  I just wanted to know -- well, let's
12   take five, and Ms. Harris can tell us when we get
13   back.
14            MR. STARR:  Okay.
15                    (Whereupon, a break was taken,
16                     after which the following
17                     proceedings were had:)
18   BY MR. STARR:
19       Q.   Ms. Lanahan, I want to show you just one
20   exhibit here.  We'll mark this as Plaintiff's
21   Exhibit 1.  I'm going to share my screen with you.
22            MR. STARR:  And for the record, this is
23   City JF 4566 through 4601.
24   BY MR. STARR:
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 67

1    Q.    This is four photographs, ma'am.

2          Can you see these photographs on your screen?

3    A.    I do.

4    Q.    Do you recognize these photographs?

5    A.    I see one photograph of a lineup.

6    Q.    Okay.  Yeah.  I'm going to scroll through

7    them so you can see all four.

8    A.    Okay.

9    Q.    Were you able to see all four photographs

10   there, ma'am?

11   A.    I did.

12   Q.    Okay.  And I'll just represent for the record

13   the first two photographs are photographs of a lineup

14   of multiple people, and the last two photographs are

15   individual photographs of one person.

16         Is that a correct representation?

17   A.    It is.

18   Q.    Okay.  Do you recognize the individual

19   on your screen on page 4 of the exhibit, which is

20   City JF 4578?

21   A.    I do not.

22   Q.    Okay.  And then just for the sake of

23   completeness, I'm going to go to the next one,

24   which is 4577.

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 68

1           Do you recognize the individual in that

2      photograph, ma'am?

3           A.   No.

4           Q.   Okay.  And then I'm just going to go back

5      to 4570 -- this is 4569, actually.  I apologize.

6           And do you recognize any of the individuals

7      in the lineup that's in the photograph on 4569?

8           A.   No.

9           Q.   And then the last one is 4566.  This is a

10     side view of these individuals.

11          Do you recognize any of these individuals,

12     ma'am?

13          A.   No.

14          Q.   Okay.  Does seeing any of these four

15     photographs refresh your recollection at all?

16          A.   No.

17          MR. STARR:  Okay.  Those are all the

18     questions I have.  I really appreciate your time

19     today.

20          MR. STEFANICH:  I don't have any follow-up

21     questions.

22          MS. HARRIS:  I don't have any questions.

23          MR. OBERTS:  Reserve signature.

24               (Witness excused at 11:19 a.m.)

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 69

1           IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
2                   EASTERN DIVISION

3

4    JAMES FLETCHER JR.,          )
                                  )
5           Plaintiff,            )
                                  )
6       -vs-                      )  No. 20 CV 4768
                                  )
7    JEROME BOGUCKI, ANTHONY      )
     NORADIN, RAYMOND SCHALK,     )
8    ANTHONY WOJCIK, UNKNOWN      )
     CITY OF CHICAGO POLICE       )
9    OFFICERS, and the CITY OF    )
     CHICAGO,                     )
10                                )
            Defendants.           )
11   _____)

12

13          I, KATHALEEN LANAHAN, being first duly sworn,
     on oath, say that I am the deponent in the aforesaid
     deposition, that I have read the foregoing transcript
14   of my deposition taken June 7, 2024, consisting of
     Pages 1 through 71 inclusive, taken at the aforesaid
15   time and place and that the foregoing is a true and
     correct transcript of my testimony so given.

16

          _____ Corrections have been submitted
17        _____ No corrections have been
                submitted
18

19        _____

20          KATHALEEN LANAHAN, Deponent

21

     SUBSCRIBED AND SWORN TO
22   before me this_____ day
     of _____A.D., 2024.

23
     _____
24   Notary Public

Royal Reporting Services, Inc.
312.361.8851

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 70

```
 1   NORTHERN DISTRICT OF ILLINOIS)
     EASTERN DIVISION            )
 2   STATE OF ILLINOIS           )
                                 )  SS:
 3   COUNTY OF COOK              )

 4          I, Emma Sheehy, Certified Shorthand Reporter

 5   in and for the County of Cook, State of Illinois,

 6   do hereby certify that on the 7th of June, 2024,

 7   the deposition of the witness, KATHALEEN LANAHAN,

 8   called by the Defendants, was taken before me via

 9   videoconference, reported stenographically, and was

10   thereafter reduced to typewriting through

11   computer-aided transcription.

12          The said witness, KATHALEEN LANAHAN, was

13   first duly sworn to tell the truth, the whole truth,

14   and nothing but the truth, and was then examined upon

15   oral interrogatories.

16          I further certify that the foregoing is a

17   true, accurate and complete record of the questions

18   asked of and answers made by the said witness, on the

19   date and time hereinabove referred to.

20          The signature of the witness was reserved by

21   agreement.

22          The undersigned is not interested in the

23   within case, nor of kin or counsel to any of the

24   parties.
```

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 71

1          Witness my official signature in and for Cook

2     County, Illinois on this 2nd day of July, 2024.

3

4

5

6

7                         Emma Sheehy, CSR
8                         161 North Clark Street, Suite 3050
                          Chicago, Illinois  60601

9

10    License No. 084-004780

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 72

**A**

A.D 69:22
a.m 1:21 68:24
Aberdeen 2:3
ability 19:8
able 67:9
access 28:24
  29:16,22,24
accurate 35:11
  35:18 36:2,6
  36:18 70:17
addition 28:6
addressed 22:16
  22:20
adhere 32:15
advance 9:9
  28:8 29:13
  37:14 38:16
  39:8 53:13
  55:4
aforesaid 69:13
  69:14
afternoon 6:7
agreement
  70:21
ahead 11:17
  12:1 17:20
  20:14 27:22
  28:17 29:3,23
  31:10 37:3,19
  39:19 40:6
  41:7 42:7 63:5
  64:10,24
Aidan 40:17
alias 8:16
allegations 62:7
  62:16 63:1
alleged 58:19,21
answer 6:13
  8:11 16:3 19:7
  33:4 37:3 47:9
  48:3 49:2
  55:12 59:16
  61:17

answered 25:3
  54:7
answers 26:5
  58:22 70:18
Anthony 1:7,8
  2:11,11 38:10
  38:21 39:3
  69:7,8
apologize 19:12
  29:8 42:20
  53:8 56:5
  59:16 68:5
appears 18:1
  24:13 25:24
applied 43:21,22
appreciate
  68:18
approach 58:23
appropriate
  43:5
approved 5:23
Approximately
  5:14
April 5:16,18
  8:6 11:2 13:2
Arnold 8:17
array 22:11 23:8
  50:2,3 52:13
  52:18
arrest 14:4,5,22
  53:5,10
arrested 52:22
  53:13
ASA 12:5,7,13
  12:15 19:15
  20:10,19 24:13
  26:2 32:19
  33:12,19 34:6
  35:16,24 36:4
  39:12 40:2,11
  41:2,16,17
  42:3,15 43:5
  43:12,20,22
  46:5,13 52:5
ASAs 43:1,7

asked 20:24
  21:13 36:4
  37:7 43:19
  54:18 55:1,7
  55:19 56:4,5
  58:3 59:2
  70:18
asking 14:15
  15:3,9,10,13
  16:14 29:5,17
assign 43:2
assigned 4:19,20
  5:17,19 42:16
  43:1,11,12,14
  44:7 48:18
  49:16 50:8
assistant 5:6,12
  12:16 13:9
  21:2 25:22
  26:21 36:8,11
assume 45:22
  49:12 65:18
assumes 65:5
assuming 65:21
attempt 36:23
attorney 5:6,13
  12:14,16 13:10
  21:2 25:23
  31:18 32:12,22
  35:9 36:9
  40:16 41:2
  61:9 62:6,15
  62:24
attorney's 5:7
  5:10,16,18
  29:14 32:17
  39:15 40:2,12
  40:22 41:11,21
  41:23 42:4,12
  57:23
attorneys 61:6
available 26:17
  26:22 28:9
  46:5 48:16
aware 31:22

32:2,7 51:4
  52:21 53:15,20
  54:9 57:4,9,14
  59:6,10,19,23
  60:6,14,20
  61:1,4 62:2,12
  62:21 63:8,18
  63:24
awareness 58:18

**B**

B 2:19 3:12
back 8:24 14:14
  28:3 66:13
  68:4
backside 25:4
bad 57:15
bail 14:16
based 14:21
  18:24 22:15
  24:12 25:12,24
  38:6
Basically 6:14
basis 39:14
Bates 9:16 10:7
  13:20 18:8,12
  19:18 23:16,18
  24:7 26:9
Bates-stamped
  10:9
bear 48:4
beginning 35:19
  42:18
behalf 2:5,10,16
  2:22
Belated 19:11
believe 6:8 36:6
  37:8 39:20
Bill 18:10 33:7
bit 53:7
Bogucki 1:7
  2:11 4:9 17:10
  20:10 37:8
  69:7
Boulevard 2:8

Brady 31:20,23
  32:3,8,13,16
  43:20 52:2
Branch 5:19,21
  5:22,24 6:6,10
  7:1,5,6,13,23
  8:3 11:14 13:4
  13:7 26:17,22
  32:19,22 33:19
  36:4 43:9
bread 47:16
break 66:6,15
Brian 2:7 4:8
  9:8 10:7 14:8
  18:8,12 23:16
  23:23
Bridgeview 4:21
  4:23
briefly 39:21
  56:22 59:3
bring 31:5
broke 53:7
brought 25:19
  30:19 35:18
bstefanich@h...
  2:9
BURNS 2:13
busy 48:5

**C**

C 2:1
call 6:5,6,10,22
called 1:14 70:8
calling 64:22
calls 11:10 19:6
  22:14 26:24
  37:1 40:3 41:5
  42:5 61:24
  64:8 65:7,7
career 35:13
  61:8,20 62:5
  62:14,23
carries 52:2
case 4:9 6:3,16
  7:5,6,13,22 8:6

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

8:21 11:7,15
12:8,14 13:18
17:13,13 18:20
23:2 24:6
26:20 27:15,18
28:8,18 29:10
30:3,5,8,12,15
30:22 31:20
32:5 34:6,22
36:17 37:14
38:17 39:4,8
39:23 42:16
43:17,24 44:5
44:6 45:5 46:8
46:15,17 47:16
47:17 48:12,18
49:15 50:8
51:6 52:6 55:1
55:7 57:7 58:4
58:14,19,20
59:11 61:8,21
62:6,15 63:12
65:15 66:1,2
70:23
cases 4:22 5:22
5:23 6:1,14,15
32:20 33:12
35:9 42:14
43:1,2,11,13
61:19
cause 34:9
certain 17:14
34:23
certainly 44:7
51:24
certificate 64:1
64:4,7,15
certificates
65:18
Certified 1:18
70:4
certify 70:6,16
charge 14:6 34:9
46:2,20
charged 64:20

charges 53:21
58:1 64:12,14
Chicago 1:8,9
2:3,8,14,17,20
29:11 36:17
45:7 48:20
59:6,24 61:2
62:8,17 69:8,9
71:8
circumstances
27:14 28:11,14
30:14
City 1:8,9 2:17
66:23 67:20
69:8,9
civil 1:16 58:20
civilian 22:2
claim 58:20
clarification
16:17
clarify 29:8
Clark 2:19 71:7
Clarke 41:17,20
41:23 42:12
Clarke's 42:3
clear 29:9 44:23
coercion 59:7
come 7:14,22
8:3 9:13
coming 15:9
29:13 30:2
commencing
1:20
commonly 9:12
complainant
10:16,22 11:6
11:15
complaint 9:4
10:2,13,23
11:1,22 12:17
complete 35:11
35:18 36:2,6
70:17
completeness
67:23

complicated
9:20
computer 8:12
computer-aided
70:11
concealed 61:2
conclusion 64:9
confines 40:11
conjunction
30:21
consisting 69:14
continuance
6:22,22
convict 57:16
Cook 1:19 5:6,9
14:17 32:11
62:5,14,23
70:3,5 71:1
Cooper 25:5
47:10,15 48:7
48:19,22 49:17
49:24 50:1,9
50:18 57:15
copy 10:12
23:12 37:21
corpus 58:10
correct 4:15,16
5:7,8 7:4,8,12
10:23,24 11:2
11:4 13:11
14:5 19:16,17
21:2 24:14,15
24:23,24 26:18
27:16,17 28:12
28:15 30:18
31:24 32:1,5,9
32:10 34:9,10
34:12,13,23
35:6,7 36:7,24
37:10,11,15,16
38:18,19 39:9
39:12,13 40:23
40:24 43:17,22
44:2,3,8,13,17
44:19 45:16,24

49:3,4,8,13,14
49:19,21 50:4
50:12,21 51:2
51:3,19,20,24
52:3,9,10,19
55:10,17,23,24
56:2,3,8,19
58:7,8,11,12
64:20 65:16
67:16 69:15
corrections
69:16,17
corroborate
36:24
counsel 3:19
37:7 38:9
65:21 70:23
county 1:19 5:7
5:9 14:17
15:11 32:11
62:5,14,23
70:3,5 71:2
couple 58:17
59:2
course 6:3 32:4
34:1 43:23
50:5
court 1:1 5:1,1,1
5:4 6:5,6,10,15
7:14,19 14:15
15:21 16:19
17:13 26:23
31:19 69:1
courtrooms 5:3
courts 1:17 4:24
CR 7:10
crime 34:7
48:21 54:12
56:24 57:5
61:11,23 64:20
criminal 8:6 9:3
10:2,13,23
11:1,7,15,22
12:8 13:18
18:20 45:21

47:17 53:21
59:5 61:6
CSR 71:7
currently 4:14
4:19
cut 8:11 23:23
35:19,20 42:18
CV 1:6 69:6

_____

**D**
D 3:1
daily 6:6,10
date 6:16,17
14:23 70:19
day 1:21 69:22
71:2
deals 46:10 47:2
54:3
declaration 51:5
defendant 2:16
61:6
defendants 1:10
1:14 2:10
36:12 37:7
58:19 66:1
69:10 70:8
defense 44:8
45:15,22 51:24
52:19 57:10,21
61:6
demonstrate
49:12
Department
29:12 36:17
59:6
deponent 2:22
69:13,20
deposition 1:13
3:13 9:10
13:14 18:6
24:19 58:15
69:13,14 70:7
depositions 1:18
describe 5:21
14:3

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

Page 74

| | | | | |
|---|---|---|---|---|
| **destroy** 32:8 | 8:22 11:21 | 59:13 60:9,21 | **fabricated** 60:21 | 67:13 69:12 |
| 44:16 45:2 | 12:2 28:7 | 61:2 62:18 | **fact** 40:4 41:5 | 70:13 |
| **detective** 17:10 | **doing** 8:5 | 63:2 65:6 | 42:6 64:9,12 | **five** 4:18 66:8,11 |
| 17:17 25:23 | **domestic** 5:3 | **exactly** 6:19 | 64:14,19,23 | 66:12 |
| 30:10 37:8,17 | **Drive** 2:14 | **examination** | 65:19 | **five-minute** 66:6 |
| 37:22,24 38:3 | **driver** 47:16 | 1:15 3:3 4:5 | **facts** 59:24 | **Fletcher** 1:4 |
| 38:9,9,15 | **dropped** 58:1 | 27:8 | 60:14 65:5 | 8:16,21 10:10 |
| 55:13 | **drug** 5:1 | **examined** 4:3 | **factual** 15:4 | 10:13 13:21,23 |
| **detectives** 4:9 | **duly** 4:1,3 69:12 | 70:14 | 16:3 | 14:10,11 15:21 |
| 17:4 20:10 | 70:13 | **example** 52:6 | **factually** 15:3,4 | 18:15,16 19:2 |
| 29:12 30:5,21 | ——————— | **exchange** 46:11 | 15:4 16:3 19:7 | 19:19 20:8 |
| 31:6 48:20 | **E** | 54:4 | 37:3 62:1 | 22:10,12 23:18 |
| 57:7 | **E** 2:1,1 3:1,12 | **exchanged** 9:13 | **fair** 19:1 26:3 | 24:1,8 25:3,21 |
| **determined** 34:8 | **earlier** 43:19 | 25:5 | 35:8 | 26:10 27:11 |
| **dharris@bur...** | 50:24 | **exculpatory** | **fairly** 54:14,20 | 37:15 39:4 |
| 2:15 | **easier** 9:6 | 31:23 44:1,5 | 55:2,9,21 | 44:10,15 45:2 |
| **DHAVIELLA** | **EASTERN** 1:2 | 52:8 61:2 | **false** 60:14 | 45:4,5,9 46:3 |
| 2:13 | 69:2 70:1 | 62:17 63:2 | **familiar** 31:19 | 48:22 50:10,19 |
| **direct** 7:3 | **Edward** 25:5 | **excused** 68:24 | 38:24 | 51:6 52:14,18 |
| **directly** 40:20 | 47:10 48:19,22 | **executed** 14:15 | **far** 9:10 15:5 | 53:5,22 57:6 |
| **disclose** 31:23 | **either** 6:14,16 | 14:23 15:9,10 | 16:1 | 57:15 58:2 |
| 32:3 52:9 | 7:10 39:1 | 15:20 16:10 | **February** 5:11 | 59:4,10,19,23 |
| **disclosed** 44:2,8 | **elements** 35:1 | **exhibit** 3:13,14 | **fed** 59:24 | 60:1,6,13,20 |
| 44:12 45:14 | **Emma** 1:18 70:4 | 3:15,16 10:9 | **federal** 1:16 | 60:22 61:1 |
| 49:7,10,19 | 71:7 | 12:24 19:20 | 58:10 | 63:9,19 64:1 |
| 50:4,12,21 | **Emmitt** 57:1,5 | 20:17 66:20,21 | **feel** 48:15 | 69:4 |
| 51:24 52:19 | **encounter** 32:4 | 67:19 | **felony** 5:23 7:9 | **Fletcher's** 8:6 |
| 57:10,21 61:5 | **encountered** | **exhibits** 3:19 9:9 | 7:24 8:2 12:14 | 11:7 12:8,14 |
| **disclosing** 45:21 | 31:24 44:1,11 | 9:13 | 12:16 26:16,16 | 13:17 18:19 |
| 51:19 | **engaged** 59:6 | **existed** 49:10 | 26:21 27:14,24 | 26:20 38:17 |
| **discretion** 33:11 | **entire** 14:9 35:6 | **exists** 49:12 | 32:24 34:8 | 44:4 52:23 |
| 33:20 34:14 | **entirely** 32:23 | **exonerated** | 35:13,16,22,24 | 58:20 65:4,9 |
| 43:13 | **entirety** 10:19 | 63:19 | 36:10,14,15 | **Floor** 2:3 |
| **dismissed** 64:12 | **error** 13:3 | **expect** 36:16,20 | 43:7 46:2,20 | **folder** 26:17 |
| 64:14 | **everybody** | **experience** 31:3 | **Fifth** 4:20 | 27:15,19,24 |
| **District** 1:1,1,17 | 64:15 | 54:17 61:20 | **file** 7:14,19,21 | 28:6,10 |
| 4:20 69:1,1 | **evidence** 23:18 | **extent** 11:10 | 8:2 26:16 | **folders** 28:2 |
| 70:1 | 24:1 26:10 | 19:6 37:1,2 | 27:15,20 | **follow-up** 68:20 |
| **DIVISION** 1:2 | 31:24 32:4,9 | 39:15 41:4 | **filed** 11:2 | **following** 66:16 |
| 69:2 70:1 | 33:1,12,20 | 61:24 64:8 | **fill** 5:3 | **follows** 4:4 |
| **Dixon** 8:17 | 34:11,15,23 | 65:7 | **filling** 11:21 | **foregoing** 69:13 |
| **document** 10:19 | 36:9,24 44:2,6 | **eyewitness** | 12:17 | 69:15 70:16 |
| **documentation** | 44:12,16 45:2 | 61:10,21 62:9 | **find** 9:12 | **form** 7:17 11:23 |
| 49:17 | 46:15 47:5 | ——————— | **first** 4:3 24:9 | 12:10 14:24 |
| **documents** 8:20 | 51:8 52:7 | **F** | 29:5 30:7 | 15:22 16:24 |

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

17:18 19:11
20:3 22:13
23:9 25:15
26:24 29:20
30:23 31:7
33:2,15,21
36:19 37:18
44:21 45:10
46:6,14,22
47:4 48:23
49:20 51:7
53:3,16 55:11
57:17 59:7,12
60:2,8,16
63:10,13,21
64:21
**former** 39:11
40:16 41:16
**forth** 28:3
**foundation** 7:17
11:3,8,9,23
12:10 14:24
15:22 16:6,24
19:5,12,22
20:3,13,21
21:3,7,18,21
22:13,22 23:9
25:1,15 26:24
27:21 28:16
29:2,22 31:10
34:16 48:14,23
53:23 54:6,21
61:13 62:11,20
63:4 65:10
**four** 4:8 67:1,7,9
68:14
**freeze** 50:13
**Friend** 18:3,22
19:1,16,19
20:9,24 21:6
21:13,20 22:9
23:4,13,15
50:23,24 51:5
51:11,13,17
52:11,12,16,21

53:9,13,20
54:4 55:19,19
55:19 56:7
**Friend's** 17:24
20:18
**friends** 41:15
**front** 8:21 19:3
22:3
**froze** 63:14
**further** 70:16

___

**G**
**GALASSO** 2:18
**general** 33:24
48:11 54:11
55:3 65:17
**generally** 9:17
28:2,23 29:16
30:5 42:24
48:15
**getting** 34:3
**give** 9:15 18:12
64:6
**given** 6:15 36:17
42:16 58:22
69:15
**go** 5:24 11:17
12:1 17:20
20:14 22:6
25:21 27:22
28:17 29:3,23
31:10 37:3,19
39:19 40:6
41:7 42:7
50:18 59:2
63:5 64:10,24
67:23 68:4
**going** 14:14
17:23 26:6
31:5 36:11
38:8 47:8 48:3
56:21 66:10,21
67:6,23 68:4
**good** 4:7 21:11
27:10

**gotten** 15:21,21
**grand** 6:2,3
17:24 18:2,18
18:24 19:3,16
20:24 22:3
24:6,14 25:13
25:19 26:4
27:16 28:8
29:11 30:2,6
30:15,19 31:5
33:1,13 34:6
34:12,22 35:9
37:15 38:17
39:3,9 42:15
43:1,8,12,20
43:24 44:10,15
45:1 46:5,12
48:13 51:1
52:6 53:6,10
53:14 54:8,12
54:18 55:20
**granted** 7:10
65:18
**GROUP** 2:18
**groups** 41:14
**guess** 7:9,14
15:10,12,15,19
24:9 29:6,24
30:12 34:2
42:22
**guessing** 17:3
**guilt** 65:4,9
**gun** 25:4,6
**gunfire** 25:5
**guy** 57:16

___

**H**
**H** 3:12
**habeas** 58:10
**HALE** 2:7
**half** 4:18
**handwriting**
10:17,18
**handwritten**
10:19 20:18

21:15
**happen** 6:9
16:19 24:23
**happened** 16:6
**happens** 9:23
**Harris** 2:13 66:9
66:10,12 68:22
**head** 54:23
**health** 5:1
**hear** 4:22 8:10
33:4 59:16
**hearing** 52:7
**held** 14:16 15:11
**help** 47:18 57:16
**helpful** 9:21
**hereinabove**
70:19
**highest** 40:7
**hold** 40:7 45:19
**homicide** 5:20
30:14 51:15
63:19
**Honor** 27:10
66:5
**hour** 1:20
**hypothetical**
22:22 58:24

___

**I**
**ID** 3:13
**idea** 12:19 22:15
**identification**
45:8 51:6
61:10,22 62:9
66:2
**identified** 19:2
22:10 46:3
52:13,17 53:21
**identify** 9:11
14:8 48:22
49:18 51:15,23
**identifying** 10:6
**IDOC** 15:9 16:9
**ignore** 34:2
**Illinois** 1:1,20

2:3,8,14,20
64:18 69:1
70:1,2,5 71:2,8
**impact** 65:3
**impeachment**
32:3 44:12
**implicate** 59:24
**impression**
11:11 15:2,6,7
16:5 19:7 37:2
62:1 65:8
**impressions**
16:2 33:9
**improperly** 45:7
48:21 66:1
**in-person** 23:6
**included** 60:14
**inclusive** 69:14
**incomplete**
22:22
**incorrect** 43:5
**independent**
8:13 37:9
38:14 39:2,6
45:18 46:19
47:1,21,24
54:2 56:6,7,13
56:15,17,18,23
58:22 65:15
**independently**
32:20
**indicate** 49:6
**indicated** 50:24
**indict** 30:8
**indicted** 5:24
6:16
**indicting** 6:1
**indictment** 5:22
6:4,18 7:3,11
35:2,5 37:21
38:5
**individual** 60:7
64:19 67:15,18
68:1
**individuals** 68:6

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

68:10,11
**influenced** 45:8
48:22 62:8
66:2
**inform** 16:18
**information**
15:5 16:23
35:10 36:16,18
45:6,14,19,21
46:4 49:7,10
51:21 52:9
57:20
**informed** 50:17
**initially** 6:15
52:17
**innocence** 64:1
64:4,7,15,16
65:4,9,19
**innocent** 64:13
64:19 65:19
**Inspection**
23:19 24:2
26:10
**instance** 30:14
**instances** 27:19
**intend** 9:11
**interested** 70:22
**Internet** 19:12
42:19
**interrogatories**
70:15
**interrupt** 9:8
61:17
**interview** 20:9
30:17,20 48:12
58:13
**interviewed**
31:4 37:14
48:7,9
**interviewing**
29:18 56:7,14
56:18
**interviews** 31:6
**investigate**
32:20

**investigated**
29:11 34:7
**investigating**
30:21 33:23
48:21 57:7
**investigation**
28:1,23 29:13
29:18,19 32:23
60:21
**investigations**
35:17 36:1,5
**invited** 41:13
**involved** 17:12
28:22 30:5
39:3 61:9 62:7
62:16,24
**involvement**
58:6,9
**issued** 16:8

_____
**J**
**J** 2:7
**Jackson** 2:8
**jail** 14:17 15:11
**James** 1:4 8:6
10:13 27:11
37:15 38:17
39:4 44:10,15
45:4,5,8 48:22
52:14,18,23
53:22 57:15
59:4,10,19,23
60:6,13,20
61:1 65:4 69:4
**Jennifer** 12:5
25:23 39:12
**Jerome** 1:7 2:11
69:7
**JF** 66:23 67:20
**Jimmy** 25:3
**jog** 8:18
**join** 17:2 20:4
21:4,9,23
22:23 53:17
65:11

**JR** 1:4 69:4
**judge** 4:7,14,17
5:5 8:20 10:1
10:15 12:21
13:4,6,6,22
14:14 17:23
18:1 19:15
20:7 23:12
24:5,10 26:12
26:15 27:4
64:3
**judge's** 16:2
**July** 71:2
**June** 1:21 69:14
70:6
**jury** 6:2,3 17:24
18:2,18,24
19:4,16 21:1
22:4 24:6,14
25:14,19 26:4
27:16 28:8
29:11 30:2,6
30:15,19 31:5
33:1,13 34:6
34:12,22 35:9
37:15 38:17
39:4,9 42:15
43:1,8,12,20
44:1,10,15
45:1 46:5,13
48:13 51:1
52:7 53:6,10
53:14 54:8,12
54:18 55:20

_____
**K**
**Kathaleen** 1:13
3:4 4:2,13
69:12,20 70:7
70:12
**Kevin** 13:5
**kin** 70:23
**kind** 15:12
31:16 45:19
**knew** 17:16

39:11
**know** 5:2 6:17
6:19,21 8:11
9:10,17 11:6
11:20 12:2,5
15:16 16:7,11
16:22 17:7,11
28:18 29:17
30:4,8,10
34:18,24 38:4
38:5,11,13,23
39:1 40:17
41:13,17 42:22
44:4 45:13
46:8 47:8,9,9
47:10 48:4,6,9
49:5 51:17,17
53:1,9 55:10
57:3 58:24
64:3 65:24
66:11
**knowing** 55:22
65:3
**knowledge**
58:21
**known** 46:12
58:24

_____
**L**
**Lanahan** 1:13
3:4 4:2,13
66:19 69:12,20
70:7,12
**lately** 42:21
**LAW** 2:18
**learn** 9:19 48:19
49:13 52:7
**learned** 44:5,11
49:7 50:3
52:16 57:20
**learning** 46:20
47:2
**legal** 64:9,22
**let's** 10:8 26:7
66:11

**letting** 42:22
**level** 44:1
**License** 71:10
**line** 20:8,8 24:22
43:4,5,7
**lines** 24:21
**lineup** 14:18
15:11 16:10,19
17:8 23:6 50:9
50:11,18,20
67:5,13 68:7
**listed** 13:9
**little** 19:12
42:20 53:7
**LLC** 2:7
**LOEVY** 2:2,2
**long** 4:17 5:12
**look** 7:22 9:6
66:6
**looked** 50:23
**looks** 11:1
**lot** 61:19

_____
**M**
**ma'am** 21:24
33:4 48:6 49:3
61:5 64:7 67:1
67:10 68:2,12
**March** 15:18
20:11
**mark** 10:9 12:24
19:20 66:20
**marked** 3:13
20:7,17
**Maryland** 31:20
**material** 32:8
44:16 45:2
47:12
**materials** 47:20
**matter** 13:11
27:12 37:15
55:3 65:17
**mean** 7:18 9:8
9:12 15:8,11
16:8,10 17:3,7

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

17:11 29:5,6
30:1,1,4 31:12
33:24 34:1
37:22 61:16
**member** 43:8
**memory** 8:18
**mental** 5:1
  11:10 15:2,5,7
  16:2 19:6 33:8
  37:2 62:1 65:8
**mentioned**
  26:15
**met** 17:12 38:12
**Michael** 41:17
**Mike** 41:20
**mind** 10:6
**minimum** 40:23
**misconduct**
  58:18,21
**misdemeanor**
  5:2
**missing** 16:16
**misstates** 46:14
  47:4 51:7
  59:12 60:8
**MONICO** 2:7
**morning** 4:7
  9:14 19:13
  27:10 43:3
**multiple** 52:22
  67:14
**municipal** 6:17
  7:6
**murder** 13:24
  14:3,6,16,22
  15:17,19 19:3
  30:10
**mutual** 41:15

---
      **N**
---
**N** 2:1,13 3:1
**name** 4:7,11
  8:18 24:7
  27:10 38:10,21
  38:24 40:17

41:17 47:10,12
56:24 57:5
**necessarily**
  47:24
**needed** 6:20
  57:16
**never** 38:12 42:8
  45:19,22 51:18
  58:16
**nicely** 54:14,20
  55:8,21
**NOLAND** 2:13
**Noradin** 1:7
  2:11 4:9 25:24
  38:10,15 69:7
**normal** 6:5
**Normally** 43:2
**North** 2:3,19
  71:7
**NORTHERN**
  1:1 69:1 70:1
**Notary** 69:24
**notations** 10:20
**notes** 66:7
**notice** 1:15
**number** 6:18 7:7
  7:10 10:9
  12:24 30:11

---
      **O**
---
**O'Connor** 40:17
  40:19,21 41:11
**O'Connor's**
  41:2
**oath** 69:13
**OBERTS** 2:18
  2:19 6:11 7:16
  8:1 11:3,9,16
  11:24 15:1,23
  16:1 17:2,18
  17:20 18:8,12
  19:5,22 20:4
  20:13,21 21:3
  21:7,18,21
  22:21 25:1,8

27:21 28:16
29:1,21 30:24
31:8 33:22
34:16 35:20
37:1,18 39:18
40:3 41:4 42:5
42:17 44:19,21
48:14 50:13
53:17,23 54:6
54:21 56:10
57:12 61:12,24
62:10,19 63:3
63:14 64:8,22
65:5,20 66:9
68:23
**object** 6:11 15:3
  16:4,6 19:5
  25:8 34:16
  37:18 41:4
  61:24 63:3
  64:8 65:10,20
**objection** 7:17
  11:8,9,16,23
  12:10 14:24
  15:1,22 16:1
  16:24 17:18
  19:11 21:7,21
  22:13,21 25:9
  29:1,20,21,22
  30:23 31:7,8
  33:2,15,21,22
  36:19 37:1
  40:3,14 41:5
  42:5 44:21
  45:10 46:6,14
  46:22 47:4
  48:23 49:20
  51:7 53:3,3,16
  55:11 57:17
  59:12 60:2,8
  60:16 61:12
  62:10,19 63:10
  63:13,21 64:21
  64:22 65:5,6
**objections** 12:18

65:11
**obligation** 52:2
  52:8
**obligations**
  31:19 32:12,15
  43:20,21
**occasionally**
  6:23,24
**occurred** 15:17
  61:11,23
**occurs** 61:22
**offenders** 19:3
  22:11
**offense** 35:1
**office** 5:7,10,16
  5:18 29:14
  32:17 39:16
  40:2,12,22
  41:3,11,21,24
  42:4,12 57:23
**officer** 28:22
  45:7
**officers** 1:9 4:8
  28:24 29:15,17
  55:13 69:9
**official** 71:1
**Oh** 9:3 63:15
**okay** 6:5 7:2,21
  8:5,9 9:3,6
  10:4,18,22
  12:24 14:7
  17:6 18:14
  20:1,17,24
  23:4,22 24:3
  24:12,21 25:12
  26:6 27:6
  28:11 32:11
  33:18 34:21
  35:8 38:3
  41:16 42:2,14
  43:10,16,19,24
  45:4,17 47:14
  48:11 49:5,11
  54:16 55:7,18
  59:18 66:4,14

67:6,8,12,18
67:22 68:4,14
68:17
**once** 5:23
**ongoing** 28:1
**opinion** 40:1,4,4
  41:1,5 42:3,6
  64:23 65:3,6,8
**opinions** 64:9
**opposed** 9:7
**oral** 70:15
**order** 52:22
**outside** 40:11
  41:11 42:12
**overbroad** 6:11
  7:16 8:1 11:16

---
      **P**
---
**P** 2:1,1
**page** 13:20
  14:14 16:18
  19:18 20:7
  24:9,21 25:21
  67:19
**Pages** 69:14
**paragraph**
  13:22
**pardon** 64:14
**part** 40:22 41:24
  52:5
**particular** 58:18
**parties** 70:24
**PC** 58:6
**pendency** 59:4
**pending** 46:2,20
  53:21 58:2
**people** 10:13
  17:8 30:11
  36:13 65:18
  67:14
**People's** 19:20
  20:17
**person** 38:6 48:5
  52:17 64:13
  67:15

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

personal 11:10
personnel 38:20
pertaining 1:17
petition 58:3
phone 30:4
photo 22:11
  23:7 50:2,2
  52:13,18 57:6
photograph
  19:19 20:2
  23:14 67:5
  68:2,7
photographs
  67:1,2,4,9,13
  67:13,14,15
  68:15
pick 22:12 23:7
  30:3 50:2
picture 26:6
  50:10,19
pieces 34:23
place 69:15
places 41:13
plaintiff 1:5 2:5
  27:11 69:5
Plaintiff's 3:16
  66:20
please 4:11
  23:17
point 5:5 17:12
  29:13 30:6
  31:13 45:4
  47:3 48:18
  49:15,23 50:6
  50:7,17 51:11
  51:13 52:11
  54:5 59:5,9,18
  59:22 60:5,12
  60:19,24
pointed 23:7
Polaroid 23:13
police 1:8 4:8
  21:1 22:11
  23:5,6 28:12
  28:15,22,24

29:12,15,16
32:23 34:7
35:17 36:1,5
36:17 38:20
45:7 48:20
49:16,24 50:1
50:9,19 51:12
51:14,22 54:13
54:20 55:8,13
55:21 56:8,19
57:14 58:18
59:6,24 60:7,7
60:14,15,20
61:2 62:8,17
69:8
portion 26:3
position 43:6
positive 53:11
  53:12
possession 34:15
possible 48:5
post-conviction
  58:2
practice 22:2,6
  25:13,18 30:17
  31:4 35:24
  48:11 54:11
  55:3
prelim 7:1,3,10
preliminary
  6:17
preparation
  55:20
prepares 5:22
presence 55:13
present 6:2,3
  31:6,13 33:1
  34:12,22,23,24
presented 19:15
  24:13 34:11
  36:2,16,24
  42:14 51:1
  52:13 54:11,18
presenting
  27:15 28:8,21

29:10,15 30:15
33:12 34:6
35:9 37:14
38:17 39:8
48:13 55:20
previously
  27:13 30:16
  34:5
primarily 5:4
prior 11:21
  12:16 13:13
  18:5 22:3
  24:18 25:13
  50:19
probable 34:8
problem 42:21
problem-solvi...
  4:24 5:4
procedurally
  15:15,16,19
Procedure 1:16
procedures 62:9
proceeding 24:6
proceedings
  12:21 13:1
  58:7,10 59:5
  66:17
process 5:24
  57:24
product 15:2,6
  16:2 37:4
professional
  40:1 41:1 42:2
promised 21:14
promises 46:10
  47:2 54:3
  59:11
prosecute 43:16
prosecuting
  43:24
prosecution
  45:5 52:3 59:9
  59:18,22 60:5
  60:13,19,24
  62:7,16,24

prosecutor 32:2
  32:7
prosecutors
  31:23 32:24
  58:21 63:1
provide 9:9 15:6
  32:24 37:3
provided 8:22
  28:7 35:11
  47:13 48:8
  49:16
Public 69:24
pull 17:23
pursuant 1:15
  1:15
put 30:17
putting 22:3
  35:6 55:4

**Q**

question 15:4,23
  16:4 29:6 30:4
  33:7,9,16 36:3
  36:15 42:24
  50:14 54:8,19
  57:24 65:7
questions 27:4,4
  27:7 48:2 58:3
  58:17 66:8
  68:18,21,22
  70:17
quick 66:6

**R**

R 2:1
ran 25:5
range 14:9 24:8
rarely 7:1
Ray 17:17 37:17
Raymond 1:7
  2:11 69:7
read 19:9 47:20
  47:22 69:13
real 21:11
realize 63:15

really 9:19 39:1
  68:18
recall 5:17 12:7
  13:6 18:22
  20:1 23:4
  25:16 53:24
  54:16
recanting 51:5
receive 24:20
  27:14,19 45:6
received 16:23
  20:2 28:12,15
  28:19 45:14,23
  64:1
recognition
  64:18
recognize 67:4
  67:18 68:1,6
  68:11
recollection
  8:13 13:17
  18:19 23:15
  24:16 26:8,12
  37:9,23 38:7
  38:15 39:2,6
  45:18 46:19
  47:1,18,21,24
  48:1 54:2 56:7
  56:13,15,18,23
  58:23 65:15
  68:15
record 4:12
  44:23 45:20
  47:14 48:2
  49:6,11 51:18
  66:22 67:12
  70:17
reduced 70:10
refer 43:7
referenced 38:9
referred 70:19
refresh 13:16
  18:19 23:14
  26:12 47:18
  48:1 68:15

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

**refreshes** 26:7
**regard** 40:8
**regarding** 50:23
    65:8,9
**regardless** 66:11
**regards** 29:21
**regular** 39:14
**regularly** 17:16
**relationship**
    40:10 41:10
    42:11
**relevant** 33:1
**relied** 34:6
    35:10 36:5
**rely** 32:23 35:17
    36:1 55:15
    56:1
**remanded** 14:17
**remember** 6:19
    8:5 17:9,10
    22:24 23:1,4
    28:2 44:4
**rephrase** 33:18
    34:21
**report** 12:21
    13:1
**reported** 70:9
**Reporter** 1:19
    70:4
**reports** 28:9,12
    28:15 60:7,15
**represent** 4:8
    12:13 27:11
    47:15 67:12
**representation**
    67:16
**representing**
    13:10
**request** 43:16
**required** 31:23
    32:3,8,16
**Reserve** 68:23
**reserved** 70:20
**respond** 21:6,20
**rest** 8:11 61:17

**retained** 3:19
**return** 21:15
**review** 5:23 8:2
    12:14,16 13:13
    18:5,24 24:18
    26:16,16,21
    27:14,24 32:24
    34:8 35:14,16
    35:22,24 36:10
    36:14,15 43:7
**reviewed** 11:21
    12:3 36:9
**reviewing** 13:16
    18:18 57:24
**right** 9:1 14:6
    15:23 35:3
    39:24 45:20,23
    49:9 55:16
    56:10,17 66:5
**robbed** 47:17
**Rogers** 24:7,14
    24:16,22 25:3
    25:13,22 26:7
    26:13 46:2,11
    46:21 47:3
    55:1,8 56:18
**Rogers'** 45:8
**routinely** 28:7
**Rules** 1:16
**running** 17:8

_____

**S**

**S** 2:1 3:12
**safely** 45:22
    49:12
**sake** 67:22
**Saturday** 16:19
**saw** 47:12
**saying** 23:1
    38:12 64:12
**says** 10:15 13:2
    21:10
**Schalk** 1:7 2:11
    4:9 17:17,17
    20:10 37:17

38:3 69:7
**screen** 9:7,12,16
    9:20 10:1
    12:22 23:12
    24:5,10 66:21
    67:2,19
**scrivener's** 13:3
**scroll** 67:6
**Sean** 2:2 9:16
    10:5 26:9
    27:10 50:13
    63:14
**sean@loevy.c...**
    2:4
**section** 5:20
**see** 9:13,22 10:1
    12:21 14:1,19
    16:13,20 18:1
    19:21 20:12,20
    21:16 24:9,22
    25:7,9 26:7
    30:3,5 37:20
    38:4 48:3 67:2
    67:5,7,9
**seeing** 23:14
    68:14
**seek** 33:11,20
**seeking** 35:5
**sentencing** 52:4
**sergeant** 4:10
    38:21
**seriously** 32:13
**share** 9:7,12,16
    9:20 66:21
**Sheehan** 13:5,6
**Sheehy** 1:18
    70:4 71:7
**Sheenee** 17:24
    18:3
**shooter** 51:15
**shooting** 60:22
**short** 48:4
**Shorthand** 1:19
    70:4
**show** 19:19 26:6

66:19
**showed** 50:10,19
**shown** 50:1 57:6
**side** 9:2 68:10
**signature** 10:15
    10:16,17 68:23
    70:20 71:1
**signed** 15:18
    51:5
**single** 57:6
**sit** 37:12 51:4
    63:8,18,24
**sitting** 58:14
    64:3
**small** 7:14
**smaller** 41:14
**social** 41:10
    42:11
**Sorrell** 51:15
    60:22 63:20
**sorry** 8:2,10
    18:11 33:4
    35:22 42:19
    50:15 53:2
    61:16 63:15
**sort** 7:21 15:16
    40:10
**source** 45:6
    48:20
**South** 2:14
**speak** 22:2
    25:18
**speaking** 12:7
    25:17,22 42:24
**speaks** 15:12
**specific** 33:11
    58:17
**speculation**
    11:24 12:11
    16:1,5 17:1
    19:6 20:13,21
    21:3,8,18,22
    22:14,21 23:9
    25:1,8,15 27:1
    27:21 28:16

29:1,22 31:9
    34:17 48:14
    53:23 54:6,21
    57:12 61:12
    62:10,19 63:3
    65:10,20
**spoke** 37:24
    38:6,16 39:8
**spoken** 12:15
    25:13,17 26:5
    36:12
**spotty** 19:13
**SS** 70:2
**stage** 43:1 44:11
    44:16 45:1
**stamp** 9:16
    13:20 18:9,13
    24:7
**stamped** 19:19
    26:10
**stand** 14:17
    16:10 30:18
    55:5
**Starr** 2:2 3:6
    7:17 8:10,14
    9:8,18 10:6,11
    11:8,23 12:10
    12:18 14:8,12
    14:24 15:22
    16:24 18:10,14
    19:11 20:3
    21:4,9,23
    22:13,23 23:9
    23:16,23 24:3
    25:15 26:24
    27:4,7,9,11
    28:5,20 29:7
    30:13 31:1,2
    31:17 33:3,7
    33:10,17 34:4
    34:20 35:21
    36:22 37:6
    38:2 39:22
    40:9,15 41:9
    42:10,19,23

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

44:22,24 45:12
46:9,18,24
47:7 48:17
49:1,22 50:15
50:16 51:10
53:4,19 54:1
54:10,24 55:14
56:12 57:13,19
59:15 60:4,11
60:18 61:15
62:4,13,22
63:7,11,15,17
63:23 64:17
65:2,13,23
66:14,18,22,24
68:17
**starts** 20:8
**state** 1:20 4:11
  13:10,22 16:16
  64:18 70:2,5
**state's** 5:6,7,9,12
  5:16,18 12:16
  13:9 21:2
  25:23 29:14
  31:18 32:12,17
  32:22 35:9
  36:8 39:15
  40:2,11,16,21
  41:2,11,21,23
  42:3,12 57:23
  61:9 62:5,14
  62:23
**statement** 20:18
  21:15 26:1
**statements**
  26:21,22
**States** 1:1,16
  69:1
**station** 23:6
**Stefanich** 2:7
  3:5 4:6,8 6:12
  7:20 8:4,15
  9:15,22,24
  10:5,8,12,14
  11:5,13,19

12:4,12,20
14:10,13 15:14
15:24 16:12
17:5,22 18:15
18:17 19:14,24
20:6,16,23
21:5,12,19
22:1,18 23:3
23:11,18,21
24:1,4 25:2,11
25:20 26:9,11
27:3 29:20
30:23 31:7
33:2,15,21
36:19 40:14
45:10 46:6,14
46:22 47:4
48:23 49:20
51:7 53:2,16
55:11 57:17
59:12 60:2,8
60:16 63:10,13
63:21 64:21
65:11 66:7
68:20
**stenographica...**
  70:9
**Street** 2:3,19
  71:7
**strike** 35:23
  46:1 50:6
  51:12 55:2
  57:3
**stuff** 9:11
**submitted** 69:16
  69:17
**SUBSCRIBED**
  69:21
**subsequent**
  39:21,23
**Suite** 2:8,14,19
  71:7
**summary** 26:3
**superseded** 6:18
**supervisor** 43:2

**suppressed** 60:7
**Supreme** 31:19
**sure** 9:15,22
  10:8 14:10
  15:13 17:11
  28:4 29:4 30:1
  34:2 35:22
  37:24 66:9
**sworn** 4:1,3
  69:12,21 70:13

---

**T**

**T** 3:12
**take** 32:12 66:6
  66:6,8,10,12
**taken** 1:13,18
  66:15 69:14,14
  70:8
**talk** 5:15 6:1
  30:3 31:11,12
  31:14,14,15
  36:21
**talked** 36:10
**talking** 36:11,13
**tell** 14:14 17:14
  22:9 37:13,24
  38:6 39:7
  41:12 51:11,13
  52:12 66:12
  70:13
**telling** 23:5
**tenure** 40:22
  41:24
**term** 43:5
**terms** 29:17
**Terry** 24:7 45:8
  47:3
**testified** 4:4 19:2
  27:13 30:16
  34:5 36:6 37:8
  39:11 46:21
  47:3 53:6,10
**testify** 52:23
**testimony** 17:24
  18:2,18 19:1

22:7 25:14
26:4 46:11
53:14 54:4
69:15
**thank** 8:14
  10:11 14:12
  16:17 24:3
**thanks** 27:12
  42:22
**thing** 14:4
**things** 31:16
  34:2 61:5
**think** 9:20 13:2
  13:3 14:21
  15:12 16:15,15
  17:21 27:23
  30:24 33:8,24
  34:5 47:9 48:1
  48:8 53:11
  54:7,22 56:4
  61:8,14,18
  63:6 66:4,7
**thought** 15:2
**thoughts** 15:1,5
  16:4
**threatened**
  21:14
**threats** 59:20
**three** 6:20
**time** 5:15 6:21
  11:14 28:9
  39:15 44:6
  49:23 50:6,7
  50:17 51:11,13
  52:11 60:12,19
  60:24 68:18
  69:15 70:19
**times** 26:16 30:9
  30:9 52:22
  59:2
**today** 13:24
  27:12 37:13
  42:20,22 51:4
  58:14 63:8,18
  63:24 68:19

**today's** 13:14
  18:6 24:19
**told** 22:12,17
  23:6 49:16,23
  50:2,7 51:14
  51:18,21,22,22
  55:9,15,22
  56:1 57:14
**Tony** 38:10,22
  39:3
**top** 54:22
**traffic** 5:2
**transcript** 13:1
  13:2,10,13,16
  14:9,21 16:18
  17:24 18:2,5
  19:10,18 21:10
  22:16 24:6,10
  24:12,18,20
  25:24 37:20
  38:4,7 50:24
  69:13,15
**transcription**
  70:11
**treat** 55:8
**treated** 21:1,11
  54:13,19 55:2
  55:21
**treatment** 31:15
**trial** 35:6,22
  52:23
**truck** 25:5 47:16
**true** 37:17 55:10
  55:18,23 56:10
  69:15 70:17
**truth** 70:13,13
  70:14
**try** 9:16 34:21
**trying** 9:7,18
  15:15 48:4
**turned** 13:20
**two** 6:20 67:13
  67:14
**type** 45:21
**types** 4:22 33:12

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

typewriting 70:10
typical 11:14
typically 6:9
  35:10 48:12

___ U ___
unable 49:18
  51:14
underlying
  28:23 35:17
  36:1,5 39:23
  47:17 57:5
  58:14 60:21
  64:20 65:7
undersigned
  70:22
understand
  16:15 29:6
  36:3 47:23
  48:5
understanding
  15:17 64:6
  65:1
unduly 45:7
  48:21 62:8
  66:1
unit 43:8,12,21
United 1:1,16
  69:1
UNKNOWN
  1:8 69:8
unusual 61:21
  62:3
upped 25:4
use 43:6
usually 27:24
  43:7

___ V ___
v 31:20
vacated 58:1
vague 6:11 7:16
  8:1 11:16
  29:21 31:8

33:22 34:16
  39:18
versus 10:13
veterans 5:1
victim 49:17
victims 6:1
  47:16 48:12
videoconference
  1:14 2:1 4:4
  70:9
view 50:9,18
  68:10
viewed 50:11
viewing 50:20
violence 5:3
vs- 1:6 69:6

___ W ___
Wacker 2:14
Wade 57:1,5,15
Walker 12:5,7
  12:13,15 20:10
  20:19 25:23
  26:2 39:12
  40:11
Walker's 40:2
want 5:15 36:12
  38:20 43:4
  53:2 66:19
wanted 66:11
warrant 13:24
  14:4,4,5,16,22
  14:22 15:18,20
  16:8,9
wasn't 29:9 54:8
  55:23 63:22
way 21:14 37:13
  38:16 39:7
  43:22 44:22
  49:9 52:4 55:9
  55:22 65:3,24
wboberts@ob...
  2:21
We'll 12:24
  66:20

we're 14:15
  15:10
we've 9:12
weeks 6:20
well-regarded
  41:8
went 8:16 23:5
  28:3 36:9 50:9
  50:10,18
weren't 31:13
  33:23
West 2:8
whatsoever
  65:15
WILLIAM 2:19
Willie 51:15
  60:22 63:20
withheld 62:17
  63:2
witness 3:3 4:1
  7:18 8:2,13
  11:4,12,18
  12:2,19 15:8
  16:7 17:3,19
  17:21 19:9,23
  20:5,15,22
  21:10,24 22:15
  22:24 23:10,20
  25:10,16 27:2
  27:6,23 28:18
  28:21 29:4,24
  30:7 31:4,11
  33:16,23 34:18
  36:20 37:5,20
  39:20 40:4,5,7
  41:6,8 42:6,8
  42:18 44:20
  45:11 46:7,16
  46:23 47:6,10
  48:15,24 49:21
  51:1,9 53:18
  53:24 54:7,12
  54:17,22 55:12
  56:11,22,24
  57:4,18 59:7

59:14 60:3,10
  60:17 61:14
  62:3,12,21
  63:6,22 64:9
  64:11,23 65:1
  65:12,21 66:2
  68:24 70:7,12
  70:18,20 71:1
witness's 24:7
witnesses 6:1
  22:3 25:18
  26:20 29:15
  30:17,20 31:12
  31:14 34:24
  36:10,12,21
  55:4 59:11,20
  59:24
Wojcik 1:8 2:11
  4:10 38:22
  39:3,7 69:8
wonky 42:20
work 8:5 9:17
  15:2,6 16:2
  32:5 35:13
  37:4 39:14
  40:2,19 41:2
  41:20 42:3,8
worked 17:16
  29:12 39:20
  61:18
working 30:11
  32:19,22 33:19
  43:20
works 52:5,6
wouldn't 7:9
  16:4
writ 16:9
writted 16:16

___ X ___
X 3:1,12

___ Y ___
yeah 10:6,8 15:8
  15:15,24 16:7

24:1 29:8,24
  31:1 42:19
  43:8,8 44:22
  46:16 47:23
  67:6
years 4:18 5:14
  61:11,22

___ Z ___
Zoom 9:21
  12:22 42:21

___ 0 ___
084-004780
  71:10

___ 1 ___
1 3:14,16 10:9
  19:20 66:21
  69:14
10 3:14
10:00 1:21
11:19 68:24
12 3:15 61:11,22
1600 2:19
161 2:19 71:7
17 24:21,22
18 11:2 13:2
1994 5:11

___ 2 ___
2 3:15 12:24
  13:20 14:14
  20:17
20 1:6 24:21
  69:6
2002 5:16,18 8:7
  11:2 13:4,7
  20:11 31:18,22
  32:2,7 43:6
2004 13:2
2024 1:21 69:14
  69:22 70:6
  71:2
22 20:8

James Fletcher, Jr. v. Jerome Bogucki, et al.
Deposition of Kathaleen Lanahan - Taken 6/7/2024

**25** 5:14
**27** 3:6
**2nd** 71:2

---
**3**

**3050** 71:7
**311** 2:3,14
**312.243.5900**
  2:4
**312.341.9646**
  2:9
**312.741.1024**
  2:20
**312.982.0090**
  2:15
**334** 2:8
**3rd** 2:3

---
**4**

**4** 3:5 16:18
  67:19
**4566** 66:23 68:9
**4569** 68:5,7
**4570** 68:5
**4577** 67:24
**4578** 67:20
**4601** 66:23
**474** 18:15
**4768** 1:6 69:6
**480** 19:19
**486** 20:8
**489** 18:16

---
**5**

**5200** 2:14
**53** 2:8

---
**6**

**60601** 2:20 71:8
**60604** 2:8
**60606** 2:14
**60607** 2:3
**66** 3:16 5:19,21
  5:22,24 6:6,10
  7:1,5,6,13,23

  8:3 11:14 13:4
  13:7 26:17,22
  32:19,22 33:19
  36:4 43:9
**6876** 14:10
**6877** 13:21
**6880** 14:11
**6926** 10:10

---
**7**

**7** 69:14
**71** 69:14
**7762** 24:8
**7765** 24:21
**7767** 25:21
**7768** 24:8
**7th** 1:21 70:6

---
**8**

---
**9**

**9** 20:11
**93** 26:10
**96** 23:19,24 24:2