# EXHIBIT 42

STATE OF ILLINOIS )
                     ) SS
COUNTY OF COOK )

**FILED**

JAN 10 2003

DOROTHY BROWN
CLERK OF CIRCUIT COURT

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                      )
        -vs-                      ) No. 02-CR-12937
                                      )
JAMES FLETCHER

### MOTION TO SUPPRESS IDENTIFICATION TESTIMONY

Now comes the defendant, JAMES FLETCHER, by his attorney, RITA A. FRY, Public Defender of Cook County, through JOSEPH P. KENNELLY, Assistant Public Defender and moves this Honorable Court to enter an order suppressing certain identification testimony of witnesses that the State has indicated will be called to testify against him.

In support of said motion the defendant states as follows:

1. That he was in arrested on April 18, 2002 having been brought to Cook County Jail from the Illinois Department of Corrections.

2. That certain of the witnesses were shown photographs of the accused that being Mr. Cooper and Ms. Friend.

3. That certain of the witnesses were allowed to view an improperly conducted line-up in that:

    a. Said photographic identification took place at a time when the accused was in the custody of government officials and a proper witness-suspect confrontation was possible;

    b. The composition and construction of the lineup was such as to improperly suggest identification of the accused as the perpetrator of the offense, i.e., the disparity in age, height, weight, and other distinguishing characteristics of subjects presented for comparison was improperly conducive to the misidentification of the accused;

Fletcher 001157

    c.    That the conduct of the police and/or other governmental officials was such as to improperly suggest the identification of the accused as the perpetrator of the offense;

    d.    Adversary proceedings had begun and the defendant had the right to presence of counsel at the lineup under the 6th and 14th Amendments to the Constitution of the U.S. and Article 1 Section 8 of the Constitution of the State of Illinois. <u>Kirby v. Illinois</u>, 406 U.S. 682 (1972).

    e.    That the police, in conducting the lineup on April 20, 2002, denied the defendant's right to effective assistance of counsel in that, although defendant's attorney at the time, Ms. J. Cunyon Gordon, was permitted to be in the room where the defendant and other subjects of the lineup stood, she was separated from the persons viewing, and the officers conducting the lineup and therefore unable to observe any conduct of any of the principles to the lineup procedure.

4.    That the actions of the police and/or government officials were unnecessary under the facts and circumstances of this case and that for the reasons stated and as will be developed at the hearing on this motion, these actions were unnecessarily conducive to mistaken identification.

**WHEREFORE,** the defendant prays that this Court suppress:

    a.    Any reference to the pre-trial identification of the accused by such witnesses who were involved in the improper pre-trial identification;

    b.    The in-court identification of the accused by such witnesses as were involved in the improper pre-trial identification in as much as such identification is the product of the improper pre-trial identification.

Respectfully submitted,

RITA A. FRY
Public Defender of Cook County

BY: JOSEPH P. KENNELLY
Assistant Public Defender 30295

Fletcher 001158