# EXHIBIT 44

EX 10 (1 of 7)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff,<br><br>v.<br><br>JAMES FLETCHER,<br>    Defendant. | )<br>)<br>)<br>)  Case No. 02 CR 16669<br>)<br>)  The Honorable J. P. Kirby<br>)<br>)<br>) |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF THE PRE-TRIAL LINE-UP IDENTIFICATION AND BAR ANY IN-COURT IDENTIFICATION BY THE WITNESSES THAT PARTICIPATED IN THE PRE-TRIAL LINE-UP IDENTIFICATION

Now comes the Defendant, James Fletcher, by his attorneys, and respectfully requests that this Court enter an order (1) suppressing any evidence at trial of the pre-trial corporeal line-up identification by Sheene Friend or Edward Cooper and (2) barring any in-court identification of Mr. Fletcher by those two witnesses. The pre-trial corporeal line-up was conducted in a manner that denied Mr. Fletcher his 6th Amendment right to counsel, namely denying Mr. Fletcher's attorney to observe the witnesses, the police, and the State during the line-up identification procedure.[1/] The State cannot establish by clear and convincing evidence that an in-court identification would nevertheless be independently reliable. In support of this Motion, Mr. Fletcher states as follows:

I. **Background**

    1.    On information and belief, on December 21, 1990, Mr. Cooper, a bread truck driver, was allegedly robbed by two suspects in his bread truck,

---

[1/] Mr. Fletcher is filing concurrently with this motion, a separate motion to suppress identification testimony regarding a photo-array shown to several witnesses and this pre-trial corporeal line-up identification because the photo-array and line-up identifications violated Mr. Fletcher's constitutional right to due process.

-1-

Fletcher 000504

which was parked near 5611 W. Madison Street in Chicago, Illinois. After the suspects fled the bread truck, Mr. Cooper retrieved his handgun and proceeded to chase the fleeing suspects westward on Madison Street. A gun battle ensued, and as a result, Willie Sorrell, a bystander, was shot and killed.

2. On February 12, 2002, more than 11 years after the incident, the police interviewed Terry Rogers. Mr. Rogers was an eye-witness to the above described incident. Mr. Rogers stated that Mr. Fletcher was one of the suspects who robbed the bread truck. Mr. Rogers also stated he could not remember what he told the police in 1990 about the incident.

3. Mr. Fletcher had been in the custody of the Illinois Department of Corrections since December 2, 1991.

4. After February 12, 2002 and prior to the line-up identification on April 20, 2002, the State, through Assistant State's Attorney Jennifer Walker, began adversarial judicial proceedings against Mr. Fletcher.

5. Prior to the April 20, 2002 line-up identification, Ms. Walker, independent of the police investigation, interviewed the following eye-witnesses: Mr. Rogers, Mr. Cooper, Ms. Friend, and Emmett Wade, which included a request to Ms. Friend to provide a written statement. Also, she interviewed Mr. Fletcher about the above-described incident and offered him leniency in exchange for a confession.

6. On March 16, 2002, Ms. Walker approved an arrest warrant for Mr. Fletcher for the offense of first degree murder that Judge Kevin Sheehan signed five days later.

7. On April 18, 2002, the State arrested Mr. Fletcher, transferred him to Cook County Jail from the Illinois Department of Corrections, and filed a complaint for preliminary examination against Mr. Fletcher for first degree murder.

8. On April 18, 2002, the public defender, on behalf of Mr. Fletcher, filed an

Fletcher 000505

appearance, notice of representation, and a demand for preliminary hearing/trial.

## II. The April 20, 2002 Line-up Identification

9. On April 20, 2002, Ms. Friend and Mr. Cooper viewed a corporeal line-up identification that included Mr. Fletcher. Ms. Walker and the police were present at the identification.

10. The public defender, who had filed an appearance on behalf of Mr. Fletcher, was unable to attend the corporeal line-up identification.

11. Mr. Fletcher arranged for another attorney, J. Cunyon Gordon, to be present at the line-up identification on his behalf.

12. Ms. Gordon came to the line-up identification, but she was only permitted to observe the line-up from the room where the line-up participants were located, and not from the room where the witnesses were located.

13. After the police refused to allow Ms. Gordon to be present when the witnesses made their identifications, Ms. Gordon asked that at least the microphone be turned on so she could listen to any comments by the witnesses. The police refused that request as well.

14. Ms. Friend and Mr. Cooper identified Mr. Fletcher as one of the suspects fleeing the scene of the above-described incident. Ms. Gordon was not allowed to be present in the witness room with Ms. Friend and Mr. Cooper when they identified Mr. Fletcher. Ms. Walker and members of the police were present in the witness room with Ms. Friend and Mr. Cooper.

15. Ms. Gordon was unable to observe Ms. Friend, Mr. Cooper, Ms. Walker, and the police during the line-up identification.

16. Ms. Gordon was not allowed to speak with either Ms. Friend or Mr. Cooper at anytime. Nor was Ms. Gordon privy to the colloquy between Ms. Friend, Mr. Cooper, Ms. Walker and the police.

Fletcher 000506

### III. At the Time of the Corporeal Line-up Identification, Mr. Fletcher had a 6th Amendment Right to Counsel

17. Once adversarial judicial criminal proceedings have begun "whether by way of formal charge, preliminary hearing, indictment, information or arraignment," a suspect has a constitutional right to counsel at any pre-trial corporeal line-up as provided by the 6th and 14th Amendments of the Constitution of the United States of America and Article 1 Section 8 of the Constitution of the State of Illinois. *Kirby v. Illinois*, 406 U.S. 682 (1972); *Illinois v. Swift*, 91 Ill.App.3d 361, (Ill. App. Ct. 1980).

18. At the time of the line-up on April 20, 2002, Mr. Fletcher had a 6th Amendment right to counsel. Prior to the line-up, the State, through Ms. Walker, had (1) independent of the police investigation, conducted its own investigation into the death of Mr. Sorrell which included personally interviewing key witnesses; (2) interviewed Mr. Fletcher; (3) negotiated with Mr. Fletcher; (4) approved and issued an arrest warrant; and (5) filed a formal complaint. Also, prior to the April 20, 2002 line-up, Mr. Fletcher had filed his notice of representation, his demand for trial, and an appearance by the public defender's office. Thus, adversarial judicial criminal proceedings had begun against Mr. Fletcher, and Mr. Fletcher was entitled to counsel at the pre-trial corporeal line-up identification.

### IV. Mr. Fletcher's Was Denied His 6th Amendment Right to Counsel at the April 20, 2002 Line-up Identification

19. By denying Ms. Gordon an opportunity to observe the witnesses during the line-up identification, the police and Ms. Walker denied Mr. Fletcher his right to counsel. In other words, Mr. Gordon's absence in the viewing room hampers Mr. Fletcher's ability to effectively reconstruct at trial any unfairness that occurred in the viewing room and has deprived him of his right to meaningfully attack the credibility of any evidence presented at

-4-

Fletcher 000507

trial regarding the April 20, 2002 line-up identification. *See U.S. v. Wade*, 388 U.S. 218, 228-238 (1967); *see also Kirby v. Illinois*, 406 U.S. 682 (1972).

V. <u>The Remedy for Violating Mr. Fletcher's 6th Amendment Right to Counsel Is to Suppress All Evidence Regarding the Corporeal Line-up Identification and Bar the Participating Witnesses from Identifying Mr. Fletcher at Trial</u>

20. All testimony regarding a pre-trial corporeal identification conducted in violation of the 6th Amendment is *per se* excluded at trial. *See Gilbert v. California*, 388 U.S. 263 (1967); *see also U.S. v. Wade*, 388 U.S. 218 (1967).

21. Any in-court identifications by witnesses participating in an unconstitutional pre-trial corporeal line-up shall be excluded unless the State can show by clear and convincing evidence that the in-court identifications are based on a reliable source independent from the unconstitutional pre-trial corporeal identification. *U.S. v. Wade*, 388 U.S. 218 (1967). The Supreme Court further stated that "'it is a matter of common experience that, once a witness has picked out the accused at the line-up, he is not likely to go back on his word later on, so that in practice the issue of identity may (in the absence of other relevant evidence) for all practical purposes be determined there and then, before trial.'" *Wade* at 229.

22. The State will be unable to show by clear and convincing evidence that Ms. Friend and Mr. Cooper have a reliable independent source from which they would be able to make an in-court identification of Mr. Fletcher.

23. The Supreme Court has held that "reliability is the linchpin in determining the admissibility of identification testimony . . . ." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). At the time of the above-described incident, none of these witnesses were able to give the police a detailed description

-5-

Fletcher 000508

-6-

of the suspects. Furthermore, that incident happened over twelve years ago, while the unconstitutional corporeal line-up identification occurred relatively recently. As suggested by the Court in *Wade*, any in-court identification by Ms. Friend or Mr. Cooper would only serve to confirm that Mr. Fletcher was the man who participated in the April 2002 line-up and could not serve as a reliable identification of one of the suspects from an incident that occurred over twelve years ago.

WHEREFORE, defendant James Fletcher respectfully requests that this Court enter an order (1) suppressing any evidence at trial of the pre-trial corporeal identification by Ms. Friend or Mr. Cooper and (2) barring any in-court identification of Mr. Fletcher by those two witnesses.

Respectfully submitted,

_____
Attorney for James Fletcher

Reginald J. Hill
Joseph A. Saltiel
Attorney # 05003
Jenner & Block, LLC
One IBM Plaza
Chicago, Il 60611
Tel: (312) 222-9350
Fax: (312) 527-0484

Date: November 10, 2003

Fletcher 000509

## CERTIFICATE OF SERVICE

Joseph A. Saltiel, an attorney, certifies that he will cause a copy of the foregoing **Motion to Suppress Evidence of the Pre-trial Line-up Identification and Bar Any In-court Identification by the Witnesses That Participated in the Pre-trial Line-up Identification** to be served on opposing counsel by handing a copy to the Assistant State's Attorney in open court before Judge Kirby on the 10th day of November, 2003.

_____
Joseph A. Saltiel

Fletcher 000510