# EXHIBIT 46



Transcript of the Deposition of
**James Zarnick, LPI**
**Case:** James Fletcher Jr. v. Jerome Bogucki; et al.
**Taken On:** January 19, 2024

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES FLETCHER JR.,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   No. 20 CV 4768
                                       )
JEROME BOGUCKI, ANTHONY NORADIN,       )
RAYMOND SCHALK, ANTHONY WOJCIK,        )
UNKNOWN CITY OF CHICAGO POLICE         )
OFFICERS, and the CITY OF              )
CHICAGO                                )
                                       )
            Defendants.                )

        The deposition of JAMES ZARNICK, LPI, taken
via videoconference before Amie Panagakos, Registered
Professional Reporter, pursuant to the Federal Rules of
Civil Procedure of the United States District Courts
pertaining to the taking of depositions, commencing at
10:02 a.m. on the 19th day of January, A.D., 2024.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 2

```
 1   APPEARANCES (via videoconference):

 2
         LOEVY & LOEVY
 3       MR. SEAN STARR
         311 North Aberdeen Street
 4       3rd Floor
         Chicago, Illinois 60607
 5       Phone:  312.243.5900
         Email: sean@loevy.com
 6
               On behalf of the Plaintiff;
 7
         HALE & MONICO, LLC
 8       MS. JENNIFER BITOY
         53 West Jackson Boulevard
 9       Suite 334
         Chicago, Illinois 60604
10       Phone:  312.341.9646
         Email: jbitoy@halemonico.com
11
               On behalf of the Individual Defendants;
12
         REITER BURNS
13       MS. DHAVIELLA N. HARRIS
         311 South Wacker Drive
14       Suite 5200
         Chicago, Illinois 60606
15       Phone:  312.982.0090
         Email: dharris@reiterburns.com
16
               On behalf of the Defendant City of Chicago.
17

18
     ALSO PRESENT:  Lo Ramanujam (paralegal)
19                  Hale & Monico
20

21                       *   *   *   *   *   *

22

23

24
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 3

1                    I N D E X

2    WITNESS                              PAGE

3    JAMES ZARNICK, LPI

4         Direct Examination by Ms. Bitoy  ......    4

5         Cross-Examination by Mr. Starr  .......   32

6         Redirect Examination by Ms. Bitoy  ....   42

7                  E X H I B I T S

8    DEFENSE EXHIBIT                       PAGE

9         No. 1  ...............................   20

10

11

12              (Exhibit retained by counsel.)

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 4

1                    (Witness sworn.)

2       MS. BITOY:  Let the record reflect this is the

3    deposition of Jim Zarnick taken pursuant to subpoena in

4    Fletcher versus City of Chicago, et al., currently

5    pending in the Northern District of Illinois.

6    WHEREUPON:

7                    JAMES ZARNICK, LPI,

8    having been first duly sworn, was examined and

9    testified via videoconference as follows:

10                   DIRECT EXAMINATION

11   BY MS. BITOY:

12      **Q.   Mr. Zarnick, hi, again my name is Jennifer**

13   **Bitoy, and I am one of the attorneys representing**

14   **several of the individual defendant officers in this**

15   **case.  Also present is -- I'll let counsel, other**

16   **counsel, introduce themselves for the record.**

17      MS. HARRIS:  Hi, Mr. Zarnick.  I'm Dhaviella

18   Harris.  I represent the City of Chicago in this matter.

19      THE WITNESS:  Good morning.

20      MR. STARR:  I'm Sean Starr from the law firm of

21   Loevy & Loevy.  I represent the plaintiff, James

22   Fletcher, in this matter.

23   BY MS. BITOY:

24      **Q.   So, Mr. Zarnick, have you ever given a**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 5

1    deposition before?

2        A.   Yes, I have.

3        Q.   How many times have you been deposed?

4        A.   More than I can count.  I would say more than

5    two dozen times.

6        Q.   And what types of cases were you giving

7    depositions for?

8        A.   Most of them are civil.

9        Q.   And were they in your capacity as a private

10   investigator?

11       A.   Yes, they were.

12       Q.   So obviously it sounds like you're a pro then

13   at giving depositions.  Nonetheless, I'll still go over

14   some of the ground rules before we get started.  Even

15   though we're appearing viz Zoom, there is a court

16   reporter here, and she is taking down everything that we

17   say.  And so it's just important that you give verbal

18   responses.  Uh-uh, uh-huh, things like that can be

19   confusing on the record.  If for any reason you don't

20   understand my question, please let me know and I'll do

21   my best to rephrase it.  If you do answer my question,

22   I'm going to assume that you understood it.  Okay?

23       A.   Yes.

24       Q.   You will likely hear objections throughout

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 6

1    your deposition.  Since there is not a judge here, once
2    the objection has been made, unless you are instructed
3    not to answer for some reason, you can go ahead and
4    answer the question.  Okay?

5         A.   Okay.

6         Q.   I don't anticipate your deposition being very
7    long.  If you need to take a break for any reason,
8    that's perfectly okay.  The only caveat to that is that
9    if there is a question pending, I ask that you answer
10   the question before taking a break.  Okay?

11        A.   Okay.

12        Q.   Other than the attorneys involved in this
13   case, have you spoken to anyone else about your
14   deposition today?

15        A.   No.

16        Q.   Have you spoken to Mr. Starr or anyone else at
17   Loevy & Loevy's office about your deposition today?

18        A.   Yes, I have.

19        Q.   And so did you speak to Mr. Starr?

20        A.   I did, yes.

21        Q.   And when was that?

22        A.   That was yesterday.

23        Q.   And was this a telephone call or in person?

24        A.   Yes, it was a telephone call.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 7

1      Q.   And how long was that telephone call?

2      A.   Approximately 30 -- it was less than 30

3  minutes.

4      Q.   Was anyone else present on that phone call?

5      A.   No, not that I'm aware of.

6      Q.   Other than the 30-minute -- or approximately

7  30-minute phone call that you had with Mr. Starr

8  yesterday, have you had any other conversations with him

9  or anyone else at Loevy regarding your deposition today?

10     A.   No.

11     MR. STARR:  Objection, mischaracterizes his

12  testimony.  I think he said less than 30 minutes, but go

13  ahead.

14     MS. BITOY:  Sure.

15  BY THE WITNESS:

16     A.   No, I have not.

17     Q.   Did you receive any documents from Mr. Starr

18  to review in preparation for your deposition today?

19     A.   I have not, no.

20     Q.   Can you please state and spell your full name

21  for the record.

22     A.   James, J A M E S, Zarnick, Z as in zebra,

23  A R N I C K.

24     Q.   And what is your date of birth, sir?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 8

1      A.    April 9th, 1970.

2      Q.    **And where do you currently reside?**

3      A.    I'm -- I'm sorry.  I won't give that

4    information out.

5      Q.    **Sure.  Can you just give the city?  That's**

6    **enough, just what city you're in.**

7      A.    It's Aurora.

8      Q.    **And what's your highest level of education?**

9      A.    I have a master's degree.

10     Q.    **And what's your master degree in?**

11     A.    Education.

12     Q.    **And when did you receive your master's degree?**

13     A.    Back in the mid '90s.

14     Q.    **Where did you receive your master's?**

15     A.    From National Louis University.

16     Q.    **Where did you give your undergraduate degree**

17    **from?**

18     A.    Illinois State University.

19     Q.    **And when did you graduate from Illinois State?**

20     A.    Early 1990s.

21     Q.    **And what was your degree in?**

22     A.    Criminal -- Which degree?

23     Q.    **Your undergrad degree.**

24     A.    Criminal justice.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 9

1    Q.   Where did you go to high school?

2    A.   Conant High School.

3    Q.   Sorry.  Could you say that one more time?

4    A.   Conant High School.

5    Q.   And where is that located?

6    A.   Hoffman Estates.

7    Q.   Where are you currently employed?

8    A.   I'm employed for myself.  I'm self-employed.

9    Q.   And what is the name of your business?

10   A.   Jim Zarnick, LPI.

11   Q.   And how long have you been working for

12   yourself at Jim Zarnick?

13   A.   I've been licensed since 2004, self-licensed.

14   Q.   And does anyone else work for you?

15   A.   No.

16   Q.   Are your clients primarily individuals in law

17   firms?

18   A.   Most of them are law firms, yes.

19   Q.   How do you go about finding clients?

20   A.   They find me.

21   Q.   Do you have a website that you advertise your

22   business on?

23   A.   I do have a website, yes.

24   Q.   What services do you provide as a private

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 10

1    **investigator?**

2         A.   Various types of services, mostly

3    surveillance.  I do civil investigations regarding

4    witness statements, accident investigations, things of

5    that nature.

6         **Q.   And I know that you said that you've been**

7    **working for yourself since 2004.  Prior to that, were**

8    **you employed anywhere else?**

9         A.   Yes.

10        **Q.   And where was that?**

11        A.   Prior to that it was Factual Photo.

12        **Q.   And what was your title at Factual Photo?**

13        A.   I surveillanced.  Senior surveillance

14   investigator.

15        **Q.   And how long were you employed at Factual**

16   **Photo?**

17        A.   About two to three years.

18        **Q.   And where is Factual Photo located?**

19        A.   They are no longer in business.

20        **Q.   Okay.  Prior to Factual Photo, where were you**

21   **working?**

22        A.   Bonnamy & Associates.

23        **Q.   Can you spell that, please?**

24        A.   B O N N A M Y & Associates.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

```
                                                  Page 11
 1        Q.    And what was your position at Bonnamy &
 2   Associates?
 3        A.    Surveillance investigator.
 4        Q.    And how long were you an employee at Bonnamy &
 5   Associates?
 6        A.    Approximately three years.
 7        Q.    Prior to Bonnamy & Associates, where were you
 8   employed?  And just so you can kind of get an idea, I'm
 9   talking about from basically college up and through
10   present, basically all of the employment that you've
11   had, substantive employment probably more than a year.
12        A.    Prior to that, I worked for Richard Holmes
13   Investigations.  I think that was approximately a year.
14        Q.    And what was your position there?
15        A.    Again investigator.
16        Q.    Prior to Richard Holmes Investigations, where
17   were you employed?
18        A.    Prior to that, I was at Bonnamy & Associates
19   also.  I worked for Bonnamy & Associates for a couple of
20   times.
21        Q.    Do you have any other employment, post-college
22   employment that you haven't already disclosed?
23        A.    Not in this field, no.
24        Q.    What other fields have you been employed in?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 12

 1    A.    Just insurance.

 2    Q.    **When were you first licensed as a private**

 3 **investigator, what year?**

 4    A.    In Illinois, 2004.

 5    Q.    **Are you licensed in any other states?**

 6    A.    I am, Indiana.

 7    Q.    **And when did you receive your private**

 8 **investigation license in Indiana?**

 9    A.    I believe that was 2019.

10    Q.    **Did receiving your license require you to take**

11 **an exam?**

12    A.    Yes.

13    Q.    **And what year -- So I assume you passed your**

14 **exam in 2004 then?**

15    A.    It would have been thereabout, yes, 2003,

16 2004.

17    Q.    **As a prerequisite for obtaining your private**

18 **investigation license, did you have to take any training**

19 **courses?**

20    A.    In order to get licensed, it's a combination

21 of either schooling and/or training.  The levels of

22 training depend on how much schooling you have in a

23 field that is comparable to investigations, whether

24 that's law enforcement, whether that's criminal justice,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 13

1    something of that nature.

2        Q.   And do you have any law enforcement

3    background?

4        A.   I do not, no.

5        Q.   So based on your experience, how much

6    schooling or training did you receive in private

7    investigation?

8        A.   Well, my schooling, the fact that I had a

9    bachelor's degree allowed me to go through a little bit

10   of training.  And the training is just working with

11   another law -- not a law firm but another investigation

12   firm.

13       Q.   And how long did your training last?

14       A.   I don't recall.  I don't remember what the

15   prerequisites are.

16       Q.   Do you know if it would have been more or less

17   than a year?

18       A.   I believe so.  It didn't have to do with time.

19   It had to do with how many hours on the street that you

20   had.

21       Q.   And do you have any ballpark in terms of how

22   many hours training you would have received?

23       A.   No idea.

24       Q.   But this would have been in-person training

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 14

1    with another investigation firm?

2        A.   Not necessarily in -- Not necessarily with

3    another investigator, but you had to work under somebody

4    else's license.

5        Q.   **Okay.  Can you generally describe what that**

6    **training entailed?**

7        A.   Working with another investigator.  I started

8    off as a surveillance investigator, so there were times

9    I was working with another surveillance investigator.

10       Q.   **Were you ever trained or informed on state and**

11   **federal laws that may impact your work?**

12       A.   Can you repeat the question?

13       Q.   **Sure.  Were you ever trained on state and**

14   **federal laws that might impact your work?**

15       A.   What do you mean by trained?  Did I have

16   experience, or did I have knowledge of --

17       Q.   **I'm sorry.  I didn't mean to cut you off.**

18   **Yes, if you have knowledge, or were you given any**

19   **materials in terms of state and federal laws that may,**

20   **in fact, impact your work as a private investigator?**

21       A.   No, not at the time.

22       Q.   **Have you ever?**

23       A.   As far as just from working in the industry

24   and working with attorneys.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 15

1      Q.   Were you trained on interviewing witnesses?

2      A.   No.

3      Q.   Is interviewing witnesses part of your job

4   responsibilities or duties as a private investigator?

5      A.   It is.

6      Q.   So did you gain experience from that just

7   through on-the-job experience or -- strike that -- or

8   viewing other private investigators interview witnesses?

9      A.   Yeah, you know, I guess let me back up a

10  little bit.  When you asked did I have any formal

11  training, there were times where I did go out with other

12  investigators that were interviewing witnesses, and I

13  guess you could consider that sort of a training.  So to

14  answer your question, yes.

15     Q.   Were you trained or did you gather any

16  experience in gathering evidence or collecting evidence?

17     A.   No formal training, no.

18     Q.   Did you receive any on-the-job training or

19  formal training in report writing?

20     A.   It would have been through the companies that

21  I worked for, yes.

22     Q.   And what did that entail?

23     A.   On-the-job training as far as writing reports,

24  going through -- A couple of the -- A couple of the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 16

1  investigative firms that I worked with had

2  report-writing manuals, things of that nature that we

3  used.

4      Q.   Do you recall anything from those

5  report-writing manuals in terms of how you were trained

6  or guided in terms of writing reports?

7      A.   No, you're talking over 20 years ago.

8      Q.   Were you trained on ethical issues related to

9  private investigation work?

10     A.   I mean, there were ethical classes that I had

11 to take throughout my college, I'm sure, yes.

12     Q.   Do you recall any of the content in terms of

13 ethical training that you would have received --

14     A.   No.

15     Q.   -- as a --

16     A.   I'm sorry.  No.

17     Q.   Okay.  As part of your private investigative

18 work, are you sometimes employed to work on criminal

19 investigations?

20     A.   It's been a while since I've worked on a

21 criminal case, but I have worked criminal cases, yes.

22     Q.   Can you estimate how many criminal

23 investigations you've worked on throughout your career?

24     A.   No, not very many.  It would be under ten.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 17

1      Q.   As part of your work or your private
2  investigative work as it relates to criminal
3  investigations, did you have to review police reports?
4      A.   Yes.
5      Q.   Did you have to locate witnesses?
6      A.   Yes.
7      Q.   Did you have to interview witnesses?
8      A.   Yes.
9      Q.   Have you ever been hired by a criminal defense
10 attorney to investigate a crime in which their client
11 was facing charges?
12     A.   Yes.
13     Q.   In terms of interviewing witnesses as it
14 relates to a criminal investigation, is it your practice
15 to gather all information that a witness tells you?
16     A.   Yes, it is.
17     Q.   And is part of the reason that it's important
18 to gather all information that a witness tells you
19 because you might not know what information is important
20 or not important to the criminal investigation?
21     A.   Yes, that's correct.
22     Q.   Is it your general practice when interviewing
23 witnesses to ask open-ended questions?
24     A.   It is, yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 18

```
 1        Q.   Do you take notes during witness interviews?

 2        A.   Sometimes, yes.

 3        Q.   And is that -- are those generally handwritten

 4   notes?

 5        A.   Typically, yes.

 6        Q.   Do you ever tape-record witnesses' interviews?

 7        A.   I do, with permission of course.

 8        Q.   Right.  And is it fair to say that when you

 9   are interviewing witnesses, you are doing your best to

10   accurately denote whatever it is that witness is telling

11   you?

12        A.   Absolutely.

13        Q.   In circumstances -- In the few circumstances

14   that you have been hired in a criminal investigation to

15   conduct a witness -- to interview a witness, would you

16   typically view police reports prior to conducting that

17   interview if you were told that that witness had given a

18   statement to police?

19        MR. STARR:  Objection, form, foundation, assumes

20   facts not in evidence.

21   BY MS. BITOY:

22        Q.   You can answer, sir.

23        A.   I'm sorry, Jennifer.  Can you repeat the

24   question?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 19

1      **Q.   Sure.   In situations that you have been hired**
2  **in a criminal investigation to interview an eyewitness**
3  **to a crime, knowing -- if you had been given information**
4  **that an eyewitness had spoken to police, would you**
5  **generally review police reports related to that**
6  **eyewitness prior to conducting that interview?**
7      MR. STARR:  Same objection.
8          Sorry, Mr. Zarnick.  I might object from time
9  to time.  Just if you give me a beat to do that, it
10 would be easier for the court reporter, I would
11 appreciate it.
12     THE WITNESS:  Sure.  Sorry.
13 BY THE WITNESS:
14     A.   Yes, that's my standard practice is to review
15 any documents that may be available, including a police
16 report.
17     **Q.   Do you have an independent recollection of**
18 **working on Mr. Fletcher's case?**
19     A.   I do not.
20     **Q.   After being subpoenaed to testify for your**
21 **deposition today, have you reviewed the report that you**
22 **created documenting the interviews that you conducted of**
23 **Edward Cooper?**
24     A.   I briefly looked over the report that was

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 20

1    provided to me, yes.

2         Q.   Did reviewing that report refresh your

3    recollection at all in terms of the work that you did on

4    Mr. Fletcher's case?

5         A.   No, it did not.

6         Q.   So I'm going to pull up that report now, and

7    this will be Defense Exhibit 1.  This is the Jim Zarnick

8    report of Edward Cooper's interview.  Just for

9    reference, this is Bates-stamped Fletcher 546 to 547.

10                   (A document was viewed.)

11   BY MS. BITOY:

12        Q.   Do you see the document on my screen, sir?

13        A.   I do.

14        Q.   And is this the report that you reviewed in

15   preparation for your deposition today?

16        A.   Yes, it looks like the report, yes.

17        Q.   Okay.  And would you typically draft up

18   reports like this summarizing any investigative work

19   that you've done in a case?

20        A.   If an attorney requests a report, yes, I do.

21        Q.   So do you know who Mr. Joe Saltiel is?

22        A.   I do.

23        Q.   And who is he?

24        A.   He was an attorney that I worked for at Jenner

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 21

1    & Block.

2        Q.   And if I told you that Mr. Saltiel was a

3    criminal defense attorney for Mr. Fletcher, would that

4    sort of refresh your recollection that you had been

5    hired by Mr. Fletcher's defense attorney to do

6    investigative work related to his criminal case?

7        A.   Yes, it would.

8        Q.   Do you know if you spoke to any other lawyer

9    at Jenner & Block besides Mr. Saltiel?

10       A.   Regarding this case?

11       Q.   Yes.  Sorry, I should have clarified that.

12       A.   No, I don't believe I did.

13       Q.   Prior to interviewing Mr. Cooper, I'm assuming

14   that you would have had a conversation with Mr. Saltiel

15   about conducting this interview, correct?

16       A.   There would have been some sort of

17   communication, yes.

18       Q.   Do you know if you reviewed any police reports

19   related to statements that Mr. Cooper gave prior to

20   interviewing him?

21       MR. STARR:  Form, foundation.

22   BY THE WITNESS:

23       A.   I don't recall.

24       Q.   But you did testify earlier that it would have

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 22

1    been your practice to review any documents that were

2    available relative to a witness prior to you

3    interviewing that witness; is that accurate?

4        A.   That's correct.  If a police report would have

5    been provided, then I would have reviewed it, yes.

6        Q.   Okay.  So the first paragraph here, it just

7    says, "Dear Mr. Saltiel, we requested to conduct an

8    interview with Edward Cooper.  With this request, we

9    were provided an address for Mr. Cooper of 1435 North

10   Luna Avenue in Chicago, Illinois.  We were also provided

11   a telephone number of (773) 622-6306 and a date of birth

12   of April 6th 1952."  My question is, do you know -- did

13   you work with any other private investigator in relation

14   to your interview of Edward Cooper?

15       A.   No, not in this case.

16       Q.   And then you go on to state the report of your

17   telephone interview with Mr. Cooper.  So initially I

18   just want to ask, upon interviewing Mr. Cooper, is it --

19   or generally when interviewing a witness, would you have

20   identified yourself as a private investigator?

21       A.   Yes, I would have.

22       Q.   And would you have told Mr. Cooper that you

23   were hired by Mr. Fletcher's defense attorney?

24       A.   Yes, I typically introduce myself and then I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 23

 1    explain the reason why I'm contacting the individual.
 2         Q.    And then you go on to state, "On
 3    September 23rd, 2004 at approximately 8:00 p.m., I
 4    conducted a telephone interview with Edward Cooper.
 5    Mr. Cooper informed me that on or about -- on or around
 6    December of 1990 he was employed as a truck driver
 7    delivering bread to a restaurant located on the
 8    southwest corner of Central Avenue and Madison Avenue in
 9    Chicago, Illinois.  He made his delivery to the
10    restaurant and as he came out of the restaurant he was
11    robbed by two unknown men, one of which had a gun.  He
12    claims that he did not know either of the men and the
13    two men ran off after robbing Mr. Cooper.  Mr. Cooper
14    stated that he was contacted approximately six or seven
15    months ago by two Chicago police detectives but could
16    not recall either of the detectives' names.  He later
17    stated that it may have been seven or eight months ago
18    that the detectives contacted him.  The two detectives
19    met him as his house sometime during the evening hours
20    and asked that Mr. Cooper view approximately 12 pictures
21    of various individuals.  Mr. Cooper stated that he was
22    not able to positively identify the person who robbed
23    him and explained that the reason he was not able to do
24    so was because the robbery happened too long ago.  When

Page 24

1    asked if any of the men looked familiar, he picked out

2    one of the photos but again stated that he could not be

3    100 percent sure.  Mr. Cooper was later informed by the

4    detectives that the individual he identified from the

5    photos in the lineup was James Fletcher.  Approximately

6    two to three days later, Mr. Cooper visited the Chicago

7    Police Department to view a police lineup.  He stated

8    that he met with two detectives and was then taken to a

9    room to view several individuals in a lineup.  When

10   asked if any of the individuals from the lineup were the

11   one who robbed him, he picked one of the males in the

12   lineup but again stated that he was not 100 percent sure

13   because the incident happened too long ago.  I asked

14   Mr. Cooper if there were any additional witnesses to the

15   armed robbery, and he stated that a man by the name of

16   Terry Rogers witnessed the incident and was

17   approximately 40 to 50 feet away from the scene.  He

18   then stated that he heard that Terry Rogers was the

19   individual who reported Mr. Fletcher as one of the men

20   involved in the robbery.  At approximately 8:30 p.m., we

21   concluded our interview."

22          And I'm just going to read this last little

23   part here, "Tuesday, September 28th, 2004:  On Tuesday,

24   September 28th, 2004 at approximately 8:45 p.m., I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 25

 1   conducted a follow-up telephone interview with Edward

 2   Cooper due to several discrepancies noted from my

 3   initial interview.  When questioned about the details to

 4   the police photo lineup and the in-person police lineup,

 5   Mr. Cooper again stated that he was visited by two

 6   Chicago police detectives approximately eight to nine

 7   months ago and that he was asked to look at

 8   approximately eight to ten photos of individuals.  When

 9   questioned about Terry Rogers, Mr. Cooper now claims

10   that Mr. Rogers had witnessed the robbery from

11   approximately 500 to 600 feet.  He also mentioned that

12   he has known Mr. Rogers since Terry's birth but does not

13   know the current whereabouts of Mr. Rogers.  At

14   approximately 9:00 p.m., we concluded our interview.  At

15   this time we will conclude our efforts on this file.

16   Should you have any questions or require additional

17   assistance in this matter, please contact our office."

18           My question on this report is, to the best of

19   your knowledge, is this all of the information that you

20   would have obtained from Mr. Cooper during your

21   interviews with him on September 23rd and

22   September 28th, 2004?

23       MR. STARR:  Objection to form, foundation, calls

24   for speculation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

                                                    Page 26

1      A.   Can you repeat the question, Jennifer?

2      **Q.   Sure.  Based on the report that I just read**

3   **through, to the best of your knowledge, is this all the**

4   **information that you obtained from Mr. Cooper during**

5   **your interviews with him on September 23rd and**

6   **September 28th, 2004?**

7      MR. STARR:  Same objections.

8   BY THE WITNESS:

9      A.   I believe so, yes.  I don't recall.  I mean,

10  you're asking me from questions about 2004.  But yes, if

11  it was information he would have given me, I would have

12  put it in the report.

13     **Q.   And again, it was your practice to document**

14  **everything that a witness told you, correct?**

15     A.   That is correct, yes.

16     **Q.   And I'm assuming that Mr. Saltiel asked you to**

17  **prepare this report?**

18     MR. STARR:  Same objections.

19  BY THE WITNESS:

20     A.   I would have --

21     MR. STARR:  Go ahead.

22  BY THE WITNESS:

23     A.   Yes, I imagine he would have, but I don't

24  recall.  Again, we're talking almost 20 years ago.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 27

1      Q.   Yes, I absolutely understand.  It's a long

2  time ago, so I don't expect you have to an independent

3  recollection.  I'm just asking generally sort of what

4  your practice would have been.

5           Would it have been your practice to take notes

6  while conducting a telephone interview such at this?

7      A.   Typically, yes.

8      Q.   And given sort of the detail in your report,

9  do you think that you would have taken notes when

10 speaking to Mr. Cooper?

11     MR. STARR:  Objection, speculation.

12 BY THE WITNESS:

13     A.   Again, it's hard for me to answer that because

14 I don't know.  I can't answer that.

15     Q.   Fair enough.  Now, based on your report, you

16 interviewed Mr. Cooper twice.  Do you know if that would

17 have been at the request of the attorney, or if you

18 would have made that decision to speak to Mr. Cooper

19 yourself?

20     MR. STARR:  Form, speculation.

21 BY THE WITNESS:

22     A.   Again, it's hard for me to answer that without

23 speculating one way or another.  You know, it's -- I

24 can't answer that.  I don't know.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 28

1      **Q.   Okay.  So on the second page of your report**
2   **here, you state that you conducted the follow-up**
3   **interview due to several discrepancies.  After reviewing**
4   **the report, are you able to identify what those**
5   **discrepancies were?**
6        A.   No, not by looking at the report, no.
7        **Q.   So based on your report, Mr. Cooper told you**
8   **that two detectives came to his house and showed him**
9   **some photographs of individuals, and although he wasn't**
10  **100 percent sure of who robbed him, he did pick out one**
11  **of the photos; is that correct?**
12       A.   I'm sorry.
13       MR. STARR:  Object to form.
14  BY THE WITNESS:
15       A.   Which date are we talking about, Jennifer?
16       **Q.   Sure.  I guess for both dates, just based on**
17  **the totality of the report that you wrote.  After we**
18  **just -- sort of just reading through it based on your**
19  **report, Mr. Cooper told you that two detectives came to**
20  **his house and showed him some photos of individuals, and**
21  **although he wasn't 100 percent sure of who robbed him,**
22  **he did pick out one of the photos; is that correct?**
23       MR. STARR:  Objection to form.
24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

                                                    Page 29

 1   BY THE WITNESS:

 2       A.   If that's what I put in the report, yes,

 3   that's what he would have told me.

 4       Q.   **Mr. Cooper then you told -- and again this is**

 5   **based on your report -- that later on he was informed by**

 6   **the detectives that the person he identified in the**

 7   **photos in the lineup was James Fletcher; is that**

 8   **correct?**

 9       A.   Again, yes, if I put it in the report, that's

10   what he would have told me.

11       Q.   **Based on your report that we just went**

12   **through, Mr. Cooper never told you that the detectives**

13   **pointed to one of the guys in the pictures and told him**

14   **that that was the individual who robbed him; is that**

15   **right?**

16       MR. STARR:  Objection to form.

17   BY THE WITNESS:

18       A.   Again, if it's not in the report, Jennifer,

19   then I would -- then he wouldn't have told me.

20       Q.   **Okay.  And again, based on your report of this**

21   **information is not contained, Mr. Cooper never told you**

22   **that the detectives pointed to one of the guys in the**

23   **photo array and told him that two people had already**

24   **identified that same person as the shooter; is that**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 30

1   **right?**

2       MR. STARR:  Objection to form, foundation.

3   BY THE WITNESS:

4       A.   That's correct.

5       **Q.   And based on your report, Mr. Cooper never**

6   **told you that the detectives told him to focus on the**

7   **person in the photos lips because lips don't change or**

8   **words to that effect; is that correct?**

9       MR. STARR:  Form, foundation.

10  BY THE WITNESS:

11      A.   Correct.

12      **Q.   And based on your report, Mr. Cooper never**

13  **told you that he only agreed to identify Mr. Fletcher in**

14  **the photo array because the detectives pointed him out**

15  **and told him to ID Mr. Fletcher; is that correct?**

16      MR. STARR:  Form, foundation.

17  BY THE WITNESS:

18      A.   That's correct.

19      **Q.   And based on your report, Mr. Cooper told you**

20  **that he viewed a lineup; however, based on your report,**

21  **Mr. Cooper never told you that prior to reviewing --**

22  **strike that -- prior to viewing the lineup, the same**

23  **detectives who showed him the photo array reminded him**

24  **who to identify in the lineup by instructing him to**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 31

1    remember the lips of the suspect; is that correct?

2        MR. STARR:  Objection to form, foundation.

3    BY THE WITNESS:

4        A.   That's correct.

5        Q.   And based on your report, Mr. Cooper also

6    never told you that prior to viewing the lineup, he

7    spoke to a black police officer who told him that

8    Mr. Fletcher had also been previously arrested for

9    another robbery in Cabrini Green where someone got

10   killed, correct?

11       MR. STARR:  Form, foundation.

12   BY THE WITNESS:

13       A.   That's correct.

14       Q.   And based on your report, Mr. Cooper never

15   told you that if detectives hadn't pointed to

16   Mr. Fletcher in the photo array, Mr. Cooper would not

17   have been able to identify anyone in the photo array; is

18   that correct?

19       MR. STARR:  Form, foundation.

20   BY THE WITNESS:

21       A.   Yes, that's correct.

22       Q.   And nowhere in your report do you document

23   that Mr. Cooper told you that he felt the police

24   officers had manipulated him into falsely identifying

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 32

1   **Mr. Fletcher as the individual who robbed him; is that**

2   **correct?**

3       MR. STARR:  Form, foundation.

4   BY THE WITNESS:

5       A.   Yes, that's correct.

6       **Q.   Do you know if you did any further work on**

7   **Mr. Fletcher's case beyond interviewing Mr. Cooper?**

8       A.   No, not that I recall.

9       MS. BITOY:  Thank you so much, Mr. Zarnick.  Those

10  are all the questions that I have for you right now.

11  The attorneys may have additional questions.

12      THE WITNESS:  Okay.

13      MR. STARR:  Dhaviella, do you have any questions?

14      MS. HARRIS:  I don't have any at this time.

15      MR. STARR:  I just have a couple, Mr. Zarnick.

16                    CROSS-EXAMINATION

17  BY MR. STARR:

18      **Q.   If you can bear with me, I'm going to share my**

19  **screen and use that same exhibit here.**

20                    **(A document was viewed.)**

21  BY MR. STARR:

22      **Q.   Do you see this document on the screen,**

23  **Mr. Zarnick?**

24      A.   Yes, I do.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 33

1      **Q.   Technically this is a different Bates stamp**

2  **than the one Ms. Bitoy showed you, but does it appear to**

3  **be the same document?**

4      A.   It appears to be the same document, yes.

5      MR. STARR:  And I'm not going to mark this as

6  Exhibit 2 because this is the same document.  Is that

7  okay with you, Jennifer?

8      MS. BITOY:  That's fine.

9  BY MR. STARR:

10     **Q.   I just want to direct your attention to the**

11 **bottom of this first page.  This is the first page.  The**

12 **last line here says, Mr. Cooper stated that he was,**

13 **quote, not able to positively identify the person who**

14 **robbed him and explained that the reason he was not able**

15 **to do so was because the robbery was too long ago.  When**

16 **asked if any of the men looked familiar, he picked out**

17 **one of the photos, but again stated, quote, he could not**

18 **be 100 percent sure.  Are the quotations in here used in**

19 **the conventional way to indicate that this is verbatim**

20 **what the witness told you?**

21     A.   Yes, that would have been what he told me.

22     **Q.   Okay.  And it appears maybe you left out one**

23 **set of quotations, and I'm not going to ask for your**

24 **memory to what it might have been.  But at the very**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 34

1    minimum, we can assume here that Mr. Cooper stated to

2    you directly he was not able to positively identify the

3    person who robbed him, correct?

4         A.   I believe it would -- Yeah, the end quotations

5    would have been after the word, yes.

6         Q.   And then further down here there is another

7    quote where it says, he could not be 100 percent sure.

8    That, I assume, is another verbatim quote from

9    Mr. Cooper?

10        A.   Yes.

11        Q.   And these were both -- We've established those

12   were both telephone interviews, correct?

13        A.   Yes, they were.

14        Q.   And I know -- I understand that you were a

15   much more junior investigator at that point in time and

16   that you're a much more seasoned investigator today; is

17   that correct?

18        A.   That is correct.

19        Q.   But you had been conducting interviews at this

20   point in your career, correct?

21        A.   Yes, I have -- I had.

22        Q.   And you had been used to interacting and

23   engaging with witnesses and listening to what they say,

24   correct?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 35

```
 1      A.   That is correct.
 2      Q.   Given your wealth of experience as an
 3  investigator, is it easier to discern if the witness is
 4  telling you the whole story if you're in person or if
 5  you're over the telephone?
 6      A.   In person.
 7      MS. BITOY:  Objection, form, foundation, calls for
 8  speculation.
 9  BY THE WITNESS:
10      A.   Typically it's easier for me in person.
11      Q.   Yeah, I'm not asking you to speculate.  I'm
12  asking based on your experience.  I mean, you've
13  interviewed countless people, correct?
14      A.   Yes.
15      Q.   And do you feel as though when you interview
16  somebody in person, you're more able as an investigator
17  to discern if they are telling you the whole story?
18      MS. BITOY:  Same objection, form, foundation.
19      MS. HARRIS:  I'll join.
20  BY THE WITNESS:
21      A.   Based on my experience, yes, I would say it's
22  easier for me to do so in person.  There's a lot that I
23  can get -- There are a lot of benefits to taking
24  someone's statements in person.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 36

1      Q.   And so if Mr. Cooper was only telling you part
2   of the story during this interview, you wouldn't have
3   had really no way to know; is that correct?
4      MS. BITOY:  Objection, form, foundation, calls for
5   speculation.
6      MS. HARRIS:  Join.
7   BY THE WITNESS:
8      A.   That is correct.
9      Q.   Ms. Bitoy asked you a series of questions
10  about whether or not Mr. Cooper told you certain things.
11  Do you remember that line of questions?
12     A.   Vaguely, yes.
13     Q.   They involved whether or not Mr. Cooper told
14  you that the police actually pointed out a suspect and
15  told them -- Mr. Cooper to identify the suspect.  They
16  also involved whether or not Mr. Cooper was told that
17  other people had previously identified this suspect.  Do
18  you remember that line of questions?
19     A.   I do.
20     Q.   And if Mr. Cooper today has testified that
21  that is in fact the case, does that suggest to you that
22  maybe Mr. Cooper didn't tell you the whole story back in
23  2004?
24     MS. BITOY:  Objection, form, foundation, calls for

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 37

 1    speculation.

 2    BY THE WITNESS:

 3        A.   Yes, it would.

 4        Q.   **And the passages that I just read to you that**

 5    **were in quotes -- I believe we established this but I**

 6    **just want to be sure -- you would not have put this in**

 7    **the report unless this is something that, in fact,**

 8    **Mr. Cooper told you, correct?**

 9        A.   Yes, that is correct.

10        Q.   **Okay.  And just looking at one other -- two**

11    **other sections here briefly, there is a section,**

12    **paragraph -- the first full paragraph on the second page**

13    **that starts, "Approximately two to three days later," do**

14    **you see that paragraph, sir?**

15        A.   I do.

16        Q.   **The second line there says -- well, the first**

17    **line establishes that Mr. Cooper told you that he went**

18    **to the police department to view a lineup, correct?**

19        A.   Yes, that's correct.

20        Q.   **And the second line establishes that**

21    **Mr. Cooper told you that before he viewed the lineup, he**

22    **met with the detectives; is that correct?**

23        A.   Yes, that's correct.

24        Q.   **And you wouldn't have put that in your report**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 38

```
 1   unless Mr. Cooper told you that he, in fact, met with
 2   those detectives prior to viewing the lineup, correct?
 3        A.   Yes, that's correct.
 4        Q.   And then there is one other section in here
 5   that I want to draw your attention to.  It's the next
 6   paragraph, and it's the paragraph that starts, "I asked
 7   Mr. Cooper if there were any additional witnesses to the
 8   armed robbery, and he stated that a man by the name of
 9   Terry Rogers witnessed the incident and was
10   approximately 40 to 50 feet away from the scene."  Do
11   you see that paragraph, sir?
12        A.   I do, yes.
13        Q.   The next line in there says, "He then stated
14   that he heard that Terry Rogers was the individual who
15   reported Mr. Fletcher as one of the men involved in the
16   robbery."  Do you see that sentence, sir?
17        A.   I do.
18        Q.   Does that sentence indicate to you that
19   Mr. Cooper told you in 2004 that he had knowledge that
20   Terry Rogers is the person that implicated Mr. Fletcher
21   in the robbery?
22        MS. BITOY:  Form, foundation, calls for
23   speculation.
24
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 39

```
 1   BY THE WITNESS:
 2        A.   Yes.
 3        Q.   And you wouldn't have put that into your
 4   report unless Mr. Cooper, in fact, told you that,
 5   correct?
 6        A.   That is correct.
 7        Q.   Do you have any recollection as to who
 8   Mr. Cooper said told him that Terry Rogers was the man
 9   that implicated Mr. Fletcher?
10        A.   No, I don't have any recollection.
11        Q.   I didn't think so.  That's fair.
12             Does the name, Terry Rogers, ring a bell?
13        A.   I'm sorry.  Can you ...
14        Q.   I apologize.  I was talking pretty fast there.
15   Does the name, Terry Rogers, ring any bells for you?
16        A.   No, not really.  I mean, other than possibly
17   me reviewing this report, but no, it doesn't ring any
18   bells.
19        Q.   And does the name, Sheenee Friend, ring any
20   bells to you?
21        A.   It does not.
22        Q.   How about the name, Emmett Wade?
23        A.   That name somewhat sounds familiar, but I --
24   you know, doing the number of investigations that I've
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 40

1   done over the years, it's very possible that I -- I know

2   that I've worked cases with the last name of Wade.  I

3   don't want to get some confused with any other

4   investigations that I've done, so I would have to say

5   no, the name doesn't really ring.

6       **Q.   How about the name, Detective Jerome Bogucki?**

7       A.   Pertaining to this case, no, that name doesn't

8   ring a bell.

9       **Q.   Does it ring a bell pertaining to another**

10  **case?**

11      A.   I won't say a case, but the name, Bogucki,

12  does ring a bell.  And I don't recall if it was a

13  news -- if it was news.  I would have -- I can't

14  definitively say, but that name somewhat rings a bell.

15      **Q.   How about the name, Detective Ray or Raymond**

16  **Schalk?**

17      A.   That name does not ring a bell.

18      **Q.   How about the name, Detective Anthony Noradin?**

19      A.   No, that name doesn't ring a bell.

20      **Q.   And then finally Detective or Sergeant Anthony**

21  **or Tony Wojcik?**

22      A.   I know a few Wojciks, but I don't think it's

23  in relation to the sergeant that you're referring to.

24      **Q.   Okay, that's fair.  And you don't have any**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 41

1   recollection of interviewing any other witnesses in this
2   case, correct?
3        A.   No, that is correct.
4        Q.   And then just finally, in this paragraph at
5   the top here, which is a reference to when the police
6   showed him photos, Mr. Cooper states -- your report
7   states, "When asked if any of the men looked familiar,
8   he picked out one of the photos but again stated he
9   couldn't be 100 percent sure," you wouldn't have put
10  that in your report unless Mr. Cooper told you that he
11  wasn't 100 percent sure, correct?
12       A.   That is correct.
13       Q.   And then in the following paragraph about the
14  lineup, it says in the last sentence, "When asked if any
15  of the individuals from the lineup were the one who
16  robbed him, he picked out one of the males from the
17  lineup but again stated that he was not 100 percent sure
18  because the incident happened too long ago."  You would
19  not have put that in your report if Mr. Cooper didn't
20  tell you that; isn't that correct?
21       A.   That is correct, yes.
22       Q.   And in reading over this -- and I know that
23  Ms. Bitoy read the entire thing to you and you reviewed
24  it in advance -- is it in your experience as an

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 42

1  investigator in reviewing this report, did this report

2  tell you that Mr. Cooper communicated to you that he

3  wasn't sure if he was picking out the right person in

4  terms of picking out Mr. Fletcher as being the man who

5  was involved in this crime?

6      MR. STARR:  Objection, form, foundation, calls for

7  speculation.

8  BY THE WITNESS:

9      A.  Yes, that's what I would have gotten from it,

10 yes.

11     MR. STARR:  Okay.  I have no further questions for

12 you, sir.  I appreciate your time today.  I'm not sure

13 if Ms. Bitoy has any follow-up, but thank you for your

14 time.

15     MS. BITOY:  I just have one follow-up question for

16 you, Mr. Zarnick.

17                  REDIRECT EXAMINATION

18 BY MS. BITOY:

19     Q.  Under Mr. Starr's questioning, he asked you

20 questions about whether it's easier to discern whether

21 someone is telling you the truth or not in person

22 whether -- as opposed to a telephone call.  Do you

23 remember that sort of line of questioning?

24     A.  Yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 43

1      Q.   You have no personal knowledge -- You don't
2  know Mr. Cooper personally; is that correct?
3      A.   That is correct, I do not know him.
4      Q.   And you have no opinion one way or the other
5  as to the truthfulness of his testimony?  You just wrote
6  down whatever he told you; is that accurate?
7      A.   Yes, that's accurate.
8      MS. BITOY:  Those are all the questions that I
9  have.  Thank you.
10     MR. STARR:  I have nothing further in follow-up to
11  that.  Thank you for your time, sir.
12     THE WITNESS:  You're welcome.
13     MS. HARRIS:  No follow-up questions.
14     MR. STARR:  Do you want to ask him about signature?
15     MS. BITOY:  So at this point, sir, your deposition
16  is over.  You can either choose to reserve signature,
17  which means that you can set up an appointment with the
18  court reporter's office or they will send you a copy of
19  your transcript.  You can review it for accuracy.  You
20  can't make any substantive changes.  You can't change a
21  yes to a no or anything like that, but you can just make
22  sure everything is taken down accurately.  Or you can
23  trust that the court reporter has taken everything down
24  accurately and waive signature.  I will say that most

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 44

1    witnesses waive signature, but it's up to you.

2         THE WITNESS:  I will waive signature.

3                        (Witness excused.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 45

```
 1   UNITED STATES OF AMERICA       )
     NORTHERN DISTRICT OF ILLINOIS  )
 2   EASTERN DIVISION               )    SS.
     STATE OF ILLINOIS              )
 3   COUNTY OF COOK                 )
```

4          I, Amie Panagakos, Certified Shorthand

5   Reporter, Registered Professional Reporter, do hereby

6   certify that JAMES ZARNICK, LPI was first duly sworn by

7   me to testify to the whole truth and that the above

8   deposition was reported stenographically by me and

9   reduced to typewriting under my personal direction.

10         I further certify that I am not a relative or

11   employee or attorney or counsel of any of the parties,

12   nor a relative or employee of such attorney or counsel,

13   nor financially interested directly or indirectly in

14   this action.

15         Witness my signature on this 2nd day of

16   February, A.D., 2024.

17

18

19

20   AMIE PANAGAKOS, CSR, RPR
     161 North Clark Street
21   Suite 3050
     Chicago, Illinois  60601
22   Phone:  (312) 361-8851

23

24

Royal Reporting Services, Inc.
312.361.8851
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 46

**A**

**A.D** 1:16 45:16
**a.m** 1:16
**Aberdeen** 2:3
**able** 23:22,23
  28:4 31:17
  33:13,14 34:2
  35:16
**absolutely** 18:12
  27:1
**accident** 10:4
**accuracy** 43:19
**accurate** 22:3
  43:6,7
**accurately**
  18:10 43:22,24
**action** 45:14
**additional** 24:14
  25:16 32:11
  38:7
**address** 22:9
**advance** 41:24
**advertise** 9:21
**ago** 16:7 23:15
  23:17,24 24:13
  25:7 26:24
  27:2 33:15
  41:18
**agreed** 30:13
**ahead** 6:3 7:13
  26:21
**al** 4:4
**allowed** 13:9
**AMERICA** 45:1
**Amie** 1:12 45:4
  45:20
**and/or** 12:21
**answer** 5:21 6:3
  6:4,9 15:14
  18:22 27:13,14
  27:22,24
**Anthony** 1:6,7
  40:18,20
**anticipate** 6:6

**apologize** 39:14
**appear** 33:2
**APPEARAN...**
  2:1
**appearing** 5:15
**appears** 33:4,22
**appointment**
  43:17
**appreciate**
  19:11 42:12
**approximately**
  7:2,6 11:6,13
  23:3,14,20
  24:5,17,20,24
  25:6,8,11,14
  37:13 38:10
**April** 8:1 22:12
**armed** 24:15
  38:8
**array** 29:23
  30:14,23 31:16
  31:17
**arrested** 31:8
**asked** 15:10
  23:20 24:1,10
  24:13 25:7
  26:16 33:16
  36:9 38:6 41:7
  41:14 42:19
**asking** 26:10
  27:3 35:11,12
**assistance** 25:17
**Associates** 10:22
  10:24 11:2,5,7
  11:18,19
**assume** 5:22
  12:13 34:1,8
**assumes** 18:19
**assuming** 21:13
  26:16
**attention** 33:10
  38:5
**attorney** 17:10
  20:20,24 21:3
  21:5 22:23

27:17 45:11,12
**attorneys** 4:13
  6:12 14:24
  32:11
**Aurora** 8:7
**available** 19:15
  22:2
**Avenue** 22:10
  23:8,8
**aware** 7:5

**B**

**B** 3:7 10:24
**bachelor's** 13:9
**back** 8:13 15:9
  36:22
**background**
  13:3
**ballpark** 13:21
**based** 13:5 26:2
  27:15 28:7,16
  28:18 29:5,11
  29:20 30:5,12
  30:19,20 31:5
  31:14 35:12,21
**basically** 11:9
  11:10
**Bates** 33:1
**Bates-stamped**
  20:9
**bear** 32:18
**beat** 19:9
**behalf** 2:6,11,16
**believe** 12:9
  13:18 21:12
  26:9 34:4 37:5
**bell** 39:12 40:8,9
  40:12,14,17,19
**bells** 39:15,18
  39:20
**benefits** 35:23
**best** 5:21 18:9
  25:18 26:3
**beyond** 32:7
**birth** 7:24 22:11

25:12
**bit** 13:9 15:10
**Bitoy** 2:8 3:4,6
  4:2,11,13,23
  7:14 18:21
  20:11 32:9
  33:2,8 35:7,18
  36:4,9,24
  38:22 41:23
  42:13,15,18
  43:8,15
**black** 31:7
**Block** 21:1,9
**Bogucki** 1:6
  40:6,11
**Bonnamy** 10:22
  11:1,4,7,18,19
**bottom** 33:11
**Boulevard** 2:8
**bread** 23:7
**break** 6:7,10
**briefly** 19:24
  37:11
**BURNS** 2:12
**business** 9:9,22
  10:19

**C**

**C** 7:23
**Cabrini** 31:9
**call** 6:23,24 7:1
  7:4,7 42:22
**calls** 25:23 35:7
  36:4,24 38:22
  42:6
**capacity** 5:9
**career** 16:23
  34:20
**case** 4:15 6:13
  16:21 19:18
  20:4,19 21:6
  21:10 22:15
  32:7 36:21
  40:7,10,11
  41:2

**cases** 5:6 16:21
  40:2
**caveat** 6:8
**Central** 23:8
**certain** 36:10
**Certified** 45:4
**certify** 45:6,10
**change** 30:7
  43:20
**changes** 43:20
**charges** 17:11
**Chicago** 1:7,8
  2:4,9,14,16 4:4
  4:18 22:10
  23:9,15 24:6
  25:6 45:21
**choose** 43:16
**circumstances**
  18:13,13
**city** 1:7,8 2:16
  4:4,18 8:5,6
  10:3
**civil** 1:14 5:8
  10:3
**claims** 23:12
  25:9
**clarified** 21:11
**Clark** 45:20
**classes** 16:10
**client** 17:10
**clients** 9:16,19
**collecting** 15:16
**college** 11:9
  16:11
**combination**
  12:20
**commencing**
  1:15
**communicated**
  42:2
**communication**
  21:17
**companies**
  15:20
**comparable**
  12:23

Case: 1:20-cv-04768 Document #: 184-46 Filed: 05/06/25 Page 49 of 55 PageID #:7448

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 47

**Conant** 9:2,4
**conclude** 25:15
**concluded** 24:21
  25:14
**conduct** 18:15
  22:7
**conducted** 19:22
  23:4 25:1 28:2
**conducting**
  18:16 19:6
  21:15 27:6
  34:19
**confused** 40:3
**confusing** 5:19
**consider** 15:13
**contact** 25:17
**contacted** 23:14
  23:18
**contacting** 23:1
**contained** 29:21
**content** 16:12
**conventional**
  33:19
**conversation**
  21:14
**conversations**
  7:8
**COOK** 45:3
**Cooper** 19:23
  21:13,19 22:8
  22:9,14,17,18
  22:22 23:4,5
  23:13,13,20,21
  24:3,6,14 25:2
  25:5,9,20 26:4
  27:10,16,18
  28:7,19 29:4
  29:12,21 30:5
  30:12,19,21
  31:5,14,16,23
  32:7 33:12
  34:1,9 36:1,10
  36:13,15,16,20
  36:22 37:8,17
  37:21 38:1,7

38:19 39:4,8
41:6,10,19
42:2 43:2
**Cooper's** 20:8
**copy** 43:18
**corner** 23:8
**correct** 17:21
  21:15 22:4
  26:14,15 28:11
  28:22 29:8
  30:4,8,11,15
  30:18 31:1,4
  31:10,13,18,21
  32:2,5 34:3,12
  34:17,18,20,24
  35:1,13 36:3,8
  37:8,9,18,19
  37:22,23 38:2
  38:3 39:5,6
  41:2,3,11,12
  41:20,21 43:2
  43:3
**counsel** 3:12
  4:15,16 45:11
  45:12
**count** 5:4
**countless** 35:13
**COUNTY** 45:3
**couple** 11:19
  15:24,24 32:15
**course** 18:7
**courses** 12:19
**court** 1:1 5:15
  19:10 43:18,23
**Courts** 1:14
**created** 19:22
**crime** 17:10
  19:3 42:5
**criminal** 8:22,24
  12:24 16:18,21
  16:21,22 17:2
  17:9,14,20
  18:14 19:2
  21:3,6
**Cross-Examin...**

3:5 32:16
**CSR** 45:20
**current** 25:13
**currently** 4:4
  8:2 9:7
**cut** 14:17
**CV** 1:5

_____

**D**

**D** 3:1
**date** 7:24 22:11
  28:15
**dates** 28:16
**day** 1:16 45:15
**days** 24:6 37:13
**Dear** 22:7
**December** 23:6
**decision** 27:18
**defendant** 2:16
  4:14
**Defendants** 1:9
  2:11
**defense** 3:8 17:9
  20:7 21:3,5
  22:23
**definitively**
  40:14
**degree** 8:9,10,12
  8:16,21,22,23
  13:9
**delivering** 23:7
**delivery** 23:9
**denote** 18:10
**department**
  24:7 37:18
**depend** 12:22
**deposed** 5:3
**deposition** 1:11
  4:3 5:1 6:1,6
  6:14,17 7:9,18
  19:21 20:15
  43:15 45:8
**depositions** 1:15
  5:7,13
**describe** 14:5

**detail** 27:8
**details** 25:3
**Detective** 40:6
  40:15,18,20
**detectives** 23:15
  23:18,18 24:4
  24:8 25:6 28:8
  28:19 29:6,12
  29:22 30:6,13
  30:23 31:15
  37:22 38:2
**detectives'**
  23:16
**dharris@reite...**
  2:15
**Dhaviella** 2:13
  4:17 32:13
**different** 33:1
**direct** 3:4 4:10
  33:10
**direction** 45:9
**directly** 34:2
  45:13
**discern** 35:3,17
  42:20
**disclosed** 11:22
**discrepancies**
  25:2 28:3,5
**District** 1:1,1,14
  4:5 45:1
**DIVISION** 1:2
  45:2
**document** 20:10
  20:12 26:13
  31:22 32:20,22
  33:3,4,6
**documenting**
  19:22
**documents** 7:17
  19:15 22:1
**doing** 18:9 39:24
**dozen** 5:5
**draft** 20:17
**draw** 38:5
**Drive** 2:13

**driver** 23:6
**due** 25:2 28:3
**duly** 4:8 45:6
**duties** 15:4

_____

**E**

**E** 3:1,7 7:22
**earlier** 21:24
**Early** 8:20
**easier** 19:10
  35:3,10,22
  42:20
**EASTERN** 1:2
  45:2
**education** 8:8,11
**Edward** 19:23
  20:8 22:8,14
  23:4 25:1
**effect** 30:8
**efforts** 25:15
**eight** 23:17 25:6
  25:8
**either** 12:21
  23:12,16 43:16
**else's** 14:4
**Email** 2:5,10,15
**Emmett** 39:22
**employed** 9:7,8
  10:8,15 11:8
  11:17,24 16:18
  23:6
**employee** 11:4
  45:11,12
**employment**
  11:10,11,21,22
**enforcement**
  12:24 13:2
**engaging** 34:23
**entail** 15:23
**entailed** 14:6
**entire** 41:23
**established**
  34:11 37:5
**establishes**
  37:17,20

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Estates 9:6
estimate 16:22
et 4:4
ethical 16:8,10
   16:13
evening 23:19
evidence 15:16
   15:16 18:20
exam 12:11,14
Examination
   3:4,6 4:10
   42:17
examined 4:8
excused 44:3
exhibit 3:8,12
   20:7 32:19
   33:6
expect 27:2
experience 13:5
   14:16 15:6,7
   15:16 35:2,12
   35:21 41:24
explain 23:1
explained 23:23
   33:14
eyewitness 19:2
   19:4,6

_____

**F**

facing 17:11
fact 13:8 14:20
   36:21 37:7
   38:1 39:4
facts 18:20
Factual 10:11
   10:12,15,18,20
fair 18:8 27:15
   39:11 40:24
falsely 31:24
familiar 24:1
   33:16 39:23
   41:7
far 14:23 15:23
fast 39:14
February 45:16

federal 1:13
   14:11,14,19
feel 35:15
feet 24:17 25:11
   38:10
felt 31:23
field 11:23 12:23
fields 11:24
file 25:15
finally 40:20
   41:4
financially
   45:13
find 9:20
finding 9:19
fine 33:8
firm 4:20 13:11
   13:12 14:1
firms 9:17,18
   16:1
first 4:8 12:2
   22:6 33:11,11
   37:12,16 45:6
Fletcher 1:3 4:4
   4:22 20:9 21:3
   24:5,19 29:7
   30:13,15 31:8
   31:16 32:1
   38:15,20 39:9
   42:4
Fletcher's 19:18
   20:4 21:5
   22:23 32:7
Floor 2:4
focus 30:6
follow-up 25:1
   28:2 42:13,15
   43:10,13
following 41:13
follows 4:9
form 18:19
   21:21 25:23
   27:20 28:13,23
   29:16 30:2,9
   30:16 31:2,11

31:19 32:3
   35:7,18 36:4
   36:24 38:22
   42:6
formal 15:10,17
   15:19
foundation
   18:19 21:21
   25:23 30:2,9
   30:16 31:2,11
   31:19 32:3
   35:7,18 36:4
   36:24 38:22
   42:6
Friend 39:19
full 7:20 37:12
further 32:6
   34:6 42:11
   43:10 45:10

_____

**G**

gain 15:6
gather 15:15
   17:15,18
gathering 15:16
general 17:22
generally 14:5
   18:3 19:5
   22:19 27:3
give 5:17 8:3,5
   8:16 19:9
given 4:24 14:18
   18:17 19:3
   26:11 27:8
   35:2
giving 5:6,13
go 5:13 6:3 7:12
   9:1,19 13:9
   15:11 22:16
   23:2 26:21
going 5:22 15:24
   20:6 24:22
   32:18 33:5,23
Good 4:19
gotten 42:9

graduate 8:19
Green 31:9
ground 5:14
guess 15:9,13
   28:16
guided 16:6
gun 23:11
guys 29:13,22

_____

**H**

H 3:7
Hale 2:7,19
handwritten
   18:3
happened 23:24
   24:13 41:18
hard 27:13,22
Harris 2:13 4:17
   4:18 32:14
   35:19 36:6
   43:13
hear 5:24
heard 24:18
   38:14
hi 4:12,17
high 9:1,2,4
highest 8:8
hired 17:9 18:14
   19:1 21:5
   22:23
Hoffman 9:6
Holmes 11:12
   11:16
hours 13:19,22
   23:19
house 23:19
   28:8,20

_____

**I**

ID 30:15
idea 11:8 13:23
identified 22:20
   24:4 29:6,24
   36:17
identify 23:22

28:4 30:13,24
   31:17 33:13
   34:2 36:15
identifying
   31:24
Illinois 1:1 2:4,9
   2:14 4:5 8:18
   8:19 12:4
   22:10 23:9
   45:1,2,21
imagine 26:23
impact 14:11,14
   14:20
implicated
   38:20 39:9
important 5:17
   17:17,19,20
in-person 13:24
   25:4
incident 24:13
   24:16 38:9
   41:18
including 19:15
independent
   19:17 27:2
Indiana 12:6,8
indicate 33:19
   38:18
indirectly 45:13
individual 2:11
   4:14 23:1 24:4
   24:19 29:14
   32:1 38:14
individuals 9:16
   23:21 24:9,10
   25:8 28:9,20
   41:15
industry 14:23
information 8:4
   17:15,18,19
   19:3 25:19
   26:4,11 29:21
informed 14:10
   23:5 24:3 29:5
initial 25:3

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

**initially** 22:17
**instructed** 6:2
**instructing**
  30:24
**insurance** 12:1
**interacting**
  34:22
**interested** 45:13
**interview** 15:8
  17:7 18:15,17
  19:2,6 20:8
  21:15 22:8,14
  22:17 23:4
  24:21 25:1,3
  25:14 27:6
  28:3 35:15
  36:2
**interviewed**
  27:16 35:13
**interviewing**
  15:1,3,12
  17:13,22 18:9
  21:13,20 22:3
  22:18,19 32:7
  41:1
**interviews** 18:1
  18:6 19:22
  25:21 26:5
  34:12,19
**introduce** 4:16
  22:24
**investigate**
  17:10
**investigation**
  12:8,18 13:7
  13:11 14:1
  16:9 17:14,20
  18:14 19:2
**investigations**
  10:3,4 11:13
  11:16 12:23
  16:19,23 17:3
  39:24 40:4
**investigative**
  16:1,17 17:2

20:18 21:6
**investigator**
  5:10 10:1,14
  11:3,15 12:3
  14:3,7,8,9,20
  15:4 22:13,20
  34:15,16 35:3
  35:16 42:1
**investigators**
  15:8,12
**involved** 6:12
  24:20 36:13,16
  38:15 42:5
**issues** 16:8

_____
**J**
**J** 7:22
**Jackson** 2:8
**James** 1:3,11
  3:3 4:7,21 7:22
  24:5 29:7 45:6
**January** 1:16
**jbitoy@halem...**
  2:10
**Jenner** 20:24
  21:9
**Jennifer** 2:8
  4:12 18:23
  26:1 28:15
  29:18 33:7
**Jerome** 1:6 40:6
**Jim** 4:3 9:10,12
  20:7
**job** 15:3
**Joe** 20:21
**join** 35:19 36:6
**JR** 1:3
**judge** 6:1
**junior** 34:15
**justice** 8:24
  12:24

_____
**K**
**K** 7:23
**killed** 31:10

**kind** 11:8
**know** 5:20 10:6
  13:16 15:9
  17:19 20:21
  21:8,18 22:12
  23:12 25:13
  27:14,16,23,24
  32:6 34:14
  36:3 39:24
  40:1,22 41:22
  43:2,3
**knowing** 19:3
**knowledge**
  14:16,18 25:19
  26:3 38:19
  43:1
**known** 25:12

_____
**L**
**law** 4:20 9:16,18
  12:24 13:2,11
  13:11
**laws** 14:11,14,19
**lawyer** 21:8
**left** 33:22
**level** 8:8
**levels** 12:21
**license** 12:8,10
  12:18 14:4
**licensed** 9:13
  12:2,5,20
**line** 33:12 36:11
  36:18 37:16,17
  37:20 38:13
  42:23
**lineup** 24:5,7,9
  24:10,12 25:4
  25:4 29:7
  30:20,22,24
  31:6 37:18,21
  38:2 41:14,15
  41:17
**lips** 30:7,7 31:1
**listening** 34:23
**little** 13:9 15:10

24:22
**LLC** 2:7
**Lo** 2:18
**locate** 17:5
**located** 9:5
  10:18 23:7
**Loevy** 2:2,2 4:21
  4:21 6:17 7:9
**Loevy's** 6:17
**long** 6:7 7:1 9:11
  10:15 11:4
  13:13 23:24
  24:13 27:1
  33:15 41:18
**longer** 10:19
**look** 25:7
**looked** 19:24
  24:1 33:16
  41:7
**looking** 28:6
  37:10
**looks** 20:16
**lot** 35:22,23
**Louis** 8:15
**LPI** 1:11 3:3 4:7
  9:10 45:6
**Luna** 22:10

_____
**M**
**M** 7:22 10:24
**Madison** 23:8
**males** 24:11
  41:16
**man** 24:15 38:8
  39:8 42:4
**manipulated**
  31:24
**manuals** 16:2,5
**mark** 33:5
**master** 8:10
**master's** 8:9,12
  8:14
**materials** 14:19
**matter** 4:18,22
  25:17

**mean** 14:15,17
  16:10 26:9
  35:12 39:16
**means** 43:17
**memory** 33:24
**men** 23:11,12,13
  24:1,19 33:16
  38:15 41:7
**mentioned**
  25:11
**met** 23:19 24:8
  37:22 38:1
**mid** 8:13
**minimum** 34:1
**minutes** 7:3,12
**mischaracteri...**
  7:11
**Monico** 2:7,19
**months** 23:15,17
  25:7
**morning** 4:19

_____
**N**
**N** 2:13 3:1 7:23
  10:24,24
**name** 4:12 7:20
  9:9 24:15 38:8
  39:12,15,19,22
  39:23 40:2,5,6
  40:7,11,14,15
  40:17,18,19
**names** 23:16
**National** 8:15
**nature** 10:5 13:1
  16:2
**necessarily** 14:2
  14:2
**need** 6:7
**never** 29:12,21
  30:5,12,21
  31:6,14
**news** 40:13,13
**nine** 25:6
**Noradin** 1:6
  40:18

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 50

**North** 2:3 22:9
45:20
**Northern** 1:1
4:5 45:1
**noted** 25:2
**notes** 18:1,4
27:5,9
**number** 22:11
39:24

**O**

**O** 10:24
**object** 19:8
28:13
**objection** 6:2
7:11 18:19
19:7 25:23
27:11 28:23
29:16 30:2
31:2 35:7,18
36:4,24 42:6
**objections** 5:24
26:7,18
**obtained** 25:20
26:4
**obtaining** 12:17
**obviously** 5:12
**office** 6:17 25:17
43:18
**officer** 31:7
**officers** 1:8 4:14
31:24
**okay** 5:22 6:4,5
6:8,10,11
10:20 14:5
16:17 20:17
22:6 28:1
29:20 32:12
33:7,22 37:10
40:24 42:11
**on-the-job** 15:7
15:18,23
**once** 6:1
**open-ended**
17:23

**opinion** 43:4
**opposed** 42:22
**order** 12:20

**P**

**p.m** 23:3 24:20
24:24 25:14
**page** 3:2,8 28:1
33:11,11 37:12
**Panagakos** 1:12
45:4,20
**paragraph** 22:6
37:12,12,14
38:6,6,11 41:4
41:13
**paralegal** 2:18
**part** 15:3 16:17
17:1,17 24:23
36:1
**parties** 45:11
**passages** 37:4
**passed** 12:13
**pending** 4:5 6:9
**people** 29:23
35:13 36:17
**percent** 24:3,12
28:10,21 33:18
34:7 41:9,11
41:17
**perfectly** 6:8
**permission** 18:7
**person** 6:23
23:22 29:6,24
30:7 33:13
34:3 35:4,6,10
35:16,22,24
38:20 42:3,21
**personal** 43:1
45:9
**personally** 43:2
**pertaining** 1:15
40:7,9
**phone** 2:5,10,15
7:4,7 45:22
**photo** 10:11,12

10:16,18,20
25:4 29:23
30:14,23 31:16
31:17
**photographs**
28:9
**photos** 24:2,5
25:8 28:11,20
28:22 29:7
30:7 33:17
41:6,8
**pick** 28:10,22
**picked** 24:1,11
33:16 41:8,16
**picking** 42:3,4
**pictures** 23:20
29:13
**plaintiff** 1:4 2:6
4:21
**please** 5:20 7:20
10:23 25:17
**point** 34:15,20
43:15
**pointed** 29:13
29:22 30:14
31:15 36:14
**police** 1:7 17:3
18:16,18 19:4
19:5,15 21:18
22:4 23:15
24:7,7 25:4,4,6
31:7,23 36:14
37:18 41:5
**position** 11:1,14
**positively** 23:22
33:13 34:2
**possible** 40:1
**possibly** 39:16
**post-college**
11:21
**practice** 17:14
17:22 19:14
22:1 26:13
27:4,5
**preparation**

7:18 20:15
**prepare** 26:17
**prerequisite**
12:17
**prerequisites**
13:15
**present** 2:18
4:15 7:4 11:10
**pretty** 39:14
**previously** 31:8
36:17
**primarily** 9:16
**prior** 10:7,11,20
11:7,12,16,18
18:16 19:6
21:13,19 22:2
30:21,22 31:6
38:2
**private** 5:9 9:24
12:2,7,17 13:6
14:20 15:4,8
16:9,17 17:1
22:13,20
**pro** 5:12
**probably** 11:11
**Procedure** 1:14
**Professional**
1:13 45:5
**provide** 9:24
**provided** 20:1
22:5,9,10
**pull** 20:6
**pursuant** 1:13
4:3
**put** 26:12 29:2,9
37:6,24 39:3
41:9,19

**Q**

**question** 5:20,21
6:4,9,10 14:12
15:14 18:24
22:12 25:18
26:1 42:15
**questioned** 25:3

25:9
**questioning**
42:19,23
**questions** 17:23
25:16 26:10
32:10,11,13
36:9,11,18
42:11,20 43:8
43:13
**quotations**
33:18,23 34:4
**quote** 33:13,17
34:7,8
**quotes** 37:5

**R**

**R** 7:23
**Ramanujam**
2:18
**ran** 23:13
**Ray** 40:15
**Raymond** 1:7
40:15
**read** 24:22 26:2
37:4 41:23
**reading** 28:18
41:22
**really** 36:3
39:16 40:5
**reason** 5:19 6:3
6:7 17:17 23:1
23:23 33:14
**recall** 13:14 16:4
16:12 21:23
23:16 26:9,24
32:8 40:12
**receive** 7:17
8:12,14 12:7
13:6 15:18
**received** 13:22
16:13
**receiving** 12:10
**recollection**
19:17 20:3
21:4 27:3 39:7

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 51

39:10 41:1
**record** 4:2,16
5:19 7:21
**Redirect** 3:6
42:17
**reduced** 45:9
**reference** 20:9
41:5
**referring** 40:23
**reflect** 4:2
**refresh** 20:2
21:4
**regarding** 7:9
10:3 21:10
**Registered** 1:12
45:5
**REITER** 2:12
**related** 16:8
19:5 21:6,19
**relates** 17:2,14
**relation** 22:13
40:23
**relative** 22:2
45:10,12
**remember**
13:14 31:1
36:11,18 42:23
**reminded** 30:23
**repeat** 14:12
18:23 26:1
**rephrase** 5:21
**report** 15:19
19:16,21,24
20:2,6,8,14,16
20:20 22:4,16
25:18 26:2,12
26:17 27:8,15
28:1,4,6,7,17
28:19 29:2,5,9
29:11,18,20
30:5,12,19,20
31:5,14,22
37:7,24 39:4
39:17 41:6,10
41:19 42:1,1

**report-writing**
16:2,5
**reported** 24:19
38:15 45:8
**reporter** 1:13
5:16 19:10
43:23 45:5,5
**reporter's** 43:18
**reports** 15:23
16:6 17:3
18:16 19:5
20:18 21:18
**represent** 4:18
4:21
**representing**
4:13
**request** 22:8
27:17
**requested** 22:7
**requests** 20:20
**require** 12:10
25:16
**reserve** 43:16
**reside** 8:2
**responses** 5:18
**responsibilities**
15:4
**restaurant** 23:7
23:10,10
**retained** 3:12
**review** 7:18 17:3
19:5,14 22:1
43:19
**reviewed** 19:21
20:14 21:18
22:5 41:23
**reviewing** 20:2
28:3 30:21
39:17 42:1
**Richard** 11:12
11:16
**right** 18:8 29:15
30:1 32:10
42:3
**ring** 39:12,15,17

39:19 40:5,8,9
40:12,17,19
**rings** 40:14
**robbed** 23:11,22
24:11 28:10,21
29:14 32:1
33:14 34:3
41:16
**robbery** 23:24
24:15,20 25:10
31:9 33:15
38:8,16,21
**robbing** 23:13
**Rogers** 24:16,18
25:9,10,12,13
38:9,14,20
39:8,12,15
**room** 24:9
**RPR** 45:20
**rules** 1:13 5:14

─────────
**S**
─────────
**S** 3:7 7:22
**Saltiel** 20:21
21:2,9,14 22:7
26:16
**says** 22:7 33:12
34:7 37:16
38:13 41:14
**scene** 24:17
38:10
**Schalk** 1:7 40:16
**school** 9:1,2,4
**schooling** 12:21
12:22 13:6,8
**screen** 20:12
32:19,22
**Sean** 2:3 4:20
**sean@loevy.c...**
2:5
**seasoned** 34:16
**second** 28:1
37:12,16,20
**section** 37:11
38:4

**sections** 37:11
**see** 20:12 32:22
37:14 38:11,16
**self-employed**
9:8
**self-licensed**
9:13
**send** 43:18
**Senior** 10:13
**sentence** 38:16
38:18 41:14
**September** 23:3
24:23,24 25:21
25:22 26:5,6
**sergeant** 40:20
40:23
**series** 36:9
**services** 9:24
10:2
**set** 33:23 43:17
**seven** 23:14,17
**share** 32:18
**Sheenee** 39:19
**shooter** 29:24
**Shorthand** 45:4
**showed** 28:8,20
30:23 33:2
41:6
**signature** 43:14
43:16,24 44:1
44:2 45:15
**sir** 7:24 18:22
20:12 37:14
38:11,16 42:12
43:11,15
**situations** 19:1
**six** 23:14
**somebody** 14:3
35:16
**someone's** 35:24
**somewhat** 39:23
40:14
**sorry** 8:3 9:3
14:17 16:16
18:23 19:8,12

21:11 28:12
39:13
**sort** 15:13 21:4
21:16 27:3,8
28:18 42:23
**sounds** 5:12
39:23
**South** 2:13
**southwest** 23:8
**speak** 6:19
27:18
**speaking** 27:10
**speculate** 35:11
**speculating**
27:23
**speculation**
25:24 27:11,20
35:8 36:5 37:1
38:23 42:7
**spell** 7:20 10:23
**spoke** 21:8 31:7
**spoken** 6:13,16
19:4
**SS** 45:2
**stamp** 33:1
**standard** 19:14
**Starr** 2:3 3:5
4:20,20 6:16
6:19 7:7,11,17
18:19 19:7
21:21 25:23
26:7,18,21
27:11,20 28:13
28:23 29:16
30:2,9,16 31:2
31:11,19 32:3
32:13,15,17,21
33:5,9 42:6,11
43:10,14
**Starr's** 42:19
**started** 5:14
14:7
**starts** 37:13 38:6
**state** 7:20 8:18
8:19 14:10,13

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 52

14:19 22:16
23:2 28:2 45:2
stated 23:14,17
23:21 24:2,7
24:12,15,18
25:5 33:12,17
34:1 38:8,13
41:8,17
statement 18:18
statements 10:4
21:19 35:24
states 1:1,14
12:5 41:6,7
45:1
stenographica...
45:8
story 35:4,17
36:2,22
street 2:3 13:19
45:20
strike 15:7
30:22
subpoena 4:3
subpoenaed
19:20
substantive
11:11 43:20
suggest 36:21
Suite 2:9,14
45:21
summarizing
20:18
sure 7:14 8:5
14:13 16:11
19:1,12 24:3
24:12 26:2
28:10,16,21
33:18 34:7
37:6 41:9,11
41:17 42:3,12
43:22
surveillance
10:3,13 11:3
14:8,9
surveillanced

10:13
suspect 31:1
36:14,15,17
sworn 4:1,8 45:6

T

T 3:7
take 6:7 12:10
12:18 16:11
18:1 27:5
taken 1:11 4:3
24:8 27:9
43:22,23
talking 11:9
16:7 26:24
28:15 39:14
tape-record
18:6
Technically
33:1
telephone 6:23
6:24 7:1 22:11
22:17 23:4
25:1 27:6
34:12 35:5
42:22
tell 36:22 41:20
42:2
telling 18:10
35:4,17 36:1
42:21
tells 17:15,18
ten 16:24 25:8
terms 13:21
14:19 16:5,6
16:12 17:13
20:3 42:4
Terry 24:16,18
25:9 38:9,14
38:20 39:8,12
39:15
Terry's 25:12
testified 4:9
36:20
testify 19:20

21:24 45:7
testimony 7:12
43:5
thank 32:9
42:13 43:9,11
thereabout
12:15
thing 41:23
things 5:18 10:4
16:2 36:10
think 7:12 11:13
27:9 39:11
40:22
three 10:17 11:6
24:6 37:13
time 9:3 13:18
14:21 19:8,9
25:15 27:2
32:14 34:15
42:12,14 43:11
times 5:3,5
11:20 14:8
15:11
title 10:12
today 6:14,17
7:9,18 19:21
20:15 34:16
36:20 42:12
told 18:17 21:2
22:22 26:14
28:7,19 29:3,4
29:10,12,13,19
29:21,23 30:6
30:6,13,15,19
30:21 31:6,7
31:15,23 33:20
33:21 36:10,13
36:15,16 37:8
37:17,21 38:1
38:19 39:4,8
41:10 43:6
Tony 40:21
top 41:5
totality 28:17
trained 14:10,13

14:15 15:1,15
16:5,8
training 12:18
12:21,22 13:6
13:10,10,13,22
13:24 14:6
15:11,13,17,18
15:19,23 16:13
transcript 43:19
truck 23:6
trust 43:23
truth 42:21 45:7
truthfulness
43:5
Tuesday 24:23
24:23
twice 27:16
two 5:5 10:17
23:11,13,15,18
24:6,8 25:5
28:8,19 29:23
37:10,13
types 5:6 10:2
typewriting
45:9
typically 18:5,16
20:17 22:24
27:7 35:10

U

uh-huh 5:18
Uh-uh 5:18
undergrad 8:23
undergraduate
8:16
understand 5:20
27:1 34:14
understood 5:22
United 1:1,14
45:1
University 8:15
8:18
unknown 1:7
23:11
use 32:19

V

v 1:5
Vaguely 36:12
various 10:2
23:21
verbal 5:17
verbatim 33:19
34:8
versus 4:4
videoconference
1:12 2:1 4:9
view 18:16
23:20 24:7,9
37:18
viewed 20:10
30:20 32:20
37:21
viewing 15:8
30:22 31:6
38:2
visited 24:6 25:5
viz 5:15

W

Wacker 2:13
Wade 39:22
40:2
waive 43:24
44:1,2
want 22:18
33:10 37:6
38:5 40:3
43:14
wasn't 28:9,21
41:11 42:3
way 27:23 33:19
36:3 43:4
we're 5:15 26:24
We've 34:11
wealth 35:2
website 9:21,23
welcome 43:12
went 29:11
37:17
West 2:8

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of James Zarnick, LPI - Taken 1/19/2024

Page 53

| | | | |
|---|---|---|---|
| **whereabouts** 25:13 | **wouldn't** 29:19 36:2 37:24 39:3 41:9 | **161** 45:20 **1952** 22:12 **1970** 8:1 | **42** 3:6 **4768** 1:5 |
| **witness** 3:2 4:1 4:19 7:15 10:4 17:15,18 18:1 18:10,15,15,17 19:12,13 21:22 22:2,3,19 26:8 26:14,19,22 27:12,21 28:14 29:1,17 30:3 30:10,17 31:3 31:12,20 32:4 32:12 33:20 35:3,9,20 36:7 37:2 39:1 42:8 43:12 44:2,3 45:15 | **writing** 15:19,23 16:6 **wrote** 28:17 43:5 | **1990** 23:6 **1990s** 8:20 **19th** 1:16 | **5** |
| | **X** | **2** | **50** 24:17 38:10 **500** 25:11 **5200** 2:14 **53** 2:8 **546** 20:9 **547** 20:9 |
| | **X** 3:1,7 | **2** 33:6 **20** 1:5 3:9 16:7 26:24 **2003** 12:15 **2004** 9:13 10:7 12:4,14,16 23:3 24:23,24 25:22 26:6,10 36:23 38:19 **2019** 12:9 **2024** 1:16 45:16 **23rd** 23:3 25:21 26:5 **28th** 24:23,24 25:22 26:6 **2nd** 45:15 | **6** |
| | **Y** | | **600** 25:11 **60601** 45:21 **60604** 2:9 **60606** 2:14 **60607** 2:4 **622-6306** 22:11 **6th** 22:12 |
| | **Y** 10:24 **Yeah** 15:9 34:4 35:11 **year** 11:11,13 12:3,13 13:17 **years** 10:17 11:6 16:7 26:24 40:1 **yesterday** 6:22 7:8 | | **7** |
| **witnessed** 24:16 25:10 38:9 | | | **773** 22:11 |
| **witnesses** 15:1,3 15:8,12 17:5,7 17:13,23 18:9 24:14 34:23 38:7 41:1 44:1 | | | **8** |
| | **Z** | | **8:00** 23:3 **8:30** 24:20 **8:45** 24:24 |
| **witnesses'** 18:6 **Wojcik** 1:7 40:21 **Wojciks** 40:22 **word** 34:5 **words** 30:8 **work** 9:14 14:3 14:11,14,20 16:9,18,18 17:1,2 20:3,18 21:6 22:13 32:6 | **Z** 7:22 **Zarnick** 1:11 3:3 4:3,7,12,17 4:24 7:22 9:10 9:12 19:8 20:7 32:9,15,23 42:16 45:6 **zebra** 7:22 **Zoom** 5:15 | **3** | **9** |
| | | **30** 7:2,2,12 **30-minute** 7:6,7 **3050** 45:21 **311** 2:3,13 **312** 45:22 **312.243.5900** 2:5 **312.341.9646** 2:10 **312.982.0090** 2:15 **32** 3:5 **334** 2:9 **361-8851** 45:22 **3rd** 2:4 | **9:00** 25:14 **90s** 8:13 **9th** 8:1 |
| | **0** | | |
| **worked** 11:12 11:19 15:21 16:1,20,21,23 20:24 40:2 | **1** | | |
| | **1** 3:9 20:7 **10:02** 1:16 **100** 24:3,12 28:10,21 33:18 34:7 41:9,11 41:17 **12** 23:20 **1435** 22:9 | **4** | |
| **working** 9:11 10:7,21 13:10 14:7,9,23,24 19:18 | | **4** 3:4 **40** 24:17 38:10 | |