# EXHIBIT 51



Transcript of the Deposition of
**Reginald Hill**

**Case:** James Fletcher Jr. v. Jerome Bogucki; et al.
**Taken On:** January 17, 2024

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES FLETCHER JR.,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )  No. 20 CV 4768
                                       )
JEROME BOGUCKI, ANTHONY NORADIN,       )
RAYMOND SCHALK, ANTHONY WOJCIK,        )
UNKNOWN CITY OF CHICAGO POLICE         )
OFFICERS, and the CITY OF              )
CHICAGO,                               )
                                       )
Defendants.                            )


        The deposition of REGINALD HILL, taken via

videoconference, taken pursuant to the Federal Rules of

Civil Procedure of the United States District Courts

pertaining to the taking of depositions, before Amie

Panagakos, CSR No. 084-4720, and Susan J. Gardner,

CSR No. 084-4155, Certified Shorthand Reporters in the

State of Illinois, commencing at 10:54 a.m. on the 17th

day of January, A.D., 2024.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 2

```
 1   APPEARANCES (via videoconference):

 2        LOEVY & LOEVY
          MR. SEAN STARR
 3        311 North Aberdeen Street
          3rd Floor
 4        Chicago, Illinois 60607
          Phone: 312.243.5900
 5        Email: sean@loevy.com

 6            On behalf of the Plaintiff;

 7        HALE & MONICO, LLC
          MS. ALLYSON L. WEST
 8        53 West Jackson Boulevard
          Suite 334
 9        Chicago, Illinois 60604
          Phone: 312.341.9646
10        Email: awest@halemonico.com

11            On behalf of the Individual Defendants;

12        REITER BURNS
          MR. DANIEL J. BURNS
13        311 South Wacker Drive
          Suite 5200
14        Chicago, Illinois 60606
          Phone: 312.982.0090
15        Email: dburns@reiterburns.com

16            On behalf of the Defendant City of Chicago;

17        JENNER & BLOCK, LLP
          MS. ASHLEY SCHUMACHER
18        353 North Clark Street
          28th Floor
19        Chicago, Illinois 60654
          Phone: 312.222.9350
20        Email: aschumacher@jenner.com

21            On behalf of the Deponent.

22

23                  *   *   *   *   *   *

24
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 3

1                     I N D E X

2  WITNESS                                  PAGE

3  REGINALD HILL

4       Examination by Ms. West  .............     5

5       Examination by Mr. Starr  ............   136

6       Further Examination by Ms. West  ......   154

7                   E X H I B I T S

8  HILL DEPOSITION EXHIBIT                   PAGE

9       No. 1  ...............................     9

10      No. 2  ...............................    20

11      No. 3  ...............................    22

12      No. 4  ...............................    29

13      No. 5  ...............................    36

14      Group No. 7  .........................    55

15      No. 8  ...............................    63

16      No. 9  ...............................    70

17      No. 10  ..............................    80

18      No. 11  ..............................    84

19      No. 12  ..............................    93

20      No. 13  ..............................    99

21      No. 14  ..............................   104

22      No. 15  ..............................   108

23      No. 16  ..............................   111

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 4

1
2                              E X H I B I T S
                                  (Continued)
3       HILL DEPOSITION EXHIBIT                          PAGE
4            No. 17  ..............................      116
5            No. 19  ..............................      123
6            No. 20  ..............................      134
7            No. 21  ..............................       40
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 5

1                    (Witness sworn.)

2    WHEREUPON:

3                         REGINALD HILL,

4    called as a witness herein, having been first duly

5    sworn, was examined and testified as follows:

6                       EXAMINATION

7    BY MS. WEST:

8        **Q.   Good morning, again, Mr. Hill.  Can you state**

9    **your full name for the record, please.**

10       A.   My name is Reginald, middle initial J, last

11   name, Hill, H I L L.

12       **Q.   And I know I previously introduced myself off**

13   **the record, but I will do so again.  My name is Allyson**

14   **West.  I represent some defendant officers that have**

15   **been sued in a lawsuit by Mr. James Fletcher.  My first**

16   **question to you is have you ever been deposed?**

17       A.   Yes.

18       **Q.   And have you ever taken a deposition?**

19       A.   Yes.

20       **Q.   So I'm not going to bore you with any of the**

21   **ground rules because of that.  But I will say if at any**

22   **point you need to take a break, please let me know and**

23   **we'll take a break whenever you need to.  Understand?**

24       A.   Yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 6

1        Q.   Mr. Hill, are you a licensed attorney?

2        A.   I am.

3        Q.   How long have you been licensed to practice

4   law?

5        A.   I believe since about November of 1994.

6        Q.   And where are you currently employed?

7        A.   I'm a partner at Jenner & Block.

8        Q.   How long have you been employed by Jenner &

9   Block?

10       A.   I returned to the firm in September of 2022 --

11  I'm sorry -- September 2002.  So if my math is right,

12  it's almost 22 years since I returned.  I previously was

13  employed at the firm after graduating from law school

14  starting in about September of 1994 until about January

15  or February of 1998 when I left the firm.

16       Q.   When you left in 1998, where did you -- what

17  type of law did you practice?

18       A.   I'm sorry.  When I left?  Before I left or you

19  mean after I left?  I'm not sure what you're ...

20       Q.   Sure.  So let me ask you --

21       A.   I didn't understand the question.

22       Q.   Yeah.  So you said that after law school, you

23  were employed by Jenner from 1994 to 1998; is that

24  right?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 7

 1     A.   That's right.

 2     Q.   **Okay.  And then in 1998, did you go work for**

 3  **another firm?**

 4     A.   I did go work for another firm in 1998.

 5     Q.   **Okay.  Who did you work for in 1998?**

 6     A.   In 1998 after I left Jenner & Block, I started

 7  to work for a law firm by the name of Ryndak & Lyerla.

 8  And Ryndak is R Y N D A k and Lyerla is L Y E R L A.

 9     Q.   **And how long did you work there?**

10     A.   I worked there about a year.

11     Q.   **And then after that year, where were you**

12  **employed?**

13     A.   After that, I started my own law firm.

14     Q.   **And how long did you have your own law firm?**

15     A.   From about January of 1999 until September

16  of 2002.

17     Q.   **And then in September of 2002, did you go to a**

18  **different law firm?**

19     A.   In September of 2002 is when I returned to

20  Jenner & Block.

21     Q.   **And you've remained at Jenner & Block since**

22  **September of 2002; is that right?**

23     A.   Yes.

24     Q.   **What type of law do you currently practice?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 8

1      A.    Currently my focus is intellectual property.

2  I'm a cochair of the patent litigation practice here at

3  the firm.

4      **Q.    Do you have any prior criminal defense**

5  **experience other than -- and we'll talk about that**

6  **later -- other than your experience with Mr. Fletcher's**

7  **case?**

8      A.    Yes.

9      **Q.    Can you tell me when you previously worked in**

10  **the capacity as a criminal defense attorney?**

11      A.    Well, I've worked principally in some number

12  of pro bono matters while employed -- since I've been a

13  lawyer, including -- and those pro bono matters included

14  some criminal cases probably starting from the time that

15  I first started at the firm in 1994.  So over the years,

16  I've handled a number of criminal cases.

17      **Q.    And when you were -- when you had your own**

18  **firm, did you work as a criminal defense attorney in any**

19  **capacity?**

20      A.    I continued some pro bono work even when I was

21  a lawyer on my own, and I handled a few -- maybe more

22  than a few criminal cases in the course of having my own

23  firm.

24      **Q.    Do you know who James Fletcher is?**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 9

1      A.   Yes, I believe so.  I only know one James
2   Fletcher.
3      **Q.   Do you have an independent recollection of**
4   **working on a criminal case on behalf of Mr. James**
5   **Fletcher?**
6      A.   Yes.
7      **Q.   Do you have a recollection of when you first**
8   **became involved in Mr. Fletcher's criminal defense?**
9      A.   Not really.  I don't have a recollection of
10   the time frame.  It was after I returned to Jenner &
11   Block in 2002.
12      **Q.   Okay.  And I'd like to show you a few**
13   **documents to see if we can kind of pinpoint the time**
14   **period.  I'll show you what we'll mark as Exhibit 1.**
15      MS. WEST:  And, Ashley, for you, this is the
16   July 15th, 2002 letter from Mr. Fletcher to the CBA, and
17   it's Bates-stamped Fletcher 8512.  And I'll share it as
18   well if that's helpful.
19      MR. STARR:  And, Allyson, before you share your
20   screen, I'm just going to make a record that any
21   communications that were inadvertently produced by
22   plaintiff in the course of this civil case that you are
23   in possession of, we have indicated this morning that
24   we're now aware of and we intend to claw them back.  I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 10

1    will certainly let you take whatever position you want

2    to take on the record, but it's our position that

3    inadvertent production of privileged materials is --

4    once we've indicated that we intend to claw them back,

5    that any use of them in this deposition or otherwise is

6    in violation of the protective order in this case, in

7    violation of the protection rules of conduct, and we

8    intend to pursue that with the Court.  That's our

9    position.  You've indicated that you intend to move

10   forward with this deposition and use those documents

11   over our objection, but I'll let you make your record.

12       MS. WEST:  Okay.  And, Sean, I'll respond to you,

13   but I also would like -- because not all of these, I

14   don't -- actually, I don't know.  You didn't specify

15   which communications you're referring to.  So like for

16   example, Exhibit 1 is a letter from Mr. Fletcher to the

17   CBA, which would not be subject to attorney/client

18   communication.  He's sending it to an outside agency.  I

19   just want to confirm that with you.

20       MR. STARR:  Yeah, you know, I haven't had time to

21   review them in depth.  I saw there was a number of

22   communications that Mr. Fletcher has had with attorneys.

23   You know, I would have to think about whether or not --

24   I don't know if he was ever represented by anybody at

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 11

1  the bar association and so that's a fair question on

2  your part.  But I know that there's other documents that

3  you've produced this morning half an hour before the dep

4  began that are subject to that privilege.

5      MS. WEST:  Okay.  If you could, as we go through

6  them, specify which ones you're claiming.  That way I

7  know.  And then we can make a record as we go.

8      MR. STARR:  Yeah.  I mean, again, I think you're in

9  violation of -- use of any of those communications are

10  in violation of the protective order.  We have clawed

11  them back.  They are in violation of the rules of

12  professional conduct.  I think you have an ethical

13  obligation to not use them today for this deposition.

14      MS. WEST:  Okay.  I'll respond to that and then

15  I'll reiterate what I'm asking you to do.  So as you

16  know, Sean, we had a call before this deposition and we

17  discussed this.  The production that you guys made -- So

18  Jenner & Block produced their entire file to Loevy &

19  Loevy, and Loevy & Loevy produced documents on

20  September 22nd of 2022.  A privilege log came with that.

21  These documents that I intend to use during the

22  deposition were not -- attorney/client privilege was not

23  asserted over the documents.  In fact, there were

24  documents that attorney/client privilege was asserted

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 12

1    over, and these were not among them.  And then again in
2    May of 2023, the privilege log was again revised and
3    amended by your firm, and again these documents were not
4    among them.  As I indicated on my call with you earlier,
5    it's my position that while plaintiff asserted privilege
6    over certain documents but not these, it was my
7    understanding that that was intentional.  How was I to
8    know that it was inadvertent if it never came to light?
9    Not to mention the fact that the communications have
10   been produced for over a year and a half, and this is
11   the first time that you raised it.  And you raised it
12   15 minutes before the deposition when I sent the
13   documents ahead of the deposition that I planned on
14   using as exhibits.  I told you that I thought that it
15   was in plaintiff's interest to file a protective order.
16   You disagreed, and you stated your position that you had
17   already articulated to me on the record already.
18          So our plan is to move forward with the
19   deposition.  And you can make your record like we
20   discussed.  But I would ask, though, as we go along --
21   because not all of these documents are what I would
22   consider attorney/client communication, if you could, I
23   would appreciate it, tell me, what you are asserting
24   privilege over and what you think is improper use of.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 13

1    For example, this first letter and then there's also

2    some court filings, and you've just kind of given a

3    blanket objection.  So if you could, I would appreciate

4    it, tell me which documents you are, in fact, asserting

5    the privilege over, and then we would -- we can mark

6    those confidential like we discussed until we hash this

7    out with the Court at a later time.

8         MR. STARR:  Sure.  And if I can respond to that, I

9    would say that obviously the timing is not ideal.  I

10   became aware of these documents, that these documents

11   were inadvertently produced when you shared them this

12   morning, like you said, 30 minutes or so before the

13   deposition was set to commence.  And at that point, I

14   indicated to you and to all counsel on that e-mail that

15   they contain inadvertent production that we intended to

16   claw back.  Certainly not all the documents that you

17   shared as exhibits are privileged.  Court filings are

18   not privileged.  I'm not asserting any privilege over

19   them.  Any communications with a would-be attorney or an

20   attorney between Mr. Fletcher and his counsel, we think

21   are privileged communications.  And you indicated to me

22   that during previous meet and confers over the privilege

23   log that, you know, defense counsel was aware that this

24   stuff had been produced.  It's our position that you

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 14

1   should have indicated at that point in time that you had

2   an ethical obligation to indicate to us that we had

3   inadvertently produced things.  Certain communications

4   were withheld and other communications inadvertently

5   were produced.  I think that that by itself indicates

6   that you should have communicated to us that there was a

7   question about certain documents that you received.  You

8   didn't do that.

9          At this conjunction, we are asserting our

10  privilege, and we've indicated to you that we want to

11  claw them back.  So this CBA document, I'm going to

12  assert that this CBA document constitutes communications

13  with a prospective counsel, and I'm going to assert that

14  privilege over the CBA document just to be safe.

15  MS. WEST:  I'm just going to respond to that

16  briefly with regard to the meet and confer.  And I've

17  articulated to you previously, Sean, it's not our job to

18  do your job.  The documents were sent from Jenner &

19  Block to Loevy & Loevy for a privilege review; then they

20  were sent to all counsel of record.  Whether or not the

21  counsel -- I don't know what meet and confers exactly

22  you're referring to because I wasn't a part of them

23  related to the Jenner & Block production, but it isn't

24  our responsibility to say that you inadvertently

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 15

```
 1    produced documents.  It's your job to claim the
 2    privilege over them.  We don't hold the privilege.  You
 3    do.  So for you to say that, I mean, anyway I'm just
 4    responding to that.  I don't think it's our
 5    responsibility to set forth documents and tell you how
 6    to do your job because, in fact, it could be that you
 7    strategically chose to disclose certain documents and
 8    not others.  That's not our job to make that decision.
 9    It's yours.  But I understand your position with regard
10    to the CBA.  So, Ms. Court Reporter, if you could mark
11    Exhibit 1, if you could put it as confidential, please.
12    Thank you.
13    BY MS. WEST:
14         Q.   Sorry, Mr. Hill.  Let's get back to the
15    document at hand here.
16                   (A document was viewed.)
17    BY MS. WEST:
18         Q.   Mr. Hill, I know you have a document in front
19    of you.  Is that what is Bates-stamped 8512?
20         A.   Yes, I have it in front of me, a document
21    that's Bates-stamped Fletcher 8512.
22         Q.   Okay.  And do you see at the top -- I have
23    also shared my screen -- the letter is from July 15th of
24    2002.  Do you see that?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 16

 1     A.   I see that in the letter.

 2     **Q.   Okay.  My question -- Sorry about that.  My**

 3  **question to you is have you ever seen this letter**

 4  **before?**

 5     A.   Not that I recall.

 6     **Q.   Do you know if Mr. Fletcher's request for pro**

 7  **bono counsel came directly to Jenner or if it came**

 8  **through the CBA?**

 9     MR. STARR:  I think that that is privileged as

10  well, so I'm going to assert the attorney/client

11  privilege here and instruct Mr. Hill that the privilege

12  is with my client and my client is invoking his

13  privilege.

14  BY MS. WEST:

15     **Q.   So, Mr. Hill, I think at this point it is your**

16  **decision whether you want to answer the question.  I**

17  **mean, Mr. Starr is not your counsel obviously, and you**

18  **know that, and you know how this works.  So it's up to**

19  **you whether you choose to answer the question.**

20     MS. SCHUMACHER:  This is Ashley Schumacher.  If

21  Mr. Fletcher is asserting privilege over this topic, you

22  know, we agree with Mr. Fletcher's assertion of

23  privilege regarding this issue.

24     MS. WEST:  Let me just say one thing.  I don't see

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 17

1  how communication between CBA and Jenner & Block is

2  privileged.

3      MR. STARR:  I think the question about whether how

4  he came to be represented by Jenner is subject to the

5  privilege.

6  BY MS. WEST:

7      **Q.   Let's ask it this way:  Mr. Hill, do you have**

8  **a recollection of the CBA contacting you about**

9  **representing Mr. James Fletcher?**

10     A.   I mean, I just heard two lawyers basically

11 instruct me not to answer the question.  I don't hear a

12 pending objection.  What was the question again?

13     **Q.   Sure.**

14     MS. WEST:  Ms. Court Reporter, would you mind

15 reading the question?

16              (Record read as requested.)

17     MR. STARR:  And just to make this easy so as not to

18 slow this deposition down, I'm going to have -- if it's

19 all right with you, Allyson, I'm going to have a

20 standing objection to any communication -- to any

21 questions about communications that Mr. Hill had

22 regarding representation of Mr. Fletcher under

23 privileged grounds.

24     MS. WEST:  I think if you could specify who because

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 18

1  I don't think that's a proper blanket objection of

2  attorney/client privilege.

3      MR. STARR:  Okay.  Then I'll specify for each one.

4  So I object under privilege that communications that

5  Mr. Hill may have had with the CBA regarding

6  representation of Mr. Fletcher are privileged.

7  BY MS. WEST:

8      Q.  **Mr. Hill, would you like the question repeated**

9  **again?**

10     A.  Well, it's a little bit unclear to me whether

11  I'm being instructed not to answer the question and to

12  preserve Mr. Fletcher's privilege.

13     MR. STARR:  Yes, I'm -- I would instruct -- I'm not

14  your counsel, but I would instruct you not to answer

15  based on Mr. Fletcher's privilege.  Sorry to interrupt

16  you, sir.

17     THE WITNESS:  It's no problem.

18  BY THE WITNESS:

19     A.   In light of that instruction, I will not

20  answer the question.

21     Q.  **Okay.  Let me ask you this:  Do you know how**

22  **Mr. Fletcher came to be a client of yours?**

23     MR. STARR:  I think that's not privileged, I don't

24  think, if he knows how.  I'm not going to instruct you,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 19

1   Mr. Hill.

2       MS. SCHUMACHER:  If you can answer that question

3   without revealing word product or privilege, then it's

4   okay.

5   BY THE WITNESS:

6       A.   I'm not sure the way your question is phrased

7   because Jimmy was a client of the firm.  He wasn't my

8   client per se.  I mean, he was my client because I work

9   at the firm.  I forgot what the question was.

10      THE WITNESS:  Can you read back the question?

11                    (Record read as requested.)

12      MR. STARR:  If you're asking him a yes/no question,

13  I don't belive there's privilege.  If you're asking him

14  how did he become your client, I think that that's a

15  privileged question.  It's invoking -- I'm going to

16  invoke Mr. Fletcher's privilege.

17  BY THE WITNESS:

18      A.   I won't answer the question in view of the

19  instruction not to answer.

20      **Q.   I'm simply asking a yes or no question,**

21  **though.  I just want to know if you have a memory of how**

22  **he became to be a client of Jenner & Block?**

23      A.   That's a different question, I think, do I

24  have a memory of how he became a client of Jenner &

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 20

1   Block.  I think the first question was do I have a
2   memory of how he became a client of mine.  So which
3   question do you want me to answer?
4       **Q.   All right.  Let's ask the Jenner & Block**
5   **question.  We'll start broadly here.  Do you know how**
6   **Mr. Fletcher came to be a client of Jenner & Block?**
7       MR. STARR:  I'm going to invoke the privilege and
8   instruct him not to answer.
9       MS. WEST:  I disagree.  I don't see how asking a
10  yes or no question as to whether or not he has knowledge
11  of how he became a client is attorney/client
12  communication at all.
13      MR. STARR:  Okay.  If it's a yes or no question,
14  then I'll withdraw that objection.
15  BY THE WITNESS:
16      A.   I don't know.
17      **Q.   Okay.  Thank you.  I'm going to show you what**
18  **we'll mark as Exhibit 2.**
19      MS. WEST:  For the record, it is a conflict check
20  that was on August 19th, '02, and it's Bates-stamped
21  Fletcher 8508.
22                  (A document was viewed.)
23  BY MS. WEST:
24      **Q.   And I'm going to put it up on my screen.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 21

1   **Mr. Hill, do you have the document that is Bates-stamped**

2   **Fletcher 8508 in front of you?**

3       A.   Yes, I have that document in front of me.

4       MR. STARR:  I'm going to indicate that this is

5   attorney work product, and I believe this is a

6   privileged document that should not have been produced.

7       MS. WEST:  This is my opinion respectfully, Sean,

8   not your call to make.  This isn't your work product.

9       MS. SCHUMACHER:  Jenner & Block asserts privileged

10  work product over this document.

11      MS. WEST:  Let me stop sharing the screen based on

12  the objection.

13  BY MS. WEST:

14      **Q.   I just want to make sure I understand the**

15  **timeline.  You didn't return to Jenner & Block until**

16  **after August of 2002; is that right?**

17      A.   I believe I returned to Jenner & Block in

18  September of 2002.

19      **Q.   Do you recall when you first began working on**

20  **Mr. Fletcher's case?**

21      A.   I don't recall.  It was after I came back to

22  work for Jenner & Block.

23      **Q.   And do you have a memory of whether or not the**

24  **firm already had Mr. Fletcher's case when you returned**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 22

1    to Jenner & Block in September of 2002?

2          A.   I don't remember exactly, but I believe so.

3          Q.   That Jenner & Block did, in fact, have

4    Mr. Fletcher's case prior to you returning?

5          A.   My memory is not completely clear on that

6    particular issue, and I'm not sure what you mean by "had

7    the case."  But I do believe that it was after I

8    returned to Jenner & Block that I got involved in

9    Mr. Fletcher's case.

10         Q.   Do you have a recollection of the month and

11   year that you began working on Mr. Fletcher's case?

12         A.   I do not.

13         Q.   Let me show you what we'll mark as Exhibit 3.

14         MS. WEST:  For the record and counsel, it's a

15   letter dated August 12th, 2003, and it's Bates-stamped

16   Fletcher 8656 to 8657.

17                      (A document was viewed.)

18         MR. STARR:  And this is a document that plaintiff

19   invokes his privilege over -- the attorney/client

20   privilege over, one of the documents that we are clawing

21   back, and so we object.  And I would instruct Mr. Hill

22   to not answer any questions about this document.

23         MS. WEST:  Ashley, do you want to weigh in at all?

24         MS. SCHUMACHER:  I mean, we defer to Mr. Fletcher's

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 23

 1   privilege here.

 2   BY MS. WEST:

 3       **Q.   Let me ask you this, Mr. Hill --**

 4       MS. WEST:  And, Sean, I understand you need to make

 5   your record so feel free.

 6   BY MS. WEST:

 7       **Q.   Based on Exhibit 3 that you have in front of**

 8   **you that we'll mark as confidential, does that letter**

 9   **help you ground the time period in which you started**

10   **working specifically on Mr. Fletcher's case?**

11       MR. STARR:  Same objection, same instruction.

12   BY THE WITNESS:

13       A.   No.

14       **Q.   Did you work on Mr. Fletcher's case with**

15   **Joseph Saltiel?  And I apologize if I'm mispronouncing**

16   **his name.**

17       A.   Yes, I did work on the case with Joseph

18   Saltiel.

19       **Q.   In August of 2003, what was your title at**

20   **Jenner & Block?**

21       A.   In August of 2003, I was a partner at Jenner &

22   Block.

23       **Q.   Was Mr. Saltiel a partner as well?**

24       A.   No.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 24

```
 1      Q.   Do you know what his title was as of August of
 2  2003?
 3      A.   He was an associate, to the best of my
 4  knowledge.
 5      Q.   Did anyone else other than you and Mr. Saltiel
 6  work on Mr. Fletcher's case?
 7      A.   Yes.
 8      Q.   Who else worked on the case with you?
 9      A.   What I remember sitting here today is that
10  Traci Braun was an attorney who worked on the case with
11  Joe and I.  There were other people who may have worked
12  on the case, other attorneys, paralegals, maybe a
13  project assistant, but I don't have any of their names
14  or particulars in my head right now.
15      Q.   And Traci Braun was an attorney that worked on
16  the case; is that right?
17      A.   Yes.
18      Q.   What was Traci Braun's title, if you know, in
19  August of 2003?
20      A.   I believe she was an associate with the firm.
21      Q.   When you were working on Mr. Fletcher's case,
22  was there a designation of who was lead counsel between
23  you and the other attorneys that worked on
24  Mr. Fletcher's case?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 25

```
 1       A.   I don't remember any official designation, but
 2  I was a partner at the firm.  They were associates at
 3  the firm, at least Traci and Joe.
 4       Q.   Was there ever a determination that you were
 5  going to be lead counsel because you were the partner?
 6       MR. STARR:  Asked and answered.
 7  BY THE WITNESS:
 8       A.   Would you repeat the question, please?
 9       Q.   Sure.  Was there ever --
10       A.   Or --
11       Q.   I'm sorry.  What?
12       A.   No, go ahead.  You can repeat it or the court
13  reporter can read it.  I just want to know what the
14  question was.
15       Q.   Sure.  I can repeat it for you.  Did you ever
16  make a determination whether or not you were going to be
17  lead counsel in Mr. Fletcher's case?
18       MR. STARR:  Objection, asked and answered.
19       MS. SCHUMACHER:  I instruct Mr. Hill to answer only
20  to the extent he can do so without revealing any
21  privilege or work product.
22  BY MS. WEST:
23       Q.   Mr. Hill, can you answer the question without
24  revealing any work product?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 26

1      A.   I don't believe I can answer that question

2  both because of the attorney/client privilege and work

3  product issues as well as my -- just my recollection.

4      **Q.   Fair enough.  At the time that you began**

5  **working on Mr. Fletcher's case, had you previously done**

6  **criminal defense work?**

7      A.   Yes.

8      **Q.   And was that in a pro bono capacity as well?**

9      A.   Most likely, yes.

10     **Q.   Prior to handling Mr. Fletcher's case, had you**

11 **previously defended any individuals that were facing**

12 **murder charges?**

13     A.   No.

14     **Q.   And just to be clear, I know we've talked**

15 **about this.  Mr. Fletcher -- Strike that.**

16          **Jenner & Block took on Mr. Fletcher's case on**

17 **a pro bono capacity; is that right?**

18     MR. STARR:  I think that's privileged as well, so

19 I'm going to object.

20 BY MS. WEST:

21     **Q.   Let me say it this way:  Mr. Fletcher gave a**

22 **deposition in this case, and he testified under oath**

23 **that Jenner & Block represented him in a pro bono**

24 **capacity; is that true?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 27

1      MR. STARR:  Same objection.

2      MS. WEST:  I would say it was waived because your

3   client testified to it.

4      MR. STARR:  I'm going to make the objection anyway.

5   BY MS. WEST:

6      **Q.   Mr. Hill, can you answer the question?**

7      MS. SCHUMACHER:  I mean, throughout this deposition

8   we're going to defer to Mr. Fletcher's privilege and

9   Mr. Fletcher's privileged assertions.  Mr. Hill is not a

10  party to this litigation.  As you know, he is a witness.

11  Mr. Fletcher invokes privilege from Jenner & Block's

12  representation of him, and Mr. Fletcher is going to

13  follow Mr. Fletcher's -- Mr. Hill is going to follow

14  Mr. Fletcher's privileged assertions.

15  BY MS. WEST:

16     **Q.   Okay.  And, Mr. Hill, just for the record,**

17  **you're following the advice of both your counsel and**

18  **counsel for Mr. Fletcher, correct?**

19     A.   Yes, I believe I have an ethical obligation to

20  follow the instructions of certainly Mr. Fletcher's

21  counsel.  And I might be foolish to go against my own

22  counsel per se, but I definitely think I have an

23  obligation not to answer that question in view of the

24  objections that have been made.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 28

1      **Q.    Thank you.**

2      MS. WEST:  And for the record, also I should have

3  put this on earlier.  Sean, we'll litigate this after

4  the fact, but I am going to reserve the right to

5  redepose Mr. Hill based on all the questions that

6  privilege was asserted over after we take it up with the

7  Court.  We talked about that, but just for the record.

8  BY MS. WEST:

9      **Q.    All right.  Mr. Hill, do you recall what stage**

10  **in the criminal -- what stage the criminal case was in**

11  **when you received it or when you began working on it?**

12      A.    I don't recall.

13      **Q.    Do you recall if Mr. Fletcher had a public**

14  **defender at the time that you started working on the**

15  **case?**

16      A.    I don't recall.

17      **Q.    Do you recall if you began working on**

18  **Mr. Fletcher's case immediately following his arrest?**

19      A.    I don't know.

20      **Q.    The name, Joseph Kennelly, who was a public**

21  **defender, does that -- do you know who that individual**

22  **is?**

23      A.    No.

24      **Q.    Do you recall an individual, a public**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 29

1   defender, by the name of Joseph Kennelly working on

2   Mr. Fletcher's case prior to you working on it?

3       A.   I don't have any recollection of that.

4       Q.   When you received the -- When you began

5   working on Mr. Fletcher's case, do you recall if any

6   motion practice had taken place?

7       A.   I don't recall.

8       Q.   I'm going to show you what we'll mark as

9   Exhibit 4.

10                   (A document was viewed.)

11      MS. WEST:  For the record, it is a motion to

12  suppress from January 11th, 2003, and the Bates stamp is

13  Fletcher 1157 through 58.

14  BY MS. WEST:

15      Q.   Mr. Hill, do you have what we've marked as

16  Exhibit 4, Bates-stamped Fletcher 1157 through 58 in

17  front of you?

18      A.   I do.

19      Q.   And I've also got it up on the screen.  What

20  is this document?

21      A.   I'm not sure that I -- I'm not sure I've seen

22  this document before.  But in reading it, it has a

23  heading of motion to suppress identification testimony.

24      Q.   Okay.  And I think you already answered my

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 30

1  next question.  You don't have a memory of seeing this

2  document when you took over the case?

3      A.   I don't recall one way or the other.  I may

4  have seen it.  I may not have seen it.

5      Q.   If you could take a look at -- I'm just going

6  to scroll down in case anyone is looking at it on the

7  screen, but I know you have the document in front of

8  you.  Actually let's start here at the beginning, the

9  motion to suppress identification testimony.  Mr. Hill,

10  can you tell from this document whether or not this

11  document was filed on behalf of Mr. James Fletcher in

12  his criminal case?

13      A.   I mean, from reading the document, it says,

14  "Now comes the defendant, James Fletcher, by his

15  attorney, Rita A. Fry, public defender of Cook County,

16  through Joseph P. Kennelly, assistant public defender,

17  and moves this Honorable Court to enter an order

18  suppressing certain identification testimony of

19  witnesses that the State has indicated will be called to

20  testify against him."  And then it's signed apparently

21  by Joseph P. Kennelly on Fletcher 1158.  So it looks

22  like it was a document filed by Mr. Fletcher's attorney

23  seeking to suppress testimony.

24      Q.   And the date at the top of the document

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 31

1    appears to be January 10th, 2003.  Do you see that?

2        A.    I see there is -- what, to my knowledge, is a

3    file stamp of January 10th, 2003.  There is also some

4    typing at the top of the document that gives a

5    Document No. 28-24 that was filed April 4th of 2012.

6        Q.    If you could take a look at Point B, which is

7    on the first page, the bottom of the first page, take a

8    second to read that paragraph and let me know when

9    you're finished.

10       A.    I read it.

11       Q.    Thank you.  So in this motion at Point B, does

12   it appear to you that the public defender is raising --

13   one of the concerns the public defender is raising is

14   that the lineup wasn't properly suggestive due to the

15   lineup?

16       A.    I mean, the argument stands for itself.  It's

17   there in the paper.

18       Q.    Do you have a memory of making this same

19   argument that the public defender made in Point B in a

20   subsequent filing?

21       A.    I don't recall the specifics of any arguments

22   that were made, but I do know that there were some

23   motions to suppress that were filed in the case while I

24   was an attorney in the case.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 32

```
 1        Q.   Do you have a recollection of arguing at any
 2   point that the composition or construction of the lineup
 3   in Mr. Fletcher's case was improperly suggestive?
 4        MR. STARR:  When you ask that question, you mean
 5   arguing in a public filing or in --
 6        MS. WEST:  Correct, either, in a public filing or
 7   in court.
 8        MR. STARR:  Okay.
 9   BY THE WITNESS:
10        A.   Can you give me the question again?
11        Q.   Sure.
12        MS. WEST:  I'm sorry.  Amie, do you mind reading it
13   back, please?
14                        (Record read as requested.)
15   BY THE WITNESS:
16        A.   I don't recall right now.
17        Q.   If you could take a look at Point E, which is
18   in the middle of Fletcher 1158, read that for me,
19   please, and then let me know when you're finished.
20        MR. STARR:  Allyson --
21   BY THE WITNESS:
22        A.   I'm sorry.  I just didn't know whether you're
23   saying D or E.
24        Q.   E, E as in elephant.
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 33

```
 1      A.   E as in elephant.  Okay.  And that's 3E,
 2  right?
 3      Q.   Correct, in the middle of the second page.
 4      A.   What was the question?  The question was do I
 5  see 3E?
 6      Q.   Just if you can take a second to read it and
 7  then I'll ask you a question.
 8      A.   Okay.  I've read it.
 9      Q.   Do you know who attorney Ms. J. Cunyon Gordon
10  is?
11      A.   Yes.
12      Q.   How do you know her?
13      A.   I met her at Jenner & Block.
14      Q.   Do you have a recollection of Ms. Gordon being
15  a part of Mr. Fletcher's criminal case in some capacity?
16      MS. SCHUMACHER:  Is Mr. Fletcher claiming any
17  privilege over this question?
18      MR. STARR:  I mean, I think that we know that she
19  represented him at the time of the lineup, so I don't --
20  I mean, anything that would reveal work product or
21  privileged conversation, yes, but I don't interpret the
22  question to be asking that.
23      MS. SCHUMACHER:  Okay.  So then Mr. Hill can
24  respond to the extent it doesn't reveal any work product
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 34

1    or privileged conversations.

2    BY THE WITNESS:

3        Q.    Would you give me the question again so I have

4    it right?  I'm sorry.

5        MS. WEST:  Amie, would you mind reading it back,

6    please?

7                        (Record read as requested.)

8    BY THE WITNESS:

9        A.    Yes.

10       Q.    Did Ms. Gordon represent Mr. Fletcher at the

11   time of the lineup?

12       A.    I don't know.

13       Q.    Did you call Ms. Gordon as a witness at

14   Mr. Fletcher's criminal trial?

15       A.    I don't recall.

16       Q.    When you met Ms. Gordon at Jenner & Block, was

17   the meeting in relation to Mr. Fletcher's case?

18       A.    No.

19       Q.    So do you know Ms. Gordon separate and apart

20   from Mr. Fletcher's case?

21       A.    Yes.

22       Q.    Do you know that Ms. Gordon is related to

23   James Fletcher?

24       A.    I understand that to be the case.  I don't

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 35

1    know it to be the case.

2        **Q.   Did you learn from Ms. Gordon that she was**

3    **related to Mr. Fletcher?**

4        MR. STARR:  I would instruct the witness not to

5    answer if this reveals any privileged conversations that

6    he had with fellow counsel or Mr. Fletcher.  If he can

7    answer without revealing that, then it's fair.

8    BY THE WITNESS:

9        A.   I don't recall.

10       **Q.   Do you have a recollection of making an**

11   **argument whether in court filing or in open court that**

12   **Mr. Fletcher was denied access to his counsel,**

13   **Ms. Gordon, at the time of the lineup?**

14       A.   I don't recall the specifics of any such

15   argument, but I believe there was a motion that was

16   heard in the criminal courts relating to the lineup.

17   The specifics of that, I don't recall at this time.

18       **Q.   Do you recall anything other than just**

19   **generally that there was a court filing about the**

20   **lineup?**

21       A.   I remember there was a hearing with respect to

22   it as well is what I recall, but that was almost

23   20 years ago.

24       **Q.   Fair enough.  Do you have any independent**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 36

1   recollection about the arguments that were made during

2   the court hearing relative to the lineup?

3       A.   Not specifically.  I mean, whatever was said

4   in the court would be the best record of the arguments

5   that were made there.  I wouldn't want to speculate

6   20 years later as to what I said in court or somebody

7   else on the team with respect to that.

8       Q.   I'm going to show what we'll mark as

9   Exhibit 5.

10      MS. WEST:  And for the record and counsel, it's

11  motion to suppress from November 10th, 2003, and it's

12  Bates-stamped Fletcher 504 through 510.

13                      (A document was viewed.)

14  BY MS. WEST:

15      Q.   Mr. Hill, have you had the opportunity to pull

16  up the document in front of -- have a paper copy of the

17  document in front of you that I just identified for the

18  record as Exhibit 5?

19      A.   Yes.

20      Q.   Are you familiar with this document?

21      A.   No, I'm not familiar with this document.

22      Q.   Do you have a recollection of this document

23  being filed on behalf of Mr. Fletcher after you took

24  over -- or after you began working on Mr. Fletcher's

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 37

1   case?

2       A.   I don't have any recollection of this specific

3   document.  I do recall that there was a motion to

4   suppress evidence that was before the court during the

5   time that I represented Mr. Fletcher.

6       Q.   Okay.  And on the second to last page, which

7   is Fletcher 509, there is a signature block on the

8   left-hand side of the page, and the signature block

9   includes your name, correct?

10      A.   Yes, my name is on the left side of the page

11  in the listing of attorneys.  Separately, there is a

12  signature line that does not include -- a signature that

13  is not my signature.

14      Q.   And is that the signature, is that of Joseph

15  Saltiel?

16      A.   That's what it looks like it reads to me.

17      Q.   And the date of this document is November 10th

18  of 2003.  Do you see that?

19      A.   I see that in the document.

20      Q.   So based on this document, we at least know

21  that you were working on Mr. Fletcher's case as of

22  November of 2003, correct?

23      A.   I believe that's accurate.

24      Q.   And this was, in fact, a motion to suppress

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 38

1    that was filed on behalf of Mr. Fletcher by Jenner &

2    Block, correct?

3        A.   It appears to be.  I don't have any

4    independent recollection of the document.

5        Q.   If you could take a look at Point 3, and it's

6    on Bates stamp 507 or page 4 of the document, with the

7    title, at the time -- starting, at the time, and it has

8    17 and 18.  Do you see that?

9        A.   I see it.

10       Q.   Okay.  In this court filing, does it appear

11   that an argument was asserted that Mr. Fletcher was

12   denied his access to his counsel at the time of the

13   lineup?

14       A.   Well, it says at the time of the lineup on

15   April 20th, 2002, Mr. Fletcher had a 6th Amendment right

16   to counsel.  Prior to the lineup, the State, through

17   Ms. Walker, had (1) independent of the police

18   investigation conducted its own investigation into the

19   death of Mr. Sorrell, which included personally

20   interviewing key witnesses.  And then it goes on to

21   discuss some other factors with respect to it.

22       Q.   Do you have a memory of making an argument in

23   court with respect to this motion that Mr. Fletcher was

24   denied access to his counsel, Ms. Gordon, at the time of

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 39

1    the investigation?

2        A.   I don't necessarily have a recollection of

3    what you specified in your question.  I generally

4    remember, as I indicated, that there was a motion

5    related to the lineup and some motions to suppress, all

6    of which I don't remember the specifics of as I sit here

7    today.

8        Q.   **Do you have a memory of whether the motion to**

9    **suppress that you're speaking of actually went to a**

10   **hearing?**

11       A.   I remember there were some hearings with

12   respect to certain motions that we made.  I don't know

13   sitting here today which issues were involved in those

14   particular hearings or how many motions there were or

15   how many motion hearings there were with respect to any

16   motions that were raised.  But I do know there were

17   motions made regarding many issues in the case but

18   including the lineup and other issues.

19       Q.   **Do you have a recollection of the motion to**

20   **suppress identification of witnesses being withdrawn?**

21       A.   I don't have a particular recollection of

22   withdrawing a particular motion.  Like I said, I

23   remember there were multiple motions.  But the specifics

24   and particulars of those, I don't have a specific

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 40

1    recollection about them now.

2        Q.   **What are the multiple motions that you have a**

3    **recollection of?**

4        A.   Well, there was a motion for a new trial.

5    There was a motion to suppress.  You know, I'm sure

6    there were other motions as well, but I don't -- I don't

7    have a recollection of all of them.

8        Q.   **Do you have a recollection of there being more**

9    **than one motion to suppress filed in the case?**

10       A.   I don't know.  I remember there was some

11   motions to exclude certain testimony.  I remember there

12   was some motions to suppress.  But I don't have clear in

13   my head what the issues were with respect to any of

14   those as I sit here today.

15       Q.   **Okay.  I'm going to show you another document.**

16   **Let's mark this as -- I'm going to add a number for the**

17   **court reporter and myself.  We'll make this Exhibit 21.**

18   **And you do have it.  It just wasn't marked as a number.**

19   **It's going to be the criminal court docket.  Bear with**

20   **me.  I'm just pulling it up here.**

21       MR. STARR:  Allyson, was this produced in this

22   case?

23       MS. WEST:  It was.

24                   (A document was viewed.)

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 41

1     MR. STARR:  It doesn't have a Bates.

2     MS. WEST:  You're right.  It doesn't have a Bates.

3  I do know that it was produced.  I probably pulled the

4  wrong one, though.

5     MR. STARR:  I think you're correct.  I think I

6  remember seeing it.  I just wanted to note this doesn't

7  have any Bates on it.

8     MS. WEST:  Thank you.

9  BY MS. WEST:

10    **Q.   Mr. Hill, do you have what is the document**

11 **that starts at the top, criminal division case summary,**

12 **Case No. 02CR1666901?**

13    A.   I do.

14    **Q.   Okay.  If I can have you take a look at**

15 **page 19 of this document, specifically it's dated on the**

16 **left-hand side, and the date that I want to direct your**

17 **attention to is March 5th, 2004.  And there is multiple**

18 **entries related to that date, but the one that I want**

19 **you to focus on is where it says special order.  Do you**

20 **see that?**

21    A.   Yes.

22    **Q.   Do you see under special order, it says**

23 **Room 304, what I think is an abbreviation for judge,**

24 **1766, and then I think that means makes description,**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 42

1   DESC, colon, motion to suppress statements withdrawn.

2   Do you see that?

3       A.   I see that.

4       Q.   Based on this document, does this help refresh

5   your memory as to whether or not the motion to suppress

6   was withdrawn?

7       MR. STARR:   Objection, foundation.

8   BY THE WITNESS:

9       A.   No.

10      Q.   You can set that document aside, sir.   After

11  you began -- Strike that.

12           Did you complete a workup once you were

13  assigned to handle Mr. Fletcher's case?

14      MR. STARR:   I'm going to object under work product

15  privilege.   Did I understand the question correctly?

16      MS. WEST:   Yeah, I'm not asking what he did.

17  BY MS. WEST:

18      Q.   I'm asking if you began working on

19  Mr. Fletcher's case after you were assigned to it?

20      MR. STARR:   Okay.   I'll withdraw that objection.

21  BY THE WITNESS:

22      A.   If I understand the question, did I work on

23  Mr. Fletcher's case after I was assigned to it?   I did

24  work on Mr. Fletcher's case at some point.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 43

1      Q.   I'm sorry.  I didn't mean to cut you off.  Go

2   ahead.

3      A.   I'm done.

4      Q.   Did you request records?

5      MR. STARR:  Again if I understand the question, are

6   you asking a question did he formally subpoena records?

7   Are you asking -- I'm not sure what you mean.  If you're

8   asking for work product, I'm going to object.  I'm

9   sorry, Allyson.  I'm just not sure what you're asking.

10  BY MS. WEST:

11     Q.   Let's ground it in this:  There was a

12  production, and among the production and the criminal

13  court file there are subpoenas that were issued by your

14  office for documents.  Do you have a recollection of

15  issuing subpoenas to the Chicago Police Department for

16  records relative to the underlying criminal

17  investigation into Mr. Fletcher's case?

18     A.   If you're asking me do I have a recollection

19  of requesting some records?

20     Q.   Correct.

21     A.   Who was it from?

22     Q.   The Chicago Police Department.

23     A.   Chicago Police Department.  I don't have any

24  such recollection.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 44

1      Q.    And you previously testified that you worked

2    on criminal cases prior to Mr. Fletcher's, correct?

3      A.    Yes.

4      Q.    And was it your general practice when you

5    began working on a criminal case to subpoena records

6    relative to the underlying criminal investigation?

7      A.    So I don't have a specific recollection with

8    regard to Mr. Fletcher's case.  But in general, there is

9    some discovery that goes in these cases, and there is

10   requests that are made and that may be complied with or

11   not.  I don't have any specific recollection of what was

12   exchanged in this particular case with regard to records

13   from the police department or anywhere else at this

14   point.

15     Q.    So generally when you handle a criminal

16   defense case, was it your custom and practice to issue

17   subpoenas for documents relative to the underlying

18   criminal investigation?

19     A.    I don't know that -- that -- I can tell you

20   that I had a general practice regarding such things.  I

21   mean, what -- we try to obtain the documents and

22   information that is relevant to the particular case

23   that's at hand.  I don't know that -- I don't know of a

24   general practice per se that sits with what you've asked

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 45

 1  as a question.

 2       Q.   So when you are defending a criminal case, is

 3  it important to you to know what happened in the

 4  criminal investigation?

 5       A.   If you're handling a criminal case or some

 6  investigation, I think it's important to try and

 7  ascertain what the facts are, what the facts are not.

 8       Q.   And is one way of ascertaining or determining

 9  those facts ordering or issuing a subpoena for all

10  documents that are relevant to the criminal

11  investigation?

12       A.   I don't know.  It would depend on the

13  particular circumstances.

14       Q.   In Mr. Fletcher's case, did you file a motion

15  for discovery?

16       A.   I don't have a recollection of filing one, but

17  I would presume that we filed a motion for discovery.

18  It would be typical in these sorts of criminal cases.

19       Q.   And in that motion for discovery -- Strike

20  that.

21            Have you seen a motion for discovery filed in

22  a criminal case before?

23       A.   Have I ever seen a motion for discovery filed

24  in a criminal case?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 46

1      Q.   Yes.

2      A.   Yes, I have.

3      Q.   Okay.  And typically within that motion for

4   discovery, you're asking for the State to turn over any

5   documentation that they have relative to the underlying

6   investigation, correct?

7      A.   Would you repeat the question?

8      Q.   Sure.  Essentially isn't a motion for

9   discovery, you're telling the other side, hey, give me

10  everything that you've got that you're going to use to

11  support your case, documents, evidence, give me all of

12  that?

13     A.   I think that's maybe a fair characterization.

14  I mean, it's a generalization, but it's probably a fair

15  characterization.  You're trying to get some

16  information.

17     Q.   And among that information requested,

18  typically in a motion for discovery, you also ask for

19  any exculpatory information or evidence, correct?

20     A.   I'm not sure what's typical, but I do believe

21  that the State has an obligation to give exculpatory

22  evidence to criminal defendants.

23     Q.   In Mr. Fletcher's case, you received

24  documentation or evidence from the State in response to

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 47

1   the motion for discovery; is that right?

2        A.   I don't have a specific recollection of what

3   we got in Mr. Fletcher's case from the State.

4        Q.   Do you recall receiving any information or

5   documentation from the State in response to a motion for

6   discovery?

7        A.   Sitting here today, I don't have a

8   recollection.  I know we tried a case, and we had some

9   exhibits.  I assume that some came from the State.  You

10  probably could ascertain that from the record better

11  than I can, but I don't have any specific recollection.

12       Q.   When you are defending a criminal case, you

13  can issue this motion for discovery like we just talked

14  about, right?

15       A.   Motions for discovery are permitted in

16  criminal cases as far as I know.

17       Q.   And you can also, independent of that motion

18  for discovery, issue subpoenas for documents to an

19  outside agency such as the Chicago Police Department,

20  correct?

21       A.   As far as I know, that's correct.

22       Q.   When it came time for Mr. Fletcher's trial, do

23  you have a recollection of the State presenting

24  documents for evidence at trial that you had not seen

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 48

1   **before the trial began?**

2       A.   I don't recall sitting here today one way or

3   the other.

4       **Q.   If they had presented -- If the State had**

5   **presented evidence that you had not previously seen,**

6   **would that have been something that you would remember?**

7       MR. STARR:  Objection, form, foundation.

8   BY THE WITNESS:

9       A.   I can't say one way or the other.  As I

10  indicated in my earlier answer, I don't have any

11  specific recollection of that type of thing happening in

12  this particular case with Mr. Fletcher.

13      **Q.   If in a criminal case, the State had presented**

14  **evidence at the time of trial that you hadn't seen**

15  **before, that would be grounds for discovery violation,**

16  **correct?**

17      A.   Can you read the question back to me, please?

18              (Record read as requested.)

19  BY THE WITNESS:

20      A.   I don't know.  It would depend on the

21  circumstances, I imagine.

22      **Q.   And if the State had presented brand new**

23  **information that you, as defense counsel, had not been**

24  **privy to before, that could be potential grounds for a**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 49

1    mistrial, correct?

2        A.   I think it would depend on the circumstances.

3        Q.   **What would it depend upon?**

4        A.   The circumstances, the facts that were

5    attended to the hypothetical you've given.

6        Q.   **Did you hire private investigators to work on**

7    **Mr. Fletcher's case?**

8        A.   I don't recall one way or the other.

9        Q.   **Do you recall an individual by the name of Jim**

10   **Zarnick?**

11       A.   I don't have a specific recollection of that

12   name.

13       Q.   **Earlier you testified that there were a number**

14   **of attorneys and paralegals and individuals that worked**

15   **on the case.  Do you have a recollection of any**

16   **investigator going out, locating, speaking with**

17   **witnesses as a part of the case?**

18       A.   I don't have a specific recollection of that.

19   It may have occurred.  It may not have occurred.  I

20   don't really have a specific recollection.

21       Q.   **Do you recall who the eyewitnesses were in**

22   **Mr. Fletcher's case?**

23       A.   From what I recall, I believe it was -- and I

24   may get the names wrong, but Mr. Cooper, I believe there

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 50

 1   was Wade, and Sheenee Friend.

 2        MS. WEST:  Let me ask you this before we dive into

 3   this:  Would you like to take a break?

 4        THE WITNESS:  Sure.

 5        MS. WEST:  How much time would you like?

 6        THE WITNESS:  Five minutes would be good.

 7        MS. WEST:  Sounds good.

 8                    (A short recess was had.)

 9   BY MS. WEST:

10        **Q.   Before we took a break, you indicated that you**

11   **had a recollection of an individual by the name of Wade**

12   **being an eyewitness in the case; is that right?**

13        A.   Yes.

14        **Q.   Do you recall Mr. Wade's role in the case?**

15        MR. STARR:  Objection to form.

16   BY THE WITNESS:

17        A.   Well, what I recall about Mr. Wade is that I

18   believe he was at the scene of the underlying crime that

19   led to the death that was the basis of the accusation of

20   murder against Mr. Fletcher.

21        **Q.   Did Mr. Wade testify at trial?**

22        A.   I believe he did, yes.

23        **Q.   Was he a witness that was called by the State?**

24        A.   I don't recall.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 51

1      Q.   Was he a witness that you called?

2      MR. STARR:  Objection, asked and answered.

3   BY THE WITNESS:

4      A.   I don't recall.

5      Q.   Do you recall the substance of Mr. Wade's

6   testimony?

7      A.   I don't necessarily remember the substance of

8   his testimony in court.

9      Q.   Did you speak with Mr. Wade prior to the

10  criminal trial taking place?

11     A.   I believe I did, yes.

12     Q.   Do you recall when specifically you spoke with

13  him prior to trial?

14     A.   I don't remember any more specifically than it

15  was before trial.

16     Q.   Did you speak with him in person?

17     A.   I believe that I did.

18     Q.   What was the location in which -- Where were

19  you when you spoke with him?

20     A.   That I don't remember.

21     Q.   Was anyone else present other than yourself

22  and Mr. Wade?

23     A.   I don't remember.

24     Q.   During this -- Strike that.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 52

1          **Did you meet with Mr. Wade more than one time**

2    **prior to trial?**

3          A.   I don't really recall, but I may have met with

4    him more than one time.  I'm pretty sure that I met with

5    him more than one time, but I don't know how many times.

6          **Q.   During your meeting or meetings with Mr. Wade,**

7    **what did Mr. Wade tell you?**

8          MR. STARR:  I would object to the extent that any

9    testimony that you might give, if it should invoke the

10   attorney/client privilege, I would suggest that you

11   refrain from testifying.  If you can answer without it

12   invading the attorney/client privilege, then he can

13   testify.

14         MS. SCHUMACHER:  I agree.

15         MS. WEST:  Go ahead.

16         MS. SCHUMACHER:  I would instruct Mr. Hill that he

17   can testify to the extent it's not revealing any work

18   product or any attorney/client privilege.

19         THE WITNESS:  Would you mind reading back the

20   question, please.

21                    (Record read as requested.)

22   BY THE WITNESS:

23         A.   It's been some time, and I don't remember all

24   the specifics but there were a few important things that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 53

1   I thought Mr. Wade said that I do recall.  And, you

2   know, Wade indicated that the police had brought some

3   identification photos to him and that they had, in fact,

4   told him which one of the perpetrators to pick as being

5   the person who committed the underlying crime that led

6   to Jimmy's conviction.

7        **Q.   And you said you thought there were a couple**

8   **important points that you learned from Mr. Wade.  Was**

9   **there anything else than this information about the**

10  **police telling him who to pick that you learned from**

11  **Mr. Wade during this conversation?**

12       MR. STARR:  Same objection, same instruction.

13  BY THE WITNESS:

14       A.   You know, that was -- that was the main issue,

15  quite frankly.  I mean, he may have talked about some

16  other details with respect to how they approached him

17  and so on and so forth.  But the crux of what he said to

18  me was that the police told him to pick Jimmy's picture.

19       **Q.   And did Mr. Wade tell you that he informed the**

20  **police that he could not identify an offender?**

21       A.   I believe he did.  And now that you mention

22  it, I believe he did indicate to the police that he

23  couldn't ascertain out of the photos who had perpetrated

24  the crime.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 54

1     **Q.   And when Mr. Wade testified at trial, did he**
2  **testify consistent to that, that he also told the police**
3  **that he couldn't positively identify an offender?**
4        MR. STARR:  Objection to form.
5  BY THE WITNESS:
6        A.   You can go and read the record for Mr. Wade's
7  testimony.  I haven't looked back at it.  But he was
8  prevented from answering some number of questions at the
9  objection of the State.
10       **Q.   Do you have a recollection of Mr. Wade**
11 **testifying that he could not positively identify an**
12 **offender?**
13       A.   I don't know the specifics of what Mr. Wade
14 said, but Mr. Wade was pretty consistent throughout the
15 times that I talked to him.  And I do think he said he
16 could not identify the perpetrator and also that the
17 police, in fact, told him to pick Fletcher.
18       **Q.   Do you have an independent recollection of**
19 **whether or not that piece of information that the police**
20 **told him who to pick came out at the trial during his**
21 **testimony?**
22       A.   My recollection is that it did not, that he
23 was prepared to make that statement, and the State
24 objected and the judge sustained that objection.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 55

1      **Q.   Do you know if Mr. Wade had any conversations**
2   **with Mr. Saltiel independent of you?**
3      A.   I don't recall.
4      **Q.   I'm going to show you what we'll mark as Group**
5   **Exhibit 7.  Yeah, let's go out of number.  7, please.**
6      MS. WEST:  And for the record, it's two letters.
7   It's a July 4th, 2008 letter that's Bates-stamped
8   Fletcher 8379 and a July 11th, 2008 letter, which is
9   Bates-stamped Fletcher 8381.
10                     (A document was viewed.)
11      MR. STARR:  I'm going to object to the use of these
12   exhibits and indicate that these are exhibits that were
13   clawed back this morning.  These constitute
14   attorney/client communication.  We, like I said,
15   indicated that we are clawing these back, and we object
16   to their use at this deposition.
17      MS. WEST:  And just in response to Mr. Starr's
18   comments, our position was already stated on the record
19   today.
20   BY MS. WEST:
21      **Q.   And, Mr. Hill, I do apologize because I am**
22   **going to go ahead and make a record with you.  And**
23   **counsel may be asserting an objection every time, but**
24   **I'm going to go ahead and ask the questions to you with**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 56

1  the understanding that counsel is likely going to

2  object.

3          With regard to the July 4th letter that's

4  Bates-stamped 8379, if you could take a minute to just

5  review this short letter and let me know when you're

6  finished, please.

7      A.    I read the letter.

8      Q.    Thank you.  The date on this letter is from

9  2008, so that would be post trial, correct?

10     MR. STARR:  Again I'm going to object to the use of

11 this letter.  I'm not instructing the witness not to

12 answer that question, but I'm again objecting to the use

13 of any form of this letter since we have clawed it back.

14 BY THE WITNESS:

15     A.    I do believe the trial was over by July 4th of

16 2008.

17     Q.    And based on this letter, it's the third

18 sentence, it appears that Mr. Fletcher is asking you to

19 provide an affidavit if you were to send an investigator

20 to see Wade and he were to change his story.  Do you see

21 that?

22     MR. STARR:  I'm going to object, form, foundation,

23 mischaracterizes the evidence, and also that this is

24 attorney/client communications and therefore privileged,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 57

1    and I'm going to instruct the witness not to answer any

2    questions.

3    BY THE WITNESS:

4        A.    I'm going to follow the instruction of

5    Mr. Fletcher's lawyer and not answer the question based

6    on privilege.

7        **Q.    Do you have a recollection of Mr. Fletcher**

8    **asking you to provide an affidavit post trial based on**

9    **your conversations with Mr. Wade?**

10       MR. STARR:  Objection to form, mischaracterizes

11   facts in evidence, and again I'm going to object on

12   privilege grounds and instruct the witness not to

13   answer.

14   BY MS. WEST:

15       **Q.    Mr. Hill, are you taking the advice of**

16   **Mr. Fletcher's attorney?**

17       A.    I believe so.

18       THE WITNESS:  Could you just read the question

19   back, please?

20                    (Record read as requested.)

21   BY THE WITNESS:

22       A.    I'm going to follow Mr. Fletcher's attorney's

23   advice and not give an answer to the question.

24       **Q.    Did you ever provide Mr. Fletcher with an**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 58

1  **affidavit that relates to your conversation with**

2  **Mr. Wade?**

3      MR. STARR:  Same objection, same instruction.

4  BY MS. WEST:

5      **Q.   And I apologize, Mr. Hill; this is going to**

6  **get redundant.**

7      A.   It's okay.  I mean, I'll follow counsel's

8  instruction not to answer the question.

9      **Q.   Thank you.  Let's take a look at this second**

10  **correspondence, which is dated July 11th, 2008,**

11  **Bates-stamped Fletcher 8381.  And, Mr. Hill, does this**

12  **appear to be a letter to Mr. Fletcher from Joseph**

13  **Saltiel?**

14      MR. STARR:  Same objection, same instruction.

15  Actually, let me withdraw that because my previous

16  objection had to do with mischaracterization of facts in

17  evidence.  I'm just going to object on privilege

18  grounds.  This is attorney/client communication.  I'm

19  going to object to the use of the exhibit and instruct

20  the witness not to answer any questions about it.

21  BY MS. WEST:

22      **Q.   And, Mr. Hill, are you taking the advice of**

23  **Mr. Starr?**

24      A.   Yes, I'm not going to answer any substantive

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 59

 1   questions about the exhibit.

 2       **Q.   Do you have a recollection of speaking with**

 3   **Mr. Saltiel about Mr. Fletcher requesting an affidavit?**

 4       MR. STARR:  Same objection, same instruction.

 5   BY MS. WEST:

 6       **Q.   Are you following the advice of Mr. Starr?**

 7       A.   I'm going to follow the advice of counsel.

 8       **Q.   Do you know what it is specifically**

 9   **Mr. Fletcher was looking for in an affidavit relative to**

10   **your communications with Mr. Wade?**

11       MR. STARR:  Same objection, same instruction.

12   BY THE WITNESS:

13       A.   I'll follow the instruction of Mr. Fletcher's

14   counsel.

15

16

17

18

19

20

21

22

23

24       MR. STARR:  I'm going to object and state for the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 60

 1   record that plaintiff's counsel believes this is

 2   improper.  This is an attorney/client communication that

 3   we have clawed back.  Obviously the dispute has not come

 4   before the Court, but I do think it's improper to read

 5   this into the record.

 6   BY THE WITNESS:

 7       A.  I believe that counsel has also instructed me

 8   not to answer so I will respect that.

 9       MR. STARR:  Thank you.

10   BY MS. WEST:

11       Q.  **Mr. Hill, did you ever receive a copy of any**

12   **statement that Mr. Wade had made after the 2005 criminal**

13   **trial?**

14       A.  I don't know.  I don't recall.  I know there

15   were subsequent procedures [sic] and hearings that dealt

16   with what Mr. Wade said, but I don't remember outside of

17   that, those venues, that I received anything one way or

18   the other.

19       Q.  **What subsequent proceedings were you involved**

20   **in post trial that involved Mr. Wade?**

21       A.  I wasn't involved -- As I sit here today, I

22   haven't been involved in any proceedings, I believe,

23   since Mr. Fletcher was sentenced.

24       Q.  **So is it fair to say that your representation**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 61

1    **of Mr. Fletcher ended after sentencing?**

2         A.   Well, what I can say is I believe that our

3    representation of Jimmy in the case that led to his

4    conviction of murder, and I don't remember what the

5    victim's name was, but of the 2005 trial, I believe that

6    our direct representation of him in that case ended, you

7    know, maybe it was sentencing, sometime around that

8    time, he hired new counsel that represented him.  We

9    didn't represent him in the case going forward.  But

10   Mr. Fletcher may have reached out to me for advice or

11   had communications with me over some period of time

12   after he -- after that sentencing.  And that might be

13   privileged communications.  Those would be privileged

14   communications in my view as well.

15        MR. STARR:  I would say for the record that defense

16   counsel and plaintiff's counsel conferred on a number of

17   occasions regarding communications after sentencing and

18   we asserted privilege over those communications.

19        MS. WEST:  Understood.

20   BY MS. WEST:

21        **Q.   I apologize, Mr. Hill, I may have already**

22   **asked you this:  Do you have a memory of having any**

23   **direct communication with Mr. Wade after the trial?**

24        A.   Not that I recall.  It's possible, but I don't

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 62

1    recall it one way or the other.

2        Q.   You also indicated that you recalled a

3    witness, Ms. Friend; is that right?

4        A.   Yes.

5        Q.   Do you recall in what capacity?  How is

6    Ms. Friend an eyewitness to the underlying homicide, if

7    you recall?

8        A.   You know, I don't have a clear recollection of

9    this.  I mean, she was at the scene or professed to be

10   at the scene.  I think she was -- I don't remember

11   exactly.  She was somehow associated maybe with

12   Mr. Cooper, and maybe they were together at the scene.

13   That's what I recall about it now.

14       Q.   Do you recall if Ms. Friend identified

15   Mr. Fletcher as an offender?

16       MR. STARR:  At any point or at any juncture?

17       MS. WEST:  At any point.

18   BY THE WITNESS:

19       A.   Ms. Friend certainly identified Mr. Fletcher

20   at trial, at his trial as being an offender in the

21   underlying robbery that led to the murder or death.

22       Q.   Did you speak with Ms. Friend in preparation

23   for trial?

24       MR. STARR:  I'm going to object to the extent that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 63

```
 1   it invades any attorney work product or attorney/client
 2   privilege.  If Mr. Hill can answer without invading
 3   those privileges, he can do so.
 4   BY THE WITNESS:
 5       A.   What was the question again?
 6       Q.   Sure.  Did you speak --
 7       A.   I apologize.
 8       Q.   No, no worries.  There's a lot of objections
 9   so I get it.
10           Do you have -- Did you speak with Ms. Friend
11   in preparation for trial?
12       MR. STARR:  Same objection.
13   BY THE WITNESS:
14       A.   I don't know that I can answer that question
15   without revealing privileged work product or privileged
16   communications.
17       Q.   Let me show you what we'll mark as Exhibit 8.
18       MS. WEST:  For the record, it's notes from
19   March 24th, 2004, Bates-stamped Fletcher 8576.
20       MR. STARR:  Allyson, if these are notes that were
21   shared with the State's Attorney's Office, then I
22   believe they are not privileged.  I don't know --
23   Without further context, I don't know if these are notes
24   that were, in fact, shared with the State's Attorney's
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 64

1    Office.  So if they were not, then they constitute

2    attorney work product, and I would object and they would

3    be subject to our clawback.

4                    (A document was viewed.)

5         MS. WEST:  A couple notes on that.  So I'm going to

6    try to establish that with him because there is a

7    subsequent letter with the State's Attorney that I'm

8    going to show him next, so we can get to that.  But

9    also, I would note for the record that this document

10   itself looks like it was reviewed by an attorney, and

11   portions of it were redacted.  So in my mind, there was

12   a strategic decision to redact portions of the document

13   or perhaps a work product privilege, but the others were

14   left.  So I would say that, same thing we've talking

15   about, Sean, that the objection is untimely.

16        MR. STARR:  Yeah, understood.  Given the relevant

17   limited amount of time they had to review these exhibits

18   this morning, I didn't have the ability to determine

19   whether or not this is a note that was tendered to the

20   State's Attorney's Office.  I know there is some

21   documents that suggest that they note was tendered.  I

22   don't know if this is that or not.  So my objection

23   is -- My objection stands.  I don't know that that title

24   redacted on there -- First of all, I don't see anything

Case: 1:20-cv-04768 Document #: 184-51 Filed: 05/06/25 Page 67 of 204 PageID #:8021

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 65

1    that's redacted.  Second of all, I don't believe our

2    office made that redaction.  And so my point is is that

3    this was inadvertently produced.  It is subject to our

4    clawback.

5    BY MS. WEST:

6         **Q.    Mr. Hill, do you have the notes up in front of**

7    **you?**

8         A.    I do.

9         **Q.    Okay.  Is this your handwriting, sir?**

10        A.    No.

11        **Q.    Do you know whose handwriting it is?**

12        A.    No.

13        **Q.    Did Mr. Saltiel ever indicate to you that he**

14   **had spoken with Ms. Friend at some point in time?**

15        MR. STARR:  Objection, attorney work product.  I'm

16   going to instruct him not to answer.

17   BY THE WITNESS:

18        A.    I'll follow counsel's instructions not to

19   answer.

20        MS. WEST:  Just for the record, I don't think Sean

21   has the grounds to object to work product.  It's not his

22   work product.

23   BY MS. WEST:

24        **Q.    With that in mind, Mr. Hill, are you taking**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 66

1   **the advice of Mr. Fletcher's counsel and not answering?**

2       A.   Yes.

3       MR. STARR:  I think Mr. Hill's attorney indicated

4   that she also suggests that -- instructs him not to

5   testify about any work product earlier in the

6   deposition.  I don't know if that's an instruction that

7   applies to all work product or certain work product, but

8   I interpret it to apply to all work product.

9       MS. SCHUMACHER:  That's accurate.  We've instructed

10  Mr. Hill not to the testify as to any work product

11  regarding the representation of Mr. Fletcher.  And as

12  evidenced by the prior transcript, Mr. Fletcher holds

13  the attorney/client privilege, and Mr. Hill is following

14  Mr. Fletcher's attorney's advice as to the

15  attorney/client communication and privilege.  He's also

16  instructed not to reveal attorney work product at this

17  deposition.

18      MS. WEST:  If I could ask, just for the record,

19  because we've got a lot of objections flying around

20  here, Ashley, if you could, if possible, identify for me

21  when you are asserting privilege over work product

22  because this is going to be subject to litigation after

23  the fact.  That way I know how I can separate the two,

24  the claims that Mr. Starr is making on behalf of his

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 67

1  client and the claims that you are making on behalf of

2  Jenner & Block, if possible, please.  Is that okay?

3      MS. SCHUMACHER:  Yes.  Yes, we can attempt to

4  delineate.  I mean, I think much of the questions and

5  the documents I think would be overlapping, right, both

6  attorney/client communications, attorney/client

7  privilege, and attorney work product.  So but, you know,

8  we can add in both objections.

9      MS. WEST:  Okay.  Thank you.  And just so we're

10 clear, with regard to this document specifically, Sean,

11 you're not asserting any attorney/client communication

12 privilege, correct?

13     MR. STARR:  I haven't reviewed this document other

14 than having it up on the screen and looking at it

15 briefly this morning.  I don't believe so.  But, you

16 know, I also don't know if this particular document is

17 the document that's referred to that was tendered to the

18 State's Attorney's Office.  If you're able to establish

19 that, that it's already been produced in the criminal

20 case, then I would have to privilege over it.  But I

21 don't know that as it stands by itself.

22 BY MS. WEST:

23     **Q.   Mr. Hill, let me ask you this:  Have you had**

24 **an opportunity to look through these handwritten notes**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 68

1    in front of you?

2        A.   Yes.

3        Q.   **Anywhere in these handwritten notes is it**

4    **documented that Ms. Friend told the police or the**

5    **detectives that she -- I'm sorry.  Strike that.**

6            **Is there anywhere in these handwritten notes**

7    **documented that Ms. Friend indicated that the detectives**

8    **told her who to pick out of the lineup?**

9        MR. STARR:  I'm going to object, again without

10   establishing that this is a document that was previously

11   produced in the criminal case that I'm going to suggest

12   this is attorney/client privilege work product.

13       MS. SCHUMACHER:  And I will agree with that

14   objection.  I mean, Mr. Hill has testified that it's not

15   his handwriting.  He doesn't know whose it is.  And I

16   don't think we received an answer as to whether this was

17   provided to the State's Attorney's Office.  So without

18   that information, we would support -- You know, I would

19   also agree to a work product and attorney/client

20   privilege objection.

21   BY MS. WEST:

22       Q.   **Mr. Hill, have you taken the advice of both**

23   **your counsel and Mr. Starr?**

24       A.   Yeah, I believe they're saying I should not be

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 69

1    answering this question, and I'm not going to answer

2    this question.

3         Q.   Mr. Hill, did you or anyone from your office

4    turn over notes such as these or others relative to

5    conversations with Ms. Friend -- I'm sorry -- to the

6    State's Attorney's Office?

7         A.   I don't recall one way or the other.

8         Q.   Were you planning on calling Ms. Friend as a

9    defense witness at trial?

10        MR. STARR:  Objection, invades the work product

11   privilege.

12        MS. SCHUMACHER:  Agreed.

13        MS. WEST:  And again, not yours to assert.

14        MS. SCHUMACHER:  Agreed.

15   BY THE WITNESS:

16        A.   I'm following the instruction of counsel not

17   to answer the question.

18        Q.   Did you, in fact, call Ms. Friend as a witness

19   at trial?

20        A.   I don't recall calling Ms. Friend as a witness

21   at trial.  I believe that the State called Ms. Friend as

22   a witness at trial.  That's my best recollection sitting

23   here today.

24        Q.   I'm going to show you what we'll mark as

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 70

1    **Exhibit 9.**

2        MS. WEST:  For the record, it is a letter to the

3    State's Attorney's Office regarding notes and is

4    Bates-stamped 8574.

5                        (A document was viewed.)

6    BY MS. WEST:

7        **Q.   Mr. Hill, do you have the letter dated**

8    **October 29th, 2004 in front of you?**

9        A.   Yes, I have the letter dated October 29th,

10   2004 from Joseph Saltiel.

11       **Q.   And does it appear from this letter that this**

12   **was sent -- I'm sorry.  Did somebody say something?  No?**

13   **Okay, sorry.  I'm hearing things.**

14           **Does it appear that this letter was sent to**

15   **Ms. Aidan O'Connor, Assistant State's Attorney, on**

16   **October 29th, 2004?**

17       A.   I don't recall the letter itself one way or

18   the other.  I mean, in looking at it, at least for what

19   I have, I don't have a -- I just have the first page of

20   the letter.  I don't have a signature page.  So I don't

21   know whether it was sent to ...

22       **Q.   Sure.  And all I'm asking is on the face of**

23   **this document, do you see that it looks like it's**

24   **directed to Ms. Aidan O'Connor, Assistant State's**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 71

1    **Attorney, at 2650 South California Avenue, Chicago,**

2    **Illinois?**

3         A.   Yes, I do see that it appears to be addressed

4    to Aidan O'Connor.

5         **Q.   Okay.  If I could just direct your attention**

6    **to the third paragraph, the second sentence indicates,**

7    **"I talked to Ms. Friend in late March 2004, prior to the**

8    **first scheduled trial date, April 29th, 2004."  This**

9    **letter, you previously indicated, was from Joseph**

10   **Saltiel, correct?**

11        A.   The letter appears to be from Joseph Saltiel,

12   and I think you're talking about the fourth paragraph

13   after the ...

14        **Q.   Yes, you're correct, the fourth paragraph.**

15   **Does that -- That sentence that I just read into the**

16   **record, does that indicate to you that Mr. Saltiel had a**

17   **conversation with Ms. Friend in March of 2004?**

18        A.   I mean, this letter says, "I had talked to

19   Ms. Friend in late March 2004, prior to the first

20   scheduled trial date, April 29, 2004.  I had disclosed

21   this interview, the existence of notes, and Ms. Friend's

22   current whereabouts to your predecessor, Stu Sergeant,

23   when he was unable to locate Ms. Friend for that first

24   trial date."  And it goes on further to talk about the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 72

1    Illinois Supreme Court Rule.

2        Q.   My question to you is, do you have an

3    independent recollection of Mr. Saltiel informing you

4    that he had spoken with Ms. Friend --

5        MR. STARR:  I'm going to object --

6    BY MS. WEST:

7        Q.   -- pretrial?

8        MR. STARR:  Sorry.  I thought you were done.  I

9    apologize for interrupting you.  I'm going to object.  I

10   believe that -- Strike that.  I believe that is the

11   basis of the attorney work product privilege.

12       MS. SCHUMACHER:  Agreed.

13       MS. WEST:  Based on the fact that Mr. Saltiel is

14   putting in a letter that he, in fact, spoke with

15   Ms. Friend in March of 2004, my question is whether or

16   not Mr. Hill knew that.  I don't think any of that is

17   privileged.  It's a yes or no question.

18       MR. STARR:  I thought your question -- Maybe I

19   misheard you.  I thought you asked did Mr. Saltiel tell

20   Mr. Hill that.

21       MS. WEST:  That he had a conversation.

22       MR. STARR:  Yeah.

23       MS. WEST:  So yes or no, he did tell him or he

24   didn't tell him.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 73

1      MR. STARR:  I thought you asked -- My recollection

2  is that you asked him if they had a conversation about

3  it, and I think that conversation is attorney work

4  product.

5  BY MS. WEST:

6      **Q.   Let me ask it this way then:  Mr. Hill, did**

7  **Mr. Saltiel ever -- Strike that.**

8          **Mr. Hill, were you aware that Mr. Saltiel had**

9  **a conversation with Ms. Friend pretrial?**

10     MR. STARR:  Again if it implicates work product, I

11 think he should not testify to that.  I mean, if you're

12 trying to ask him, did he tell -- was he aware of this

13 letter -- when he sent this letter, was he aware that he

14 disclosed to the State's Attorney's Office that he had

15 spoke with Ms. Friend, I think that's a fair question.

16 But I think if you're asking did he talk to him about

17 that conversation, that's work product.

18     MS. WEST:  I'm not.  That's not what I asked.

19          Amie, would you mind reading back the

20 question, please.

21                  (Record read as requested.)

22     MS. SCHUMACHER:  So we agree with the objection.  I

23 mean, you can -- to the extent this letter was, in fact,

24 sent to the Assistant State's Attorney, Mr. Hill can

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 74

 1   testify, if you would like him to, as to what -- read to

 2   you what this letter states, but he is not to reveal any

 3   work product.

 4       MS. WEST:  I understand.

 5   BY MS. WEST:

 6       Q.   Mr. Hill, are you taking the advice of your

 7   counsel?

 8       A.   Absolutely.

 9       Q.   Okay.  I think we've already established

10   you've never seen this letter or you don't have a

11   recollection of seeing this letter to the State's

12   Attorney's Office from October of '04?

13       A.   I don't presently have a recollection of this

14   specific letter.

15       Q.   Would it have been your custom and practice to

16   speak with any eyewitnesses prior to trial in

17   preparation for trial?

18       A.   It would be my practice for someone on the

19   team to have spoken to witnesses if that was possible.

20       Q.   And is that to determine that witness's role

21   in the case?

22       A.   It could be for many reasons.

23       Q.   What are some of the reasons?

24       A.   It could be to understand what they have to

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 75

1  say, what the facts are.

2      Q.   I'm sorry.  Let me just direct your attention

3  back to that one more time.  That same paragraph, the

4  fourth paragraph, under the italicized portion, that

5  next sentence, "Under my interpretation of this rule, I

6  am not required to produce any notes from my

7  conversation with Ms. Friend because Mr. Fletcher does

8  not intend to call her as a witness."  Do you see that?

9      A.   Yes.

10     Q.   Okay.  So that confirms that, in fact, the

11 defense did not intend to call Ms. Friend as a witness

12 at trial, correct?

13     A.   I mean, that seems to implicate the work

14 product privileges.  You're asking what our intentions

15 were with regard to our representation of this

16 particular defendant.  So I can't give you an answer to

17 that, but I think you can look at the trial transcript

18 and you can figure out that we didn't call Ms. Friend

19 and that she was called by the State as a witness in the

20 case.

21     Q.   What I was getting to is, based on that

22 representation, it looks like notes would not have been

23 turned over, correct?

24     A.   I don't recall or know one way or the other.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 76

1  And I think it's all privileged unless you have

2  something that suggests it wasn't, and I haven't seen

3  that.

4      **Q.   Do you have an independent recollection of**

5  **Ms. Friend at any point in time changing her story?**

6      MR. STARR:  I think that invades attorney work

7  product again.  If he can testify to that without

8  invading any work product, then he can testify about it.

9  But if it implicates any conversations he had that were

10  work product privilege, then he shouldn't testify to it.

11      MS. SCHUMACHER:  Agreed, Mr. Hill is instructed not

12  to reveal attorney work product or attorney/client

13  conversations.

14  BY MS. WEST:

15      **Q.   Mr. Hill, can you answer that question without**

16  **revealing any privileged communication or work product?**

17      A.   You know, for this one, I'm going to talk to

18  my attorney so we can go off the record.

19      MS. SCHUMACHER:  Take a break.

20              (A short recess was had.)

21      MS. WEST:  Ashley, feel free.

22      MS. SCHUMACHER:  So if you can refresh us as to the

23  question on the table.  Mr. Hill has been instructed to

24  not testify as to anything work product or otherwise

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 77

1  privileged.  So to the extent he can testify without

2  revealing any work product or other privileges, he may

3  be able to do so.

4                    (Record read as requested.)

5          MR. STARR:  Same objection, same instruction.

6          MS. SCHUMACHER:  Agreed.

7  BY THE WITNESS:

8          A.   So I do have a specific recollection of having

9  a conversation with Ms. Friend at the court at 26th and

10  California.  And I don't remember the exact words that

11  were used in exchange between us, but I was asking her,

12  you know, whether she thought Fletcher was the guy who

13  had done this, and she expressed some doubt about that.

14  It was in the open courtroom maybe kind of during a

15  break.  I remember that because that was generally the

16  only time we saw Ms. Friend.  Typically she was showing

17  up only when she was arrested.  And that was in stark

18  contrast to the testimony she gave at the trial, which

19  you can check the transcript, but my 20-year-old memory

20  suggests that she said she was 100 percent sure it was

21  Fletcher, although she couldn't give any description of

22  the other perpetrator.

23          **Q.   And this conversation that you had with**

24  **Ms. Friend at 26th and Cal, was it before the trial had**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 78

1    **commenced?**

2        A.   I believe it was not on the day of the trial

3    or not on a day we had trial but maybe on some pretrial

4    date.

5        **Q.   You testified that Ms. Friend had indicated**

6    **some doubt in her identification; is that correct?**

7        A.   Yes, that's my synopsis of it.

8        **Q.   Do you recall the specific words that she used**

9    **that you've summarized as doubt?**

10       A.   I don't remember the specific words, quite

11   frankly.  I mean, it's been a number of years.  But I do

12   remember the stark contrast between both her actions and

13   sort of being evasive and then that conversation in

14   contrast to what she ultimately said in testimony when

15   called by the State.

16       **Q.   During your conversation with Ms. Friend, did**

17   **she ever tell you that the police told her what offender**

18   **to pick out?**

19       A.   I don't remember that.  I don't remember that.

20   And I didn't really have a chance to engage her.  Like I

21   said, this was kind of in the midst of whatever was

22   going on in court.

23       **Q.   Following this conversation that you had with**

24   **Ms. Friend where she expressed doubt, did you follow up**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 79

1    with any subsequent communication with Ms. Friend?

2         A.   Not that I can recall.

3         Q.   To your knowledge, did anyone on your team

4    have any conversation with Ms. Friend subsequent to this

5    conversation you had with her?

6         MR. STARR:  Objection.  I believe again that's work

7    product privileged.

8         MS. SCHUMACHER:  Agree.

9    BY THE WITNESS:

10        A.   The answer is I don't know.

11        Q.   And you testified that Ms. Friend, her

12   testimony at trial was a stark difference from your

13   conversation with her; is that correct?

14        A.   I believe that's what I said.

15        Q.   So is it safe to say that based on that, you

16   have some memory of her testimony at trial?

17        A.   A little bit.

18        Q.   Do you recall that Ms. Friend, at trial,

19   identified Mr. Fletcher as the offender?

20        A.   I do remember that.

21        Q.   Do you have a recollection of cross

22   examining -- or the cross-examination of Ms. Friend?

23        A.   I don't.

24        Q.   Do you know if you -- if Ms. Friend was your

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 80

1   **witness?**

2        MR. STARR:  Asked and answered.

3   BY THE WITNESS:

4        A.   I don't remember -- I don't remember, sitting

5   here right now.  And I assume by "my witness," you mean

6   did I examine her at trail or cross-examine her.

7        **Q.   Yes, sir.  I'm going to show you what we'll**

8   **mark as Exhibit 10.  It's a letter to Mr. -- it's the**

9   **letter dated September 14th, '04.**

10       MS. WEST:  For the record, it's Bates Stamp

11  Fletcher 8592.

12                      (A document was viewed.)

13       MR. STARR:  And for the record, I would object that

14  this is attorney/client communications and therefore

15  privileged as it indicates at the top of the letter.

16  This document is subject to our clawback.  We object.  I

17  think it's improper to be used at this deposition.

18       MS. SCHUMACHER:  Agreed and reveals work product.

19       MS. WEST:  For the record, I'm just going to

20  reiterate that I've stated my position earlier with

21  regard to the documentation that was turned over.

22  BY MS. WEST:

23       **Q.   Mr. Hill, do you have the letter dated**

24  **September 14th, 2004 in front of you?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 81

1      A.    I do, the one that is Fletcher 8592.

2      **Q.    The second paragraph --**

3      MS. WEST:  And again for the record, let's mark any

4  reading that I do from the document as confidential

5  based on counsel's objections.

6      MR. STARR:  And I would reiterate that any reading

7  that is done in this deposition is highly improper given

8  the clawback.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 82

BY MS. WEST:

    **Q.  Are you taking the advice of your attorney,**
**sir?**

    A.  Yes, I'm following the advice of the
attorneys.

    **Q.  Did you ever talk to Mr. Fletcher's father**
**prior to trial?**

    MR. STARR:  Same objection.

    MS. SCHUMACHER:  Agreed.

    MR. STARR:  Same instruction.

BY THE WITNESS:

    A.  I was just going to ask, can I answer yes or
no?

    MR. STARR:  If it's a yes or no question, then I
think that's fine.  But I think if she's asking any
content of any conversation that reveals work product,
then I would suggest that you should refrain from
answering.

    MS. SCHUMACHER:  I agree.

    THE WITNESS:  Could you read back the question,
please?  I believe it was, did I have a conversation

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 83

1    with Mr. Fletcher, Jimmy's father, before trial.

2                    (Record read as requested.)

3    BY THE WITNESS:

4        A.    Yes.

5        **Q.    Mr. Fletcher's father was called as a witness**

6    **at trial, correct?**

7        A.    I believe he was.

8        **Q.    You did not represent Mr. Fletcher's father as**

9    **his counsel, correct?**

10       A.    No, I spoke to Mr. Fletcher in the course of

11   my representation of Jimmy Fletcher.

12       **Q.    During your conversation with -- Strike that.**

13             **When did you have this conversation with**

14   **Mr. Fletcher, Sr., prior to trial?**

15       A.    I don't remember any specific conversation,

16   but I know that I spoke to him at some point before

17   trial.

18       **Q.    Did you ever have a conversation -- Strike**

19   **that.**

20             **Among those conversations that you had with**

21   **Mr. Fletcher, Sr., did you ever discuss any**

22   **communications that Mr. Fletcher, Sr., had with**

23   **Ms. Friend?**

24       A.    I don't recall that.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 84

 1      Q.   Do you have an independent recollection of

 2   being informed that -- Strike that.

 3           Do you have an independent recollection of

 4   Mr. Fletcher, Sr., telling you that he was on a

 5   three-way phone call with Ms. Friend where she expressed

 6   doubt as to the identification of Mr. Fletcher?

 7      MR. STARR:  Objection, asked and answered.  And to

 8   the extent that it invades attorney work product, I

 9   would suggest that you refrain from answering.

10      MS. SCHUMACHER:  Agreed.

11   BY THE WITNESS:

12      A.   I'm going to follow the attorneys'

13   instructions and not give an answer.

14      Q.   Do you recall Mr. Fletcher, Sr.'s, testimony

15   at trial?

16      A.   Not particularly.

17      Q.   Do you have a recollection of whether or not

18   Mr. Fletcher, Sr., testified at trial about having a

19   phone call where Ms. Friend expressed doubt as to her

20   identification of his son, Mr. Fletcher, as the

21   offender?

22      A.   I don't recall any such testimony.

23      Q.   I'm going to show you what we'll mark as

24   Exhibit 11.  It's an e-mail from Mr. Saltiel to Mr. Hill

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 85

1    **dated 9/14/04.**

2                    **(A document was viewed.)**

3          MR. STARR:  Again, this is another communication

4    that we are clawing back.  We think it's improper to use

5    it as an exhibit given our clawback.  We object,

6    attorney work product, and I believe it also indicates

7    attorney/client privilege if I remember correctly.

8          MS. SCHUMACHER:  We agree with those objections.

9    BY MS. WEST:

10         **Q.   Mr. Hill, do you have the document that is in**

11   **front of you?**

12         MS. WEST:  For the record, it's Bates stamp

13   Fletcher 8785.

14   BY MS. WEST:

15         **Q.   And it appears to be an e-mail from**

16   **Mr. Saltiel to you on September 14th, 2004.**

17         A.   Yes, I have that document in front of me,

18   Fletcher 8785.

19         **Q.   Yes, sir.  Thank you.  Do you recall receiving**

20   **this e-mail?**

21         A.   No.

22         **Q.   If you could just take a moment to read it and**

23   **let me know when you're finished, please.**

24         A.   I've read it.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 86

 1     **Q.   Does this refresh your memory at all about**
 2     **whether you were ever informed by Mr. Fletcher, Sr.,**
 3     **that he had a three-way conversation with Ms. Friend?**
 4          MR. STARR:  Same objection, same instruction.
 5          MS. SCHUMACHER:  Agreed.
 6     BY THE WITNESS:
 7          A.   This does not refresh my recollection.
 8          **Q.   Were there allegations made by Ms. Friend at**
 9     **the time of the trial that Mr. Fletcher's family was**
10     **making threats or attempting to intimidate her?**
11          MR. STARR:  Allegations made directly to Mr. Hill
12     or allegations made generally?  I'm sorry.
13     BY MS. WEST:
14          **Q.   I'm just asking generally, were you aware if**
15     **any allegations were made by Ms. Friend at the time of**
16     **trial that Mr. Fletcher's family was making threats or**
17     **intimidating her?**
18          A.   You know, what I recall about that is I don't
19     believe Ms. Friend ever gave a firsthand account of
20     that.  I don't -- I don't recall.  I do remember there
21     were some allegations that she was getting some threats.
22     I don't believe -- I don't recall it being supposedly
23     from Jimmy's family in any respect.  But I do remember
24     there were some allegations, I believe, made by the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 87

1  State that she was getting some threats.  And the judge

2  suggested that -- what did the -- I can't remember.  You

3  would have to go look at the transcript, but he was,

4  under some circumstance, going to let the hearsay about

5  some threats come into the case under some condition.

6  But I don't remember what it was.  But I specifically

7  don't ever remember that these were supposed to be

8  threats from Jimmy's family.  I don't remember anybody

9  saying that.  But there was some colloquy on the record,

10  which you can go and look at if it's there, if there is

11  a transcript with reference to her supposedly -- there

12  supposedly being some threats.  But I don't remember

13  that they were ever being directed as coming from

14  Jimmy's family.

15      **Q.   Is your memory that the State is the first**

16  **individual to raise these allegations of threats?**

17      A.   Yeah, that's my recollection.  I'm not sure

18  who else would have been able to raise it.  We were in

19  court.  The attorneys were speaking.

20      **Q.   Did you ever hear Ms. Friend speak in court**

21  **and say she was receiving threats?**

22      MR. STARR:  Asked and answered.

23  BY THE WITNESS:

24      A.   I don't recall that one way or the other.  I

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 88

1    remember it coming up in court.  I don't remember -- You

2    know, I remember Ms. Friend typically was arrested and

3    brought to court.  But I don't remember -- I don't

4    specifically remember some testimony regarding the

5    threats.  I think it was more something from the State's

6    Attorneys.  But this has been almost 20 years, so I

7    couldn't say for certain one way or the other.  But I

8    don't ever remember any allegation that it was somebody

9    in Jimmy's family making threats to her.

10        **Q.   Do you have a recollection of what the threats**

11   **were?**

12        A.   I don't.  I don't.  I don't specifically.

13        **Q.   Do you have a recollection of -- I understand**

14   **you have a recollection that it wasn't Mr. Fletcher's**

15   **family.  Do you have a recollection of who the State or**

16   **Ms. Friend was claiming these threats were coming from?**

17        MR. STARR:  Objection, form.

18   BY THE WITNESS:

19        A.   I don't.  I'm sorry.

20        **Q.   Do you recall a witness, Terry Rogers?**

21        A.   I remember an individual, Terry Rogers,

22   showing up in the police reports.  I never met Terry

23   Rogers.  I never spoke to Terry Rogers.  I don't know

24   whether he exists.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 89

1      **Q.  Do you recall what the individual by the name**

2   **of Terry Rogers that showed up in the police report,**

3   **what that individual's involvement was in the underlying**

4   **crime?**

5      A.  I wasn't there at the underlying crime.

6   There's some police reports that include Terry Rogers'

7   statement is what I recall.  But I don't have any direct

8   knowledge of Terry Rogers, as I indicated.  I never

9   spoke to him.  I never saw him.  I looked for him.  We

10  couldn't find him.

11      **Q.  So you did attempt to locate an individual by**

12  **the name of Terry Rogers?**

13     A.  Well, you know, I should go back.  I'm not --

14  I know there were attempts to find him, and the State

15  was supposed to be looking for him.  I don't recall -- I

16  don't recall specifically with regard to our -- to

17  efforts to locate Terry Rogers, but I do know that he

18  never surfaced.

19      **Q.  Was Terry Rogers a witness that the State**

20  **identified in discovery?**

21     A.  Terry Rogers was identified in discovery.  He

22  shows up in discovery.  I don't know whether they ever

23  said he was a witness or going to be a witness at the

24  trial, if that's what you mean.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 90

```
 1        Q.   Do you recall the State filing a motion to
 2   have an out-of-state witness, Terry Rogers, served and
 3   be present for trial?
 4        A.   I don't recall that specifically.
 5        Q.   Do you recall the State asking for a
 6   continuance of the trial in order to secure Mr. Rogers
 7   as a witness at trial?
 8        A.   I believe there were some continuances that
 9   were requested in view of the unavailability of certain
10   witnesses and including Terry Rogers.
11        Q.   Was Mr. Friend also one of those unavailable
12   witnesses that they continued trial for or requested a
13   continuance for?
14        A.   I believe so.  I mean, you could check the
15   transcript for the records.  But I believe Ms. Friend
16   was sometimes unavailable and didn't show up for the
17   court date.  And typically when she was available, she
18   had to be brought in typically by the police and
19   probably had spend the night in Cook County Jail.
20        Q.   Were you aware that Mr. Fletcher knew Terry
21   Rogers in 1990?
22        MR. STARR:  Objection to the extent that it invades
23   attorney/client privilege.  I would instruct the witness
24   not to answer.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 91

1      MS. SCHUMACHER:  Agreed.

2  BY THE WITNESS:

3      A.   And just to be clear, you're talking about

4  Mr. Fletcher, Jr., or Mr. Fletcher, Sr.?

5      **Q.   Mr. Fletcher, Jr.**

6      A.   I'll follow the attorneys' instructions not to

7  answer the question.

8      **Q.   And in this case in litigation, we've deposed**

9  **Mr. Fletcher, Jr., and he testified during his**

10 **deposition that he knew who Terry Rogers was before the**

11 **homicide took place in 1990.  So with that in mind, I**

12 **would say any communication on that one is out there.**

13 **Mr. Fletcher testified to it.  So my question to you is,**

14 **did you ever learn if Mr. Fletcher knew Terry Rogers**

15 **prior to the homicide in 1990?**

16     MS. SCHUMACHER:  Does your objection stand,

17 Mr. Starr?

18     MR. STARR:  I mean, Allyson, you know,

19 understanding that Mr. Fletcher did testify to that, you

20 know, I think if you're asking him did he have

21 conversations with his client back during his

22 representation, that's privileged.  If you can reframe

23 your question to ask it in a way that doesn't invade

24 that privilege, then I think it's fine.  Just because

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 92

```
 1   Mr. Fletcher testified to something doesn't necessarily

 2   mean that you can invade the previous privilege that

 3   existed between Mr. Hill and his client.

 4   BY MS. WEST:

 5       Q.   Mr. Hill, were you aware that Mr. Rogers and

 6   Mr. Fletcher knew of each other prior to 1990?

 7       MR. STARR:  Same instructions and the same

 8   objection.  I mean, you just said that he was aware of

 9   it.  You said that he testified so he is now aware of

10   it, I guess.  But beyond that, I think he can't invade

11   their previous conversations.

12       MS. WEST:  That's fine.  And perhaps Mr. Hill knew

13   of their relationship from another source other than

14   Mr. Fletcher telling him.

15       MS. SCHUMACHER:  Right.

16   BY THE WITNESS:

17       A.   I don't have any non-privileged information to

18   add to the -- to answer that question.

19       Q.   Thank you.  Do you know an individual by the

20   name of Anthony Powell?

21       A.   I do not, not that I recall right now.

22       Q.   Do you have a recollection of Mr. Fletcher

23   telling you that Terry Rogers testified against Anthony

24   Powell at his murder trial?
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 93

1      MR. STARR:  Same objection, same instruction.

2   BY MS. WEST:

3      **Q.   Are you following the advice of Mr. Starr?**

4      A.   I don't recall.

5      **Q.   Do you have a recollection of ever trying to**

6   **obtain testimony, a transcript of testimony of Terry**

7   **Rogers, in a criminal proceeding against Anthony Powell?**

8      MS. SCHUMACHER:  Objection to the extent it calls

9   for any work product or attorney/client privilege.

10  BY MS. WEST:

11     **Q.   Are you taking advice of your counsel?**

12     A.   What was the question again?

13     MS. WEST:  Amie, do you mind to read it back,

14  please.

15                    (Record read as requested.)

16     THE WITNESS:  I'm sorry.  One more time.

17                    (Record read as requested.)

18  BY THE WITNESS:

19     A.   I do not recall.

20     **Q.   I'm going to show you what we'll mark as**

21  **Exhibit 12.**

22     MS. WEST:  For the record, this is Bates stamp 8597

23  through 98, Fletcher 8597 through 98.

24                    (A document was viewed.)

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 94

 1      MR. STARR:  And for the record, this is clearly

 2  attorney/client communication, and we object.  And this

 3  is a document that we clawed back this morning.  And we

 4  object that any use of it at this deposition violates

 5  the protective order, it's improper, and violates the

 6  rules of professional conduct.

 7      MS. SCHUMACHER:  Agreed.

 8  BY MS. WEST:

 9      **Q.   Mr. Hill, do you have this document in front**

10  **of you, sir?**

11      A.   I do.

12      **Q.   If you can take a look at the second page,**

13  **8598, I will direct your attention to third paragraph**

14  **from the bottom that begins with "Just in case."  Do you**

15  **see that paragraph, sir?**

16      A.   I see it.

17      **Q.   Can you take a moment and read that paragraph,**

18  **please?**

19      A.   I've read it.

20      **Q.   Thank you.  Does that paragraph that you just**

21  **read refresh your memory as to whether or not you ever**

22  **attempted to obtain a transcript of Terry Rogers**

23  **testifying against an individual by the name of Anthony**

24  **Powell?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 95

1          MR. STARR:  I'm going to object and suggest that it

2     invades attorney work product.  And to the extent it

3     invades attorney/client privilege, I'm going to assert

4     the privilege and instruct the witness not to answer.

5          MS. SCHUMACHER:  Agreed.

6     BY THE WITNESS:

7          A.   I'm going to follow the instruction and not

8     answer the question.

9          **Q.   Sorry.  I did not mean to take that down.  Let**

10    **me ask you one more question on that document while**

11    **we've got it.  I'll pull it back up for counsel.**

12                    **(A document was viewed.)**

13    BY MS. WEST:

14         **Q.   The first page, the first paragraph, can you**

15    **read to yourself and please let me know whenever you're**

16    **finished.**

17         A.   You said the first page, the first paragraph?

18         **Q.   Yes, that begins with "I think it's best."**

19         A.   I've read it.

20         **Q.   Thank you.  Mr. Hill, Ms. Debra Sanders is**

21    **Jimmy Fletcher's ex-wife, correct?**

22         A.   I don't recall exactly.

23         **Q.   Did an individual by the name Debra Sanders**

24    **testify at trial for the defense?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 96

```
 1      A.   I don't recall.  I know that Jimmy had a
 2  significant other who testified as a witness in our
 3  case.  I don't remember her name.  I don't remember what
 4  her direct relationship with Jimmy was other than they
 5  had had some relationship.
 6      Q.   And do you recall the significant other's
 7  testimony that she gave at trial?
 8      A.   I recall some of it, the testimony at trial,
 9  not the specifics.  But I presume there is a transcript.
10      Q.   And that individual, was she put forth as an
11  alibi witness?
12      MR. STARR:  I'm going to object to the extent that
13  it calls for a legal -- attorney work product.  If you
14  can answer that without revealing mental impressions or
15  attorney work product or any attorney/client privilege
16  for that matter, you can testify.  But if you can't, I'm
17  going to instruct you not to answer.
18      MS. SCHUMACHER:  Agreed.
19  BY MS. WEST:
20      Q.   Can you answer that question?
21      A.   I don't have an answer that wouldn't invade
22  the privilege.  It sounds like you know who testified
23  from the transcript.
24      Q.   Let me ask you this:  In a criminal
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 97

1    proceeding, you are to identify specifically in

2    discovery whether or not you're putting forth an alibi

3    defense, correct?

4         A.   To be honest with you, it's been a while since

5    I looked at criminal procedure on that particular issue,

6    so I can't give you an answer one way or the other.  I'd

7    have to have somebody go and refresh my recollection and

8    do some research on that.

9         Q.   Do you have an independent recollection of

10   ever disclosing an alibi witness one way or the other?

11        A.   I don't recall.  You mean ever in any of my

12   cases?

13        Q.   I'm sorry.  Specifically in Mr. Fletcher's

14   case.

15        A.   I don't recall specifically in Mr. Fletcher's

16   case.

17        Q.   The significant other that testified at trial,

18   was she able to pinpoint the specific date and time in

19   which she was with Mr. Fletcher?

20        MR. STARR:  Objection, asked and answered.

21   BY THE WITNESS:

22        A.   You know, I don't recall her specific

23   testimony.  I do believe that we made some arguments in

24   closing.  Again I'm sure you have the transcript.  I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 98

1   think there was enough evidence to show the general time

2   frame within which Jimmy was in the company of the

3   significant other.  But all the specific facts of that,

4   I don't remember.  But I do remember that it was

5   somewhat litigated and covered in the arguments that

6   were made.

7   **Q.   You previously testified that you remember a**

8   **witness, Mr. Cooper, correct?**

9   A.   Yes.

10  **Q.   Did you ever personally speak with Mr. Cooper**

11  **prior to trial?**

12  A.   I don't remember speaking to Mr. Cooper.

13  **Q.   Do you have a recollection of your**

14  **investigator speaking with Mr. Cooper prior to trial?**

15  MR. STARR:  To the extent that it invades work

16  product, I would suggest he doesn't answer.  If you can

17  answer without invading any work product, then that's

18  fine.

19  MS. SCHUMACHER:  Agreed.

20  BY MS. WEST:

21  **Q.   Can you answer, Mr. Hill?**

22  A.   I don't recall.

23  **Q.   Sorry.  Because of all the objections, I just**

24  **want to make sure I understand.  You don't recall**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 99

```
 1   whether or not an investigator spoke with Mr. Cooper; is
 2   that your testimony?
 3        A.   Yeah, I mean, sitting here right now, I just
 4   don't -- I just don't recall.
 5        Q.   I'm going to show you what we'll mark as
 6   Exhibit 13.
 7                      (A document was viewed.)
 8        MS. WEST:  For the record, this is a letter from
 9   Jim Zarnick to Mr. Saltiel, and it's dated
10   September 28th, 2004, and it's Bates-stamped Fletcher
11   546 through 547.  And, Sean, I can represent to you that
12   this was, in fact, turned over to the State?
13        MR. STARR:  Yeah.
14        MS. WEST:  You know that.
15        MR. STARR:  I acknowledge that, yes.
16   BY MS. WEST:
17        Q.   Mr. Hill, do you have this document in front
18   of you?
19        A.   I do.
20        Q.   Thank you.  Have you ever seen this document
21   before?
22        A.   I mean, sitting here today I don't recall
23   seeing this before.  It's possible I did, but I don't
24   recall seeing it before right now.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 100

1      **Q.    Okay.  And I'm sorry.  Have you had the**

2   **opportunity to read through this or glance through this**

3   **document?**

4      A.    I have not.

5      **Q.    Okay.  Why don't you do that and I'll ask you**

6   **a few questions.**

7      THE REPORTER:  Ms. West, would now be a good time

8   to bring in the other reporter?

9      MS. WEST:  Sure.

10     THE REPORTER:  Okay.  I'm going to go off the

11  record then.

12                        (A short recess was had whereupon

13                         there was a transition of court

14                         reporter.)

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 101

1    BY MS. WEST:

2        **Q.   Mr. Hill, have you had the opportunity to**

3    **review what we have marked as Exhibit 13?**

4        A.   Yes.  That is Fletcher 546 and 547?

5        **Q.   Yes.**

6        A.   Yes.

7        **Q.   It looks like from that report that your**

8    **office requested that Mr. Zarnick locate and speak with**

9    **Mr. Cooper, correct?**

10       A.   That's reflected in this letter.  I don't have

11   any independent recollection of that.

12       **Q.   And based on the report in front of you, it**

13   **looks like -- I will direct you to the third paragraph.**

14   **It looks like Mr. Cooper told Mr. Zarnick that when the**

15   **detective came to his house and reviewed the photo**

16   **array, he picked someone out, but he told him he**

17   **couldn't be a hundred percent sure.  Do you see that?  I**

18   **will pull it up for you.**

19       MS. SCHUMACHER:  Where are you?

20       MS. WEST:  It's the third photograph.  I will pull

21   it up on here.   I guess I should say the third

22   paragraph after report of telephone interview.

23   BY THE WITNESS:

24       A.   Okay.  I see that paragraph.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 102

1    Q.   Okay.  Onto the second page of this document

2  here at the top, based on this report, does it appear

3  that Mr. Cooper told Mr. Zarnick that he informed the

4  detective that he could not be a hundred percent sure of

5  his identification of the photo array?

6    A.   I am sorry.  I missed the question.

7    MS. WEST:  Susie, do you mind reading it back,

8  please?

9                    (Record read as requested.)

10  BY MS. WEST:

11    A.   I'm just reading the paragraph.  This is what

12  apparently Mr. Zarnick is saying, that Mr. Cooper stated

13  that he was not able to positively identify the person

14  who robbed him and explained that the reason he was not

15  able to do so was because the robbery happened too long

16  ago.  When asked if any of the men looked familiar, he

17  picked out one of the photos, but again stated he could

18  not be 100 percent sure.  So this does state that.

19    Q.   And Mr. Cooper testified consistent to that at

20  trial, correct?

21    MR. STARR:  Objection to form, foundation.

22  BY MS. WEST:

23    Q.   Go ahead, Mr. Hill.

24    A.   I mean, you have the transcript.  And you

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 103

 1  could see what he testified to.  I mean, what I recall

 2  about it -- and, again, it's almost 20 years -- is he

 3  said he was about 70 percent sure.  And 70 percent would

 4  be consistent with not 100.  I'm not sure it's exactly

 5  the same thing, but that is what I would recall his

 6  testimony was.

 7      Q.   And do you see on down one more paragraph?  It

 8  starts with approximately two or three days later?

 9      A.   Yes.  I see that paragraph.

10      Q.   That paragraph, it appears that Mr. Cooper

11  indicated to Mr. Zarnick that -- I am going to read the

12  last sentence here.  When he asked if any of the

13  individuals from the lineup were the ones who robbed

14  him, he picked out one of the males from the lineup, but

15  again stated he was not a hundred percent sure because

16  the incident happened too long ago.  Do you see that?

17      A.   I see that.

18      Q.   Do you have a recollection of whether or not

19  Mr. Cooper testified consistent with that statement at

20  trial?

21      A.   I don't recall one way or the other, but there

22  is a transcript.  And whether it's consistent or not,

23  it's probably a matter of judgment.

24      Q.   Do you have a memory of cross-examining

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 104

```
 1    Mr. Cooper on his accuracy of identifying Mr. Fletcher
 2    at the time of the lineup?
 3         A.   No.
 4         Q.   You didn't call Mr. Zarnick to testify about
 5    his report that he wrote relative to his conversations
 6    with Mr. Cooper, correct?
 7         A.   I don't remember Mr. Zarnick being called as a
 8    witness at all in the case.
 9         Q.   Have you had any communication with Mr. Cooper
10    since the 2005 criminal trial?
11         A.   Not that I recall, no.
12         Q.   I'm going to show you what we will mark as --
13    Strike that.
14              Actually, let's mark this as 14.
15              For the record, this is a July 22nd, 2005,
16    letter, which is Bates-stamped Fletcher 8458.
17         MR. STARR:  And, for the record, I'm going to
18    object to you entering this as an exhibit as it is a
19    document that represents attorney/client communications
20    and therefore is privileged and is subject to our
21    clawback.  And we object to the use of it at this
22    deposition.  It's a protective order.  It violates the
23    rules of professional responsibility, and we also think
24    that it is improper.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 105

```
 1      MS. SCHUMACHER:  We agree with that objection.
 2  BY MS. WEST:
 3      Q.   Mr. Hill, do you have the letter dated
 4  July 22, 2005 in front of you?
 5      A.   Yes, I do.
 6      Q.   Based on this letter, it looks like
 7  Mr. Saltiel informed Mr. Fletcher that it would be
 8  inappropriate to contact Mr. Cooper.  Do you see that?
 9      MR. STARR:  I'm going to object to questions about
10  this letter because this exhibit is privileged and has
11  been clawed back.  I'm going to instruct the witness not
12  to answer any questions about this letter.
13      MS. SCHUMACHER:  I agree.  And attorney work
14  product.
15  BY THE WITNESS:
16      A.   I'm going to follow the instructions of the
17  lawyers and not respond to the question.
18      Q.   Thank you.
19           Do you have a recollection of the detectives
20  that were involved in the underlying investigation?
21      A.   I have a recollection there were detectives
22  involved, but that is about it.
23      Q.   Do you recall the name Detective Bogucki?
24      A.   It sounds vaguely familiar to me, but I don't
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 106

1    remember the detectives' names, per se.

2        **Q.   Did any detectives testify at trial?**

3        A.   I believe some police officers testified at

4    trial.  There is a transcript of it.  I believe police

5    officers did testify at trial.

6        **Q.   Does the name Detective Schalk sound familiar**

7    **to you?**

8        A.   It does.

9        **Q.   Do you know if he was involved in the**

10   **underlying investigation?**

11       A.   I don't remember exactly who the detectives

12   were, but I know their names show up throughout many

13   years of court records.

14       **Q.   Do you recall an individual detective by the**

15   **name of Anthony Noradin being involved in the**

16   **investigation at all?**

17       A.   No.

18       **Q.   Do you recall an individual by the name of**

19   **Sergeant Anthony Wojcik being a part of the**

20   **investigation at all?**

21       A.   I don't know.  The name sounds a bit familiar,

22   but I don't have a specific recollection of who he is or

23   what his role would have been.

24       **Q.   Is it safe to say since you don't have a**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 107

 1   **recollection of the detectives in the underlying**
 2   **investigation, you can't testify as to your knowledge as**
 3   **to who was lead detective or the lead detectives in the**
 4   **underlying investigation?**
 5       A.   Well, I'm not sure about the premise of your
 6   question, but I don't know who the lead detective was as
 7   a matter of fact at this point.
 8       **Q.   Did you ever file any motions to suppress or**
 9   **quash the arrest based on any allegations of threats or**
10   **physical harm on behalf of detectives?**
11       A.   I think I missed the last part of that
12   question.
13            Can you reread the question, please?
14                 (Record read as requested.)
15   BY THE WITNESS:
16       A.   I don't remember filing anything on behalf of
17   any detectives, but I don't remember that specifically.
18       **Q.   Sorry.  That was probably a poor question on**
19   **my part.**
20            **Did you ever file a motion to suppress or a**
21   **motion to quash the arrest on behalf of Mr. Fletcher**
22   **where you alleged or made an argument that the arrest**
23   **should be quashed based on the detective inflicting**
24   **physical harm or abuse on Mr. Fletcher?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 108

1      A.   I don't recall that type of motion, but the
2  court record would probably be better than my memory on
3  that particular point.
4      **Q.   Are you aware in 2018 that Mr. Fletcher**
5  **contacted TIRC or the Torture Inquiry and Relief**
6  **Commission to have his case reviewed?**
7      A.   I don't have a specific recollection or memory
8  of that.
9      **Q.   Let me show you what we will mark as 15.**
10          **For the record, this is Bates-stamped**
11  **TIRC_Fletcher 80 through 83.  It's a letter dated**
12  **September 27, 2018.**
13          **Mr. Hill, if you could take a look at the**
14  **first page of this document where it says Torture**
15  **Inquiry and Relief Commission.  Do you see that?**
16      A.   I see it both in the -- it looks like the
17  salutation and also stamped there is something that
18  looks like Torture Inquiry and Relief Commission on the
19  top of the page.
20      **Q.   And, Mr. Hill, are you familiar with TIRC or**
21  **the Torture Inquiry and Relief Commission?**
22      A.   No.
23      MR. STARR:  Counsel, did you say this is 15?  I am
24  sorry to interrupt you.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 109

1          MS. WEST:  Yes.

2          MR. STARR:  Thank you.

3     BY MS. WEST:

4          **Q.    Mr. Hill, if I could direct your attention**

5     **down to the very last page which is TIRC_Fletcher 83.**

6     **Do you see a signature block that says Arnold Dixon?**

7          A.    I do.

8          **Q.    Did Mr. Fletcher also go by the name or alias**

9     **Arnold Dixon?**

10         MR. STARR:  To the extent this implicates any

11    previous attorney/client communications, I would object

12    and instruct him not to answer.  If he knows that

13    independent of that privilege, then he could certainly

14    testify to that effect.

15    BY MS. WEST:

16         **Q.    Can you answer the question, Mr. Hill?**

17         A.    Jimmie Fletcher or James Fletcher Jr. was

18    incarcerated under the alias Arnold Dixon.

19         **Q.    Thank you.**

20              **And this appears to be a letter from Arnold**

21    **Dixon, a/k/a Jimmie Fletcher, as indicated by the first**

22    **sentence where it says, My name is Jimmie Fletcher Jr.,**

23    **correct?**

24         A.    That's what this document appears to say, yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 110

```
 1      Q.    I would like to direct your attention to

 2   page 3 of the document, which is Bates TIRC_Fletcher 82.

 3   Do you see the No. 3 at the top of the page, sir?

 4      A.    Yes.

 5      Q.    And I think it's a new paragraph where it

 6   says, After my attorney.  Do you see that?

 7      A.    I do see that.

 8      Q.    If you could take a moment and read that

 9   paragraph, and I would like to ask you a question.

10      A.    I read it.

11      Q.    Okay.  Do you see in what you just read that

12   Mr. Fletcher makes allegations that a detective pushed

13   him and pulled a gun on him?

14      A.    I read that in the letter.

15      Q.    Is it your first time you're learning of this

16   allegation?

17      MR. STARR:  I'm going to object to the extent that

18   this calls for any sort of attorney/client

19   communication.  I am going to instruct the witness not

20   to answer pursuant to that privilege.

21      MS. SCHUMACHER:  Agreed.

22   BY THE WITNESS:

23      A.    I'm going to follow that.

24      Q.    I'm sorry?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 111

1      A.   I'm going to follow the instructions of the

2   attorney, and I am not going to answer that question.

3      MS. WEST:  Let me just make one comment, for the

4   record.  It would be my argument that since Mr. Fletcher

5   has already identified an allegation such as this in the

6   chart's letter and in his own testimony, that any

7   privilege relative to that has been waived.

8           But, Mr. Hill, I understand your response.

9      MS. SCHUMACHER:  We also have an objection on

10  attorney work product.

11  BY MS. WEST:

12     **Q.   I want to show you what we will mark as 16.**

13          **For the record, this is Fletcher 8791.  It's a**

14  **handwritten note.**

15          **Mr. Hill, do you have the document that we**

16  **marked as Exhibit 16 in front of you?**

17     A.   Yes.  I believe so, Fletcher 8791.

18     **Q.   Okay.  Sir, have you ever seen this document**

19  **before?**

20     MR. STARR:  Before he answers, I'm going to object

21  to the extent if this is attorney work product, and I

22  have not had an opportunity to review this since they

23  were produced this morning -- or not produced but

24  tendered this morning as exhibits.  I know they were

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 112

 1  originally produced by plaintiff.  If this is part of

 2  the inadvertent production, then it's subject to the

 3  clawback.  But standing alone, I'm not certain of that,

 4  so I will allow some limited probing questions about it

 5  to maybe establish a foundation.

 6       MS. SCHUMACHER:  To the extent that it violates any

 7  attorney work product I will direct Mr. Hill not -- to

 8  testify in a way that does not divulge any attorney work

 9  product or other privilege.

10  BY THE WITNESS:

11       A.   I thought the question was have I seen this

12  before?

13       Q.   **Yes.  It was.**

14       A.   All right.  No.  I don't recall seeing this.

15       Q.   **Okay.  Is this your handwriting?**

16       A.   Is it my handwriting?  No.

17       Q.   **Yes, sir.  Do you know whose handwriting it**

18  **is?**

19       A.   No.

20       Q.   **Are you familiar with Mr. Saltiel's**

21  **handwriting?**

22       A.   Not today.

23       Q.   **Does this appear to be Mr. Saltiel's**

24  **handwriting?**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 113

1      A.   I can't tell you one way or the other.

2      MR. STARR:  Foundation.

3    BY MS. WEST:

4      **Q.   Based on the note itself, does it appear to**

5    **you to be a summary of a conversation about traveling to**

6    **Mississippi?**

7      MR. STARR:  To the extent that question invades

8    attorney/client communications, it's privilege and I

9    would suggest that he not -- I would instruct him not to

10   answer.

11     MS. SCHUMACHER:   Agreed and also to the extent

12   that it invades attorney work product.

13   BY THE WITNESS:

14     A.   I won't answer the question due to the

15   instructions by the attorneys.

16     **Q.   And bear with me.  I'm going to make a record,**

17   **Mr. Hill.**

18     MS. WEST:  And, Susie, if you could mark anything

19   that I read off the document as confidential, please.

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 114

1

2

3

4      MR. STARR:  I was going to object to any

5  information being read into the record as I have done in

6  the past with exhibits that were clearly attorney/client

7  communications that were marked in some cases

8  attorney/client communications privilege at the top.

9  Again, of the thousands of documents that were produced

10  in this case by plaintiff, apparently, there was an

11  inadvertent production of both communication letters.

12  And also it appears here attorney notes of conversations

13  or work product.  It's unclear whether it's both or one

14  or the other without further review.  And so I am going

15  to object to -- you know, I think it's improper to read

16  this into the record given other objections, given our

17  clawback.  And as we previously noted, there was a

18  privileged log produced where a number of communications

19  were withheld and a number of notes were withheld.  And

20  so the fact that one in this case -- one note or two

21  notes were inadvertently produced, you know, it was

22  mistakenly done.  We have clawed them back.  And we

23  think it's improper to be used as an exhibit in the

24  deposition today.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 115

1      MS. WEST:  And, for the record, it was already
2   stated previously, but I was just going to respond to
3   Mr. Starr at this point in time that the fact that this
4   production occurred over a year and a half ago and none
5   of these documents were marked privileged.  Attorneys
6   had revised the privilege log in May of 2023, and yet
7   again failed to mark any of the documents that we are
8   using at today's deposition as privilege or confidential
9   in any manner, therefore, as my conversation with
10   counsel previously, we are going to move forward with
11   the deposition and make our record.
12      MR. STARR:  I apologize.  One brief follow-up.  I
13   assume you mean they were not withheld as privilege by
14   plaintiff's attorney because actually several of the
15   documents you put on the screen today are marked
16   privileged at the top.  They do indicate that they are
17   attorney/client privilege.  And so that goes to further
18   bolster our position that if you had to -- the fact that
19   you had these documents, noticed these documents, and
20   didn't alert us, we find that to be improper as well.
21      MS. WEST:  And, again, same response.  It's not our
22   job to do your job, to go through a document production
23   and claim the privilege that you hold.
24   BY MS. WEST:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 116

1      **Q.   Okay.  Do you have a recollection as to**
2  **whether or not your office ever attempted to obtain**
3  **credit card records for a credit card that Mr. Fletcher**
4  **used when he was in Mississippi in 1990?**
5      MR. STARR:  Same objection as to attorney/client
6  communications and attorney work product and same
7  instruction as to I would instruct the witness not to
8  answer that question because it invades the privilege --
9  multiple privileges.
10     MS. SCHUMACHER:  Agreed.
11 BY THE WITNESS:
12     A.   I'm going to follow the instructions and not
13 answer the question.
14     **Q.   I'm going to show you what we will mark as**
15 **Exhibit 17.**
16          **And, for the record, this is a letter dated**
17 **May 6, 2004, Fletcher 9252.**
18          **Mr. Hill, do you have the document that we**
19 **marked as Exhibit 17 in front of you, sir?**
20     A.   Yes.  It's Fletcher 9252.
21     **Q.   Thank you.**
22     MR. STARR:  I would note, for the record, this
23 appears to be a communication between plaintiff and his
24 prior counsel, and therefore it's attorney/client

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 117

1    privilege communications as it indicates at the top of

2    the document.  And so we object to the use of the

3    document at this deposition because it's privileged and

4    we have clawed it back.

5        MS. SCHUMACHER:  It's also attorney work product.

6    Just show further objection.

7    BY MS. WEST:

8        Q.   Mr. Hill, does this letter appear to be a

9    letter from Mr. Saltiel to Mr. Fletcher?

10       MR. STARR:  Same objection and same instruction.

11       THE WITNESS:  Was there an instruction not to

12   answer?

13       MR. STARR:  Same objections, same instructions.

14       THE WITNESS:  I will follow the attorney's

15   instructions and not answer the question.

16   BY MS. WEST:

17       Q.   If you could take a look at the last

18   paragraph, please.  If you could read that to yourself,

19   and let me know when you're finished, please.

20       A.   I read it.

21       Q.   Okay.  Based on that paragraph, do you have

22   any memory if your office sought credit card records

23   relative to Mr. Fletcher's visit to Mississippi in 1990?

24       MR. STARR:  Same objection, same instruction, plus

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 118

1    asked and answered.

2        MS. SCHUMACHER:  Agreed.  Attorney work product

3    also.

4    BY THE WITNESS:

5        A.   I have got to follow my attorney's

6    instructions and not answer the question.

7        **Q.   Mr. Hill, do you know if credit card records**

8    **or statements were even kept or maintained in December**

9    **of 1990?**

10       MS. SCHUMACHER:  Objection, to the extent it

11   implicates attorney work product.  Are you asking

12   specifically about records generally?

13       MS. WEST:  Generally.

14       THE WITNESS:  Would you read the question back to

15   me, please?

16                         (Record read as requested.)

17       THE WITNESS:  Was there an instruction not to

18   answer after that?

19       MS. SCHUMACHER:  I could object to form.  If you

20   are asking generally and it doesn't implicate attorney

21   work product, I'm okay with him answering subject to any

22   objections from Mr. Starr.  But if it's directed to this

23   case in particular and it implicates attorney work

24   product or other privileges, I would say not to answer.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 119

1      MR. STARR:  I think that Ms. West indicated it's a

2   general question, so I have no objection.

3   BY THE WITNESS:

4      A.   I don't know.

5      **Q.   If credit card records or statements were**

6   **retained by banks in 1990 and you were aware that**

7   **Mr. Fletcher used a credit card at or around the time**

8   **that he was being alleged to have committed an armed**

9   **robbery, would you have attempted to obtain credit card**

10  **records to prove he was elsewhere?**

11     MR. STARR:  Objection, to the extent that it calls

12  for a work product privilege.  I am going to instruct

13  the witness not to answer.  I think if you had asked

14  that question more generally, you would get an answer

15  and I wouldn't object.  But I think this is a specific

16  question that invades work product.

17     MS. SCHUMACHER:  Agreed.

18  BY THE WITNESS:

19     A.   I'm going to follow the instruction not to

20  answer.

21     MS. WEST:  Just for the record, since I don't think

22  I have made this clear, it's my position that my

23  position in asking these questions is that by production

24  of these documents, any privileged communication or work

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 120

1    product has been waived because they were turned over.

2    I don't think I have stated that on the record thus far

3    so I want to make that clear.

4        MR. STARR:  We obviously disagree with that.  I

5    think that's clear from the record I have made.  I am

6    not going to go back into it, but we disagree.

7    BY MS. WEST:

8        **Q.   Mr. Hill, I asked you this previously, but I**

9    **don't think I asked you the number of times.  Do you**

10   **have a recollection of the number of times you spoke**

11   **with Mr. Fletcher Sr. before the 2005 criminal trial?**

12       MR. STARR:  To the extent it calls for work

13   product, I would instruct him not to answer.

14       MS. SCHUMACHER:  Agreed.

15       MS. WEST:  I'm just looking for a number.

16   BY THE WITNESS:

17       A.   I'm going to follow the instructions of the

18   attorneys and not give an answer.

19       **Q.   Would you -- Strike that.**

20           **Was Mr. Fletcher Sr. actively involved in your**

21   **pretrial workup of Mr. Fletcher's criminal case?**

22       MR. STARR:  Objection to form and foundation to

23   that question.  And I'm not sure whether it implicates

24   work product; but if it does, I would instruct him not

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 121

1   to answer.

2        MS. SCHUMACHER:  Agreed.

3   BY THE WITNESS:

4        A.   I am going to follow the instructions not to

5   answer.

6        **Q.   Prior to the trial, did Mr. Fletcher Sr.**

7   **inform you that he contacted any eyewitnesses?**

8        MR. STARR:  Same objection, same instruction.

9        MS. SCHUMACHER:  Agreed.

10  BY THE WITNESS:

11       A.   I'm going to follow the instructions not to

12  answer.

13       MS. WEST:  Just for the record, Mr. Fletcher Sr.

14  was not a client of Mr. Hill.  He was, in fact, an

15  individual who was called at trial, therefore any

16  communications with him would not be privilege.

17       MR. STARR:  I didn't object to attorney/client

18  privilege.  I objected to attorney work product.

19       MS. WEST:  I don't believe it would be attorney

20  work product either.  It's no different than his

21  communications with Ms. Friend or Mr. Cooper or

22  Mr. Wade.

23       THE WITNESS:  Can I just take a quick break?  I

24  need to speak to Ashley.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 122

1      MS. SCHUMACHER:  Let's take a break.

2      MS. WEST:  There is no pending question.

3                          (A short break was had.)

4   BY MS. WEST:

5      **Q.  Since Mr. Fletcher's criminal trial, have you**

6   **had any conversations with Mr. Fletcher Sr.?**

7      A.  No, not that I can recall.

8      **Q.  Are you aware that Mr. Fletcher Sr. has been**

9   **in contact with some of the eyewitnesses following**

10  **Mr. Fletcher's 2005 trial?**

11     MR. STARR:  I only object to the extent that if he

12  learned that from Mr. Fletcher in communication, then

13  that would be privileged.  If he's aware of it through

14  other means, which is entirely possible in this

15  litigation, then I would let him testify to it.

16     A.  Can you give me the question one more time?

17                          (Record read as requested.)

18  BY THE WITNESS:

19     A.  I'm not aware.

20     **Q.  Are you aware that Mr. Fletcher Jr. filed a**

21  **postconviction petition in which he attached an**

22  **affidavit from his father in which his father states**

23  **that he attempted to locate and did, in fact, locate**

24  **several eyewitnesses to the underlying crime?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 123

1     A.   I'm not aware of -- that he filed such -- that

2  Mr. Fletcher filed such a paper of postconviction

3  proceedings.

4     **Q.   And I think we talked at least on this**

5  **earlier.   But Jenner & Block's representation of**

6  **Mr. Fletcher for purposes of the criminal case ended at**

7  **the time of sentencing; is that right?**

8     A.   It's difficult for me to say.   I don't know

9  the answer to that question.

10    **Q.   Let me show you a document that might help.**

11 **I'm going to go out of order here.   This is what we**

12 **previously marked as Exhibit 19.**

13         **For the record, it's Fletcher 8420.   And it's**

14 **a letter dated October 7th, 2005.**

15         **Mr. Hill, do you have this letter in front of**

16 **you?**

17    A.   I do have a letter that is Fletcher 8420 Bates

18 numbered in front of me.

19    **Q.   Thank you.**

20         **Mr. Hill, based on the first paragraph of this**

21 **document, are you able to determine when your formal**

22 **representation of Mr. Fletcher ended?**

23    MR. STARR:   I'm just going to, for the record,

24 object on attorney/client privilege.   This is a document

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 124

1   that is marked attorney/client communication.  The

2   plaintiff and defendants have previously conferred about

3   communications that happened after the representation.

4   We asserted privilege on those communications.  So I'm

5   not going to waive that communication privilege now by

6   allowing you to ask question about this.  So I am going

7   to instruct the witness not to answer any questions

8   about this document because it's been clawed back.

9         MS. SCHUMACHER:  Agreed.

10  BY THE WITNESS:

11        A.   I'm going to follow the instruction of the

12  attorneys and not give an answer to that question.

13        Q.   **Mr. Hill, do you know if another attorney took**

14  **over the representation of Mr. Fletcher's criminal case**

15  **after sentencing?**

16        A.   I don't have any personal knowledge of that.

17        Q.   **Do you know an individual by the name of**

18  **Frederick Cohen?**

19        A.   I do not.

20        Q.   **In Mr. Fletcher's case, do you have knowledge**

21  **that a motion for a new trial with the grounds that**

22  **there was ineffective trial counsel was filed on behalf**

23  **of Mr. Fletcher?**

24        A.   I know that in the criminal case such a motion

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 125

1   was filed.  I don't know any other -- I know that such a

2   claim was made, but I don't really remember, you know,

3   when and where or how it was presented.

4       **Q.   Do you recall the specific allegations that**

5   **were -- or arguments that were set forth as to why trial**

6   **counsel was ineffective?**

7       A.   I do not.

8       **Q.   Do you know what happened to that motion?**

9       A.   I do not.  I mean, I know there was an appeal

10   taken, and there was no new trial.  So I could assume

11   what happened, but I don't actually know what happened.

12       **Q.   Okay.  And I don't want to know about the**

13   **substance of any communications here, but when was the**

14   **last time you spoke with Mr. Fletcher?**

15       A.   I might have talked to Jimmie in the last year

16   or so, sometime after he was released from prison.

17       **Q.   Have you seen Mr. Fletcher in person since he**

18   **was released from prison?**

19       A.   No.

20       **Q.   Are you aware that Mr. Fletcher has obtained**

21   **affidavits from the eyewitnesses recanting the trial**

22   **testimony?**

23       A.   I believe I read something to that effect as a

24   part of the habeas decision that Judge Pallmeyer wrote;

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 126

1   but other than that, I don't have any real knowledge.

2   And she may have been recounting facts that happened

3   over the years in cases.  So that would be the only

4   thing that I read recently about the case.

5       Q.   Did you continue to follow Mr. Fletcher's

6   postconviction proceedings after your representation in

7   the underlying criminal matter ceased?

8       A.   No.

9       Q.   When did you become aware that Mr. Fletcher

10  was released from incarceration?

11      A.   I don't remember when I became aware, but it

12  was sometime after Judge Pallmeyer's habeas decision.

13      Q.   And did you learn that Mr. Fletcher was being

14  released from incarceration as a result of reading the

15  order on the habeas?

16      A.   No.

17      Q.   Did you learn it from the media?

18      A.   No.  I don't think so.

19      Q.   Did you learn that Mr. Fletcher was being

20  released from incarceration directly from Mr. Fletcher?

21      A.   I don't really recall how I found out Jimmie

22  was actually out of jail.  At the time that the habeas

23  petition was granted, there was still the possibility of

24  a retrial.  But sometime later I was informed -- I don't

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 127

1   remember how -- but I found out that Jimmie had been

2   released.

3       **Q.   When was the first time you became aware that**

4   **Mr. Fletcher had filed a civil lawsuit relative to the**

5   **Sorrell homicide that took place in December of 1990?**

6       A.   I believe it was when we got a subpoena from

7   Loevy & Loevy for documents in this case that I am being

8   deposed in.

9       **Q.   Prior to receiving that subpoena, had you had**

10  **any conversation with any of the attorneys at Loevy &**

11  **Loevy about the fact that they were filing a civil**

12  **lawsuit on behalf of Mr. Fletcher?**

13      MR. STARR:  I'm going to object to the extent that

14  it calls for any work product.  I think he can answer

15  that question generally.  But beyond that, I think if

16  you're asking any details of any conversations he had

17  with Mr. Fletcher's representation, then it's work

18  product.

19      MS. WEST:  No, not the details.  Just if you ever

20  had any conversation.

21  BY THE WITNESS:

22       A.   And specifically what is the question?

23  Allyson, you may be able to reform it without her having

24  to read it.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 128

1      Q.   I will say it again.

2           Did you have any conversations with any

3    attorney or counsel from Loevy & Loevy about the fact

4    that they were -- Strike that.  Let me try again.

5           Did you have any conversations with any

6    attorneys from Loevy & Loevy prior to receiving the

7    subpoena for documents?

8      A.   No.

9      Q.   Have you since had any conversations with any

10   attorneys from Loevy & Loevy after receiving the

11   subpoena for documents?

12     A.   I have had one conversation with Mr. Starr in

13   preparation for this deposition.

14     Q.   When did that conversation take place?

15     A.   This past Friday.

16     Q.   Was it over the telephone or in person?

17     A.   It was over Zoom.

18     Q.   I didn't ask this, did you review any

19   documents in preparation for today?

20     A.   No.

21     Q.   Did you have a conversation with

22   Mr. Fletcher -- Strike that.

23          Were you aware that Mr. Fletcher filed a

24   petition for certificate of innocence?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 129

```
 1      A.   No.
 2      Q.   I'm almost finished, sir.  I just have a
 3  couple off-topic questions for you.
 4           Do you know an individual by the name of Larry
 5  Hoover?
 6      A.   The name sounds somewhat familiar, but I can't
 7  put it in any context or anything right now.
 8      Q.   Was there ever any indication that an
 9  individual by the name of Larry Hoover was involved in
10  getting Mr. Fletcher charged for the Sorrell homicide?
11      MR. STARR:  Can you read that back?  I didn't hear
12  that question.
13                      (Record read as requested.)
14      MR. STARR:  Is there ever any indication?
15      MS. WEST:  Correct.
16      MR. STARR:  To the extent it calls for work
17  product -- and I don't know if it does -- but to the
18  extent it calls for work product, I would instruct him
19  not to answer.  But if he could answer that without
20  revealing any work product, certainly.
21  BY MS. WEST:
22      Q.   Can you answer that question, Mr. Hill?
23      A.   I can't answer the question.  I don't know
24  what the Sorrell homicide even is.  So I don't know what
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 130

 1    you're asking me, actually.

 2         Q.   **Okay.  Let's start over then.  I will**

 3    **represent to you that the armed robbery homicide that**

 4    **Mr. Fletcher was charged with was the homicide of an**

 5    **individual named Willie Sorrell.**

 6         A.   Okay.

 7         Q.   **So when I say "Sorrell homicide," I'm**

 8    **referring to the crime in which Mr. Fletcher was accused**

 9    **of and ultimately convicted of that happened in December**

10    **of 1990.  Do you understand?**

11         A.   Now, I understand who the Sorrell victim is,

12    but I don't remember the other part of the question now.

13    I apologize.

14         Q.   **I will start over.**

15              **Was there ever any indication that an**

16    **individual named Larry Hoover was involved in getting**

17    **Mr. Fletcher charged in that Sorrell homicide?**

18         MR. STARR:  Foundation, same objection and

19    instruction as before.

20         MS. SCHUMACHER:  Agreed.

21    BY MS. WEST:

22         Q.   **Can you answer the question, Mr. Hill?**

23         A.   I am going to follow the instruction and not

24    answer the question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 131

1          **Q.   Are you aware that Mr. Fletcher was in a gang?**

2          MR. STARR:  To the extent that is seeking any

3     communications, I would instruct him not to answer.  But

4     he could certainly answer if he knows about any gang

5     membership otherwise.

6     BY THE WITNESS:

7          A.   I don't know whether Mr. Fletcher was involved

8     in any gang at all.  There may have been some statements

9     or allegations by other people in the course of the case

10    to that effect, but I have no knowledge that

11    Mr. Fletcher was in a gang.

12         **Q.   Was there ever an indication that a rival gang**

13    **was involved in getting Mr. Fletcher charged with the**

14    **Sorrell homicide?**

15         A.   Was there any allegation?

16         **Q.   Let's do it that way.  Was there ever any**

17    **indication or allegation made that a rival gang was**

18    **involved in getting Mr. Fletcher charged with the**

19    **Sorrell homicide?**

20         MR. STARR:  To the extent it seeks communications

21    that he had with Mr. Fletcher, I would object on

22    attorney/client privilege.  I am not sure if that is

23    what you're asking.  But if that is an invasion of the

24    privilege, I would instruct him not to answer.  To the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 132

 1    extent that it implicates work product, again, I would
 2    instruct him not to answer.  I don't know that it does,
 3    but I want to make those objections for the records.
 4         MS. WEST:  For the record, I'm not asking about
 5    any -- Go ahead.
 6         MS. SCHUMACHER:  I just said agreed.
 7    BY MS. WEST:
 8         Q.   **I don't want to know about any conversations**
 9    **that you would have had with Mr. Fletcher about this.**
10         A.   I am sorry.  I totally had forgotten what the
11    question is.  I thought it was going to come back to me
12    and it never did.
13         Q.   **That is okay.  It's been a long day.  Let me**
14    **ask this again.**
15              **Was there ever any indication or allegation**
16    **made that a rival gang was involved in getting**
17    **Mr. Fletcher charged in the Sorrell homicide?**
18         A.   And then we excluded conversations with
19    Mr. Fletcher?
20         Q.   **Correct.**
21         A.   So to be honest with you, I can't answer that
22    question because I don't remember exactly what was said
23    and who it was said by.  I can't answer that question
24    because it would implicate -- it may implicate

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 133

 1   privilege, but I really don't know.

 2       Q.   At the time of trial were photographs that

 3   were used during the 2002 photo array introduced as

 4   exhibits?

 5       A.   I don't recall.

 6       Q.   Do you recall there being an issue at all

 7   during the trial about not having the 1995 photo array

 8   that was shown to the eyewitnesses?

 9       A.   I do vaguely remember an issue about that.

10       Q.   What do you recall?

11       A.   Well, not much more than what you said.  I

12   think there was -- I can't remember whether it was

13   missing pictures or whether they didn't have the exact

14   set of things they used that they showed witnesses, but

15   I know there was some discrepancy, and we did not have

16   available to us certain of the evidence that was used in

17   the photograph lineup.

18       Q.   Do you recall specifically what photos you

19   didn't have access to?

20       A.   I don't recall the specifics of that.

21       Q.   Do you recall if the State had access to

22   photographs from the 1995 photo array?

23       A.   I don't recall that or know that.

24       Q.   I'm going to show you one final exhibit here,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 134

1    **which we will mark as Exhibit 20.**

2           **For the record, it is Fletcher 8414.  And it**

3    **is an October 16th, 2007 letter.**

4           **Do you have this document in front of you,**

5    **sir?**

6        A.   I do.

7        MR. STARR:  I'm going to object.  This document

8    appears to resemble other communications that we

9    previously marked as privileged that exists between

10   Mr. Fletcher and his counsel -- previous counsel --

11   documents that we have previously indicated are

12   privileged and conferred about with defense counsel in

13   this case.  So this document like others in this

14   deposition is subject to the clawback.

15       MS. SCHUMACHER:  Agreed.

16       MS. WEST:  Same position for me.

17   BY MS. WEST:

18       **Q.   Do you see the second paragraph, Mr. Hill?  I**

19   **just want to direct your attention to that.  Do you see**

20   **a Detective Gilger, his name in that paragraph?**

21       A.   Yes, I see it.

22       MR. STARR:  I would instruct the witness not to

23   testify about this document given it's been clawed back.

24   BY MS. WEST:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 135

 1    **Q.   Do you recall ever having a conversation with**
 2  **a Detective Gilger?**
 3       MS. SCHUMACHER:  Agree to Mr. Fletcher's counsel's
 4  objections regarding this document for work product.
 5  BY MS. WEST:
 6       **Q.   Let me get it down.   Independent of this**
 7  **document, do you recall having a conversation with a**
 8  **Detective Gilger?**
 9       A.   No.
10       **Q.   Do you ever remember seeing that document that**
11  **is in front of you that states in that same paragraph**
12  **that the government did not have the 1995 photos.   They**
13  **did not produce them?**
14       MR. STARR:  Same objection, same instruction.
15       MS. SCHUMACHER:  Agreed.
16  BY THE WITNESS:
17       A.   I'm going to following the instructions of the
18  attorneys.
19       **Q.   Mr. Hill, you did have access to the 2002**
20  **photo array at the time of trial, correct?**
21       A.   I don't recall what we had access to and what
22  year it was related to when things were shown.  I don't
23  have a recollection of that.
24       **Q.   Do you have a recollection of whether**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 136

1   **photographs from a photo array were introduced by any**

2   **party at trial?**

3       A.   I don't have any recollection of what was

4   introduced at trial at this point with regard to photo

5   arrays.

6       MS. WEST:  Those are all of the questions that I

7   have for you.  Thank you very much for your time today.

8           Some of the other attorneys may have questions

9   for you.

10      MR. BURNS:  Good afternoon.  I don't have any

11  questions.

12      MR. STARR:  I may have just a handful of questions,

13  but can we take a short five-minute break?

14                      (A short break was had.)

15                      EXAMINATION

16  BY MR. STARR:

17      Q.   **Mr. Hill, good afternoon.  Thank you for being**

18  **here.  As you know, I am plaintiff's attorney.  My name**

19  **is Sean Starr.  I represent Mr. Fletcher.  You**

20  **referenced the habeas decision.  You had read the habeas**

21  **decision in Mr. Fletcher's case at some point; is that**

22  **correct?**

23      A.   That's correct.

24      Q.   **And so you're aware that Mr. Fletcher's**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 137

 1    conviction was thrown out essentially, correct?

 2        A.   Yes.

 3        Q.   And then Ms. West asked you about Mr. Fletcher

 4    filing a petition for certificate of innocence.  Are you

 5    aware that Mr. Fletcher did, in fact, receive his

 6    certificate of innocence?

 7        A.   I don't think I was aware of it.  If I was, I

 8    didn't recall it.

 9        Q.   Okay.  So I will represent to you that he has

10    received his certificate of innocence.  Are you familiar

11    with what that document is or what that certificate is?

12        A.   I don't think so.

13        Q.   Okay.  If I represented to you that it's a

14    court order that indicates that the individual who was

15    previously convicted of a crime was innocent of that

16    crime, does that make sense to you?

17        MS. WEST:  Objection to foundation and form.

18    BY THE WITNESS:

19        A.   It does make sense to me.

20        Q.   And you did know that Mr. Fletcher has filed a

21    federal civil rights lawsuit alleging among other things

22    that the detectives in this case conspired to frame him

23    for a murder he did not commit, correct?

24        A.   I am aware of that.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 138

1      Q.   And, Mr. Hill, during your representation of

2   Mr. Fletcher during the criminal proceedings as his

3   criminal defense attorney, you did everything in your

4   power to properly and fully defend Mr. Fletcher,

5   correct?

6      A.   Yes.

7      Q.   Are you aware that Mr. Fletcher alleges that

8   material exculpatory evidence was suppressed by the

9   police during the course of their homicide

10  investigation?

11     MS. WEST:   Objection to foundation and time period.

12  BY THE WITNESS:

13     A.   I'm not sure that I'm aware of that particular

14  allegation.

15     Q.   Mr. Hill, let me ask this, during your

16  representation of Mr. Fletcher during the criminal

17  proceedings, did you do everything in your power to

18  access any and all evidence the Chicago Police

19  Department possessed regarding their investigation into

20  the homicide and Mr. Fletcher?

21     A.   Yes.

22     Q.   At any point in your representation of

23  Mr. Fletcher, were you made aware of any material

24  exculpatory evidence that was being suppressed by the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 139

1   **Chicago Police Department?**

2        A.   No.   I don't believe so.   I mean, we know that

3   there had been this Terry Rogers character who never

4   materialized, but it seemed that it didn't seem to me

5   that the State was necessarily hiding him, but he was

6   unavailable.

7        **Q.   And you represented Mr. Fletcher as if he was**

8   **innocent of the crimes that he was eventually convicted**

9   **for, correct?**

10       A.   Yes.

11       **Q.   And during your representation of Mr. Fletcher**

12  **you were -- Strike that.**

13            **You were previously asked about filing a**

14  **couple of motions during your representations of**

15  **Mr. Fletcher.  Do you remember those questions?**

16       A.   Yes.   Generally.

17       **Q.   Okay.   One of the motions you filed was a**

18  **motion to suppress identifications and bar in-court**

19  **testimony of the witnesses that identified Mr. Fletcher,**

20  **correct?**

21       A.   That sounds, you know, accurate.   I don't

22  remember the specifics of all of the motions that we

23  filed.

24       **Q.   And those motions to suppress were based on**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 140

1   **allegations that Mr. Fletcher's constitutional rights**

2   **had been violated; is that right?**

3       A.   Certainly we filed some motions directed at

4   his constitutional rights.  In particular, the right to

5   cross-examine Terry Rogers or have his testimony

6   excluded for the trial --

7       Q.   **I'm sorry.  I didn't mean to interrupt you.**

8       A.   -- prior to trial.

9       Q.   **The motions that you filed alleging violations**

10  **of Mr. Fletcher's constitutional rights, you did that**

11  **because you believe his constitutional rights have been**

12  **violated, correct?**

13      A.   Absolutely.

14      Q.   **And you previously testified that you're**

15  **familiar with your cocounsel Joseph Saltiel who worked**

16  **on Mr. Fletcher's defense, correct?**

17      A.   Yes.  I know Joseph Saltiel.

18      Q.   **Do you have an independent recollection of the**

19  **work you and Mr. Saltiel did in the Fletcher case?**

20      A.   Do I have a recollection of our work on this

21  case?

22      Q.   **Of working with him?**

23      A.   Yes.  I certainly remember working with him on

24  the case.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 141

1      Q.   Do you have any opinion of Mr. Saltiel's work

2  on Mr. Fletcher's criminal defense case?

3      A.   Mr. Saltiel did a great job on Mr. Fletcher's

4  case, worked very hard, was diligent with respect to

5  Mr. Fletcher's case.

6      Q.   Is your opinion that Mr. Saltiel's work on

7  Mr. Fletcher's case consistent with your opinion of his

8  work as an attorney in general?

9      A.   Yes.

10      Q.   And as you sit here right now to date, are you

11  aware of everything that the Jenner -- Strike that.

12          As you sit here today, are you aware of

13  everything that Jenner disclosed in response to the

14  subpoena in the civil case?

15      A.   No.  I'm not aware of everything that was

16  disclosed in the civil case -- in this civil case.

17      Q.   And you were shown a number of documents

18  today.  Some of them were objected to; is that correct?

19      A.   Yes.

20      Q.   And you're not waiving any privilege over the

21  work product that may or may not have been in that file

22  that was tendered in response to that subpoena, correct?

23      A.   That's correct.

24      Q.   Prior to Mr. Fletcher's criminal trial, do you

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 142

1    **recall whether or not you were made aware of any pattern**

2    **and practice of misconduct by the police that**

3    **investigated the underlying homicide?**

4         A.    I wasn't aware of any pattern of misconduct

5    with respect to the police officers that were involved

6    in the case at the time of the trial.

7         **Q.    Do you recall whether or not you subpoenaed**

8    **any of the disciplinary history of any of the officers**

9    **involved in the investigation?**

10        MS. WEST:  Objection to foundation.

11   BY THE WITNESS:

12        A.    I don't recall.

13        **Q.    Let me ask you this, would it have been a**

14   **normal part of your work during your time doing criminal**

15   **defense to automatically subpoena a disciplinary history**

16   **to any police officer involved in an underlying**

17   **investigation?**

18        A.    I don't recall.  We generally approach -- I

19   generally approach that on a case-by-case basis.

20   Certainly in a number of criminal cases that I have been

21   involved in, the defense that was available and

22   applicable didn't necessarily hinge upon that.  But I

23   have some awareness of some procedures to do that.

24        **Q.    Fair enough.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 143

1          And in a case where you had been made aware of

2     a pattern and practice of misconduct, is that a case

3     where you would have on a case-by-case basis probably

4     subpoenaed the disciplinary histories of the officers

5     involved?

6          MS. WEST:  Objection to form.

7     BY THE WITNESS:

8          A.    Yes.

9          Q.    So if you had known about any of the officers

10    involved in the Willie Sorrell homicide investigation

11    pattern and practice of misconduct back in 1995, would

12    you have likely subpoenaed their disciplinary history

13    during your representation of Mr. Fletcher?

14         MS. WEST:  Foundation.

15    BY THE WITNESS:

16         A.    I believe that is the case, yes.

17         Q.    And in retrospect, do you wish you had known

18    about the officers involved in the Willie Sorell

19    homicide pattern and practice of misconduct during your

20    representation of Mr. Fletcher?

21         MS. WEST:  Objection to form and calls for

22    speculation.

23    BY THE WITNESS:

24         A.    I wish that we had available to us all of the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 144

1  evidence and all of the witnesses that had knowledge of

2  what had gone on in the case and including any practices

3  of misbehavior.  I think it would have been helpful to

4  the case.

5      **Q.   If you had been made aware of a pattern and**

6  **practice of misconduct by the officers who investigated**

7  **the Sorrell homicide, might it have affected the way you**

8  **investigated the case?**

9      A.   It's a hypothetical, but presumably, yes, we

10  would have taken a look at all of the facts and

11  circumstances and would have acted accordingly.

12      **Q.   If you had been made aware of a pattern and**

13  **practice by the officers and detectives that**

14  **investigated the Sorrell homicide, might that have**

15  **affected the way in which you launched your criminal**

16  **defense of James Fletcher?**

17      MS. WEST:  Foundation and speculation.

18  BY THE WITNESS:

19      A.   Yes.  Absolutely.

20      **Q.   And do you think if you had been made aware of**

21  **the fact that the officers -- Strike that.**

22      **If you think you had been made aware that the**

23  **detectives involved in the Sorrell homicide had a**

24  **pattern and practice of misconduct, there is a**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 145

 1    possibility that might have affected the verdict in the

 2    James Fletcher case?

 3        MS. WEST:  Objection to form, foundation, calls for

 4    speculation, legal conclusion.

 5    BY THE WITNESS:

 6        A.   Yes.

 7        Q.   And you did, in fact, serve a number of

 8    subpoenas in your crime defense of James Fletcher,

 9    correct?

10        A.   I believe that is the case, but I don't have a

11    specific recollection of the subpoenas we served.

12        Q.   And if you had served subpoenas during

13    representation of Mr. Fletcher, you would have done so

14    in attempt to make sure that you had gotten all of the

15    relevant evidence that you needed in order to conduct

16    your investigation and mount your defense for James

17    Fletcher, correct?

18        A.   Yes.

19        Q.   And if you did, in fact, serve subpoenas, you

20    would have made every effort to make sure that those

21    subpoenas were properly responded to, correct?

22        A.   Yes.

23        Q.   Do you recall having any basis to believe that

24    you did not receive any of the documents that were

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 146

1    responsive to the subpoenas you served in the James

2    Fletcher case from the Chicago Police Department?

3        A.   As I sit here today, I don't recall being

4    aware of anything that was sufficient with respect to

5    what we received.

6        Q.   Do you know -- Other than what you were able

7    to learn from police reports, do you know what

8    Detectives Bogucki and Schalk said to the witness Edward

9    Cooper during their investigation of the Willie Sorrell

10   homicide?

11       MS. WEST:  Objection to foundation.

12   BY THE WITNESS:

13       A.   Other than what would have been in the police

14   reports we have, I would have no knowledge of anything

15   that they would have said to Mr. Cooper during the

16   investigation.

17       Q.   Is that also true about any other police

18   officers and what they may have said to Mr. Cooper

19   during the investigation?

20       A.   Yes.  The same would apply.

21       Q.   If Mr. Cooper had told Detectives Bogucki and

22   Schalk that he could not identify anyone in the photo

23   array that they showed him, do you think that is

24   something that should have been documented in a police

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 147

1    **report?**

2        A.    Absolutely.

3        MS. WEST:  Objection, calls for speculation.

4        MR. BURNS:  Foundation.

5    BY MR. STARR:

6        **Q.    If Detectives Bogucki and Schalk had pointed**

7    **out Mr. Fletcher's photograph to Mr. Cooper, is that**

8    **something that they should have disclosed to the**

9    **criminal defense during the Fletcher trial?**

10       A.    Absolutely.  It's exculpatory at a minimum.

11       **Q.    If Detectives Bogucki and Schalk had**

12   **improperly coerced Mr. Cooper to identify Mr. Fletcher,**

13   **is that something you would like to have known as his**

14   **criminal defense lawyer?**

15       A.    Absolutely.  It goes to the credibility of

16   Mr. Cooper's testimony.

17       **Q.    If Detectives Bogucki and Schalk had taken**

18   **notes of their interview with Mr. Cooper and the**

19   **information in those notes differed from the information**

20   **that they put in their police reports, is that something**

21   **that you would have liked to have had turned over to you**

22   **during your representation of Mr. Fletcher?**

23       A.    Yes.  If such a thing existed, that would have

24   been good to have.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 148

1      **Q.   If those notes that -- Strike that.**

2           **If those notes had, in fact, conflicted with**

3      **the police reports, is that information that could have**

4      **affected the way in which you investigated this case?**

5           MS. WEST:  Objection, foundation, misstates

6      evidence.

7      BY THE WITNESS:

8           A.   I believe so.

9           **Q.   If you had learned that Chicago Police had**

10     **failed to document that Mr. Cooper had been unable to**

11     **identify anyone and had told him he could not identify**

12     **anyone, is that something that could have potentially**

13     **affected the way in which you investigated this case and**

14     **defended Mr. Fletcher?**

15          MS. WEST:  Objection, based on --

16     BY THE WITNESS:

17          A.   Yes.

18          MS. WEST:  -- on the extent it misstates the

19     evidence in the record.

20     BY MR. STARR:

21          **Q.   If you learned that information, would that**

22     **information have potentially affected any pretrial**

23     **motions you might have filed?**

24          MS. WEST:  Same objection.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 149

1   BY THE WITNESS:

2       A.   Yes.

3       Q.   **Mr. Hill, do you have any recollection of**

4   **learning that Mr. Cooper met with the detective before**

5   **he participated in viewing the lineup in this case?**

6       A.   No.  I'm not aware of that.

7       Q.   **Did you ever learn that the detectives told**

8   **Mr. Cooper how to remember Mr. Fletcher during his**

9   **participation in viewing the lineup?**

10      MS. WEST:  Objection, misstates evidence.

11  BY THE WITNESS:

12      A.   No.

13      Q.   **If Detectives Bogucki and Schalk had, in fact,**

14  **met with Mr. Cooper and told Mr. Cooper how to remember**

15  **Mr. Fletcher during a lineup, is that something that you**

16  **would expect should be documented in a police report?**

17      MR. STARR:  Objection to foundation.

18  BY THE WITNESS:

19      A.   Certainly.

20      Q.   **And if Detectives Bogucki and Schalk had**

21  **unduly influenced the lineup identification of**

22  **Mr. Fletcher, is that something that you would want to**

23  **have known during your criminal defense of Mr. Fletcher?**

24      A.   It would have been very helpful to know that.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 150

1   Q.   And could that -- I apologize.  I interrupted

2   you.  I'm sorry, sir.

3   A.   I just said during the investigation was the

4   last phrase.

5   Q.   And that brings me to my next question.  Would

6   that information if you had learned that Detectives

7   Bogucki and Schalk had unduly influenced the lineup, is

8   that something that might have affected the way you

9   investigated the case?

10   A.   Yes.

11   Q.   Is that something that might have affected the

12   way in which you mount your criminal defense of

13   Mr. Fletcher during his trial?

14   A.   Yes.

15   Q.   And is that something that could have impacted

16   the potential pretrial motions you may have filed with

17   the court?

18   A.   Absolutely.

19   Q.   Okay.  Sir, do you know what Detectives

20   Bogucki and Schalk said to the witness Sheenee Friend

21   about the Sorrell homicide?

22   A.   I don't have a specific recollection as I sit

23   here now.  We had whatever was available to us and

24   police reports and what they testified to.  So that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 151

1    would be the extent of my knowledge.

2        Q.   Right.  And so you had police reports to

3    review and you had whatever Ms. Friend said on the stand

4    when she testified, correct?

5        A.   That's correct.

6        Q.   And you previously testified in this

7    deposition that you recall Ms. Friend approaching you in

8    open court and saying something to the effect that she

9    wasn't sure about whether or not Mr. Fletcher was the

10   shooter; is that correct?

11       MS. WEST:  Objection, misstates his prior

12   testimony.

13   BY THE WITNESS:

14       A.   I am not sure if she approached me or I

15   approached her.  We did have a conversation or an

16   exchange in court at least once.

17       Q.   And did Ms. Friend at that point say anything

18   to you about what Detective Schalk and Bogucki had said

19   to her?

20       A.   No, not specifically.  She did not say.

21       Q.   You don't know what any other Chicago police

22   officers said to Ms. Friend about the Sorrell murder

23   investigation, do you?

24       A.   I do not, no.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 152

1      **Q.   And if Ms. Friend had, in fact, told the**
2  **police detectives that she was completely unable to**
3  **identify Mr. Fletcher in the original photo array she**
4  **was shown, is that something that you would expect to be**
5  **documented in a police report?**
6          MS. WEST:  Objection to foundation.
7  BY THE WITNESS:
8          A.   In a perfect world, yes.
9      **Q.   If Ms. Friend during her photo array had**
10  **indicated that she couldn't identify anyone and the**
11  **police had pointed out a photo and asked her to identify**
12  **that person, is that something that you would expect to**
13  **be documented in a police report?**
14         MS. WEST:  Same objection.
15  BY THE WITNESS:
16         A.   Yes.
17     **Q.   And so if Detectives Bogucki and Schalk had**
18  **done those things and they had improperly coerced**
19  **Ms. Friend to identify Mr. Fletcher, is that something**
20  **you would have liked to have known during criminal**
21  **representation of Mr. Fletcher, sir?**
22         MS. WEST:  Objection, foundation, misstates facts
23  in evidence.
24  BY THE WITNESS:

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 153

1    A.   Yes.  It would have been something I would

2  have liked to have known and have documented and been

3  able to use.

4    **Q.   And if the police had, in fact, conducted that**

5  **interview with Ms. Friend and documented that interview**

6  **in which she was unable to identify Mr. Fletcher and**

7  **taken notes on that, and those notes conflicted the**

8  **police report that they ultimately filed in this case,**

9  **would you have liked to have known that, sir?**

10   A.   Absolutely.

11   MS. WEST:  Objection to form, foundation.

12  BY MR. STARR:

13   **Q.   Could that information have affected the way**

14  **you investigated this case?**

15   MS. WEST:  Speculation.

16  BY THE WITNESS:

17   A.   Yes.

18   **Q.   And could that information have affected the**

19  **way in which you launched your criminal defense of**

20  **Mr. Fletcher?**

21   MS. WEST:  Same objection.

22  BY THE WITNESS:

23   A.   Yes.

24   **Q.   Could that information have affected any**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 154

1  possible pretrial motions you may have filed in this

2  case?

3      A.   Certainly.  You would hope that I wouldn't

4  have had to file any pretrial motions because the

5  State's Attorney would have dismissed the case.

6      Q.   And so I guess my next question is -- I think

7  you answered it, but could that information have

8  affected the outcome of this trial?

9      A.   Certainly.

10     Q.   Okay.  And do you think that Mr. Fletcher --

11  the verdict in Mr. Fletcher's crime trial was accurate?

12     A.   No.

13  MR. STARR:  I have no further questions.

14  MS. WEST:  I do.

15          I will try to be brief, Mr. Hill.

16                  FURTHER EXAMINATION

17  BY MS. WEST:

18     Q.   Counsel just asked you some questions about

19  Terry Rogers.  Do you have any reason to believe that

20  the State was hiding Mr. Rogers from you or failing to

21  produce him at trial?

22  MR. STARR:  Objection to form, foundation,

23  mischaracterizes the prior question that I asked.

24  BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 155

1      A.   I don't know what the State was doing with

2   respect to Terry Rogers.  What was told to me is they

3   are trying to find him and they never did find him.

4      **Q.   And, in fact, you previously testified that on**

5   **occasion the State said, in fact, that they weren't**

6   **ready for trial because they were still attempting to**

7   **locate witnesses, correct?**

8      A.   I believe that there were some continuances

9   that were based on the unavailability of witnesses

10  including Terry Rogers and I believe sometimes also

11  Sheenee Friend.

12     **Q.   And you and your firm were unsuccessful in**

13  **locating Mr. Rogers, correct?**

14     A.   I did not ever locate Mr. Rogers.

15     **Q.   And your firm made attempts to locate**

16  **Mr. Rogers, correct?**

17     MR. STARR:  I think that goes into work product.  I

18  am going to object and instruct him not to answer.

19  BY THE WITNESS:

20     A.   I'm going to follow my attorney's instruction.

21     MS. WEST:  There is a letter, the ASA, the one I

22  previously used where they talked about communications

23  for trying to locate Rogers.  If you would like me to

24  pull that up and find what I am talking about, but I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 156

1    don't think there is anything that is privileged.

2        MR. STARR:  If that is correct, I will withdraw

3    that objection.  I don't recall that.  If you're

4    representing that, I will withdraw that objection.

5    BY THE WITNESS:

6        A.   I'm not sure what the question was, but we

7    never were able to locate Terry Rogers.

8        Q.   **The question was whether or not you had taken**

9    **any attempts to locate him?**

10       A.   As I sit here today, I recall that we did.  I

11   couldn't give you the specifics of that.

12       Q.   **Did the State indicate to you that they had**

13   **difficulty locating Mr. Rogers as well?**

14       A.   I don't remember what they said about locating

15   him.  There seemed to be some -- from what I recall,

16   some indication that maybe he was in Mississippi

17   somewhere, but he never showed up.  And, you know, I

18   think the state had some interest -- or maybe they

19   didn't because of all of the facts I know now.  But

20   based on what I understood the facts to be back before

21   the trial, I thought that the State had an interest in

22   bringing Terry Rogers in because he was at least in all

23   of the records indicated as the person who first

24   identified Fletcher as being some type of perpetrator,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 157

1   but maybe -- The State obviously knew more than I knew
2   at that point in the case.
3          Q.   And it's your understanding that Mr. Rogers
4   was an out-of-state witness at the time of trial,
5   correct?
6          A.   I have a vague recollection of statements
7   being made that he was somewhere in Mississippi.
8          Q.   Okay.  And do you have a memory of the State
9   advancing a motion for the Court to enforce an
10  out-of-state subpoena on an out-of-state witness?
11         A.   I don't have any particular recollection of
12  that.  It may have happened, but I don't have a
13  particular recollection of that.
14         Q.   And, Mr. Hill, as a lawyer, you know that you
15  can't enforce a subpoena from another jurisdiction upon
16  an individual who was not residing within that
17  jurisdiction, correct?
18         A.   I know there are some rules regarding
19  subpoenas, they vary by state and by what the issues
20  are, I believe, as well, so I can't say for certain
21  whether he was out of the subpoena power of Illinois,
22  but I do know there are some vagaries with respect to
23  subpoenas then trying to reach people who are out of
24  state.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 158

1      **Q.   And counsel asked you about documents that**
2  **were tendered from Jenner & Block as a result of the**
3  **subpoena.   Generally, do you recall him asking you**
4  **questions about that?**
5      A.   Generally, I remember there were questions
6  about documents and they obviously came from Jenner's
7  files.
8      **Q.   So you are aware that documents were produced**
9  **from your firm, correct?**
10     A.   I'm aware that my firm produced documents to
11  Loevy & Loevy in response to a subpoena.
12     **Q.   Are you aware that those documents were**
13  **strategically produced to Loevy & Loevy in order for**
14  **Loevy & Loevy to conduct a privileged review of those**
15  **documents prior to tendering them in discovery?**
16     MR. STARR:  Objection to form.
17     MS. SCHUMACHER:  Agreed.
18  BY THE WITNESS:
19     A.   What was the question?
20     **Q.   Sure.**
21         **Are you aware that those documents were**
22  **strategically tendered to Loevy & Loevy for a privileged**
23  **review to be conducted prior to the documents being**
24  **transmitted in discovery in this current litigation?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 159

1      MR. STARR:  Form and I'm going to add foundation.

2  BY THE WITNESS:

3      A.  I don't know the specifics.  I was served with

4  the subpoena.  I spoke to my wonderful firm counsel and

5  lawyers about that.  And I knew that there would be a

6  privilege review as there typically should be with all

7  document productions.  But the specifics of what it was

8  and who was doing what, thankfully were hidden from me

9  and not something I was concerned with.

10     **Q.  Do you have an understanding that Loevy &**

11  **Loevy was the law firm that was conducting that**

12  **privileged review?**

13     MR. STARR:  Same objections.

14     MS. SCHUMACHER:  Agreed.

15  BY THE WITNESS:

16     A.  I don't know that I knew the specifics of that

17  at all.  I knew that we were asked to produce some

18  documents.  And these documents were going to be

19  collected and produced and would be reviewed for

20  relevance and privilege and other things by someone.

21  But who would do it, I wasn't privy to.

22     **Q.  You weren't asked to do a privilege review,**

23  **correct?**

24     A.  Thankfully, no.  I was not asked to do a

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 160

1  privilege review.

2      Q.   **Do you know whether or not any documentation**

3  **was withheld by the Chicago Police Department relative**

4  **to their investigation into the Willis Sorrell homicide?**

5      A.   I don't know what documents were withheld

6  related to the Sorrell investigation.

7      Q.   **Do you have any reason to believe that you**

8  **didn't have the universe of documents from either**

9  **Chicago Police Department or the State's Attorney's**

10 **Office prior to trying the criminal case in 2005?**

11     A.   You know, what I recall is that we thought we

12 had all of the documents that they needed to produce and

13 were required to produce.  If we thought that we didn't,

14 I think we would have tried to get the documents.  So,

15 yeah, we were under the belief that the State was acting

16 in good faith, that the police were acting in good

17 faith, that we were being provided the correct

18 information and used that as a basis to mount a defense.

19     Q.   **And no evidence was used against Mr. Fletcher**

20 **in trial that hadn't previously been identified by the**

21 **State, correct?**

22     A.   Well, you know, there had been -- Evidence had

23 been excluded by the judge in particular with regard to

24 Terry Rogers because he was unavailable for

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 161

1   cross-examination.  And the State nonetheless introduced

2   that evidence in spurts over the course of the trial is

3   the way that I recall it.  So I don't know if that is

4   responsive to your question or not.  But the State

5   certainly had, you know, some amount of ability to

6   effect what was presented in terms of evidence.  And in

7   spite of what I recall was a motion to exclude testimony

8   based on the 6th Amendment, the State still got that

9   evidence in, partly from the police officers.

10      **Q.   And you had access to police reports where**

11  **Terry Rogers was identified, correct?**

12      A.   I had police reports that identified Terry

13  Rogers, yes.

14      **Q.   And those documentations were either given to**

15  **you from the Chicago Police Department or the State,**

16  **correct?**

17      A.   I believe that is correct.

18      **Q.   And the evidence that was introduced at trial**

19  **over your objection relative to Terry Rogers was**

20  **evidence that you had prior to trial, correct?**

21      A.   No.  I don't know that that is correct.

22      **Q.   What was the evidence that was introduced at**

23  **trial that you didn't have in pretrial relative to**

24  **Mr. Rogers?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 162

1      A.   Well, I'm not sure if we had actually the

2  testimony as it came out of the police officers before

3  trial.  We didn't have access to them other than their

4  reports as I recall.  So I can't say that for sure one

5  way or the other.  Now you can go and scour a transcript

6  and see what you find.  You have got all of the records

7  now, but that is not my impression.

8      **Q.   Let me ask it this way:  Was there any piece**

9  **of paper or document that was introduced relative to**

10 **Terry Rogers that you didn't have access to prior to the**

11 **trial?**

12     A.   I don't know.  I don't know, quite frankly.  I

13 don't know what they had on Terry Rogers.

14     **Q.   Did you issue a separate subpoena for any**

15 **documentation relative to Terry Rogers and his criminal**

16 **background with the Chicago Police Department?**

17     A.   I don't recall the specifics of that.  I

18 remember reading in one of the agreements, and I know

19 from some other criminal cases, that the State's

20 attorneys typically provide all of the information

21 regarding the witness's right before trial including all

22 of their arrest records, which back at that time I don't

23 think were the same as the type of records we could get

24 ourselves.  So I don't know because Terry Rogers never

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 163

1    showed up to trial.  I'm not sure.  I can't say for

2    certain what we viewed with regard to Terry Rogers

3    because by the time we got to trial and we got some

4    information about arrest and that sort of thing, it was

5    pretty clear he wasn't going to be a witness.

6         **Q.   And as a part of your motion for discovery,**

7    **the universe of the documents that you just spoke about,**

8    **criminal background, any evidence that supported the**

9    **witnesses involved in any underlying investigation all**

10   **would have been subject to the defense's motion for**

11   **discovery that was propounded on the State, correct?**

12        A.   As far as I know sitting here, there was a

13   request for discovery that should have turned over the

14   relevant information.

15        **Q.   Okay.  And I know we touched on this briefly**

16   **earlier.  Among that motion for discovery, there would**

17   **have been a request for any exculpatory information as**

18   **well, correct?**

19        A.   You would have to go and look at the motion.

20   I haven't read it, but I know that there is a

21   constitutional requirement that exculpatory evidence be

22   given over to the criminal defendants.

23        **Q.   I just want to be clear.  I am not sure I**

24   **heard your testimony correctly.  At the time of trial,**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 164

1   **were you made aware of or given any information about an**

2   **allegation that there was a pattern and practice of**

3   **misconduct by any of the detectives involved in the**

4   **investigation?**

5       MR. STARR:  Asked and answered.

6   BY THE WITNESS:

7       A.   Obviously things have happened over a period

8   of time.  The best I can recall going back -- Ask your

9   question.  Let me hear the question again.

10      MS. WEST:  Can you read it back?

11                  (Record read as requested.)

12  BY THE WITNESS:

13      A.   No.  I don't remember receiving any such

14  information.

15      **Q.   Do you have any reason to believe that you**

16  **didn't have all of the relevant information and evidence**

17  **at the time of trial?**

18      MR. STARR:  Objection, asked and answered.

19  BY THE WITNESS:

20      A.   At the time of trial, I didn't have any reason

21  to believe that.  I mean, there are facts that come out

22  subsequent to the trial regarding some of the behaviors

23  of these officers that suggest otherwise.  You know,

24  whether that is documented in papers, I don't know.  But

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 165

1    there certainly has been more information that has come

2    out over a period of time that reflects the truth of

3    what was happening back before trial.

4         Q.   And who is the source of that information?

5         A.   The information I referred to in my answer?

6         Q.   Yes.

7         A.   There has been public and news reports and

8    other information that has come out, I think, about

9    these officers, in particular about the patterns and

10   practices of the police department in general, and about

11   certain officers.

12        Q.   And specific to these detectives -- and when I

13   say these detectives, I am referring to Detective

14   Bogucki and Detective Schalk.  What source are you

15   relying on when you're saying that new things have come

16   to light since the case?

17        A.   My major source is Judge Pallmeyer's report

18   for granting the motion.  I can't think of the term now.

19   I should have had food earlier.  But, you know, that and

20   other things.  I haven't done any research on these

21   officers to see what all of the information is, but the

22   suggestion is that they have been involved in pattern

23   and practices before with regard to other cases.  I

24   think that is documented in the press, but I didn't do a

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 166

1   research project on it or try to document it for this

2   particular deposition.  But that's my understanding.

3   Also in the context of the world that we live in where

4   there is plenty of patterns and history of police

5   misconduct.

6        **Q.   Okay.  And you haven't done any independent**

7   **investigation into the allegations against**

8   **Detectives Bogucki and Schalk relative to a pattern and**

9   **practice of misconduct, correct?**

10       A.   I haven't done any personal investigation.  I

11  have relied upon the reports and the press that reflect

12  I believe some court actions and other things against

13  these particular officers.

14       **Q.   Ms. Friend, she never testified at trial that**

15  **the police told her to pick out Mr. Fletcher in the**

16  **photo array or the lineup, correct?**

17       A.   To the best of my knowledge, she did not

18  testify to that at the trial.

19       **Q.   And when you spoke with Ms. Friend in court,**

20  **she never indicated to you that the detectives told her**

21  **to pick out Mr. Fletcher in the photo array or the**

22  **lineup, correct?**

23       MR. STARR:  Asked and answered.

24  BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 167

1     A.   I'm not sure what you're -- I'm not sure what
2  you're trying to elicit in that particular question.
3  You know, Ms. Friend, as I think I indicated earlier,
4  indicated some doubt about whether it was Fletcher or
5  not in some of the conversations that I had with her;
6  but this woman was brought into court, you know, every
7  so often when they -- there was a trial date and she was
8  in the custody of the police is basically the only way
9  they got her to trial.  And ultimately at trial she
10 said, you know, that Fletcher was the guy.  I believe
11 she said she was a hundred percent sure despite the fact
12 she couldn't identify a characteristic or a piece of
13 clothing on the other perpetrator who supposedly
14 committed this crime.  So, you know, I am not sure what
15 you're searching for with regard to Ms. Friend, but the
16 circumstances she was under was clearly duress from my
17 observation coming to court and seeing her at trial.
18     **Q.   Counsel asked you some questions about**
19 **Mr. Cooper.  And he asked you whether or not Mr. Cooper**
20 **indicated that the police -- Strike that.**
21     **Counsel asked you a question about Mr. Cooper**
22 **and whether Mr. Cooper had identified to you that he was**
23 **not a hundred percent sure in his identification of**
24 **Mr. Fletcher in the photo array.  Do you recall that?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 168

1      A.   Not exactly like that.  But go ahead.

2      **Q.   Okay.  So counsel indicated that -- Strike**

3  **that.**

4           **Let me ask it this way.  In that report we**

5  **looked at previously with your investigator Mr. Zarnick,**

6  **he indicated during his conversation with Mr. Cooper**

7  **that Mr. Cooper indicated that, in fact, the police**

8  **visited him first before he reviewed the lineup and**

9  **showed him a photo array, correct?**

10     A.   I don't remember the specifics of that

11  document.  And I believe there were objections to the

12  substance of that document that is relayed in a work

13  product.

14     **Q.   Let me pull it up for you.  It is Exhibit 13.**

15  **It is Bates-stamped Fletcher 546 to 547.  Do you see on**

16  **the first page that second paragraph under where it**

17  **lists Edward Cooper's name that begins with Mr. Cooper**

18  **stated?**

19     A.   Yes.

20     **Q.   Okay.  In this document in that paragraph,**

21  **Mr. Cooper -- as documented by Mr. Zarnick, Mr. Cooper**

22  **told Mr. Zarnick that the police had visited him at his**

23  **house and showed him 12 pictures of various individuals.**

24  **Do you see that?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 169

1    A.   I see that.

2    **Q.   If you go on down to the next page, it will be**

3    **the next paragraph starting with, Approximately two to**

4    **three days later.  Do you see that paragraph?**

5    A.   I see it.

6    **Q.   It says, Mr. Cooper visited the Chicago Police**

7    **Department to view a police lineup.  Do you see that?**

8    A.   I see that.

9    **Q.   So based on the conversation that Mr. Zarnick**

10   **had with Mr. Cooper, the detective, in fact, had met**

11   **with Mr. Cooper prior to him viewing the lineup,**

12   **correct?**

13   A.   That is what this report says.  I don't know

14   that to be the case.  But that is what is in this

15   report.  And I don't know that I knew that to be the

16   case back when I was doing this trial.

17   **Q.   What is the date on that report, sir?**

18   A.   If I could date it, September 28, 2004.

19   **Q.   And that was before the trial commenced,**

20   **correct?**

21   A.   I believe the trial was in February of 2005.

22   **Q.   And, typically, when you hire a private**

23   **investigator to locate a witness, is the information**

24   **that they obtained made a part of your file?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 170

1      A.    I'm not sure if that is true in every

2  circumstance.

3      Q.    **Do you have any reason to believe why this**

4  **report from Mr. Zarnick would not have been included in**

5  **your file?**

6      A.    I don't know anything about this document

7  sitting right here today.  I didn't produce it to you.

8  I didn't review it in a file.  I don't remember it, so I

9  don't know where it came from.

10     Q.    **But from the face of the document, it appears**

11  **it's directed to Mr. Saltiel at Jenner & Block, correct?**

12     A.    That's true.

13     Q.    **You, in fact, did file a motion to suppress in**

14  **this case, correct?**

15     A.    I believe we filed several motions including a

16  motion to suppress, a motion to exclude.

17     Q.    **What was the motion to exclude?**

18     A.    I believe we filed a motion to exclude

19  testimony related to Terry Rogers, but I haven't gone

20  back to look at the file in a while.  I believe there

21  was a motion to basically exclude anything related to

22  Terry Rogers that came from Terry Rogers because he

23  wasn't there to be cross-examined.

24     Q.    **Ultimately, Mr. Hill, Mr. Fletcher was**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 171

1   **convicted by a jury, correct?**

2       A.   He was, yes.

3       MS. WEST:  That is all that I have.

4           I don't know if Dan has questions or not.

5       MR. BURNS:  I don't.

6       MR. STARR:  I don't have any further questions

7   either.  Thank you, Mr. Hill.

8       MS. WEST:  Thank you, Mr. Hill.  I appreciate your

9   time.

10      MR. STARR:  I think there is one more thing.

11      MS. WEST:   I know I put this on the record

12  previously, but I just want to make sure that I do it

13  again at the end of the deposition, that we are

14  reserving the right to redepose Mr. Hill based on the

15  assertions of privilege by Mr. Starr related to the

16  documentation that was produced by Loevy & Loevy a year

17  and a half ago.

18      MR. STARR:  It's our position that we have clawed

19  back all of those documents and, therefore, there is no

20  reason to redepose Mr. Hill.

21      MS. WEST:  We can go off.

22      MR. STARR:  Do you want to reserve or waive

23  signature?

24      MS. WEST:  I'm sorry.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 172

1         Ashley, what would you like to do with

2   signature?

3        THE WITNESS:  I will read it.

4        MS. SCHUMACHER:  We will look at it.

5        MS. WEST:  Reserve?

6        MS. SCHUMACHER:  Yes.

7        MS. WEST:  Susie, I would like to order.

8                     (Witness excused.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 173

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3
     JAMES FLETCHER JR.,               )
 4                                     )
                     Plaintiff,        )
 5                                     )
            v.                         )   No. 20 CV 4768
 6                                     )
     JEROME BOGUCKI, ANTHONY NORADIN,  )
 7   RAYMOND SCHALK, ANTHONY WOJCIK,   )
     UNKNOWN CITY OF CHICAGO POLICE    )
 8   OFFICERS, and the CITY OF         )
     CHICAGO,                          )
 9                                     )
     Defendants.                       )
10
                I, REGINALD HILL, state that I have read the
11   foregoing transcript of the testimony given by me at my
     deposition on the 17th day of January, 2024, and that
12   said transcript constitutes a true and correct record of
     the testimony given by me at the said deposition except
13   as I have so indicated on the errata sheets provided
     herein.
14
                             _____
15                              REGINALD HILL

16   No corrections (Please initial) _____
     Number of errata sheets submitted _____(pgs.)
17

18   SUBSCRIBED AND SWORN to
     before me this _____ day
19   of _____, 2024.
20   _____
            NOTARY PUBLIC
21

22

23

24
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 174

```
1   UNITED STATES OF AMERICA        )
    NORTHERN DISTRICT OF ILLINOIS   )
2   EASTERN DIVISION                )   SS.
    STATE OF ILLINOIS               )
3   COUNTY OF COOK                  )

4

5           We, Amie Panagakos and Susan J. Gardner,

6   Certified Shorthand Reporters, do hereby certify that

7   REGINALD HILL was first duly sworn by us to testify to

8   the whole truth and that the above deposition was

9   reported stenographically by us and reduced to

10  typewriting under our personal direction.

11          I further certify that the said deposition was

12  taken via videoconference and that the taking of said

13  deposition commenced on January 17, 2024.

14          I further certify that we are not a relative

15  or employee or attorney or counsel of any of the

16  parties, nor a relative or employee of such attorney or

17  counsel, nor financially interested directly or

18  indirectly in this action.

19          The signature of the witness, REGINALD HILL,

20  was reserved by agreement of counsel.

21

22

23

24
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 175

1      Witness our signatures as Certified Shorthand

2  Reporters in the State of Illinois, on January 29th,

3  2024.

4

5

6

7

8

9

10  _____        _____
    AMIE PANAGAKOS                   SUSAN J. GARDNER
    CSR No. 084-4720                 CSR No. 084-004155

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

**A**

**A.D** 1:18
**a.m** 1:17
**a/k/a** 109:21
**abbreviation** 41:23
**Aberdeen** 2:3
**ability** 64:18 161:5
**able** 67:18 77:3 87:18 97:18 102:13,15 123:21 127:23 146:6 153:3 156:7
**Absolutely** 74:8 140:13 144:19 147:2,10,15 150:18 153:10
**abuse** 107:24
**access** 35:12 38:12,24 133:19,21 135:19,21 138:18 161:10 162:3,10
**account** 86:19
**accuracy** 104:1
**accurate** 37:23 66:9 139:21 154:11
**accusation** 50:19
**accused** 130:8
**acknowledge** 99:15
**acted** 144:11
**acting** 160:15,16
**action** 174:18
**actions** 78:12 166:12
**actively** 120:20
**add** 40:16 67:8 92:18 159:1

**addressed** 71:3
**advancing** 157:9
**advice** 27:17 57:15,23 58:22 59:6,7 61:10 66:1,14 68:22 74:6 82:5,7 93:3,11
**affidavit** 56:19 57:8 58:1 59:3 59:9 122:22
**affidavits** 125:21
**afternoon** 136:10,17
**agency** 10:18 47:19
**ago** 35:23 102:16 103:16 115:4 171:17
**agree** 16:22 52:14 68:13,19 73:22 79:8 82:22 85:8 105:1,13 135:3
**agreed** 69:12,14 72:12 76:11 77:6 80:18 82:12 84:10 86:5 91:1 94:7 95:5 96:18 98:19 110:21 113:11 116:10 118:2 119:17 120:14 121:2,9 124:9 130:20 132:6 134:15 135:15 158:17 159:14
**agreement** 174:20
**agreements** 162:18
**ahead** 12:13 25:12 43:2

52:15 55:22,24 102:23 132:5 168:1
**Aidan** 70:15,24 71:4
**alert** 115:20
**alias** 109:8,18
**alibi** 96:11 97:2 97:10
**allegation** 88:8 110:16 111:5 131:15,17 132:15 138:14 164:2
**allegations** 86:8 86:11,12,15,21 86:24 87:16 107:9 110:12 125:4 131:9 140:1 166:7
**alleged** 107:22 119:8
**alleges** 138:7
**alleging** 137:21 140:9
**allow** 112:4
**allowing** 124:6
**Allyson** 2:7 5:13 9:19 17:19 32:20 40:21 43:9 63:20 91:18 127:23
**amended** 12:3
**Amendment** 38:15 161:8
**AMERICA** 174:1
**Amie** 1:14 32:12 34:5 73:19 93:13 174:5 175:10
**amount** 64:17 161:5
**answer** 16:16,19 17:11 18:11,14

18:20 19:2,18 19:19 20:3,8 22:22 25:19,23 26:1 27:6,23 35:5,7 48:10 52:11 56:12 57:1,5,13,23 58:8,20,24 60:8 63:2,14 65:16,19 68:16 69:1,17 75:16 76:15 79:10 82:15 84:13 90:24 91:7 92:18 95:4,8 96:14,17,20,21 97:6 98:16,17 98:21 105:12 109:12,16 110:20 111:2 113:10,14 116:8,13 117:12,15 118:6,18,24 119:13,14,20 120:13,18 121:1,5,12 123:9 124:7,12 127:14 129:19 129:19,22,23 130:22,24 131:3,4,24 132:2,21,23 155:18 165:5
**answered** 25:6 25:18 29:24 51:2 80:2 84:7 87:22 97:20 118:1 154:7 164:5,18 166:23
**answering** 54:8 66:1 69:1 82:21 84:9 118:21

**answers** 111:20
**Anthony** 1:6,7 92:20,23 93:7 94:23 106:15 106:19 173:6,7
**anybody** 10:24 87:8
**anyway** 15:3 27:4
**apart** 34:19
**apologize** 23:15 55:21 58:5 61:21 63:7 72:9 115:12 130:13 150:1
**apparently** 30:20 102:12 114:10
**appeal** 125:9
**appear** 31:12 38:10 58:12 70:11,14 102:2 112:23 113:4 117:8
**APPEARAN...** 2:1
**appears** 31:1 38:3 56:18 71:3,11 85:15 103:10 109:20 109:24 114:12 116:23 134:8 170:10
**applicable** 142:22
**applies** 66:7
**apply** 66:8 146:20
**appreciate** 12:23 13:3 171:8
**approach** 142:18,19
**approached** 53:16 151:14

Case: 1:20-cv-04768 Document #: 184-51 Filed: 05/06/25 Page 179 of 204 PageID #:8133

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 177

151:15
**approaching**
151:7
**approximately**
103:8 169:3
**April** 31:5 38:15
71:8,20
**arguing** 32:1,5
**argument** 31:16
31:19 35:11,15
38:11,22
107:22 111:4
**arguments**
31:21 36:1,4
97:23 98:5
125:5
**armed** 119:8
130:3
**Arnold** 109:6,9
109:18,20
**array** 101:16
102:5 133:3,7
133:22 135:20
136:1 146:23
152:3,9 166:16
166:21 167:24
168:9
**arrays** 136:5
**arrest** 28:18
107:9,21,22
162:22 163:4
**arrested** 77:17
88:2
**articulated**
12:17 14:17
**ASA** 155:21
**ascertain** 45:7
47:10 53:23
**ascertaining**
45:8
**aschumacher...**
2:20
**Ashley** 2:17 9:15
16:20 22:23
66:20 76:21

**aside** 42:10
**asked** 25:6,18
44:24 51:2
61:22 72:19
73:1,2,18 80:2
84:7 87:22
97:20 102:16
103:12 118:1
119:13 120:8,9
137:3 139:13
152:11 154:18
154:23 158:1
159:17,22,24
164:5,18
166:23 167:18
167:19,21
**asking** 11:15
19:12,13,20
20:9 33:22
42:16,18 43:6
43:7,8,9,18
46:4 56:18
57:8 70:22
73:16 75:14
77:11 82:18
86:14 90:5
91:20 118:11
118:20 119:23
127:16 130:1
131:23 132:4
158:3
**assert** 14:12,13
16:10 69:13
95:3
**asserted** 11:23
11:24 12:5
28:6 38:11
61:18 124:4
**asserting** 12:23
13:4,18 14:9
16:21 55:23
66:21 67:11
**assertion** 16:22
**assertions** 27:9

27:14 171:15
**asserts** 21:9
**assigned** 42:13
42:19,23
**assistant** 24:13
30:16 70:15,24
73:24
**associate** 24:3
24:20
**associated** 62:11
**associates** 25:2
**association** 11:1
**assume** 47:9
80:5 115:13
125:10
**attached** 122:21
**attempt** 67:3
89:11 145:14
**attempted** 94:22
116:2 119:9
122:23
**attempting**
86:10 155:6
**attempts** 89:14
155:15 156:9
**attended** 49:5
**attention** 41:17
71:5 75:2
94:13 109:4
110:1 134:19
**attorney** 6:1
8:10,18 13:19
13:20 21:5
24:10,15 30:15
30:22 31:24
33:9 57:16
63:1 64:2,7,10
65:15 66:3,16
67:7 70:15
71:1 72:11
73:3,24 76:6
76:12,18 82:5
84:8 85:6 95:2
96:13,15
105:13 110:6

111:2,10,21
112:7,8 113:12
114:12 115:14
116:6 117:5
118:2,11,20,23
121:18,19
124:13 128:3
136:18 138:3
141:8 154:5
174:15,16
**attorney's** 57:22
63:21,24 64:20
66:14 67:18
68:17 69:6
70:3 73:14
74:12 117:14
118:5 155:20
160:9
**attorney/client**
10:17 11:22,24
12:22 16:10
18:2 20:11
22:19 26:2
52:10,12,18
55:14 56:24
58:18 60:2
63:1 66:13,15
67:6,6,11
68:12,19 76:12
80:14 85:7
90:23 93:9
94:2 95:3
96:15 104:19
109:11 110:18
113:8 114:6,8
115:17 116:5
116:24 121:17
123:24 124:1
131:22
**attorneys** 10:22
24:12,23 37:11
49:14 82:8
87:19 88:6
113:15 115:5
120:18 124:12

127:10 128:6
128:10 135:18
136:8 162:20
**attorneys'** 84:12
91:6
**August** 20:20
21:16 22:15
23:19,21 24:1
24:19
**automatically**
142:15
**available** 90:17
133:16 142:21
143:24 150:23
**Avenue** 71:1
**aware** 9:24
13:10,23 73:8
73:12,13 86:14
90:20 92:5,8,9
108:4 119:6
122:8,13,19,20
123:1 125:20
126:9,11 127:3
128:23 131:1
136:24 137:5,7
137:24 138:7
138:13,23
141:11,12,15
142:1,4 143:1
144:5,12,20,22
146:4 149:6
158:8,10,12,21
164:1
**awareness**
142:23
**awest@halem...**
2:10

---
**B**
**B** 3:7 4:1 31:6
31:11,19
**back** 9:24 10:4
11:11 13:16
14:11 15:14
19:10 21:21

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

22:21 32:13
34:5 48:17
52:19 54:7
55:13,15 56:13
57:19 60:3
73:19 75:3
82:23 85:4
89:13 91:21
93:13 94:3
95:11 102:7
105:11 114:22
117:4 118:14
120:6 124:8
129:11 132:11
134:23 143:11
156:20 162:22
164:8,10 165:3
169:16 170:20
171:19
**background**
162:16 163:8
**banks** 119:6
**bar** 11:1 139:18
**based** 18:15
21:11 23:7
28:5 37:20
42:4 56:17
57:5,8 72:13
75:21 79:15
81:5 101:12
102:2 105:6
107:9,23 113:4
117:21 123:20
139:24 148:15
155:9 156:20
161:8 169:9
171:14
**basically** 17:10
167:8 170:21
**basis** 50:19
72:11 142:19
143:3 145:23
160:18
**Bates** 29:12 38:6
41:1,2,7 80:10

85:12 93:22
110:2 123:17
**Bates-stamped**
9:17 15:19,21
20:20 21:1
22:15 29:16
36:12 55:7,9
56:4 58:11
63:19 70:4
99:10 104:16
108:10 168:15
**bear** 40:19
113:16
**began** 11:4
21:19 22:11
26:4 28:11,17
29:4 36:24
42:11,18 44:5
48:1
**beginning** 30:8
**begins** 94:14
95:18 168:17
**behalf** 2:6,11,16
2:21 9:4 30:11
36:23 38:1
66:24 67:1
107:10,16,21
124:22 127:12
**behaviors**
164:22
**belief** 160:15
**believe** 6:5 9:1
21:5,17 22:2,7
24:20 26:1
27:19 35:15
37:23 46:20
49:23,24 50:18
50:22 51:11,17
53:21,22 56:15
57:17 60:7,22
61:2,5 63:22
65:1 67:15
68:24 69:21
72:10,10 78:2
79:6,14 82:24

83:7 85:6
86:19,22,24
90:8,14,15
97:23 106:3,4
111:17 121:19
125:23 127:6
139:2 140:11
143:16 145:10
145:23 148:8
154:19 155:8
155:10 157:20
160:7 161:17
164:15,21
166:12 167:10
168:11 169:21
170:3,15,18,20
**believes** 60:1
**belive** 19:13
**best** 24:3 36:4
69:22 95:18
164:8 166:17
**better** 47:10
108:2
**beyond** 92:10
127:15
**bit** 18:10 79:17
106:21
**blanket** 13:3
18:1
**block** 2:17 6:7,9
7:6,20,21 9:11
11:18 14:19,23
17:1 19:22
20:1,4,6 21:9
21:15,17,22
22:1,3,8 23:20
23:22 26:16,23
33:13 34:16
37:7,8 38:2
67:2 109:6
158:2 170:11
**Block's** 27:11
123:5
**Bogucki** 1:6
105:23 146:8

146:21 147:6
147:11,17
149:13,20
150:7,20
151:18 152:17
165:14 166:8
173:6
**bolster** 115:18
**bono** 8:12,13,20
16:7 26:8,17
26:23
**bore** 5:20
**bottom** 31:7
94:14
**Boulevard** 2:8
**brand** 48:22
**Braun** 24:10,15
**Braun's** 24:18
**break** 5:22,23
50:3,10 76:19
77:15 121:23
122:1,3 136:13
136:14
**brief** 115:12
154:15
**briefly** 14:16
67:15 163:15
**bring** 100:8
**bringing** 156:22
**brings** 150:5
**broadly** 20:5
**brought** 53:2
88:3 90:18
167:6
**BURNS** 2:12,12
136:10 147:4
171:5

—————————
**C**
**Cal** 77:24
**California** 71:1
77:10
**call** 11:16 12:4
21:8 34:13
69:18 75:8,11

75:18 84:5,19
104:4
**called** 5:4 30:19
50:23 51:1
69:21 75:19
78:15 83:5
104:7 121:15
**calling** 69:8,20
**calls** 93:8 96:13
110:18 119:11
120:12 127:14
129:16,18
143:21 145:3
147:3
**capacity** 8:10,19
26:8,17,24
33:15 62:5
**card** 116:3,3
117:22 118:7
119:5,7,9
**case** 8:7 9:4,22
10:6 21:20,24
22:4,7,9,11
23:10,14,17
24:6,8,10,12
24:16,21,24
25:17 26:5,10
26:16,22 28:10
28:15,18 29:2
29:5 30:2,6,12
31:23,24 32:3
33:15 34:17,20
34:24 35:1
37:1,21 39:17
40:9,22 41:11
41:12 42:13,19
42:23,24 43:17
44:5,8,12,16
44:22 45:2,5
45:14,22,24
46:11,23 47:3
47:8,12 48:12
48:13 49:7,15
49:17,22 50:12
50:14 61:3,6,9

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

67:20 68:11
74:21 75:20
87:5 91:8
94:14 96:3
97:14,16 104:8
108:6 114:10
114:20 118:23
120:21 123:6
124:14,20,24
126:4 127:7
131:9 134:13
136:21 137:22
140:19,21,24
141:2,4,5,7,14
141:16,19
142:6 143:1,2
143:16 144:2,4
144:8 145:2,10
146:2 148:4,13
149:5 150:9
153:8,14 154:2
154:5 157:2
160:10 165:16
169:14,16
170:14
**case-by-case**
142:19 143:3
**cases** 8:14,16,22
44:2,9 45:18
47:16 97:12
114:7 126:3
142:20 162:19
165:23
**CBA** 9:16 10:17
14:11,12,14
15:10 16:8
17:1,8 18:5
**ceased** 126:7
**certain** 12:6
14:3,7 15:7
30:18 39:12
40:11 66:7
88:7 90:9
112:3 133:16
157:20 163:2

165:11
**certainly** 10:1
13:16 27:20
62:19 109:13
129:20 131:4
140:3,23
142:20 149:19
154:3,9 161:5
165:1
**certificate**
128:24 137:4,6
137:10,11
**Certified** 1:16
174:6 175:1
**certify** 174:6,11
174:14
**chance** 78:20
**change** 56:20
**changing** 76:5
**character** 139:3
**characteristic**
167:12
**characterizati...**
46:13,15
**charged** 129:10
130:4,17
131:13,18
132:17
**charges** 26:12
**chart's** 111:6
**check** 20:19
77:19 90:14
**Chicago** 1:7,8
2:4,9,14,16,19
43:15,22,23
47:19 71:1
138:18 139:1
146:2 148:9
151:21 160:3,9
161:15 162:16
169:6 173:7,8
**choose** 16:19
**chose** 15:7
**circumstance**
87:4 170:2

**circumstances**
45:13 48:21
49:2,4 144:11
167:16
**City** 1:7,8 2:16
173:7,8
**civil** 1:13 9:22
127:4,11
137:21 141:14
141:16,16
**claim** 15:1
115:23 125:2
**claiming** 11:6
33:16 88:16
**claims** 66:24
67:1
**Clark** 2:18
**claw** 9:24 10:4
13:16 14:11
**clawback** 64:3
65:4 80:16
81:8 85:5
104:21 112:3
114:17 134:14
**clawed** 11:10
55:13 56:13
60:3 94:3
105:11 114:22
117:4 124:8
134:23 171:18
**clawing** 22:20
55:15 85:4
**clear** 22:5 26:14
40:12 62:8
67:10 91:3
119:22 120:3,5
163:5,23
**clearly** 94:1
114:6 167:16
**client** 16:12,12
18:22 19:7,8,8
19:14,22,24
20:2,6,11 27:3
67:1 91:21
92:3 121:14

**closing** 97:24
**clothing** 167:13
**cochair** 8:2
**cocounsel**
140:15
**coerced** 147:12
152:18
**Cohen** 124:18
**collected** 159:19
**colloquy** 87:9
**colon** 42:1
**come** 60:3 87:5
132:11 164:21
165:1,8,15
**comes** 30:14
**coming** 87:13
88:1,16 167:17
**commence**
13:13
**commenced**
78:1 169:19
174:13
**commencing**
1:17
**comment** 111:3
**comments** 55:18
**Commission**
108:6,15,18,21
**commit** 137:23
**committed** 53:5
119:8 167:14
**communicated**
14:6
**communication**
10:18 12:22
17:1,20 20:12
55:14 58:18
60:2 61:23
66:15 67:11
76:16 79:1
85:3 91:12
94:2 104:9
110:19 114:11
116:23 119:24
122:12 124:1,5

**communicatio...**
9:21 10:15,22
11:9 12:9
13:19,21 14:3
14:4,12 17:21
18:4 56:24
59:10 61:11,13
61:14,17,18
63:16 67:6
80:14 83:22
104:19 109:11
113:8 114:7,8
114:18 116:6
117:1 121:16
121:21 124:3,4
125:13 131:3
131:20 134:8
155:22
**company** 98:2
**complete** 42:12
**completely** 22:5
152:2
**complied** 44:10
**composition**
32:2
**concerned** 159:9
**concerns** 31:13
**conclusion**
145:4
**condition** 87:5
**conduct** 10:7
11:12 94:6
145:15 158:14
**conducted** 38:18
153:4 158:23
**conducting**
159:11
**confer** 14:16
**conferred** 61:16
124:2 134:12
**confers** 13:22
14:21
**confidential**
13:6 15:11
23:8 81:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 180

113:19 115:8
**confirm** 10:19
**confirms** 75:10
**conflict** 20:19
**conflicted** 148:2
153:7
**conjunction**
14:9
**consider** 12:22
**consistent** 54:2
54:14 102:19
103:4,19,22
141:7
**conspired**
137:22
**constitute** 55:13
64:1
**constitutes**
14:12 173:12
**constitutional**
140:1,4,10,11
163:21
**construction**
32:2
**contact** 105:8
122:9
**contacted** 108:5
121:7
**contacting** 17:8
**contain** 13:15
**content** 82:19
**context** 63:23
129:7 166:3
**continuance**
90:6,13
**continuances**
90:8 155:8
**continue** 126:5
**continued** 4:2
8:20 90:12
**contrast** 77:18
78:12,14
**conversation**
33:21 53:11
58:1 71:17

72:21 73:2,3,9
73:17 75:7
77:9,23 78:13
78:16,23 79:4
79:5,13 82:19
82:24 83:12,13
83:15,18 86:3
113:5 115:9
127:10,20
128:12,14,21
135:1,7 151:15
168:6 169:9
**conversations**
34:1 35:5 55:1
57:9 69:5 76:9
76:13 83:20
91:21 92:11
104:5 114:12
122:6 127:16
128:2,5,9
132:8,18 167:5
**convicted** 130:9
137:15 139:8
171:1
**conviction** 53:6
61:4 137:1
**Cook** 30:15
90:19 174:3
**Cooper** 49:24
62:12 98:8,10
98:12,14 99:1
101:9,14 102:3
102:12,19
103:10,19
104:1,6,9
105:8 121:21
146:9,15,18,21
147:7,12,18
148:10 149:4,8
149:14,14
167:19,19,21
167:22 168:6,7
168:17,21,21
169:6,10,11
**Cooper's** 147:16

168:17
**copy** 36:16
60:11
**correct** 27:18
32:6 33:3 37:9
37:22 38:2
41:5 43:20
44:2 46:6,19
47:20,21 48:16
49:1 56:9
67:12 71:10,14
75:12,23 78:6
79:13 83:6,9
95:21 97:3
98:8 101:9
102:20 104:6
109:23 129:15
132:20 135:20
136:22,23
137:1,23 138:5
139:9,20
140:12,16
141:18,22,23
145:9,17,21
151:4,5,10
155:7,13,16
156:2 157:5,17
158:9 159:23
160:17,21
161:11,16,17
161:20,21
163:11,18
166:9,16,22
168:9 169:12
169:20 170:11
170:14 171:1
173:12
**corrections**
173:16
**correctly** 42:15
85:7 163:24
**correspondence**
58:10
**counsel** 13:14,20
13:23 14:13,20

14:21 16:7,17
18:14 22:14
24:22 25:5,17
27:17,18,21,22
35:6,12 36:10
38:12,16,24
48:23 55:23
56:1 59:7,14
60:1,7 61:8,16
61:16 66:1
68:23 69:16
74:7 83:9
93:11 95:11
108:23 115:10
116:24 124:22
125:6 128:3
134:10,10,12
154:18 158:1
159:4 167:18
167:21 168:2
174:15,17,20
**counsel's** 58:7
65:18 81:5
135:3
**County** 30:15
90:19 174:3
**couple** 53:7 64:5
129:3 139:14
**course** 8:22 9:22
83:10 131:9
138:9 161:2
**court** 1:1 10:8
13:2,7,17
15:10 17:14
25:12 28:7
30:17 32:7
35:11,11,19
36:2,4,6 37:4
38:10,23 40:17
40:19 43:13
51:8 60:4 72:1
77:9 78:22
87:19,20 88:1
88:3 90:17
100:13 106:13

108:2 137:14
150:17 151:8
151:16 157:9
166:12,19
167:6,17 173:1
**courtroom**
77:14
**courts** 1:13
35:16
**covered** 98:5
**credibility**
147:15
**credit** 116:3,3
117:22 118:7
119:5,7,9
**crime** 50:18
53:5,24 89:4,5
122:24 130:8
137:15,16
145:8 154:11
167:14
**crimes** 139:8
**criminal** 8:4,10
8:14,16,18,22
9:4,8 26:6
28:10,10 30:12
33:15 34:14
35:16 40:19
41:11 43:12,16
44:2,5,6,15,18
45:2,4,5,10,18
45:22,24 46:22
47:12,16 48:13
51:10 60:12
67:19 68:11
93:7 96:24
97:5 104:10
120:11,21
122:5 123:6
124:14,24
126:7 138:2,3
138:16 141:2
141:24 142:14
142:20 144:15
147:9,14

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 181

149:23 150:12
152:20 153:19
160:10 162:15
162:19 163:8
163:22
cross 79:21
cross-examina...
79:22 161:1
cross-examine
80:6 140:5
cross-examined
170:23
cross-examini...
103:24
crux 53:17
CSR 1:15,16
175:10,10
Cunyon 33:9
current 71:22
158:24
currently 6:6
7:24 8:1
custody 167:8
custom 44:16
74:15
cut 43:1
CV 1:5 173:5

**D**
D 3:1 7:8 32:23
Dan 171:4
DANIEL 2:12
date 30:24 37:17
41:16,18 56:8
71:8,20,24
78:4 90:17
97:18 141:10
167:7 169:17
169:18
dated 22:15
41:15 58:10
70:7,9 80:9,23
85:1 99:9
105:3 108:11
116:16 123:14

day 1:18 78:2,3
132:13 173:11
173:18
days 103:8
169:4
dburns@reite...
2:15
dealt 60:15
death 38:19
50:19 62:21
Debra 95:20,23
December 118:8
127:5 130:9
decision 15:8
16:16 64:12
125:24 126:12
136:20,21
defend 138:4
defendant 2:16
5:14 30:14
75:16
defendants 1:9
2:11 46:22
124:2 163:22
173:9
defended 26:11
148:14
defender 28:14
28:21 29:1
30:15,16 31:12
31:13,19
defending 45:2
47:12
defense 8:4,10
8:18 9:8 13:23
26:6 44:16
48:23 61:15
69:9 75:11
95:24 97:3
134:12 138:3
140:16 141:2
142:15,21
144:16 145:8
145:16 147:9
147:14 149:23

150:12 153:19
160:18
defense's 163:10
defer 22:24 27:8
definitely 27:22
delineate 67:4
denied 35:12
38:12,24
dep 11:3
department
43:15,22,23
44:13 47:19
138:19 139:1
146:2 160:3,9
161:15 162:16
165:10 169:7
depend 45:12
48:20 49:2,3
Deponent 2:21
deposed 5:16
91:8 127:8
deposition 1:11
3:8 4:3 5:18
10:5,10 11:13
11:16,22 12:12
12:13,19 13:13
17:18 26:22
27:7 55:16
66:6,17 80:17
81:7 91:10
94:4 104:22
114:24 115:8
115:11 117:3
128:13 134:14
151:7 166:2
171:13 173:11
173:12 174:8
174:11,13
depositions 1:14
depth 10:21
DESC 42:1
description
41:24 77:21
designation
24:22 25:1

despite 167:11
details 53:16
127:16,19
detective 101:15
102:4 105:23
106:6,14 107:3
107:6,23
110:12 134:20
135:2,8 149:4
151:18 165:13
165:14 169:10
detectives 68:5,7
105:19,21
106:2,11 107:1
107:3,10,17
137:22 144:13
144:23 146:8
146:21 147:6
147:11,17
149:7,13,20
150:6,19 152:2
152:17 164:3
165:12,13
166:8,20
detectives'
106:1
determination
25:4,16
determine 64:18
74:20 123:21
determining
45:8
differed 147:19
difference 79:12
different 7:18
19:23 121:20
difficult 123:8
difficulty 156:13
diligent 141:4
direct 41:16
61:6,23 71:5
75:2 89:7
94:13 96:4
101:13 109:4
110:1 112:7

134:19
directed 70:24
87:13 118:22
140:3 170:11
direction 174:10
directly 16:7
86:11 126:20
174:17
disagree 20:9
120:4,6
disagreed 12:16
disciplinary
142:8,15 143:4
143:12
disclose 15:7
disclosed 71:20
73:14 141:13
141:16 147:8
disclosing 97:10
discovery 44:9
45:15,17,19,21
45:23 46:4,9
46:18 47:1,6
47:13,15,18
48:15 89:20,21
89:22 97:2
158:15,24
163:6,11,13,16
discrepancy
133:15
discuss 38:21
83:21
discussed 11:17
12:20 13:6
dismissed 154:5
dispute 60:3
District 1:1,1,13
173:1,1 174:1
dive 50:2
division 1:2
41:11 173:2
174:2
divulge 112:8
Dixon 109:6,9
109:18,21

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 182

docket 40:19
document 14:11
  14:12,14 15:15
  15:16,18,20
  20:22 21:1,3,6
  21:10 22:17,18
  22:22 29:10,20
  29:22 30:2,7
  30:10,11,13,22
  30:24 31:4,5
  36:13,16,17,20
  36:21,22 37:3
  37:17,19,20
  38:4,6 40:15
  40:24 41:10,15
  42:4,10 55:10
  64:4,9,12
  67:10,13,16,17
  68:10 70:5,23
  80:12,16 81:4
  85:2,10,17
  93:24 94:3,9
  95:10,12 99:7
  99:17,20 100:3
  102:1 104:19
  108:14 109:24
  110:2 111:15
  111:18 113:19
  115:22 116:18
  117:2,3 123:10
  123:21,24
  124:8 134:4,7
  134:13,23
  135:4,7,10
  137:11 148:10
  159:7 162:9
  166:1 168:11
  168:12,20
  170:6,10
documentation
  46:5,24 47:5
  80:21 160:2
  162:15 171:16
documentations
  161:14

documented
  68:4,7 146:24
  149:16 152:5
  152:13 153:2,5
  164:24 165:24
  168:21
documents 9:13
  10:10 11:2,19
  11:21,23,24
  12:3,6,13,21
  13:4,10,10,16
  14:7,18 15:1,5
  15:7 22:20
  43:14 44:17,21
  45:10 46:11
  47:18,24 64:21
  67:5 114:9
  115:5,7,15,19
  115:19 119:24
  127:7 128:7,11
  128:19 134:11
  141:17 145:24
  158:1,6,8,10
  158:12,15,21
  158:23 159:18
  159:18 160:5,8
  160:12,14
  163:7 171:19
doing 142:14
  155:1 159:8
  169:16
doubt 77:13
  78:6,9,24 84:6
  84:19 167:4
Drive 2:13
due 31:14
  113:14
duly 5:4 174:7
duress 167:16

────── E ──────
E 3:1,7 4:1 7:8
  32:17,23,24,24
  33:1
e-mail 13:14

84:24 85:15,20
earlier 12:4 28:3
  48:10 49:13
  66:5 80:20
  123:5 163:16
  165:19 167:3
EASTERN 1:2
  173:2 174:2
easy 17:17
Edward 146:8
  168:17
effect 109:14
  125:23 131:10
  151:8 161:6
effort 145:20
efforts 89:17
either 32:6
  121:20 160:8
  161:14 171:7
elephant 32:24
  33:1
elicit 167:2
Email 2:5,10,15
  2:20
employed 6:6,8
  6:13,23 7:12
  8:12
employee
  174:15,16
ended 61:1,6
  123:6,22
enforce 157:9,15
engage 78:20
enter 30:17
entering 104:18
entire 11:18
entirely 122:14
entries 41:18
errata 173:13,16
essentially 46:8
  137:1
establish 64:6
  67:18 112:5
established 74:9
establishing

68:10
ethical 11:12
  14:2 27:19
evasive 78:13
eventually 139:8
evidence 37:4
  46:11,19,22,24
  47:24 48:5,14
  56:23 57:11
  58:17 98:1
  133:16 138:8
  138:18,24
  144:1 145:15
  148:6,19
  149:10 152:23
  160:19,22
  161:2,6,9,18
  161:20,22
  163:8,21
  164:16
evidenced 66:12
ex-wife 95:21
exact 77:10
  133:13
exactly 14:21
  22:2 62:11
  95:22 103:4
  106:11 132:22
  168:1
Examination
  3:4,5,6 5:6
  136:15 154:16
examine 80:6
examined 5:5
examining
  79:22
example 10:16
  13:1
exchange 77:11
  151:16
exchanged
  44:12
exclude 40:11
  161:7 170:16
  170:17,18,21

68:10
excluded 132:18
  140:6 160:23
exculpatory
  46:19,21 138:8
  138:24 147:10
  163:17,21
excused 172:8
exhibit 3:8 4:3
  9:14 10:16
  15:11 20:18
  22:13 23:7
  29:9,16 36:9
  36:18 40:17
  55:5 58:19
  59:1 63:17
  70:1 80:8
  84:24 85:5
  93:21 99:6
  101:3 104:18
  105:10 111:16
  114:23 116:15
  116:19 123:12
  133:24 134:1
  168:14
exhibits 12:14
  13:17 47:9
  55:12,12 64:17
  111:24 114:6
  133:4
existed 92:3
  147:23
existence 71:21
exists 88:24
  134:9
expect 149:16
  152:4,12
experience 8:5,6
explained
  102:14
expressed 77:13
  78:24 84:5,19
extent 25:20
  33:24 52:8,17
  62:24 73:23
  77:1 84:8

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 183

90:22 93:8
95:2 96:12
98:15 109:10
110:17 111:21
112:6 113:7,11
118:10 119:11
120:12 122:11
127:13 129:16
129:18 131:2
131:20 132:1
148:18 151:1
**eyewitness**
50:12 62:6
**eyewitnesses**
49:21 74:16
121:7 122:9,24
125:21 133:8

---

**F**

**face** 70:22
170:10
**facing** 26:11
**fact** 11:23 12:9
13:4 15:6 22:3
28:4 37:24
53:3 54:17
63:24 66:23
69:18 72:13,14
73:23 75:10
99:12 107:7
114:20 115:3
115:18 121:14
122:23 127:11
128:3 137:5
144:21 145:7
145:19 148:2
149:13 152:1
153:4 155:4,5
167:11 168:7
169:10 170:13
**factors** 38:21
**facts** 45:7,7,9
49:4 57:11
58:16 75:1
98:3 126:2

144:10 152:22
156:19,20
164:21
**failed** 115:7
148:10
**failing** 154:20
**fair** 11:1 26:4
35:7,24 46:13
46:14 60:24
73:15 142:24
**faith** 160:16,17
**familiar** 36:20
36:21 102:16
105:24 106:6
106:21 108:20
112:20 129:6
137:10 140:15
**family** 86:9,16
86:23 87:8,14
88:9,15
**far** 47:16,21
120:2 163:12
**father** 82:9 83:1
83:5,8 122:22
122:22
**February** 6:15
169:21
**federal** 1:12
137:21
**feel** 23:5 76:21
**fellow** 35:6
**figure** 75:18
**file** 11:18 12:15
31:3 43:13
45:14 107:8,20
141:21 154:4
169:24 170:5,8
170:13,20
**filed** 30:11,22
31:5,23 36:23
38:1 40:9
45:17,21,23
122:20 123:1,2
124:22 125:1
127:4 128:23

137:20 139:17
139:23 140:3,9
148:23 150:16
153:8 154:1
170:15,18
**files** 158:7
**filing** 31:20 32:5
32:6 35:11,19
38:10 45:16
90:1 107:16
127:11 137:4
139:13
**filings** 13:2,17
**final** 133:24
**financially**
174:17
**find** 89:10,14
115:20 155:3,3
155:24 162:6
**fine** 82:18 91:24
92:12 98:18
**finished** 31:9
32:19 56:6
85:23 95:16
117:19 129:2
**firm** 6:10,13,15
7:3,4,7,13,14
7:18 8:3,15,18
8:23 12:3 19:7
19:9 21:24
24:20 25:2,3
155:12,15
158:9,10 159:4
159:11
**first** 5:4,15 8:15
9:7 12:11 13:1
20:1 21:19
31:7,7 64:24
70:19 71:8,19
71:23 87:15
95:14,14,17,17
108:14 109:21
110:15 123:20
127:3 156:23
168:8,16 174:7

**firsthand** 86:19
**Five** 50:6
**five-minute**
136:13
**Fletcher** 1:3
5:15 8:24 9:2,5
9:16,17 10:16
10:22 13:20
15:21 16:21
17:9,22 18:6
18:22 20:6,21
21:2 22:16
26:15,21 27:11
27:12,18 28:13
29:13,16 30:11
30:14,21 32:18
33:16 34:10,23
35:3,6,12
36:12,23 37:5
37:7 38:1,11
38:15,23 48:12
50:20 54:17
55:8,9 56:18
57:7,24 58:11
58:12 59:3,9
60:23 61:1,10
62:15,19 63:19
66:11,12 75:7
77:12,21 79:19
80:11 81:1
83:1,10,11,14
83:21,22 84:4
84:6,14,18,20
85:13,18 86:2
90:20 91:4,4,5
91:9,13,14,19
92:1,6,14,22
93:23 97:19
99:10 101:4
104:1,16 105:7
107:21,24
108:4 109:8,17
109:17,21,22
110:12 111:4
111:13,17

116:3,17,20
117:9 119:7
120:11,20
121:6,13 122:6
122:8,12,20
123:2,6,13,17
123:22 124:23
125:14,17,20
126:9,13,19,20
127:4,12
128:22,23
129:10 130:4,8
130:17 131:1,7
131:11,13,18
131:21 132:9
132:17,19
134:2,10
136:19 137:3,5
137:20 138:2,4
138:7,16,20,23
139:7,11,15,19
140:19 143:13
143:20 144:16
145:2,8,13,17
146:2 147:9,12
147:22 148:14
149:8,15,22,23
150:13 151:9
152:3,19,21
153:6,20
154:10 156:24
160:19 166:15
166:21 167:4
167:10,24
168:15 170:24
173:3
**Fletcher's** 8:6
9:8 16:6,22
18:12,15 19:16
21:20,24 22:4
22:9,11,24
23:10,14 24:6
24:21,24 25:17
26:5,10,16
27:8,9,13,14

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 184

27:20 28:18
29:2,5 30:22
32:3 33:15
34:14,17,20
36:24 37:21
42:13,19,23,24
43:17 44:2,8
45:14 46:23
47:3,22 49:7
49:22 57:5,16
57:22 59:13
66:1,14 82:9
83:5,8 86:9,16
88:14 95:21
97:13,15
117:23 120:21
122:5,10
124:14,20
126:5 127:17
135:3 136:21
136:24 140:1
140:10,16
141:2,3,5,7,24
147:7 154:11
**Floor** 2:3,18
**flying** 66:19
**focus** 8:1 41:19
**follow** 27:13,13
27:20 57:4,22
58:7 59:7,13
65:18 78:24
84:12 91:6
95:7 105:16
110:23 111:1
116:12 117:14
118:5 119:19
120:17 121:4
121:11 124:11
126:5 130:23
155:20
**follow-up**
115:12
**following** 27:17
28:18 59:6
66:13 69:16

78:23 82:7
93:3 122:9
135:17
**follows** 5:5
**food** 165:19
**foolish** 27:21
**foregoing**
173:11
**forgot** 19:9
**forgotten**
132:10
**form** 48:7 50:15
54:4 56:13,22
57:10 88:17
102:21 118:19
120:22 137:17
143:6,21 145:3
153:11 154:22
158:16 159:1
**formal** 123:21
**formally** 43:6
**forth** 15:5 53:17
96:10 97:2
125:5
**forward** 10:10
12:18 61:9
115:10
**found** 126:21
127:1
**foundation** 42:7
48:7 56:22
102:21 112:5
113:2 120:22
130:18 137:17
138:11 142:10
143:14 144:17
145:3 146:11
147:4 148:5
149:17 152:6
152:22 153:11
154:22 159:1
**fourth** 71:12,14
75:4
**frame** 9:10 98:2
137:22

**frankly** 53:15
78:11 162:12
**Frederick**
124:18
**free** 23:5 76:21
**Friday** 128:15
**Friend** 50:1 62:3
62:6,14,19,22
63:10 65:14
68:4,7 69:5,8
69:18,20,21
71:7,17,19,23
72:4,15 73:9
73:15 75:7,11
75:18 76:5
77:9,16,24
78:5,16,24
79:1,4,11,18
79:22,24 83:23
84:5,19 86:3,8
86:15,19 87:20
88:2,16 90:11
90:15 121:21
150:20 151:3,7
151:17,22
152:1,9,19
153:5 155:11
166:14,19
167:3,15
**Friend's** 71:21
**front** 15:18,20
21:2,3 23:7
29:17 30:7
36:16,17 65:6
68:1 70:8
80:24 85:11,17
94:9 99:17
101:12 105:4
111:16 116:19
123:15,18
134:4 135:11
**Fry** 30:15
**full** 5:9
**fully** 138:4
**further** 3:6

63:23 71:24
114:14 115:17
117:6 154:13
154:16 171:6
174:11,14

**G**

**gang** 131:1,4,8
131:11,12,17
132:16
**Gardner** 1:15
174:5 175:10
**general** 44:4,8
44:20,24 98:1
119:2 141:8
165:10
**generalization**
46:14
**generally** 35:19
39:3 44:15
77:15 86:12,14
118:12,13,20
119:14 127:15
139:16 142:18
142:19 158:3,5
**getting** 75:21
86:21 87:1
129:10 130:16
131:13,18
132:16
**Gilger** 134:20
135:2,8
**give** 32:10 34:3
46:9,11,21
52:9 57:23
75:16 77:21
84:13 97:6
120:18 122:16
124:12 156:11
**given** 13:2 49:5
64:16 81:7
85:5 114:16,16
134:23 161:14
163:22 164:1
173:11,12

**gives** 31:4
**glance** 100:2
**go** 7:2,4,17 11:5
11:7 12:20
25:12 27:21
43:1 52:15
54:6 55:5,22
55:24 76:18
87:3,10 89:13
97:7 100:10
102:23 109:8
115:22 120:6
123:11 132:5
162:5 163:19
168:1 169:2
171:21
**goes** 38:20 44:9
71:24 115:17
147:15 155:17
**going** 5:20 9:20
14:11,13,15
16:10 17:18,19
18:24 19:15
20:7,17,24
21:4 25:5,16
26:19 27:4,8
27:12,13 28:4
29:8 30:5 36:8
40:15,16,19
42:14 43:8
46:10 49:16
55:4,11,22,24
56:1,10,22
57:1,4,11,22
58:5,17,19,24
59:7,24 61:9
62:24 64:5,8
65:16 66:22
68:9,11 69:1
69:24 72:5,9
76:17 78:22
80:7,19 82:15
84:12,23 87:4
89:23 93:20
95:1,3,7 96:12

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 185

96:17 99:5
100:10 103:11
104:12,17
105:9,11,16
110:17,19,23
111:1,2,20
113:16 114:4
114:14 115:2
115:10 116:12
116:14 119:12
119:19 120:6
120:17 121:4
121:11 123:11
123:23 124:5,6
124:11 127:13
130:23 132:11
133:24 134:7
135:17 155:18
155:20 159:1
159:18 163:5
164:8
**good** 5:8 50:6,7
100:7 136:10
136:17 147:24
160:16,16
**Gordon** 33:9,14
34:10,13,16,19
34:22 35:2,13
38:24
**gotten** 145:14
**government**
135:12
**graduating** 6:13
**granted** 126:23
**granting** 165:18
**great** 141:3
**ground** 5:21
23:9 43:11
**grounds** 17:23
48:15,24 57:12
58:18 65:21
124:21
**Group** 3:14 55:4
**guess** 92:10
101:21 154:6

**gun** 110:13
**guy** 77:12
167:10
**guys** 11:17

**H**

**H** 3:7 4:1 5:11
**habeas** 125:24
126:12,15,22
136:20,20
**HALE** 2:7
**half** 11:3 12:10
115:4 171:17
**hand** 15:15
44:23
**handful** 136:12
**handle** 42:13
44:15
**handled** 8:16,21
**handling** 26:10
45:5
**handwriting**
65:9,11 68:15
112:15,16,17
112:21,24
**handwritten**
67:24 68:3,6
111:14
**happened** 45:3
102:15 103:16
124:3 125:8,11
125:11 126:2
130:9 157:12
164:7
**happening**
48:11 165:3
**hard** 141:4
**harm** 107:10,24
**hash** 13:6
**head** 24:14
40:13
**heading** 29:23
**hear** 17:11
87:20 129:11
164:9

**heard** 17:10
35:16 163:24
**hearing** 35:21
36:2 39:10
70:13
**hearings** 39:11
39:14,15 60:15
**hearsay** 87:4
**help** 23:9 42:4
123:10
**helpful** 9:18
144:3 149:24
**hey** 46:9
**hidden** 159:8
**hiding** 139:5
154:20
**highly** 81:7
**Hill** 1:11 3:3,8
4:3 5:3,8,11
6:1 15:14,18
16:11,15 17:7
17:21 18:5,8
19:1 21:1
22:21 23:3
25:19,23 27:6
27:9,13,16
28:5,9 29:15
30:9 33:23
36:15 41:10
52:16 55:21
57:15 58:5,11
58:22 60:11
61:21 63:2
65:6,24 66:10
66:13 67:23
68:14,22 69:3
70:7 72:16,20
73:6,8,24 74:6
76:11,15,23
80:23 84:24
85:10 86:11
92:3,5,12 94:9
95:20 98:21
99:17 101:2
102:23 105:3

108:13,20
109:4,16 111:8
111:15 112:7
113:17 116:18
117:8 118:7
120:8 121:14
123:15,20
124:13 129:22
130:22 134:18
135:19 136:17
138:1,15 149:3
154:15 157:14
170:24 171:7,8
171:14,20
173:10,15
174:7,19
**Hill's** 66:3
**hinge** 142:22
**hire** 49:6 169:22
**hired** 61:8
**histories** 143:4
**history** 142:8,15
143:12 166:4
**hold** 15:2 115:23
**holds** 66:12
**homicide** 62:6
91:1,11,15 127:5
129:10,24
130:3,4,7,17
131:14,19
132:17 138:9
138:20 142:3
143:10,19
144:7,14,23
146:10 150:21
160:4
**honest** 97:4
132:21
**Honorable**
30:17
**Hoover** 129:5,9
130:16
**hope** 154:3
**hour** 11:3
**house** 101:15

168:23
**hundred** 101:17
102:4 103:15
167:11,23
**hypothetical**
49:5 144:9

**I**

**ideal** 13:9
**identification**
29:23 30:9,18
39:20 53:3
78:6 84:6,20
102:5 149:21
167:23
**identifications**
139:18
**identified** 36:17
62:14,19 79:19
89:20,21 111:5
139:19 156:24
160:20 161:11
161:12 167:22
**identify** 53:20
54:3,11,16
66:20 97:1
102:13 146:22
147:12 148:11
148:11 152:3
152:10,11,19
153:6 167:12
**identifying**
104:1
**Illinois** 1:1,17
2:4,9,14,19
71:2 72:1
157:21 173:1
174:1,2 175:2
**imagine** 48:21
**immediately**
28:18
**impacted**
150:15
**implicate** 75:13
118:20 132:24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

132:24
**implicates** 73:10
76:9 109:10
118:11,23
120:23 132:1
**important** 45:3
45:6 52:24
53:8
**impression**
162:7
**impressions**
96:14
**improper** 12:24
60:2,4 80:17
81:7 85:4 94:5
104:24 114:15
114:23 115:20
**improperly** 32:3
147:12 152:18
**in-court** 139:18
**inadvertent**
10:3 12:8
13:15 112:2
114:11
**inadvertently**
9:21 13:11
14:3,4,24 65:3
114:21
**inappropriate**
105:8
**incarcerated**
109:18
**incarceration**
126:10,14,20
**incident** 103:16
**include** 37:12
89:6
**included** 8:13
38:19 170:4
**includes** 37:9
**including** 8:13
39:18 90:10
144:2 155:10
162:21 170:15
**independent** 9:3

35:24 38:4,17
47:17 54:18
55:2 72:3 76:4
84:1,3 97:9
101:11 109:13
135:6 140:18
166:6
**indicate** 14:2
21:4 53:22
55:12 65:13
71:16 115:16
156:12
**indicated** 9:23
10:4,9 12:4
13:14,21 14:1
14:10 30:19
39:4 48:10
50:10 53:2
55:15 62:2
66:3 68:7 71:9
78:5 89:8
103:11 109:21
119:1 134:11
152:10 156:23
166:20 167:3,4
167:20 168:2,6
168:7 173:13
**indicates** 14:5
71:6 80:15
85:6 117:1
137:14
**indication** 129:8
129:14 130:15
131:12,17
132:15 156:16
**indirectly**
174:18
**individual** 2:11
28:21,24 49:9
50:11 87:16
88:21 89:1,11
92:19 94:23
95:23 96:10
106:14,18
121:15 124:17

129:4,9 130:5
130:16 137:14
157:16
**individual's**
89:3
**individuals**
26:11 49:14
103:13 168:23
**ineffective**
124:22 125:6
**inflicting** 107:23
**influenced**
149:21 150:7
**inform** 121:7
**information**
44:22 46:16,17
46:19 47:4
48:23 53:9
54:19 68:18
92:17 114:5
147:19,19
148:3,21,22
150:6 153:13
153:18,24
154:7 160:18
162:20 163:4
163:14,17
164:1,14,16
165:1,4,5,8,21
169:23
**informed** 53:19
84:2 86:2
102:3 105:7
126:24
**informing** 72:3
**initial** 5:10
173:16
**innocence**
128:24 137:4,6
137:10
**innocent** 137:15
139:8
**Inquiry** 108:5
108:15,18,21
**instruct** 16:11

17:11 18:13,14
18:24 20:8
22:21 25:19
35:4 52:16
57:1,12 58:19
65:16 90:23
95:4 96:17
105:11 109:12
110:19 113:9
116:7 119:12
120:13,24
124:7 129:18
131:3,24 132:2
134:22 155:18
**instructed** 18:11
60:7 66:9,16
76:11,23
**instructing**
56:11
**instruction**
18:19 19:19
23:11 53:12
57:4 58:3,8,14
59:4,11,13
66:6 69:16
77:5 82:13
86:4 93:1 95:7
116:7 117:10
117:11,24
118:17 119:19
121:8 124:11
130:19,23
135:14 155:20
**instructions**
27:20 65:18
84:13 91:6
92:7 105:16
111:1 113:15
116:12 117:13
117:15 118:6
120:17 121:4
121:11 135:17
**instructs** 66:4
**intellectual** 8:1
**intend** 9:24 10:4

10:8,9 11:21
75:8,11
**intended** 13:15
**intentional** 12:7
**intentions** 75:14
**interest** 12:15
156:18,21
**interested**
174:17
**interpret** 33:21
66:8
**interpretation**
75:5
**interrupt** 18:15
108:24 140:7
**interrupted**
150:1
**interrupting**
72:9
**interview** 71:21
101:22 147:18
153:5,5
**interviewing**
38:20
**intimidate** 86:10
**intimidating**
86:17
**introduced** 5:12
133:3 136:1,4
161:1,18,22
162:9
**invade** 91:23
92:2,10 96:21
**invades** 63:1
69:10 76:6
84:8 90:22
95:2,3 98:15
113:7,12 116:8
119:16
**invading** 52:12
63:2 76:8
98:17
**invasion** 131:23
**investigated**
142:3 144:6,8

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 187

144:14 148:4
148:13 150:9
153:14
**investigation**
38:18,18 39:1
43:17 44:6,18
45:4,6,11 46:6
105:20 106:10
106:16,20
107:2,4 138:10
138:19 142:9
142:17 143:10
145:16 146:9
146:16,19
150:3 151:23
160:4,6 163:9
164:4 166:7,10
**investigator**
49:16 56:19
98:14 99:1
168:5 169:23
**investigators**
49:6
**invoke** 19:16
20:7 52:9
**invokes** 22:19
27:11
**invoking** 16:12
19:15
**involved** 9:8
22:8 39:13
60:19,20,21,22
105:20,22
106:9,15
120:20 129:9
130:16 131:7
131:13,18
132:16 142:5,9
142:16,21
143:5,10,18
144:23 163:9
164:3 165:22
**involvement**
89:3
**issue** 16:23 22:6

44:16 47:13,18
53:14 97:5
133:6,9 162:14
**issued** 43:13
**issues** 26:3
39:13,17,18
40:13 157:19
**issuing** 43:15
45:9
**italicized** 75:4

_____
**J**

**J** 1:15 2:12 5:10
33:9 174:5
175:10
**Jackson** 2:8
**jail** 90:19 126:22
**James** 1:3 5:15
8:24 9:1,4 17:9
30:11,14 34:23
109:17 144:16
145:2,8,16
146:1 173:3
**January** 1:18
6:14 7:15
29:12 31:1,3
173:11 174:13
175:2
**Jenner** 2:17 6:7
6:8,23 7:6,20
7:21 9:10
11:18 14:18,23
16:7 17:1,4
19:22,24 20:4
20:6 21:9,15
21:17,22 22:1
22:3,8 23:20
23:21 26:16,23
27:11 33:13
34:16 38:1
67:2 123:5
141:11,13
158:2 170:11
**Jenner's** 158:6
**JEROME** 1:6

173:6
**Jim** 49:9 99:9
**Jimmie** 109:17
109:21,22
125:15 126:21
127:1
**Jimmy** 19:7
61:3 83:11
95:21 96:1,4
98:2
**Jimmy's** 53:6,18
83:1 86:23
87:8,14 88:9
**job** 14:17,18
15:1,6,8
115:22,22
141:3
**Joe** 24:11 25:3
**Joseph** 23:15,17
28:20 29:1
30:16,21 37:14
58:12 70:10
71:9,11 140:15
140:17
**Jr** 1:3 91:4,5,9
109:17,22
122:20 173:3
**judge** 41:23
54:24 87:1
125:24 126:12
160:23 165:17
**judgment**
103:23
**July** 9:16 15:23
55:7,8 56:3,15
58:10 104:15
105:4
**juncture** 62:16
**jurisdiction**
157:15,17
**jury** 171:1

_____
**K**

**k** 7:8
**Kennelly** 28:20

29:1 30:16,21
**kept** 118:8
**key** 38:20
**kind** 9:13 13:2
77:14 78:21
**knew** 72:16
90:20 91:10,14
92:6,12 157:1
157:1 159:5,16
159:17 169:15
**know** 5:12,22
8:24 9:1 10:14
10:20,23,24
11:2,7,16 12:8
13:23 14:21
15:18 16:6,18
16:18,22 18:21
19:21 20:5,16
24:1,18 25:13
26:14 27:10
28:19,21 30:7
31:8,22 32:19
32:22 33:9,12
33:18 34:12,19
34:22 35:1
37:20 39:12,16
40:5,10 41:3
44:19,23,23
45:3,12 47:8
47:16,21 48:20
52:5 53:2,14
54:13 55:1
56:5 59:8
60:14,14 61:7
62:8 63:14,22
63:23 64:20,22
64:23 65:11
66:6,23 67:7
67:16,16,21
68:15,18 70:21
75:24 76:17
77:12 79:10,24
83:16 85:23
86:18 88:2,23
89:13,14,17,22

91:18,20 92:19
95:15 96:1,22
97:22 99:14
106:9,12,21
107:6 111:24
112:17 114:15
114:21 117:19
118:7 119:4
123:8 124:13
124:17,24
125:1,1,2,8,9
125:11,12
129:4,17,23,24
131:7 132:2,8
133:1,15,23
136:18 137:20
139:2,21
140:17 146:6,7
149:24 150:19
151:21 155:1
156:17,19
157:14,18,22
159:3,16 160:2
160:5,11,22
161:3,5,21
162:12,12,13
162:18,24
163:12,15,20
164:23,24
165:19 167:3,6
167:10,14
169:13,15
170:6,9 171:4
171:11
**knowledge**
20:10 24:4
31:2 79:3 89:8
107:2 124:16
124:20 126:1
131:10 144:1
146:14 151:1
166:17
**known** 143:9,17
147:13 149:23
152:20 153:2,9

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 188

knows 18:24
  109:12 131:4

**L**

L 2:7 5:11,11
  7:8,8
Larry 129:4,9
  130:16
late 71:7,19
launched 144:15
  153:19
law 6:4,13,17,22
  7:7,13,14,18
  7:24 159:11
lawsuit 5:15
  127:4,12
  137:21
lawyer 8:13,21
  57:5 147:14
  157:14
lawyers 17:10
  105:17 159:5
lead 24:22 25:5
  25:17 107:3,3
  107:6
learn 35:2 91:14
  126:13,17,19
  146:7 149:7
learned 53:8,10
  122:12 148:9
  148:21 150:6
learning 110:15
  149:4
led 50:19 53:5
  61:3 62:21
left 6:15,16,18
  6:18,19 7:6
  37:10 64:14
left-hand 37:8
  41:16
legal 96:13
  145:4
let's 15:14 17:7
  20:4 30:8
  40:16 43:11

55:5 58:9 81:3
  104:14 122:1
  130:2 131:16
letter 9:16 10:16
  13:1 15:23
  16:1,3 22:15
  23:8 55:7,8
  56:3,5,7,8,11
  56:13,17 58:12
  64:7 70:2,7,9
  70:11,14,17,20
  71:9,11,18
  72:14 73:13,13
  73:23 74:2,10
  74:11,14 80:8
  80:9,15,23
  99:8 101:10
  104:16 105:3,6
  105:10,12
  108:11 109:20
  110:14 111:6
  116:16 117:8,9
  123:14,15,17
  134:3 155:21
letters 55:6
  114:11
licensed 6:1,3
light 12:8 18:19
  165:16
liked 147:21
  152:20 153:2,9
limited 64:17
  112:4
line 37:12
lineup 31:14,15
  32:2 33:19
  34:11 35:13,16
  35:20 36:2
  38:13,14,16
  39:5,18 68:8
  103:13,14
  104:2 133:17
  149:5,9,15,21
  150:7 166:16
  166:22 168:8

169:7,11
listing 37:11
lists 168:21
litigate 28:3
litigated 98:5
litigation 8:2
  27:10 66:22
  91:8 122:15
  158:24
little 18:10
  79:17
live 166:3
LLC 2:7
LLP 2:17
locate 71:23
  89:11,17 101:8
  122:23,23
  155:7,14,15,23
  156:7,9 169:23
locating 49:16
  155:13 156:13
  156:14
location 51:18
Loevy 2:2,2
  11:18,19,19,19
  14:19,19 127:7
  127:7,10,11
  128:3,3,6,6,10
  128:10 158:11
  158:11,13,13
  158:14,14,22
  158:22 159:10
  159:11 171:16
  171:16
log 11:20 12:2
  13:23 114:18
  115:6
long 6:3,8 7:9,14
  102:15 103:16
  132:13
look 30:5 31:6
  32:17 38:5
  41:14 58:9
  67:24 75:17
  87:3,10 94:12

108:13 117:17
  144:10 163:19
  170:20 172:4
looked 54:7 89:9
  97:5 102:16
  168:5
looking 30:6
  59:9 67:14
  70:18 89:15
  120:15
looks 30:21
  37:16 64:10
  70:23 75:22
  101:7,13,14
  105:6 108:16
  108:18
lot 63:8 66:19
Lyerla 7:7,8

**M**

main 53:14
maintained
  118:8
major 165:17
making 31:18
  35:10 38:22
  66:24 67:1
  86:10,16 88:9
males 103:14
manner 115:9
March 41:17
  63:19 71:7,17
  71:19 72:15
mark 9:14 13:5
  15:10 20:18
  22:13 23:8
  29:8 36:8
  40:16 55:4
  63:17 69:24
  80:8 81:3
  84:23 93:20
  99:5 104:12,14
  108:9 111:12
  113:18 115:7
  116:14 134:1

marked 29:15
  40:18 101:3
  111:16 114:7
  115:5,15
  116:19 123:12
  124:1 134:9
material 138:8
  138:23
materialized
  139:4
materials 10:3
math 6:11
matter 96:16
  103:23 107:7
  126:7
matters 8:12,13
mean 6:19 11:8
  15:3 16:17
  17:10 19:8
  22:6,24 27:7
  30:13 31:16
  32:4 33:18,20
  36:3 43:1,7
  44:21 46:14
  53:15 58:7
  62:9 67:4
  68:14 70:18
  71:18 73:11,23
  75:13 78:11
  80:5 89:24
  90:14 91:18
  92:2,8 95:9
  97:11 99:3,22
  102:24 103:1
  115:13 125:9
  139:2 140:7
  164:21
means 41:24
  122:14
media 126:17
meet 13:22
  14:16,21 52:1
meeting 34:17
  52:6
meetings 52:6

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 189

membership
131:5
memory 19:21
19:24 20:2
21:23 22:5
30:1 31:18
38:22 39:8
42:5 61:22
77:19 79:16
86:1 87:15
94:21 103:24
108:2,7 117:22
157:8
men 102:16
mental 96:14
mention 12:9
53:21
met 33:13 34:16
52:3,4 88:22
149:4,14
169:10
middle 5:10
32:18 33:3
midst 78:21
mind 17:14
32:12 34:5
52:19 64:11
65:24 73:19
91:11 93:13
102:7
mine 20:2
minimum
147:10
minute 56:4
minutes 12:12
13:12 50:6
misbehavior
144:3
mischaracteri...
58:16
mischaracteri...
56:23 57:10
154:23
misconduct
142:2,4 143:2

143:11,19
144:6,24 164:3
166:5,9
misheard 72:19
mispronounci...
23:15
missed 102:6
107:11
missing 133:13
Mississippi
113:6 116:4
117:23 156:16
157:7
misstates 148:5
148:18 149:10
151:11 152:22
mistakenly
114:22
mistrial 49:1
moment 85:22
94:17 110:8
MONICO 2:7
month 22:10
morning 5:8
9:23 11:3
13:12 55:13
64:18 67:15
94:3 111:23,24
motion 29:6,11
29:23 30:9
31:11 35:15
36:11 37:3,24
38:23 39:4,8
39:15,19,22
40:4,5,9 42:1,5
45:14,17,19,21
45:23 46:3,8
46:18 47:1,5
47:13,17 90:1
107:20,21
108:1 124:21
124:24 125:8
139:18 157:9
161:7 163:6,10
163:16,19

165:18 170:13
170:16,16,17
170:18,21
motions 31:23
39:5,12,14,16
39:17,23 40:2
40:6,11,12
47:15 107:8
139:14,17,22
139:24 140:3,9
148:23 150:16
154:1,4 170:15
mount 145:16
150:12 160:18
move 10:9 12:18
115:10
moves 30:17
multiple 39:23
40:2 41:17
116:9
murder 26:12
50:20 61:4
62:21 92:24
137:23 151:22

_____

N

N 3:1 7:8
name 5:9,10,11
5:13 7:7 23:16
28:20 29:1
37:9,10 49:9
49:12 50:11
61:5 89:1,12
92:20 94:23
95:23 96:3
105:23 106:6
106:15,18,21
109:8,22
124:17 129:4,6
129:9 134:20
136:18 168:17
named 130:5,16
names 24:13
49:24 106:1,12
necessarily 39:2

51:7 92:1
139:5 142:22
need 5:22,23
23:4 121:24
needed 145:15
160:12
never 12:8 74:10
88:22,23 89:8
89:9,18 132:12
139:3 155:3
156:7,17
162:24 166:14
166:20
new 40:4 48:22
61:8 110:5
124:21 125:10
165:15
news 165:7
night 90:19
non-privileged
92:17
Noradin 1:6
106:15 173:6
normal 142:14
North 2:3,18
NORTHERN
1:1 173:1
174:1
NOTARY
173:20
note 41:6 64:9
64:19,21
111:14 113:4
114:20 116:22
noted 114:17
notes 63:18,20
63:23 64:5
65:6 67:24
68:3,6 69:4
70:3 71:21
75:6,22 114:12
114:19,21
147:18,19
148:1,2 153:7
153:7

noticed 115:19
November 6:5
36:11 37:17,22
number 8:11,16
10:21 40:16,18
49:13 54:8
55:5 61:16
78:11 114:18
114:19 120:9
120:10,15
141:17 142:20
145:7 173:16
numbered
123:18

_____

O

O'Connor 70:15
70:24 71:4
oath 26:22
object 18:4
22:21 26:19
42:14 43:8
52:8 55:11,15
56:2,10,22
57:11 58:17,19
59:24 62:24
64:2 65:21
68:9 72:5,9
80:13,16 85:5
94:2,4 95:1
96:12 104:18
104:21 105:9
109:11 110:17
111:20 114:4
114:15 117:2
118:19 119:15
121:17 122:11
123:24 127:13
131:21 134:7
155:18
objected 54:24
121:18 141:18
objecting 56:12
objection 10:11
13:3 17:12,20

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 190

18:1 20:14
21:12 23:11
25:18 27:1,4
42:7,20 48:7
50:15 51:2
53:12 54:4,9
54:24 55:23
57:10 58:3,14
58:16 59:4,11
63:12 64:15,22
64:23 65:15
68:14,20 69:10
73:22 77:5
79:6 82:11
84:7 86:4
88:17 90:22
91:16 92:8
93:1,8 97:20
102:21 105:1
111:9 116:5
117:6,10,24
118:10 119:2
119:11 120:22
121:8 130:18
135:14 137:17
138:11 142:10
143:6,21 145:3
146:11 147:3
148:5,15,24
149:10,17
151:11 152:6
152:14,22
153:11,21
154:22 156:3,4
158:16 161:19
164:18
**objections** 27:24
63:8 66:19
67:8 81:5 85:8
98:23 114:16
117:13 118:22
132:3 135:4
159:13 168:11
**obligation** 11:13
14:2 27:19,23

46:21
**observation**
167:17
**obtain** 44:21
93:6 94:22
116:2 119:9
**obtained** 125:20
169:24
**obviously** 13:9
16:17 60:3
120:4 157:1
158:6 164:7
**occasion** 155:5
**occasions** 61:17
**occurred** 49:19
49:19 115:4
**October** 70:8,9
70:16 74:12
123:14 134:3
**off-topic** 129:3
**offender** 53:20
54:3,12 62:15
62:20 78:17
79:19 84:21
**office** 43:14
63:21 64:1,20
65:2 67:18
68:17 69:3,6
70:3 73:14
74:12 101:8
116:2 117:22
160:10
**officer** 142:16
**officers** 1:8 5:14
106:3,5 142:5
142:8 143:4,9
143:18 144:6
144:13,21
146:18 151:22
161:9 162:2
164:23 165:9
165:11,21
166:13 173:8
**official** 25:1
**okay** 7:2,5 9:12

10:12 11:5,14
15:22 16:2
18:3,21 19:4
20:13,17 27:16
29:24 32:8
33:1,8,23 37:6
38:10 40:15
41:14 42:20
46:3 58:7 65:9
67:2,9 70:13
71:5 74:9
75:10 100:1,5
100:10 101:24
102:1 110:11
111:18 112:15
116:1 117:21
118:21 125:12
130:2,6 132:13
137:9,13
139:17 150:19
154:10 157:8
163:15 166:6
168:2,20
**once** 10:4 42:12
151:16
**ones** 11:6 103:13
**open** 35:11
77:14 151:8
**opinion** 21:7
141:1,6,7
**opportunity**
36:15 67:24
100:2 101:2
111:22
**order** 10:6 11:10
12:15 30:17
41:19,22 90:6
94:5 104:22
123:11 126:15
137:14 145:15
158:13 172:7
**ordering** 45:9
**original** 152:3
**originally** 112:1
**other's** 96:6

**out-of-state** 90:2
157:4,10,10
**outcome** 154:8
**outside** 10:18
47:19 60:16
**overlapping**
67:5

**P**

**P** 30:16,21
**page** 3:2,8 4:3
31:7,7 33:3
37:6,8,10 38:6
41:15 70:19,20
94:12 95:14,17
102:1 108:14
108:19 109:5
110:2,3 168:16
169:2
**Pallmeyer**
125:24
**Pallmeyer's**
126:12 165:17
**Panagakos** 1:15
174:5 175:10
**paper** 31:17
36:16 123:2
162:9
**papers** 164:24
**paragraph** 31:8
71:6,12,14
75:3,4 81:2
94:13,15,17,20
95:14,17
101:13,22,24
102:11 103:7,9
103:10 110:5,9
117:18,21
123:20 134:18
134:20 135:11
168:16,20
169:3,4
**paralegals** 24:12
49:14
**part** 11:2 14:22

33:15 49:17
106:19 107:11
107:19 112:1
125:24 130:12
142:14 163:6
169:24
**participated**
149:5
**participation**
149:9
**particular** 22:6
39:14,21,22
44:12,22 45:13
48:12 67:16
75:16 97:5
108:3 118:23
138:13 140:4
157:11,13
160:23 165:9
166:2,13 167:2
**particularly**
84:16
**particulars**
24:14 39:22
**parties** 174:16
**partly** 161:9
**partner** 6:7
23:21,23 25:2
25:5
**party** 27:10
136:2
**patent** 8:2
**pattern** 142:1,4
143:2,11,19
144:5,12,24
164:2 165:22
166:8
**patterns** 165:9
166:4
**pending** 17:12
122:2
**people** 24:11
131:9 157:23
**percent** 77:20
101:17 102:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 191

102:18 103:3,3
103:15 167:11
167:23
**perfect** 152:8
**period** 9:14 23:9
61:11 138:11
164:7 165:2
**permitted** 47:15
**perpetrated**
53:23
**perpetrator**
54:16 77:22
156:24 167:13
**perpetrators**
53:4
**person** 51:16
53:5 102:13
125:17 128:16
152:12 156:23
**personal** 124:16
166:10 174:10
**personally**
38:19 98:10
**pertaining** 1:14
**petition** 122:21
126:23 128:24
137:4
**pgs** 173:16
**phone** 2:4,9,14
2:19 84:5,19
**photo** 101:15
102:5 133:3,7
133:22 135:20
136:1,4 146:22
152:3,9,11
166:16,21
167:24 168:9
**photograph**
101:20 133:17
147:7
**photographs**
133:2,22 136:1
**photos** 53:3,23
102:17 133:18
135:12

**phrase** 150:4
**phrased** 19:6
**physical** 107:10
107:24
**pick** 53:4,10,18
54:17,20 68:8
78:18 166:15
166:21
**picked** 101:16
102:17 103:14
**picture** 53:18
**pictures** 133:13
168:23
**piece** 54:19
162:8 167:12
**pinpoint** 9:13
97:18
**place** 29:6 51:10
91:11 127:5
128:14
**plaintiff** 1:4 2:6
9:22 12:5
22:18 112:1
114:10 116:23
124:2 173:4
**plaintiff's** 12:15
60:1 61:16
115:14 136:18
**plan** 12:18
**planned** 12:13
**planning** 69:8
**please** 5:9,22
15:11 25:8
32:13,19 34:6
48:17 52:20
55:5 56:6
57:19 67:2
73:20 82:24
85:23 93:14
94:18 95:15
102:8 107:13
113:19 117:18
117:19 118:15
173:16
**plenty** 166:4

**plus** 117:24
**point** 5:22 13:13
14:1 16:15
31:6,11,19
32:2,17 38:5
42:24 44:14
62:16,17 65:2
65:14 76:5
83:16 107:7
108:3 115:3
136:4,21
138:22 151:17
157:2
**pointed** 147:6
152:11
**points** 53:8
**police** 1:7 38:17
43:15,22,23
44:13 47:19
53:2,10,18,20
53:22 54:2,17
54:19 68:4
78:17 88:22
89:2,6 90:18
106:3,4 138:9
138:18 139:1
142:2,5,16
146:2,7,13,17
146:24 147:20
148:3,9 149:16
150:24 151:2
151:21 152:2,5
152:11,13
153:4,8 160:3
160:9,16 161:9
161:10,12,15
162:2,16
165:10 166:4
166:15 167:8
167:20 168:7
168:22 169:6,7
173:7
**poor** 107:18
**portion** 75:4
**portions** 64:11

64:12
**position** 10:1,2,9
12:5,16 13:24
15:9 55:18
80:20 115:18
119:22,23
134:16 171:18
**positively** 54:3
54:11 102:13
**possessed**
138:19
**possession** 9:23
**possibility**
126:23 145:1
**possible** 61:24
66:20 67:2
74:19 99:23
122:14 154:1
**post** 56:9 57:8
60:20
**postconviction**
122:21 123:2
126:6
**potential** 48:24
150:16
**potentially**
148:12,22
**Powell** 92:20,24
93:7 94:24
**power** 138:4,17
157:21
**practice** 6:3,17
7:24 8:2 29:6
44:4,16,20,24
74:15,18 142:2
143:2,11,19
144:6,13,24
164:2 166:9
**practices** 144:2
165:10,23
**predecessor**
71:22
**premise** 107:5
**preparation**
62:22 63:11

74:17 128:13
128:19
**prepared** 54:23
**present** 51:21
90:3
**presented** 48:4,5
48:13,22 125:3
161:6
**presenting**
47:23
**presently** 74:13
**preserve** 18:12
**press** 165:24
166:11
**presumably**
144:9
**presume** 45:17
96:9
**pretrial** 72:7
73:9 78:3
120:21 148:22
150:16 154:1,4
161:23
**pretty** 52:4
54:14 163:5
**prevented** 54:8
**previous** 13:22
58:15 92:2,11
109:11 134:10
**previously** 5:12
6:12 8:9 14:17
26:5,11 44:1
48:5 68:10
71:9 98:7
114:17 115:2
115:10 120:8
123:12 124:2
134:9,11
137:15 139:13
140:14 151:6
155:4,22
160:20 168:5
171:12
**principally** 8:11
**prior** 8:4 22:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 192

26:10 29:2
38:16 44:2
51:9,13 52:2
66:12 71:7,19
74:16 82:10
83:14 91:15
92:6 98:11,14
116:24 121:6
127:9 128:6
140:8 141:24
151:11 154:23
158:15,23
160:10 161:20
162:10 169:11
**prison** 125:16
125:18
**private** 49:6
169:22
**privilege** 11:4
11:20,22,24
12:2,5,24 13:5
13:18,22 14:10
14:14,19 15:2
15:2 16:11,11
16:13,21,23
17:5 18:2,4,12
18:15 19:3,13
19:16 20:7
22:19,20 23:1
25:21 26:2
27:8,11 28:6
33:17 42:15
52:10,12,18
57:6,12 58:17
61:18 63:2
64:13 66:13,15
66:21 67:7,12
67:20 68:12,20
69:11 72:11
76:10 85:7
90:23 91:24
92:2 93:9 95:3
95:4 96:15,22
109:13 110:20
111:7 112:9

113:8 114:8
115:6,8,13,17
115:23 116:8
117:1 119:12
121:16,18
123:24 124:4,5
131:22,24
133:1 141:20
159:6,20,22
160:1 171:15
**privileged** 10:3
13:17,18,21
16:9 17:2,23
18:6,23 19:15
21:6,9 26:18
27:9,14 33:21
34:1 35:5
56:24 61:13,13
63:15,15,22
72:17 76:1,16
77:1 79:7
80:15 91:22
104:20 105:10
114:18 115:5
115:16 117:3
119:24 122:13
134:9,12 156:1
158:14,22
159:12
**privileges** 63:3
75:14 77:2
116:9 118:24
**privy** 48:24
159:21
**pro** 8:12,13,20
16:6 26:8,17
26:23
**probably** 8:14
41:3 46:14
47:10 90:19
103:23 107:18
108:2 143:3
**probing** 112:4
**problem** 18:17
**procedure** 1:13

97:5
**procedures**
60:15 142:23
**proceeding** 93:7
97:1
**proceedings**
60:19,22 123:3
126:6 138:2,17
**produce** 75:6
135:13 154:21
159:17 160:12
160:13 170:7
**produced** 9:21
11:3,18,19
12:10 13:11,24
14:3,5 15:1
21:6 40:21
41:3 65:3
67:19 68:11
111:23,23
112:1 114:9,18
114:21 158:8
158:10,13
159:19 171:16
**product** 19:3
21:5,8,10
25:21,24 26:3
33:20,24 42:14
43:8 52:18
63:1,15 64:2
64:13 65:15,21
65:22 66:5,7,7
66:8,10,16,21
67:7 68:12,19
69:10 72:11
73:4,10,17
74:3 75:14
76:7,8,10,12
76:16,24 77:2
79:7 80:18
82:19 84:8
85:6 93:9 95:2
96:13,15 98:16
98:17 105:14
111:10,21

112:7,9 113:12
114:13 116:6
117:5 118:2,11
118:21,24
119:12,16
120:1,13,24
121:18,20
127:14,18
129:17,18,20
132:1 135:4
141:21 155:17
168:13
**production** 10:3
11:17 13:15
14:23 43:12,12
112:2 114:11
115:4,22
119:23
**productions**
159:7
**professed** 62:9
**professional**
11:12 94:6
104:23
**project** 24:13
166:1
**proper** 18:1
**properly** 31:14
138:4 145:21
**property** 8:1
**propounded**
163:11
**prospective**
14:13
**protection** 10:7
**protective** 10:6
11:10 12:15
94:5 104:22
**prove** 119:10
**provide** 56:19
57:8,24 162:20
**provided** 68:17
160:17 173:13
**public** 28:13,20
28:24 30:15,16

31:12,13,19
32:5,6 165:7
173:20
**pull** 36:15 95:11
101:18,20
155:24 168:14
**pulled** 41:3
110:13
**pulling** 40:20
**purposes** 123:6
**pursuant** 1:12
110:20
**pursue** 10:8
**pushed** 110:12
**put** 15:11 20:24
28:3 96:10
115:15 129:7
147:20 171:11
**putting** 72:14
97:2

---

**Q**

**quash** 107:9,21
**quashed** 107:23
**question** 5:16
6:21 11:1 14:7
16:2,3,16,19
17:3,11,12,15
18:8,11,20
19:2,6,9,10,12
19:15,18,20,23
20:1,3,5,10,13
25:8,14,23
26:1 27:6,23
30:1 32:4,10
33:4,4,7,17,22
34:3 39:3
42:15,22 43:5
43:6 45:1 46:7
48:17 52:20
56:12 57:5,18
57:23 58:8
63:5,14 69:1,2
69:17 72:2,15
72:17,18 73:15

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 193

73:20 76:15,23
82:17,23 91:7
91:13,23 92:18
93:12 95:8,10
96:20 102:6
105:17 107:6
107:12,13,18
109:16 110:9
111:2 112:11
113:7,14 116:8
116:13 117:15
118:6,14 119:2
119:14,16
120:23 122:2
122:16 123:9
124:6,12
127:15,22
129:12,22,23
130:12,22,24
132:11,22,23
150:5 154:6,23
156:6,8 158:19
161:4 164:9,9
167:2,21
**questions** 17:21
22:22 28:5
54:8 55:24
57:2 58:20
59:1 67:4
100:6 105:9,12
112:4 119:23
124:7 129:3
136:6,8,11,12
139:15 154:13
154:18 158:4,5
167:18 171:4,6
**quick** 121:23
**quite** 53:15
78:10 162:12

―――――――
**R**
**R** 7:8,8
**raise** 87:16,18
**raised** 12:11,11
39:16

**raising** 31:12,13
**RAYMOND** 1:7
173:7
**reach** 157:23
**reached** 61:10
**read** 17:16
19:10,11 25:13
31:8,10 32:14
32:18 33:6,8
34:7 48:17,18
52:21 54:6
56:7 57:18,20
60:4 71:15
73:21 74:1
77:4 82:23
83:2 85:22,24
93:13,15,17
94:17,19,21
95:15,19 100:2
102:9 103:11
107:14 110:8
110:10,11,14
113:19 114:5
114:15 117:18
117:20 118:14
118:16 122:17
125:23 126:4
127:24 129:11
129:13 136:20
163:20 164:10
164:11 172:3
173:10
**reading** 17:15
29:22 30:13
32:12 34:5
52:19 73:19
81:4,6 102:7
102:11 126:14
162:18
**reads** 37:16
**ready** 155:6
**real** 126:1
**really** 9:9 49:20
52:3 78:20
125:2 126:21

133:1
**reason** 102:14
154:19 160:7
164:15,20
170:3 171:20
**reasons** 74:22
74:23
**recall** 16:5 21:19
21:21 28:9,12
28:13,16,17,24
29:5,7 30:3
31:21 32:16
34:15 35:9,14
35:17,18,22
37:3 47:4 48:2
49:8,9,21,23
50:14,17,24
51:4,5,12 52:3
53:1 55:3
60:14 61:24
62:1,5,7,13,14
69:7,20 70:17
75:24 78:8
79:2,18 83:24
84:14,22 85:19
86:18,20,22
87:24 88:20
89:1,7,15,16
90:1,4,5 92:21
93:4,19 95:22
96:1,6,8 97:11
97:15,22 98:22
98:24 99:4,22
99:24 103:1,5
103:21 104:11
105:23 106:14
106:18 108:1
112:14 122:7
125:4 126:21
133:5,6,10,18
133:20,21,23
135:1,7,21
137:8 142:1,7
142:12,18
145:23 146:3

151:7 156:3,10
156:15 158:3
160:11 161:3,7
162:4,17 164:8
167:24
**recalled** 62:2
**recanting**
125:21
**receive** 60:11
137:5 145:24
**received** 14:7
28:11 29:4
46:23 60:17
68:16 137:10
146:5
**receiving** 47:4
85:19 87:21
127:9 128:6,10
164:13
**recess** 50:8
76:20 100:12
**recollection** 9:3
9:7,9 17:8
22:10 26:3
29:3 32:1
33:14 35:10
36:1,22 37:2
38:4 39:2,19
39:21 40:1,3,7
40:8 43:14,18
43:24 44:7,11
45:16 47:2,8
47:11,23 48:11
49:11,15,18,20
50:11 54:10,18
54:22 57:7
59:2 62:8
69:22 72:3
73:1 74:11,13
76:4 77:8
79:21 84:1,3
84:17 86:7
87:17 88:10,13
88:14,15 92:22
93:5 97:7,9

98:13 101:11
103:18 105:19
105:21 106:22
107:1 108:7
116:1 120:10
135:23,24
136:3 140:18
140:20 145:11
149:3 150:22
157:6,11,13
**record** 5:9,13
9:20 10:2,11
11:7 12:17,19
14:20 17:16
19:11 20:19
22:14 23:5
27:16 28:2,7
29:11 32:14
34:7 36:4,10
36:18 47:10
48:18 52:21
54:6 55:6,18
55:22 57:20
60:1,5 61:15
63:18 64:9
65:20 66:18
70:2 71:16
73:21 76:18
77:4 80:10,13
80:19 81:3
83:2 85:12
87:9 93:15,17
93:22 94:1
99:8 100:11
102:9 104:15
104:17 107:14
108:2,10 111:4
111:13 113:16
114:5,16 115:1
115:11 116:16
116:22 118:16
119:21 120:2,5
121:13 122:17
123:13,23
129:13 132:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 194

134:2 148:19
164:11 171:11
173:12
**records** 43:4,6
43:16,19 44:5
44:12 90:15
106:13 116:3
117:22 118:7
118:12 119:5
119:10 132:3
156:23 162:6
162:22,23
**recounting**
126:2
**redact** 64:12
**redacted** 64:11
64:24 65:1
**redaction** 65:2
**redepose** 28:5
171:14,20
**reduced** 174:9
**redundant** 58:6
**reference** 87:11
**referenced**
136:20
**referred** 67:17
165:5
**referring** 10:15
14:22 130:8
165:13
**reflect** 166:11
**reflected** 101:10
**reflects** 165:2
**reform** 127:23
**refrain** 52:11
82:20 84:9
**reframe** 91:22
**refresh** 42:4
76:22 86:1,7
94:21 97:7
**regard** 14:16
15:9 44:8,12
56:3 67:10
75:15 80:21
89:16 136:4

160:23 163:2
165:23 167:15
**regarding** 16:23
17:22 18:5
39:17 44:20
61:17 66:11
70:3 88:4
135:4 138:19
157:18 162:21
164:22
**Reginald** 1:11
3:3 5:3,10
173:10,15
174:7,19
**REITER** 2:12
**reiterate** 11:15
80:20 81:6
**related** 14:23
34:22 35:3
39:5 41:18
135:22 160:6
170:19,21
171:15
**relates** 58:1
**relating** 35:16
**relation** 34:17
**relationship**
92:13 96:4,5
**relative** 36:2
43:16 44:6,17
46:5 59:9 69:4
104:5 111:7
117:23 127:4
160:3 161:19
161:23 162:9
162:15 166:8
174:14,16
**relayed** 168:12
**released** 125:16
125:18 126:10
126:14,20
127:2
**relevance**
159:20
**relevant** 44:22

45:10 64:16
145:15 163:14
164:16
**relied** 166:11
**Relief** 108:5,15
108:18,21
**relying** 165:15
**remained** 7:21
**remember** 22:2
24:9 25:1
35:21 39:4,6
39:11,23 40:10
40:11 41:6
48:6 51:7,14
51:20,23 52:23
60:16 61:4
62:10 77:10,15
78:10,12,19,19
79:20 80:4,4
83:15 85:7
86:20,23 87:2
87:6,7,8,12
88:1,1,2,3,4,8
88:21 96:3,3
98:4,4,7,12
104:7 106:1,11
107:16,17
125:2 126:11
127:1 130:12
132:22 133:9
133:12 135:10
139:15,22
140:23 149:8
149:14 156:14
158:5 162:18
164:13 168:10
170:8
**repeat** 25:8,12
25:15 46:7
**repeated** 18:8
**report** 89:2
101:7,12,22
102:2 104:5
147:1 149:16
152:5,13 153:8

165:17 168:4
169:13,15,17
170:4
**reported** 174:9
**reporter** 15:10
17:14 25:13
40:17 100:7,8
100:10,14
**Reporters** 1:16
174:6 175:2
**reports** 88:22
89:6 146:7,14
147:20 148:3
150:24 151:2
161:10,12
162:4 165:7
166:11
**represent** 5:14
34:10 61:9
83:8 99:11
130:3 136:19
137:9
**representation**
17:22 18:6
27:12 60:24
61:3,6 66:11
75:15,22 83:11
91:22 123:5,22
124:3,14 126:6
127:17 138:1
138:16,22
139:11 143:13
143:20 145:13
147:22 152:21
**representations**
139:14
**represented**
10:24 17:4
26:23 33:19
37:5 61:8
137:13 139:7
**representing**
17:9 156:4
**represents**
104:19

**request** 16:6
43:4 163:13,17
**requested** 17:16
19:11 32:14
34:7 46:17
48:18 52:21
57:20 73:21
77:4 83:2 90:9
90:12 93:15,17
101:8 102:9
107:14 118:16
122:17 129:13
164:11
**requesting**
43:19 59:3
**requests** 44:10
**required** 75:6
160:13
**requirement**
163:21
**reread** 107:13
**research** 97:8
165:20 166:1
**resemble** 134:8
**reserve** 28:4
171:22 172:5
**reserved** 174:20
**reserving**
171:14
**residing** 157:16
**respect** 35:21
36:7 38:21,23
39:12,15 40:13
53:16 60:8
86:23 141:4
142:5 146:4
155:2 157:22
**respectfully**
21:7
**respond** 10:12
11:14 13:8
14:15 33:24
105:17 115:2
**responded**
145:21

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 195

responding 15:4
response 46:24
  47:5 55:17
  111:8 115:21
  141:13,22
  158:11
responsibility
  14:24 15:5
  104:23
responsive
  146:1 161:4
result 126:14
  158:2
retained 119:6
retrial 126:24
retrospect
  143:17
return 21:15
returned 6:10
  6:12 7:19 9:10
  21:17,24 22:8
returning 22:4
reveal 33:20,24
  66:16 74:2
  76:12
revealing 19:3
  25:20,24 35:7
  52:17 63:15
  76:16 77:2
  96:14 129:20
reveals 35:5
  80:18 82:19
review 10:21
  14:19 56:5
  64:17 101:3
  111:22 114:14
  128:18 151:3
  158:14,23
  159:6,12,22
  160:1 170:8
reviewed 64:10
  67:13 101:15
  108:6 159:19
  168:8
revised 12:2

115:6
right 6:11,24 7:1
  7:22 17:19
  20:4 21:16
  24:14,16 26:17
  28:4,9 32:16
  33:2 34:4
  38:15 41:2
  47:1,14 50:12
  62:3 67:5 80:5
  92:15,21 99:3
  99:24 112:14
  123:7 129:7
  140:2,4 141:10
  151:2 162:21
  170:7 171:14
rights 137:21
  140:1,4,10,11
Rita 30:15
rival 131:12,17
  132:16
robbed 102:14
  103:13
robbery 62:21
  102:15 119:9
  130:3
Rogers 88:20,21
  88:23,23 89:2
  89:8,12,17,19
  89:21 90:2,6
  90:10,21 91:10
  91:14 92:5,23
  93:7 94:22
  139:3 140:5
  154:19,20
  155:2,10,13,14
  155:16,23
  156:7,13,22
  157:3 160:24
  161:11,13,19
  161:24 162:10
  162:13,15,24
  163:2 170:19
  170:22,22
Rogers' 89:6

role 50:14 74:20
  106:23
Room 41:23
rule 72:1 75:5
rules 1:12 5:21
  10:7 11:11
  94:6 104:23
  157:18
Ryndak 7:7,8

──────────
S
──────────
S 3:7 4:1
safe 14:14 79:15
  106:24
Saltiel 23:15,18
  23:23 24:5
  37:15 55:2
  58:13 59:3
  65:13 70:10
  71:10,11,16
  72:3,13,19
  73:7,8 84:24
  85:16 99:9
  105:7 117:9
  140:15,17,19
  141:3 170:11
Saltiel's 112:20
  112:23 141:1,6
salutation
  108:17
Sanders 95:20
  95:23
saw 10:21 77:16
  89:9
saying 32:23
  68:24 87:9
  102:12 151:8
  165:15
says 30:13 38:14
  41:19,22 71:18
  108:14 109:6
  109:22 110:6
  169:6,13
scene 50:18 62:9
  62:10,12

Schalk 1:7 106:6
  146:8,22 147:6
  147:11,17
  149:13,20
  150:7,20
  151:18 152:17
  165:14 166:8
  173:7
scheduled 71:8
  71:20
school 6:13,22
Schumacher
  2:17 16:20,20
  19:2 21:9
  22:24 25:19
  27:7 33:16,23
  52:14,16 66:9
  67:3 68:13
  69:12,14 72:12
  73:22 76:11,19
  76:22 77:6
  79:8 80:18
  82:12,22 84:10
  85:8 86:5 91:1
  91:16 92:15
  93:8 94:7 95:5
  96:18 98:19
  101:19 105:1
  105:13 110:21
  111:9 112:6
  113:11 116:10
  117:5 118:2,10
  118:19 119:17
  120:14 121:2,9
  122:1 124:9
  130:20 132:6
  134:15 135:3
  135:15 158:17
  159:14 172:4,6
scour 162:5
screen 9:20
  15:23 20:24
  21:11 29:19
  30:7 67:14
  115:15

scroll 30:6
se 19:8 27:22
  44:24 106:1
Sean 2:2 10:12
  11:16 14:17
  21:7 23:4 28:3
  64:15 65:20
  67:10 99:11
  136:19
sean@loevy.c...
  2:5
searching
  167:15
second 31:8 33:3
  33:6 37:6 58:9
  65:1 71:6 81:2
  94:12 102:1
  134:18 168:16
secure 90:6
see 9:13 15:22
  15:24 16:1,24
  20:9 31:1,2
  33:5 37:18,19
  38:8,9 41:20
  41:22 42:2,3
  56:20,20 64:24
  70:23 71:3
  75:8 94:15,16
  101:17,24
  103:1,7,9,16
  103:17 105:8
  108:15,16
  109:6 110:3,6
  110:7,11
  134:18,19,21
  162:6 165:21
  168:15,24
  169:1,4,5,7,8
seeing 30:1 41:6
  74:11 99:23,24
  112:14 135:10
  167:17
seeking 30:23
  131:2
seeks 131:20

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 196

seen 16:3 29:21
30:4,4 45:21
45:23 47:24
48:5,14 74:10
76:2 99:20
111:18 112:11
125:17
send 56:19
sending 10:18
sense 137:16,19
sent 12:12 14:18
14:20 70:12,14
70:21 73:13,24
sentence 56:18
71:6,15 75:5
103:12 109:22
sentenced 60:23
sentencing 61:1
61:7,12,17
123:7 124:15
separate 34:19
66:23 162:14
Separately
37:11
September 6:10
6:11,14 7:15
7:17,19,22
11:20 21:18
22:1 80:9,24
85:16 99:10
108:12 169:18
Sergeant 71:22
106:19
serve 145:7,19
served 90:2
145:11,12
146:1 159:3
set 13:13 15:5
42:10 125:5
133:14
share 9:17,19
shared 13:11,17
15:23 63:21,24
sharing 21:11
Sheenee 50:1

150:20 155:11
sheets 173:13,16
shooter 151:10
short 50:8 56:5
76:20 100:12
122:3 136:13
136:14
Shorthand 1:16
174:6 175:1
show 9:12,14
20:17 22:13
29:8 36:8
40:15 55:4
63:17 64:8
69:24 80:7
84:23 90:16
93:20 98:1
99:5 104:12
106:12 108:9
111:12 116:14
117:6 123:10
133:24
showed 89:2
133:14 146:23
156:17 163:1
168:9,23
showing 77:16
88:22
shown 133:8
135:22 141:17
152:4
shows 89:22
sic 60:15
side 37:8,10
41:16 46:9
signature 37:7,8
37:12,12,13,14
70:20 109:6
171:23 172:2
174:19
signatures 175:1
signed 30:20
significant 96:2
96:6 97:17
98:3

simply 19:20
sir 18:16 42:10
65:9 80:7 82:6
85:19 94:10,15
110:3 111:18
112:17 116:19
129:2 134:5
150:2,19
152:21 153:9
169:17
sit 39:6 40:14
60:21 141:10
141:12 146:3
150:22 156:10
sits 44:24
sitting 24:9
39:13 47:7
48:2 69:22
80:4 99:3,22
163:12 170:7
slow 17:18
somebody 36:6
70:12 88:8
97:7
somewhat 98:5
129:6
son 84:20
Sorell 143:18
Sorrell 38:19
127:5 129:10
129:24 130:5,7
130:11,17
131:14,19
132:17 143:10
144:7,14,23
146:9 150:21
151:22 160:4,6
sorry 6:11,18
15:14 16:2
18:15 25:11
32:12,22 34:4
43:1,9 68:5
69:5 70:12,13
72:8 75:2
86:12 88:19

93:16 95:9
97:13 98:23
100:1 102:6
107:18 108:24
110:24 132:10
140:7 150:2
171:24
sort 78:13
110:18 163:4
sorts 45:18
sought 117:22
sound 106:6
sounds 50:7
96:22 105:24
106:21 129:6
139:21
source 92:13
165:4,14,17
South 2:13 71:1
speak 51:9,16
62:22 63:6,10
74:16 87:20
98:10 101:8
121:24
speaking 39:9
49:16 59:2
87:19 98:12,14
special 41:19,22
specific 37:2
39:24 44:7,11
47:2,11 48:11
49:11,18,20
74:14 77:8
78:8,10 83:15
97:18,22 98:3
106:22 108:7
119:15 125:4
145:11 150:22
165:12
specifically
23:10 36:3
41:15 51:12,14
59:8 67:10
87:6 88:4,12
89:16 90:4

97:1,13,15
107:17 118:12
127:22 133:18
151:20
specifics 31:21
35:14,17 39:6
39:23 52:24
54:13 96:9
133:20 139:22
156:11 159:3,7
159:16 162:17
168:10
specified 39:3
specify 10:14
11:6 17:24
18:3
speculate 36:5
speculation
143:22 144:17
145:4 147:3
153:15
spend 90:19
spite 161:7
spoke 51:12,19
72:14 73:15
83:10,16 88:23
89:9 99:1
120:10 125:14
159:4 163:7
166:19
spoken 65:14
72:4 74:19
spurts 161:2
Sr 83:14,21,22
84:4,18 86:2
91:4 120:11,20
121:6,13 122:6
122:8
Sr.'s 84:14
SS 174:2
stage 28:9,10
stamp 29:12
31:3 38:6
80:10 85:12
93:22

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 197

stamped 108:17
stand 91:16
 151:3
standing 17:20
 112:3
stands 31:16
 64:23 67:21
stark 77:17
 78:12 79:12
Starr 2:2 3:5
 9:19 10:20
 11:8 13:8 16:9
 16:17 17:3,17
 18:3,13,23
 19:12 20:7,13
 21:4 22:18
 23:11 25:6,18
 26:18 27:1,4
 32:4,8,20
 33:18 35:4
 40:21 41:1,5
 42:7,14,20
 43:5 48:7
 50:15 51:2
 52:8 53:12
 54:4 55:11
 56:10,22 57:10
 58:3,14,23
 59:4,6,11,24
 60:9 61:15
 62:16,24 63:12
 63:20 64:16
 65:15 66:3,24
 67:13 68:9,23
 69:10 72:5,8
 72:18,22 73:1
 73:10 76:6
 77:5 79:6 80:2
 80:13 81:6
 82:11,13,17
 84:7 85:3 86:4
 86:11 87:22
 88:17 90:22
 91:17,18 92:7
 93:1,3 94:1

95:1 96:12
97:20 98:15
99:13,15
102:21 104:17
105:9 108:23
109:2,10
110:17 111:20
113:2,7 114:4
115:3,12 116:5
116:22 117:10
117:13,24
118:22 119:1
119:11 120:4
120:12,22
121:8,17
122:11 123:23
127:13 128:12
129:11,14,16
130:18 131:2
131:20 134:7
134:22 135:14
136:12,16,19
147:5 148:20
149:17 153:12
154:13,22
155:17 156:2
158:16 159:1
159:13 164:5
164:18 166:23
171:6,10,15,18
171:22
Starr's 55:17
start 20:5 30:8
 130:2,14
started 7:6,13
 8:15 23:9
 28:14
starting 6:14
 8:14 38:7
 169:3
starts 41:11
 103:8
state 1:17 5:8
 30:19 38:16
 46:4,21,24

47:3,5,9,23
48:4,13,22
50:23 54:9,23
59:24 69:21
75:19 78:15
87:1,15 88:15
89:14,19 90:1
90:5 99:12
102:18 133:21
139:5 154:20
155:1,5 156:12
156:18,21
157:1,8,19,24
160:15,21
161:1,4,8,15
163:11 173:10
174:2 175:2
State's 63:21,24
 64:7,20 67:18
 68:17 69:6
 70:3,15,24
 73:14,24 74:11
 88:5 154:5
 160:9 162:19
stated 12:16
 55:18 80:20
 102:12,17
 103:15 115:2
 120:2 168:18
statement 54:23
 60:12 89:7
 103:19
statements 42:1
 118:8 119:5
 131:8 157:6
states 1:1,13
 74:2 122:22
 135:11 173:1
 174:1
stenographica...
 174:9
stop 21:11
story 56:20 76:5
strategic 64:12
strategically

15:7 158:13,22
Street 2:3,18
Strike 26:15
 42:11 45:19
 51:24 68:5
 72:10 73:7
 83:12,18 84:2
 104:13 120:19
 128:4,22
 139:12 141:11
 144:21 148:1
 167:20 168:2
Stu 71:22
stuff 13:24
subject 10:17
 11:4 17:4 64:3
 65:3 66:22
 80:16 104:20
 112:2 118:21
 134:14 163:10
submitted
 173:16
subpoena 43:6
 44:5 45:9
 127:6,9 128:7
 128:11 141:14
 141:22 142:15
 157:10,15,21
 158:3,11 159:4
 162:14
subpoenaed
 142:7 143:4,12
subpoenas
 43:13,15 44:17
 47:18 145:8,11
 145:12,19,21
 146:1 157:19
 157:23
SUBSCRIBED
 173:18
subsequent
 31:20 60:15,19
 64:7 79:1,4
 164:22
substance 51:5,7

125:13 168:12
substantive
 58:24
sued 5:15
sufficient 146:4
suggest 52:10
 64:21 68:11
 82:20 84:9
 95:1 98:16
 113:9 164:23
suggested 87:2
suggestion
 165:22
suggestive 31:14
 32:3
suggests 66:4
 76:2 77:20
Suite 2:8,13
summarized
 78:9
summary 41:11
 113:5
support 46:11
 68:18
supported 163:8
supposed 87:7
 89:15
supposedly
 86:22 87:11,12
 167:13
suppress 29:12
 29:23 30:9,23
 31:23 36:11
 37:4,24 39:5,9
 39:20 40:5,9
 40:12 42:1,5
 107:8,20
 139:18,24
 170:13,16
suppressed
 138:8,24
suppressing
 30:18
Supreme 72:1
sure 6:19,20

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 198

| | | | | |
|---|---|---|---|---|
| 13:8 17:13 | 136:13 | 91:14 92:23 | 97:23 99:2 | 60:4 62:10 |
| 19:6 21:14 | **taken** 1:11,12 | 93:6 94:22 | 103:6 111:6 | 65:20 66:3 |
| 22:6 25:9,15 | 5:18 29:6 | 139:3 140:5 | 125:22 139:19 | 67:4,5 68:16 |
| 29:21,21 32:11 | 68:22 125:10 | 154:19 155:2 | 140:5 147:16 | 71:12 72:16 |
| 40:5 43:7,9 | 144:10 147:17 | 155:10 156:7 | 151:12 161:7 | 73:3,11,15,16 |
| 46:8,20 50:4 | 153:7 156:8 | 156:22 160:24 | 162:2 163:24 | 74:9 75:17 |
| 52:4 63:6 | 174:12 | 161:11,12,19 | 170:19 173:11 | 76:1,6 80:17 |
| 70:22 77:20 | **talk** 8:5 71:24 | 162:10,13,15 | 173:12 | 82:18,18 85:4 |
| 87:17 97:24 | 73:16 76:17 | 162:24 163:2 | **Thank** 15:12 | 88:5 91:20,24 |
| 98:24 100:9 | 82:9 | 170:19,22,22 | 20:17 28:1 | 92:10 95:18 |
| 101:17 102:4 | **talked** 26:14 | **testified** 5:5 | 31:11 41:8 | 98:1 104:23 |
| 102:18 103:3,4 | 28:7 47:13 | 26:22 27:3 | 56:8 58:9 60:9 | 107:11 110:5 |
| 103:15 107:5 | 53:15 54:15 | 44:1 49:13 | 67:9 85:19 | 114:15,23 |
| 120:23 131:22 | 71:7,18 123:4 | 54:1 68:14 | 92:19 94:20 | 119:1,13,15,21 |
| 138:13 145:14 | 125:15 155:22 | 78:5 79:11 | 95:20 99:20 | 120:2,5,9 |
| 145:20 151:9 | **talking** 64:14 | 84:18 91:9,13 | 105:18 109:2 | 123:4 126:18 |
| 151:14 156:6 | 71:12 91:3 | 92:1,9,23 96:2 | 109:19 116:21 | 127:14,15 |
| 158:20 162:1,4 | 155:24 | 96:22 97:17 | 123:19 136:7 | 133:12 137:7 |
| 163:1,23 167:1 | **team** 36:7 74:19 | 98:7 102:19 | 136:17 171:7,8 | 137:12 144:3 |
| 167:1,11,14,23 | 79:3 | 103:1,19 106:3 | **thankfully** | 144:20,22 |
| 170:1 171:12 | **telephone** | 140:14 150:24 | 159:8,24 | 146:23 154:6 |
| **surfaced** 89:18 | 101:22 128:16 | 151:4,6 155:4 | **thing** 16:24 | 154:10 155:17 |
| **Susan** 1:15 | **tell** 8:9 12:23 | 166:14 | 48:11 64:14 | 156:1,18 |
| 174:5 175:10 | 13:4 15:5 | **testify** 30:20 | 103:5 126:4 | 160:14 162:23 |
| **Susie** 102:7 | 30:10 44:19 | 50:21 52:13,17 | 147:23 163:4 | 165:8,18,24 |
| 113:18 172:7 | 52:7 53:19 | 54:2 66:5,10 | 171:10 | 167:3 171:10 |
| **sustained** 54:24 | 72:19,23,24 | 73:11 74:1 | **things** 14:3 | **third** 56:17 71:6 |
| **sworn** 5:1,5 | 73:12 78:17 | 76:7,8,10,24 | 44:20 52:24 | 94:13 101:13 |
| 173:18 174:7 | 113:1 | 77:1 91:19 | 70:13 133:14 | 101:20,21 |
| **synopsis** 78:7 | **telling** 46:9 | 95:24 96:16 | 135:22 137:21 | **thought** 12:14 |
| | 53:10 84:4 | 104:4 106:2,5 | 152:18 159:20 | 53:1,7 72:8,18 |
| **T** | 92:14,23 | 107:2 109:14 | 164:7 165:15 | 72:19 73:1 |
| **T** 3:7 4:1 | **tendered** 64:19 | 112:8 122:15 | 165:20 166:12 | 77:12 112:11 |
| **table** 76:23 | 64:21 67:17 | 134:23 166:18 | **think** 10:23 11:8 | 132:11 156:21 |
| **take** 5:22,23 | 111:24 141:22 | 174:7 | 11:12 12:24 | 160:11,13 |
| 10:1,2 28:6 | 158:2,22 | **testifying** 52:11 | 13:20 14:5 | **thousands** 114:9 |
| 30:5 31:6,7 | **tendering** | 54:11 94:23 | 15:4 16:9,15 | **threats** 86:10,16 |
| 32:17 33:6 | 158:15 | **testimony** 29:23 | 17:3,24 18:1 | 86:21 87:1,5,8 |
| 38:5 41:14 | **term** 165:18 | 30:9,18,23 | 18:23,24 19:14 | 87:12,16,21 |
| 50:3 56:4 58:9 | **terms** 161:6 | 40:11 51:6,8 | 19:23 20:1 | 88:5,9,10,16 |
| 76:19 85:22 | **Terry** 88:20,21 | 52:9 54:7,21 | 26:18 27:22 | 107:9 |
| 94:12,17 95:9 | 88:22,23 89:2 | 77:18 78:14 | 29:24 33:18 | **three** 103:8 |
| 108:13 110:8 | 89:6,8,12,17 | 79:12,16 84:14 | 41:5,5,23,24 | 169:4 |
| 117:17 121:23 | 89:19,21 90:2 | 84:22 88:4 | 45:6 46:13 | **three-way** 84:5 |
| 122:1 128:14 | 90:10,20 91:10 | 93:6,6 96:7,8 | 49:2 54:15 | 86:3 |

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 199

| | | | | |
|---|---|---|---|---|
| **thrown** 137:1 | 112:22 114:24 | 51:10,13,15 | 146:17 170:1 | **unclear** 18:10 |
| **time** 8:14 9:10 | 115:15 128:19 | 52:2 54:1,20 | 170:12 173:12 | 114:13 |
| 9:13 10:20 | 136:7 141:12 | 56:9,15 57:8 | **truth** 165:2 | **underlying** |
| 12:11 13:7 | 141:18 146:3 | 60:13,20 61:5 | 174:8 | 43:16 44:6,17 |
| 14:1 23:9 26:4 | 156:10 170:7 | 61:23 62:20,20 | **try** 44:21 45:6 | 46:5 50:18 |
| 28:14 33:19 | **today's** 115:8 | 62:23 63:11 | 64:6 128:4 | 53:5 62:6,21 |
| 34:11 35:13,17 | **told** 12:14 53:4 | 69:9,19,21,22 | 154:15 166:1 | 89:3,5 105:20 |
| 37:5 38:7,7,12 | 53:18 54:2,17 | 71:8,20,24 | **trying** 46:15 | 106:10 107:1,4 |
| 38:14,24 47:22 | 54:20 68:4,8 | 74:16,17 75:12 | 73:12 93:5 | 122:24 126:7 |
| 48:14 50:5 | 78:17 101:14 | 75:17 77:18,24 | 155:3,23 | 142:3,16 163:9 |
| 52:1,4,5,23 | 101:16 102:3 | 78:2,3 79:12 | 157:23 160:10 | **understand** 5:23 |
| 55:23 61:8,11 | 146:21 148:11 | 79:16,18 82:10 | 167:2 | 6:21 15:9 |
| 64:17 65:14 | 149:7,14 152:1 | 83:1,6,14,17 | **turn** 46:4 69:4 | 21:14 23:4 |
| 75:3 76:5 | 155:2 166:15 | 84:15,18 86:9 | **turned** 75:23 | 34:24 42:15,22 |
| 77:16 86:9,15 | 166:20 168:22 | 86:16 89:24 | 80:21 99:12 | 43:5 74:4,24 |
| 93:16 97:18 | **top** 15:22 30:24 | 90:3,6,7,12 | 120:1 147:21 | 88:13 98:24 |
| 98:1 100:7 | 31:4 41:11 | 92:24 95:24 | 163:13 | 111:8 130:10 |
| 104:2 110:15 | 80:15 102:2 | 96:7,8 97:17 | **two** 17:10 55:6 | 130:11 |
| 115:3 119:7 | 108:19 110:3 | 98:11,14 | 66:23 103:8 | **understanding** |
| 122:16 123:7 | 114:8 115:16 | 102:20 103:20 | 114:20 169:3 | 12:7 56:1 |
| 125:14 126:22 | 117:1 | 104:10 106:2,4 | **type** 6:17 7:24 | 91:19 157:3 |
| 127:3 133:2 | **topic** 16:21 | 106:5 120:11 | 48:11 108:1 | 159:10 166:2 |
| 135:20 136:7 | **Torture** 108:5 | 121:6,15 122:5 | 156:24 162:23 | **understood** |
| 138:11 142:6 | 108:14,18,21 | 122:10 124:21 | **typewriting** | 61:19 64:16 |
| 142:14 157:4 | **totally** 132:10 | 124:22 125:5 | 174:10 | 156:20 |
| 162:22 163:3 | **touched** 163:15 | 125:10,21 | **typical** 45:18 | **unduly** 149:21 |
| 163:24 164:8 | **Traci** 120,15 | 133:2,7 135:20 | 46:20 | 150:7 |
| 164:17,20 | 24:18 25:3 | 136:2,4 140:6 | **typically** 46:3,18 | **United** 1:1,13 |
| 165:2 171:9 | **trail** 80:6 | 140:8 141:24 | 77:16 88:2 | 173:1 174:1 |
| **timeline** 21:15 | **transcript** 66:12 | 142:6 147:9 | 90:17,18 159:6 | **universe** 160:8 |
| **times** 52:5 54:15 | 75:17 77:19 | 150:13 154:8 | 162:20 169:22 | 163:7 |
| 120:9,10 | 87:3,11 90:15 | 154:11,21 | **typing** 31:4 | **UNKNOWN** |
| **timing** 13:9 | 93:6 94:22 | 155:6 156:21 | | 1:7 173:7 |
| **TIRC** 108:5,20 | 96:9,23 97:24 | 157:4 160:20 | **U** | **unsuccessful** |
| **TIRC_Fletcher** | 102:24 103:22 | 161:2,18,20,23 | **ultimately** 78:14 | 155:12 |
| 108:11 109:5 | 106:4 162:5 | 162:3,11,21 | 130:9 153:8 | **untimely** 64:15 |
| 110:2 | 173:11,12 | 163:1,3,24 | 167:9 170:24 | **use** 10:5,10 11:9 |
| **title** 23:19 24:1 | **transition** | 164:17,20,22 | **unable** 71:23 | 11:13,21 12:24 |
| 24:18 38:7 | 100:13 | 165:3 166:14 | 148:10 152:2 | 46:10 55:11,16 |
| 64:23 | **transmitted** | 166:18 167:7,9 | 153:6 | 56:10,12 58:19 |
| **today** 11:13 24:9 | 158:24 | 167:9,17 | **unavailability** | 85:4 94:4 |
| 39:7,13 40:14 | **traveling** 113:5 | 169:16,19,21 | 90:9 155:9 | 104:21 117:2 |
| 47:7 48:2 | **trial** 34:14 40:4 | **tried** 47:8 | **unavailable** | 153:3 |
| 55:19 60:21 | 47:22,24 48:1 | 160:14 | 90:11,16 139:6 | |
| 69:23 99:22 | 48:14 50:21 | **true** 26:24 | 160:24 | **V** |

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 200

**v** 1:5 173:5
**vagaries** 157:22
**vague** 157:6
**vaguely** 105:24
  133:9
**various** 168:23
**vary** 157:19
**venues** 60:17
**verdict** 145:1
  154:11
**victim** 130:11
**victim's** 61:5
**videoconference**
  1:12 2:1
  174:12
**view** 19:18
  27:23 61:14
  90:9 169:7
**viewed** 15:16
  20:22 22:17
  29:10 36:13
  40:24 55:10
  64:4 70:5
  80:12 85:2
  93:24 95:12
  99:7 163:2
**viewing** 149:5,9
  169:11
**violated** 140:2
  140:12
**violates** 94:4,5
  104:22 112:6
**violation** 10:6,7
  11:9,10,11
  48:15
**violations** 140:9
**visit** 117:23
**visited** 168:8,22
  169:6

**W**

**Wacker** 2:13
**Wade** 50:1,11
  50:17,21 51:9
  51:22 52:1,6,7

53:1,2,8,11,19
54:1,10,13,14
55:1 56:20
57:9 58:2
59:10 60:12,16
60:20 61:23
121:22
**Wade's** 50:14
51:5 54:6
**waive** 124:5
171:22
**waived** 27:2
111:7 120:1
**waiving** 141:20
**Walker** 38:17
**want** 10:1,19
14:10 16:16
19:21 20:3
21:14 22:23
25:13 36:5
41:16,18 98:24
111:12 120:3
125:12 132:3,8
134:19 149:22
163:23 171:12
171:22
**wanted** 41:6
**wasn't** 14:22
19:7 31:14
40:18 60:21
76:2 88:14
89:5 142:4
151:9 159:21
163:5 170:23
**way** 11:6 17:7
19:6 26:21
30:3 45:8 48:2
48:9 49:8
60:17 62:1
66:23 69:7
70:17 73:6
75:24 87:24
88:7 91:23
97:6,10 103:21
112:8 113:1

131:16 144:7
144:15 148:4
148:13 150:8
150:12 153:13
153:19 161:3
162:5,8 167:8
168:4
**we'll** 5:23 8:5
9:14 20:5,18
22:13 23:8
28:3 29:8 36:8
40:17 55:4
63:17 69:24
80:7 84:23
93:20 99:5
**we're** 9:24 27:8
67:9
**we've** 10:4 14:10
26:14 29:15
64:14 66:9,19
74:9 91:8
95:11
**weigh** 22:23
**went** 39:9
**weren't** 155:5
159:22
**West** 2:7,8 3:4,6
5:7,14 9:15
10:12 11:5,14
14:15 15:13,17
16:14,24 17:6
17:14,24 18:7
20:9,19,23
21:7,11,13
22:14,23 23:2
23:4,6 25:22
26:20 27:2,5
27:15 28:2,8
29:11,14 32:6
32:12 34:5
36:10,14 40:23
41:2,8,9 42:16
42:17 43:10
50:2,5,7,9
52:15 55:6,17

55:20 57:14
58:4,21 59:5
60:10 61:19,20
62:17 63:18
64:5 65:5,20
65:23 66:18
67:9,22 68:21
69:13 70:2,6
72:6,13,21,23
73:5,18 74:4,5
76:14,21 80:10
80:19,22 81:3
82:4 85:9,12
85:14 86:13
92:4,12 93:2
93:10,13,22
94:8 95:13
96:19 98:20
99:8,14,16
100:7,9 101:1
101:20 102:7
102:10,22
105:2 109:1,3
109:15 111:3
111:11 113:3
113:18 115:1
115:21,24
117:7,16
118:13 119:1
119:21 120:7
120:15 121:13
121:19 122:2,4
127:19 129:15
129:21 130:21
132:4,7 134:16
134:17,24
135:5 136:6
137:3,17
138:11 142:10
143:6,14,21
144:17 145:3
146:11 147:3
148:5,15,18,24
149:10 151:11
152:6,14,22

153:11,15,21
154:14,17
155:21 164:10
171:3,8,11,21
171:24 172:5,7
**whereabouts**
71:22
**Willie** 130:5
143:10,18
146:9
**Willis** 160:4
**wish** 143:17,24
**withdraw** 20:14
42:20 58:15
156:2,4
**withdrawing**
39:22
**withdrawn**
39:20 42:1,6
**withheld** 14:4
114:19,19
115:13 160:3,5
**witness** 3:2 5:1,4
18:17,18 19:5
19:10,17 20:15
23:12 25:7
27:10 32:9,15
32:21 34:2,8
34:13 35:4,8
42:8,21 48:8
48:19 50:4,6
50:16,23 51:1
51:3 52:19,22
53:13 54:5
56:11,14 57:1
57:3,12,18,21
58:20 59:12
60:6 62:3,18
63:4,13 65:17
69:9,15,18,20
69:22 75:8,11
75:19 77:7
79:9 80:1,3,5
82:14,23 83:3
83:5 84:11

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 201

86:6 87:23
88:18,20 89:19
89:23,23 90:2
90:7,23 91:2
92:16 93:16,18
95:4,6 96:2,11
97:10,21 98:8
101:23 104:8
105:11,15
107:15 110:19
110:22 112:10
113:13 116:7
116:11 117:11
117:14 118:4
118:14,17
119:3,13,18
120:16 121:3
121:10,23
122:18 124:7
124:10 127:21
131:6 134:22
135:16 137:18
138:12 142:11
143:7,15,23
144:18 145:5
146:8,12 148:7
148:16 149:1
149:11,18
150:20 151:13
152:7,15,24
153:16,22
154:24 155:19
156:5 157:4,10
158:18 159:2
159:15 163:5
164:6,12,19
166:24 169:23
172:3,8 174:19
175:1
**witness's** 74:20
162:21
**witnesses** 30:19
38:20 39:20
49:17 74:19
90:10,12

133:14 139:19
144:1 155:7,9
163:9
**Wojcik** 1:7
106:19 173:7
**woman** 167:6
**wonderful** 159:4
**word** 19:3
**words** 77:10
78:8,10
**work** 7:2,4,5,7,9
8:18,20 19:8
21:5,8,10,22
23:14,17 24:6
25:21,24 26:2
26:6 33:20,24
42:14,22,24
43:8 49:6
52:17 63:1,15
64:2,13 65:15
65:21,22 66:5
66:7,7,8,10,16
66:21 67:7
68:12,19 69:10
72:11 73:3,10
73:17 74:3
75:13 76:6,8
76:10,12,16,24
77:2 79:6
80:18 82:19
84:8 85:6 93:9
95:2 96:13,15
98:15,17
105:13 111:10
111:21 112:7,8
113:12 114:13
116:6 117:5
118:2,11,21,23
119:12,16,24
120:12,24
121:18,20
127:14,17
129:16,18,20
132:1 135:4
140:19,20

141:1,6,8,21
142:14 155:17
168:12
**worked** 7:10 8:9
8:11 24:8,10
24:11,15,23
44:1 49:14
140:15 141:4
**working** 9:4
21:19 22:11
23:10 24:21
26:5 28:11,14
28:17 29:1,2,5
36:24 37:21
42:18 44:5
140:22,23
**works** 16:18
**workup** 42:12
120:21
**world** 152:8
166:3
**worries** 63:8
**would-be** 13:19
**wouldn't** 36:5
96:21 119:15
154:3
**wrong** 41:4
49:24
**wrote** 104:5
125:24

**X**

**X** 3:1,7 4:1

**Y**

**Y** 7:8,8
**yeah** 6:22 10:20
11:8 42:16
55:5 64:16
68:24 72:22
87:17 99:3,13
160:15
**year** 7:10,11
12:10 22:11
115:4 125:15

135:22 171:16
**years** 6:12 8:15
35:23 36:6
78:11 88:6
103:2 106:13
126:3
**yes/no** 19:12

**Z**

**Zarnick** 49:10
99:9 101:8,14
102:3,12
103:11 104:4,7
168:5,21,22
169:9 170:4
**Zoom** 128:17

**0**

**02** 20:20
**02CR1666901**
41:12
**04** 74:12 80:9
**084-004155**
175:10
**084-4155** 1:16
**084-4720** 1:15
175:10

**1**

**1** 3:9 9:14 10:16
15:11 38:17
**10** 3:17 80:8
**10:54** 1:17
**100** 77:20
102:18 103:4
**104** 3:21
**108** 3:22
**10th** 31:1,3
36:11 37:17
**11** 3:18 84:24
**111** 3:23
**1157** 29:13,16
**1158** 30:21
32:18
**116** 4:4

**11th** 29:12 55:8
58:10
**12** 3:19 93:21
168:23
**123** 4:5
**12th** 22:15
**13** 3:20 99:6
101:3 168:14
**134** 4:6
**136** 3:5
**143** 3:21 104:14
**14th** 80:9,24
85:16
**15** 3:22 12:12
108:9,23
**154** 3:6
**15th** 9:16 15:23
**16** 3:23 111:12
111:16
**16th** 134:3
**17** 4:4 38:8
116:15,19
174:13
**1766** 41:24
**17th** 1:17 173:11
**18** 38:8
**19** 4:5 41:15
123:12
**1990** 90:21
91:11,15 92:6
116:4 117:23
118:9 119:6
127:5 130:10
**1994** 6:5,14,23
8:15
**1995** 133:7,22
135:12 143:11
**1998** 6:15,16,23
7:2,4,5,6
**1999** 7:15
**19th** 20:20

**2**

**2** 3:10 20:18
**20** 1:5 3:10 4:6

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Reginald Hill - Taken 1/17/2024

Page 202

| | | | |
|---|---|---|---|
| 35:23 36:6 | **2650** 71:1 | **5200** 2:13 | **8785** 85:13,18 |
| 88:6 103:2 | **26th** 77:9,24 | **53** 2:8 | **8791** 111:13,17 |
| 134:1 173:5 | **27** 108:12 | **546** 99:11 101:4 | |
| **20-year-old** | **28** 169:18 | 168:15 | **9** |
| 77:19 | **28-24** 31:5 | **547** 99:11 101:4 | **9** 3:9,16 70:1 |
| **2002** 6:11 7:16 | **28th** 2:18 99:10 | 168:15 | **9/14/04** 85:1 |
| 7:17,19,22 | **29** 3:12 71:20 | **55** 3:14 | **9252** 116:17,20 |
| 9:11,16 15:24 | **29th** 70:8,9,16 | **58** 29:13,16 | **93** 3:19 |
| 21:16,18 22:1 | 71:8 175:2 | **5th** 41:17 | **98** 93:23,23 |
| 38:15 133:3 | | | **99** 3:20 |
| 135:19 | **3** | **6** | |
| **2003** 22:15 | **3** 3:11 22:13 | **6** 116:17 | |
| 23:19,21 24:2 | 23:7 38:5 | **60604** 2:9 | |
| 24:19 29:12 | 110:2,3 | **60606** 2:14 | |
| 31:1,3 36:11 | **30** 13:12 | **60607** 2:4 | |
| 37:18,22 | **304** 41:23 | **60654** 2:19 | |
| **2004** 41:17 | **311** 2:3,13 | **63** 3:15 | |
| 63:19 70:8,10 | **312.222.9350** | **6th** 38:15 161:8 | |
| 70:16 71:7,8 | 2:19 | | |
| 71:17,19,20 | **312.243.5900** | **7** | |
| 72:15 80:24 | 2:4 | **7** 3:14 55:5,5 | |
| 85:16 99:10 | **312.341.9646** | **70** 3:16 103:3,3 | |
| 116:17 169:18 | 2:9 | **7th** 123:14 | |
| **2005** 60:12 61:5 | **312.982.0090** | | |
| 104:10,15 | 2:14 | **8** | |
| 105:4 120:11 | **334** 2:8 | **8** 3:15 63:17 | |
| 122:12 123:14 | **353** 2:18 | **80** 3:17 108:11 | |
| 160:10 169:21 | **36** 3:13 | **82** 110:2 | |
| **2007** 134:3 | **3E** 33:1,5 | **83** 108:11 109:5 | |
| **2008** 55:7,8 56:9 | **3rd** 2:3 | **8379** 55:8 56:4 | |
| 56:16 58:10 | | **8381** 55:9 58:11 | |
| **2012** 31:5 | **4** | **84** 3:18 | |
| **2018** 108:4,12 | **4** 3:12 29:9,16 | **8414** 134:2 | |
| **2022** 6:10 11:20 | 38:6 | **8420** 123:13,17 | |
| **2023** 12:2 115:6 | **40** 4:7 | **8458** 104:16 | |
| **2024** 1:18 | **4768** 1:5 173:5 | **8508** 20:21 21:2 | |
| 173:11,19 | **4th** 31:5 55:7 | **8512** 9:17 15:19 | |
| 174:13 175:3 | 56:3,15 | 15:21 | |
| **20th** 38:15 | | **8574** 70:4 | |
| **21** 4:7 40:17 | **5** | **8576** 63:19 | |
| **22** 3:11 6:12 | **5** 3:4,13 36:9,18 | **8592** 80:11 81:1 | |
| 105:4 | **504** 36:12 | **8597** 93:22,23 | |
| **22nd** 11:20 | **507** 38:6 | **8598** 94:13 | |
| 104:15 | **509** 37:7 | **8656** 22:16 | |
| **24th** 63:19 | **510** 36:12 | **8657** 22:16 | |