# EXHIBIT 77



Transcript of the Deposition of
## Toni Giancola
**Case:** James Fletcher Jr. v. Jerome Bogucki, et al.
**Taken On:** September 19, 2024

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

JAMES FLETCHER, JR.,           )
                               )
          Plaintiff,           )
                               )
     v.                        ) Case No. 20 CV 4768
                               )
JEROME BOGUCKI, ANTHONY        ) Hon. Andrea R. Wood
NORADIN, RAYMOND SCHALK,       )
ANTHONY WOJCIK, UNKNOWN        )
CITY OF CHICAGO POLICE         )
OFFICERS, and the CITY         )
OF CHICAGO,                    )
                               )
          Defendants.          )

        The deposition of TONI GIANCOLA, taken via
videoconference in the above-entitled cause, called
as a witness by the Defendants herein, pursuant to
the provisions of the Code of Civil Procedure of
the State of Illinois and the Rules of the Supreme
Court thereof pertaining to the taking of depositions
for the purpose of discovery, before SHARON L.
PATANELLA, C.S.R., License No. 84-002169, at
10:03 a.m. on September 19, 2024.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 2

```
 1    APPEARANCES (via videoconference):
 2    LOEVY & LOEVY
      MR. SEAN STARR
 3    311 North Aberdeen Street, 3rd Floor
      Chicago, Illinois 60607
 4    312.243.5900
      sean@loevy.com
 5
              on behalf of the Plaintiff;
 6
      BURNS NOLAND
 7    MR. PAUL A. MICHALIK
      311 South Wacker Drive, Suite 5200
 8    Chicago, Illinois 60606
      312.982.0090
 9    pmichalik@burnsnoland.com
10            on behalf of the City of Chicago;
11    HALE & MONICO, LLC
      MS. ALLYSON L. WEST
12    53 West Jackson Boulevard, Suite 334
      Chicago, Illinois 60604
13    312.341.9646
      awest@halemonico.com
14
              on behalf of Individual Defendants.
15
      COOK COUNTY STATE'S ATTORNEY'S OFFICE
16    CIVIL RIGHTS/TORTS LITIGATION
      MR. PAUL L. FANGMAN
17    500 Richard J. Daley Center
      Chicago, Illinois 60602
18    312.603.5440
      paul.fangman@cookcountysao.org
19
              on behalf of the State's Attorney's Office;
20
      OBERTS GALASSO LAW GROUP
21    MR. WILLIAM B. OBERTS
      161 North Clark Street, Suite 1600
22    Chicago, Illinois 60601
      312.741.1024
23    wboberts@obertsgalasso.com
24            on behalf of the witness.
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 3

1                          I N D E X

2    Witness:                            Page

3        TONI GIANCOLA

4            Examination by:

5                MS. WEST                  4

6                MR. STARR                 60

7                MR. MICHALIK              93

8                MR. STARR (further)       94

9

10                     E X H I B I T S

11   Number                    Marked for Identification

12   1                                    22

13   2                                    30

14   3                                    50

15   4                                    82

16       (Exhibit 4 retained by attorneys.)

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 4

1                    (Whereupon, the witness was

2                    duly sworn.)

3  WHEREUPON,

4                 TONI GIANCOLA,

5  a witness, called for examination, after having

6  been duly sworn or affirmed, was examined and

7  testified via videoconference as follows:

8                 EXAMINATION

9  BY MS. WEST:

10     Q.   **Ms. Giancola, say your name to make sure**

11  **there's no echo.**

12     A.   Toni Giancola.

13     Q.   **Can you spell your last name for the**

14  **record, please?**

15     A.   G, as in girl, I-A-N-C-O-L-A.

16     Q.   **Ms. Giancola, am I saying that correctly?**

17     A.   Giancola.

18          MS. WEST:  I apologize.

19          Let the record reflect this is the

20  deposition of Toni Giancola, taken pursuant to

21  notice in accordance with the Federal Rules of

22  Civil Procedure, and pursuant to Judge Wood's court

23  order that was entered in this matter.

24          My name is Allyson West.  I represent

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 5

1   several of the defendant officers that are being

2   sued by Mr. James Fletcher in a civil case.

3   BY MS. WEST:

4       **Q.   Have you ever taken part in a deposition**

5   **before?**

6       A.   Yes.

7           MR. OBERTS:  Just for the record, Bill

8   Oberts on behalf of the deponent.

9           MS. WEST:  Do we want to put appearances

10  on the record?

11          MR. MICHALIK:  Yes.

12          MR. STARR:  Sure.

13          MS. WEST:  All right.  Go ahead.

14          MR. FANGMAN:  Assistant State's Attorney

15  Paul Fangman on behalf of Cook County.

16          MS. WEST:  Allyson West on behalf of the

17  Defendant Officers.

18          MR. MICHALIK:  Paul Michalik on behalf of

19  Defendant City of Chicago.

20          MR. STARR:  Sean Starr on behalf of

21  Plaintiff, James Fletcher.

22  BY MS. WEST:

23      **Q.   Now that we've got appearances on file,**

24  **you indicated that you have been deposed before;**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 6

1    correct?

2        A.   Yes.

3        Q.   How many times have you been deposed?

4        A.   Approximately three or four times.

5        Q.   I won't bore you with all the ground

6    rules, but if at any point you need to take a

7    break, just let me know and you can take that break

8    .  All I ask is that you answer the question that's

9    pending before you take that break.

10            Understood?

11       A.   Yes.

12       Q.   Where are you currently located today?

13       A.   At the Bridgeview courthouse.

14       Q.   And is there anyone else in the room with

15   you?

16       A.   My attorney, Bill Oberts.  Other than

17   that, no.

18       Q.   And do you have anything else up on the

19   computer screen in front of you?

20       A.   No.

21       Q.   Just the Zoom platform; is that correct?

22       A.   Correct.

23       Q.   Do you have any documents in front of you?

24       A.   No.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 7

1      Q.   Did you review any documents to prepare

2  for your deposition today?

3      A.   I reviewed -- I scanned the case file that

4  was sent by my attorney.

5      Q.   And when did you do that?

6      A.   Approximately, I believe, a week ago or so.

7      Q.   And when you say the "case file," what

8  does the case file consist of?

9      A.   The documents from the state's attorney's

10  file I believe that was produced in this case.

11      Q.   And the documents that you call the case

12  file, did it include documents relative to the

13  conviction integrity unit?

14      A.   I scanned them quickly only for the

15  purpose of determining to see if my recollection

16  could be refreshed in terms of what I reviewed for

17  my involvement in the case, so I do not know.

18      Q.   Fair enough.

19          The documents or the case file that you

20  reviewed, was it hundreds of pages?

21      A.   I believe so, yes.

22      Q.   Did you review any documents in

23  preparation for your deposition today?

24      A.   Outside of the case file, no.  I mean, I

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 8

1   saw Rebecca Pallmeyer's decision.  I don't know if

2   that was in the actual case file.  But other than

3   that document, all the documents I reviewed were

4   from the case file.

5        Q.    Okay.  And when you say Judge Pallmeyer's

6   decision, was that her court order relative to the

7   habeas petition?

8        A.    Yes.

9        Q.    When did you review that document?

10       A.    That was sent to me by my attorney, like I

11  said, I believe a week ago.  It could have been

12  more or less.

13       Q.    When you reviewed the case file in

14  preparation for your deposition today, did you see

15  any documents that you authored?

16       A.    Yes.

17       Q.    Okay.  How many documents among the case

18  file did you see that you authored specifically?

19       A.    I saw a memo, and to my recollection, I

20  saw my name on an investigator request, I believe

21  it was.  And there might have been an email as well

22  with my name on it.  That's the extent of what I

23  believe was pertinent to me.

24       Q.    As part of the case file that you

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 9

1   reviewed, did it include any police reports?

2       A.   Yes, there were police reports.

3       Q.   The case file that you reviewed, did it

4   include any criminal trial transcripts related to

5   Mr. Fletcher's underlying criminal case?

6       A.   Yes.

7       Q.   Other than your attorney, did you speak

8   with anyone in preparation for your deposition?

9       A.   To prepare, no.  I let my partners know I

10  was taking a deposition, but no.

11      Q.   And you're a licensed attorney; correct?

12      A.   Yes.

13      Q.   When were you first licensed?

14      A.   2005.

15      Q.   Are you licensed in the State of Illinois?

16      A.   Yes.

17      Q.   Are you licensed in any other states?

18      A.   No.

19      Q.   Where are you currently employed?

20      A.   At the Cook County State's Attorney's

21  Office.

22      Q.   And how long have you been employed with

23  the office?

24      A.   Since 2005, approximately 19 years.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 10

1    Q.   Have you held any other job other than
2    your employment with the state's attorney's office
3    since becoming a licensed attorney?
4    A.   No.
5    Q.   Can you just briefly walk me through your
6    assignments in the office?
7    A.   I started out in appeals.  Then I went to
8    Markham misdemeanors.  From there, I did
9    preliminary hearings.  I went to felony review.  I
10   did city preliminary hearings.  I did Branch 66.  I
11   did felony review.  And then I worked my way
12   through the felony trial division and also went
13   back to felony review as what we call a trial
14   supervisor and held a supervisory role in felony
15   review, and then here at the Bridgeview courthouse.
16   Q.   And what's your current position with the
17   office?
18   A.   I'm the supervisor of the 5th Municipal
19   District, which is Bridgeview.
20   Q.   And how long have you held that position?
21   A.   Approximately two years.
22   Q.   What are your current responsibilities
23   with that position?
24   A.   At Bridgeview, we house anything from

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 11

1    petty to misdemeanors to felony courtrooms.  And so
2    I supervise all of those cases that come out of the
3    Bridgeview courthouse and the ASAs contained here.
4        Q.    Approximately how many ASAs are assigned
5    to the Bridgeview courthouse?
6        A.    Anywhere between I would say 20 to 30,
7    depending on staffing.
8        Q.    And prior to becoming a supervisor of the
9    5th District, what was your title or position with
10   the office?
11       A.    I was the deputy supervisor here.
12       Q.    And how long did you hold that position?
13       A.    Approximately a year and a half.
14       Q.    So what was your position in the office in
15   January of 2020?
16       A.    I was a deputy supervisor in felony review.
17       Q.    As of January 2020, how long had you held
18   that position as deputy supervisor of felony review?
19       A.    I believe I became a supervisor in felony
20   review in -- I want to say maybe May of 2019.
21       Q.    Prior to becoming the deputy supervisor of
22   felony review in 2019, what position did you hold?
23       A.    I was on felony review as a trial supervisor.
24       Q.    Can you explain to me what that means,

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 12

1  **being a trial supervisor within felony review?**

2     A.    You're just a felony assistant, either a

3  first or a second chair, and you help out the

4  younger ASAs, what we call the line ASAs on their

5  cases, and you are responsible as a trial

6  supervisor mostly for handling larger-type cases,

7  like murders.

8     **Q.    And were you actually -- as a trial**

9  **supervisor, were you actually trying any of the**

10 **felony murders?**

11    A.    I mean, not while I was on felony review,

12 but as a first chair, as a second chair, as a third

13 chair during the course of my office and still now

14 I still try murders.

15    **Q.    How many times have you been in felony**

16 **review?**

17    A.    I would have gone as a second chair.  I

18 would have gone as a first chair.  And then when I

19 was a first chair -- I would gone as a line ASA, so

20 let me correct that.  So approximately three separate

21 times.

22    **Q.    Okay.  In January of 2020, when you were**

23 **deputy supervisor for the felony review division,**

24 **what were your duties and responsibilities?**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 13

1      A.   As a deputy supervisor?

2      **Q.   Correct.**

3      A.   I supervised all the individuals on felony

4  review and assisted on larger cases and conducted

5  training and, you know, assisted mostly generally

6  on murders.

7      **Q.   When you say assisted on murders, what**

8  **does that mean?  How would you assist?**

9      A.   Well, we have to review grand jury

10  transcripts.  We have to do scheduling to bring in

11  witnesses and those type things.  So that's what I

12  mean by assist.

13      **Q.   As a deputy supervisor in felony review,**

14  **would you consult with the younger or the line ASAs**

15  **regarding approval of criminal charges?**

16      A.   Not on a run-of-the-mill.

17          MR. OBERTS:  Objection, vague.

18          Line ASAs within felony review, correct?

19          MS. WEST:  Correct.

20          THE WITNESS:  If terms of would I

21  personally consult with them, I mean, I'm sure I

22  gave advice.  I'm sure I helped supervise them, but

23  that's what the trial supervisors are there for.

24  They're more hands-on with the line ASAs.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 14

1    BY MS. WEST:

2        Q.    Understood.

3              In January of 2020, as the deputy

4    supervisor of felony review, would you review

5    convictions that were vacated in order to make a

6    determination on whether or not to retry that

7    person?

8        A.    No.

9        Q.    That wasn't something that you did as a

10   deputy supervisor in felony review?

11             MR. OBERTS:  Asked and answered and form.

12             Go ahead.

13             THE WITNESS:  I did it on this case, but

14   that was not an everyday duty of a deputy supervisor

15   on review.

16   BY MS. WEST:

17       Q.    Okay.  And that's where I was going.

18             So in January of 2020, was there a

19   division, if you know, within the state's

20   attorney's office that typically reviewed cases

21   where the conviction had been vacated and the

22   office was looking to looking to make a

23   determination whether or not to retry?

24       A.    I do not know.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 15

1      Q.    Who assigned you Mr. Fletcher's case for
2   review?
3      A.    Risa Lanier.
4      Q.    Do you have any idea why as the deputy
5   supervisor of felony review you were assigned to
6   review Mr. Fletcher's case?
7           MR. FANGMAN:  Objection, deliberative
8   process.
9           MR. OBERTS:  Object to speculation and
10  foundation.
11          MR. FANGMAN:  I will ask Ms. Giancola not
12  to answer.
13  BY MS. WEST:
14     Q.    Ms. Giancola, are you going to take the
15  advice of Mr. Fangman and refuse to answer?
16     A.    Yes.
17     Q.    To be clear, you didn't have any
18  involvement in the underlying criminal prosecution
19  of James Fletcher; correct?
20          MR. STARR:  Allyson, there was a glitch on
21  my end.  I didn't hear the whole question.  Would
22  you mind asking it again?
23          MS. WEST:  Sure.
24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 16

1   BY MS. WEST:

2       Q.   **To be clear, you didn't have any**

3   **involvement in the underlying criminal prosecution**

4   **of Mr. Fletcher; correct?**

5           MR. OBERTS:  Objection, form.

6           Go ahead.

7           THE WITNESS:  No.

8           MR. OBERTS:  You did not?

9           THE WITNESS:  I did not.  No, I did not.

10  BY MS. WEST:

11      Q.   **All right.  In 2020 -- in January of 2020,**

12  **are you aware if the state's attorney's office had**

13  **a policy that guided the review of cases such as**

14  **Mr. Fletcher's when you were looking to make a**

15  **determination whether or not to retry?**

16          MR. FANGMAN:  Objection, deliberative

17  process.  I will direct Ms. Giancola not to answer.

18          MR. OBERTS:  And I would just object based

19  on speculation and foundation, and to the extent it

20  seeks an opinion and/or answer from this witness as

21  a Rule 30(b)(6) witness as she is not designated as

22  a Rule 30(b)(6) witness for any specific policy,

23  practice, procedure, what have you.

24          But with counsel's deliberative process

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 17

1    objection, those were just my objections for the
2    record.
3    BY MS. WEST:
4        **Q.   Okay.  Mr. Giancola, are you going to take**
5    **the advice of counsel and not answer that question?**
6        A.   Yes.
7        **Q.   Okay.  Let me ask it this way.**
8            MS. WEST:  And, Paul, if we need to, we
9    can --
10           MR. OBERTS:  I'd like to clarify.
11           I don't know if it would be advice of
12   counsel, but the office is asserting a deliberate
13   process objection.
14           And just to clarify for the record, just
15   to be clear, I represent the deponent.
16           MS. WEST:  Sure.  I will specify.
17           Let me just ask it this way because I
18   think we may be quibbling over the order here from
19   Judge Wood.
20   BY MS. WEST:
21       **Q.   Were there procedures that were followed**
22   **when you reviewed Mr. Fletcher's case?**
23       A.   I can only speak to what I did personally
24   on this case.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 18

1    **Q.   Did you follow procedures that the state's**

2    **attorney's office had in place in January of 2020?**

3              MR. OBERTS:  Objection, vague, foundation,

4    speculation, and to the extent that it calls for a

5    Rule 30(b)(6) type of opinion, but go ahead.

6              THE WITNESS:  I'm not aware of any

7    procedures.  This the one and only time to my

8    knowledge that I have reviewed a case like this,

9    so I can't answer that question.

10             MR. OBERTS:  Allyson, I'm very sorry.  You

11   just started at 10:03, but if we can take a break

12   maybe within five minutes or something.  It doesn't

13   have to be right now.  I don't want to break your

14   flow.

15             MS. WEST:  No, that's okay.  Let's do

16   it right now because I was actually going to

17   transition.

18             MR. FANGMAN:  How long?

19             THE WITNESS:  Ten minutes.

20             MR. OBERTS:  Thank you.

21                      (Recess taken.)

22   BY MS. WEST:

23     **Q.   Okay.  Just to be clear, we talked about**

24   **this a little bit before the break.  You didn't**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 19

1   **follow any formal procedure of the state's**

2   **attorney's office in your review of Mr. Fletcher's**

3   **case; is that right?**

4           MR. OBERTS:  Object to foundation to the

5   extent asked and answered, and to the extent it

6   seeks a Rule 30(b)(6) type of opinion with regard

7   to policy, practice, and procedure.

8           But with that, you can answer.

9           THE WITNESS:  This is the one and only

10  time that I've done this, so I'm unaware of the

11  policies and procedures.  I can't speak to that.

12  BY MS. WEST:

13      **Q.   Let me ask you this.**

14           **Would you agree that the decision to nolle**

15  **a case is a matter of prosecutorial discretion?**

16           MR. FANGMAN:  Objection, deliberative

17  process.

18           THE WITNESS:  I mean --

19           MR. FANGMAN:  I will ask Ms. Giancola not

20  to answer.

21           THE WITNESS:  I will follow his advice.

22  BY MS. WEST:

23      **Q.   Okay.  So let's do it this way.**

24           **So you when -- strike that.**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 20

1          **Do you have an independent recollection of**
2  **being assigned to review Mr. Fletcher's criminal**
3  **case?**
4      A.   I do remember being assigned to it.
5      Q.   **Okay.  Do you have any idea when you first**
6  **became involved?**
7      A.   No.
8      Q.   **Did the review of that case file and the**
9  **notes relative to yourself help refresh your memory**
10 **at all as to when you first became involved in the**
11 **review of Mr. Fletcher's case?**
12     A.   No.  I mean, I know it was at the end of
13 the year.  The reason I don't know is because I
14 don't know the date.  It was at the end of the
15 year.
16     Q.   **And generally what is your independent**
17 **recollection of being assigned Mr. Fletcher's case?**
18          MR. OBERTS:  Objection, vague, overbroad.
19          Go ahead.
20          THE WITNESS:  I remember being assigned
21 the case, and that's pretty much the extent of my
22 independent recollection.
23 BY MS. WEST:
24     Q.   **Do you have an independent recollection of**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 21

1    conducting an investigation into Mr. Fletcher's

2    case?

3         MR. OBERTS:  Objection, assumes facts not

4    in evidence with regards to quote/unquote

5    investigation and to the extent it's also contrary

6    to her testimony regarding her review.

7         With that, go ahead.

8         THE WITNESS:  I did no investigation.

9    BY MS. WEST:

10        Q.   All right.  I'm sorry.  I think you

11   previously told me, but who assigned you to review

12   Mr. Fletcher's case?

13        A.   Risa Lanier.

14        Q.   What was Ms. Lanier's position within the

15   office at the time that you received the assignment

16   from her?

17        A.   She would have been the head of the

18   criminal division.

19        Q.   And were you tasked with reviewing

20   Mr. Fletcher's case in order to make a

21   determination whether or not to retry his criminal

22   case?

23        MR. OBERTS:  Speculation, foundation.

24        Go ahead.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 22

```
 1          THE WITNESS:  I was tasked with giving a
 2     recommendation.
 3     BY MS. WEST:
 4          Q.   I'm going to show you what we'll mark as
 5     Exhibit 1.
 6               Bear with me.  I'm going to screen share
 7     with you.
 8                         (Exhibit 1 marked for
 9                          identification.)
10     BY MS. WEST:
11          Q.   Okay.  Is there a document up on your
12     screen?
13          A.   Yes.
14          Q.   Okay.  For the record, this is Individual
15     Defendants 1812.
16               Was this a document that you reviewed in
17     preparation for your deposition today?
18          A.   Yes.
19          Q.   Okay.  And what is this document?
20          A.   It's entitled Investigator Request at the
21     top.
22          Q.   And is it an email correspondence that you
23     yourself sent?
24          A.   I don't have an independent recollection
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 23

1   of sending it, but it does have my name on it, and

2   I have no reason to doubt that it was sent by me.

3       Q.   Okay.  And it looks like the recipient

4   was Margaret Bamford; do you see that?

5       A.   I do.

6       Q.   Who is Margaret Bamford?

7       A.   She's in investigations.  She was.  I

8   believe she might be gone from the office.

9       Q.   Okay.  Do you have an independent

10  recollection aside from reading this document why

11  you were reaching out to Margaret Bamford regarding

12  Mr. Fletcher's case?

13      A.   I don't have an independent recollection,

14  but it is typical to reach out to let the victim's

15  family know, next of kin, what's going on with the

16  case in terms of procedural history, et cetera.  So

17  it's not unusual.

18      Q.   In this email, the first sentence, "I was

19  unable to figure out how to put in an investigator

20  request to assist in this matter, but I will gladly

21  do so if you will let me know who to put it under."

22           Do you see that?

23      A.   Yes.

24      Q.   Do you have an independent recollection of

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 24

1   **what type of request you were attempting to make?**

2      A.   From that email, it's to locate the

3   family, to find out if anyone is living, and to get

4   contact information.

5      **Q.   And when you referred to an investigator**

6   **request, are you talking about an investigator**

7   **request form that you fill out to have an**

8   **investigator go out and, for example, locate a**

9   **witness?**

10         MR. OBERTS:  Objection, vague, form,

11   speculation, and foundation.

12         Go ahead.

13         THE WITNESS:  An investigator request is a

14   means by asking the investigations unit to do

15   something.

16   BY MS. WEST:

17      **Q.   And is that a paper form that you fill out**

18   **or an electronic form that you fill out?**

19      A.   It could be both.

20      **Q.   Why were you reaching out to Ms. Bamford?**

21         MR. FANGMAN:  Objection, calls for

22   deliberative process privilege.  I'm directing

23   Ms. Giancola not to answer.

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 25

```
 1  BY MS. WEST:
 2      Q.   Ms. Giancola, are you going to take the
 3  advice of Mr. Fangman and refuse to answer?
 4           MR. OBERTS:  Also, work product.
 5           Go ahead.
 6           THE WITNESS:  I will follow Mr. Fangman's
 7  advice.
 8  BY MS. WEST:
 9      Q.   Thank you.
10           Were you aware that Ms. Bamford was a
11  previously assigned investigator on Mr. Fletcher's
12  case?
13           MR. OBERTS:  Object to the fact it assumes
14  facts not in evidence, but go ahead.
15           THE WITNESS:  No.
16           MR. STARR:  Joining objection to foundation.
17  BY MS. WEST:
18      Q.   Down a few lines in the email, the fifth
19  line down where it starts with "We are at the
20  point," do you see that?
21      A.   Yes.
22      Q.   Okay.  It says, "We are at the point now
23  of trying to meet/notify the family."
24           Do you see that sentence?
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 26

```
 1      A.   Yes.
 2      Q.   Based on that statement, does it help you
 3   pinpoint when you first became involved with
 4   Mr. Fletcher's case?
 5      A.   No.
 6      Q.   Okay.  The email that we're looking at now
 7   is dated January 9, 2020; correct?
 8      A.   Yes.
 9      Q.   And that sentence that says, "We are at
10   the point now of trying meet/notify the family,"
11   does that indicate to you that you had been
12   assigned Mr. Fletcher's case prior to January 9,
13   2020?
14          MR. OBERTS:  Objection, speculation,
15   foundation.
16          THE WITNESS:  Like I said prior, I do
17   remember getting it towards the end of 2019.  Where
18   exactly I'm at at this point, I do not know.
19   BY MS. WEST:
20      Q.   And that was my next question.
21          At this point in January of 2020, do you
22   have an independent recollection of what, if
23   anything, you had done by way of review of
24   Mr. Fletcher's case?
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 27

1      A.   The steps I took were to review the file.

2    I generated a memo, and I do remember that it was

3    the beginning of the year that I finished.  What

4    date or anything I do not know.

5      Q.   At what point -- strike that.

6           Is there a particular point in your review

7    of the case that you are to notify the family or

8    the victim's family of what's going on?

9           MR. FANGMAN:  Objection, calls for

10   deliberative process privilege, and I'm directing

11   Ms. Giancola not to answer the question.

12          MR. OBERTS:  Speculation and foundation.

13          Go ahead.

14          THE WITNESS:  I will follow Mr. Fangman's

15   advice.

16   BY MS. WEST:

17     Q.   Do you have a recollection of speaking to

18   anyone that was a family member of Mr. Sorrell?

19     A.   I do not have an independent recollection

20   of meeting with anyone family-wise.

21     Q.   Can you tell based on your review of the

22   case file prior to your deposition today whether

23   anyone from the victim's family was ever notified?

24     A.   Not from the documents I reviewed.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 28

```
 1       Q.   Do you have an independent recollection of
 2   anyone telling you they ever spoke with a family
 3   member of Mr. Sorrell's to inform them that the
 4   office was reviewing Mr. Fletcher's case?
 5       A.   No.
 6       Q.   There is a handwritten note in the middle
 7   of this page here.  It says, "Hope this helps.
 8   Gerry Carroll, Dan Brannigan.  PS - still need the
 9   request."  And I don't know if the last word there
10   is Gerry or not.
11            Do you have any idea what the last word is
12   there?
13            MR. OBERTS:  Objection, foundation.
14            MR. STARR:  Join.
15            THE WITNESS:  No.
16   BY MS. WEST:
17       Q.   Do you have any idea whose handwriting
18   this is?
19       A.   No.
20       Q.   So it's safe to say it's not your
21   handwriting; correct?
22       A.   Correct.
23       Q.   Do you have a recollection of speaking
24   with Gerry Carroll relative to Mr. Fletcher's case?
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 29

1      A.    I don't know who Gerry Carroll is.

2      **Q.    Do you know who Dan Brannigan is?**

3      A.    No.

4      **Q.    So it's safe to say since you don't know**

5   **who Dan Brannigan is, you didn't speak with him**

6   **relative to Mr. Fletcher's case?**

7           MR. STARR:  Objection, form and foundation.

8           THE WITNESS:  I do not have a recollection

9   of speaking to them because I don't know who they

10  are.

11  BY MS. WEST:

12     **Q.    Do you know if Ms. Bamford ever responded**

13  **to this email?**

14     A.    I don't know.  I have no independent

15  recollection, and I don't know.

16     **Q.    Do you have an independent recollection of**

17  **receiving information for family members of**

18  **Mr. Sorrell?**

19          MR. OBERTS:  Objection, vague.

20          Go ahead.

21          THE WITNESS:  What do you mean by

22  "information"?

23  BY MS. WEST:

24     **Q.    Contact information.**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 30

1      A.    Do I remember receiving contact information?

2      **Q.    Correct.**

3      A.    I do not have an independent recollection

4  of receiving that information.

5      **Q.    Based on your review of the documentation**

6  **prior to today's deposition, are you aware if you**

7  **were ever provided with contact information for the**

8  **family members of Willie Sorrell?**

9      A.    I saw an investigator request that appeared

10  to me to be potentially contact information, but I

11  do not have a personal recollection if I was the

12  one that received it or was reviewing it.

13      **Q.    Did you work with anyone else to review**

14  **Mr. Fletcher's case?**

15      A.    No.

16      **Q.    All right.  Let me show you what we will**

17  **mark as Exhibit 2.**

18                         **(Exhibit 2 marked for**

19                          **identification.)**

20  BY MS. WEST:

21      **Q.    Do you see a document on your screen?**

22      A.    Yes.

23      **Q.    Okay.  Are you familiar with this**

24  **document?**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 31

1    A.   I don't have an independent recollection,

2  but it appears to be an investigation request form

3  that does have my name on it.

4    **Q.   Okay.  And where it says ASA/REQUESTER,**

5  **your name is next to that; correct?**

6    A.   Correct.

7    **Q.   And the date on this investigation request**

8  **form is January 9, 2020, at 1:02 p.m.**

9        **Do you agree?**

10   A.   Yes, that's what it states on the

11 document.

12        MR. OBERTS:  Can you state what the Bates

13 stamp is on the bottom?

14        MS. WEST:  Sure.  For the record, it's

15 Individual Defendants 1741 through 1742.

16        MR. OBERTS:  Thank you.

17 BY MS. WEST:

18   **Q.   Is this a document that would have been**

19 **submitted electronically?**

20        MR. OBERTS:  Objection, speculation,

21 foundation.

22        THE WITNESS:  It's submitted in a computer

23 system that is done electronically.

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 32

```
 1   BY MS. WEST:
 2        Q.   And there's also a paper form that you can
 3   fill out for an investigator request; is that
 4   right?
 5             MR. OBERTS:  Objection, form.
 6             THE WITNESS:  Yes.  It's a carbon-type
 7   paper.
 8   BY MS. WEST:
 9        Q.   At the bottom of this document, it says,
10   "Assigned To Investigations, Complex Prosecutions."
11             Do you see that?
12        A.   Yes.
13        Q.   Is that where all requests go for this
14   type of investigator request?
15             MR. OBERTS:  Objection, speculation,
16   foundation.
17             THE WITNESS:  I'm not the one that fills
18   that portion out, so I don't know how that gets
19   generated.
20   BY MS. WEST:
21        Q.   Do you see on the bottom where in blue
22   ink -- strike that.
23             It says date completed at the bottom, and
24   in blue ink next to it it says 1/10/2020.
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 33

```
 1            Do you see that?
 2     A.    I do.
 3     Q.    And it looks like there's initials below
 4  it.  Do you see that?
 5     A.    Yes, I see what you're referencing.
 6     Q.    Okay.  Are either of those in your
 7  handwriting?
 8     A.    No.
 9     Q.    Do you know whose handwriting that is?
10     A.    No.
11     Q.    Okay.  Does that indicate to you that this
12  assignment was completed on January 10, 2020?
13            MR. OBERTS:  Objection, speculation,
14  foundation.
15            THE WITNESS:  Based on the fact that I'm
16  not the one that generated that, I can't answer
17  that.
18  BY MS. WEST:
19     Q.    At the bottom here, the last sentence,
20  "Risa asked that I work with you guys and victim
21  witness to locate any living relatives ASAP."
22            Do you see that?
23     A.    Yes.
24     Q.    Do you have a recollection of being
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 34

1   **directed specifically to a particular unit to help**

2   **locate relatives of Mr. Sorrell?**

3           MR. OBERTS:  Objection, foundation.

4           THE WITNESS:  What do you mean by

5   "directed"?

6   BY MS. WEST:

7       **Q.   Do you have an independent recollection of**

8   **Risa telling you who to go to, what division within**

9   **the state's attorney's office to go to to help**

10  **locate living relatives?**

11      A.   No, i don't have an independent

12  recollection of being given a directive, but that's

13  two units that always help us locate victims -- our

14  victim witness unit and our investigations.

15      **Q.   As of January 2020, do you have an**

16  **independent recollection as to whether you had made**

17  **a determination or recommendation to retry**

18  **Mr. Fletcher?**

19          MR. OBERTS:  Objection, speculation,

20  foundation to the extent asked and answered.

21          Go ahead.

22          THE WITNESS:  I made a recommendation.  As

23  to the date, I know it is was in the beginning,

24  towards the beginning of January, but I don't know

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 35

1    a specific date.

2    BY MS. WEST:

3        Q.   **Prior to you making your recommendation,**

4    **are you aware if any other ASA had given a**

5    **recommendation relative to Mr. Fletcher's retrial?**

6        A.   To my knowledge, I do not know.  I only

7    know what I worked on, and I worked on it alone.

8        Q.   **Did you --  and I don't want to know about**

9    **the conversations, but did you have any**

10   **conversations with Risa prior to being assigned --**

11   **strike that.**

12           **Did you have any conversations with Risa**

13   **after being assigned to review Mr. Fletcher's case**

14   **about the substance of the underlying criminal**

15   **case?**

16       A.   What do you mean "substance"?

17       Q.   **Did you have any conversations with Risa**

18   **about the underlying facts of the criminal case**

19   **once you received the assignment?**

20           MR. OBERTS:  Objection, vague, but go

21   ahead.

22           THE WITNESS:  I received the assignment.

23   I have no idea what her involvement was, if she

24   even knew the facts of the case.  I received the

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 36

1  assignment from her and the details, like I said, I

2  worked alone.  So I don't have an independent

3  recollection of speaking to anyone really regarding

4  this case.

5  BY MS. WEST:

6      **Q.   When you conducted your review of**

7  **Mr. Fletcher's case, did you speak with the ASAs**

8  **that prosecuted Mr. Fletcher?**

9          MR. OBERTS:  Object to foundation.

10          Go ahead.

11          THE WITNESS:  No.

12  BY MS. WEST:

13      **Q.   When you conducted your review of**

14  **Mr. Fletcher's case, did you speak with the felony**

15  **review assistant state's attorney who approved**

16  **charges?**

17          MR. OBERTS:  Objection, foundation.

18          THE WITNESS:  To my knowledge, no.  I

19  reviewed the documents in the file.

20  BY MS. WEST:

21      **Q.   Let's talk about that.**

22          **What specifically did you review relative**

23  **to Mr. Fletcher's case?**

24          MR. OBERTS:  Objection, foundation.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 37

1         THE WITNESS:  I don't have an independent

2    recollection of the specific documents that I

3    reviewed, but I would have reviewed in general

4    trial transcripts, witness statements, grand jury,

5    any case opinions, like legal opinions or to learn

6    the procedural history of where we were at in the

7    case.  If the felony review had statement

8    summaries, I would have reviewed things like that.

9    If there were affidavits in there from any

10   witnesses, those were the types -- GPR reports --

11   those are the types of things I would have reviewed

12   in my case review.

13   BY MS. WEST:

14       Q.   Okay.  Would you have reviewed the

15   underlying police reports relative to the

16   investigation?

17         MR. OBERTS:  Objection, speculation,

18   foundation.

19         THE WITNESS:  I would have reviewed

20   reports that were contained in the file pertinent

21   to this case if they were in the file, yes.

22   BY MS. WEST:

23       Q.   Would you have made any independent

24   requests or issued any subpoenas for documents from

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 38

1    the police department?

2        A.    No.

3        Q.    Would you have reviewed post-conviction

4    proceeding transcripts or motions?

5            MR. OBERTS:  Objection, speculation,

6    foundation.

7            THE WITNESS:  I do not have an independent

8    recollection of reviewing post-conviction matters.

9    BY MS. WEST:

10       Q.    Did you review documents relative to

11   Mr. Fletcher's case that were generated by the

12   conviction integrity unit?

13           MR. OBERTS:  Objection, speculation,

14   foundation.

15           THE WITNESS:  To my knowledge, I don't

16   have an independent recollection of reviewing

17   specific documents.

18   BY MS. WEST:

19       Q.    And are you aware that the conviction

20   integrity unit looked at Mr. Fletcher's case more

21   than one time prior to his conviction being vacated?

22           MR. FANGMAN:  Objection, calls for

23   deliberative process privilege, and I will be

24   directing Ms. Giancola not to answer.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 39

1        MR. OBERTS:  I just object to vague and

2  time frame and/or scope.

3          But based on Mr. Fangman's objection --

4          THE WITNESS:  I will follow his advice.

5        MS. WEST:  All right.  Let's talk about

6  that one because I'm not asking her about any

7  conversations -- maybe I'll clarify it that way.

8  Let's try it this way.

9  BY MS. WEST:

10    **Q.  Did you review any documents that made you**

11  **aware that the conviction integrity unit looked at**

12  **Mr. Fletcher's case more than one time prior to his**

13  **conviction being vacated?**

14        MR. FANGMAN:  Objection, calls for

15  deliberative process privilege.

16        MR. OBERTS:  I'd also object to it's vague

17  and time frame or scope.

18        MS. WEST:  Paul, I don't agree.  Can you

19  elaborate why you think deliberative process applies?

20        MR. FANGMAN:  I'm just literally reading

21  from Judge Wood's direction to the parties in this

22  case.  It says such topics may include what

23  procedures were followed, who was involved in the

24  decisions, what documents were reviewed.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 40

1          So Ms. Giancola can reveal what documents

2     she reviewed, but not her opinion about those

3     documents and where they came from.

4          If you have a specific question about the

5     documents she reviewed, you can ask her what

6     documents she reviewed, not her interpretation or

7     her opinions about where the documents came from.

8          MS. WEST:  My original question was,

9     are you aware that the conviction integrity unit

10    reviewed Mr. Fletcher's case more than once?

11    That's a yes-or-no answer.

12          MR. FANGMAN:  But that's not a question

13    about which documents she reviewed.

14          MS. WEST:  Right.

15          MR. FANGMAN:  I'm just looking at the

16    order.

17          MS. WEST:  I understand what you're

18    saying, but I don't see how deliberative process

19    applies to that.  I understand it's not specified

20    in Judge Wood's order, but I also don't see how

21    deliberative process is a privilege that would

22    apply.

23          MR. FANGMAN:  I believe that Ms. Giancola

24    has testified about what task she was given, and I

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 41

1    think that in the context of the task she was

2    given, which you were asking her questions about,

3    that question is targeted to lead to deliberative

4    process.

5         MS. WEST:  I understand what you're

6    saying, Paul, for the record, but just for the

7    record I'm going to say that I don't think Judge

8    Wood's order is limiting us from asking whether or

9    not Ms. Giancola is aware of whether the conviction

10   integrity unit reviewed Mr. Fletcher's case.

11   Specifically she testified earlier that she

12   reviewed the documents to see whether it would

13   refresh her memory as to whether or not the

14   conviction integrity unit had documents included in

15   there.

16        So I don't think based on Judge Wood's

17   order alone we are limited in not asking a question

18   like this.  Sure, she sets out topic areas that we

19   may ask and things that we may not ask on, but I

20   think this is a fact and not a mental impression

21   that would invade on the deliberative process

22   privilege.

23        MR. OBERTS:  I would just state that the

24   testimony thus far is that she reviewed documents

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 42

1    in preparation for her deposition to try to refresh

2    her recollection as to what she might have

3    reviewed.  I don't think she ever testified that

4    she reviewed documents specifically to determine

5    whether the conviction integrity unit or any other

6    specific unit was involved.  I'm just noting that.

7            MR. MICHALIK:  I would just add for the

8    record that according to Judge Wood's order, topics

9    may include whether any investigation was

10   conducted, and I think Ms. West's question directly

11   flows from that.  So I think it is allowed under

12   Judge Wood's order.

13           MR. OBERTS:  I would just state that she

14   testified that she did not conduct any investigation,

15   just noting that.

16           MR. MICHALIK:  Understood, but I'm just

17   saying that it says whether any investigation was

18   conducted.  It doesn't say whether any investigation

19   was conducted by Ms. Giancola.

20           MS. WEST:  After all that, Paul, do you

21   have anything further that you want to add?

22           MR. FANGMAN:  No, thank you.

23           MS. WEST:  Are you still instructing the

24   witness not to answer?

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 43

```
 1            MR. FANGMAN:  Yes.
 2   BY MS. WEST:
 3       Q.   Are you taking the advice of Mr. Fangman
 4   and refusing to answer?
 5       A.   Yes.
 6       Q.   Okay.  Did you speak with anyone in the
 7   conviction integrity unit when you were reviewing
 8   Mr. Fletcher's case?
 9       A.   No.
10       Q.   Did you ever have any conversations with
11   James Papa about Mr. Fletcher's case?
12       A.   To my knowledge, no.
13       Q.   Did you ever have any conversations with
14   Jesse McGuire about Mr. Fletcher's case?
15       A.   To my knowledge, no.
16       Q.   Did you have any conversations with Nancy
17   Adducci about Mr. Fletcher's case?
18       A.   To my knowledge, no.
19       Q.   When you reviewed the case file prior to
20   today's deposition, did you see documents among
21   that file that were from the conviction integrity
22   unit?
23       A.   I don't have an independent recollection
24   of the exact documents that I reviewed to come to
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 44

1   my recommendation, so I can't answer that.  I

2   scanned them to see if they would refresh my

3   recollection on the documents I reviewed.  I do not

4   as I sit here have an independent recollection of

5   what exactly was contained in that file and what

6   exactly I used to come to my recommendation.

7        Q.   And when you reviewed the case file a week

8   ago, did you see any documents in that case file

9   from the conviction integrity unit?

10       A.   I did not spend a lot of time re-reviewing

11  the file.  I scanned them quickly.  As you stated

12  earlier, there were hundreds of ones.  So it was a

13  very quick scan, and I stopped at the documents

14  that had my name on it, like you showed me, police

15  reports, things like that, just to see if I was

16  familiar with them.

17            So I do not know if there are documents in

18  that case file as we sit here today from the

19  post-conviction unit.

20       Q.   I know you testified that you did not

21  conduct an investigation relative to Mr. Fletcher's

22  case; correct?

23       A.   Correct.

24       Q.   Okay.  So it's safe to say -- strike that.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 45

 1          Did you speak with any witnesses or

 2   eyewitnesses relative to the underlying criminal

 3   case during your review of Mr. Fletcher's case?

 4      A.   No.

 5      Q.   Did you speak to any detectives or police

 6   officers that were involved in the underlying

 7   investigation in your review of Mr. Fletcher's

 8   case?

 9      A.   No.

10      Q.   You indicated earlier that you don't have

11   an independent recollection of what documents you

12   reviewed specifically, but you told me that you

13   would have reviewed trial transcripts from the

14   criminal proceedings; correct?

15      A.   In general, yes.  If they were in the

16   file, I would have reviewed them in making a

17   recommendation.

18      Q.   And you would have reviewed the

19   investigative file or the current retention file

20   from the police department as well; is that right?

21      A.   What do you mean by "investigative file"?

22      Q.   Sure.

23          So would you have reviewed police reports

24   from CPD relative to the underlying investigation?

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 46

1          MR. OBERTS:  Objection, speculation,

2     foundation.

3          THE WITNESS:  I don't have an independent

4     recollection of what exactly I reviewed in the

5     file, but in general, if there were some police

6     reports in there, I may have reviewed them.

7     BY MS. WEST:

8     **Q.   Generally would you have wanted to request**

9     **the appellate record from Mr. Fletcher's case?**

10          MR. FANGMAN:  Objection, deliberative

11     process privilege, and I'm asking Ms. Giancola not

12     to answer.

13          THE WITNESS:  I will take Mr. Fangman's

14     advice.

15          MS. WEST:  So for the record, I don't

16     agree that deliberative process applies based on

17     Judge Wood's order that we ask what procedures were

18     followed, what documents were reviewed.  I think

19     that question goes directly to both of those

20     topics.

21          MR. FANGMAN:  Maybe the form of the

22     question.  You said would you have wanted to have,

23     which implied an opinion.  I don't know if you

24     meant "did you."

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 47

```
 1   BY MS. WEST:
 2      Q.   Did you request the appellate record in
 3   Mr. Fletcher's underlying criminal case?
 4           MR. OBERTS:  I object to speculation,
 5   foundation.
 6           THE WITNESS:  To my knowledge, I did not
 7   make a request.  Whether there were transcripts
 8   already in the file, I do not know.
 9   BY MS. WEST:
10      Q.   Did you speak with Mr. Fletcher himself
11   when reviewing his case?
12      A.   No.
13      Q.   Did you speak with any of Mr. Fletcher's
14   criminal defense attorneys in your review of his
15   case?
16      A.   No.
17      Q.   Outside of reviewing documents that were
18   in the state's attorney's case file, did you do
19   anything else in order to come to your
20   recommendation on retrial?
21           MR. OBERTS:  Objection, speculation,
22   foundation, and vague.
23           THE WITNESS:  What do you mean by "do
24   anything else"?
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 48

```
 1   BY MS. WEST:
 2       Q.   Other than reviewing documents, did you
 3   speak to anyone?
 4       A.   No.
 5       Q.   Other than reviewing documents, did you
 6   attempt to locate witnesses other than the victim's
 7   family?
 8           MR. OBERTS:  Objection, vague, and to the
 9   extent it assumes a fact not in evidence that any
10   family members would be located as part of her
11   review.
12           But with that, please go ahead.
13           THE WITNESS:  My role in this was to
14   review the case file.  That's it.
15   BY MS. WEST:
16       Q.   Did you issue any subpoenas for documents
17   to third parties relative to Mr. Fletcher's
18   criminal case?
19       A.   No.
20       Q.   I know you previously testified that you
21   conducted this review alone, but who was involved
22   in the decision-making process?
23           MR. OBERTS:  Objection, speculation,
24   foundation.
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 49

1          THE WITNESS:  I made a recommendation.  I
2    would have notified Risa and potentially her
3    deputy.  And past that, I was not part of any
4    further decision making.  So my part was a
5    recommendation.  Who made the ultimate decision, I
6    have no idea.
7    BY MS. WEST:
8        Q.   **Were you involved in any conversations**
9    **with Risa or anyone else regarding your**
10   **recommendation?**
11       A.   No.  To my personal knowledge, there was
12   no follow-up with me or meetings or anything
13   regarding the ultimate decision.  I do not believe
14   I was part of past my recommendation.
15          MR. STARR:  May I ask that the court
16   reporter read back that question?  I had another
17   internet glitch.  I apologize.
18                    (Record read.)
19          MR. STARR:  Thank you.
20   BY MS. WEST:
21       Q.   **And you did, in fact, make a formal**
22   **recommendation in Mr. Fletcher's case; correct?**
23       A.   Yes.
24       Q.   **Let me show you what we will mark as**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 50

1    **Exhibit 3.**

2            **For the record, this is CCSAO Conflicts**

3    **Fletcher Dixon Bogucki 20cv4768_001631, through**

4    **1632.**

5                            **(Exhibit 3 marked for**

6                            **identification.)**

7    BY MS. WEST:

8        **Q.   All right.  Can you see a document up on**

9    **your screen?**

10       A.   Yes.

11       **Q.   Okay.  Does this document have the word**

12   **"Memorandum" on the top?**

13       A.   It does.

14       **Q.   Okay.  Are you familiar with this**

15   **document?**

16       A.   It appears -- it states it is from Toni

17   Giancola, so yes, that appears to be the memo, the

18   memoranda.

19       **Q.   And did you prepare this memorandum?**

20       A.   I believe I did.

21       **Q.   And it was directed to Risa Lanier and**

22   **Natosha Toller.**

23           **Do you see that?**

24       A.   I do see that, yes.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 51

1    Q.    This memorandum, is this the way you

2    documented your recommendation?

3    A.    I believe that is the memorandum I

4    generated to give my recommendation, yes.

5    Q.    Did you verbally give a recommendation to

6    Risa?

7         MR. OBERTS:  Objection, foundation.

8         THE WITNESS:  I believe the way I gave my

9    recommendation was via this memorandum.  To my

10   recollection, I don't have any memory of a

11   conversation regarding the memorandum, if that's

12   what you're asking.

13   BY MS. WEST:

14   Q.    Correct.  Do you have an independent

15   recollection of calling Risa and saying I'm sending

16   you this memorandum.  My recommendation is this?

17   A.    No.

18   Q.    Was it the procedure in the office at the

19   time in January of 2020 to document your

20   recommendation in a memorandum?

21        MR. OBERTS:  Objection, foundation,

22   speculation to the extent asked and answered, and

23   to the extent it calls for a Rule 30(b)(6) opinion

24   regarding policies, practices, and procedures on

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 52

1    behalf of the state's attorney's office rather than

2    her procedure.

3              Go ahead.

4              THE WITNESS:  I don't know what you mean

5    by "procedure."

6              MR. OBERTS:  Objection, vague.

7    BY MS. WEST:

8        Q.   **Are you aware if in January 2020 there was**

9    **a procedure at the state's attorney's office that**

10   **required you to document your recommendation in a**

11   **memorandum?**

12       A.   I can't speak to any policies or

13   procedures, only as to my involvement on this case.

14             MR. OBERTS:  Objection, foundation, to the

15   extent asked and answered.

16   BY MS. WEST:

17       Q.   **Generally what factors were considered**

18   **when reviewing Mr. Fletcher's case file?**

19             MR. OBERTS:  Objection, vague,

20   speculation, and foundation.

21             THE WITNESS:  What do you mean by

22   "reviewing"?  Coming to my recommendation or --

23   BY MS. WEST:

24       Q.   **In coming to your recommendation, what**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 53

1   **were the factors that you generally considered**

2   **applicable?**

3          MR. OBERTS:  I'm just going to object in

4   that the factors that she might consider with

5   respect to this would be considered work product.

6   Factors in general as to retry I would not object

7   to such work product as that would be a general --

8   I believe that would be a permissible question.

9   BY MS. WEST:

10      **Q.   Let's do this way.**

11          **You had never reviewed a case to make a**

12  **recommendation about retrial or not prior to**

13  **Mr. Fletcher's; correct?**

14      A.   To my knowledge --

15          MR. OBERTS:  Objection, speculation,

16  foundation to the extent asked and answered, and

17  form.

18          Go ahead.

19          THE WITNESS:  To my knowledge, no.  I

20  mean, no, I have not.  I have reviewed cases in

21  terms of other -- but for the retrial aspect, I

22  don't believe that I have done so prior or since to

23  my personal knowledge.

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 54

1   BY MS. WEST:

2       **Q.   Okay.  When you conducted the review of**

3   **Mr. Fletcher's case, what were the factors that you**

4   **were looking for that guided your decision making**

5   **on the recommendation?**

6                MR. OBERTS:  I object to that.

7            The court order provides that the parties

8   may further ask about the factors that as a general

9   matter determine whether the CCSAO will retry a

10  criminal defendant or oppose a COI.  It doesn't

11  state with regard to this case.  So I object to the

12  extent the question asks with regard to Mr. Fletcher's

13  case.

14           I have no objection to asking as a general

15  matter, if she's able to answer the question of

16  factors that as a general matter determine whether

17  the CCSAO will retry a criminal defendant.

18  BY MS. WEST:

19      **Q.   Since you've never conducted an**

20  **investigation relative to giving a recommendation**

21  **on retrial, did you even know what factors --**

22  **strike that.**

23           **What factors were you looking to consider**

24  **when you were looking into making a recommendation**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 55

1    on any case about retrial?

2            MR. OBERTS:  Objection, foundation,

3    speculation.

4            MR. STARR:  Join, form.

5            THE WITNESS:  I can't really speak on

6    retrial.  I can speak only to analyzing a case in

7    general.

8    BY MS. WEST:

9        Q.   And you didn't have any conversations with

10   anyone at the state's attorney's office about how

11   to guide you through the process of reviewing a

12   case file in order to make a recommendation on

13   retrial; is that right?

14           MR. OBERTS:  Objection to form.

15           MR. STARR:  Join.

16           THE WITNESS:  To my knowledge, I don't

17   recall having conversations.

18   BY MS. WEST:

19       Q.   In reviewing a criminal case to make a

20   determination on whether or not to retry that

21   individual, do you think it is important to factor

22   in the availability of witnesses?

23           MR. OBERTS:  Objection, foundation,

24   speculation.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 56

 1          MR. FANGMAN:  Objection, deliberative

 2   process privilege.

 3          THE WITNESS:  I'm sorry.  I didn't hear

 4   Mr. Fangman.

 5          MR. FANGMAN:  I'm objecting to deliberative

 6   process privilege, and I'm directing Ms. Giancola

 7   not to answer mostly because it's asking which

 8   factors are important.

 9          THE WITNESS:  I will follow his advice.

10   BY MS. WEST:

11      **Q.    Okay.  Let me ask you this.**

12          **Are factors reviewing a case for trial any**

13   **different than reviewing a case for retrial?**

14          MR. OBERTS:  Objection, foundation,

15   speculation.

16          MR. STARR:  I apologize.  I didn't hear

17   that question.  I only heard the first part of it.

18          MS. WEST:  Sure.

19   BY MS. WEST:

20      **Q.    Were factors in reviewing a case for trial**

21   **any different than reviewing a case for retrial?**

22          MR. OBERTS:  Objection foundation,

23   speculation.

24          THE WITNESS:  I can't really speak to the

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 57

1    factors to consider in retrial as to my knowledge

2    this is the only time I've done it.

3    BY MS. WEST:

4        Q.   **Based on your review of the case file, are**

5    **you aware of evidence that exonerated Mr. Fletcher?**

6            MR. OBERTS:  Objection, time frame, scope,

7    speculation, and foundation.

8            THE WITNESS:  Could you repeat the

9    question?

10           MS. WEST:  Sure.

11   BY MS. WEST:

12       Q.   **When you reviewed Mr. Fletcher's case file**

13   **in December of 2019 or January of 2020, are you**

14   **aware of evidence that exonerated Mr. Fletcher?**

15           MR. OBERTS:  Objection, speculation,

16   foundation, and vague.

17           THE WITNESS:  Exonerate him, no, not to my

18   knowledge.

19           MS. WEST:  Can we take a five-minute break

20   real quick?

21           MR. OBERTS:  Sure.

22           MS. WEST:  Thank you.

23                      (Recess taken.)

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 58

1    BY MS. WEST:

2        Q.    All right.  So you can't tell me as a

3    general matter what factors are to be considered

4    when determining whether to retry a criminal

5    defendant; is that right?

6             MR. OBERTS:  Objection, form, to the

7    extent asked and answered, and foundation.

8             THE WITNESS:  I can't speak as a general

9    matter.

10   BY MS. WEST:

11       Q.    Okay.  Based on that then, you can't tell,

12   me whether a factor is the strength of the case?

13       A.    For a retrial, no, I can't speak to

14   general things to consider.

15       Q.    And you can't tell me that the

16   availability of witnesses is a factor to be

17   considered in the retrial of a criminal defendant?

18            MR. OBERTS:  Objection, foundation,

19   speculation, asked and answered.

20            Go ahead.

21            THE WITNESS:  I can't speak to the retrial

22   factors.

23   BY MS. WEST:

24       Q.    I'm asking specifically about you can't

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 59

1    tell me whether or not the strength of a case is a

2    factor to be considered for retrial of a defendant;

3    is that right?

4             MR. STARR:  Asked and answered.

5             MR. OBERTS:  Object, asked and answered,

6    form, speculation, and foundation.

7             THE WITNESS:  No, I can't speak as a

8    general matter of factors to be considered in

9    retrial.

10   BY MS. WEST:

11       Q.   So then you don't know if resource

12   management is a factor to be considered when

13   reviewing a case for retrying a defendant; correct?

14            MR. OBERTS:  Objection, form, foundation,

15   speculation.

16            Go ahead.

17            THE WITNESS:  Correct, same answer.

18   BY MS. WEST:

19       Q.   And then you can't tell me whether or not

20   the availability of witnesses is a factor to

21   generally be considered when considering retrying a

22   criminal defendant; correct?

23            MR. STARR:  Asked and answered.

24            MR. OBERTS:  Form, foundation; speculation,

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 60

```
 1   foundation.
 2          THE WITNESS:  Correct.  I cannot speak of
 3   general factors.
 4   BY MS. WEST:
 5      Q.   And you can't tell me whether the length
 6   of the criminal defendant's incarceration is a
 7   factor to be considered when retrying that criminal
 8   defendant; correct?
 9          MR. OBERTS:  Form, foundation; speculation,
10   foundation.
11          MR. STARR:  Join.
12          THE WITNESS:  Correct, I cannot.
13          MS. WEST:  That's all I have for you.
14          THE WITNESS:  Thank you.
15          MS. WEST:  Some of the other attorneys may
16   have questions.
17          MR. MICHALIK:  No questions from me.
18          MR. STARR:  I just have a few.
19                      EXAMINATION
20   BY MR. STARR:
21      Q.   Good morning, Ms. Giancola.  As I stated
22   earlier, my name is Sean Starr.  I represent the
23   Plaintiff, Mr. Fletcher, in this matter.
24          I believe you testified earlier that you
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 61

 1   **do not recall the entirety of the evidence that you**

 2   **reviewed back in 2019/2020 when you were reviewing**

 3   **this case and making a determination about whether**

 4   **it should be retried; is that correct?**

 5           MR. OBERTS:  Object to the extent it

 6   mischaracterizes testimony and assumes facts not

 7   evidence.

 8           Go ahead.

 9           THE WITNESS:  I can't remember specific

10   documents.

11   BY MR. STARR:

12       **Q.   You reviewed the file, but you don't**

13   **remember specifically which documents you reviewed**

14   **in the file; correct?**

15       A.   Correct.

16       **Q.   And so when you say you're not aware of**

17   **any evidence that you reviewed that exonerated**

18   **Mr. Fletcher, that's because you can't recall all**

19   **of the evidence you reviewed; correct?**

20           MR. FANGMAN:  Objection, calls for

21   deliberative process privilege, and I am asking

22   Ms. Giancola not to answer.

23           THE WITNESS:  I will follow Mr. Fangman's

24   advice.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 62

1          MR. OBERTS:  Object, vague, speculation,
2    foundation.
3    BY MR. STARR:
4      Q.    **You've had various stints in felony**
5    **review.  You've already testified to that; correct?**
6      A.    Various times which I rotated through
7    felony review, yes.
8      Q.    **And when you were asked to review this**
9    **case to determine whether or not it should be**
10   **retried, did you apply your experience from your**
11   **time in felony review to that analysis?**
12         MR. OBERTS:  Objection, vague.
13         THE WITNESS:  I wouldn't say it's limited
14   to my time in felony review.  I would say it's my
15   experience as a whole.
16   BY MR. STARR:
17     Q.    **Okay.  That's fair.  And so let me ask**
18   **that then.**
19         **When you were tasked with reviewing**
20   **whether or not Mr. Fletcher's case should be**
21   **retried, you relied on your experience as a**
22   **long-tenured Cook County State's Attorney to make**
23   **your determination; correct?**
24     A.    As I do in any case, yes.  I rely on my

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 63

1    experience as a whole.

2        **Q.    And your determination was that**

3    **Mr. Fletcher's case should not be retried; correct?**

4            MR. OBERTS:  Objection, calls for work

5    product.  I would object that it calls for work

6    product, and it also is contrary to the order that

7    states specific reasons -- may not ask the above

8    about the specific reasons and not to -- for example,

9    may not ask the witness about the specific factors

10   made in favor or against retrying or any

11   determinations or any recommendations that were

12   made, accepted, or rejected.

13           MR. FANGMAN:  Objection, deliberative

14   process privilege, and I'm asking Ms. Giancola not

15   to answer.

16           MR. STARR:  I wasn't asking her for any

17   factors.  I just asked whether or not she made a

18   recommendation that he should not be retried.

19           MR. OBERTS:  That's stated in the order,

20   Sean.  Or any recommendations that were made,

21   accepted, or rejected with respect to Fletcher's

22   retrial and COI.

23           And so I would object pursuant to the

24   order in addition to -- the order being the

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 64

1   July 8, 2024, Judge Wood order, in addition to work

2   product, and I believe Mr. Fangman had a response.

3          MR. STARR:  So, Bill, are you instructing

4   her not to answer?  I know Mr. Fangman had, but are

5   you as well?

6          MR. OBERTS:  I would be pursuant to the

7   order, yes.

8   BY MR. STARR:

9      Q.   Okay.  **Are you going to take your**

10  **attorneys' instruction and refuse to answer my**

11  **question?**

12     A.   My attorney's and Mr. Fangman's advice,

13  yes.

14     Q.   **Is it correct that the Cook County State's**

15  **Attorney's Office chose not to retry Mr. Fletcher?**

16         MR. OBERTS:  Object to foundation and to

17  speculation.

18         THE WITNESS:  I have no idea what they

19  ultimately decided to do.  I made a recommendation,

20  and I believe to my knowledge that's the extent of

21  my involvement in the case.

22  BY MR. STARR:

23     Q.   **As you sit here today, are you aware that**

24  **the state's attorney's office did not, in fact,**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 65

1   retry Mr. Fletcher?

2           MR. OBERTS:  Object to speculation and

3   foundation, and I would object to the extent it

4   calls for attorney-client privilege.  So if she

5   would know that answer pursuant to attorney-client

6   privilege, I would instruct her not to answer.

7           MR. STARR:  Okay.  That's fair.

8   BY MR. STARR:

9       Q.   So I'm not asking you what you learned

10  from your attorney.  I'm asking you whether or not

11  you know as you sit here today that Mr. Fletcher

12  was not retried by the Cook County State's Attorney's

13  Office?

14      A.   I do not believe I was ever personally

15  informed on what the ultimate decision was on this.

16  Obviously, once I learned of litigation, that's a

17  different story.

18      Q.   And when you say once you learned of

19  litigation, you're referring to conversations you

20  had with your attorney?

21      A.   Right, involving this deposition litigation.

22      Q.   Okay.  If I represent to you that the

23  state's attorney's office chose not to retry

24  Mr. Fletcher, do you have any reason to dispute

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 66

1   **that?**

2          MR. OBERTS:  Object to foundation,

3   speculation.

4          THE WITNESS:  I mean, I can only assume

5   we're here based on that.

6   BY MR. STARR:

7      **Q.   So, just to be clear, my question is a**

8   **little different.**

9          **If I represent to you that the state's**

10  **attorney's office chose not to retry Mr. Fletcher,**

11  **do you have any reason to dispute that?**

12         MR. OBERTS:  Objection, foundation.

13         THE WITNESS:  To you informing me of that,

14  no.  I would take you at your word.

15  BY MR. STARR:

16     **Q.   Okay.  Do you know a former Chicago Police**

17  **Detective by the name of Jerome Bogucki?**

18     A.   Not to my knowledge.

19     **Q.   Does that name ring any bells whatsoever?**

20         MR. OBERTS:  Objection, form, vague.

21         THE WITNESS:  In what terms?  Do I know

22  him?

23  BY MR. STARR:

24     **Q.   Do you know who he is?**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 67

1      A.   No, I don't know.  To my knowledge, I have

2    never met him.

3      Q.   **Are you aware that he was a detective and**

4    **investigator in the Willie Sorrell homicide?**

5           MR. OBERTS:  Objection, foundation,

6    speculation.

7           THE WITNESS:  This case?

8    BY MR. STARR:

9      Q.   **Yeah.  Willie Sorrell was the victim in**

10   **this case.  I'm wondering if you're aware that**

11   **Detective Bogucki was one of the detectives that**

12   **investigated this case?**

13     A.   During the course of my review, I'm sure

14   that's something I would have been made aware of by

15   the mere fact of police reports authored by that

16   individual if that was the detective that was

17   involved in this case.

18     Q.   **Are you aware of any allegations of**

19   **misconduct relative to Detective Bogucki?**

20     A.   Personal knowledge, no.

21     Q.   **Were you made aware of any allegations of**

22   **misconduct relative to Detective Bogucki during the**

23   **time in which you were reviewing the case?**

24     A.   I know it was referenced by Pallmeyer in

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 68

1  her decision; but beyond that, I have no other

2  information.

3     **Q.  And you've never tried a case -- well,**

4  **strike that.**

5        **Did you ever try a case where Detective**

6  **Bogucki was the investigator/detective?**

7        MR. OBERTS:  Objection, foundation.

8        THE WITNESS:  I have tried hundreds of

9  cases.  I cannot say with any certainty if I did or

10  did not.  But as I sit here right now, I have no

11  personal knowledge of trying a case with him.

12  BY MR. STARR:

13     **Q.  That's what I'm asking.  So I'm going to**

14  **ask you about all of these detectives and your**

15  **experience with them.  So I'm going to ask about**

16  **trying cases with them to your personal knowledge.**

17     A.   Understood.

18     **Q.  Okay.  How about a former Chicago Police**

19  **Detective by the name of Ray or Raymond Schalk?**

20        **Do you know who that is?**

21     A.   I do not know that person.

22     **Q.  And are you aware that Detective Schalk**

23  **was one of the detectives that investigated the**

24  **Willie Sorrell homicide?**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 69

1    A.   I'm sure during the course of my review I

2   became aware of that fact if that detective was

3   listed on police reports, but beyond that, I don't

4   have any independent recollection.

5        Q.   **Do you know -- strike that.**

6        **Were you ever made aware of any**

7   **allegations of misconduct relative to Detective**

8   **Schalk?**

9             MR. OBERTS:  Objection, foundation.

10            THE WITNESS:  Like I said, there were

11   references in Pallmeyer's opinion to detectives

12   involved in the case.  The specific names I cannot

13   personally recall right now, but she referenced

14   that.  Beyond that phrase in the case, I don't have

15   any further knowledge of those detectives or any

16   other allegations made against them.

17   BY MR. STARR:

18       Q.   **And do you recall whether or not you ever**

19   **prosecuted a case where Detective Schalk was one of**

20   **the investigating detectives?**

21            MR. OBERTS:  Objection, foundation.

22            THE WITNESS:  To my knowledge, I don't

23   recall a case which I handled of his.

24

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 70

1    BY MR. STARR:

2        **Q.    How about a former Chicago -- I believe**

3    **he's a former Chicago Police Detective by the name**

4    **of Anthony or Tony Noradin?  Do you know who that**

5    **is?**

6        A.    I do recognize that name, but are you

7    going to ask me then do I recollect any cases?  I

8    recognize the name.

9        **Q.    How do you recognize the name, ma'am?**

10       A.    Just from homicides that I've handled

11   throughout the course of my career.

12       **Q.    Okay.  And so it's your belief that you**

13   **have prosecuted cases, homicide cases where**

14   **Detective Noradin was an investigating detective;**

15   **is that correct?**

16            MR. OBERTS:  Objection, speculation.

17            THE WITNESS:  By prosecuted, I mean, I

18   handled multiple different phases.  I've been in

19   Branch 66.  I've had detectives bring in witnesses,

20   subpoenas.  So have I crossed paths with him?  I'm

21   sure I have.  Actually went to trial on a case of

22   his, I'm not sure.

23   BY MR. STARR:

24       **Q.    Okay.  Let me ask you this then.**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 71

1   **Are you able to independently recall any**
2   **specific cases you worked as a state's attorney**
3   **that involved Detective Noradin?**
4       A.   Off hand, I could have, but not as I sit
5   here right now to spit out a name of an offender on
6   a case.
7       Q.   **Are you aware that Detective Noradin was**
8   **assigned to the Willie Sorrell homicide and**
9   **investigated that case?**
10          MR. OBERTS:  Objection, foundation.
11          THE WITNESS:  I don't recall.  I don't
12  have an independent recollection if I knew that.
13  Like I said, if he was listed, I may have.  But as
14  I sit here today, I don't know.
15  BY MR. STARR:
16      Q.   **When you were reviewing the Fletcher case**
17  **in late 2019 or early 2020, do you have any**
18  **recollection of seeing Mr. Noradin's name on any**
19  **paperwork or any police reports and recalling that**
20  **you know who he is?**
21      A.   Independent recollection, no.  My recall
22  of Detective Noradin is just I recognize the name
23  because I know he worked a lot of cases and a lot
24  of homicides, so...

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 72

 1     Q.    How about a former Chicago Police
 2  Detective and Sergeant by the name of Anthony or
 3  Tony Wojcik?  Do you know who that is?
 4     A.    That name does not sound familiar to me.
 5     Q.    Okay.  Are you aware that Sergeant Wojcik
 6  was assigned in some capacity to investigate the
 7  Willie Sorrell homicide?
 8          MR. OBERTS:  Objection, foundation.
 9          THE WITNESS:  Personal knowledge, no.
10  BY MR. STARR:
11     Q.    If you had reviewed the police reports
12  that his name was on, you would have known that at
13  the time of your review of the Fletcher case;
14  correct?
15     A.    If I paid attention it that, yes.
16     Q.    Well, did you pay attention to who the
17  police officers were when you were reviewing the
18  Fletcher case?
19          MR. OBERTS:  Objection, foundation,
20  speculation.
21          MR. MR. FANGMAN:  Objection.  Calls for
22  deliberative process privilege in terms of paying
23  attention to.  I'm asking Ms. Giancola not to
24  answer that question.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 73

1           THE WITNESS:  I will follow Mr. Fangman's

2   advice.

3           MR. STARR:  Okay.  I think she opened the

4   door.

5   BY MR. STARR:

6       **Q.   You are going to refuse to answer my**

7   **question?**

8       A.   I'm following the advice of Mr. Fangman.

9       **Q.   And refusing to answer my question;**

10  **correct?**

11      A.   Yes.

12      **Q.   Okay.  And you testified that you didn't**

13  **independently interview anyone that was involved in**

14  **the Willie Sorrell homicide, correct, whether it**

15  **was a witness or a police officer or suspect?**

16          MR. OBERTS:  Objection, form, and it's

17  been asked and answered.

18          THE WITNESS:  Correct.

19          MR. OBERTS:  You did not.

20          THE WITNESS:  I did not.

21  BY MR. STARR:

22      **Q.   And were you ever made aware at any point**

23  **during your review of the case that -- strike that.**

24          **Are you familiar with one of the witnesses**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 74

1    being Edward Cooper?

2        A.   I'm sorry.  Could you repeat that?

3        Q.   Sure.

4             Do you recall in your time being assigned

5    to review the Fletcher case that one of the

6    witnesses to the homicide of Willie Sorrell was a

7    man named Edward Cooper?

8             MR. OBERTS:  Object to foundation.

9             THE WITNESS:  That name I do remember.  I

10   believe it's also contained in my memorandum.

11            MR. STARR:  Were you ever made aware that

12   Mr. Cooper has testified that the detectives

13   investigating the Sorrell homicide indicated to him

14   who he should identify in a photo array?

15            MR. OBERTS:  Objection, foundation and

16   time frame/scope.

17            THE WITNESS:  Can you clarify what you

18   mean by "made aware"?

19   BY MR. STARR:

20       Q.   I'm talking about the time -- and that's a

21   fair question.  I'll try to do the best that I can

22   to qualify this.

23            I'm talking about when you were assigned

24   to review the case in 2019 and early 2020, were

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 75

 1    you -- did you become aware at any point that

 2    Mr. Cooper made any allegations or any statements

 3    or testified to the fact in any form, whether it

 4    was in a written affidavit or oral testimony, that

 5    the detectives investigating the case unduly

 6    influenced his identification of Mr. Fletcher?

 7            MR. FANGMAN:  Objection, calls for

 8    deliberative process privilege as to unduly

 9    influence, and I'm asking Ms. Giancola not to

10    answer.

11    BY MR. STARR:

12        Q.   Are you going to take Mr. Fangman's advice

13    and refuse to answer my question?

14        A.   Yes.

15        Q.   Let me try to ask it another way.

16            Did you -- during your time assigned to

17    the Fletcher case, did you ever learn that

18    Mr. Cooper was saying that the police pointed at a

19    photo and told him who to identify during the photo

20    array?

21            MR. MICHALIK:  Object to form.

22            THE WITNESS:  The specific facts of what I

23    did or did not review to come to my opinion I do

24    not have a personal recollection of.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 76

```
 1    BY MR. STARR:

 2       Q.   But hearing that doesn't refresh your

 3    recollection, though; does it?

 4             THE WITNESS:  No.

 5             MR. OBERTS:  Objection, form.

 6             THE WITNESS:  I don't have personal

 7    knowledge of exactly the facts and specifics.

 8    BY MR. STARR:

 9       Q.   Okay.  During your time assigned to the

10    Fletcher case, did you ever learn that a

11    witness -- strike that.

12             Are you familiar with a witness by the

13    name of Sheenee Friend?

14       A.   I know that name was a witness that's in

15    my memorandum.

16       Q.   And during your time assigned to the

17    Fletcher case, did you ever learn -- during your

18    time assigned to the Fletcher case in late 2019 or

19    early 2020, did you ever learn that Sheenee Friend

20    was alleging that the detectives investigating the

21    Sorrell homicide indicated to her who to chose in a

22    photo array?

23             MR. OBERTS:  Objection, form, vague.

24             THE WITNESS:  As to specific facts and
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 77

1    details regarding each witness, I do not have an

2    independent recollection of.

3    BY MR. STARR:

4        Q.    **Are you familiar that -- strike that.**

5              **Are you aware that there was a witness**

6    **involved in the Sorrell homicide by the name of**

7    **Emmett Wade?**

8              MR. OBERTS:  During her review, correct?

9              MR. STARR:  Correct.

10             MR. OBERTS:  Go ahead.

11             THE WITNESS:  That name, again, I believe

12   is contained in my memorandum.  Specifics of what

13   that witness did or did not see, I do not have a

14   personal recollection of.

15   BY MR. STARR:

16       Q.    **And during your time assigned to the**

17   **Fletcher case in 2019, early 2020, were you ever**

18   **made aware that Emmett Wade was alleging that the**

19   **detectives investigating the Sorrell homicide also**

20   **indicated to him who to chose in a photo array?**

21             MR. MICHALIK:  Objection, form.

22             MR. OBERTS:  Form and vague.

23             Go ahead.

24             THE WITNESS:  Specific facts of what that

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 78

1  witness did or did not see or say or did not say, I

2  do not have a personal recollection of.

3  BY MR. STARR:

4      Q.   Do you know as a general matter whether if

5  witnesses recanting their prior identifications is

6  a factor in determining whether or not to retry a

7  criminal defendant who's been exonerated?

8          MR. OBERTS:  Objection, foundation,

9  speculation.

10         THE WITNESS:  I cannot really speak to

11  general factors in making a decision to retry an

12  individual.

13  BY MR. STARR:

14     Q.   You also referenced an individual by the

15  name of Clinton Fletcher in your memorandum.

16         Are you familiar with that person?

17     A.   Clinton -- can you show me what you're

18  referencing?

19         MR. STARR:  Yeah.  Let me pull it up.

20         I believe this is marked as Exhibit No. 3;

21  is that right?

22         MS. WEST:  Yes.

23  BY MR. STARR:

24     Q.   So what I'm referring to is this second

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 79

1  full paragraph, the second sentence reads:  "In

2  1995, detectives showed Edward Cooper (the driver)

3  a photo array that contained Clinton Fletcher

4  because another detective told them that Clinton

5  Fletcher lived near Cooper."

6        Does that refresh your recollection at

7  all?

8     A.   My independent recollection, no.

9     Q.   Do you have any independent recollection

10 of an individual named Clinton Fletcher being

11 involved in this case in any way, shape, or form?

12    A.   No, no independent recollection.

13    Q.   As you sit here today, are you able to

14 tell me where you got that information from, that

15 line that says in 1995 detectives showed Cooper a

16 photo array that contained Clinton Fletcher?

17        MR. OBERTS:  Objection, foundation,

18 speculation.

19        THE WITNESS:  Specifically, no.

20 BY MR. STARR:

21    Q.   Okay.  And you've already testified you

22 did no independent investigation, so you would not

23 have investigated this Clinton Fletcher lead;

24 correct?

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 80

1          MR. OBERTS:  Objection, form, asked and

2     answered.

3          Go ahead.

4          THE WITNESS:  I did not do any investigation

5     in the matter.

6     BY MR. STARR:

7     **Q.    Okay.  As you sit here today, are you**

8     **aware that Mr. Fletcher received a certificate of**

9     **innocence?**

10         MR. OBERTS:  Objection to the extent --

11    well, objection, foundation, speculation, but

12    objection to the extent it calls for attorney-client-

13    privileged communication.

14         Go ahead and answer but for -- if you can

15    answer but for any communications with your attorney.

16         THE WITNESS:  I don't recall ever being

17    informed what did or did not happen after my

18    involvement in the case.

19    BY MR. STARR:

20    **Q.    I think that answers my next question.**

21    **      You were not involved in the decision-**

22    **making process about whether or not the Cook County**

23    **State's Attorney's Office would contest a petition**

24    **for certificate of innocence for Mr. Fletcher;**

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 81

 1  **correct?**

 2         MR. OBERTS:  Objection, form.

 3         THE WITNESS:  To my knowledge, I had no

 4  involvement whatsoever.

 5  BY MR. STARR:

 6     **Q.   And are you familiar with what a**

 7  **certificate of innocence is?**

 8         MR. OBERTS:  Objection, vague.

 9         THE WITNESS:  I recently heard the term.

10  I've never been in that unit, and I can't speak --

11  I know it exists.  Beyond that, I can't speak of

12  anything else.

13  BY MR. STARR:

14     **Q.   Do you have any personal understanding of**

15  **what a certificate of innocence is?**

16     A.   No.  The procedure, no.

17     **Q.   But do you know what the actual import of**

18  **the certificate of innocence being granted is?**

19         MR. MICHALIK:  Objection, form.

20         MR. OBERTS:  And it calls for a legal

21  conclusion.

22         THE WITNESS:  What is required to get one

23  or the legal remedy after it, no.  I don't know

24  anything regarding certificates of innocence.  I

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 82

 1   have never been in that unit.  I have never dealt

 2   with those.

 3   BY MR. STARR:

 4       Q.   Okay.  I'm going to show you what I'm

 5   going to mark as Exhibit No. 4.  And for the

 6   record, this is Fletcher 14179.

 7                      (Exhibit 4 marked for

 8                       identification.)

 9   BY MR. STARR:

10       Q.   Can you see this document on your screen,

11   ma'am?

12       A.   Yes.

13       Q.   Do you see on the bottom here in the

14   right-hand corner it says Fletcher 14179?

15       A.   Correct.

16       Q.   Okay.  And at the top here it lists that

17   this document is an order granting the certificate

18   of innocence; correct?

19       A.   That's what the document states, yes.

20       Q.   And it's People v. James Fletcher; correct?

21       A.   That's what's written on the document.

22       Q.   Okay.  And it says it's Case No.

23   02 CR-1666901; correct?

24       A.   That's what's written on the document.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 83

1      Q.   Okay.  I just wanted to show you there's

2   four categories here.  It says, "This cause comes

3   before the Court on defendant/petitioner's petition

4   for certificate of innocence pursuant to 735 ILCS

5   5/2-702.  The Court being fully advised finds by a

6   preponderance of evidence the following:"  And

7   there's four -- five different categories.

8           Do you see that, ma'am?

9      A.   I do see that on the order.

10     Q.   Okay.  And just in summary form, the first

11  category is that the petitioner/defendant was

12  convicted of one or more felonies by the State of

13  Illinois in Cook County.

14          Do you see that?

15     A.   That's what the order states.

16     Q.   And then No. 2 is the defendant's/

17  petitioner's judgment of conviction was reversed or

18  vacated and the indictment or the information was

19  dismissed in summary form.

20          Do you see that?

21     A.   Yes.

22          MR. OBERTS:  I'm just objecting as to

23  foundation.

24          MR. STARR:  Sure.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 84

1      MR. MICHALIK:  I'm going to join in the

2  objection and object to the form of the question as

3  having this document read into the record in this

4  fashion.

5      MR. STARR:  I understand.

6  BY MR. STARR:

7  **Q.   And No. 3 here says in summary fashion the**

8  **defendant's/petitioner's indictment or information**

9  **was dismissed and he or she was acquitted and the**

10 **petition was filed within two years of the**

11 **dismissal date.**

12         **Do you see that?**

13     MR. OBERTS:  Objection, foundation.

14     MR. MICHALIK:  Join.

15     THE WITNESS:  That's what the order that

16 you're showing me says.

17 BY MR. STARR:

18 **Q.   Okay.  And No. 4 says, in a summary**

19 **fashion again, the defendant/petitioner is innocent**

20 **of the offenses charged in the indictment or**

21 **information; correct?**

22     MR. OBERTS:  Objection, foundation.

23     MR. MICHALIK:  Join.

24     THE WITNESS:  I mean, that's reading

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 85

1    portions of the order that you showed me.

2    BY MR. STARR:

3        Q.    **That's correct; right?**

4        A.    That's what it says on the order.

5        Q.    **And No. 5 says the defendant/petitioner**

6    **did not by his or her own conduct voluntarily cause**

7    **or bring about his or her conviction; correct?**

8              MR. OBERTS:  Objection, foundation.

9              MR. MICHALIK:  Join.

10             THE WITNESS:  That's what the document

11   says that you're showing me.

12   BY MR. STARR:

13       Q.    **And then it says this petition for**

14   **certificate of innocence is granted; correct?**

15             MR. OBERTS:  Objection, foundation.

16             THE WITNESS:  That's what it says.

17   BY MR. STARR:

18       Q.    **Okay.  And this one is dated October 7,**

19   **2022, signed by Chief Judge Reddick; correct?**

20             MR. OBERTS:  Objection, foundation.

21             THE WITNESS:  I don't have any personal

22   knowledge.  It appears to be her signature, and

23   there's an entered order, but I cannot without any

24   certainty say that it was actually entered or

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 86

1   signed by the judge because I didn't have anything

2   to do with that.

3           MR. STARR:  Sure.  Sure.  And I certainly

4   would not misrepresent Judge Reddick's signature if

5   that wasn't a document that was produced in the

6   course of the proceedings in this case.

7   BY MR. STARR:

8       **Q.   So that's a certificate of innocence.**

9   **You've never seen a document like that before,**

10  **ma'am?**

11          MR. OBERTS:  Objection, form.

12          THE WITNESS:  No.

13          MR. STARR:  Well, now you have.

14          Let me to take a five-minute break.  I

15  don't think I have any more questions.

16                      (Recess taken.)

17          MR. STARR:  Ms. Giancola, I just have a

18  couple of questions.

19  BY MR. STARR:

20      **Q.   I think maybe you were asked this, but I**

21  **don't recall.**

22          **Who assigned you to review the case file**

23  **in the Fletcher case?**

24          MR. OBERTS:  Objection, asked and

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 87

 1    answered.

 2            THE WITNESS:  Risa Lanier.

 3    BY MR. STARR:

 4       Q.   **And then your memo that was entered as**

 5    **Exhibit 3 is directed at Risa Lanier and another**

 6    **person by the of name Natosha Toller; is that**

 7    **correct?**

 8       A.   Yes.

 9       Q.   **Who is Ms. Toller?**

10       A.   She would have been the position right

11    under Risa at the time, which would have been the

12    deputy of the criminal division.

13       Q.   **And you can't recall having any**

14    **conversations with them about this case; correct?**

15            MR. OBERTS:  Objection, form, asked and

16    answered.

17            Go ahead.

18            THE WITNESS:  I mean, conversations

19    regarding my recommendation or conversations of

20    assignment?

21    BY MR. STARR:

22       Q.   **Any conversation about this particular**

23    **case, the Fletcher case?**

24            MR. OBERTS:  Objection, form, foundation,

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 88

 1   asked and answered, speculation.

 2        THE WITNESS:  I don't have any independent

 3   recollection of conversations, specific conversations

 4   regarding this case.

 5   BY MR. STARR:

 6        Q.   **Okay.  And then when you were assigned to**

 7   **review this case in 2019, early 2020, and you**

 8   **reviewed the documents in the file, you would have**

 9   **become aware that this was a 1990 homicide;**

10   **correct?**

11        MR. OBERTS:  Objection, speculation,

12   foundation.

13        THE WITNESS:  I would have become aware of

14   the date of occurrence at some point during my

15   review, yes.

16   BY MR. STARR:

17        Q.   **And you would also have become aware that**

18   **the identification that occurred and led to the**

19   **conviction of Mr. Fletcher didn't happen until**

20   **2002; correct?**

21        MR. OBERTS:  Objection, speculation,

22   foundation.

23        THE WITNESS:  The specific facts and dates

24   I don't have an independent recollection of.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 89

 1   BY MR. STARR:

 2        **Q.    Right.  But I'm representing to you that**

 3   **the arrest and the identification took place in**

 4   **2002, and you would have reviewed that when you**

 5   **reviewed the file; correct?**

 6             MR. OBERTS:  Objection, speculation,

 7   foundation.

 8             THE WITNESS:  If that's information that

 9   was in the file, I probably would have reviewed it.

10   Specifics of where I garnered information from or

11   what actual information I garnered and where, I

12   don't have an independent recollection of specific

13   facts.

14   BY MR. STARR:

15        **Q.    Can you identify for me any case in your**

16   **entire career in the Cook County State's Attorney's**

17   **Office where you were involved in prosecuting a**

18   **case where the identification of the suspect**

19   **occurred 12 years after the crime?**

20             MR. MICHALIK:  Object to form.

21             MR. FANGMAN:  Objection, calls for

22   deliberative process privilege, and I'm asking

23   Ms. Giancola not to answer.

24             MR. OBERTS:  Object to foundation.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 90

1      MR. STARR:  It's a factual question.

2      Paul, can you explain that?  I said, Did

3  you ever prosecute anybody 12 years after the fact,

4  based on an identification 12 years after the

5  crime?  How is that deliberative process?  It's a

6  yes or no factual question.

7      MR. FANGMAN:  I guess I don't get the

8  question.

9      MR. STARR:  Okay.  I'll reask it.  I'm not

10  trying to -- again, I'm trying to have one

11  deposition where we don't fight about this.

12  BY MR. STARR:

13      **Q.   Ms. Giancola, in your career as a Cook**

14  **County State's Attorney were you ever involved in**

15  **the prosecution of someone where the identification**

16  **of the suspect occurred more than 11 years after**

17  **the crime occurred?**

18      MR. OBERTS:  Objection, foundation,

19  speculation, and vague.

20      MS. WEST:  Form.

21      MR. MICHALIK:  And form.

22      THE WITNESS:  Over my 19 years, you're

23  asking me to recall specifics of each case I've

24  ever touched.  That's not really a fair question

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 91

```
 1   BY MR. STARR:
 2       Q.   I'm not asking you about specifics of
 3   every case you've ever touched.
 4            I'm asking whether or not you can recall
 5   any cases, one or more, any cases in which you
 6   prosecuted somebody where the suspects were
 7   identified more than 11 years after the crime
 8   occurred?
 9            MR. OBERTS:  Objection, foundation,
10   speculation, vague, and form.
11            THE WITNESS:  Your question is asking me
12   to recall specifics of each case, because in order
13   to answer that question, I would have to know each
14   case that I handled when the identifications took
15   place.
16   BY MR. STARR:
17       Q.   Can you recall any case in which you
18   prosecuted somebody in which the identification of
19   the suspect occurred more than 11 years after the
20   crime occurred?
21            MR. OBERTS:  Foundation, speculation,
22   form, and vague.
23            THE WITNESS:  Over my 19 years, that's not
24   a fair question to ask.  I cannot as I sit here
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 92

1    recall and tell you with certainty each case that I

2    have touched the time frame between crime and

3    identification.

4    BY MR. STARR:

5        Q.   **As you already know, in a deposition you**

6    **have to answer the questions whether you think**

7    **they're fair or not.**

8             **So my question is can you recall a**

9    **specific case in your 19 years as a Cook County**

10   **State's Attorney that you were involved in where**

11   **someone was prosecuting for a crime that was**

12   **committed and the identifications were made more**

13   **than 11 years after the crime?**

14            MR. OBERTS:  Objection, foundation,

15   speculation, vague, and form.

16            THE WITNESS:  No, but I cannot recall with

17   certainty identification time frames of each case

18   that I handled.

19            MR. STARR:  I have no further questions.

20   Thanks a lot.

21            MS. WEST:  I don't have any follow-up.

22            MR. MICHALIK:  I have one.  Paul Michalik

23   for the city.

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 93

```
 1                         EXAMINATION
 2   BY MR. MICHALIK:
 3       Q.   You just testified that you have no
 4   recollection of whether or not you prosecuted a
 5   case involving the time frame discrepancy between
 6   prosecution and the identification.
 7            So my simple question is you can't say one
 8   way or the other; you might have, you might not
 9   have; you just can't answer that question; is that
10   fair?
11            MR. OBERTS:  Objection, form, speculation,
12   foundation, and vague.
13            MR. STARR:  Objection, form.
14            THE WITNESS:  Because it would require me
15   to remember specific facts of each case that I have
16   ever touched, no, I cannot answer that question
17   with specificity.
18   BY MR. MICHALIK:
19       Q.   One way or the other; correct?
20       A.   Correct.
21            MR. MICHALIK:  Thank you.  Nothing
22   further.
23
24
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 94

```
 1                    FURTHER EXAMINATION
 2  BY MR. STARR:
 3      Q.   Is it unusual to prosecute somebody for a
 4  crime where the identifications are made more than
 5  10 years after the crime?
 6           MR. OBERTS:  Object to form.
 7           MR. FANGMAN:  Objection, calls for
 8  deliberative process privilege, and I'm directing
 9  Ms. Giancola not to answer.
10           THE WITNESS:  I'll follow his advice.
11  BY MR. STARR:
12      Q.   And refuse to answer my question?
13      A.   Yes.
14      Q.   It's possible that you can't identify a
15  case where you prosecuted somebody 11 years or
16  more -- strike that.
17           It's possible you cannot identify a case
18  that you prosecuted where the identifications were
19  made more than 11 years after the crime because
20  you've never did that because it would be unusual;
21  correct?
22           MR. MICHALIK:  Objection, form.
23           MR. FANGMAN:  Objection, calls for
24  deliberative process privilege, and I'm directing
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 95

 1   Ms. Giancola not to answer.

 2          MR. OBERTS:  Objection, form, speculation,

 3   and foundation.

 4          THE WITNESS:  I will follow his advice.

 5   BY MS. WEST:

 6      **Q.   Let me reask it in a different way.**

 7          **It's possible that you can't answer my**

 8   **question about not prosecuting a case where an**

 9   **identification was made more than 11 years after it**

10   **happened -- after the crime happened because you**

11   **never did; right?**

12          MR. MICHALIK:  Object to form, argumentative.

13          MR. OBERTS:  Object to foundation,

14   speculation, and to the extent asked and answered.

15          THE WITNESS:  You're asking me to

16   speculate whether I did or I didn't.  The way I

17   answered it is the way I would answer it again.

18   BY MR. STARR:

19      **Q.   And you previously said that you cannot**

20   **identify a case that you prosecuted 11 years after**

21   **the crime when an identification is made after 11**

22   **years; correct?**

23          MS. WEST:  Objection.  Misstates her prior

24   testimony.

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 96

```
 1          THE WITNESS:  I said that because that
 2   would require me to recall the specific time frames
 3   of each identification of every case I've ever
 4   touched.
 5   BY MR. STARR:
 6       Q.  Can you recall any specific time frames of
 7   any cases that you've prosecuted how long after an
 8   identification was made after a crime occurred?
 9          MR. OBERTS:  Objection, overbroad,
10   speculation, foundation, and vague.
11          THE WITNESS:  I don't understand.
12   BY MR. STARR:
13       Q.  Can you recall with any specificity what
14   the longest time elapsed in any case you've
15   prosecuted from when a crime occurred to when an
16   identification occurred?
17          MR. OBERTS:  Objection, overbroad, time
18   frame/scope, foundation, speculation, vague, and
19   form.
20          THE WITNESS:  No, and it would be the same
21   reason, because I don't recall with certainty all
22   the cases I've ever touched the time frame in
23   between crime and identification.
24          MR. STARR:  No further questions.  Thank
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 97

1   you for your time.

2           MS. WEST:  I don't have anything else.

3           MR. OBERTS:  We will reserve.

4           MS. WEST:  Thank you very much for your

5   time.

6           (FURTHER DEPONENT SAITH NAUGHT...)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 98

```
 1   STATE OF ILLINOIS )
                       ) SS.
 2   COUNTY OF COOK    )

 3

 4           I, Sharon L. Patanella, Certified

 5   Shorthand Reporter, do hereby certify that on

 6   September 19, 2024, the deposition of the witness,

 7   TONI GIANCOLA, called by the Defendants, was taken

 8   before me via videoconference, reported

 9   stenographically, and was thereafter reduced to

10   typewriting under my direction.

11           The said deposition was taken via

12   videoconference, and there were present counsel,

13   all via videoconference, as previously set forth.

14           The said witness, TONI GIANCOLA, was first

15   duly sworn to tell the truth, the whole truth, and

16   nothing but the truth, and was then examined upon

17   oral interrogatories.

18           I further certify that the foregoing is a

19   true, accurate, and complete record of the

20   questions asked of and answers made by the said

21   witness, TONI GIANCOLA, on the date and time

22   hereinabove referred to.

23           The signature of the witness, TONI

24   GIANCOLA, was waived by agreement of counsel.
```

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 99

1          I further certify that I am not a relative

2    or employee or attorney or counsel of any of the

3    parties, or a relative or employee of such attorney

4    or counsel, or financially interested directly or

5    indirectly in this action.

6          Witness my official signature as a

7    Certified Shorthand Reporter in the State of

8    Illinois on October 9th, 2024.

9

10   _____
     SHARON L. PATANELLA, CSR
11   161 North Clark Street
     Suite 3050
12   Chicago, Illinois 60601
     Phone: 312.361.8851

13

14   CSR No. 84-002169

15

16

17

18

19

20

21

22

23

24

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 100

SIGNATURE PAGE

    I, TONI GIANCOLA, have read the following
transcript of my deposition taken on September 19,
2024, and, except for any corrections noted on
the attached errata page(s), it is a true and
correct transcript of my deposition given on
the date aforesaid.


    _____
                TONI GIANCOLA




SUBSCRIBED AND SWORN TO
Before me this ___ day of
_____ A.D, 2024.


_____
Notary Public

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 101

| A | | | |
|---|---|---|---|
| **A.D** 100:19 | 29:20 34:21 | 73:17 80:2 | 19:5 33:20 |
| **a.m** 1:19 | 35:21 36:10 | 87:1,16 88:1 | 34:20 51:22 |
| **Aberdeen** 2:3 | 48:12 52:3 | 95:14,17 | 52:15 53:16 |
| **able** 54:15 71:1 | 53:18 58:20 | **answers** 80:20 | 58:7,19 59:4,5 |
| 79:13 | 59:16 61:8 | 98:20 | 59:23 62:8 |
| **above-entitled** | 77:10,23 80:3 | **Anthony** 1:6,7 | 63:17 73:17 |
| 1:12 | 80:14 87:17 | 70:4 72:2 | 80:1 86:20,24 |
| **accepted** 63:12 | **allegations** | **anybody** 90:3 | 87:15 88:1 |
| 63:21 | 67:18,21 69:7 | **apologize** 4:18 | 95:14 98:20 |
| **accurate** 98:19 | 69:16 75:2 | 49:17 56:16 | **asking** 15:22 |
| **acquitted** 84:9 | **alleging** 76:20 | **appeals** 10:7 | 24:14 39:6 |
| **action** 99:5 | 77:18 | **appearances** 2:1 | 41:2,8,17 |
| **actual** 8:2 81:17 | **allowed** 42:11 | 5:9,23 | 46:11 51:12 |
| 89:11 | **Allyson** 2:11 | **appeared** 30:9 | 54:14 56:7 |
| **add** 42:7,21 | 4:24 5:16 | **appears** 31:2 | 58:24 61:21 |
| **addition** 63:24 | 15:20 18:10 | 50:16,17 85:22 | 63:14,16 65:9 |
| 64:1 | **analysis** 62:11 | **appellate** 46:9 | 65:10 68:13 |
| **Adducci** 43:17 | **analyzing** 55:6 | 47:2 | 72:23 75:9 |
| **advice** 13:22 | **and/or** 16:20 | **applicable** 53:2 | 89:22 90:23 |
| 15:15 17:5,11 | 39:2 | **applies** 39:19 | 91:2,4,11 |
| 19:21 25:3,7 | **Andrea** 1:6 | 40:19 46:16 | 95:15 |
| 27:15 39:4 | **answer** 6:8 | **apply** 40:22 | **asks** 54:12 |
| 43:3 46:14 | 15:12,15 16:17 | 62:10 | **aspect** 53:21 |
| 56:9 61:24 | 16:20 17:5 | **approval** 13:15 | **asserting** 17:12 |
| 64:12 73:2,8 | 18:9 19:8,20 | **approved** 36:15 | **assigned** 11:4 |
| 75:12 94:10 | 24:23 25:3 | **approximately** | 15:1,5 20:2,4 |
| 95:4 | 27:11 33:16 | 6:4 7:6 9:24 | 20:17,20 21:11 |
| **advised** 83:5 | 38:24 40:11 | 10:21 11:4,13 | 25:11 26:12 |
| **affidavit** 75:4 | 42:24 43:4 | 12:20 | 32:10 35:10,13 |
| **affidavits** 37:9 | 44:1 46:12 | **areas** 41:18 | 71:8 72:6 74:4 |
| **affirmed** 4:6 | 54:15 56:7 | **argumentative** | 74:23 75:16 |
| **aforesaid** 100:8 | 59:17 61:22 | 95:12 | 76:9,16,18 |
| **ago** 7:6 8:11 | 63:15 64:4,10 | **array** 74:14 | 77:16 86:22 |
| 44:8 | 65:5,6 72:24 | 75:20 76:22 | 88:6 |
| **agree** 19:14 31:9 | 73:6,9 75:10 | 77:20 79:3,16 | **assignment** |
| 39:18 46:16 | 75:13 80:14,15 | **arrest** 89:3 | 21:15 33:12 |
| **agreement** | 89:23 91:13 | **ASA** 12:19 35:4 | 35:19,22 36:1 |
| 98:24 | 92:6 93:9,16 | **ASA/REQUE...** | 87:20 |
| **ahead** 5:13 | 94:9,12 95:1,7 | 31:4 | **assignments** |
| 14:12 16:6 | 95:17 | **ASAP** 33:21 | 10:6 |
| 18:5 20:19 | **answered** 14:11 | **ASAs** 11:3,4 | **assist** 13:8,12 |
| 21:7,24 24:12 | 19:5 34:20 | 12:4,4 13:14 | 23:20 |
| 25:5,14 27:13 | 51:22 52:15 | 13:18,24 36:7 | **assistant** 5:14 |
| | 53:16 58:7,19 | **aside** 23:10 | 12:2 36:15 |
| | 59:4,5,23 | **asked** 14:11 | **assisted** 13:4,5,7 |

| | | |
|---|---|---|
| **assume** 66:4 | | |
| **assumes** 21:3 | | |
| 25:13 48:9 | | |
| 61:6 | | |
| **attached** 100:6 | | |
| **attempt** 48:6 | | |
| **attempting** 24:1 | | |
| **attention** 72:15 | | |
| 72:16,23 | | |
| **attorney** 5:14 | | |
| 6:16 7:4 8:10 | | |
| 9:7,11 10:3 | | |
| 36:15 62:22 | | |
| 65:10,20 71:2 | | |
| 80:15 90:14 | | |
| 92:10 99:2,3 | | |
| **attorney's** 2:15 | | |
| 2:19 7:9 9:20 | | |
| 10:2 14:20 | | |
| 16:12 18:2 | | |
| 19:2 34:9 | | |
| 47:18 52:1,9 | | |
| 55:10 64:12,15 | | |
| 64:24 65:12,23 | | |
| 66:10 80:23 | | |
| 89:16 | | |
| **attorney-client** | | |
| 65:4,5 | | |
| **attorney-client-** | | |
| 80:12 | | |
| **attorneys** 3:16 | | |
| 47:14 60:15 | | |
| **attorneys'** 64:10 | | |
| **authored** 8:15 | | |
| 8:18 67:15 | | |
| **availability** | | |
| 55:22 58:16 | | |
| 59:20 | | |
| **aware** 16:12 | | |
| 18:6 25:10 | | |
| 30:6 35:4 | | |
| 38:19 39:11 | | |
| 40:9 41:9 52:8 | | |
| 57:5,14 61:16 | | |
| 64:23 67:3,10 | | |

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 102

67:14,18,21
68:22 69:2,6
71:7 72:5
73:22 74:11,18
75:1 77:5,18
80:8 88:9,13
88:17
awest@halem...
2:13

**B**

**B** 2:21 3:10
**back** 10:13
49:16 61:2
**Bamford** 23:4,6
23:11 24:20
25:10 29:12
**based** 16:18
26:2 27:21
30:5 33:15
39:3 41:16
46:16 57:4
58:11 66:5
90:4
**Bates** 31:12
**Bear** 22:6
**becoming** 10:3
11:8,21
**beginning** 27:3
34:23,24
**behalf** 2:5,10,14
2:19,24 5:8,15
5:16,18,20
52:1
**belief** 70:12
**believe** 7:6,10
7:21 8:11,20
8:23 11:19
23:8 40:23
49:13 50:20
51:3,8 53:8,22
60:24 64:2,20
65:14 70:2
74:10 77:11
78:20

**bells** 66:19
**best** 74:21
**beyond** 68:1
69:3,14 81:11
**Bill** 5:7 6:16
64:3
**bit** 18:24
**blue** 32:21,24
**Bogucki** 1:6
50:3 66:17
67:11,19,22
68:6
**bore** 6:5
**bottom** 31:13
32:9,21,23
33:19 82:13
**Boulevard** 2:12
**Branch** 10:10
70:19
**Brannigan** 28:8
29:2,5
**break** 6:7,7,9
18:11,13,24
57:19 86:14
**Bridgeview** 6:13
10:15,19,24
11:3,5
**briefly** 10:5
**bring** 13:10
70:19 85:7
**BURNS** 2:6

**C**

**C.S.R** 1:18
**call** 7:11 10:13
12:4
**called** 1:12 4:5
98:7
**calling** 51:15
**calls** 18:4 24:21
27:9 38:22
39:14 51:23
61:20 63:4,5
65:4 72:21
75:7 80:12

81:20 89:21
94:7,23
**capacity** 72:6
**carbon-type**
32:6
**career** 70:11
89:16 90:13
**Carroll** 28:8,24
29:1
**case** 1:5 5:2 7:3
7:7,8,10,11,17
7:19,24 8:2,4
8:13,17,24 9:3
9:5 14:13 15:1
15:6 17:22,24
18:8 19:3,15
20:3,8,11,17
20:21 21:2,12
21:20,22 23:12
23:16 25:12
26:4,12,24
27:7,22 28:4
28:24 29:6
30:14 35:13,15
35:18,24 36:4
36:7,14,23
37:5,7,12,21
38:11,20 39:12
39:22 40:10
41:10 43:8,11
43:14,17,19
44:7,8,18,22
45:3,3,8 46:9
47:3,11,15,18
48:14,18 49:22
52:13,18 53:11
54:3,11,13
55:1,6,12,19
56:12,13,20,21
57:4,12 58:12
59:1,13 61:3
62:9,20,24
63:3 64:21
67:7,10,12,17
67:23 68:3,5

68:11 69:12,14
69:19,23 70:21
71:6,9,16
72:13,18 73:23
74:5,24 75:5
75:17 76:10,17
76:18 77:17
79:11 80:18
82:22 86:6,22
86:23 87:14,23
87:23 88:4,7
89:15,18 90:23
91:3,12,14,17
92:1,9,17 93:5
93:15 94:15,17
95:8,20 96:3
96:14
**cases** 11:2 12:5
12:6 13:4
14:20 16:13
53:20 68:9,16
70:7,13,13
71:2,23 91:5,5
96:7,22
**categories** 83:2
83:7
**category** 83:11
**cause** 1:12 83:2
85:6
**CCSAO** 50:2
54:9,17
**Center** 2:17
**certainly** 86:3
**certainty** 68:9
85:24 92:1,17
96:21
**certificate** 80:8
80:24 81:7,15
81:18 82:17
83:4 85:14
86:8
**certificates**
81:24
**Certified** 98:4
99:7

**certify** 98:5,18
99:1
**cetera** 23:16
**chair** 12:3,12,12
12:13,17,18,19
**charged** 84:20
**charges** 13:15
36:16
**Chicago** 1:7,8
2:3,8,10,12,17
2:22 5:19
66:16 68:18
70:2,3 72:1
99:12
**Chief** 85:19
**chose** 64:15
65:23 66:10
76:21 77:20
**city** 1:7,8 2:10
5:19 10:10
92:23
**civil** 1:14 2:16
4:22 5:2
**clarify** 17:10,14
39:7 74:17
**Clark** 2:21
99:11
**clear** 15:17 16:2
17:15 18:23
66:7
**Clinton** 78:15
78:17 79:3,4
79:10,16,23
**Code** 1:14
**COI** 54:10 63:22
**come** 11:2 43:24
44:6 47:19
75:23
**comes** 83:2
**coming** 52:22,24
**committed**
92:12
**communication**
80:13
**communicatio...**

Case: 1:20-cv-04768 Document #: 184-72 Filed: 05/06/25 Page 105 of 117 PageID #:8648

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 103

80:15
**complete** 98:19
**completed** 32:23
33:12
**Complex** 32:10
**computer** 6:19
31:22
**conclusion**
81:21
**conduct** 42:14
44:21 85:6
**conducted** 13:4
36:6,13 42:10
42:18,19 48:21
54:2,19
**conducting** 21:1
**Conflicts** 50:2
**consider** 53:4
54:23 57:1
58:14
**considered**
52:17 53:1,5
58:3,17 59:2,8
59:12,21 60:7
**considering**
59:21
**consist** 7:8
**consult** 13:14,21
**contact** 24:4
29:24 30:1,7
30:10
**contained** 11:3
37:20 44:5
74:10 77:12
79:3,16
**contest** 80:23
**context** 41:1
**contrary** 21:5
63:6
**conversation**
51:11 87:22
**conversations**
35:9,10,12,17
39:7 43:10,13
43:16 49:8

55:9,17 65:19
87:14,18,19
88:3,3
**convicted** 83:12
**conviction** 7:13
14:21 38:12,19
38:21 39:11,13
40:9 41:9,14
42:5 43:7,21
44:9 83:17
85:7 88:19
**convictions** 14:5
**Cook** 2:15 5:15
9:20 62:22
64:14 65:12
80:22 83:13
89:16 90:13
92:9 98:2
**Cooper** 74:1,7
74:12 75:2,18
79:2,5,15
**corner** 82:14
**correct** 6:1,21
6:22 9:11
12:20 13:2,18
13:19 15:19
16:4 26:7
28:21,22 30:2
31:5,6 44:22
44:23 45:14
49:22 51:14
53:13 59:13,17
59:22 60:2,8
60:12 61:4,14
61:15,19 62:5
62:23 63:3
64:14 70:15
72:14 73:10,14
73:18 77:8,9
79:24 81:1
82:15,18,20,23
84:21 85:3,7
85:14,19 87:7
87:14 88:10,20
89:5 93:19,20

94:21 95:22
100:7
**corrections**
100:5
**correctly** 4:16
**correspondence**
22:22
**counsel** 17:5,12
98:12,24 99:2
99:4
**counsel's** 16:24
**County** 2:15
5:15 9:20
62:22 64:14
65:12 80:22
83:13 89:16
90:14 92:9
98:2
**couple** 86:18
**course** 12:13
67:13 69:1
70:11 86:6
**court** 1:1,16
4:22 8:6 49:15
54:7 83:3,5
**courthouse** 6:13
10:15 11:3,5
**courtrooms**
11:1
**CPD** 45:24
**CR-1666901**
82:23
**crime** 89:19
90:5,17 91:7
91:20 92:2,11
92:13 94:4,5
94:19 95:10,21
96:8,15,23
**criminal** 9:4,5
13:15 15:18
16:3 20:2
21:18,21 35:14
35:18 45:2,14
47:3,14 48:18
54:10,17 55:19

58:4,17 59:22
60:6,7 78:7
87:12
**crossed** 70:20
**CSR** 99:10,14
**current** 10:16
10:22 45:19
**currently** 6:12
9:19
**CV** 1:5

---
**D**
---

**D** 3:1
**Daley** 2:17
**Dan** 28:8 29:2,5
**date** 20:14 27:4
31:7 32:23
34:23 35:1
84:11 88:14
98:21 100:8
**dated** 26:7 85:18
**dates** 88:23
**day** 100:18
**dealt** 82:1
**December** 57:13
**decided** 64:19
**decision** 8:1,6
19:14 49:4,5
49:13 54:4
65:15 68:1
78:11
**decision-** 80:21
**decision-maki...**
48:22
**decisions** 39:24
**defendant** 5:1
5:17,19 54:10
54:17 58:5,17
59:2,13,22
60:8 78:7
**defendant's**
60:6
**defendant's/**
83:16
**defendant's/p...**

84:8
**defendant/pet...**
84:19 85:5
**defendant/pet...**
83:3
**Defendants** 1:9
1:13 2:14
22:15 31:15
98:7
**defense** 47:14
**deliberate** 17:12
**deliberative**
15:7 16:16,24
19:16 24:22
47:10 38:23
39:15,19 40:18
40:21 41:3,21
46:10,16 56:1
56:5 61:21
63:13 72:22
75:8 89:22
90:5 94:8,24
**department**
38:1 45:20
**depending** 11:7
**deponent** 5:8
17:15 97:6
**deposed** 5:24
6:3
**deposition** 1:11
4:20 5:4 7:2,23
8:14 9:8,10
22:17 27:22
30:6 42:1
43:20 65:21
90:11 92:5
98:6,11 100:4
100:7
**depositions** 1:16
**deputy** 11:11,16
11:18,21 12:23
13:1,13 14:3
14:10,14 15:4
49:3 87:12
**designated**

Case: 1:20-cv-04768 Document #: 184-72 Filed: 05/06/25 Page 106 of 117 PageID #:8649

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 104

16:21
**details** 36:1 77:1
**detective** 66:17
67:3,11,16,19
67:22 68:5,19
68:22 69:2,7
69:19 70:3,14
70:14 71:3,7
71:22 72:2
79:4
**detectives** 45:5
67:11 68:14,23
69:11,15,20
70:19 74:12
75:5 76:20
77:19 79:2,15
**determination**
14:6,23 16:15
21:21 34:17
55:20 61:3
62:23 63:2
**determinations**
63:11
**determine** 42:4
54:9,16 62:9
**determining**
7:15 58:4 78:6
**different** 56:13
56:21 65:17
66:8 70:18
83:7 95:6
**direct** 16:17
**directed** 34:1,5
50:21 87:5
**directing** 24:22
27:10 38:24
56:6 94:8,24
**direction** 39:21
98:10
**directive** 34:12
**directly** 42:10
46:19 99:4
**discovery** 1:17
**discrepancy**
93:5

**discretion** 19:15
**dismissal** 84:11
**dismissed** 83:19
84:9
**dispute** 65:24
66:11
**District** 1:1,1
10:19 11:9
**division** 1:1
10:12 12:23
14:19 21:18
34:8 87:12
**Dixon** 50:3
**document** 8:3,9
22:11,16,19
23:10 30:21,24
31:11,18 32:9
50:8,11,15
51:19 52:10
82:10,17,19,21
82:24 84:3
85:10 86:5,9
**documentation**
30:5
**documented**
51:2
**documents** 6:23
7:1,9,11,12,19
7:22 8:3,15,17
27:24 36:19
37:2,24 38:10
38:17 39:10,24
40:1,3,5,6,7,13
41:12,14,24
42:4 43:20,24
44:3,8,13,17
45:11 46:18
47:17 48:2,5
48:16 61:10,13
88:8
**door** 73:4
**doubt** 23:2
**Drive** 2:7
**driver** 79:2
**duly** 4:2,6 98:15

**duties** 12:24
**duty** 14:14

_____

**E**

**E** 3:1,10
**earlier** 41:11
44:12 45:10
60:22,24
**early** 71:17
74:24 76:19
77:17 88:7
**EASTERN** 1:1
**echo** 4:11
**Edward** 74:1,7
79:2
**either** 12:2 33:6
**elaborate** 39:19
**elapsed** 96:14
**electronic** 24:18
**electronically**
31:19,23
**email** 8:21 22:22
23:18 24:2
25:18 26:6
29:13
**Emmett** 77:7,18
**employed** 9:19
9:22
**employee** 99:2,3
**employment**
10:2
**entered** 4:23
85:23,24 87:4
**entire** 89:16
**entirety** 61:1
**entitled** 22:20
**errata** 100:6
**et** 23:16
**everyday** 14:14
**evidence** 21:4
25:14 48:9
57:5,14 61:1,7
61:17,19 83:6
**exact** 43:24
**exactly** 26:18

44:5,6 46:4
76:7
**examination** 3:4
4:5,8 60:19
93:1 94:1
**examined** 4:6
98:16
**example** 24:8
63:8
**Exhibit** 3:16
22:5,8 30:17
30:18 50:1,5
78:20 82:5,7
87:5
**exists** 81:11
**Exonerate** 57:17
**exonerated** 57:5
57:14 61:17
78:7
**experience**
62:10,15,21
63:1 68:15
**explain** 11:24
90:2
**extent** 8:22
16:19 18:4
19:5,5 20:21
21:5 34:20
48:9 51:22,23
52:15 53:16
54:12 58:7
61:5 64:20
65:3 80:10,12
95:14
**eyewitnesses**
45:2

_____

**F**

**fact** 25:13 33:15
41:20 48:9
49:21 64:24
67:15 69:2
75:3 90:3
**factor** 55:21
58:12,16 59:2

59:12,20 60:7
78:6
**factors** 52:17
53:1,4,6 54:3,8
54:16,21,23
56:8,12,20
57:1 58:3,22
59:8 60:3 63:9
63:17 78:11
**facts** 21:3 25:14
35:18,24 61:6
75:22 76:7,24
77:24 88:23
89:13 93:15
**factual** 90:1,6
**fair** 7:18 62:17
65:7 74:21
90:24 91:24
92:7 93:10
**familiar** 30:23
44:16 50:14
72:4 73:24
76:12 77:4
78:16 81:6
**family** 23:15
24:3 25:23
26:10 27:7,8
27:18,23 28:2
29:17 30:8
48:7,10
**family-wise**
27:20
**Fangman** 2:16
5:14,15 15:7
15:11,15 16:16
18:18 19:16,19
24:21 25:3
27:9 38:22
39:14,20 40:12
40:15,23 42:22
43:1,3 46:10
46:21 56:1,4,5
61:20 63:13
64:2,4 72:21
73:8 75:7

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 105

89:21 90:7
94:7,23
**Fangman's** 25:6
27:14 39:3
46:13 61:23
64:12 73:1
75:12
**far** 41:24
**fashion** 84:4,7
84:19
**favor** 63:10
**Federal** 4:21
**felonies** 83:12
**felony** 10:9,11
10:12,13,14
11:1,16,18,19
11:22,23 12:1
12:2,10,11,15
12:23 13:3,13
13:18 14:4,10
15:5 36:14
37:7 62:4,7,11
62:14
**fifth** 25:18
**fight** 90:11
**figure** 23:19
**file** 5:23 7:3,7,8
7:10,12,19,24
8:2,4,13,18,24
9:3 20:8 27:1
27:22 36:19
37:20,21 43:19
43:21 44:5,7,8
44:11,18 45:16
45:19,19,21
46:5 47:8,18
48:14 52:18
55:12 57:4,12
61:12,14 86:22
88:8 89:5,9
**filed** 84:10
**fill** 24:7,17,18
32:3
**fills** 32:17
**financially** 99:4

**find** 24:3
**finds** 83:5
**finished** 27:3
**first** 9:13 12:3
12:12,18,19
20:5,10 23:18
26:3 56:17
83:10 98:14
**five** 18:12 83:7
**five-minute**
57:19 86:14
**Fletcher** 1:3 5:2
5:21 15:19
16:4 34:18
36:8 47:10
50:3 57:5,14
60:23 61:18
64:15 65:1,11
65:24 66:10
71:16 72:13,18
74:5 75:6,17
76:10,17,18
77:17 78:15
79:3,5,10,16
79:23 80:8,24
82:6,14,20
86:23 87:23
88:19
**Fletcher's** 9:5
15:1,6 16:14
17:22 19:2
20:2,11,17
21:1,12,20
23:12 25:11
26:4,12,24
28:4,24 29:6
30:14 35:5,13
36:7,14,23
38:11,20 39:12
40:10 41:10
43:8,11,14,17
44:21 45:3,7
46:9 47:3,13
48:17 49:22
52:18 53:13

54:3,12 57:12
62:20 63:3,21
**Floor** 2:3
**flow** 18:14
**flows** 42:11
**follow** 18:1 19:1
19:21 25:6
27:14 39:4
56:9 61:23
73:1 94:10
95:4
**follow-up** 49:12
92:21
**followed** 17:21
39:23 46:18
**following** 73:8
83:6 100:3
**follows** 4:7
**foregoing** 98:18
**form** 14:11 16:5
24:7,10,17,18
29:7 31:2,8
32:2,5 46:21
53:17 55:4,14
58:6 59:6,14
59:24 60:9
66:20 73:16
75:3,21 76:5
76:23 77:21,22
79:11 80:1
81:2,19 83:10
83:19 84:2
86:11 87:15,24
89:20 90:20,21
91:10,22 92:15
93:11,13 94:6
94:22 95:2,12
96:19
**formal** 19:1
49:21
**former** 66:16
68:18 70:2,3
72:1
**forth** 98:13
**foundation**

15:10 16:19
18:3 19:4
21:23 24:11
25:16 26:15
27:12 28:13
29:7 31:21
32:16 33:14
34:3,20 36:9
36:17,24 37:18
38:6,14 46:2
47:5,22 48:24
51:7,21 52:14
52:20 53:16
55:2,23 56:14
56:22 57:7,16
58:7,18 59:6
59:14,24 60:1
60:9,10 62:2
64:16 65:3
66:2,12 67:5
68:7 69:9,21
71:10 72:8,19
74:8,15 78:8
79:17 80:11
83:23 84:13,22
85:8,15,20
87:24 88:12,22
89:7,24 90:18
91:9,21 92:14
93:12 95:3,13
96:10,18
**four** 6:4 83:2,7
**frame** 39:2,17
57:6 92:2 93:5
96:22
**frame/scope**
74:16 96:18
**frames** 92:17
96:2,6
**Friend** 76:13,19
**front** 6:19,23
**full** 79:1
**fully** 83:5
**further** 3:8
42:21 49:4

54:8 69:15
92:19 93:22
94:1 96:24
97:6 98:18
99:1

**G**

**G** 4:15
**GALASSO** 2:20
**garnered** 89:10
89:11
**general** 37:3
45:15 46:5
53:6,7 54:8,14
54:16 55:7
58:3,8,14 59:8
60:3 78:4,11
**generally** 13:5
20:16 46:8
52:17 53:1
59:21
**generated** 27:2
32:19 33:16
38:11 51:4
**Gerry** 28:8,10
28:24 29:1
**getting** 26:17
**Giancola** 1:11
3:3 4:4,10,12
4:16,17,20
15:11,14 16:17
17:4 19:19
24:23 25:2
27:11 38:24
40:1,23 41:9
42:19 46:11
50:17 56:6
60:21 61:22
63:14 72:23
75:9 86:17
89:23 90:13
94:9 95:1 98:7
98:14,21,24
100:3,12
**girl** 4:15

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 106

**give** 51:4,5
**given** 34:12 35:4
  40:24 41:2
  100:7
**giving** 22:1
  54:20
**gladly** 23:20
**glitch** 15:20
  49:17
**go** 5:13 14:12
  16:6 18:5
  20:19 21:7,24
  24:8,12 25:5
  25:14 27:13
  29:20 32:13
  34:8,9,21
  35:20 36:10
  48:12 52:3
  53:18 58:20
  59:16 61:8
  77:10,23 80:3
  80:14 87:17
**goes** 46:19
**going** 14:17
  15:14 17:4
  18:16 22:4,6
  23:15 25:2
  27:8 41:7 53:3
  64:9 68:13,15
  70:7 73:6
  75:12 82:4,5
  84:1
**Good** 60:21
**GPR** 37:10
**grand** 13:9 37:4
**granted** 81:18
  85:14
**granting** 82:17
**ground** 6:5
**GROUP** 2:20
**guess** 90:7
**guide** 55:11
**guided** 16:13
  54:4
**guys** 33:20

**H**

**H** 3:10
**habeas** 8:7
**HALE** 2:11
**half** 11:13
**hand** 71:4
**handled** 69:23
  70:10,18 91:14
  92:18
**handling** 12:6
**hands-on** 13:24
**handwriting**
  28:17,21 33:7
  33:9
**handwritten**
  28:6
**happen** 80:17
  88:19
**happened** 95:10
  95:10
**head** 21:17
**hear** 15:21 56:3
  56:16
**heard** 56:17
  81:9
**hearing** 76:2
**hearings** 10:9,10
**held** 10:1,14,20
  11:17
**help** 12:3 20:9
  26:2 34:1,9,13
**helped** 13:22
**helps** 28:7
**hereinabove**
  98:22
**history** 23:16
  37:6
**hold** 11:12,22
**homicide** 67:4
  68:24 70:13
  71:8 72:7
  73:14 74:6,13
  76:21 77:6,19
  88:9

**homicides** 70:10
  71:24
**Hon** 1:6
**Hope** 28:7
**house** 10:24
**hundreds** 7:20
  44:12 68:8

**I**

**I-A-N-C-O-L-A**
  4:15
**idea** 15:4 20:5
  28:11,17 35:23
  49:6 64:18
**identification**
  3:11 22:9
  30:19 50:6
  75:6 82:8
  88:18 89:3,18
  90:4,15 91:18
  92:3,17 93:6
  95:9,21 96:3,8
  96:16,23
**identifications**
  78:5 91:14
  92:12 94:4,18
**identified** 91:7
**identify** 74:14
  75:19 89:15
  94:14,17 95:20
**ILCS** 83:4
**Illinois** 1:1,15
  2:3,8,12,17,22
  9:15 83:13
  98:1 99:8,12
**implied** 46:23
**import** 81:17
**important** 55:21
  56:8
**impression**
  41:20
**incarceration**
  60:6
**include** 7:12 9:1
  9:4 39:22 42:9

**included** 41:14
**independent**
  20:1,16,22,24
  22:24 23:9,13
  23:24 26:22
  27:19 28:1
  29:14,16 30:3
  31:1 34:7,11
  34:16 36:2
  37:1,23 38:7
  38:16 43:23
  44:4 45:11
  46:3 51:14
  69:4 71:12,21
  77:2 79:8,9,12
  79:22 88:2,24
  89:12
**independently**
  71:1 73:13
**indicate** 26:11
  33:11
**indicated** 5:24
  45:10 74:13
  76:21 77:20
**indictment**
  83:18 84:8,20
**indirectly** 99:5
**individual** 2:14
  22:14 31:15
  55:21 67:16
  78:12,14 79:10
**individuals** 13:3
**influence** 75:9
**influenced** 75:6
**inform** 28:3
**information**
  24:4 29:17,22
  29:24 30:1,4,7
  30:10 68:2
  79:14 83:18
  84:8,21 89:8
  89:10,11
**informed** 65:15
  80:17
**informing** 66:13

**initials** 33:3
**ink** 32:22,24
**innocence** 80:9
  80:24 81:7,15
  81:18,24 82:18
  83:4 85:14
  86:8
**innocent** 84:19
**instruct** 65:6
**instructing**
  42:23 64:3
**instruction**
  64:10
**integrity** 7:13
  38:12,20 39:11
  40:9 41:10,14
  42:5 43:7,21
  44:9
**interested** 99:4
**internet** 49:17
**interpretation**
  40:6
**interrogatories**
  98:17
**interview** 73:13
**invade** 41:21
**investigate** 72:6
**investigated**
  67:12 68:23
  71:9 79:23
**investigating**
  69:20 70:14
  74:13 75:5
  76:20 77:19
**investigation**
  21:1,5,8 31:2,7
  37:16 42:9,14
  42:17,18 44:21
  45:7,24 54:20
  79:22 80:4
**investigations**
  23:7 24:14
  32:10 34:14
**investigative**
  45:19,21

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 107

**investigator**
  8:20 22:20
  23:19 24:5,6,8
  24:13 25:11
  30:9 32:3,14
  67:4
**investigator/d...**
  68:6
**involved** 20:6,10
  26:3 39:23
  42:6 45:6
  48:21 49:8
  67:17 69:12
  71:3 73:13
  77:6 79:11
  80:21 89:17
  90:14 92:10
**involvement**
  7:17 15:18
  16:3 35:23
  52:13 64:21
  80:18 81:4
**involving** 65:21
  93:5
**issue** 48:16
**issued** 37:24

**J**
**J** 2:17
**Jackson** 2:12
**James** 1:3 5:2
  5:21 15:19
  43:11 82:20
**January** 11:15
  11:17 12:22
  14:3,18 16:11
  18:2 26:7,12
  26:21 31:8
  33:12 34:15,24
  51:19 52:8
  57:13
**Jerome** 1:6
  66:17
**Jesse** 43:14
**job** 10:1

**join** 28:14 55:4
  55:15 60:11
  84:1,14,23
  85:9
**Joining** 25:16
**JR** 1:3
**judge** 4:22 8:5
  17:19 39:21
  40:20 41:7,16
  42:8,12 46:17
  64:1 85:19
  86:1,4
**judgment** 83:17
**July** 64:1
**jury** 13:9 37:4

**K**
**kin** 23:15
**knew** 35:24
  71:12
**know** 6:7 7:17
  8:1 9:9 13:5
  14:19,24 17:11
  20:12,13,14
  23:15,21 26:18
  27:4 28:9 29:1
  29:2,4,9,12,14
  29:15 32:18
  33:9 34:23,24
  35:6,7,8 44:17
  44:20 46:23
  47:8 48:20
  52:4 54:21
  59:11 64:4
  65:5,11 66:16
  66:21,24 67:1
  67:24 68:20,21
  69:5 70:4
  71:14,20,23
  72:3 76:14
  78:4 81:11,17
  81:23 91:13
  92:5
**knowledge** 18:8
  35:6 36:18

38:15 43:12,15
  43:18 47:6
  49:11 53:14,19
  53:23 55:16
  57:1,18 64:20
  66:18 67:1,20
  68:11,16 69:15
  69:22 72:9
  76:7 81:3
  85:22
**known** 72:12

**L**
**L** 1:17 2:11,16
  98:4 99:10
**Lanier** 15:3
  21:13 50:21
  87:2,5
**Lanier's** 21:14
**larger** 13:4
**larger-type** 12:6
**late** 71:17 76:18
**LAW** 2:20
**lead** 41:3 79:23
**learn** 37:5 75:17
  76:10,17,19
**learned** 65:9,16
  65:18
**led** 88:18
**legal** 37:5 81:20
  81:23
**length** 60:5
**let's** 18:15 19:23
  36:21 39:5,8
  53:10
**License** 1:18
**licensed** 9:11,13
  9:15,17 10:3
**limited** 41:17
  62:13
**limiting** 41:8
**line** 12:4,19
  13:14,18,24
  25:19 79:15
**lines** 25:18

**listed** 69:3 71:13
**lists** 82:16
**literally** 39:20
**litigation** 2:16
  65:16,19,21
**little** 18:24 66:8
**lived** 79:5
**living** 24:3 33:21
  34:10
**LLC** 2:11
**locate** 24:2,8
  33:21 34:2,10
  34:13 48:6
**located** 6:12
  48:10
**LOEVY** 2:2,2
**long** 9:22 10:20
  11:12,17 18:18
  96:7
**long-tenured**
  62:22
**longest** 96:14
**looked** 38:20
  39:11
**looking** 14:22,22
  16:14 26:6
  40:15 54:4,23
  54:24
**looks** 23:3 33:3
**lot** 44:10 71:23
  71:23 92:20

**M**
**ma'am** 70:9
  82:11 83:8
  86:10
**making** 35:3
  45:16 49:4
  54:4,24 61:3
  78:11 80:22
**man** 74:7
**management**
  59:12
**Margaret** 23:4,6
  23:11

**mark** 22:4 30:17
  49:24 82:5
**marked** 3:11
  22:8 30:18
  50:5 78:20
  82:7
**Markham** 10:8
**matter** 4:23
  19:15 23:20
  54:9,15,16
  58:3,9 59:8
  60:23 78:4
  80:5
**matters** 38:8
**McGuire** 43:14
**mean** 7:24 12:11
  13:8,12,21
  19:18 20:12
  29:21 34:4
  35:16 45:21
  47:23 52:4,21
  53:20 66:4
  70:17 74:18
  84:24 87:18
**means** 11:24
  24:14
**meant** 46:24
**meet/notify**
  25:23 26:10
**meeting** 27:20
**meetings** 49:12
**member** 27:18
  28:3
**members** 29:17
  30:8 48:10
**memo** 8:19 27:2
  50:17 87:4
**memoranda**
  50:18
**memorandum**
  50:12,19 51:1
  51:3,9,11,16
  51:20 52:11
  74:10 76:15
  77:12 78:15

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 108

**memory** 20:9 41:13 51:10
**mental** 41:20
**mere** 67:15
**met** 67:2
**Michalik** 2:7 3:7 5:11,18,18 42:7,16 60:17 75:21 77:21 81:19 84:1,14 84:23 85:9 89:20 90:21 92:22,22 93:2 93:18,21 94:22 95:12
**middle** 28:6
**mind** 15:22
**minutes** 18:12 18:19
**mischaracteri...** 61:6
**misconduct** 67:19,22 69:7
**misdemeanors** 10:8 11:1
**misrepresent** 86:4
**Misstates** 95:23
**MONICO** 2:11
**morning** 60:21
**motions** 38:4
**multiple** 70:18
**Municipal** 10:18
**murders** 12:7,10 12:14 13:6,7

**N**
**N** 3:1
**name** 4:10,13,24 8:20,22 23:1 31:3,5 44:14 60:22 66:17,19 68:19 70:3,6,8 70:9 71:5,18 71:22 72:2,4

72:12 74:9 76:13,14 77:6 77:11 78:15 87:6
**named** 74:7 79:10
**names** 69:12
**Nancy** 43:16
**Natosha** 50:22 87:6
**NAUGHT** 97:6
**near** 79:5
**need** 6:6 17:8 28:8
**never** 53:11 54:19 67:2 68:3 81:10 82:1,1 86:9 94:20 95:11
**NOLAND** 2:6
**nolle** 19:14
**Noradin** 1:6 70:4,14 71:3,7 71:22
**Noradin's** 71:18
**North** 2:3,21 99:11
**NORTHERN** 1:1
**Notary** 100:22
**note** 28:6
**noted** 100:5
**notes** 20:9
**notice** 4:21
**notified** 27:23 49:2
**notify** 27:7
**noting** 42:6,15
**Number** 3:11

**O**
**Oberts** 2:20,21 5:7,8 6:16 13:17 14:11 15:9 16:5,8,18

17:10 18:3,10 18:20 19:4 20:18 21:3,23 24:10 25:4,13 26:14 27:12 28:13 29:19 31:12,16,20 32:5,15 33:13 34:3,19 35:20 36:9,17,24 37:17 38:5,13 39:1,16 41:23 42:13 46:1 47:4,21 48:8 48:23 51:7,21 52:6,14,19 53:3,15 54:6 55:2,14,23 56:14,22 57:6 57:15,21 58:6 58:18 59:5,14 59:24 60:9 61:5 62:1,12 63:4,19 64:6 64:16 65:2 66:2,12,20 67:5 68:7 69:9 69:21 70:16 71:10 72:8,19 73:16,19 74:8 74:15 76:5,23 77:8,10,22 78:8 79:17 80:1,10 81:2,8 81:20 83:22 84:13,22 85:8 85:15,20 86:11 86:24 87:15,24 88:11,21 89:6 89:24 90:18 91:9,21 92:14 93:11 94:6 95:2,13 96:9 96:17 97:3
**object** 15:9

16:18 19:4 25:13 36:9 39:1,16 47:4 53:3,6 54:6,11 59:5 61:5 62:1 63:5,23 64:16 65:2,3 66:2 74:8 75:21 84:2 89:20,24 94:6 95:12,13
**objecting** 56:5 83:22
**objection** 13:17 15:7 16:5,16 17:1,13 18:3 19:16 20:18 21:3 24:10,21 25:16 26:14 27:9 28:13 29:7,19 31:20 32:5,15 33:13 34:3,19 35:20 36:17,24 37:17 38:5,13,22 39:3,14 46:1 46:10 47:21 48:8,23 51:7 51:21 52:6,14 52:19 53:15 54:14 55:2,14 55:23 56:1,14 56:22 57:6,15 58:6,18 59:14 61:20 62:12 63:4,13 66:12 66:20 67:5 68:7 69:9,21 70:16 71:10 72:8,19,21 73:16 74:15 75:7 76:5,23 77:21 78:8 79:17 80:1,10 80:11,12 81:2 81:8,19 84:2

84:13,22 85:8 85:15,20 86:11 86:24 87:15,24 88:11,21 89:6 89:21 90:18 91:9 92:14 93:11,13 94:7 94:22,23 95:2 95:23 96:9,17
**objections** 17:1
**Obviously** 65:16
**occurred** 88:18 89:19 90:16,17 91:8,19,20 96:8,15,16
**occurrence** 88:14
**October** 85:18 99:8
**offender** 71:5
**offenses** 84:20
**office** 2:15,19 9:21,23 10:2,6 10:17 11:10,14 12:13 14:20,22 16:12 17:12 18:2 19:2 21:15 23:8 28:4 34:9 51:18 52:1,9 55:10 64:15,24 65:13,23 66:10 80:23 89:17
**officer** 73:15
**officers** 1:8 5:1 5:17 45:6 72:17
**official** 99:6
**okay** 8:5,17 12:22 14:17 17:4,7 18:15 18:23 19:23 20:5 22:11,14 22:19 23:3,9 25:22 26:6

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 109

30:23 31:4
33:6,11 37:14
43:6 44:24
50:11,14 54:2
56:11 58:11
62:17 64:9
65:7,22 66:16
68:18 70:12,24
72:5 73:3,12
76:9 79:21
80:7 82:4,16
82:22 83:1,10
84:18 85:18
88:6 90:9
**once** 35:19
40:10 65:16,18
**ones** 44:12
**opened** 73:3
**opinion** 16:20
18:5 19:6 40:2
46:23 51:23
69:11 75:23
**opinions** 37:5,5
40:7
**oppose** 54:10
**oral** 75:4 98:17
**order** 4:23 8:6
14:5 17:18
21:20 40:16,20
41:8,17 42:8
42:12 46:17
47:19 54:7
55:12 63:6,19
63:24,24 64:1
64:7 82:17
83:9,15 84:15
85:1,4,23
91:12
**original** 40:8
**Outside** 7:24
47:17
**overbroad**
20:18 96:9,17

---

**P**

**p.m** 31:8
**page** 3:2 28:7
100:1
**page(s)** 100:6
**pages** 7:20
**paid** 72:15
**Pallmeyer** 67:24
**Pallmeyer's** 8:1
8:5 69:11
**Papa** 43:11
**paper** 24:17
32:2,7
**paperwork**
71:19
**paragraph** 79:1
**part** 5:4 8:24
48:10 49:3,4
49:14 56:17
**particular** 27:6
34:1 87:22
**parties** 39:21
48:17 54:7
99:3
**partners** 9:9
**Patanella** 1:18
98:4 99:10
**paths** 70:20
**Paul** 2:7,16 5:15
5:18 17:8
39:18 41:6
42:20 90:2
92:22
**paul.fangman...**
2:18
**pay** 72:16
**paying** 72:22
**pending** 6:9
**People** 82:20
**permissible** 53:8
**person** 14:7
68:21 78:16
87:6
**personal** 30:11
49:11 53:23
67:20 68:11,16

72:9 75:24
76:6 77:14
78:2 81:14
85:21
**personally**
13:21 17:23
65:14 69:13
**pertaining** 1:16
**pertinent** 8:23
37:20
**petition** 8:7
80:23 83:3
84:10 85:13
**petitioner's**
83:17
**petitioner/def...**
83:11
**petty** 11:1
**phases** 70:18
**Phone** 99:12
**photo** 74:14
75:19,19 76:22
77:20 79:3,16
**phrase** 69:14
**pinpoint** 26:3
**place** 18:2 89:3
91:15
**Plaintiff** 1:4 2:5
5:21 60:23
**platform** 6:21
**please** 4:14
48:12
**pmichalik@b...**
2:9
**point** 6:6 25:20
25:22 26:10,18
26:21 27:5,6
73:22 75:1
88:14
**pointed** 75:18
**police** 1:7 9:1,2
37:15 38:1
44:14 45:5,20
45:23 46:5
66:16 67:15

68:18 69:3
70:3 71:19
72:1,11,17
73:15 75:18
**policies** 19:11
51:24 52:12
**policy** 16:13,22
19:7
**portion** 32:18
**portions** 85:1
**position** 10:16
10:20,23 11:9
11:12,14,18,22
21:14 87:10
**possible** 94:14
94:17 95:7
**post-conviction**
38:3,8 44:19
**potentially**
30:10 49:2
**practice** 16:23
19:7
**practices** 51:24
**preliminary**
10:9,10
**preparation**
7:23 8:14 9:8
22:17 42:1
**prepare** 7:1 9:9
50:19
**preponderance**
83:6
**present** 98:12
**pretty** 20:21
**previously**
21:11 25:11
48:20 95:19
98:13
**prior** 11:8,21
26:12,16 27:22
30:6 35:3,10
38:21 39:12
43:19 53:12,22
78:5 95:23
**privilege** 24:22

27:10 38:23
39:15 40:21
41:22 46:11
56:2,6 61:21
63:14 65:4,6
72:22 75:8
89:22 94:8,24
**privileged** 80:13
**probably** 89:9
**procedural**
23:16 37:6
**procedure** 1:14
4:22 16:23
19:1,7 51:18
52:2,5,9 81:16
**procedures**
17:21 18:1,7
19:11 39:23
46:17 51:24
52:13
**proceeding** 38:4
**proceedings**
45:14 86:6
**process** 15:8
16:17,24 17:13
19:17 24:22
27:10 38:23
39:15,19 40:18
40:21 41:4,21
46:11,16 48:22
55:11 56:2,6
61:21 63:14
72:22 75:8
80:22 89:22
90:5 94:8,24
**produced** 7:10
86:5
**product** 25:4
53:5,7 63:5,6
64:2
**prosecute** 90:3
94:3
**prosecuted** 36:8
69:19 70:13,17
91:6,18 93:4

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 110

94:15,18 95:20
96:7,15
**prosecuting**
89:17 92:11
95:8
**prosecution**
15:18 16:3
90:15 93:6
**Prosecutions**
32:10
**prosecutorial**
19:15
**provided** 30:7
**provides** 54:7
**provisions** 1:14
**PS** 28:8
**Public** 100:22
**pull** 78:19
**purpose** 1:17
7:15
**pursuant** 1:13
4:20,22 63:23
64:6 65:5 83:4
**put** 5:9 23:19,21

**Q**

**qualify** 74:22
**question** 6:8
15:21 17:5
18:9 26:20
27:11 40:4,8
40:12 41:3,17
42:10 46:19,22
49:16 53:8
54:12,15 56:17
57:9 64:11
66:7 72:24
73:7,9 74:21
75:13 80:20
84:2 90:1,6,8
90:24 91:11,13
91:24 92:8
93:7,9,16
94:12 95:8
**questions** 41:2

60:16,17 86:15
86:18 92:6,19
96:24 98:20
**quibbling** 17:18
**quick** 44:13
57:20
**quickly** 7:14
44:11
**quote/unquote**
21:4

**R**

**R** 1:6
**Ray** 68:19
**Raymond** 1:6
68:19
**re-reviewing**
44:10
**reach** 23:14
**reaching** 23:11
24:20
**read** 49:16,18
84:3 100:3
**reading** 23:10
39:20 84:24
**reads** 79:1
**real** 57:20
**really** 36:3 55:5
56:24 78:10
90:24
**reask** 90:9 95:6
**reason** 20:13
23:2 65:24
66:11 96:21
**reasons** 63:7,8
**Rebecca** 8:1
**recall** 55:17 61:1
61:18 69:13,18
69:23 71:1,11
71:21 74:4
80:16 86:21
87:13 90:23
91:4,12,17
92:1,8,16 96:2
96:6,13,21

**recalling** 71:19
**recanting** 78:5
**received** 21:15
30:12 35:19,22
35:24 80:8
**receiving** 29:17
30:1,4
**Recess** 18:21
57:23 86:16
**recipient** 23:3
**recognize** 70:6,8
70:9 71:22
**recollect** 70:7
**recollection**
7:15 8:19 20:1
20:17,22,24
22:24 23:10,13
23:24 26:22
27:17,19 28:1
28:23 29:8,15
29:16 30:3,11
31:1 33:24
34:7,12,16
36:3 37:2 38:8
38:16 42:2
43:23 44:3,4
45:11 46:4
51:10,15 69:4
71:12,18,21
75:24 76:3
77:2,14 78:2
79:6,8,9,12
88:3,24 89:12
93:4
**recommendat...**
22:2 34:17,22
35:3,5 44:1,6
45:17 47:20
49:1,5,10,14
49:22 51:2,4,5
51:9,16,20
52:10,22,24
53:12 54:5,20
54:24 55:12
63:18 64:19

87:19
**recommendat...**
63:11,20
**record** 4:14,19
5:7,10 17:2,14
22:14 31:14
41:6,7 42:8
46:9,15 47:2
49:18 50:2
82:6 84:3
98:19
**Reddick** 85:19
**Reddick's** 86:4
**reduced** 98:9
**referenced**
67:24 69:13
78:14
**references** 69:11
**referencing** 33:5
78:18
**referred** 24:5
98:22
**referring** 65:19
78:24
**reflect** 4:19
**refresh** 20:9
41:13 42:1
44:2 76:2 79:6
**refreshed** 7:16
**refuse** 15:15
25:3 64:10
73:6 75:13
94:12
**refusing** 43:4
73:9
**regard** 19:6
54:11,12
**regarding** 13:15
21:6 23:11
36:3 49:9,13
51:11,24 77:1
81:24 87:19
88:4
**regards** 21:4
**rejected** 63:12

63:21
**related** 9:4
**relative** 7:12 8:6
20:9 28:24
29:6 35:5
36:22 37:15
38:10 44:21
45:2,24 48:17
54:20 67:19,22
69:7 99:1,3
**relatives** 33:21
34:2,10
**relied** 62:21
**rely** 62:24
**remedy** 81:23
**remember** 20:4
20:20 26:17
27:2 30:1 61:9
61:13 74:9
93:15
**repeat** 57:8 74:2
**reported** 98:8
**reporter** 49:16
98:5 99:7
**reports** 9:1,2
37:10,15,20
44:15 45:23
46:6 67:15
69:3 71:19
72:11
**represent** 4:24
17:15 60:22
65:22 66:9
**representing**
89:2
**request** 8:20
22:20 23:20
24:1,6,7,13
28:9 30:9 31:2
31:7 32:3,14
46:8 47:2,7
**requests** 32:13
37:24
**require** 93:14
96:2

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 111

required 52:10
81:22
reserve 97:3
resource 59:11
respect 53:5
63:21
responded
29:12
response 64:2
responsibilities
10:22 12:24
responsible 12:5
retained 3:16
retention 45:19
retrial 35:5
47:20 53:12,21
54:21 55:1,6
55:13 56:13,21
57:1 58:13,17
58:21 59:2,9
63:22
retried 61:4
62:10,21 63:3
63:18 65:12
retry 14:6,23
16:15 21:21
34:17 53:6
54:9,17 55:20
58:4 64:15
65:1,23 66:10
78:6,11
retrying 59:13
59:21 60:7
63:10
reveal 40:1
reversed 83:17
review 7:1,22
8:9 10:9,11,13
10:15 11:16,18
11:20,22,23
12:1,11,16,23
13:4,9,13,18
14:4,4,10,15
15:2,5,6 16:13
19:2 20:2,8,11

21:6,11 26:23
27:1,6,21 30:5
30:13 35:13
36:6,13,15,22
37:7,12 38:10
39:10 45:3,7
47:14 48:11,14
48:21 54:2
57:4 62:5,7,8
62:11,14 67:13
69:1 72:13
73:23 74:5,24
75:23 77:8
86:22 88:7,15
reviewed 7:3,16
7:20 8:3,13 9:1
9:3 14:20
17:22 18:8
22:16 27:24
36:19 37:3,3,8
37:11,14,19
38:3 39:24
40:2,5,6,10,13
41:10,12,24
42:3,4 43:19
43:24 44:3,7
45:12,13,16,18
45:23 46:4,6
46:18 53:11,20
57:12 61:2,12
61:13,17,19
72:11 88:8
89:4,5,9
reviewing 21:19
28:4 30:12
38:8,16 43:7
47:11,17 48:2
48:5 52:18,22
55:11,19 56:12
56:13,20,21
59:13 61:2
62:19 67:23
71:16 72:17
Richard 2:17
right 5:13 16:11

18:13,16 19:3
21:10 30:16
32:4 39:5
40:14 45:20
50:8 55:13
58:2,5 59:3
65:21 68:10
69:13 71:5
78:21 85:3
87:10 89:2
95:11
right-hand
82:14
RIGHTS/TO...
2:16
ring 66:19
Risa 15:3 21:13
33:20 34:8
35:10,12,17
49:2,9 50:21
51:6,15 87:2,5
87:11
role 10:14 48:13
room 6:14
rotated 62:6
Rule 16:21,22
18:5 19:6
51:23
rules 1:15 4:21
6:6
run-of-the-mill
13:16
————————
S
S 3:10
safe 28:20 29:4
44:24
SAITH 97:6
saw 8:1,19,20
30:9
saying 4:16
40:18 41:6
42:17 51:15
75:18
says 25:22 26:9

28:7 31:4 32:9
32:23,24 39:22
42:17 79:15
82:14,22 83:2
84:7,16,18
85:4,5,11,13
85:16
scan 44:13
scanned 7:3,14
44:2,11
Schalk 1:6 68:19
68:22 69:8,19
scheduling
13:10
scope 39:2,17
57:6
screen 6:19 22:6
22:12 30:21
50:9 82:10
Sean 2:2 5:20
60:22 63:20
sean@loevy.c...
2:4
second 12:3,12
12:17 78:24
79:1
see 7:15 8:14,18
23:4,22 25:20
25:24 30:21
32:11,21 33:1
33:4,5,22
40:18,20 41:12
43:20 44:2,8
44:15 50:8,23
50:24 77:13
78:1 82:10,13
83:8,9,14,20
84:12
seeing 71:18
seeks 16:20 19:6
seen 86:9
sending 23:1
51:15
sent 7:4 8:10
22:23 23:2

sentence 23:18
25:24 26:9
33:19 79:1
separate 12:20
September 1:19
98:6 100:4
Sergeant 72:2,5
set 98:13
sets 41:18
shape 79:11
share 22:6
Sharon 1:17
98:4 99:10
Sheenee 76:13
76:19
Shorthand 98:5
99:7
show 22:4 30:16
49:24 78:17
82:4 83:1
showed 44:14
79:2,15 85:1
showing 84:16
85:11
signature 85:22
86:4 98:23
99:6 100:1
signed 85:19
86:1
simple 93:7
sit 44:4,18 64:23
65:11 68:10
71:4,14 79:13
80:7 91:24
somebody 91:6
91:18 94:3,15
Sorrell 27:18
29:18 30:8
34:2 67:4,9
68:24 71:8
72:7 73:14
74:6,13 76:21
77:6,19
Sorrell's 28:3
sorry 18:10

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 112

21:10 56:3
74:2
**sound** 72:4
**South** 2:7
**speak** 9:7 17:23
19:11 29:5
36:7,14 43:6
45:1,5 47:10
47:13 48:3
52:12 55:5,6
56:24 58:8,13
58:21 59:7
60:2 78:10
81:10,11
**speaking** 27:17
28:23 29:9
36:3
**specific** 16:22
35:1 37:2
38:17 40:4
42:6 61:9 63:7
63:8,9 69:12
71:2 75:22
76:24 77:24
88:3,23 89:12
92:9 93:15
96:2,6
**specifically** 8:18
34:1 36:22
41:11 42:4
45:12 58:24
61:13 79:19
**specificity** 93:17
96:13
**specifics** 76:7
77:12 89:10
90:23 91:2,12
**specified** 40:19
**specify** 17:16
**speculate** 95:16
**speculation** 15:9
16:19 18:4
21:23 24:11
26:14 27:12
31:20 32:15

33:13 34:19
37:17 38:5,13
46:1 47:4,21
48:23 51:22
52:20 53:15
55:3,24 56:15
56:23 57:7,15
58:19 59:6,15
59:24 60:9
62:1 64:17
65:2 66:3 67:6
70:16 72:20
78:9 79:18
80:11 88:1,11
88:21 89:6
90:19 91:10,21
92:15 93:11
95:2,14 96:10
96:18
**spell** 4:13
**spend** 44:10
**spit** 71:5
**spoke** 28:2
**SS** 98:1
**staffing** 11:7
**stamp** 31:13
**Starr** 2:2 3:6,8
5:12,20,20
15:20 25:16
28:14 29:7
49:15,19 55:4
55:15 56:16
59:4,23 60:11
60:18,20,22
61:11 62:3,16
63:16 64:3,8
64:22 65:7,8
66:6,15,23
67:8 68:12
69:17 70:1,23
71:15 72:10
73:3,5,21
74:11,19 75:11
76:1,8 77:3,9
77:15 78:3,13

78:19,23 79:20
80:6,19 81:5
81:13 82:3,9
83:24 84:5,6
84:17 85:2,12
85:17 86:3,7
86:13,17,19
87:3,21 88:5
88:16 89:1,14
90:1,9,12 91:1
91:16 92:4,19
93:13 94:2,11
95:18 96:5,12
96:24
**started** 10:7
18:11
**starts** 25:19
**state** 1:15 9:15
31:12 41:23
42:13 54:11
83:12 98:1
99:7
**state's** 2:15,19
5:14 7:9 9:20
10:2 14:19
16:12 18:1
19:1 34:9
36:15 47:18
52:1,9 55:10
62:22 64:14,24
65:12,23 66:9
71:2 80:23
89:16 90:14
92:10
**stated** 44:11
60:21 63:19
**statement** 26:2
37:7
**statements** 37:4
75:2
**states** 1:1 9:17
31:10 50:16
63:7 82:19
83:15
**stenographica...**

98:9
**steps** 27:1
**stints** 62:4
**stopped** 44:13
**story** 65:17
**Street** 2:3,21
99:11
**strength** 58:12
59:1
**strike** 19:24
27:5 32:22
35:11 44:24
54:22 68:4
69:5 73:23
76:11 77:4
94:16
**submitted** 31:19
31:22
**subpoenas**
37:24 48:16
70:20
**SUBSCRIBED**
100:17
**substance** 35:14
35:16
**sued** 5:2
**Suite** 2:7,12,21
99:11
**summaries** 37:8
**summary** 83:10
83:19 84:7,18
**supervise** 11:2
13:22
**supervised** 13:3
**supervisor**
10:14,18 11:8
11:11,16,18,19
11:21,23 12:1
12:6,9,23 13:1
13:13 14:4,10
14:14 15:5
**supervisors**
13:23
**supervisory**
10:14

**Supreme** 1:15
**sure** 4:10 5:12
13:21,22 15:23
17:16 31:14
41:18 45:22
56:18 57:10,21
67:13 69:1
70:21,22 74:3
83:24 86:3,3
**suspect** 73:15
89:18 90:16
91:19
**suspects** 91:6
**sworn** 4:2,6
98:15 100:17
**system** 31:23

---

**T**

**T** 3:10
**take** 6:6,7,9
15:14 17:4
18:11 25:2
46:13 57:19
64:9 66:14
75:12 86:14
**taken** 1:11 4:20
5:4 18:21
57:23 86:16
98:7,11 100:4
**talk** 36:21 39:5
**talked** 18:23
**talking** 24:6
74:20,23
**targeted** 41:3
**task** 40:24 41:1
**tasked** 21:19
22:1 62:19
**tell** 27:21 58:2
58:11,15 59:1
59:19 60:5
79:14 92:1
98:15
**telling** 28:2 34:8
**Ten** 18:19
**term** 81:9

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 113

**terms** 7:16
  13:20 23:16
  53:21 66:21
  72:22
**testified** 4:7
  40:24 41:11
  42:3,14 44:20
  48:20 60:24
  62:5 73:12
  74:12 75:3
  79:21 93:3
**testimony** 21:6
  41:24 61:6
  75:4 95:24
**thank** 18:20
  25:9 31:16
  42:22 49:19
  57:22 60:14
  93:21 96:24
  97:4
**Thanks** 92:20
**thereof** 1:16
**things** 13:11
  37:8,11 41:19
  44:15 58:14
**think** 17:18
  21:10 39:19
  41:1,7,16,20
  42:3,10,11
  46:18 55:21
  73:3 80:20
  86:15,20 92:6
**third** 12:12
  48:17
**three** 6:4 12:20
**time** 18:7 19:10
  21:15 38:21
  39:2,12,17
  44:10 51:19
  57:2,6 62:11
  62:14 67:23
  72:13 74:4,16
  74:20 75:16
  76:9,16,18
  77:16 87:11

92:2,17 93:5
  96:2,6,14,17
  96:22 97:1,5
  98:21
**times** 6:3,4
  12:15,21 62:6
**title** 11:9
**today** 6:12 7:2
  7:23 8:14
  22:17 27:22
  44:18 64:23
  65:11 71:14
  79:13 80:7
**today's** 30:6
  43:20
**told** 21:11 45:12
  75:19 79:4
**Toller** 50:22
  87:6,9
**Toni** 1:11 3:3
  4:4,12,20
  50:16 98:7,14
  98:21,23 100:3
  100:12
**Tony** 70:4 72:3
**top** 22:21 50:12
  82:16
**topic** 41:18
**topics** 39:22
  42:8 46:20
**touched** 90:24
  91:3 92:2
  93:16 96:4,22
**training** 13:5
**transcript** 100:4
  100:7
**transcripts** 9:4
  13:10 37:4
  38:4 45:13
  47:7
**transition** 18:17
**trial** 9:4 10:12
  10:13 11:23
  12:1,5,8 13:23
  37:4 45:13

56:12,20 70:21
**tried** 68:3,8
**true** 98:19 100:6
**truth** 98:15,15
  98:16
**try** 12:14 39:8
  42:1 68:5
  74:21 75:15
**trying** 12:9
  25:23 26:10
  68:11,16 90:10
  90:10
**two** 10:21 34:13
  84:10
**type** 13:11 18:5
  19:6 24:1
  32:14
**types** 37:10,11
**typewriting**
  98:10
**typical** 23:14
**typically** 14:20

_____

**U**

**ultimate** 49:5,13
  65:15
**ultimately** 64:19
**unable** 23:19
**unaware** 19:10
**underlying** 9:5
  15:18 16:3
  35:14,18 37:15
  45:2,6,24 47:3
**understand**
  40:17,19 41:5
  84:5 96:11
**understanding**
  81:14
**Understood**
  6:10 14:2
  42:16 68:17
**unduly** 75:5,8
**unit** 7:13 24:14
  34:1,14 38:12
  38:20 39:11

40:9 41:10,14
  42:5,6 43:7,22
  44:9,19 81:10
  82:1
**UNITED** 1:1
**units** 34:13
**UNKNOWN**
  1:7
**unusual** 23:17
  94:3,20

_____

**V**

**v** 1:5 82:20
**vacated** 14:5,21
  38:21 39:13
  83:18
**vague** 13:17
  18:3 20:18
  24:10 29:19
  35:20 39:1,16
  47:22 48:8
  52:6,19 57:16
  62:1,12 66:20
  76:23 77:22
  81:8 90:19
  91:10,22 92:15
  93:12 96:10,18
**various** 62:4,6
**verbally** 51:5
**victim** 33:20
  34:14 67:9
**victim's** 23:14
  27:8,23 48:6
**victims** 34:13
**videoconference**
  1:12 2:1 4:7
  98:8,12,13
**voluntarily** 85:6

_____

**W**

**Wacker** 2:7
**Wade** 77:7,18
**waived** 98:24
**walk** 10:5
**want** 5:9 11:20

18:13 35:8
  42:21
**wanted** 46:8,22
  83:1
**wasn't** 14:9
  63:16 86:5
**way** 10:11 17:7
  17:17 19:23
  26:23 39:7,8
  51:1,8 53:10
  75:15 79:11
  93:8,19 95:6
  95:16,17
**wboberts@ob...**
  2:23
**we'll** 22:4
**we're** 26:6 66:5
**we've** 5:23
**week** 7:6 8:11
  44:7
**went** 10:7,9,12
  70:21
**West** 2:11,12
  3:5 4:9,18,24
  5:3,9,13,16,16
  5:22 13:19
  14:1,16 15:13
  15:23 16:1,10
  17:3,8,16,20
  18:15,22 19:12
  19:22 20:23
  21:9 22:3,10
  24:16 25:1,8
  25:17 26:19
  27:16 28:16
  29:11,23 30:20
  31:14,17 32:1
  32:8,20 33:18
  34:6 35:2 36:5
  36:12,20 37:13
  37:22 38:9,18
  39:5,9,18 40:8
  40:14,17 41:5
  42:20,23 43:2
  46:7,15 47:1,9

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 114

48:1,15 49:7
49:20 50:7
51:13 52:7,16
52:23 53:9
54:1,18 55:8
55:18 56:10,18
56:19 57:3,10
57:11,19,22
58:1,10,23
59:10,18 60:4
60:13,15 78:22
90:20 92:21
95:5,23 97:2,4
**West's** 42:10
**whatsoever**
66:19 81:4
**WILLIAM** 2:21
**Willie** 30:8 67:4
67:9 68:24
71:8 72:7
73:14 74:6
**witness** 1:13
2:24 3:2 4:1,5
13:20 14:13
16:7,9,20,21
16:22 18:6,19
19:9,18,21
20:20 21:8
22:1 24:9,13
25:6,15 26:16
27:14 28:15
29:8,21 31:22
32:6,17 33:15
33:21 34:4,14
34:22 35:22
36:11,18 37:1
37:4,19 38:7
38:15 39:4
42:24 46:3,13
47:6,23 48:13
49:1 51:8 52:4
52:21 53:19
55:5,16 56:3,9
56:24 57:8,17
58:8,21 59:7

59:17 60:2,12
60:14 61:9,23
62:13 63:9
64:18 66:4,13
66:21 67:7
68:8 69:10,22
70:17 71:11
72:9 73:1,15
73:18,20 74:9
74:17 75:22
76:4,6,11,12
76:14,24 77:1
77:5,11,13,24
78:1,10 79:19
80:4,16 81:3,9
81:22 84:15,24
85:10,16,21
86:12 87:2,18
88:2,13,23
89:8 90:22
91:11,23 92:16
93:14 94:10
95:4,15 96:1
96:11,20 98:6
98:14,21,23
99:6
**witnesses** 13:11
37:10 45:1
48:6 55:22
58:16 59:20
70:19 73:24
74:6 78:5
**Wojcik** 1:7 72:3
72:5
**wondering**
67:10
**Wood** 1:6 17:19
64:1
**Wood's** 4:22
39:21 40:20
41:8,16 42:8
42:12 46:17
**word** 28:9,11
50:11 66:14
**work** 25:4 30:13

33:20 53:5,7
63:4,5 64:1
**worked** 10:11
35:7,7 36:2
71:2,23
**wouldn't** 62:13
**written** 75:4
82:21,24

_____

**X**

**X** 3:1,10

_____

**Y**

**Yeah** 67:9 78:19
**year** 11:13 20:13
20:15 27:3
**years** 9:24 10:21
84:10 89:19
90:3,4,16,22
91:7,19,23
92:9,13 94:5
94:15,19 95:9
95:20,22
**yes-or-no** 40:11
**younger** 12:4
13:14

_____

**Z**

**Zoom** 6:21

_____

**0**

**02** 82:23

_____

**1**

**1** 3:12 22:5,8
**1/10/2020** 32:24
**1:02** 31:8
**10** 33:12 94:5
**10:03** 1:19 18:11
**11** 90:16 91:7,19
92:13 94:15,19
95:9,20,21
**12** 89:19 90:3,4
**14179** 82:6,14
**1600** 2:21

**161** 2:21 99:11
**1632** 50:4
**1741** 31:15
**1742** 31:15
**1812** 22:15
**19** 1:19 9:24
90:22 91:23
92:9 98:6
100:4
**1990** 88:9
**1995** 79:2,15

_____

**2**

**2** 3:13 30:17,18
83:16
**20** 1:5 11:6
**2002** 88:20 89:4
**2005** 9:14,24
**2019** 11:20,22
26:17 57:13
71:17 74:24
76:18 77:17
88:7
**2019/2020** 61:2
**2020** 11:15,17
12:22 14:3,18
16:11,11 18:2
26:7,13,21
31:8 33:12
34:15 51:19
52:8 57:13
71:17 74:24
76:19 77:17
88:7
**2022** 85:19
**2024** 1:19 64:1
98:6 99:8
100:5,19
**20cv4768_001...**
50:3
**22** 3:12

_____

**3**

**3** 3:14 50:1,5
78:20 84:7

87:5
**30** 3:13 11:6
**30(b)(6)** 16:21
16:22 18:5
19:6 51:23
**3050** 99:11
**311** 2:3,7
**312.243.5900**
2:4
**312.341.9646**
2:13
**312.361.8851**
99:12
**312.603.5440**
2:18
**312.741.1024**
2:22
**312.982.0090**
2:8
**334** 2:12
**3rd** 2:3

_____

**4**

**4** 3:5,15,16 82:5
82:7 84:18
**4768** 1:5

_____

**5**

**5** 85:5
**5/2-702** 83:5
**50** 3:14
**500** 2:17
**5200** 2:7
**53** 2:12
**5th** 10:18 11:9

_____

**6**

**60** 3:6
**60601** 2:22
99:12
**60602** 2:17
**60604** 2:12
**60606** 2:8
**60607** 2:3
**66** 10:10 70:19

James Fletcher Jr. v. Jerome Bogucki, et al.
Deposition of Toni Giancola - Taken 9/19/2024

Page 115

| **7** | |
|---|---|
| **7** 85:18 | |
| **735** 83:4 | |

| **8** | |
|---|---|
| **8** 64:1 | |
| **82** 3:15 | |
| **84-002169** 1:18 | |
| 99:14 | |

| **9** | |
|---|---|
| **9** 26:7,12 31:8 | |
| **93** 3:7 | |
| **94** 3:8 | |
| **9th** 99:8 | |