# EXHIBIT 79



Transcript of the Deposition of
**Aiden O'Connor**

**Case:** James Fletcher Jr. v. Jerome Bogucki; et al.
**Taken On:** October 10, 2023

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES FLETCHER JR.,            )
                              )
          Plaintiff,          )
                              ) No. 20 CV 4768
     -vs-                      )
                              )
JEROME BOGUCKI; ANTHONY        )
NORADIN; RAYMOND SCHALK;       )
ANTHONY WOJCIK; UNKNOWN        )
CITY OF CHICAGO POLICE         )
OFFICERS, and the CITY OF      )
CHICAGO,                       )
                              )
          Defendants.         )

          The deposition of AIDEN O'CONNOR, called by

the Defendants for examination, taken via

videoconference pursuant to the Federal Rules of

Civil Procedure of the United States District

Courts pertaining to the taking of depositions

before MAUREEN A. WOODMAN, a notary public within

and for the County of Cook and State of Illinois,

on the 10th day of October, 2023, at the hour of

10:30 a.m.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 2

```
 1   APPEARANCES (via videoconference):

 2       LOEVY & LOEVY
         MR. SEAN STARR
 3       311 North Aberdeen Street, 3rd Floor
         Chicago, Illinois  60607
 4       Phone: 312.243.5900
         E-mail: sean@loevy.com

 5
                     On behalf of the Plaintiff;
 6

         HALE & MONICO, LLC
 7       MS. ALLYSON L. WEST
         53 West Jackson Boulevard, Suite 334
 8       Chicago, Illinois  60604
         Phone: 312.341.9646
 9       E-mail: awest@halemonico.com

10                   On behalf of the individual
                     Defendants;
11

         REITER BURNS
12       MS. DHAVIELLA N. HARRIS
         311 South Wacker Drive, Suite 5200
13       Chicago, Illinois  60606
         Phone: 312.982.0090
14       E-mail: dharris@reiterburns.com

15                   on behalf of the Defendant, City of
                     Chicago;
16

         LAW OFFICES OF JOHN C. COYNE
17       MR. JOHN C. COYNE
         53 West Jackson Boulevard, Suite 1750
18       Chicago, Illinois  60604
         Phone: 312.929.4308
19       E-mail: jcc@johnccoynelaw.com

20                   on behalf of the Deponent,
                     Aiden O'Connor.
21

22   ALSO PRESENT (via videoconference):

23       MR. JEREMY P. BERGSTROM
         MR. WILLIAM CLIFTON HOLMES

24
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 3

```
 1                    I N D E X

 2   WITNESS                             PAGE

 3   AIDEN O'CONNOR
```

```
 4       Examination by Ms. West...............4-82
         Examination by Mr. Starr.............82-235
 5       Examination by Ms. West.............236-253
```

```
 6       - - - - - - - - - - - - - - - - -

 7                 E X H I B I T S

 8   EXHIBIT          DESCRIPTION           PAGE
```

```
 9   Exhibit 1 ......Police Report.............. 14
     Exhibit 2 ......Terry Roger's Handwritten
10                   Statement.................. 20
     Exhibit 3 ......Individual Defendants
11                   1904-1938.................. 9
     Exhibit 4 ......Fletcher 1180-1182......... 24
12   Exhibit 5 ......Sheenee Friend's Statement.. 31
     Exhibit 6 ......Fletcher 474-489............ 37
13   Exhibit 7 ......Jenner & Block Letter....... 40
     Exhibit 8 ......12/6/2004 Report of
14                   Proceedings................ 46
     Exhibit 9 ......Ann Chamber's Report........ 51
15   Exhibit 10 .....6/16/05 Report of
                     Proceedings................ 53
16   Exhibit 11 .....12/30/2004 Letter.......... 57
     Exhibit 12 .....Detective Police Report..... 58
17   Exhibit 13 .....Photo Array................. 60
     Exhibit 14 .....Picture of Lineup.......... 61
18   Exhibit 15 .....James Fletcher Criminal
                     Complaint.................. 66
19   Exhibit 16 .....Motion to Extend Trial Term. 67
     Exhibit 17 .....Answer to New Trial Motion.. 72
20   Exhibit 18 .....Pen Letter................. 75
     Exhibit 19 .....CCSAO 283-294.............. 228
21                   (NOT ATTACHED)
                 (Retained By Counsel West)
22

23

24
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 4

```
 1              (Witness was duly sworn.)
 2              AIDEN O'CONNOR,
 3   called as a witness herein, after having been
 4   first duly sworn, was examined and testified as
 5   follows:
 6              EXAMINATION
 7   BY MS. WEST:
 8       Q.   Can you please state your first and last
 9   name for the record, please?
10       A.   Aiden O'Connor.
11       Q.   Ms. O'Connor, my name is Allyson West.
12   I represent several individual defendant officers
13   that were being sued by Mr. Fletcher in a civil
14   case.  I'm going to ask you a series of
15   questions.  I don't expect your deposition to
16   take that long.  If at any point you want to take
17   a break, please let me know, and we will do so.
18   Have you ever taken part in a deposition before?
19       A.   Yes.
20       Q.   Roughly, how many times have you been
21   deposed?
22       A.   Twice.
23       Q.   So, you may be familiar with the
24   process, and I'm sure your counsel gave you some
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 5

1   more insight prior to today, but as I said, I'm

2   going to ask a series of questions.  If at any

3   point you don't understand my question, please

4   let me know, and I will try to repeat it or

5   rephrase it until you do understand it;

6   understood?

7       A.   Yes.

8       Q.   And just like you're doing right now,

9   sometimes the video will lag, but if we can try

10  to do our best to not speak over one another, so

11  that the court reporter can take down a clear

12  record; understood?

13      A.   Yes.

14      Q.   Ms. O'Connor, are you currently a

15  licensed attorney in the State of Illinois?

16      A.   No.

17      Q.   When was the last time that you were

18  licensed to practice law in the State of

19  Illinois?

20      A.   Two years ago.

21      Q.   Are you currently employed?

22      A.   No.

23      Q.   Are you retired?

24      A.   Yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 6

1    Q.    When did you retire?

2    A.    Retired from the State's Attorney's

3    Office in September of 2012.

4    Q.    What year was the last year you were

5    practicing law?

6    A.    2012.

7    Q.    And how long were you with the Cook

8    County State's Attorney's Office?

9    A.    Over 30 years.  You know, I forgot.  I

10   did do a few cases, non-criminal, after I

11   retired.  I think it was within the first year.

12   I did some evictions for a friend, and that was

13   it.

14   Q.    Thank you for the clarification.

15          Now, I want to touch base with you

16   about your assignment at the State's Attorney's

17   Office in 2002, if you recall.

18   A.    Felony trial division.

19   Q.    When did you first start with the felony

20   trial division?

21   A.    1989, I think it was.

22   Q.    And how long were you in the felony

23   trial division?

24   A.    Until I retired.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 7

1    Q.   2012?

2    A.   Yes.  With brief episodes assigned to

3    other units within the State's Attorney's Office,

4    like felony review.

5    Q.   **And what years were you assigned to**

6    **other units other than the felony trial division?**

7    A.   Back in 1989?

8    Q.   **Yes.**

9    A.   Well, from '06 to '09, I was on felony

10   review.  And in the early '90s, I was assigned

11   short-term to the public integrity unit.  And --

12   how much detail do you want on this?  You know,

13   there was another stint on felony review,

14   probably in '98.

15   Q.   **Okay.  So let me ask you this:  From**

16   **2002 to 2005, were you in the felony trial**

17   **division?**

18   A.   Yes.

19   Q.   **And you first began with the felony**

20   **trial division in roughly 1989?**

21   A.   Yes.

22   Q.   **Okay.  So safe to say you had been with**

23   **the felony trial division for some time on and**

24   **off from 1989 until 2002; is that right?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 8

1     A.   Right.

2     **Q.   How many times were you on felony**

3  **review?**

4     A.   I think it was three.

5     **Q.   Why were you on felony review so many**

6  **times?**

7     A.   Because I was very -- because I was

8  there for a long time.

9     **Q.   Do you have an independent recollection**

10 **of who James Fletcher is?**

11    A.   I remember that I tried that case.

12    **Q.   What do you have an independent**

13 **recollection of as it relates to the trial of**

14 **James Fletcher?**

15    MR. STARR:  Objection to form.

16 BY MS. WEST:

17    **Q.   Let me ask you more generally, and then**

18 **we will get into the nitty gritty.**

19          **Generally, do you have an**

20 **independent recollection of the witnesses that**

21 **were called in the trial?**

22    A.   Yes.

23    **Q.   Okay.  Do you have any recollection of**

24 **the outcome of the trial?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 9

```
 1      A.   Yes.

 2      Q.   Do you have an independent recollection

 3   of who defended Mr. Fletcher?

 4      A.   Yes.

 5      Q.   Do you have an independent recollection

 6   of what witnesses testified?

 7      A.   In detail?  No.

 8      Q.   Thank you.  Do you have an independent

 9   recollection of when you were first assigned to

10   Mr. Fletcher's case?

11      A.   No.

12      Q.   I'm going to show you what we've

13   previously marked as Exhibit 3, and I'm going to

14   put -- John, are you okay if I screen share, or

15   do you guys have physical paper copies in front

16   of you?

17                        (WHEREUPON, said document

18                        was marked as Deposition

19                        Exhibit No. 3 for

20                        Identification.)

21      MR. COYNE:  If you screen share, that would

22   be the best.

23      MS. WEST:  I will do that.

24      MR. STARR:  Did you send around exhibits?  I
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 10

1   didn't see it.

2        MS. WEST:  Yes, I did.  We sent them around

3   this morning.  Let me make sure --

4        MR. STARR:  I didn't get them.

5        MR. COYNE:  Anything sent this morning I

6   wouldn't have gotten yet, because I just got

7   here.

8        MS. WEST:  Off the record just one second.

9                         (Discussion off the

10                        record.)

11  BY MS. WEST:

12       Q.   **Back on the record.**

13            **Let me show you what we've marked as**

14  **Exhibit 3.  Ms. O'Connor, can you see a document**

15  **that has just popped up on your screen?**

16       A.   Yes.

17       Q.   **For the record, this is Bates-stamped**

18  **Individual Defendants 1904 through 1938.**

19            **Ms. O'Connor, are you familiar with**

20  **this type of document?**

21       A.   I was.

22       Q.   **What does this document appear to be?**

23       A.   What we called the blue-back.

24       Q.   **Would you typically document when you**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 11

1    were first assigned to a case on the blue-back?

2        A.    No.

3        Q.    I want to show you -- we're going to go

4    to what's Bates-stamped 1918.  I want to try to

5    zoom in a little bit so you can see this better.

6    1918, do you see what you would recognize as your

7    handwriting on this page?

8        A.    It appears to be my handwriting, yes.

9        Q.    And is your handwriting -- tell me what

10   portion is your handwriting?

11       A.    The entry dated 8/16/04 appears to be

12   mine, as does the entry dated 9/27/04.

13       Q.    Do you typically put like your initials

14   next to an entry?

15       A.    Typically, I did, yes.

16       Q.    And is that what we see like, for

17   example, at the bottom of 1918, it looks like an

18   A?

19       A.    Yes.

20       Q.    That would be your initials?

21       A.    AOC, yes.

22       MR. STARR:  Allyson, did you mark this is as

23   1?

24       MS. WEST:  I previously marked it as 3.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 12

1    MR. STARR:  It is in the Dropbox email you

2  sent marked as 3?

3    MS. WEST:  Yes.

4    MR. STARR:  Thank you.

5  BY MS. WEST:

6    **Q.   Ms. O'Connor, can you tell, based on the**

7  **screen that's in front of you, which is -- sorry.**

8  **Page two of 1905, if any of this is your**

9  **handwriting?**

10   A.   It does not appear to be.

11   **Q.   How about anything on this next page,**

12 **1906?**

13   A.   There does not appear to be my writing

14 either.

15   **Q.   One more time, how about this next page,**

16 **1907?**

17   A.   No, it's not.  Doesn't appear to be.

18   **Q.   I apologize.  I think I asked you this.**

19 **You don't have an independent recollection of**

20 **when you were first assigned to the case, do you?**

21   A.   No, I don't have an independent

22 recollection.

23   **Q.   But you do -- I'm going to stop screen**

24 **sharing that for a second.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 13

1          **You did handle Mr. Fletcher's case**
2  **prior to the trial, correct?**
3      A.   Yes.
4      MR. STARR:  Objection to form, foundation.
5      MR. COYNE:  Join on that.  Go ahead.
6  BY THE WITNESS:
7      A.   Yes, for a short time before the trial.
8      **Q.   Do you recall if you took over the case**
9  **from another State's Attorney?**
10     A.   Yes.
11     **Q.   Do you know who you took over for?**
12     A.   I'm not positive.  Might have been Stu
13  Sergeant.
14     **Q.   Do you have a recollection of how you**
15  **were assigned Mr. Fletcher's case?**
16     MR. COYNE:  Objection; form.
17  BY THE WITNESS:
18     A.   When I was transferred to the courtroom,
19  I was then responsible for any case that's in
20  there unless it's especially assigned to someone
21  else, and that's one of the courtroom murder
22  cases.
23     **Q.   Prior to the trial of Mr. Fletcher, had**
24  **you tried murder cases?**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 14

1     A.   Yes.

2     Q.   Did you have a partner during the trial

3  of James Fletcher?

4     A.   Yes.

5     Q.   Who was your partner?

6     A.   Mike Clark.

7     Q.   I'm going to show you another document,

8  what we've previously marked as Exhibit 1.

9          Ms. O'Connor, can you see a document

10 that's popped up on the screen in front of you?

11    A.   Yes.

12    Q.   Let me just for the record, this is

13 Bates-stamped City-JF 47 through 51.  Take you

14 back to the top here.

15         Ms. O'Connor, are you -- do you

16 recognize this document?

17    A.   It appears to be a police report

18 connected to the case.

19    Q.   Prior to today's date, did you review

20 this document in preparation for your deposition?

21    A.   I looked at it, yes.

22    Q.   This police report that's in front of

23 you and that you previously reviewed in

24 preparation for today, was it something that was

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 15

 1   **a part of the file when you were assigned to Mr.**

 2   **Fletcher's case?**

 3       MR. COYNE:  Objection to the testimony when

 4   she looked at it.  She didn't testify she

 5   reviewed it.  Go ahead.

 6       MR. STARR:  Objection to form and foundation

 7   as well.

 8   BY THE WITNESS:

 9       A.   This police report would have been part

10   of the file.

11       **Q.    When you were first -- when you were**

12   **first assigned a case, did you review the file**

13   **that you have related to that case?**

14       A.   I hope so.

15       **Q.    As a part of that file, would there be**

16   **any police reports that were related to the**

17   **underlying criminal investigation included in**

18   **that file?**

19       MR. COYNE:  Objection; form, foundation.  Go

20   ahead.

21       MR. STARR:  Join.

22   BY THE WITNESS:

23       A.   Well, there should be.  In the file it

24   should be.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 16

```
 1      Q.   And if there weren't police reports in
 2   the file, would you order any police reports
 3   related to the underlying investigation?
 4      MR. STARR:  Objection; form, foundation,
 5   speculation.
 6      MR. COYNE:  Same objections.
 7   BY THE WITNESS:
 8      A.   Yes.
 9      Q.   And why would you order police reports
10   related to the underlying investigation?
11      MR. COYNE:  Objection.  Also, you can answer
12   that question.  Ms. O'Connor, if you can do so
13   without revealing your impressions, strategy,
14   decision-making, analysis, all of those things
15   that constitute your mental impressions with
16   respect to your work as prosecutor on this case,
17   if you can answer the question without divulging
18   those mental impressions, you can go ahead and
19   answer.
20             If in order to answer the question
21   you would need to divulge those mental
22   impressions, I will instruct you not to answer
23   the question, according to the work-product
24   privilege.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 17

1    MR. BERGSTROM:  I would join in the -- to the

2    extent she is asking for as it applies to this

3    case.

4

5    BY THE WITNESS:

6    A.   I order the reports because I wanted to

7    know my case.

8    **Q.   Part of that case would be reviewing the**

9    **documents that were in the file, correct?**

10    A.   Yes.

11    **Q.   And ordering any other documentation**

12    **that you might find necessary, correct?**

13    MR. COYNE:  Objection; form, foundation.

14    MR. STARR:  Same objections.

15    BY THE WITNESS:

16    A.   Yes.

17    **Q.   And the report that's in front of you,**

18    **Ms. O'Connor, was this something that -- strike**

19    **that.**

20            **I want to turn your attention to**

21    **page five.  Can you see where it says "Rogers,**

22    **Terry" over on the left-hand side of the page?**

23    A.   Yes.

24    **Q.   Do you have a recollection -- an**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 18

```
 1    independent recollection of who Terry Rogers is?
 2         A.   No.
 3         Q.   Based on reviewing this -- let me scroll
 4    so you can read the entire paragraph related to
 5    Mr. Rogers.  If you want to take a moment
 6    actually and review this paragraph next to Terry
 7    Rogers' name, and I'll ask you a question.
 8         MR. COYNE:  We have -- a portion of the
 9    paragraph is obstructed by the photos of the
10    lawyers.  Let me see if I can get that --
11         MR. STARR:  You can drag the photos of the
12    lawyers to the top of the screen.
13         MR. COYNE:  It worked.  Thank you.  All good.
14         MS. WEST:  Thank you.
15    BY MS. WEST:
16         Q.   Let me know when you've had time to
17    review the paragraph.
18         A.   I've reviewed it.
19         Q.   Does that refresh your recollection as
20    to who Terry Rogers is or was?
21         A.   Vaguely.  I mean I never met Terry
22    Rogers.
23         Q.   Was Mr. Rogers a witness to the
24    underlying murder?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 19

```
 1        MR. COYNE:  Foundation.  Go ahead.

 2        MR. STARR:  Join.

 3   BY THE WITNESS:

 4        A.    According to the police reports.

 5        Q.    He was?

 6        A.    Yes.

 7        Q.    And based on this paragraph and this

 8   police report, Mr. Rogers stated that he heard

 9   one of the offenders call the other offender a

10   name.  Do you see that?

11        A.    Yes.

12        Q.    And what was that name?

13        A.    From the police report that I'm reading?

14        Q.    Yes.

15        A.    The name was Fletcher.

16        Q.    Thank you.  Do you have a recollection

17   of -- not prior to your deposition -- but when

18   you were preparing for trial of reviewing a

19   handwritten statement of Terry Rogers?

20        A.    Can you repeat that?

21        Q.    Sure.  When you were preparing for

22   trial, do you recall reviewing a handwritten

23   statement for Terry Rogers?

24        MR. STARR:  Objection; foundation.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 20

```
 1   BY THE WITNESS:

 2       A.   I don't recall reviewing it, per se, but

 3   I did read it.

 4       Q.   When you say you read it, when did you

 5   read it?

 6       MR. STARR:  Objection; foundation,

 7   speculation.

 8       MR. COYNE:  Join.

 9   BY THE WITNESS:

10       A.   I don't remember.

11       Q.   Let me show you what we've marked as

12   Exhibit 2.  Can you see the document on your

13   screen?

14                         (WHEREUPON, said document

15                          was marked as Deposition

16                          Exhibit No. 2 for

17                          Identification.)

18       A.   I can see part of it.

19       Q.   Let me scroll up just a little bit here.

20   What does this document appear to be?

21       A.   It appears to be what's called a

22   handwritten statement of Terry Rogers.

23       Q.   And do you recognize this document?

24       A.   It appears to be the handwritten
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 21

1    statement of Terry Rogers.  I don't have

2    independent recollection of this document.

3        **Q.   So since you don't have an independent**

4    **recollection of this document, is it fair to say**

5    **that you don't have an independent recollection**

6    **of reviewing it prior to trial in Mr. Fletcher's**

7    **case?**

8        MR. STARR:  Asked and answered.

9    BY THE WITNESS:

10       A.   Yeah, I don't have independent

11   recollection of reviewing it.

12       **Q.   If this handwritten statement was a part**

13   **of the file, would it have been something you**

14   **would have reviewed in preparation for trial?**

15       MR. COYNE:  Objection; form, foundation,

16   speculation.

17       MR. STARR:  Join.

18   BY THE WITNESS:

19       A.   Yes.

20       **Q.   Typically, are any handwritten**

21   **statements that were taken as a part of the**

22   **underlying investigation included in the criminal**

23   **trial file?**

24       MR. COYNE:  Objection; foundation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 22

1        MR. STARR:  Join.

2   BY THE WITNESS:

3        A.   They should be.

4        Q.   **If you could take a look -- let me ask**

5   **you this first.  Did you review this handwritten**

6   **statement of Mr. Rogers which we've marked as**

7   **Exhibit 2 prior to your deposition today?**

8        A.   No.

9        Q.   **If you want to take a minute and look**

10  **through this handwritten statement, please, and**

11  **just tell me, and I'll scroll up or down for you.**

12       A.   Okay. Yes. Okay. Okay. Okay. Yes

13  okay.  Finished it.

14       Q.   **Thank you.  And you've had the**

15  **opportunity to review this statement in its**

16  **entirety, correct?**

17       A.   It appears that way.  I've read whatever

18  you showed on the screen.

19       Q.   **And in this statement, who does Mr.**

20  **Rogers indicate is one of the offenders?**

21       MR. STARR:  Document speaks for itself.

22  BY THE WITNESS:

23       A.   I'm sorry.  I didn't hear that.

24       Q.   **In this statement, who does Mr. Rogers**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 23

1    indicate as one of the offenders?

2        A.    Fletcher.

3        Q.    I'm going to go back to what we marked

4    as Exhibit 3, which is the blue-back.  At the top

5    of this page here, which is for the record

6    Independent Defendants 1908.  Do you see the

7    entry at the top of the page that's May 1st,

8    2003, 5/1/03?

9        A.    Yes, I see it.

10       Q.    Okay.  Is that your handwriting?

11       A.    No.

12       Q.    Do you know whose handwriting that is?

13       A.    No.

14       Q.    Let's see.  Do you see on this page in

15   front of you, which for the record is 1907, do

16   you see over on the right-hand side where it says

17   2/10/03?

18       A.    Yes.

19       Q.    Is that your handwriting?

20       A.    No.

21       Q.    Do you know whose handwriting that is?

22       A.    No, I don't.

23       Q.    Below that you see the letters B/A.  Can

24   you read what it says under that?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 24

1      MR. COYNE:  Objection; foundation.  It

2  doesn't appear to be legible.  Go ahead.

3  BY THE WITNESS:

4      A.   It looks like it says, "For

5  depositions," and then I see some writing I can't

6  read, and then it says, "Terry Rogers," and then

7  it says, "Subpoena Rogers" with a box.

8      **Q.   Do you know if Terry Rogers was ever**

9  **deposed in the criminal case?**

10     A.   In this criminal case?

11     **Q.   Correct.**

12     A.   Not that I know of.

13     **Q.   So you see where that note says, "For**

14 **depositions"?**

15     A.   Yes.

16     **Q.   So are depositions sometimes taken in**

17 **criminal cases?**

18     MR. STARR:  Objection; foundation.

19 BY THE WITNESS:

20     A.   It's possible.

21     **Q.   Have you ever been a part of a murder**

22 **case where a witness was deposed?**

23     A.   Not that I remember.

24     **Q.   I'm going to show you what we've marked**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 25

1    as Exhibit 4.  For the record, this is Fletcher

2    1180 through 1182.

3              Ms. O'Connor, do you see a document

4    up on your screen?

5                        (WHEREUPON, said document

6                         was marked as Deposition

7                         Exhibit No. 4 for

8                         Identification.)

9    A.   Yes.

10   Q.   Do you recognize this document?

11   A.   It appears to be a document related to

12   the case.

13   Q.   And, generally, have you ever seen a

14   court document like this related to a material

15   witness?

16   A.   Yes.

17   Q.   Can you explain to me what this document

18   is?

19   A.   Probably not, but I can try.  I believe

20   it relates to getting a witness into court

21   that's, perhaps, in another jurisdiction, and it

22   is -- it's seeking a court order for him.  Well,

23   the title of the motion, you know, calls him a

24   material witness.  He is adjudged a material

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 26

1  witness.  I think I recall that then you can ask

2  the court to issue an order saying such so that

3  he can be arrested in another state, basically.

4       **Q.   Let's scroll down to the bottom of this**

5  **document.  So do you see at the bottom where it**

6  **appears that Judge Kirby signed off on this**

7  **record?**

8       A.   Yes.

9       **Q.   Is this the order that you're referring**

10  **to that's the type of order that's entered -- I'm**

11  **not going to say it exactly as you did -- to help**

12  **get a witness from out of state to come in for**

13  **trial?**

14       MR. STARR:  Objection to form.

15  BY THE WITNESS:

16       A.   Yes.

17       **Q.   Okay.  Who requests this type of an**

18  **order from the court?**

19       MR. COYNE:  Objection; form, foundation.

20       MR. STARR:  Join.

21  BY THE WITNESS:

22       A.   Whoever is looking for the witness would

23  be the person requesting.

24       **Q.   And from this document, if you took the**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 27

1    **time to review it, would you be able to tell**

2    **which party requested the order?**

3       A.   From the document, no, you can't tell.

4       **Q.   Do you have an independent recollection**

5    **of requesting the court enter an order related to**

6    **this material -- or a material witness in the**

7    **Fletcher case?**

8       A.   Yes.

9       **Q.   What do you recall?**

10      A.   That I sought that order.

11      **Q.   So on behalf of the State, you sought an**

12   **order from the court for which witness?**

13      A.   The one named in the certificate, Terry

14   Rogers.

15      **Q.   And do you have an independent**

16   **recollection of why you sought that?**

17      MR. COYNE:  Same instruction.  Same

18   instruction as previously given.  To the extent

19   that that question calls for an answer that would

20   reveal the witness' mental impressions insofar as

21   why she did what she did with regard to the

22   prosecution of this case, I instruct you not to

23   answer that question pursuant to the work-product

24   privilege.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 28

1    MR. BERGSTROM:  And I join in that objection.
2  Same instruction.
3    MR. STARR:  I join in the objections, but I
4  am going to add that this mischaracterizes her
5  prior testimony.  Go ahead.
6  BY THE WITNESS:
7    A.   I can't answer that question.
8    **Q.   Let me ask you this:  Did you seek this**
9  **order from the court related to Terry Rogers**
10  **because he was located out of state?**
11    MR. COYNE:  Same objection.  Same
12  instruction.  If you can answer without revealing
13  your mental process.
14  BY THE WITNESS:
15    A.   No, I can't answer that without
16  revealing my mental processes.
17    **Q.   Do you know generally who drafts this**
18  **type of an order?  Is it the court?**
19    A.   Generally speaking, the person seeking
20  the order would draft it.
21    **Q.   I'm going to show you paragraph three.**
22  **If you want to take a second to review paragraph**
23  **three, and I'm going to ask you a question about**
24  **it.  Did you have an opportunity to read**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 29

1    paragraph three?

2        A.    Yes.

3        Q.    Do you see the statement where it

4    says -- the middle of my page here, it starts

5    with, "Terry Rogers" in bold.  It says, "Terry

6    Rogers.  Information to Chicago Police Department

7    detectives led to the arrest of James Fletcher."

8    It goes on.  Would this have been language that

9    you as the requesting party would have drafted?

10        MR. STARR:  Objection; form.

11        MR. COYNE:  Same objection.  And foundation.

12    BY THE WITNESS:

13        A.    Can you repeat that question?

14        Q.    Sure.  Let's start generally.  As the

15    requesting party, do you have an independent

16    recollection of drafting the language in this

17    document?

18        A.    No.

19        Q.    You previously testified that typically

20    the requesting party would have drafted this type

21    of order, correct?

22        A.    Correct.

23        Q.    And you would have drafted the order

24    based on your knowledge of the underlying facts,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 30

1    **correct?**

2         MR. COYNE:  Objection; form, foundation.

3         MR. STARR:  Join.

4         MR. BERGSTROM:  Objection as to deliberative

5    process.

6         MR. COYNE:  Same objection and instruction as

7    to work-product privilege previously given.  Do

8    you need it repeated?

9    BY THE WITNESS:

10        A.   No.  I can't answer it.

11        **Q.   Do you have an independent recollection**

12   **of Terry Rogers being an eyewitness in the case?**

13        MR. STARR:  Asked and answered.

14   BY THE WITNESS:

15        A.   No.

16        **Q.   Do you have a recollection as to whether**

17   **or not you took efforts or steps to have Terry**

18   **Rogers testify at trial?**

19        MR. STARR:  Same objection.

20   BY THE WITNESS:

21        A.   I believe I filed the motion to have

22   Terry Rogers declared a material witness so that

23   he could be brought back to court.

24        **Q.   What was the result of that order being**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 31

1    entered, if any?

2        MR. COYNE:  Objection; foundation.

3        MR. STARR:  Join.

4    BY THE WITNESS:

5        A.   He never came to court.

6        Q.   I'm going to show you what we previously

7    marked as Exhibit 5.  First let me ask you this:

8    Do you have a recollection of who the other

9    eyewitnesses were in the case?

10                         (WHEREUPON, said document

11                         was marked as Deposition

12                         Exhibit No. 5 for

13                         Identification.)

14       MR. STARR:  Asked and answered.

15   BY THE WITNESS:

16       A.   After reviewing the documents that I was

17   presented with, yes.

18       Q.   Other than Mr. Rogers, who was

19   considered an eyewitness in the case?

20       A.   Sheenee Friend, Edward Cooper.

21       Q.   Any other individuals that you can

22   recall?

23       A.   Well, from reviewing the documents, I

24   think there was a witness that was on the scene,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 32

1   Emmett Wade.

2      **Q.   And of those three individuals, do you**

3   **have a recollection if each witness, Friend,**

4   **Cooper, and Wade, testified at the criminal**

5   **trial?**

6      MR. STARR:  Objection; asked and answered as

7   to recollection.

8   BY THE WITNESS:

9      A.   Yeah, they all did.

10     **Q.   Back to Exhibit 5.**

11             **Ms. O'Connor, do you see a document**

12  **in front of you on your screen?**

13     A.   Yes.

14     **Q.   Do you recognize this document?**

15     A.   Appears to be Sheenee Friend's

16  handwritten statement.

17     **Q.   And was this statement something that**

18  **you reviewed in preparation for the criminal**

19  **trial of Mr. Fletcher?**

20     MR. STARR:  Form, foundation.

21  BY THE WITNESS:

22     A.   If it was available, yes, I would have.

23  Independently, I don't -- I don't remember this

24  statement, per se.  The document -- the document,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 33

1    itself, if it was in the file and I had it, I
2    would have reviewed it.
3        Q.    And, generally, witness statements --
4    strike that.
5            Generally, are witness statements
6    something that you consider when moving forward
7    in the trial?
8        MR. COYNE:  Objection; form, foundation.
9        MR. STARR:  Join.
10   BY THE WITNESS:
11       A.    Yes.
12       Q.    Did you want to call Friend as a witness
13   at trial?
14       MR. COYNE:  Same instruction as earlier that
15   I've given you.  What you wanted to do, to the
16   extent that reveals your mental impressions, your
17   objectives, your arguments as a prosecutor, to
18   the extent you would reveal those mental
19   impressions in answering that question, I will
20   instruct you not to answer that question.  If you
21   can do so without doing that, go ahead.
22       MR. STARR:  Form and speculation is my
23   objection I would like to add to the record.
24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 34

```
 1  BY THE WITNESS:
 2      A.   I can't answer.
 3      Q.   You also called Ms. Friend as a witness
 4  at trial, correct?
 5      A.   Yes.
 6      Q.   Did you have difficulty getting Ms.
 7  Friend to come testify as a witness at trial?
 8      MR. STARR:  Form, foundation, speculation.
 9  BY THE WITNESS:
10      A.   Yes.
11      Q.   What do you recall about that?
12      A.   I recall having a difficult time getting
13  her served with a subpoena.  She didn't come to
14  court.  We had to get an arrest warrant issued by
15  the court.  And from reviewing the documents that
16  were sent to me, I think she failed to appear
17  more than once, and I had to file an extension of
18  term motion because of the time factor.
19      Q.   And, ultimately, Ms. Friend appeared in
20  court?
21      A.   Yes.
22      Q.   Based on your recollection and your
23  review of the documents, who did Ms. Friend
24  identify as one of the offenders?
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 35

1      MR. STARR:  Objection to form.

2  BY THE WITNESS:

3      A.   James Fletcher.

4      **Q.   And without reviewing this -- let me**

5  **know if you need to review it -- but based on**

6  **Ms. Friend's handwritten statement, does she**

7  **identify Mr. Fletcher as one of the offenders in**

8  **her handwritten statement?**

9      MR. STARR:  Form, foundation, speculation.

10  BY THE WITNESS:

11      A.   You want me to read her entire

12  statement?

13      **Q.   Yes, please.**

14      MR. COYNE:  Can you just show us the very top

15  also real quick?  Thank you.

16  BY THE WITNESS:

17      A.   Okay.  I read what's there.  I read

18  that.  Okay.  Can you go back?  Go back some

19  more.  All right.  This is page two?

20      **Q.   Correct.**

21      A.   Okay.

22      MR. STARR:  I don't want to interrupt this,

23  but I think this document might be out of order.

24  The page might be out of order.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 36

1    MS. WEST:  I see.  Thank you.

2    MR. STARR:  Thank you.

3  BY MS. WEST:

4    Q.   **Ms. O'Connor, let me start back where we**

5  **were.**

6             **As counsel pointed out, this**

7  **document may be out of order.  My question to you**

8  **really is:  Does Ms. Friend in her handwritten**

9  **statement indicate that Mr. Fletcher was one of**

10  **the offenders?**

11    MR. STARR:  Form, foundation, speculation.

12  BY THE WITNESS:

13    A.   I haven't seen the entire statement yet.

14    Q.   **Sure.  I'll keep going.**

15             **Have you had an opportunity to read**

16  **the page that I'm on currently?**

17    A.   I think so.  Okay.  Okay.  Yes.  Okay.

18  Okay.  Yes.  Okay.  Okay.  Okay.

19    Q.   **Have you had opportunity to review the**

20  **handwritten statement?**

21    A.   It appears that I have.  The order of

22  the pages does seem to be askew, but I read what

23  you presented.

24    Q.   **In the handwritten statement, did Ms.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 37

1    **Fletcher indicate who one of the --I'm sorry.**

2    **Ms. Friend indicate who one of the offenders was?**

3        MR. STARR:  Going to object to form,

4    foundation.  The document is confusing as it's

5    presented.  She can answer if she's able to.

6    BY THE WITNESS:

7        A.   She identifies through the person in

8    Exhibit 1, which would be a photograph, I assume.

9    I shouldn't assume.

10       **Q.   Do you have a recollection if Ms. Friend**

11   **testified who the offender was when she testified**

12   **at trial?**

13       MR. STARR:  Form, foundation.

14   BY THE WITNESS:

15       A.   Well, she identified him.

16       **Q.   When you say him, are you referring to**

17   **James Fletcher?**

18       A.   Yes.

19       **Q.   Thank you.  Did Ms. Friend testify at**

20   **the Grand Jury?**

21       A.   Based on my review of the documents,

22   yes.

23       **Q.   Typically, is any Grand Jury testimony**

24   **made a part of the criminal file?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 38

1      MR. COYNE:  Objection; foundation, form.

2    BY THE WITNESS:

3      A.   It's supposed to be.

4      **Q.   Do you have an independent recollection**

5    **of ever reviewing Ms. Friend's Grand Jury**

6    **testimony prior to calling her as a witness in**

7    **James Fletcher's trial?**

8      A.   No.

9      **Q.   I'm going to show you what we marked as**

10   **Exhibit 6.  For the record, this is Bates-stamped**

11   **Fletcher 474 through 489.**

12     MR. COYNE:  Can I just ask, has this Grand

13   Jury transcript been released by the criminal

14   court order in this case?  I assume it has.

15     MS. WEST:  Yeah, that's my understanding,

16   correct.

17   BY MS. WEST:

18     **Q.   Ms. O'Connor, do you see the document up**

19   **on your screen?**

20     A.   I do.

21     **Q.   Okay.  And I can scroll through, but do**

22   **you recognize this type of document?**

23     A.   Yes.

24     **Q.   And what is this type of document?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 39

1    A.   The transcript.

2    **Q.   What is it a transcript from?**

3    A.   Grand Jury witness.

4    **Q.   Prior to your deposition today, did you**

5    **review this transcript of Ms. Friend's Grand Jury**

6    **testimony?**

7    A.   No.

8    **Q.   I'm going to scroll down, and then I'm**

9    **going to ask a question.  Do you see the**

10   **testimony on what's Bates-stamped 481 where Ms.**

11   **Friend indicates that an individual in People's**

12   **Exhibit No. 1 is named James Fletcher?**

13   A.   I see that, yes.

14   **Q.   Okay.  Do you rely on Grand Jury**

15   **testimony when trying murder cases?**

16   MR. STARR:  Foundation, form.

17   MR. COYNE:  You can answer generally.

18   BY THE WITNESS:

19   A.   Rely on them -- I'm not sure if I rely

20   on them, but I would certainly refer to them and

21   be familiar with them.

22   **Q.   Ms. O'Connor, I want to ask because**

23   **we've been going for an hour, are you okay to**

24   **keep going, or would you like to take a**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 40

```
 1    five-minute break?

 2         MR. COYNE:  Let's take five minutes.

 3         MS. WEST:  Sounds good.

 4                        (Recess.)

 5    BY MS. WEST:

 6         Q.   Ms. O'Connor, I'm going to show you what

 7    we've previously marked as Exhibit 7.  For the

 8    record, this is Fletcher 8574 through 8575.

 9              Ms. O'Connor, can you see a document

10    up on your screen?

11                        (WHEREUPON, said document

12                        was marked as Deposition

13                        Exhibit No. 7 for

14                        Identification.)

15         A.   Yes.

16         Q.   Do you recognize this document?

17         A.   Well, it appears to be a letter that was

18    addressed to me.

19         Q.   And based on the signature block at the

20    top, can you tell who the letter was from?

21         A.   From Jenner & Block.

22         MR. COYNE:  Can you scroll to the bottom so

23    we see how long it is?

24         MS. WEST:  Sure.  It's two pages here.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 41

1      MR. COYNE:  Thank you.

2 BY MS. WEST:

3      Q.   And I'm going to say his name wrong,

4 Joseph Saltiel.  Is that how you say his name?

5      A.   I don't remember how to say it.  Joseph,

6 but I don't remember the pronunciation of his

7 last name.

8      Q.   Okay.  Was he the attorney that defended

9 Mr. Fletcher at the criminal trial?

10     A.   He was one of them.

11     Q.   Who was the other attorney?

12     A.   I don't remember his name.

13     Q.   I want to direct you to this fourth

14 paragraph, so the largest paragraph here on the

15 first page, it starts with "During."

16     A.   Yes.

17     Q.   It looks like, based on this paragraph,

18 that Mr. Saltiel, if I'm saying that correctly,

19 had some notes from an interview with Ms. Friend.

20 Do you see that?

21     A.   Yes.

22     Q.   And it appears that you requested those

23 notes from his conversation with Ms. Friend; do

24 you see that as well?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 42

1    A.   Yes.

2    Q.   **Do you recall ever seeing notes from his**

3    **conversation with Ms. Friend?**

4    A.   No.

5    Q.   **If he had provided those to you based on**

6    **the interview with Ms. Friend, would you have**

7    **made them a part of the file?**

8    MR. COYNE:  Objection; form, foundation,

9    speculation.

10   BY THE WITNESS:

11   A.   I can't answer that without speculating.

12   Q.   **If you were provided notes from a**

13   **different counsel that related to a witness,**

14   **would you have kept those with the criminal file?**

15   MR. COYNE:  Objection; foundation.  You mean

16   generally speaking, correct?

17   MS. WEST:  Correct.

18   BY THE WITNESS:

19   A.   Yes, generally speaking, I would have.

20   Q.   **I want to direct your attention to this**

21   **third paragraph that begins with "Also."  Based**

22   **on that paragraph, it looks like Mr. Saltier is**

23   **indicating that you -- you were unable to locate**

24   **Terry Rogers?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 43

1      A.   Yes.

2      Q.   Do you have an independent recollection

3  of informing Mr. Saltiel that you weren't able to

4  locate Mr. Rogers as of October 27, 2004?

5      MR. STARR:  Form, foundation.

6  BY THE WITNESS:

7      A.   No.

8      Q.   You don't have a recollection?

9      A.   No.

10     Q.   Do you have any reason to dispute Mr.

11 Saltier's representation in this letter to you?

12     MR. STARR:  Form, foundation, speculation.

13 BY THE WITNESS:

14     A.   No.

15     Q.   That same paragraph, that third

16 paragraph, second sentence, it says, "It is my

17 understanding that you will inform me before

18 November 8th as to whether you've located Mr.

19 Rogers, and if you will be able to proceed to

20 trial on November 8."  Do you see that?

21     A.   Yes.

22     Q.   Is that accurate, to your recollection?

23     MR. COYNE:  Objection; foundation.

24     MR. STARR:  Join.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 44

```
 1   BY THE WITNESS:

 2       A.   I don't remember if it is or not.  I

 3   don't know.  I have no independent recollection

 4   of whether that's accurate or not.

 5       Q.   You previously testified that you were

 6   having difficulty securing Mr. Rogers as a

 7   witness at trial, correct?

 8       MR. COYNE:  Objection.  I believe that

 9   mischaracterizes your testimony.

10       MR. STARR:  Join.

11   BY THE WITNESS:

12       A.   We were unable to secure him for trial.

13       Q.   I'm going to go back to Exhibit 3, which

14   was the blue-back.

15              For the record, this is page

16   Independent Defendant 1919, and this is in

17   Exhibit 3, the blue-back that we referred to

18   earlier.  Do you see that on the left-hand side

19   there where it says "11/8/04"?

20       A.   Yes.

21       Q.   Is that your handwriting?

22       A.   It appears to be.

23       Q.   Can you read the entry on 11/8/04?

24       A.   "Kirby.  In custody in court with Jenner
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 45

1  & Block.  Sheenee Friend not in court.  Warrant

2  issued.  Motion stayed.  December 6th, '04.  Writ

3  for jury.  Day 108/120.  AOC."

4      **Q.    Warrant issued for Ms. Friend, is that**

5  **what that means?  Where you have, "Sheenee Friend**

6  **not in court, warrant issued," what does that**

7  **mean?**

8      A.    That means that the court issued a

9  warrant because she failed to appear.

10     **Q.    And then on the right-hand side where**

11 **you have "MS," can you explain to me -- you said**

12 **motion stayed?**

13     A.    Yes.

14     **Q.    That's what that means?**

15     A.    Yes.

16     **Q.    What does that mean?**

17     A.    It means that the term is running -- the

18 trial term.  That the defense is not going by

19 agreement.

20     **Q.    What's 108/120 mean?**

21     A.    It means December 6th would be day 108

22 of a trial term of 120 days.

23     **Q.    And can you explain to me what a trial**

24 **term is?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 46

1     A.   The number of days you have to try the

2  case.

3     Q.   **At this point in time, had you made a**

4  **motion to extend the term?**

5     A.   I don't recall.

6     Q.   **Let me show you what we marked as**

7  **Exhibit 8, which is a report of proceedings from**

8  **December 6th, 2004.**

9              **For the record, Individual Defendant**

10 **419 through 426.  Is that document up on your**

11 **screen now?**

12                         **(WHEREUPON, said document**

13                         **was marked as Deposition**

14                         **Exhibit No. 8 for**

15                         **Identification.)**

16    A.   Yes.

17    Q.   **Let me scroll to the top so you can see.**

18 **The caption -- do you see the caption?**

19    A.   Yes.

20    Q.   **And do you see that this was a report of**

21 **proceedings from December 6th of 2004?**

22    A.   Yes.

23    Q.   **And do you see that your appearance is**

24 **there on the record?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 47

```
 1      A.   Yes.
 2      Q.   And then scroll down to what's page 3
 3   where it has your name as Ms. O'Connor.  Here you
 4   indicate that the State is not ready to proceed
 5   on that date?  Do you see that?
 6      A.   Yes.
 7      Q.   And based on this paragraph, was it
 8   related to the fact that Ms. Friend was still
 9   wanted on a warrant?
10      A.   Yes.
11      Q.   And she didn't appear on that date,
12   correct?
13      A.   Right.
14      Q.   At the bottom of this page, you note --
15   I'm sorry.  Can you see that?
16      A.   Yes.
17      Q.   It says, "And another witness that we
18   served material witness papers for in Mississippi
19   has not been located either."  Do you see that?
20      A.   I do see that, yes.
21      Q.   Are you referring to Terry Rogers as the
22   witness in Mississippi?
23      MR. STARR:  Form, foundation.
24
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 48

```
 1   BY THE WITNESS:
 2       A.   Yes.
 3       Q.   In your experience -- let me close this
 4   out.
 5            In your experience, is it out of the
 6   ordinary to have some difficulty getting
 7   witnesses in for trial due to the passage of
 8   time?
 9       MR. COYNE:  Objection; form.
10       MR. STARR:  Speculation.  Foundation as well.
11   BY THE WITNESS:
12       A.   No.
13       Q.   In your experience, have you had
14   difficulty -- we'll set aside Mr. Fletcher's
15   case.  Have you had difficulty getting
16   eyewitnesses to come in and testify at trial?
17       MR. STARR:  Form.
18   BY THE WITNESS:
19       A.   Yes.
20       Q.   In your experience, is that one of the
21   reasons why the State secures Grand Jury
22   testimony from all witnesses?
23       MR. COYNE:  Objection; form, foundation, and
24   to the extent you would need to answer that
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 49

1   question based upon an individual case, I will

2   instruct you not to answer it based upon work

3   product.

4              If you can answer the question

5   generally, subject to the objections, without

6   regard to an individual case as to why

7   prosecutors with the State's Attorneys do what

8   they do with respect to Grand Jury transcripts,

9   then you can go ahead and answer.

10      MR. STARR:  I will join as far as form and

11  foundation are concerned.

12  BY THE WITNESS:

13      A.   I can't answer that.

14      **Q.   Do you have a recollection if Terry**

15  **Rogers testified at the Grand Jury?**

16      A.   I don't remember.

17      **Q.   Do you recall that you filed a petition**

18  **for rule to show cause for Ms. Friend?**

19      A.   Yes.

20      **Q.   What happened as a result?**

21      MR. COYNE:  Objection; form.  Go ahead.

22  BY THE WITNESS:

23      A.   Warrant was issued.

24      **Q.   Let me take a step back.**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 50

1          **Did you have any concerns about the**

2   **merits of the case because you were having**

3   **difficulty getting those two eyewitnesses to come**

4   **in to testify?**

5       MR. COYNE:  Objection; form, foundation.  And

6   I will instruct you not to answer that question

7   to the extent you would be revealing your

8   opinions about the evidence in this case or other

9   mental impressions you formed as to the evidence

10  in this case.  Don't answer the question if you

11  would need to do that.

12      MR. STARR:  Can I have the question read

13  back?

14                          (Said question was read

15                          back.)

16      MR. COYNE:  Do you need the instruction

17  again?

18  BY THE WITNESS:

19      A.   I can't answer this question.

20      **Q.   I want to show you what we marked as**

21  **Exhibit 9.**

22          **For the record, this is CCSAO**

23  **Conflicts Fletcher Dixon Bogucki 2466.  Do you**

24  **see the document up on the screen?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 51

1                    **(WHEREUPON, said document**

2                    **was marked as Deposition**

3                    **Exhibit No. 9 for**

4                    **Identification.)**

5      A.   Yes.

6      **Q.   What do you recognize this document to**

7   **be?**

8      A.   Appears to be a report generated by

9   investigator Ann Chambers.

10     **Q.   And if I scroll on down, was this report**

11  **made pursuant to a request from you?**

12     MR. COYNE:  Foundation.

13  BY THE WITNESS:

14     A.   It does appear to be that.

15     **Q.   If you can take a second to read the**

16  **paragraph if you haven't already.**

17     A.   Okay.  I read it.

18     **Q.   Based on this, did you have an**

19  **investigator attempt to locate Ms. Friend?**

20     A.   Based on this report?

21     **Q.   Correct.**

22     A.   Yes.

23     **Q.   And it was unsuccessful?**

24     MR. COYNE:  Objection; foundation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 52

```
 1    BY THE WITNESS:
 2        A.   Regarding Ann Chambers' attempt, it says
 3    it was negative.
 4        Q.   And do you see the second-to-the-last
 5    sentence, "RI learned that Friend was taken into
 6    custody on 17, February, 2005, at 0015 hours."
 7    Do you see that?
 8        A.   Yes.
 9        Q.   Based on that, does it appear that Ms.
10    Friend was arrested on February 17th, 2005, and
11    taken into custody?
12        A.   It does appear that way, yes, in this
13    report.
14        Q.   Do you have a recollection of --
15        A.   I don't.
16        Q.   At any point in time, do you have an
17    independent recollection of an off-the-record
18    conversation taking place between you and defense
19    counsel about Ms. Friend having concerns that her
20    life had been threatened?
21        MR. STARR:  Form, foundation, speculation.
22    BY THE WITNESS:
23        A.   No, I don't recall any such
24    conversation.
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 53

```
 1        Q.   Let me show you what we previously

 2   marked as Exhibit 10.  For the record, this is

 3   report of proceedings from June 16, 2005.  It's

 4   Bates-stamp Individual Defendants 1136 through

 5   1268.  Okay.  Do you see a document up on your

 6   screen?

 7                        (WHEREUPON, said document

 8                         was marked as Deposition

 9                         Exhibit No. 10 for

10                         Identification.)

11        A.   Yes.

12        Q.   For the record, I already said the date,

13   this was June 16th, 2005.  Did you represent the

14   State on this date?

15        A.   According to the transcript.

16        Q.   I'm going to draw your attention to a

17   specific page.  This is page 71 of the

18   transcript.  This appears to be where defense

19   counsel is arguing about an issue related to Ms.

20   Friend's testimony.  I'll give you a chance to

21   read this argument.

22        A.   I read that one paragraph.

23        Q.   Let me scroll down for you.

24        A.   I read the next paragraph.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 54

1      Q.    I'm going to go down to page 73,
2    second-to-the-last paragraph here.
3      A.    The last paragraph begins --
4      Q.    Beginning with "Now."
5      A.    Okay.  Read it.
6      Q.    Based on your review of this, were there
7    allegations that Ms. Friend didn't show up in
8    court because she felt her life was threatened?
9      MR. STARR:  Objection, form, foundation, and
10   rule of completeness.  Going from one paragraph
11   to another does not necessarily give the witness
12   the context she needs to answer the question.
13   She can answer if she is able obviously.
14   BY THE WITNESS:
15     A.    From the transcript, it appears to be
16   that someone is suggesting -- I don't know.  Can
17   you repeat the question?  I'm sorry.
18     Q.    Sure.  And if you'd like, you can read
19   page 70, the entirety of page 71, 72, and 73 if
20   you'd like, and then I will ask you the same
21   question.
22     A.    If I can just hear the question.
23     Q.    Based on what you read in this argument
24   here, at the bottom of page 73, were there

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 55

1    allegations made by defense counsel that Ms.

2    Friend didn't show up because somehow there were

3    allegations that her life was threatened?

4         MR. STARR:  Same objections.

5    BY THE WITNESS:

6         A.   Well, from the transcript, it appears to

7    be that the defense attorney is claiming that she

8    may have said that if allowed to testify about

9    it, not that -- I mean that's what it appears to

10   be from the reading of it.

11        Q.   Do you recall Ms. Friend ever making any

12   allegations that her life was threatened?

13        MR. STARR:  Form, foundation.

14   BY THE WITNESS:

15        A.   No, I don't remember.

16        Q.   Prior to trial, did you meet with Ms.

17   Friend in preparation for her testimony?

18        A.   I don't remember.

19        Q.   I'm going to scroll on down to 76.  Do

20   you see your name here, Ms. O'Connor, in the

21   middle of the page?

22        A.   Yes, line 16.

23        Q.   So this is you speaking at this point.

24   Do you see that?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 56

1    A.    Yes.

2    Q.    I'm just going to scroll down through

3  your argument to page 83.  If I can have you read

4  from where it starts "Because."  You can read to

5  yourself and let me know when you're finished.

6    A.    Okay.  I read it.

7    Q.    Does that refresh your memory as to

8  whether or not you met with Ms. Friend prior to

9  her testimony?

10    MR. STARR:  Objection.

11  BY THE WITNESS:

12    A.    No, it doesn't.

13    Q.    Based on your representation here in

14  court, on this date, it appears that you didn't

15  know what she was going to say.  Do you see that

16  at the bottom of the page here where you

17  indicate, "I didn't know what she was going to

18  say"?  Do you see that?

19    A.    I do, but that doesn't refer to the date

20  that -- from this transcript.

21    Q.    Okay.  Do you see also where you

22  indicate that you were prepared to have the

23  State's Attorney come in and testify to what she

24  said at the Grand Jury if you needed to impeach

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 57

1    her?

2        A.    Yes.

3        Q.    I'm going to show you what we marked as

4    Exhibit 11.  For the record, this is Fletcher

5    8584 through 8586.  Do you see the document up on

6    your screen?

7                        (WHEREUPON, said document

8                         was marked as Deposition

9                         Exhibit No. 8 for

10                        Identification.)

11       A.    Yes.

12       Q.    Okay.  Does this appear to be a letter

13   from defense counsel to you?

14       A.    Yes.

15       Q.    And it has the date of September 30,

16   2004.  Do you see that?

17       A.    Yes.

18       Q.    And based off this letter, it appears

19   that defense counsel is attaching his

20   investigator's report from an interview with

21   Edward Cooper.  Do you see that?

22       A.    Yes.

23       Q.    Do you have a recollection as of

24   September 30th, 2004, whether or not you had been

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 58

```
 1   able to locate Mr. Cooper?
 2        A.   I don't remember, no.
 3        Q.   I'm going to show you what we marked as
 4   Exhibit 12.  Do you see that on your screen?
 5                        (WHEREUPON, said document
 6                        was marked as Deposition
 7                        Exhibit No. 12 for
 8                        Identification.)
 9        A.   Yes.
10        Q.   What do you recognize this document to
11   be?
12        A.   Appears to be a detective police report.
13   MR. COYNE:  Can we see the Bates stamp?
14   MS. WEST:  For the record, it is Bates-stamp
15   City-JF 140 through 148.
16   BY MS. WEST:
17        Q.   Was this a part of the trial file in the
18   underlying criminal case?
19   MR. STARR:  Form, foundation, speculation.
20   BY THE WITNESS:
21        A.   I don't know.  I assume so.
22        Q.   If it were part of the file, it would
23   have been something you reviewed in preparation
24   for trial, correct?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 59

1      MR. COYNE:  Objection; foundation.  Go ahead.

2    BY THE WITNESS:

3      A.   Yes, it would have been.

4      Q.   I'm going to scroll down to page six of

5    this document.  Do you see it's the second full

6    paragraph?  Midway through the first sentence, it

7    has Edward Cooper's name.  Do you see that?

8      A.   Yes.

9      Q.   If you can read that paragraph and let

10   me know when you're finished, please.

11     A.   Yes.

12     Q.   Based on that paragraph, does it appear

13   that the detective showed Mr. Cooper a photo

14   array when they spoke to him?

15     A.   Yes.

16     Q.   And based on this paragraph that you

17   just read in this document, that Mr. Cooper

18   picked out the photo of James Fletcher and

19   stated, "He looked similar to one of the

20   offenders.  He could not be positive of his

21   identification."  Do you see that?

22     A.   Yes.

23     Q.   So based on this paragraph, it appears

24   that a positive identification didn't happen,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 60

1    correct?

2        MR. STARR:  Objection; form, foundation,

3    calls for speculation.

4    BY THE WITNESS:

5        A.    It appears that with Mr. Cooper at that

6    time there was not a positive identification.

7        Q.    Thank you.  I'm going to show you what

8    we've marked as Exhibit 13.  For the record, this

9    is CCSAO.

10               Conflicts Fletcher Dixon Bogucki

11   1761 through 1767.

12       MR. STARR:  What number did you say this was?

13       MS. WEST:  13.

14   BY MS. WEST:

15       Q.    Ms. O'Connor, do you see a document on

16   your screen?

17       A.    Yes.

18       Q.    I'm going to scroll through the document

19   really quick.  What do you recognize this series

20   of photographs to be?

21       A.    Appears to be a photo array.

22       Q.    Do you have a recollection of this photo

23   array being a part of the trial file?

24       MR. STARR:  Form, foundation, speculation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 61

1    BY THE WITNESS:

2        A.   No, I don't know if it was part of the

3    trial file.

4        **Q.   Based on your review of this photo**

5    **array, do you consider the photo array to be**

6    **unfair?**

7        MR. COYNE:  Objection; form, foundation.

8        MR. STARR:  Join.

9    BY THE WITNESS:

10       A.   No.

11       **Q.   I'm going to show you what we marked as**

12   **Exhibit 14.**

13               **Counsel, I apologize.  This will be**

14   **upside down when you look at it.**

15               **For the record, this is Individual**

16   **Defendants 939.  Do you see a document on your**

17   **screen?**

18                        **(WHEREUPON, said document**

19                        **was marked as Deposition**

20                        **Exhibit No. 14 for**

21                        **Identification.)**

22       A.   Yes.

23       **Q.   What do you recognize this document to**

24   **be?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 62

```
 1     A.   Appears to be a picture of the lineup
 2  that was used in the case.
 3     Q.   And was this lineup photo used in the
 4  criminal trial?
 5     A.   I don't know that that specific one was
 6  used.
 7     Q.   Was a lineup photo used during the
 8  criminal trial?
 9     A.   Yes.
10     Q.   By the way, in this picture, do you know
11  which individual -- or do you know if Mr.
12  Fletcher is an individual in this photograph?
13  MR. STARR:  Form.
14  BY THE WITNESS:
15     A.   No, I'm not sure.
16     Q.   Based on your review of this lineup
17  photo, would you consider the lineup to be fair?
18  MR. COYNE:  Objection; form, foundation.
19  MR. STARR:  Join.
20  BY THE WITNESS:
21     A.   Yes.
22     Q.   I'm going to show you the blue-back
23  again, which we previously marked as Exhibit 3.
24           Do you see a document up on the
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 63

1    screen?

2        A.   Yes.

3        Q.   At the top of this page in the left-hand

4    corner, do you see the date 10/4/04?

5        A.   Yes.

6        Q.   Is that in your handwriting?

7        A.   It appears to be.

8        MR. STARR:  What's the Bates for that one,

9    Allyson?

10       MS. WEST:  This specific page is Individual

11   Defendants 1919.

12       MR. STARR:  Thanks.

13   BY MS. WEST:

14       Q.   Can you read what you wrote happened on

15   that date, please.

16       A.   It reads the date "October 4, '04.

17   Kirby.  In custody.  In court with J & B.  Motion

18   stayed til 11/8/04 for jury trial."  My initials.

19   You want me to read the whole thing?

20       Q.   Yes.

21       A.   "Ed Cooper here 10/1 Friday p.m.  Got

22   passed for 10 something."  I can't read it.

23   "Emmett Wade in court.  Subpoena continued by

24   court on record.  Sheenee Friend.  Rule continued

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 64

1  to 11/8 I-bond.  Jackie Latsen, parole agent, in

2  court with Sheenee Friend on ACC case.  On parole

3  until 3/05."  I can't read.  The page is cut off.

4      Q.   I'll scroll down for you.

5      A.   "On parole until 3/05.  Dr. Donohue

6  11/10.  Afternoon okay."  And then, "Warrant

7  executed.  Bond 10,000 I-bond.  Box.  Get Terry

8  Rogers.  Box.  Term 80/120 on November 8th."

9      Q.   Thank you.  Based on what you just read

10  and what's written here, does it appear that on

11  this date, Mr. Cooper was in court?

12      A.   Yes.

13      Q.   And --

14      A.   No, it doesn't.  It says he was here on

15  October 1st.  Got passed for 10. -- I think it

16  meant 10.4, which was the date of the entry.

17      Q.   I'm sorry.  Go ahead.

18      A.   That's okay.  I was just going to repeat

19  what I said.  There's no reason to.

20      Q.   So based on what you read, so Edward

21  Cooper was in court on 10/1?

22      A.   That's what it says.

23      Q.   When he was in court on 10/1, would you

24  have met with him?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 65

1      MR. COYNE:  Objection; foundation.

2    BY THE WITNESS:

3      A.   I don't know if I did or not.

4      **Q.   Does it appear based on this that Mr.**

5    **Wade was in court?**

6      A.   On 10/4, yes.  It says, "Emmett Wade

7    IC," in court.  "Subpoena continued on court on

8    record."

9      **Q.   Does it also appear here that Ms. Friend**

10   **was in court on 10/4?**

11     A.   Yes.

12     **Q.   Do you have an independent recollection**

13   **of meeting with Edward Cooper prior to him**

14   **testifying at trial?**

15     A.   No, I don't.

16     **Q.   Do you have an independent recollection**

17   **as to the details of Mr. Cooper's testimony at**

18   **trial?**

19     MR. COYNE:  Objection; form.

20   BY THE WITNESS:

21     A.   No, I don't.

22     **Q.   I'm going to show you what I marked as**

23   **Exhibit 15.**

24             **For the record, this is Fletcher**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 66

1    6924.   Do you see a document on your screen?

2                          (WHEREUPON, said document

3                          was marked as Deposition

4                          Exhibit No. 15 for

5                          Identification.)

6    A.    Yes.

7    Q.    What do you recognize this document to

8    be?

9    A.    Appears to be a criminal complaint

10   against James Fletcher.

11   Q.    What is a criminal complaint?

12   A.    The initial charging document.

13   Q.    And based on this document, who signed

14   the criminal complaint?

15   A.    Kathleen Lanahan.

16   Q.    Do you know who Kathleen Lanahan is?

17   A.    I do know who she is.

18   Q.    At the time in April 2002, was she with

19   the State's Attorney's Office?

20   A.    Yes.

21   Q.    What is the significance of signing a

22   criminal complaint, if any?

23   A.    Means that -- that there's enough

24   evidence to charge a person with the crime he is

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 67

1    being charged with.  That you believe that there

2    is enough evidence.

3        Q.    Again, in April of 2002, do you know

4    what division or unit Ms. Lanahan was in?

5        A.    No, I don't know where she was working.

6    Independently, I don't know.

7        Q.    I'm going to show you what's been marked

8    as Exhibit 16.

9               For the record, this is Fletcher

10   8558 through 8559.  Do you see a document on your

11   screen?

12                        (WHEREUPON, said document

13                        was marked as Deposition

14                        Exhibit No. 16 for

15                        Identification.)

16       A.    I see the very top of it, yes.

17       Q.    Let me scroll down a little bit.  Do you

18   recognize this document?

19       A.    It appears to be a motion to extend the

20   term in this case -- James Fletcher's case.

21       Q.    Is this what we talked about where you

22   said you wanted to extend the term?

23       A.    Yes.

24       Q.    And from the document, does it appear

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 68

1    you requested 60 days?

2        A.   Yes.

3        Q.   **To your recollection, was this motion**

4    **granted?**

5        A.   To the best of my recollection, it was,

6    at least in part.  I'm not sure if the whole 60

7    days was granted or not.  I don't remember.

8        Q.   **Do you recall when you -- the date that**

9    **you tried Mr. Fletcher's jury trial?**

10       A.   No.

11       Q.   **Did you use the 60-day extension that**

12   **you requested, or did you proceed to trial before**

13   **those 60 days were over?**

14       MR. STARR:  Form, foundation.

15       MR. COYNE:  Join.

16   BY THE WITNESS:

17       A.   I don't remember.

18       Q.   **I previously asked you, I believe, about**

19   **the -- maybe I asked you about the lineup.**

20            **Let me ask you this:  Did a photo**

21   **array -- did you introduce a photo array at**

22   **trial?**

23       MR. STARR:  Objection; form, foundation.

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 69

1    BY THE WITNESS:

2        A.   I don't remember for sure.

3        Q.   **If, generally speaking, you introduced a**

4    **photo array at a jury trial, would that array go**

5    **back with the jury as evidence?**

6        MR. COYNE:  Objection; form, foundation.

7    BY THE WITNESS:

8        A.   Generally speaking, yes.

9        Q.   **Just so I'm clear, you do have a**

10   **recollection of a lineup photo being presented at**

11   **trial; is that right?**

12       A.   Yes.

13       Q.   **Did that lineup photo go back to the**

14   **jury?**

15       A.   I don't know.

16       Q.   **Generally speaking, if you would**

17   **introduce a lineup photo at trial, would it**

18   **typically be allowed to go back to the jury?**

19       A.   Yes.

20       Q.   **Back to Exhibit 3, the blue-back.  I'm**

21   **going to show you -- for the record, it's**

22   **Bates-stamp 1925 of the blue-back.  Do you see a**

23   **document on your screen?**

24       A.   Yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 70

```
 1        Q.   Do you see -- let me scroll up where it
 2   says "Arguments" at the top of this page.
 3        A.   Yes.
 4        Q.   Is that your handwriting?
 5        A.   Appears to be, yes.
 6        Q.   And under that does it say, "Jury out"?
 7        A.   Yes.
 8        Q.   And it has a time next to it?
 9        A.   Yes.
10        Q.   Can you read what the time is?
11        A.   It's 2 something 7.  It looks like 07
12   p.m.
13        Q.   And what's the word under "Jury out"?
14        A.   "Back."
15        Q.   And does it say "3:45 p.m."?
16        A.   Yes.
17        Q.   And jury out at 2:07 p.m., does that
18   mean the jury is out for deliberation?
19        A.   Yes.
20        Q.   And then what does "Back" mean?
21        A.   That the jury has their verdict.
22   They're finished with deliberation.
23        Q.   And what was their verdict?
24        A.   Guilty.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 71

1    Q.    And did you document that here?

2    A.    Yes.

3    Q.    Where do you document that?

4    A.    "VG."  Verdict of guilty.

5    Q.    And then what are the letters next to

6    "VG"?

7    A.    "OC" for order of court.

8    Q.    And a date next to that?

9    A.    Yes.

10   Q.    What does that date mean?

11   A.    3/21/05, that -- you mean what's that

12   date for?

13   Q.    Yes.

14   A.    Well, it would be for potential filing

15   of defense motion for a new trial and/or

16   sentencing.

17   Q.    Do you recall receiving the verdict in

18   this case?

19   A.    Independent recollection, no.

20   Q.    Do you have an independent recollection

21   if the defense filed any post-trial motions?

22   A.    Only from what I was presented to take a

23   look at before the deposition.

24   Q.    And let me show you what we marked as

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 72

1    **Exhibit 17.  Do you see a document on your**

2    **screen?**

3                            **(WHEREUPON, said document**

4                            **was marked as Deposition**

5                            **Exhibit No. 17 for**

6                            **Identification.)**

7    A.   Yes.

8    **Q.   Do you recognize this document?**

9    A.   It appears to be an answer filed by the

10   State's Attorney's Office in response to a motion

11   for new trial in the case.

12   **Q.   For the record, Bates-stamp Fletcher**

13   **9965 through 9968.  And down on the last page,**

14   **did you sign off on this answer to the motion for**

15   **new trial?**

16   A.   My name is typed there.  It's not signed

17   on this copy that you're showing me.

18   **Q.   Do you have a recollection of drafting a**

19   **response to defense counsel's motion for a new**

20   **trial?**

21   A.   No.

22   **Q.   Typically, if you were still in the**

23   **assigned courtroom, would you have handled any**

24   **post-trial motions related to Mr. Fletcher's**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 73

1    case?

2        A.    Yes.

3        Q.    **Can I have you read paragraph one,**

4    **please?  And let me know when you are finished.**

5        A.    Finished.

6        Q.    **Do you recall this issue being argued by**

7    **defense counsel in their motion for a new trial?**

8        A.    I'm reading -- I'm responding to it, so

9    apparently they did argue that.

10       Q.    **Based on what you just read, what was**

11   **the State's position regarding this particular**

12   **issue?**

13       MR. BERGSTROM:  Object to the extent it calls

14   for deliberative process.

15       MR. COYNE:  To the extent you would be going

16   on what's written on this page, that -- to the

17   extent you would be going beyond what's written,

18   to the extent you would be revealing your mental

19   impressions, I would also instruct out not to

20   answer, to the extent you would need to do that

21   to answer that question.

22   BY MS. WEST:

23       Q.    **To be clear, I'm mainly asking what's**

24   **contained in this paragraph since you don't have**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 74

1   **a recollection of this.**

2       A.   The issue, of course, of investigation

3   and whether any hearsay testimony was elicited.

4       **Q.   And was it the State's position it was**

5   **not?**

6       MR. COYNE:  Same instruction.  If the

7   position is revealed in that document, you can

8   answer.  If you need to go beyond what's written

9   in that document to reveal what the position was

10  with the State's Attorney's Office or you, I

11  instruct you not to answer.

12  BY THE WITNESS:

13      A.   Our position is that there was no

14  hearsay elicited.

15      **Q.   Looks like you cited case law supporting**

16  **that argument.  Do you see that?**

17      A.   Yes.

18      **Q.   Do you see number two here?**

19      A.   Yes.

20      **Q.   Can you take a moment to read that**

21  **paragraph?  And I can scroll down because it**

22  **continues.**

23      A.   Okay.  Finished paragraph two.

24      **Q.   Thank you.  Based on the response made**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 75

1    in argument two, does it appear that the defense

2    was arguing that the photo array was inherently

3    suggestive or unfair?

4        A.   I'm not sure.  I'm not sure of the photo

5    array.  The lineup photo do they seem to be

6    talking about?

7        Q.   I'm sorry.  The lineup photo.

8        A.   And your question to me is they seem to

9    be arguing that the lineup photo was unfair?

10   They did seem to be arguing that, yes.

11       Q.   And based on the argument set forth in

12   paragraph two, what was the state's position in

13   response?

14       MR. BERGSTROM:  Objection to the extent it

15   calls for deliberative process privilege.

16       MR. COYNE:  Same instruction as given earlier

17   regarding work product.

18   BY THE WITNESS:

19       A.   Well, we argued that it was not unfair.

20       Q.   I'm going to show you what we marked as

21   Exhibit 18.  Can you see the document on your

22   screen?

23                        (WHEREUPON, said document

24                         was marked as Deposition

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 76

1              **Exhibit No. 18 for**

2              **Identification.)**

3      A.   Yes.

4      **Q.   I'll scroll down a bit.  For the record,**

5  **this is IDOC 305 to 307.  Do you recognize this**

6  **document?**

7      A.   Appears to be, yes, the pen letter

8  associated with this case.

9      **Q.   When you say pen letter, what does pen**

10 **letter mean?**

11     A.   A letter written about the case to the

12 officials at the penitentiary.

13     **Q.   And down at the bottom of this last**

14 **page, is that your signature?**

15     A.   It appears it is, yes.

16     **Q.   What's the purpose of a pen letter?**

17     MR. COYNE:  Same instruction as earlier.  If

18 you need to divulge your mental impression or

19 your Assistant State's Attorney's mental

20 impression in answering that question, then I am

21 going to instruct you not to answer.

22          If you can disclose or answer that

23 question without disclosing your mental

24 impressions, go ahead.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 77

```
 1   BY THE WITNESS:
 2        A.   The purpose is to inform the
 3   penitentiary of the person that they will be
 4   receiving and what they did.
 5        Q.   Is this something that's done typically
 6   in every case where an individual is sentenced to
 7   prison?
 8        A.   Yes, it was.  I don't know if they do it
 9   now.
10        Q.   Calling your attention to page three
11   here that we're on, starting at this -- let's
12   see, second paragraph here.  It says, "This
13   murder."
14        A.   Yes.
15        Q.   Can you read from there to the end out
16   loud, please?
17        A.   "This murder of the victim was the
18   defendant's second murder conviction and mandated
19   the natural life sentence.  The defendant's first
20   murder conviction is from 1980, a murder he
21   committed at age 16.  He killed a shopkeeper by
22   shooting him with a shotgun during an attempted
23   armed robbery.  He was sentenced to 22 years in
24   the Illinois Department of Corrections.  Paroled
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 78

1   in July of 1990, and five months later committed
2   the murder for which he is sentenced to natural
3   life.  In addition, the defendant was convicted
4   in 1991 of possession of a stolen motor vehicle
5   and armed robbery and sentenced to three years in
6   the Illinois Department of Corrections and 25
7   years in the Illinois Department of the
8   Corrections concurrent.  In the 1991 armed
9   robbery, the defendant and two others robbed at
10  gunpoint three Canadian women on the Dan Ryan
11  after their car broke down as they were stranded
12  on the road.  The defendant's record speaks for
13  itself.  There is no place for him, other than
14  the Illinois Department of Corrections for the
15  rest of his life."
16       Q.   And at the time that you wrote this, was
17  that the position of the State's Attorney's
18  Office what you just read?
19       A.   Well, that was the law.
20       MR. COYNE:  Same instruction as earlier.  The
21  document speaks for itself.  If you need to go
22  beyond what the document says to reveal anything
23  other than what's specifically written there, I
24  would instruct you not to answer the question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 79

1      MR. BERGSTROM:  Join to the extent it calls

2  for deliberative process.

3  BY MS. WEST:

4      **Q.   Can I have you repeat your answer?  I**

5  **didn't hear it.**

6      A.   I think I said it was the law.  Natural

7  law is the sentence for your second murder

8  conviction.

9      MS. WEST:  Give me one second.  I'm going to

10  look through my notes.  I think I am finished.

11      MR. COYNE:  Can we take five as you are doing

12  that?  I want to make sure we're not interrupted

13  in this office?

14      MS. WEST:  Absolutely.

15      MR. STARR:  Can we make that a ten-minute

16  break?

17      MS. WEST:  Sure.

18      MR. BERGSTROM:  I'm going to have Cliff

19  Holmes step in for me.

20      MS. WEST:  Come back at 1:00 o'clock.

21                      (Recess.)

22      MS. WEST:  I do have one for follow-up, and I

23  promise I'm done.  Back on the record.

24      MR. HOLMES:  If I can announce my appearance

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 80

1    on behalf of the State's Attorney's Office in

2    place of Assistant State's Attorney Jeremy

3    Bergstrom, I am W. Clifton Holmes, Assistant

4    State's Attorney.  Thank you.

5    BY MS. WEST:

6        **Q.   I just want to show you another page out**

7    **of the blue-back that we marked as Exhibit 3.**

8    **For the record, this is the blue-back Exhibit 3,**

9    **page Individual Defendants 1921.  Do you see a**

10   **document in front of you, Ms. O'Connor?**

11       A.   Yes.

12       **Q.   Is this your handwriting on this page?**

13       A.   It appears to be, yes.

14       **Q.   What I'd like you for do, because I**

15   **don't think I can read or understand what is on**

16   **most of this page, starting at 12/13/04, in the**

17   **middle of the page, can you read what that says**

18   **for me, please.**

19       A.   "12/13/04.  Kirby.  In custody in court

20   with J & B.  Motion stayed 12/14/04.  116/120

21   writ for hearing."  And then, "12/14/04.  Kirby.

22   In custody.  In court with J & B.  State ready.

23   By agreement 2705 writ for jury.  (Gives us 21

24   additional days.)"  And 12/16 is a note -- the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 81

1    date 12/16 with an S crossed through meaning

2    subpoenas. And then, "2/7/05. Kirby. In

3    custody, IDOC. In court with J & B. Motion

4    stayed 2/22/05. Writ for jury." Again, my

5    initials "AOC" that appear after the other two

6    entries that I read. And then under, "103-5 21

7    additional days due to -- um -- lest by agreement

8    date." And then the note "S" for subpoenas with

9    a line through it.

10        Q.   The date 12/14/04, where you wrote

11   "State ready," do you see that?

12        A.   I do.

13        Q.   Does that mean that on December 14th,

14   '04, the State answered ready for trial?

15        A.   I don't know. It might mean -- I don't

16   know, because that date wasn't a trial date, it

17   was a hearing date. Writ for hearing from the

18   prior continuance motion stayed 12/14/04. Writ

19   for hearing.

20        Q.   If you go where it says -- so directly

21   to the right of that, "By agreement 2/7/05 WFJ,"

22   does that mean -- you said writ for jury?

23        A.   Yes.

24        Q.   So then does that indicate to you that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 82

1  **the State was ready to proceed for jury trial on**

2  **2/7/05?**

3      A.   That wouldn't indicate that.  That would

4  indicate that the two sides went by agreement to

5  that date for a jury trial.

6      Q.   **Okay.  Same thing for the entry below?**

7      A.   On 2/7/05, the date that was set for

8  jury trial.  Obviously, it didn't go to trial.

9  And it's a motion stayed date again.  And that

10  note explains that 21 additional days were

11  allowed under Schedule 103-5, because the prior

12  date was a by-agreement date.

13      Q.   **And let me scroll down just two pages**

14  **here to Bates Individual Defendant's 1923.  At**

15  **the top of this page, based on -- let me ask you**

16  **this:  Is this your handwriting on this page?**

17      A.   It appears to be, yes.

18      Q.   **And based on this page, what's**

19  **documented here, does it appear that it proceeded**

20  **to jury trial on 2/22/05?**

21      A.   Yes.

22      MS. WEST:  Those are all the questions I have

23  of you.  Thank you very much.

24      MS. HARRIS:  I may have some questions later

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 83

 1    on.  I'm still going through some things.  You

 2    can go right now.

 3                        EXAMINATION

 4    BY MR. STARR.

 5        Q.   Good afternoon, Ms. O'Connor.  I know we

 6    started in the morning.  It is now afternoon.  My

 7    name is Sean Starr.  I represent plaintiff James

 8    Fletcher.

 9               I want to talk to you and ask you a

10    few questions about -- generally about your

11    experience as a felony trial State's Attorney.

12               Correct me if I'm wrong, based on

13    your earlier testimony, I believe you said you're

14    in the felony trial division starting in 1989; is

15    that correct?

16        A.   Yes.

17        Q.   And then you were there all the way

18    until you retired in 2012; is that right?

19        A.   No, because of short assignments to

20    other units.  I was in public integrity for a

21    short time.  To tell you the truth, I don't

22    remember if felony review is considered part of

23    the felony trial division.  But I was also in

24    felony review, so...

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 84

1    Q.   Is it correct to say that you had 20
2    years of experience in the felony trial division?
3    A.   Yeah.  Well, close to it, I think.
4    Q.   So at the time you retired in 2012, you
5    were fairly well versed in the policies and
6    practices of the felony trial division in the
7    Cook County State's Attorney's Office, correct?
8    MR. COYNE:  Objection; form.
9    BY THE WITNESS:
10   A.   Hope so.
11   Q.   I want to ask you generally about your
12   practices during the time that you were assigned
13   to the felony trial division.  And if anything
14   that I ask you is a deviation from the general
15   practices, I would ask that you just let us know
16   that.
17        Speaking generally, when you were
18   first assigned a case in the felony trial
19   division, what materials would you make an effort
20   to review?
21   A.   Police report, forensics, Grand Jury
22   testimony.
23   Q.   And was that an expectation as a felony
24   trial attorney, that you were expected to review

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 85

1    **those documents when you first were assigned a**

2    **case?**

3        MS. WEST:  Objection to form.

4    BY THE WITNESS:

5        A.   If you want to know your case, you have

6    to read the file, and you have to see what else

7    -- if something's missing that you need to order.

8    I'm not sure if I answered your question.

9        **Q.   Well, did you make it a practice to**

10   **always read the file and make sure that you were**

11   **familiar with all the materials that were in the**

12   **file?**

13       A.   Yeah, I tried to.

14       **Q.   In addition to police reports and Grand**

15   **Jury testimony, I think you said forensics.  Is**

16   **that something else you'd review?**

17       A.   If there is any, yes.

18       **Q.   Would you go about identifying who the**

19   **witnesses were in any given case?**

20       A.   Yes.

21       **Q.   How would you make the determination to**

22   **find out who the witnesses were in any given**

23   **case?**

24       MR. COYNE:  Objection; foundation.  Is this

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 86

1   line of questioning generally?

2       MR. STARR:  Yes, generally.

3   BY THE WITNESS:

4       A.   Generally from the police reports.

5       **Q.   And if there were any handwritten**

6   **statements by any witnesses, would you make**

7   **certain to read those?**

8       A.   Yes.

9       **Q.   And you would review the police reports**

10  **that were in the file, correct?**

11      A.   Correct.

12      **Q.   Did you ever -- strike that.**

13              **If there were notes that the police**

14  **had taken, would you review those?**

15      A.   Yes.

16      **Q.   Were you familiar during your time as a**

17  **trial attorney with what a general progress**

18  **report is?**

19      A.   Yes.

20      **Q.   And what was your understanding general**

21  **progress reports were?**

22      A.   Notes that the police took at certain

23  times during their investigation.

24      **Q.   Okay.  And if you were reviewing a file**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 87

1    for a case that you were assigned to work on, and

2    there were police reports indicating that police

3    had interviewed witnesses, but there were no

4    general progress reports, would you ask for the

5    presence of general progress reports?

6        MR. COYNE:  Objection; foundation,

7    speculation.  Go ahead.

8

9    BY THE WITNESS:

10       A.   It was the general practice to subpoena

11   all police reports, including general progress

12   reports.

13       Q.   Okay.  And in circumstances if you

14   received a file that did not contain any general

15   progress reports, would you follow up and ask the

16   police if there were any general progress

17   reports?

18       MS. WEST:  Objection; foundation.

19       MR. COYNE:  Speculation.  Go ahead.

20   BY THE WITNESS:

21       A.   It might depend on the case.  Like a

22   murder case, yes.

23       Q.   So while the -- for the purposes of

24   today's deposition, just to expedite things,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 88

 1    **since this case involves a murder case, a**

 2    **homicide case, why don't we constrain our**

 3    **questions and answers to murder cases.**

 4            **In a homicide case where you**

 5    **received a file full of police reports that did**

 6    **not have any general progress reports but did**

 7    **indicate there were witnesses involved, is that**

 8    **the case where you would follow up and ask for**

 9    **general progress reports?**

10        MS. WEST:  Objection to form.

11        MR. COYNE:  Objection; foundation, incomplete

12    hypothetical, requires speculation.

13            Sean, just so I don't have to keep

14    interrupting, can I have a continuing line of

15    objection as to foundation, incomplete

16    hypothetical, and speculation as to your general

17    scenario questions?

18        MR. STARR:  If you want.  I mean I think --

19    they're not necessarily all going to fit into

20    that shoehorn set of objections.

21            Sure, if you want to generally make

22    an objection, that's fine.

23        MR. COYNE:  I don't want to keep interrupting

24    you.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 89

1      MS. WEST:  For the record, I am going to join

2   the last objection.  Just the singular objection,

3   not the standing.

4   BY THE WITNESS:

5      A.   So the question was?

6      **Q.   I will reask it.**

7           **In homicide cases that you were**

8   **assigned, if you received a file that had police**

9   **reports in it that indicated that witnesses were**

10  **interviewed, but there were no general progress**

11  **reports included in the file, would you make an**

12  **effort as a matter of practice to follow up to**

13  **ask if there were any general progress reports?**

14     MS. WEST:  Same objections.

15     MR. COYNE:  Incomplete hypothetical,

16  speculation.  Go ahead.

17  BY THE WITNESS:

18     A.   Generally, yes.

19     **Q.   Anything else that you would make it a**

20  **practice to review when you first received a**

21  **file?**

22     MR. COYNE:  Form and foundation.

23     MS. WEST:  Join.

24  BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 90

1      A.   Whatever is in the file, I would review.

2      **Q.   So the entirety of the file.**

3           **Would you make it a practice to**

4  **interview witnesses if there are witnesses**

5  **involved in a case you are assigned?**

6      A.   At what point?

7      **Q.   Let me ask it this way.  Under what**

8  **circumstances would the State's Attorney's Office**

9  **interview witnesses independently of the Chicago**

10 **Police Department?**

11     MR. COYNE:  Foundation.

12     MS. WEST:  Join.

13     MS. HARRIS:  Join.

14 BY THE WITNESS:

15     A.   Speculation.  I mean that's -- I can't

16 answer that question in general.

17     **Q.   Did you interview witnesses as a trial**

18 **attorney independent of the Chicago Police**

19 **Department?**

20     MR. COYNE:  Objection; form.  Go ahead.

21 BY THE WITNESS:

22     A.   Sometimes.

23     **Q.   Would you interview witnesses that you**

24 **intended to call to trial?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 91

1    A.   Hopefully, if I could.

2    **Q.   So is it correct to say that you would**

3    **make an effort to interview witnesses that you**

4    **intended to call at trial?**

5    MS. WEST:  Objection; misstates her

6    testimony.

7    BY THE WITNESS:

8    A.   I would have tried to.  I would hope to.

9    **Q.   And did you interview witnesses outside**

10   **the presence of police personnel?**

11   MR. COYNE:  Form, foundation.

12   MS. WEST:  Join.

13   BY THE WITNESS:

14   A.   Sometimes, yes.

15   **Q.   In what circumstances would you**

16   **interview witnesses outside the presence of**

17   **police personnel?**

18   MR. COYNE:  Foundation, requires speculation.

19   MS. HARRIS:  Join.

20   BY THE WITNESS:

21   A.   If I was able to set up an interview

22   with the witness to prepare for trial, I would be

23   interviewing them without -- it's possible

24   without a detective.  There's so many different

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 92

1    scenarios.

2        **Q.   As a general practice, did you interview**

3    **witnesses in the company of Chicago Police**

4    **personnel?**

5        A.   No.

6        **Q.   Any scenarios where you would interview**

7    **a witness in the presence of defense counsel?**

8        MR. COYNE:  Objection; foundation, requires

9    speculation.

10   BY THE WITNESS:

11       A.   I don't remember.

12       **Q.   Do you know if you ever interviewed any**

13   **witness in the presence of a defense counsel**

14   **outside of a courtroom?**

15       A.   I don't remember.

16       **Q.   As a felony trial attorney, did you ever**

17   **make promises to witnesses in exchange for their**

18   **testimony?**

19       MR. COYNE:  Objection; form.

20   BY THE WITNESS:

21       A.   I don't recall.

22       **Q.   Do you know if any promises were made to**

23   **any of the witnesses in this case -- in the**

24   **Fletcher prosecution?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 93

```
 1      MR. COYNE:  Objection; form.

 2  BY THE WITNESS:

 3      A.   Not that I recall.

 4      Q.   Do you know if it was within the policy

 5  of the Cook County State's Attorney's Office to

 6  make promises to witnesses in exchange for their

 7  testimony?

 8      MR. COYNE:  Objection; form, foundation.

 9      MR. HOLMES:  I object to the extent this

10  seeks information protected by the deliberative

11  process privilege, which includes factors bearing

12  on the question of why the office charges a given

13  suspect.

14              The witness may answer the question

15  if you can answer without violating the

16  deliberative process privilege.

17      MR. COYNE:  Same instruction as to work

18  product.  You understand?

19  BY THE WITNESS:

20      A.   Yeah, I understand.  You asked me if

21  we --

22      MR. COYNE:  You want to hear it again?

23      THE WITNESS:  Can I hear it again?

24      MR. STARR:  Read back the question.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 94

```
 1                    (Said question was read
 2                    back.)
 3       MR. HOLMES:  Same objection and same
 4  admonition.
 5       MR. COYNE:  Same here as well.
 6  BY THE WITNESS:
 7       A.   Yeah, I can't answer that.
 8       Q.   You can't answer if you know or not
 9  without invoking the deliberative process
10  privilege?
11       MR. COYNE:  That's a different objection if
12  she knows or not.
13  BY MR. STARR:
14       Q.   My question was:  Do you know if it was
15  within the policy to do that?
16       A.   Yeah, there have been plea agreements in
17  some cases during the course of the years.  But
18  in my recollection, it would have involved
19  another defendant.  A plea agreement would be
20  made, use one defendant to testify at another
21  defendant's trial.  As far as I've never -- if
22  you're talking about promises to witnesses, I'm
23  unaware of any promises.  I don't remember any
24  promises to witnesses.  The plea agreements, if
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 95

1    you call that a promise, I guess --

2    BY MR. STARR:

3        **Q.    I didn't mean to interrupt you.**

4    **Promises could be defined in a variety of ways.**

5    **Let me just ask you this:  Did you ever during**

6    **your time as a Cook County State's Attorney agree**

7    **to pay a witness in exchange for their testimony?**

8        A.    No.

9        **Q.    Was that prohibited by the policy of the**

10   **Cook County State's Attorney's Office?**

11       MR. COYNE:  Objection; foundation.

12   BY THE WITNESS:

13       A.    I never even heard of that.

14       **Q.    Okay.  And then what about did you ever**

15   **offer a witness use immunity in exchange for**

16   **their testimony?**

17       A.    I don't remember.  I remember, you know,

18   the concept, but I don't remember if I ever had

19   occasion to use that.

20       **Q.    What did you understand that concept to**

21   **be?**

22       A.    I don't know now.  That they would --

23   there would be no charges based on their

24   testimony, I think is what it was.  It was a long

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 96

```
 1    time ago.
 2        Q.    That's fair.  I'm not asking you to
 3    speculate.   I'm asking if you recall.
 4                Do you recall whether or not the
 5    Cook County States Attorney's policy allowed for
 6    trial attorneys like yourself to offer any kind
 7    of plea agreement to a witness on an unrelated
 8    case to the one that you were prosecuting?
 9        MR. COYNE:  Objection to foundation,
10    incomplete hypothetical.  You can answer as long
11    as you wouldn't be revealing your or another
12    State's Attorney's mental process privilege as to
13    how they and why they prosecuted a case.  If you
14    can answer that, go ahead.
15        MR. HOLMES:  Likewise, deliberative process.
16        MS. WEST:  I'm going to join as to form and
17    foundation.
18    BY THE WITNESS:
19        A.    I can't answer.
20        Q.    You can't answer because of your
21    attorney's instruction or because you don't know
22    the answer?
23        A.    I can't answer based on my attorney's
24    instruction.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 97

1      Q.    In this case, the prosecution of James

2   Fletcher, did the State's Attorney's Office offer

3   any plea arrangements with any of the witnesses

4   in exchange for their testimony?

5      A.    No.

6      Q.    I want to pivot and ask you some

7   questions about your obligations or your

8   obligation as a prosecutor under the

9   Brady V Maryland case.  Are you familiar with

10  that case, ma'am?

11     A.    Yes.

12     Q.    And what is your general understanding

13  of what the Brady case stands for?

14     A.    You have an obligation to disclose all

15  information to the other side, whether it's good,

16  bad, or ugly.

17     Q.    So Brady is a Supreme Court case, and

18  Brady and its progeny require prosecutors to

19  disclose exculpatory evidence that they've come

20  in contact with, correct?

21     MS. WEST:  Objection; form.

22  BY THE WITNESS:

23     A.    Yes.

24     Q.    And Brady and its progeny also require

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 98

1   that evidence that could be used to impeach state

2   witnesses must be turned over to the defense,

3   correct?

4       A.   Correct.

5       Q.   And these cases also require that

6   prosecutors prevent destruction of material

7   evidence, correct?

8       MS. WEST:  Objection to form.

9   BY THE WITNESS:

10      A.   The destruction of physical evidence did

11  you say?

12      Q.   Material evidence is what I said.

13               Is it your understanding that Brady

14  and its progeny make it so prosecutors are not

15  allowed to destroy material evidence?

16      A.   Yes.

17      Q.   And you understand that there's -- in

18  addition to the Brady case, there's national and

19  Illinois rules that echo Brady, correct?

20      A.   Yes.

21      Q.   And there's Illinois Rules of

22  Professional Conduct, right, that prohibit

23  prosecutors from withholding exculpatory

24  evidence, correct?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 99

```
 1      A.   Yes.
 2      Q.   And as a Cook County State's Attorney,
 3  did you observe the principals found in Brady and
 4  the other national and state regulations during
 5  your time as a prosecutor?
 6      MR. COYNE:  Objection; form.
 7      MS. WEST:  Join.
 8
 9  BY THE WITNESS:
10      A.   Yes.
11      Q.   And was it your understanding that the
12  Cook County State's Attorney's policy was that
13  you had to adhere to the rules that -- strike
14  that.
15           Was it your understanding that
16  during your time as a Cook County prosecutor, the
17  Cook County State's Attorney policy was that all
18  Cook County State's Attorneys had to adhere to
19  Brady?
20      A.   Yes.
21      Q.   And are you familiar with the
22  prosecutor's duty to seek justice and not merely
23  convict?  Is that something you are familiar
24  with?
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 100

1      A.   Yes.

2      Q.   And was it your understanding during

3  your time at the Cook County State's Attorney's

4  Office that the policies of the Cook County

5  States Attorneys were designed to seek justice

6  and not to merely convict?

7      A.   Correct.

8      Q.   And did you make it a practice to follow

9  Brady during your time as a trial attorney for

10  the State's Attorney's Office?

11      A.   Yes.

12      Q.   And did you make it a practice to turn

13  over any exculpatory evidence you came in contact

14  with during your time as a trial attorney in the

15  Cook County State's Attorney's Office?

16      A.   Yes.

17      Q.   And did you make it a practice to

18  disclose any evidence that might impeach state

19  witnesses during your time as a Cook County trial

20  attorney?

21      A.   Yes.

22      Q.   During your time as Cook County trial

23  attorney, did you destroy any material evidence

24  in any cases that you worked on?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 101

```
 1    A.   No.
 2    Q.   And you are aware that not following the
 3  Brady obligations can lead to discipline,
 4  including suspension and disbarment, correct?
 5    A.   Yes.
 6    Q.   You were aware of that during your time
 7  at the State's Attorney's Office, right?
 8    A.   Yes.
 9    Q.   And the State's Attorney's Office had a
10  policy in place that required you to disclose
11  exculpatory evidence, correct?
12    A.   Yes.
13    Q.   And you adhered to those policies
14  throughout your time as a trial attorney,
15  correct?
16    A.   Yes.
17    Q.   When you first became a Cook County
18  State's Attorney, did you receive any training on
19  the Brady obligations that you had?
20    A.   I don't recall.
21    Q.   Did you receive any training on Brady
22  when you became a Cook County trial -- felony
23  trial division attorney?
24    A.   I don't remember specifically if I
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 102

1    received it immediately upon becoming a trial

2    attorney.  I don't remember when the training

3    was, but there was training.

4        Q.   So you have a recollection that at some

5    point during your time in the trial division, you

6    were trained on your Brady obligations; is that

7    correct?

8        A.   Yes.

9        Q.   Did you learn about your Brady

10   obligations when you were in law school?

11       A.   I don't remember.

12       Q.   Did you ever have any continuing

13   education -- continuing legal education on your

14   Brady obligations as a prosecutor?

15       A.   Not sure.

16       Q.   Would you consider yourself -- strike

17   that.  Did you consider yourself when you were a

18   felony trial attorney to be familiar with your

19   Brady obligations?

20       A.   Yes.

21       Q.   And did you consider yourself at the

22   time at trial division as an attorney that

23   followed your Brady obligations?

24       A.   Yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 103

1    **Q.   The Cook County criminal courts have**

2    **standard discovery requests that address Brady**

3    **obligations; is that correct?**

4    A.   Yes.

5    **Q.   And these standard discovery requests**

6    **are issued in every case, correct?**

7    MR. COYNE:  You are talking about now or in

8    1990 --

9    MR. STARR:  During her time in the trial

10   division.

11   BY THE WITNESS:

12   A.   The defense would normally file a motion

13   for discovery, including any Brady material.

14   **Q.   And those were --**

15   A.   Whether they did in every single case, I

16   don't know, but that was standard.

17   **Q.   And those discovery requests required**

18   **the prosecutor's office to produce all**

19   **exculpatory evidence, correct?**

20   A.   Yes.

21   **Q.   Do you recall any case that you ever**

22   **worked on where those discovery requests were not**

23   **issued?**

24   A.   I don't remember if there were one.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 104

1      **Q.   Okay.  I think earlier when we first**

2   **started talking about your Brady obligations, you**

3   **described it as something you had to turn over**

4   **everything.  Was it that you had to err on the**

5   **side of caution and make sure you disclose all**

6   **evidence you had?**

7      A.   Disclosed -- I would tender and disclose

8   anything related to -- that I had related to the

9   case, including exculpatory material.

10     **Q.   Was it your opinion during the time as a**

11  **trial attorney, that the defense attorneys at**

12  **Cook County could expect to receive all**

13  **exculpatory evidence that individual prosecutors**

14  **working on individual cases had received?**

15     MR. COYNE:  Objection; form, foundation;

16  speculation.

17  BY THE WITNESS:

18     A.   Could you repeat the question, please?

19     **Q.   Was it your experience as a trial**

20  **attorney in the Cook County State's Attorney's**

21  **Office that the defense attorneys working in Cook**

22  **County could expect to get all exculpatory**

23  **evidence in response to their discovery request?**

24     MR. COYNE:  Same objection.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 105

1    BY THE WITNESS:

2        A.   I can't answer that.  I don't have the

3    answer.  I don't know what they would expect.

4        **Q.   Okay.  That's fair.  Are you aware of**

5    **any instance where you have withheld exculpatory**

6    **evidence from criminal defense attorneys?**

7        A.   No.

8        **Q.   Are you aware of any instance where any**

9    **other prosecutor besides yourself has withheld**

10   **exculpatory evidence in a case from criminal**

11   **defense attorneys?**

12       A.   No.

13       **Q.   Have you ever -- strike that.**

14           **Can you please describe for me what**

15   **your personal practice was when disclosing**

16   **exculpatory evidence to criminal defendants and**

17   **criminal defense attorneys during your time at**

18   **the Cook County State's Attorney's Office?**

19       A.   Some of it would be included in the

20   police reports, exculpatory evidence.  And if

21   something -- if a witness said something contrary

22   to what was said before, there were times when it

23   would be written down and tendered in writing by

24   the State's Attorney, by myself.  Certainly some

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 106

```
 1   forensic reports would be considered exculpatory
 2   if it wasn't implicating the person charged.
 3   Many varieties of exculpatory evidence.
 4        Q.   And would you tender that evidence in
 5   open court, or how would you go about delivering
 6   it to the criminal defense?
 7        A.   In open court sometimes.  Sometimes it
 8   would be in court usually, yes.
 9        Q.   Let me take you back to something you
10   just mentioned.  You said that if a witness had
11   told you something that differed than what they
12   had previously said, that you would document that
13   and then turn that evidence over to the criminal
14   defense; is that correct?
15        A.   Yes.
16        Q.   Did you ever have an experience where a
17   witness told you something that differed from
18   some previous report that documented what they
19   said where you actually, in fact, did that?
20        A.   Yes.
21        Q.   And what format would you document that
22   information, ma'am?
23        A.   I don't recall what format.
24        Q.   You would memorialize it and document it
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 107

1   in some written format, though, correct?

2       A.   Yes.

3       Q.   And can you think of any examples where

4   a witness would tell you something that differed

5   from their prior statement that you would be

6   certain to document because you thought it would

7   be exculpatory?

8       A.   No, I can't give you an example.  I

9   can't remember.

10      Q.   Let me ask you for some examples.  If a

11  witness had previously told police that a suspect

12  was African American or black, and then told you

13  that they were -- that the suspect was a

14  different race, was Caucasian or Latino, is that

15  something that you would make certain that you

16  would document and disclose because it could be

17  exculpatory?

18      MR. COYNE:  Objection; foundation, incomplete

19  hypothetical.  Go ahead.

20  BY THE WITNESS:

21      A.   I would be speculating on that.

22      Q.   Well, are your Brady obligations about

23  speculating whether or not something is

24  exculpatory or not?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 108

```
 1      MR. COYNE:  Object to form.
 2   BY THE WITNESS:
 3      A.   No.  But you asked would that be written
 4   down.
 5      Q.   So let me rephrase the question.  Given
 6   my hypothetical, is that something that you would
 7   have a Brady obligation to disclose?
 8      MR. COYNE:  Same objections.
 9   BY THE WITNESS:
10      A.   Yes.
11      Q.   If a witness told you -- if a witness
12   had previously said a suspect was a male, and the
13   witness told you that, in fact, the suspect was a
14   female, is that something that Brady would
15   obligate you to disclose because it could be
16   exculpatory?
17      MR. COYNE:  Objection; foundation, incomplete
18   hypothetical.
19      MS. WEST:  Join.
20   BY THE WITNESS:
21      A.   Yes.
22      Q.   If a witness had previously told police
23   that they saw a suspect, and then when you
24   interviewed them, they told you that they, in
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 109

1   fact, didn't have a good angle and couldn't see

2   the suspect, is that something that Brady would

3   obligate you to disclose because it could be

4   exculpatory?

5       MR. COYNE:  Objection; foundation, incomplete

6   hypothetical.

7       MS. WEST:  Join.  And speculation.

8       MS. HARRIS:  Join.

9   BY THE WITNESS:

10      A.   Yes.

11      Q.   And if a police report indicated that a

12  witness had identified somebody to the police,

13  but that witness told you that the police had

14  pointed out the suspect to them and told them who

15  the suspect was, is that something that Brady

16  would obligate you to disclose because it could

17  be exculpatory?

18      MR. COYNE:  Objection; form, foundation,

19  incomplete hypothetical.

20      MS. WEST:  Join.

21  BY THE WITNESS:

22      A.   Yes.

23      Q.   And if a police report indicated that a

24  witness had previously identified a suspect in a

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 110

1    photo array, but that witness told you that they

2    were only shown one photo instead of a series of

3    photos, is that something that Brady would

4    obligate you to disclose because it could be

5    exculpatory?

6        MR. COYNE:  Objection; foundation, incomplete

7    hypothetical.

8        MS. WEST:  Join.

9        MS. HARRIS:  Join.

10   BY THE WITNESS:

11       A.   Yes.

12       Q.   And if a police report indicated that a

13   witness had identified someone and that witness

14   later told you that the police had coerced them

15   to make the identification, is that something

16   that Brady would obligate you to disclose because

17   it could be exculpatory?

18       MR. COYNE:  Objection; foundation, incomplete

19   hypothetical.

20       MS. WEST:  Join.

21       MS. HARRIS:  Join.

22   BY THE WITNESS:

23       A.   Yes.

24       Q.   And are all those examples I just went

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 111

1    **through examples of something that you would have**

2    **for certain disclosed to the criminal defense**

3    **because it could be exculpatory in nature?**

4    MR. COYNE:  Same objections.

5    MS. WEST:  Join.

6  BY THE WITNESS:

7    A.  Yes.

8    **Q.  So it was your practice -- if you had**

9  **learned any information like that, it was your**

10  **practice to disclose it because it could, in**

11  **fact, be exculpatory, correct?**

12    A.  Yes.

13    **Q.  And it was your understanding as a**

14  **State's Attorney that your -- the policies of the**

15  **Cook County State's Attorney required that you**

16  **disclose that type of information had you, in**

17  **fact, learned it, correct?**

18    MR. HOLMES:  I object on the grounds of

19  deliberative process privilege.  And I will

20  instruct the witness not to answer to the extent

21  that answering would reveal the deliberative

22  processes of the State's Attorney's Office at

23  that time.

24    MR. COYNE:  Instruction as to work product.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 112

1    Go ahead.

2    BY THE WITNESS:

3        A.    I cannot answer the question.

4        MR. STARR:  I don't think this is something

5    that falls under deliberative process.  I also

6    think it's kind of strange that the State's

7    Attorney would instruct someone not to say that

8    they would meet their Brady obligations.

9    BY MR. STARR:

10       **Q.    Ma'am, you previously testified that it**

11   **was your understanding that the Cook County**

12   **State's Attorney's policy was that you were**

13   **obligated to disclose Brady material, correct?**

14       A.    Correct.

15       **Q.    And so if you had encountered something**

16   **that you thought could, in fact, be exculpatory,**

17   **you were bound by the policies of the State's**

18   **Attorney's Office, and you would, in fact,**

19   **disclose it, correct?**

20       MR. COYNE:  Objection; foundation, incomplete

21   hypothetical.

22       MR. HOLMES:  Same objection; deliberative

23   process.

24   BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 113

```
 1        A.   Yes.  I would tender Brady material.
 2        Q.   Do you know if the State's Attorneys in
 3   the -- who were working in felony review were
 4   ever trained on what Brady material is?
 5        MS. WEST:  Objection; foundation.
 6   BY THE WITNESS:
 7        A.   I don't -- I wouldn't be able to tell
 8   you that.  I don't know.
 9        Q.   Let me ask it a different way.  During
10   your time in felony review, did you ever recall
11   being trained on Brady material?
12        A.   I don't remember.
13        Q.   Apart from the rules, and the training,
14   and the policies, and practice that we've
15   discussed, were there any other policies or
16   procedures of the Cook County State's Attorney's
17   Office that you're aware of that ensured that
18   State's Attorneys disclose exculpatory evidence
19   if it was discovered?
20        A.   I don't know.
21        Q.   How would you characterize your personal
22   relationship -- strike that.
23             How would you characterize your
24   professional relationship with attorneys that
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 114

1  worked in the criminal defense field during the

2  2000s?

3      MR. COYNE:  Objection; form, foundation.

4  BY THE WITNESS:

5      A.   Not sure what that means, my

6  relationship.

7      Q.   Would you say that you had a generally

8  good working relationship with the criminal

9  defense community in the 2000s during your time

10  as a trial attorney in the State's Attorney's

11  Office?

12      A.   I think so.

13      Q.   Were you generally familiar with the

14  people that made up the criminal defense

15  community in Cook County during the 2000s?

16      A.   Some of them.  Not all of them.

17      Q.   Were you generally familiar with

18  criminal defense attorneys from the Public

19  Defender's Office during the 2000s?

20      A.   Some of them.

21      Q.   You were generally familiar with

22  criminal defense attorneys who were in private

23  practice during the 2000s?

24      A.   Again, I mean some of them, not

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 115

1    everyone.

2        Q.   What about Reginald Hill, do you know

3    who Reginald Hill is?

4        A.   From the documents that I've looked at,

5    he was one of the attorneys representing James

6    Fletcher.

7        Q.   Did you know Reginald Hill outside of

8    your review of the documents, ma'am?

9        A.   No.  From the case, that's it.

10       Q.   Do you have an independent recollection

11   of Reginald Hill working on the defense side of

12   this case?

13       A.   Yes.

14       Q.   And what was your -- what's your --

15   strike that.

16            What was your opinion of Mr. Hill's

17   work as a criminal defense attorney on this case?

18       MR. COYNE:  Form; foundation.

19   BY THE WITNESS:

20       A.   You mean did he do a good job?

21       Q.   Do you have any professional opinion of

22   him working on this case?

23       A.   Very thorough.

24       Q.   He seemed very thorough?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 116

```
 1      A.   Yes.

 2      Q.   Do you recall whether or not you were an

 3   adversary of Mr. Hill's on any other cases during

 4   your time at the Cook County State's Attorney's

 5   Office?

 6      A.   No, I don't ever remember encountering

 7   him.

 8      Q.   And did you turn over all exculpatory

 9   evidence that you had to Mr. Hill during the

10   pendency of the prosecution of Mr. Fletcher?

11      A.   As far as I know.

12      Q.   And would other prosecutors in your

13   office who were working on the James Fletcher

14   prosecution have turned over any exculpatory

15   evidence that they encountered to Mr. Hill or to

16   his criminal defense team?

17      MR. COYNE:  Objection; foundation.

18      MS. WEST:  Objection; foundation.

19   BY THE WITNESS:

20      A.   Yeah, I wouldn't be able to tell you

21   what, if anything, they had turned over.  I don't

22   have an independent recollection of exculpatory

23   evidence that had been tendered by other

24   attorneys on the case.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 117

1       **Q.   That's fair.  You were first chair on**
2   **this case; is that correct?**
3       A.   Yes.
4       **Q.   And what does first chair mean?  What**
5   **are your duties and responsibilities as first**
6   **chair trial attorney in prosecuting a case in**
7   **Cook County?**
8       A.   You're the lead attorney.  It's your
9   responsibility.
10      **Q.   Does the buck stop with you as a first**
11  **chair on any given case?**
12      MS. WEST:  Objection; form.
13  BY THE WITNESS:
14      A.   I'm not really sure what you mean by
15  that.
16      **Q.   You said you're the lead attorney and**
17  **you have the responsibility.  So what I mean by**
18  **that is, is all exculpatory evidence that's**
19  **uncovered by the prosecution, is it -- are you**
20  **the final decision-maker about whether or not it**
21  **gets turned over or not?**
22      MR. COYNE:  Objection; foundation.
23  BY THE WITNESS:
24      A.   Generally speaking, I would be, yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 118

1    Q.   Okay.  So it was your understanding that
2    one of your responsibilities as first chair was
3    to make sure all exculpatory evidence that was
4    discovered during the pendency of the prosecution
5    was turned over to the criminal defense in the
6    Fletcher case, correct?
7        A.   Yes.
8        Q.   And you made a practice to make sure you
9    did that, correct?
10       MR. COYNE:  Asked and answered.  Go ahead.
11   BY THE WITNESS:
12       A.   Yes.
13       MS. WEST:  Sean, sorry to interrupt.  If we
14   can take a five-minute break.
15       MR. STARR:  Just a couple minutes.
16   BY MR. STARR:
17       Q.   What about defense attorney -- I think
18   we talked his last name -- Joseph Saltiel.  Were
19   you familiar with Joseph Saltiel when you
20   prosecuted the Fletcher case?
21       A.   I was not familiar with him prior to it
22   but became familiar with him to some extent.  I
23   remember the name.
24       Q.   Do you have any professional opinion of

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 119

1    his work on the Fletcher case?

2        A.   No.  Again, they were both very

3    thorough.

4        Q.   Did Mr. Saltiel find himself being an

5    adversary on any other cases with you?

6        A.   No, I don't remember him from any other

7    cases.

8        Q.   And would you have turned over -- any

9    exculpatory evidence that you encountered or

10   discovered, you would disclose it to Mr. Saltiel

11   during the prosecution of Mr. Fletcher, correct?

12       A.   Yes.

13       Q.   And can you tell me whether or not the

14   other prosecutors in your office would have

15   turned over exculpatory evidence to Mr. Saltiel

16   if they discovered it in the course of

17   prosecution of Mr. Fletcher?

18       MR. COYNE:  Foundation.

19   BY THE WITNESS:

20       A.   I don't know if anyone else did.

21       Q.   But you were ultimately responsible for

22   any exculpatory evidence that was discovered by

23   the prosecution, correct?

24       A.   Right.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 120

1    Q.   And you would have made sure during the

2    Fletcher case that anything that was discovered

3    by any of the team working for the prosecution

4    would have turned over that exculpatory evidence,

5    correct?

6    A.   Yes.

7    Q.   Okay.  Two last questions.  Do you

8    recall who was your trial team?  What other

9    attorneys worked on the prosecution of Mr.

10   Fletcher?

11   A.   During the trial?

12   Q.   Yes.

13   A.   Mike Clark.

14   Q.   Do you remember what attorneys worked

15   before the trial in conjunction with you during

16   your time -- during your assignment to the case?

17   A.   No.  Before I said I think Stu Sergeant

18   was the first chair before I went in there.  So

19   he was on it.  And there were other first chairs,

20   I believe, before him, but I don't know who they

21   were independent.  I don't remember.

22   Q.   Do you have any professional opinion as

23   of Stu Sergeant's work as an Assistant State's

24   Attorney?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 121

1    A.   I never worked with him.  I barely knew

2   him.  I barely knew who he was.  A younger

3   person.

4    **Q.   Did you ever hear any allegations that**

5   **Stu Sergeant failed to disclose exculpatory**

6   **evidence that he learned during any prosecution**

7   **he worked on?**

8    A.   No.

9    **Q.   What about Mike Clark, do you have a**

10   **professional opinion of Mike Clark?**

11   A.   Yes.  I thought Mike Clark was a good

12   attorney.

13   **Q.   And did you ever know Mike Clark to**

14   **refrain from disclosing exculpatory evidence you**

15   **found in any prosecution he worked on?**

16   A.   No.

17   MR. STARR:  We can take a break.

18                      (Recess.)

19   BY MR. STARR:

20   **Q.   Ms. O'Connor, do you have any reason**

21   **whatsoever to think that either Stu Sergeant or**

22   **Mike Clark withheld any exculpatory evidence**

23   **during the prosecution of James Fletcher?**

24   A.   No.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 122

1     **Q.  I want to switch subjects and talk to**

2  **you a little bit about the extent to which a Cook**

3  **County State's Attorney -- Cook County**

4  **prosecuting attorney would typically be involved**

5  **in a law-enforcement investigation.  I want to be**

6  **really clear when I say investigation here.  I'm**

7  **talking about prosecutors leaving their**

8  **prosecutorial role and acting as investigators.**

9  **Does that make sense?**

10    MR. COYNE:  Objection; form.

11  BY THE WITNESS:

12    A.  Make sense in what way?  Does it make

13  sense that they would do that or --

14    **Q.  Just the scenario I'm laying out.  I**

15  **want to make sure I'm clear.  I'm talking about a**

16  **prosecutor leaving their prosecutorial role and**

17  **acting as an investigator in a law enforcement**

18  **investigation.**

19         **So my question is:  During your time**

20  **as a Cook County trial attorney in the Cook**

21  **County State's Attorney's Office, is it correct**

22  **that prosecutors did not typically investigate**

23  **crimes independent of the police agencies that**

24  **brought them the cases?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 123

1      MR. COYNE:  Objection; form.

2   BY THE WITNESS:

3      A.   Typically, yes.

4      **Q.   Can you give me an example of a**

5   **circumstance where the Cook County State's**

6   **Attorney prosecutors would leave their**

7   **prosecutorial role and investigate a crime**

8   **independent of a police agency?**

9      MR. COYNE:  Objection; form.

10      MR. HOLMES:  Object to the extent the

11   question is asking the witness to disclose

12   information that was protected by the

13   deliberative process privilege which does

14   encompass the why of the charge, the why of

15   issuing an arrest warrant and other such

16   prosecutorial decisions, to the extent that this

17   question calls for such information.  The witness

18   can answer otherwise.

19   BY THE WITNESS:

20      A.   I can't think of when they would do

21   that.

22      **Q.   And was it your understanding that the**

23   **Cook County State's Attorney's policy was that**

24   **you leave the investigative component to the**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 124

1  **police agencies and the State's Attorney acts as**
2  **prosecutor?**
3      MR. HOLMES:  Same objection as to
4  deliberative process.  And same admonition to the
5  witness.
6  BY THE WITNESS:
7      A.  Yeah, I will not be able to answer that.
8      **Q.  Because of the deliberative process**
9  **privilege?**
10     A.  Correct.
11     **Q.  Was it your practice as a Cook County**
12 **State's Attorney to not independently investigate**
13 **cases that were brought to you from police**
14 **agencies?**
15     MR. HOLMES:  Deliberative process objection
16 to the extent the question seeks to merge the
17 witness' practices and policies with those of the
18 office in any way.
19 BY THE WITNESS:
20     A.  I cannot answer that.
21     **Q.  I'm not asking you to merge anything.**
22 **I'm asking what your practice was.  Was it your**
23 **practice to not independently investigate cases**
24 **that were brought to you by police agencies?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 125

```
 1      MR. HOLMES:  Same objection on behalf of the
 2   State's Attorney's Office.
 3   BY THE WITNESS:
 4      A.   Generally speaking, yes.  I was not an
 5   investigator.
 6      Q.   Is it fair to say that the Cook County
 7   State's Attorney's Office typically relied on
 8   information that the police brought to them about
 9   the cases that they were prosecuting?
10      MR. COYNE:  Objection; foundation;
11   speculation.
12      MR. HOLMES:  Deliberative process objection
13   to the extent it calls for an answer in regard to
14   any specific case.
15   BY THE WITNESS:
16      A.   In general, yes.
17      Q.   Is it also --
18      MR. COYNE:  You did use the word "generally"
19   in your question, correct?
20   BY MR. STARR:
21      Q.   I think I used the word "typically."
22           Is it fair to say the Cook County
23   State's Attorney's Office relied on the
24   information provided by police agencies to be
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 126

```
 1   complete and accurate?

 2        MR. COYNE:  Foundation, speculation.

 3        MS. WEST:  Join.

 4   BY THE WITNESS:

 5        A.   We hoped it was.  If there was -- yes,

 6   we rely on them.

 7        Q.   And was it your practice to rely on the

 8   information provided to you by the police who

 9   investigated the crimes to be complete and

10   accurate?

11        A.   Yes.

12        MS. WEST:  Same objection; form, foundation.

13   BY MR. STARR

14        Q.   And so when you were given a case that

15   was investigated by the Chicago Police

16   Department, you as a matter of practice expected

17   that information to be truthful, complete, and

18   accurate, correct?

19        MS. WEST:  Objection.

20        MR. COYNE:  Incomplete hypothetical.

21        MS. HARRIS:  Join.

22   BY THE WITNESS:

23        A.   In general, yes.

24        Q.   And you understand that State's
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 127

1  **Attorneys who engage in investigations of crimes**

2  **are not absolutely immune from civil suits,**

3  **correct?**

4      MR. COYNE:  Objection; form, foundation;

5  calls for a legal conclusion.

6  BY THE WITNESS:

7      A.   I'm aware of that issue.

8      **Q.   Is it correct to say the State's**

9  **Attorney's Office did not independently**

10  **investigate the murder of Willie Sorrell?**

11      MR. COYNE:  Objection; form, foundation.

12  BY THE WITNESS:

13      A.   Not that I know of.

14      **Q.   Is it correct to say that you did not**

15  **independently investigate the murder of Willie**

16  **Sorrell?**

17      MR. COYNE:  Objection to form.  Go ahead.

18  BY THE WITNESS:

19      A.   Yes, that's correct.

20      **Q.   And you know that Willie Sorrell is the**

21  **victim in the case that led to James Fletcher's**

22  **prosecution, correct?**

23      A.   Yes.  He is the dead man.

24      **Q.   And your prosecution of James Fletcher**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 128

1  **was based on evidence that was brought to you by**

2  **the Chicago Police Department, correct?**

3      MR. COYNE:  Objection.  Don't answer the

4  question if you would need to reveal your mental

5  processes, your strategies, legal theories or

6  your opinions.  If you would need to disclose the

7  mental impression at that time in order to answer

8  that question, I would instruct you not to answer

9  the question.

10              If you can answer the question

11  without disclosing your mental impressions

12  regarding the prosecution of Mr. Fletcher, you

13  can go ahead and answer.

14      MS. WEST:  Foundation.

15      MR. HOLMES:  Same objection, same admonition

16  as to the deliberative process of the State's

17  Attorney's Office in regard to this prosecution.

18      MS. HARRIS:  And join the foundation

19  objection.

20  BY THE WITNESS:

21      A.   I'm really sorry.  Can I hear the

22  question again?

23      MR. STARR:  A lot of objections about a real

24  easy question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 129

```
 1  BY MR. STARR:
 2      Q.   Your prosecution of James Fletcher was
 3  based on evidence brought to you by the Chicago
 4  Police Department, correct?
 5      MR. COYNE:  Same instruction.
 6      MS. WEST:  Same objection.
 7      MR. HOLMES:  Same objection and admonition.
 8
 9  BY THE WITNESS:
10      A.   Factually.
11      Q.   What other evidence did you prosecute --
12  strike that.
13           What other evidence did you use to
14  prosecute James Fletcher other than evidence
15  provided to you by the Chicago Police Department?
16      MR. COYNE:  Objection; form.  I don't quite
17  understand the question.
18           If you do, as long as you can
19  answer the question without revealing your mental
20  impressions and your prosecution in this case, go
21  ahead and answer.
22  BY THE WITNESS:
23      A.   Well, in your previous question I don't
24  think you used the word "evidence" with regard to
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 130

1    what the police presented as far as leading to a

2    prosecution.  But it would have been the police

3    through the Grand Jury work and the preparation

4    of any charging documents, entire file would lead

5    to the prosecution.

6        Q.    Okay.

7        A.    Felony review work.  That would be it.

8        Q.    Just so we're clear, I asked the

9    question twice, and both times I did read the

10    word "evidence" into the record.  So my

11    question -- I want to make sure the record is

12    totally clear and that you are clear.  My

13    question was:  That your prosecution of James

14    Fletcher was based on evidence brought to you by

15    the Chicago Police Department, correct?

16        MR. COYNE:  Same instruction.

17    BY THE WITNESS:

18        A.    Yes.  It was based on evidence that they

19    brought to us.

20        Q.    And the Chicago Police Department did

21    the investigative work that led to the evidence

22    that you used against James Fletcher in your

23    prosecution of him, correct?

24        A.    Right.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 131

1    Q.   Did you play any role in determining

2    whether there was probable cause to charge Mr.

3    Fletcher in this case?

4        MR. COYNE:  Objection; form.

5    BY THE WITNESS:

6        A.   No.

7        Q.   Do you know who determined whether or

8    not there was probable cause to charge James

9    Fletcher in this case?

10       A.   No.

11       Q.   You are aware this was a 1990 murder

12   that resulted in a 2002 charging of James

13   Fletcher, correct?

14       A.   Right.

15       Q.   And you understand that was 12 years

16   after the crime occurred, correct?

17       A.   Correct.

18       Q.   Can you tell me, to the best of your

19   recollection, generally during your time in the

20   State's Attorney's Office, felony trial division,

21   what the process was for obtaining police

22   documents?

23       A.   A subpoena would be issued to the

24   records division of the police department for all

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 132

1   police reports generated on that case.

2       Q.   And the State's Attorney's Office would

3   submit that subpoena to the police department,

4   correct?

5       A.   Right.

6       Q.   And as you sit here today, to your

7   knowledge, is there any way that you could go

8   back and reconstruct exactly what documents were

9   in your file when you were exchanging discovery

10  in the James Fletcher case?

11      A.   Right now?

12      Q.   Yes.

13      A.   I don't know if I could or not.

14      Q.   Do you think you could sit here and list

15  off for us for the record what every single

16  document was in your file that you used when you

17  prosecuted James Fletcher?

18      A.   I don't think so.

19      Q.   Do you know if any member of the Chicago

20  Police Department participated in the preparation

21  of any of the witnesses that you put on to

22  testify during the prosecution of James Fletcher?

23      A.   I do not recall.

24      Q.   Do you know whether or not any Chicago

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 133

1  **Police Department member participated in any**

2  **preparation of any witness, whether or not you**

3  **put them on the stand or not?**

4      A.   No, I don't remember.

5      **Q.   Are you familiar with something called**

6  **the subpoena service unit?**

7      A.   The what?

8      **Q.   The Chicago Police Department subpoena**

9  **service unit.**

10     A.   No.

11     **Q.   Do you know how the Chicago Police**

12  **Department responded to subpoenas from the Cook**

13  **County State's Attorney's Office for police**

14  **records and prosecutions?**

15     MS. WEST:  Objection; foundation.

16  BY THE WITNESS:

17     A.   I don't know physically or -- no, I

18  don't know how they collected the records.

19     **Q.   Is it correct to say that during the**

20  **Fletcher prosecution, all the information that**

21  **you had about the police investigation was**

22  **contained in the police reports?**

23     A.   All the information I had was contained

24  in the police reports?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 134

```
 1      Q.   All the information you had about the
 2   police investigation came from the police
 3   reports?
 4      MS. WEST:  Objection; foundation.
 5   BY THE WITNESS:
 6      A.   Yeah, I think so.
 7      Q.   Well, do you recall whether or not you
 8   documented anything that you learned about the
 9   police investigation that wasn't in any of the
10   police reports and disclosed that to the criminal
11   defense?
12      A.   No, I don't remember any such.
13      Q.   But if you had done so, it would have
14   been part of either your file or the criminal
15   defense file, correct?
16      MR. COYNE:  Objection; foundation.
17   BY THE WITNESS:
18      A.   Hypothetically speaking, yes.
19      Q.   Earlier when I asked you about like what
20   you would do if you learned some information --
21   some exculpatory evidence, you said you would
22   document it in some written form.  So I guess
23   what I'm asking is, if you had learned something
24   about the police investigation that was relevant
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 135

1   to the case, you would have done that same thing,

2   correct, you would have documented it in a

3   written format?

4       MR. COYNE:  Objection; foundation.

5       MS. WEST:  Join.

6   BY THE WITNESS:

7       A.   Are you talking about Brady material?

8       Q.   I'm talking about -- if you learn

9   anything about the police investigation that

10  wasn't part of the police reports that you found

11  relevant, is that something you would have

12  documented in a written form and disclosed?

13      MR. COYNE:  Same objection.

14      MS. WEST:  Join.

15      MS. HARRIS:  Join.

16  BY THE WITNESS:

17      A.   I don't know.  It would depend.

18      Q.   Does the fact that there's no memorandum

19  or documentation that you made about learning any

20  evidence or information about the police

21  investigation separate from the police reports in

22  the files tell you that you did not, in fact,

23  learn anything?

24      MR. COYNE:  Objection.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 136

1      MS. WEST:  Foundation; speculation.

2      MS. HARRIS:  Join.

3   BY THE WITNESS:

4      A.   It would be speculation for me to answer

5   that.

6      **Q.   Can you answer it?**

7      A.   No.  You can repeat the question again.

8      **Q.   I'm not trying to confuse you.**

9           **Does the absence of any, like,**

10  **documented memorandum by you in the file about**

11  **something you learned about the police**

12  **investigation that's not in the police reports**

13  **tell us that you, in fact, didn't learn anything?**

14     MR. COYNE:  Same objections.

15     MS. WEST:  Form.

16     MS. HARRIS:  Join.

17  BY THE WITNESS:

18     A.   Hypothetically speaking, yes.  That

19  would indicate that I didn't learn of anything

20  else.

21     **Q.   Was it your expectation during this**

22  **case, and generally during your time as a trial**

23  **attorney, that whatever police investigation took**

24  **place, it would be documented in a police report**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 137

1   **and turned over to you?**

2       MR. COYNE:  Objection; foundation.

3       MS. WEST:  Form.

4       MS. HARRIS:  Join.

5   BY THE WITNESS:

6       A.   I would expect to learn of anything

7   relevant to the investigation from the police

8   reports.

9       **Q.   So you would expect that anything**

10  **relevant to the police uncovered in the course of**

11  **their investigation would be documented in a**

12  **police report, correct?**

13      MR. COYNE:  Objection; form, foundation.

14      MS. HARRIS:  Join.

15      MS. WEST:  Join.

16  BY THE WITNESS:

17      A.   Yes.

18      **Q.   In the course of prosecuting any case**

19  **during your time at the Cook County State's**

20  **Attorney's Office, did you ever learn about any**

21  **secret or undisclosed police investigation that**

22  **was conducted but not documented and disclosed to**

23  **the Cook County State's Attorney's Office?**

24      MR. COYNE:  Objection; scope.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 138

1     MS. WEST:  Join.

2     MS. HARRIS:  Join.

3  BY THE WITNESS:

4     A.   Not that I remember.

5     **Q.   Is it your understanding that whatever**

6  **police investigation was conducted in the**

7  **Fletcher case or in the Willie Sorrell homicide**

8  **case was documented in police reports and turned**

9  **over to you?**

10     A.   As far as I know.

11     **Q.   Earlier I asked you about your process**

12  **for tendering exculpatory evidence and disclosing**

13  **evidence that you had to the criminal defense.**

14  **Do you remember when I asked you about that?**

15     A.   Yes.

16     **Q.   And that's a process you handled**

17  **hundreds of times I imagine, correct?**

18     A.   I don't know hundreds of times.

19     **Q.   Do you know how many murder trials you**

20  **conducted?**

21     A.   No.  But you're asking about how many

22  times I would have tendered exculpatory material.

23     **Q.   I asked how many times you tendered any**

24  **evidence you received via subpoena, including**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 139

1    exculpatory material.

2        A.    Yeah, many, many, many times.

3        Q.    In your experience, would there usually

4    be a State's Attorney's file -- strike that.

5                In your experience, in the State's

6    Attorney's file, would there be a list of

7    documents that had been tendered in open court?

8        A.    Yes.

9        Q.    And if documents were tendered outside

10   of open court, would those also be documented?

11       A.    Hopefully.

12       Q.    And are you generally familiar with what

13   is referred to as felony review notes?

14       A.    Yes.

15       Q.    And what is your understanding of what

16   felony review notes are?

17       A.    The folder.  The felony review folder.

18   What the felony review assistant writes down.

19       Q.    Is the blue-back that we looked at,

20   which I believe was Exhibit 3, is that part of

21   the felony review folder?

22       A.    No.

23       Q.    It's separate from that, correct?

24       A.    Right.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 140

1      **Q.   And what is the purpose of a felony**
2   **review folder?**
3      MR. COYNE:  You can answer generally.
4      MR. HOLMES:  Also admonish the witness that
5   she may respond generally but without revealing
6   deliberative processes for any specific
7   prosecution.
8      MR. COYNE:  Same instruction as to work
9   product.
10  BY THE WITNESS:
11     A.   Basically to record what the assistant
12  learned about a case that was under felony
13  review.
14     **Q.   Is it your understanding that if a**
15  **felony review assistant learned information from**
16  **a witness that wasn't documented in a police**
17  **report, that would be something that would be**
18  **reflected in the felony review folder or notes?**
19     MR. COYNE:  Objection; foundation and
20  incomplete hypothetical.
21     MS. HARRIS:  Join.
22  BY THE WITNESS:
23     A.   The felony review assistant learned not
24  from the police, is that what you're asking me?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 141

1    Q.   No.   If the felony review assistant

2  learned information from a witness that was not

3  documented in a police report but that was

4  material information, is that something that

5  would be documented in a felony review folder?

6      MR. COYNE:   Same objections.

7      MS. WEST:   Join.

8

9  BY THE WITNESS:

10     A.   Felony review folder is not -- it's not

11 a court reporter.  I mean it's their summaries.

12     Q.   Right.   But the felony review folder is

13 where the felony review assistant would take

14 notes about their interviews with witnesses,

15 correct?

16     A.   I wouldn't call it taking notes on an

17 interview.  It would tend to write a brief

18 summary incorporating what witnesses said but not

19 individually.

20     Q.   So if a witness told a felony review

21 assistant something that was exculpatory that had

22 not been documented anywhere else, is that

23 something that a felony review assistant would

24 document in a folder?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 142

1     MR. COYNE:  Objection; form, foundation,

2  incomplete hypothetical.

3     MS. WEST:  Join.

4     MS. HARRIS:  Join.

5  BY THE WITNESS:

6     A.   I don't think I can answer that, because

7  I don't know what someone would do in their

8  felony review folder, except summarize what

9  they've learned.  It's a summary.

10     **Q.   Okay.  If that summary contained**

11  **exculpatory evidence, would that summary be**

12  **turned over to the criminal defense attorney?**

13     MR. COYNE:  Objection; foundation, incomplete

14  hypothetical.

15  BY THE WITNESS:

16     A.   All exculpatory material should and

17  would be tendered, but I have no idea -- I really

18  am having a hard time understanding this

19  question, because the felony review folder is

20  simply a summary.  It's not -- it is not a

21  note-taking process.

22     **Q.   A summary can contain all sorts of**

23  **information, correct?**

24     A.   Hypothetically it could, yes.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 143

1    Q.   And some of that information might be
2   exculpatory in nature?
3      MR. COYNE:  Objection; foundation,
4   speculation.
5      MS. WEST:  Join.
6   BY THE WITNESS:
7      A.   Possible.
8      Q.   If it was exculpatory in nature, under
9   the Cook County State's Attorney policy and the
10  practice of, at least in your experience, the
11  Cook County State's Attorneys, it would be turned
12  over, correct?
13     MR. COYNE:  Objection; foundation,
14  speculation, and incomplete hypothetical.
15     MS. WEST:  Join.
16     MS. HARRIS:  Join.
17  BY THE WITNESS:
18     A.   If it was turned -- if it was turned
19  over -- if it was turned over.  I don't know if
20  it was or not.  If any such exculpatory material
21  ever existed in such a folder on any case.
22          If there was exculpatory material in
23  general, it needs to -- you know, it's tendered.
24          I've never -- I really can't answer

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 144

1    if in some unknown case of exculpatory material

2    that was in a felony review folder if it was

3    tendered.  I have no idea if it was tendered.

4        **Q.   My question is:  Is it required to be**

5    **tendered, not was it tendered.**

6        MR. COYNE:  Same objections.

7    BY THE WITNESS:

8        A.   Exculpatory material is required to be

9    tendered.

10       **Q.   So if somebody wrote exculpatory**

11   **evidence that they learned from a witness on a**

12   **felony review folder, that folder would be**

13   **tendered to the criminal defense, correct?**

14       MR. COYNE:  Objection; foundation, incomplete

15   hypothetical, requires speculation.

16   BY THE WITNESS:

17       A.   I don't know.

18       **Q.   You were asked earlier generally about**

19   **your independent recollection of the Willie**

20   **Sorrell murder case and the prosecution of James**

21   **Fletcher, correct?**

22       A.   Yes.

23       **Q.   Have you ever told anyone before today**

24   **that you had no independent recollection of the**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 145

1    **prosecution of James Fletcher or the Willie**

2    **Sorrell murder?**

3        MR. COYNE:  Don't answer any questions that

4    would cause you to reveal what I told you or what

5    you told me in our preparations for this

6    deposition or in the course of my representations

7    of you.

8            So any answer -- and I would make

9    this a continuing instruction.  Any answer you

10   give should exclude entirely any communications

11   from me to you and/or from you to me in the

12   course of my representation of you.  If you can

13   answer without doing that, go ahead.

14   BY MR. STARR:

15       Q.   **I wasn't asking for anything you told**

16   **your attorney or your attorney told you.**

17           **Other than your attorney, have you**

18   **told anyone that you had no independent**

19   **recollection of this case before today?**

20       MS. WEST:  Objection.

21       MR. COYNE:  Mischaracterizes her testimony.

22       MS. WEST:  That's my objection.  Misstates

23   her testimony.

24   BY MR. STARR:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 146

1     Q.    Just so my question is clear -- and I'm

2   not attempting to misstate.  I'm asking before

3   today, had you ever told anyone who's not your

4   attorney that I have no independent recollection

5   of that case?

6     A.    I never told anyone that.

7     Q.    And when we use the term "independent

8   recollection," what is your understanding of what

9   that refers to specifically?

10    A.    What does an independent recollection

11  mean?

12    Q.    What do you understand that term to

13  refer to?

14    A.    Whether I remember the case.

15    Q.    Well, you testified today that you

16  remembered some things based on documents you

17  looked at, correct?

18    A.    Correct.

19    Q.    So I'm just trying to be clear here.

20  When I ask you about your independent

21  recollection, I'm asking you do you have an

22  actual physical memory of anything to do with

23  this case absent reference to documents or

24  conversations with other people?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 147

```
 1      A.   Yes.

 2      Q.   So we're clear on what that term means

 3  then, right?

 4      A.   Yes.

 5      Q.   Did you -- what did you do to prepare

 6  for today's deposition?

 7      A.   I looked at documents that were emailed

 8  to me.

 9      Q.   What documents did you look at?

10      A.   I don't know that I can give you a

11  complete list.  I looked at whatever was emailed

12  to me.  You want me to try to recreate the list?

13      Q.   To the best of your recollection, I'm

14  asking what documents you reviewed in preparation

15  for today.

16           So, I mean -- I'm not going to hold

17  you if you don't remember every single document

18  you reviewed.  I just want to know what you

19  looked at and what you reviewed in preparation.

20      A.   There was some trial testimony.  There

21  was a transcript of a post-trial motion.  There

22  were a couple of police reports.  There was an

23  investigator's report from both sides.  There was

24  the pen letter.  And there may have been parts of
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 148

```
 1    the blue-back.
 2        Q.    And you received those documents via
 3    email from your attorney; is that correct?
 4        A.    Yes.
 5        Q.    And did you review them in their
 6    entirety?
 7        A.    No.
 8        Q.    To what extent did you review them
 9    generally?
10        A.    I reviewed -- I focused on the ones
11    that -- like if it was a motion or an answer that
12    I prepared in response to a defense motion.  I
13    believe I read Friend's testimony.  I read the
14    pen letter.  I briefed over the police reports.
15        Q.    Did reading some of those documents and
16    reviewing others refresh your recollection of
17    your involvement in this case?
18        A.    Yes.
19        Q.    Did you have an independent recollection
20    before you reviewed those documents?
21        A.    Yeah, I remembered this case.
22        Q.    Have you told us what you independently
23    recalled about this case so far today?
24              Is there anything else you
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 149

1   **independently recall about this case?**

2       A.   I remember the trial.  I remember the

3   judge, defense attorneys, my partner.  I remember

4   what the case was about.  I remember the fact

5   that it was difficult getting the witness into

6   court, and the fact that one of the witnesses

7   never did come to court.

8       Q.   **And do you recall the prosecution was 15**

9   **years after the crime?**

10      A.   It was a substantial number of years.

11  Approximately 15 years it would have been, yes.

12      Q.   **Was that an atypical amount of time to**

13  **prosecute a case after a crime in your**

14  **experience?**

15      MS. WEST:  Objection; foundation.

16  BY THE WITNESS:

17      A.   It happened -- it happens often.

18  Probably not as often as a contemporaneous

19  prosecution, but it does happen.  I wouldn't call

20  it atypical.  But not as often as a case is tried

21  in a shorter number of years.

22      Q.   **Do you have any independent recollection**

23  **of having any concerns about the amount of time**

24  **that had elapsed between the crime and the**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 150

1   **prosecution?**

2       MR. COYNE:  Objection.  Instruct you not to

3   answer that question if you would need to reveal

4   your mental impressions, your opinions, your

5   analysis, your opinions on the evidence, your

6   opinion on the strength of the case.

7               If you would need to reveal any of

8   those mental impressions in order to answer that

9   question, I would instruct you not to answer the

10  question based on work-product privilege.

11      MR. HOLMES:  I also object on behalf of the

12  State's Attorney's Office on grounds of

13  deliberative process privilege and instruct the

14  witness not to answer if her answer would reveal

15  the deliberative processes of the office in

16  relation to this prosecution.

17  BY THE WITNESS:

18      A.   So you asked me if I had any what about

19  the case?

20      **Q.   I asked if you had any independent**

21  **recollection of having any concerns about the**

22  **amount of time that elapsed between when the**

23  **crime occurred and when the prosecution occurred?**

24      MR. HOLMES:  Same objection, same

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 151

1    instruction.

2    BY THE WITNESS:

3        A.   My answer's no.

4        **Q.   And then I asked you earlier about**

5    **general progress reports.  You said you knew what**

6    **these were.**

7                **Do you have any recollection as you**

8    **sit here today whether or not you received any**

9    **general progress reports in this case?**

10       A.   I don't have an independent recollection

11   of that.

12       **Q.   Do you have any independent recollection**

13   **as you sit here today whether or not there were**

14   **any police reports missing from the file when you**

15   **received it?**

16       MS. WEST:  Objection; foundation,

17   speculation.

18       MS. HARRIS:  Join.

19   BY THE WITNESS:

20       A.   I don't recall any such.

21       **Q.   Do you have any independent recollection**

22   **of Chicago Police Department Detective Jerome**

23   **Bogucki?**

24       A.   Yes, I remember him.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 152

1    **Q.    What do you remember about Mr. Bogucki?**

2    A.    I remember what he looked like vaguely.

3    **Q.    Do you recall having any conversations**

4    **with Mr. Bogucki?**

5    A.    Not specifically.  I know I talked to

6    him.

7    **Q.    Do you know how many times you talked to**

8    **him?**

9    A.    No.  I don't know how many times.

10   **Q.    Did you interview him, or were you**

11   **present for any interview of him at any point**

12   **related to the criminal proceedings?**

13   A.    I don't recall.

14   **Q.    Would you have in your practice**

15   **interviewed one of the lead detectives on a**

16   **homicide case that you were prosecuting?**

17   A.    Yes.

18   **Q.    Anything else that you can recall about**

19   **Detective Bogucki?**

20   A.    I think he had dark hair.

21   **Q.    Did you ever hear any rumors about any**

22   **misconduct that Detective Bogucki committed in**

23   **the 1990s or the 2000s?**

24   MR. COYNE:  Objection; form.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 153

1      MS. WEST:  Objection; foundation,

2   speculation.

3   BY THE WITNESS:

4      A.   No, I did not ever hear of such.

5      **Q.   Did you have any opinion of Detective**

6   **Bogucki's work as a Chicago police officer?**

7      A.   He seemed fine to me.

8      **Q.   He seemed fine to you, is that what you**

9   **said?**

10     A.   Yes.

11     **Q.   What do you base that opinion on?**

12     A.   I don't recall ever having any problems

13  with him or connected to this case -- cases, if I

14  ever worked with him.  I don't recall even if I

15  had another case with him.

16     **Q.   That answered my next question.  Let me**

17  **ask you about former Chicago Police Department**

18  **Detective Raymond Schalk.  Are you familiar with**

19  **who that is?**

20     A.   Yes.

21     **Q.   And how do you know who Raymond Schalk**

22  **is?**

23     A.   He was Bogucki's partner.  He was the

24  other detective on this case.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 154

1  Q.   Did you interview Detective Schalk or

2  were you present for any interviews of Detective

3  Schalk related to the criminal proceedings?

4  A.   I don't remember.

5  Q.   What do you recall about Detective

6  Schalk, other than the fact that he was Detective

7  Bogucki's partner?

8  A.   Very tall.

9  Q.   Anything else besides his height?

10  A.   I think he had blond hair.

11  Q.   Anything else?

12  A.   Thin.

13  Q.   Do you know if you ever spoke to

14  Detective Schalk about this case?

15  A.   No, I don't remember specifically if I

16  did or not.

17  Q.   Based on your practice, you likely would

18  have interviewed him or talked to him, correct?

19  A.   Likely, yes.

20  Q.   Did you ever hear any rumors about any

21  misconduct that Detective Schalk committed during

22  the 1990s, 2000s as a Chicago police officer?

23  MR. COYNE:  Objection to form.

24  MS. WEST:  Objection; foundation.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 155

1    BY THE WITNESS:

2        A.    Never heard any such rumors.

3        Q.    **And do you have any opinion of Detective**

4    **Schalk as a Chicago police officer?**

5        A.    He seemed to do a fine job.

6        Q.    **And what do you base that opinion on,**

7    **ma'am?**

8        A.    The experience of trying the James

9    Fletcher case.

10       Q.    **Do you know if you had any other**

11   **prosecutions where Detective Schalk was an**

12   **investigating detective?**

13       A.    I may have.  I don't remember though.

14       Q.    **How about a former Chicago Police**

15   **Department detective by the name of Anthony**

16   **Norrigan, do you know who that is, ma'am?**

17       A.    I do remember him.

18       Q.    **And what do you recall about Anthony**

19   **Norrigan, ma'am?**

20       A.    Basically, I remember what he looked

21   like.  He worked in Area 5.

22       Q.    **Anything else?**

23       A.    Not really.

24       Q.    **Do you recall interviewing or being**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 156

1    present for any interviews of Detective Norrigan

2    related to the criminal proceedings in the James

3    Fletcher case?

4        A.    I don't remember.

5        Q.    Do you know whether or not you spoke to

6    him about the James Fletcher case at any point in

7    time?

8        A.    I don't know.

9        Q.    It would have been your practice to

10   speak to an investigating detective on a case you

11   were prosecuting, correct?

12       A.    If I had subpoenaed them or if they were

13   relevant to the case, yes.

14       Q.    Did you ever hear any rumors about any

15   misconduct that Detective Norrigan committed in

16   the 1990s or 2000s?

17       MS. WEST:  Objection; foundation.

18       MR. COYNE:  Form.

19   BY THE WITNESS:

20       A.    No.

21       Q.    Do you have any opinion of Detective

22   Norrigan as a Chicago police officer?

23       A.    I thought he was a good detective.  That

24   would be it.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 157

1    Q.    And what did you base that opinion on,

2  ma'am?

3    A.    I had some other cases with him.  I

4  don't think he was the main detective on this

5  case, though, to the best of my recollection.

6    Q.    But do you recall prosecuting other

7  cases where he was an investigating detective --

8    A.    I think I did have cases that he was

9  involved in.  I don't remember what they were.

10    Q.    And then what about a Chicago Police

11  Department detective or sergeant by the name of

12  Anthony or Tony Wojcik, do you know who that is?

13    A.    I do know who he is.

14    Q.    And how do you know Mr. Wojcik?

15    A.    From work.

16    Q.    Did you ever interview or were you

17  present for any interviews with Mr. Wojcik

18  related to the criminal proceedings in the James

19  Fletcher case?

20    A.    Not that I know of.

21    Q.    And what do you -- do you have any

22  independent recollection of interacting with

23  Detective Wojcik at all or Sergeant Wojcik at all

24  during the Fletcher case?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 158

```
 1      A.   No.
 2      Q.   Did you ever hear any rumors about
 3  Detective or Sergeant Wojcik committing any
 4  misconduct in the 1990s or the 2000s?
 5      MR. COYNE:  Objection; form.
 6      MS. WEST:  Objection to foundation.
 7  BY THE WITNESS:
 8      A.   No.
 9      Q.   Did you have any opinion of Detective or
10  Sergeant Wojcik's work as a Chicago police
11  officer?
12      A.   Seemed like a smart guy, but, again, not
13  from this Fletcher case.  I think I worked with
14  him on other cases.  Seemed like a good
15  detective.
16      Q.   So, it's correct that you believe you
17  prosecuted other cases where Detective Wojcik was
18  an investigating detective?
19      A.   Perhaps not prosecuted, but I recall one
20  case from felony review where he was involved.
21      Q.   Do you remember what case that was?
22      A.   The name of it, no, I don't.
23      Q.   You mentioned Area 5.  Were you --
24  during your time in the State's Attorney's
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 159

1   **Office, were you ever made aware of any**

2   **allegations of misconduct specifically related to**

3   **detectives at Area 5?**

4       MR. COYNE:  Objection to form.

5       MS. WEST:  Objection; foundation.

6   BY THE WITNESS:

7       A.   No.

8       Q.   **During your time as a State's Attorney,**

9   **were you ever made aware of anything called a**

10  **do-not-call list?**

11      MS. WEST:  Objection; foundation.

12  BY THE WITNESS:

13      A.   During my time at the State's Attorney's

14  Office, no.

15      Q.   **Do you know what a do-not-call list is**

16  **now?**

17      A.   I've heard of it.

18      Q.   **You've heard about it after your time at**

19  **the State's Attorney's Office; is that correct?**

20      A.   Right.

21      Q.   **During your time as a State's Attorney,**

22  **you were never made aware of any do-not-call list**

23  **that existed regarding Chicago police officers,**

24  **correct?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 160

1      A.   Correct.

2      Q.   **Do you know an Assistant State's**

3  **Attorney by the name of Jennifer Walker?**

4      A.   I know who she is.  I did know who she

5  was.

6      Q.   **How do you know Ms. Walker?**

7      A.   I knew that she was an Assistant State's

8  Attorney, many years younger than I; that she was

9  tall and had dark hair.

10     Q.   **Did you ever interview Ms. Walker or**

11 **present for any interview with Ms. Walker related**

12 **to the criminal proceedings in the Fletcher case?**

13     A.   I don't recall.  I know she had taken a

14 handwritten statement in the case on felony

15 review.  I can't say for sure if I had spoken to

16 her or not.

17     Q.   **As a matter of general practice, would**

18 **you have made it a habit to speak to the State's**

19 **Attorney that took a statement in a case that you**

20 **were prosecuting?**

21     A.   Quite often, yes.

22     Q.   **Do you have any opinion of Ms. Walker's**

23 **work as a Cook County State's Attorney?**

24     A.   I think she had a good reputation.  I

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 161

1    never worked with her.

2       **Q.  Did you ever talk to her about this case**

3    **at any point in time?**

4       A.   Like I said, I may have prior to trial,

5    but I don't remember.

6       **Q.  Did you ever talk to her about this case**

7    **after trial at any point in time?**

8       A.   I don't think so.  I don't think so.

9       **Q.  Did you ever talk to any of the**

10   **detectives that we talked about, the four**

11   **detectives, Bogucki, Schalk, Norrigan, and**

12   **Wojcik, at any point in time about this case**

13   **after the trial ended?**

14      A.   I don't recall.

15      **Q.  Do you have any recollection of having**

16   **any conversations with any of the detectives**

17   **during the pendency of the trial?**

18      A.   Independent recollection of a specific

19   conversation, no, but I certainly -- you know, I

20   think I would have spoken to Bogucki and/or

21   Schalk to prepare for the trial.

22      **Q.  Outside of that, you don't have any**

23   **independent recollection of any conversations you**

24   **had with any of them?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 162

```
 1      A.    No.
 2      Q.    Did you talk to anybody else besides
 3   your attorney in preparation for today's
 4   deposition?
 5      A.    No.
 6      Q.    Did you meet with your attorney at any
 7   point in time in preparation for today's
 8   deposition?
 9      A.    Not in person.
10      Q.    Did you talk to your attorney over the
11   telephone or via Zoom or some other form of
12   media?
13      A.    Yes.
14      Q.    And when was that meeting or
15   communication?
16      A.    I think -- I think it was on Friday, I
17   think.
18      Q.    And how long was that meeting that you
19   had?
20      A.    Don't know.  Longer than five minutes.
21   Less than an hour.  Yeah, I don't know.  I was --
22   just come back from a three-week trip in a land
23   far away and my sense of time is a little bit
24   off.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 163

1    Q.   Understood.  Other than that one

2  meeting, did you meet any other times -- and I'm

3  excluding conversation you may have had about

4  scheduling -- did you have any substantive

5  meetings other than one meeting with your

6  attorneys in preparation for today?

7    A.   I talked to him on the phone yesterday

8  for about two minutes.

9    Q.   Other than that phone call and that

10 meeting on Friday, any other substantive meetings

11 you had with your attorney in preparation for

12 today's deposition?

13   A.   No.

14   Q.   During the James Fletcher prosecution,

15 did you ever see a criminal defense file?  When I

16 say criminal defense file, I mean the file that

17 Mr. Hill, or Mr. Saltier, or any of the criminal

18 defense attorneys would have had.

19   A.   Certainly don't think so.  No, not that

20 I recall seeing it.  Never looked in a defense

21 attorney file.

22   Q.   Do you have any independent recollection

23 of interviewing any of the witnesses in this

24 case?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 164

1      A.   No.

2      Q.   **Do you know whether or not any of your**

3  **fellow State's Attorneys interviewed any of the**

4  **witnesses in this case?**

5      A.   I had one partner on the trial, and he

6  and I would have interviewed anyone that we were

7  able to interview, but I don't have any

8  independent recollection of who was actually

9  spoken to in a conversation and who was -- it was

10 Mike or if it was myself or if it was both of us.

11     Q.   **If there were interviews conducted of**

12 **the witnesses in this case, would you expect**

13 **there to be notes of those interviews saved**

14 **somewhere in the State's Attorneys file?**

15     MR. COYNE:  Objection; foundation,

16 speculation.

17 BY THE WITNESS:

18     A.   No.

19     Q.   **As a matter of practice, did you take**

20 **notes when you interviewed witnesses?**

21     A.   No.

22     Q.   **Why not?**

23     MR. COYNE:  Just instruct her not to answer

24 that question as it relates to a particular case,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 165

1    insofar as it reveals mental impressions of an

2    attorney.  If you can answer the question without

3    disclosing your mental impressions as to a

4    specific case, go ahead.

5    BY THE WITNESS:

6        A.   Why didn't I take notes?

7        **Q.   Yes.**

8        MR. COYNE:  Can I hear the question again,

9    please?  I might have missed a portion.

10       MR. STARR:  I think the question was just

11   why.

12       MR. COYNE:  The one before that.

13       MR. STARR:  I think my question was:  As a

14   matter of practice, did you take notes during

15   interviews that you conducted with witnesses.

16       MR. COYNE:  That's what I thought.  All

17   right.  I don't need to hear it again.  I think

18   that was the question and instruction will

19   remain.

20   BY THE WITNESS:

21       A.   And based on that, I can't answer.

22       **Q.   Do you have any independent recollection**

23   **of James Fletcher?**

24       A.   Yeah, I remember what he looked like.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 166

1      Q.    What do you recall him looking like?

2      A.    The way he looks in the lineup or the

3    photo array.

4      Q.    So just so we're clear, you recall what

5    his photo array photo looks like, or you recall

6    him from the trial looking similar to what he

7    looked like in the photo array?  I'm not sure

8    what your answer means.

9      A.    I recall that he looked similar to how

10   he looked in the photo array.

11     Q.    During the trial?

12     A.    Yes, similar.

13     Q.    Anything else that you independently

14   recall about Mr. Fletcher other than he looked

15   similar during the trial to the photo array photo

16   of him?

17     A.    No.

18     Q.    We talked earlier, I believe, about a

19   witness named Terry Rogers.  Do you remember

20   questions about Terry Rogers?

21     A.    Yes.

22     Q.    Do you know whether or not you ever

23   interviewed Terry Rogers?

24     A.    I never did.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 167

1    Q.    Do you know if anybody from the State's

2   Attorney's Office ever interviewed Terry Rogers?

3    A.    I don't know.  If there is a handwritten

4   statement of him, they would have, but I don't --

5   I don't remember if there was one or not.

6    Q.    I'll represent to you there is one.

7   Other than the State's Attorney that took the

8   handwritten statement, are you aware of any other

9   State's Attorneys that interviewed Terry Rogers?

10    A.    I am not.

11    Q.    You became aware at some point during

12   the prosecution of Mr. Fletcher that Terry Rogers

13   had allegedly identified Mr. Fletcher to

14   Detective Bogucki and Schalk, correct?

15    A.    Right.

16    Q.    And you learned that from the police

17   reports initially, correct?

18    A.    Right.

19    Q.    And Mr. Rogers was allegedly able to do

20   this when Detectives Bogucki and Schalk showed

21   Mr. Rogers a photo array of IDOC photos that

22   contained a photo of Mr. Fletcher, correct?

23    A.    Well, based on my recollection of the

24   reports, he knew who it was.  He knew who the

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 168

```
 1   defendant was.

 2       Q.   And you learned that from the press

 3   reports as well, right?

 4       A.   Right.

 5       Q.   My question is:  You learned at some

 6   point that Mr. Rogers was able to allegedly

 7   identify Mr. Fletcher in a photo array of IDOC

 8   photos, correct?

 9       MS. WEST:  Objection; form.

10   BY THE WITNESS:

11       A.   Actually, I don't remember, but -- I

12   don't remember if he did or not.

13       Q.   Is the hang-up the IDOC part of the

14   question, or is it you don't remember if he

15   identified Mr. Fletcher in a photo array?

16       A.   The latter.

17       Q.   You testified that you recall learning

18   from the police reports that Mr. Rogers told

19   police that he knew Mr. Fletcher before the

20   crime, correct?

21       A.   Yes.  I remember -- I realized that, but

22   it's probably based on the documents that were

23   sent to me to look at.

24       Q.   And those include the police reports,
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 169

1     **correct?**

2          A.   Some of the police reports.  I don't

3     know.  I don't know if they're all in there.  I

4     would think they're not all in there.

5          **Q.   Well, Mr. Rogers didn't testify, right?**

6          A.   He did not.

7          **Q.   Other than the police reports, where**

8     **might have you learned that Terry Rogers**

9     **allegedly knew Mr. Fletcher before the crime?**

10         MR. COYNE:  Objection; foundation,

11    speculation.

12    BY THE WITNESS:

13         A.   Speculatively, apparently there is no

14    other place I would have learned that.

15         **Q.   Do you know whether or not the police**

16    **did anything to corroborate whether or not Mr.**

17    **Rogers actually knew Mr. Fletcher before the**

18    **crime?**

19         A.   I don't know.

20         **Q.   Would it surprise you to learn that**

21    **Detective Bogucki has testified in this case that**

22    **he did nothing to corroborate Terry Rogers**

23    **allegedly knowing Mr. Fletcher before the crime?**

24         MR. COYNE:  Objection; form, foundation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 170

1   BY THE WITNESS:

2       A.   Would it surprise me that Bogucki

3   testified that he didn't do anything to -- I'm

4   sorry.

5       Q.   **No worries.  I can ask it again.  I want**

6   **the record to be clear.**

7            **Would it surprise you to learn that**

8   **Detective Bogucki has testified in this case that**

9   **he did nothing whatsoever to corroborate whether**

10  **or not Terry Rogers knew James Fletcher before**

11  **the crime?**

12      MS. WEST:  Objection; misstates evidence in

13  the record.

14      MR. COYNE:  Objection.

15  BY THE WITNESS:

16      A.   No.

17      Q.   **Why would that not surprise you?**

18      MR. COYNE:  Objection; form, foundation.

19  BY THE WITNESS:

20      A.   Someone said he knew someone.  I don't

21  know how you would investigate if someone knew

22  someone.  You know, how would you go about

23  corroborating that?

24            Apparently, Bogucki didn't have a

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 171

1    reason to doubt the fact that Rogers knew

2    Fletcher.  I don't know.  This really is

3    speculation here, so I -- I can't answer this any

4    more than how I have.

5        **Q.   And as the prosecutor, you relied on**

6    **Detective Bogucki's investigation into this crime**

7    **to prosecute Mr. Fletcher, correct?**

8        MR. COYNE:  Objection; form, and to the

9    extent you have to reveal your mental processes

10   as to why you did, or what your opinions were, or

11   what your evaluation was, or interpretation of

12   the evidence, I will instruct you not to answer

13   any question that requires you to disclose those

14   mental processes.

15            If you can answer depending on your

16   interpretation of the word rely, you can answer

17   the question without disclosing that.  Go ahead.

18   BY THE WITNESS:

19       A.   No, I can't.

20       **Q.   You previously testified that as a**

21   **prosecutor, you relied on the police to provide**

22   **you with evidence that you used to prosecute --**

23   **for the people that you prosecuted, correct?**

24       MR. COYNE:  I think that misstates her

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 172

1  specific testimony.  Go ahead.

2  BY THE WITNESS:

3     A.   I don't know.  I don't remember the

4  question and the answer prior to this moment.

5           You're asking me to say if I

6  testified to that earlier?  I don't know if I

7  testified to that earlier.  Because I don't know

8  if that was the question posed to me earlier.

9     **Q.   The record speaks for itself.  Let me**

10 **ask it again.**

11          **Did you as a prosecutor rely on the**

12 **investigation of the Chicago Police Department to**

13 **prosecute the people you prosecuted?**

14    MR. COYNE:  You can answer the question

15 generally, but if you need to refer to a specific

16 case and the mental impressions that you

17 generated with respect to your prosecution of a

18 specific case, that would constitute mental

19 impression, work-product-privileged testimony,

20 and I would instruct you not to answer.

21    MR. HOLMES:  Same objection as to

22 deliberative process privilege on behalf of the

23 State's Attorney's Office and same instruction.

24 BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 173

1      A.   Generally, the police reports, yes,

2   would have been relied on to prosecute the case.

3      **Q.   And if you generally relied on the**

4   **police investigations to prosecute a case, it**

5   **follows that you relied on Detective Bogucki's**

6   **investigation to prosecute this case, correct?**

7      MR. COYNE:  Objection; same instruction.

8      MR. HOLMES:  Object on grounds of

9   deliberative process privilege and instruct the

10  witness not to answer if answering would reveal

11  the deliberative process of the State's

12  Attorney's Office in regard to this prosecution.

13     MR. COYNE:  Same instruction as to work

14  product.

15  BY THE WITNESS:

16     A.   Yeah, I can't answer now with regards to

17  this specific case.

18     **Q.   You knew that in 1990 Terry Rogers was**

19  **interviewed by the police when this crime first**

20  **occurred, correct?**

21     A.   Did I know it?  I don't know if I knew

22  it -- did I know it then or do I know it now?  I

23  don't remember.

24     **Q.   But you said you reviewed all the police**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 174

1   **reports in the file, correct?**

2       A.   I would have, yes.

3       **Q.   And if a police report in the file**

4   **indicates that Mr. Rogers was an eyewitness who**

5   **was interviewed by Detective Fleming back in**

6   **1990, you would have read that report, correct?**

7       MR. COYNE:  Objection; foundation,

8   speculation.

9   BY THE WITNESS:

10      A.   I would have if it was there, yes.

11      **Q.   And if that report was in the file and**

12  **that report indicated that Mr. Rogers only said**

13  **the name "Fletcher" but did not indicate that he**

14  **knew who Mr. Fletcher was, you would have read**

15  **that report, correct?**

16      MR. COYNE:  Objection; foundation and form.

17  BY THE WITNESS:

18      A.    I would have read any police reports

19  that were in the file.  I don't know if you're

20  quoting verbatim from a police report or not,

21  because I don't have a verbatim memory of the

22  police reports in this case.

23      **Q.   My question is:  If in 1990 Terry Rogers**

24  **was not able to identify that he knew Mr.**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 175

1   **Fletcher, but in 2002 he told Detective Bogucki**

2   **and Schalk that he knew Mr. Fletcher, and he knew**

3   **him to be James Fletcher, does it surprise you at**

4   **all that Detectives Bogucki and Schalk did**

5   **nothing to corroborate the fact that Mr. Rogers**

6   **knew Mr. Fletcher before the crime?**

7       MR. COYNE:  Objection; form, foundation,

8   requires speculation.

9       MS. WEST:  Objection to form and foundation,

10  misstates evidence in the record.

11  BY THE WITNESS:

12      A.   I can't answer that without speculating.

13      **Q.   I'm asking if it surprises you.  I'm not**

14  **asking you to speculate.**

15      MS. WEST:  Objection to form.

16  BY THE WITNESS:

17      A.   No.

18      **Q.   Why didn't Terry Rogers testify in the**

19  **prosecution of James Fletcher?**

20      MR. COYNE:  Objection; foundation.  And also

21  if you would need to reveal your mental

22  impressions as to decisions made and why you made

23  those decisions in terms of calling a witness or

24  not calling a witness with regard to this

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 176

1   particular case, I would instruct you not to

2   answer the question based upon the work-product

3   privilege.

4       MR. HOLMES:  Object on behalf of the State's

5   Attorneys on grounds of deliberative process

6   privilege, and I similarly instruct the witness

7   not to answer if her answer would reveal

8   deliberative processes of the office in regard to

9   whether or not to call this witness.

10  BY THE WITNESS:

11      A.   Never testified.  He never came to

12  court.

13      **Q.   But you knew Mr. Rogers was the witness**

14  **that gave James Fletcher's name to police,**

15  **correct?**

16      A.   I know now.  I mean after reviewing the

17  documents that were given to me.

18      **Q.   You would have known during the**

19  **prosecution, too, because you reviewed the**

20  **documents then, correct?**

21      MR. COYNE:  Objection; foundation.

22  BY THE WITNESS:

23      A.   I certainly hope so.

24      **Q.   At any point during the prosecution of**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 177

1 **James Fletcher, did you have any concern that Mr.**
2 **Rogers' identification of Mr. Fletcher was not**
3 **credible?**
4      MR. COYNE:  Objection.  Again, same
5 instruction as to your concern to the extent that
6 it would require you to divulge your evaluations
7 of the evidence, your interpretation of the
8 evidence, your legal theories or opinions, or
9 your analysis of the evidence, I will instruct
10 you not to answer that question based upon
11 work-product privilege.
12           If you can answer the question
13 without doing so, you may answer.
14      MR. HOLMES:  Object on behalf of the State's
15 Attorneys on grounds of deliberative process
16 privilege and similar instructions to the
17 witness.
18 BY THE WITNESS:
19      A.   No.
20      **Q.   If you had had -- strike that.**
21           **If you had had any evidence during**
22 **the prosecution of Mr. Fletcher that Mr. Rogers'**
23 **identification was false, you would have turned**
24 **that over to the criminal defense, correct?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 178

```
 1      A.   Yes.

 2      Q.   Were you aware during the prosecution of

 3   Mr. Fletcher that Terry Rogers had a felony

 4   charge for arson when he identified Mr. Fletcher?

 5      A.   Did you say then?  I'm --

 6      Q.   Were you aware then?

 7      A.   I don't remember.  But after reviewing

 8   the documents, I saw that, so...

 9      Q.   Do you know if there were any promises

10   or deals ever made to Terry Rogers during the

11   prosecution of James Fletcher?

12      MR. COYNE:  Objection; form.

13   BY THE WITNESS:

14      A.   Don't know of any.

15      Q.   I'm going to reask that.  I apologize.

16   Do you know if there were any promises or deals

17   ever offered to Terry Rogers during the

18   prosecution of James Fletcher?

19      A.   No, I don't know of any.

20      Q.   You were asked earlier about a witness

21   by the name of Edward Cooper.  Do you recall

22   being asked about Mr. Cooper?

23      A.   I remember his name coming up.

24      Q.   Do you have any independent recollection
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 179

1   of a witness by the name of Edward Cooper?

2       A.   I remember he was the bread truck

3   driver.

4       Q.   And Mr. Cooper testified in the

5   prosecution of Mr. Fletcher, correct?

6       A.   He did.

7       Q.   And Mr. Cooper's testimony helped

8   convict Mr. Fletcher, correct?

9       A.   I didn't ask the jury, but I would

10  assume so.

11      Q.   And do you know whether or not you

12  interviewed Mr. Cooper before he testified?

13      A.   I don't remember.  I don't know if I did

14  or not.

15      Q.   Given your regular practice, would you

16  assume you had interviewed Mr. Cooper prior to

17  him testifying?

18      A.   Yes.

19      Q.   Are you aware that Mr. Cooper has

20  recanted his identification of Mr. Fletcher by

21  signing a declaration and by testifying in a

22  deposition in this case?

23      A.   No, I don't know that.

24      Q.   Are you aware that Mr. Cooper has

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 180

1    testified that in 2002, two white Chicago police

2    officers came to his home and told them that they

3    had a suspect in the Willie Sorrell shooting, and

4    he told them that too long of time had elapsed,

5    and he could not identify anyone?

6        A.   No, I didn't know that.

7        Q.   Did the police ever tell you or provide

8    you with any documentation that Edward Cooper had

9    told them in 2002 that he was unable to identify

10   anyone in the Sorrell shooting?

11       A.   No.

12       Q.   If the police had told you or provided

13   you with any documentation that Edward Cooper had

14   told them in 2002 that he was unable to identify

15   anyone, is that something that you would have

16   disclosed to the defense?

17       MR. COYNE:  Objection; foundation, requires

18   the witness to speculate.  Go ahead.

19   BY THE WITNESS:

20       A.   I would have been required to disclose

21   that, yes, if that had happened.

22       Q.   That would have been Brady material you

23   were required to disclose to the defense,

24   correct?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 181

1      A.   Right.

2      Q.   **Are you aware that Edward Cooper has**

3   **testified that the police showed him a photo**

4   **array and pointed out a photo and told him that**

5   **that -- the person they were pointing to was the**

6   **suspect?**

7      A.   No, I am not aware of that.

8      Q.   **Did the police ever tell you or provide**

9   **you with any documentation whatsoever that they**

10  **showed Cooper a photo array and pointed out the**

11  **suspect?**

12     A.   No.

13     Q.   **If the police had told you or provided**

14  **you with any documentation that they had showed**

15  **Cooper a photo array and they had pointed out the**

16  **suspect for him, is that something that you would**

17  **have disclosed to the defense?**

18     MR. COYNE:  Objection; foundation, requires

19  speculation.

20  BY THE WITNESS:

21     A.   If that had happened, yes, I would have

22  had to disclose that.

23     Q.   **And you would have disclosed that**

24  **because that would be Brady material that was**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 182

1    exculpatory?

2        A.    Right.

3        Q.    Are you aware that Edward Cooper

4    testified when he went to see a lineup a few days

5    after the photo array, Detectives Bogucki and

6    Schalk may have shown him the photo suspect again

7    before he sat for the lineup?

8        A.    No, I am not aware of that.

9        Q.    Did the police ever tell you or provide

10   you with any documentation that Detectives

11   Bogucki and Schalk showed Cooper the same photo

12   that they had pointed out prior to him viewing a

13   lineup?

14       A.    Can you repeat that?

15       Q.    Certainly.  Did the police ever tell you

16   or provide you with any documentation whatsoever

17   that Detectives Bogucki and Schalk showed Mr.

18   Cooper the photo that they had pointed out as a

19   suspect before he sat for a lineup?

20       A.    No.

21       Q.    If the police had told you that they had

22   provided -- strike that.

23              If the police had told you or

24   provided you with any documentation that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 183

1  Detectives Bogucki and Schalk had shown Mr.

2  Cooper the photo they pointed out as a suspect

3  prior to him sitting for a lineup, that's

4  something you would have disclosed to the

5  defense, correct?

6      MR. COYNE:  Objection; foundation, requires

7  speculation.

8  BY THE WITNESS:

9      A.  If that happened, yes, I would have

10 disclosed it.

11     Q.  You would have disclosed that

12 information because it would have been Brady

13 material that was exculpatory?

14     A.  Right.

15     Q.  And because you never told the defense

16 of -- strike that.

17          Because you never told the defense

18 of any exculpatory evidence about Mr. Cooper's

19 encounter with the police, we can assume that you

20 never learned these things, correct?

21     A.  You're assuming what you're talking

22 about is true.

23     Q.  Mr. Cooper has testified to these things

24 in this case, ma'am.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 184

```
 1    A.   But you're assuming that that's the

 2  truth.

 3    Q.   So my question for you is, because you

 4  never told the defense any of these things, we

 5  can assume that no one ever told you these

 6  things, correct?  That's my question.

 7    MR. COYNE:  Foundation.  Go ahead.

 8  BY THE WITNESS:

 9    A.   Right, that is correct.

10    Q.   Did you have any concerns that Mr.

11  Cooper's identification of Mr. Fletcher was not

12  credible?

13    MR. COYNE:  Objection.  Same instruction.  If

14  you need to reveal in order to answer that

15  question your mental impressions regarding your

16  evaluation of the evidence, your opinions of the

17  evidence, your legal theories about this case and

18  the evidence, if you would need to reveal those

19  mental impressions in order to answer that

20  question, I would instruct you not to answer

21  pursuant to the work-product privilege.

22            If you can answer without doing so,

23  then you can go ahead.

24    MR. HOLMES:  Object on behalf of the State's
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 185

```
 1   Attorney on the grounds of deliberative process
 2   privilege and similarly instruct the witness.
 3   BY THE WITNESS:
 4       A.   My answer is no.
 5       Q.   Okay.  If you had any additional
 6   evidence that Mr. Cooper's identification of Mr.
 7   Fletcher was false, you would have turned that
 8   over to the defense back during the prosecution,
 9   correct?
10       MR. COYNE:  Foundation, speculation.  Go
11   ahead.
12   BY THE WITNESS:
13       A.   If so, yes.
14       Q.   Do you have any basis to believe that
15   Mr. Cooper's testimony in this case is not
16   correct or is not true?
17       MR. COYNE:  Objection; foundation,
18   speculation, and same instructions, if you would
19   need to reveal your opinion of the evidence in
20   this case.
21       MS. WEST:  And just to be clear, are you
22   speaking about the civil case, Sean, or are you
23   talking about the criminal case?
24       MR. STARR:  I will reask it so it's clear.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 186

1   BY MR. STARR:

2       Q.   **Ms. O'Connor, you suggested that the**

3   **testimony of Mr. Cooper in the civil case may not**

4   **be correct.  Do you have a basis to believing**

5   **that his testimony in this case is not true?**

6       MR. COYNE:  Objection.  That's not her

7   testimony.  Go ahead.

8   BY THE WITNESS:

9       A.   He appeared to be a very truthful

10  witness at time of trial.

11      MR. COYNE:  We've been going over an hour.

12  Whenever it's convenient for you, I just need to

13  take five to make sure we're not interrupted.

14      MR. STARR:  As soon as I'm done with Cooper.

15      MR. COYNE:  That's fine.  Didn't want to

16  interrupt your flow.

17  BY MR. STARR:

18      Q.   **Are you aware that Mr. Cooper has**

19  **testified that the police told him that Mr.**

20  **Fletcher was guilty of this crime?**

21      A.   No, I'm not aware of that.

22      Q.   **Did the police ever tell you or provide**

23  **you with any documentation whatsoever that they**

24  **told Mr. Cooper prior to his identification that**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 187

```
 1    Mr. Fletcher was guilty of this crime?

 2         A.   No.

 3         Q.   If the police had ever told you or

 4    provided you with any documentation that they

 5    had, in fact, told Mr. Cooper prior to his

 6    identification of Mr. Fletcher that Mr. Fletcher

 7    was guilty of the crime, is that something that

 8    you would have disclosed to the criminal defense?

 9         MR. COYNE:  Objection; foundation, requires

10    speculation.  Go ahead.

11    BY THE WITNESS:

12         A.   If that was what happened, yes, that

13    would have been disclosed.

14         Q.   And you would have disclosed that

15    because that would be Brady material that's

16    exculpatory in nature, correct?

17         A.   Right.

18         Q.   Did Mr. Cooper ever tell you anything

19    exculpatory about the police investigation that

20    you did not already know?

21         A.   Not -- well, you're assuming I knew all

22    the information.

23         MR. COYNE:  Sorry for the late objection.

24    Objection, form, foundation.  Go ahead.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 188

```
 1   BY MR. STARR:
 2       Q.   Did Mr. Cooper ever tell you anything
 3   exculpatory about the police investigation that
 4   was not part of the police reports?
 5       A.   No not that I recall.
 6       Q.   If Mr. Cooper had told you anything
 7   exculpatory in nature about the police
 8   investigation that wasn't in the reports, you
 9   would have disclosed that to the criminal
10   defense, correct?
11       MR. COYNE:  Foundation, speculation.
12   BY THE WITNESS:
13       A.   If that was the case, yes.
14       Q.   Did Mr. Cooper ever tell you anything
15   else about his ability to identify Mr. Fletcher
16   that was not in the police reports or that he
17   didn't testify to at the criminal prosecution?
18       A.   No.
19       MR. STARR:  We can take that break if you
20   want.
21       MR. COYNE:  Just to clear up one thing on the
22   record.  The meeting between myself and the
23   witness lasted approximately an hour and 40
24   minutes on Friday.  I just want to clarify the
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 189

 1    record.

 2         MR. STARR:  Thanks, John.  No problem.

 3                        (Recess.)

 4    BY MR. STARR:

 5         **Q.   Ms. O'Connor, do you have any**

 6    **independent recollection of the witness by the**

 7    **name of Sheenee Friend?**

 8         A.   I remember that she was a witness, and

 9    she was difficult to get in to court.  Other than

10    that, no, not really.

11         **Q.   And Ms. Friend ended up testifying in**

12    **the prosecution of Mr. Fletcher, correct?**

13         A.   Yes.

14         **Q.   And Ms. Friend's testimony helped**

15    **conflict James Fletcher, correct?**

16         A.   I think so.

17         **Q.   Did you ever interview Ms. Friend?**

18         A.   I don't know.  I don't recall.

19         **Q.   Would it have been your practice to**

20    **attempt to interview Ms. Friend prior to putting**

21    **her on the stand?**

22         A.   In general, yes.

23         **Q.   Are you aware if Ms. Friend has signed a**

24    **declaration recanting her identification of Mr.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 190

 1    Fletcher in this case?

 2        A.   No.

 3        Q.   Are you aware Ms. Friend's declaration

 4    states that the police -- strike that.

 5                  Are you aware Ms. Friend's

 6    declaration states that she told police she could

 7    not identify the shooter in the Willie Sorrell

 8    shooting?

 9        A.   No, I don't know -- I'm unaware she ever

10    said that.

11        Q.   Did the police ever tell you or provide

12    you with any documentation that Ms. Friend had

13    told them that she was unable to identify anyone

14    in the Sorrell shooting?

15        A.   No.

16        Q.   If the police had told you or provided

17    you with any documentation that Ms. Friend had

18    told them that she was unable to make an

19    identification in the Sorrell shooting, is that

20    something that you would have disclosed to the

21    defense?

22        MR. COYNE:  Objection; foundation,

23    speculation.

24    BY THE WITNESS:

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 191

1    A.   Hypothetically, yes.

2    **Q.   And would you have disclosed that**

3    **information to the defense because it could be**

4    **exculpatory in nature and thus covered by Brady?**

5    A.   Yes.

6    **Q.   Are you aware that Ms. Friend signed a**

7    **declaration stating that when the police showed**

8    **her a photo array, she identified a different**

9    **person initially, and that the police then**

10   **pointed to Fletcher and told her he was the**

11   **suspect?**

12   A.   No.

13   **Q.   Did the police ever tell you or provide**

14   **you with any documentation whatsoever that when**

15   **they showed Friend a photo array, she initially**

16   **identified someone else, and they corrected her**

17   **and pointed out Fletcher as a suspect?**

18   A.   No.

19   **Q.   If the police had told or provided you**

20   **with any documentation that they had showed**

21   **Friend a photo array and that she identified a**

22   **different person and they corrected her to**

23   **identify Mr. Fletcher as a suspect, is that**

24   **something that you would have necessarily**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 192

1   **disclosed to the defense?**

2       MR. COYNE:  Objection; foundation, calls for

3   speculation.

4   BY THE WITNESS:

5       A.   If she had told me -- I'm sorry.

6       **Q.   That's fine.  If the police had told you**

7   **or provided you with any documentation that**

8   **showed that they had showed Ms. Friend a photo**

9   **array, and she identified a different suspect,**

10  **and that they corrected her and pointed out Mr.**

11  **Fletcher as a suspect, if they showed you**

12  **anything like that or told you that, is that**

13  **something you would have necessarily disclosed to**

14  **the defense?**

15      MR. COYNE:  Objection; foundation, calls for

16  speculation.

17  BY THE WITNESS:

18      A.   If that happened, yes, I would have had

19  to disclose it.

20      **Q.   And you would have done so, but it would**

21  **be information that would be exculpatory in**

22  **nature under Brady, correct?**

23      A.   Yes.

24      **Q.   And because you never told the defense**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 193

1    of any exculpatory evidence about Friend's

2    encounter with the police, we can assume that Ms.

3    Friend also didn't tell you anything exculpatory

4    during any of your interview you had with her,

5    correct?

6        MR. COYNE:  Objection; foundation,

7    speculation.

8    BY THE WITNESS:

9        A.   Well, you can't assume she never told me

10   any such material, but we cannot assume that I

11   had an interview, because I don't remember if I

12   had an interview with her.

13       Q.   If you had interviewed Ms. Friend, and

14   she had told you anything exculpatory in nature,

15   similar to what I just went through, is that

16   something that you would have necessarily

17   disclosed to the defense?

18       MR. COYNE:  Foundation; speculation.

19   BY THE WITNESS:

20       A.   If that happened, yes, I would have had

21   to disclose that pursuant to Brady.

22       Q.   If you had any other additional

23   information about Friend's identification of Mr.

24   Fletcher being not credible, you would have

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 194

1    **turned that over to the defense, correct?**

2        A.   If I had such, yes.

3        **Q.   Did you have any concerns about Ms.**

4    **Friend's identification of Mr. Fletcher regarding**

5    **his credibility?**

6        MR. COYNE:  Objection.  Same instruction as

7    before.  If in order to answer that question, you

8    need to reveal your mental impressions about your

9    work on this case, I would instruct you not to

10   answer the question based upon the work-product

11   privilege.

12              If you can answer the question

13   without doing so, you can answer it.

14       MR. HOLMES:  Similarly object on behalf of

15   the State's Attorney office on grounds of

16   deliberate process privilege and similarly

17   instruct the witness.

18   BY THE WITNESS:

19       A.   I had no concerns.

20       **Q.   Did Ms. Friend tell you anything**

21   **exculpatory about the police investigation that**

22   **you can recall?**

23       A.   No.

24       MR. COYNE:  Object to foundation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 195

 1    BY THE WITNESS:

 2        A.    No.

 3        Q.    **Did Ms. Friend tell you anything more**

 4    **about her ability or inability to identify Mr.**

 5    **Fletcher than what's in the record and what she**

 6    **testified to during the criminal trial?**

 7        A.    Not that I recall.

 8        Q.    **And if she had, you would have disclosed**

 9    **that to the criminal defense, correct?**

10        MR. COYNE:  Objection; foundation,

11    speculation.

12    BY THE WITNESS:

13        A.    If she had, yes.

14        Q.    **Ms. Friend also had criminal charges**

15    **pending when she identified Mr. Fletcher, do you**

16    **know that?**

17        A.    At what point?  What time?

18        Q.    **When she identified Mr. Fletcher to the**

19    **police.**

20        A.    Prior to trial?

21        Q.    **Yes.**

22        A.    I knew she had her troubles with, you

23    know, cases -- criminal cases.  I don't have any

24    kind of recollection that she had one pending

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 196

1   when she identified him at lineup or photo array.

2       Q.   Do you know whether or not Ms. Friend

3   had any pending criminal charges when she

4   testified against Mr. Fletcher at court?

5       A.   I don't.  There was something about a

6   parole violation prior to her testifying, but I

7   don't recall that she had a case pending at the

8   time of trial.  I don't remember that she did.

9       Q.   Do you know if the Cook County State's

10  Attorney's Office made any promises or offered

11  any deals to Ms. Friend in exchange for her

12  testimony against Mr. Fletcher?

13      A.   I am not aware of any.

14      Q.   Did Ms. Friend ever tell you that she

15  was afraid for her life, and that's why she

16  didn't want to testify in the criminal

17  prosecution of Mr. Fletcher?

18      A.   I don't remember.

19      Q.   Is that something you would have

20  documented if she had told you that?

21      A.   Not necessarily.

22      Q.   Did Mr. Cooper ever tell you that he was

23  afraid for his life, and that's why he testified

24  the way he did?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 197

1    A.   I don't recall him saying he was afraid

2   for his life.

3    Q.   Did Mr. Rogers ever tell you that he was

4   afraid for his life, and that's why he didn't

5   want to testify against Mr. Fletcher?

6    MS. WEST:  Objection; foundation.

7

8   BY THE WITNESS:

9    A.   No, he never told me that.

10    Q.   Did anyone -- did any of the witnesses

11   ever tell you that they were afraid for their

12   life related to the James Fletcher prosecution?

13    A.   I don't know.  Terry Rogers didn't,

14   because I never talked to him.  Edward Cooper, I

15   don't remember him ever saying that.  And Sheenee

16   Friend, I don't recall if she did or not.

17    Q.   Do you have any independent recollection

18   of a witness by the name of Emmett Wade?

19    A.   Yes.

20    Q.   And Mr. Wade testified during the

21   prosecution of Mr. Fletcher as well, correct?

22    A.   He did.

23    Q.   Did Emmett Wade's testimony help convict

24   Mr. Fletcher?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 198

1      A.    I don't know.

2      Q.    Did you ever interview Mr. Wade?

3      A.    I can't remember.

4      Q.    As a normal matter of your general

5   practice, you would have attempted to interview

6   Mr. Wade, correct?

7      A.    Yes.

8      Q.    Are you aware that Emmett Wade has

9   signed a declaration stating that the police came

10  to his home and showed him a single photo of

11  someone named Fletcher and asked him to agree to

12  identify this person as the shooter of the Willie

13  Sorrell homicide?

14     A.    No.

15     Q.    Did the police ever tell you or provide

16  you with any documentation that they went to

17  Emmett Wade's home and showed him a single photo

18  of someone named Fletcher and asked him to

19  identify that person as the shooter in the

20  Sorrell homicide?

21     A.    No.

22     Q.    If the police had ever told or provided

23  you with any documentation that they had gone to

24  Mr. Emmett Wade's home and showed him a single

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 199

 1   photo of someone named Fletcher and asked him to

 2   agree to identify that person as the shooter in

 3   the Sorrell homicide investigation, is that

 4   something that you would have necessarily

 5   disclosed to the criminal defense?

 6       MR. COYNE:  Objection; foundation,

 7   speculation.

 8   BY THE WITNESS:

 9       A.   If that had happened, yes, it would have

10   to be disclosed.

11       Q.   You would have disclosed it because it

12   would be exculpatory evidence under Brady,

13   correct, ma'am?

14       A.   Right.

15       Q.   And because you never told the criminal

16   defense of any exculpatory evidence that you

17   learned about Emmett Wade, we can assume that you

18   never learned any, correct?

19       MR. COYNE:  Form, foundation.

20   BY THE WITNESS:

21       A.   That would be correct.

22       Q.   And Mr. Wade never told you any

23   exculpatory evidence about the investigation

24   involving the Chicago Police Department

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 200

1    investigation into the Willie Sorrell shooting,

2    correct?

3        A.    Correct.

4        Q.    And you don't know whether or not you

5    actually spoke to Mr. Wade, correct?

6        A.    That's right.

7        Q.    Do you have any recollection of any

8    involvement in the appeals -- Mr. Fletcher's

9    appeals process?

10       A.    Did I participate in it did you say?

11       Q.    Yeah.  Did you have any involvement in

12   his appeals process?

13       A.    No, no.

14       Q.    Are you aware that the criminal

15   conviction of Mr. Fletcher in the Willie Sorrell

16   case has been vacated?

17       A.    I'm aware now.

18       Q.    Are you aware that Mr. Fletcher has

19   received a certificate of innocence for his

20   conviction in the Willie Sorrell homicide?

21       A.    Yes.

22       Q.    When the State's Attorney's Office was

23   in the process of reviewing whether charges

24   should be dropped or whether the criminal

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 201

1    conviction of Mr. Fletcher was going to be

2    vacated, did anyone ever reach out to interview

3    you about your participation in the prosecution

4    of Mr. Fletcher?

5        A.    No.

6        Q.    Did you have any involvement whatsoever

7    in the post-conviction proceedings?

8        A.    No.

9        Q.    Were you ever made aware of the

10   post-conviction proceedings as they were

11   happening?

12       A.    No.

13       Q.    Ms. O'Connor, I have to ask you specific

14   questions about your awareness of particular

15   types of police misconduct that have been alleged

16   in this case.

17            The defendants in Mr. Fletcher's

18   civil cases may claim that the prosecutors had

19   knowledge of the defendant's alleged misconduct.

20   And given your answers about your independent

21   recollection, I want to -- I might have to

22   approach some of these questions as a

23   hypothetical.  Let me just ask them, and we'll

24   see what your answers are.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 202

1          Were you made aware at any point

2    during the prosecution of James Fletcher that the

3    Chicago Police Department had engaged in any

4    misconduct involving any witness coercion?

5        A.    Any policeman in any case?

6        Q.    In this case.  Were you made aware

7    during the prosecution of Mr. Fletcher that the

8    Chicago Police had engaged in any misconduct

9    involved in witness coercion in the Willie

10   Sorrell homicide investigation?

11       A.    No.

12       Q.    Were you made aware at any point during

13   the prosecution of James Fletcher that the

14   Chicago Police had engaged in any misconduct

15   involving promises made to witnesses during the

16   Willie Sorrell homicide investigation?

17       A.    No, not that I recall.

18       Q.    Were you made aware at any point during

19   the prosecution of James Fletcher that the

20   Chicago Police had engaged in any misconduct

21   involved in threats made against any of the

22   witnesses during the Willie Sorrell homicide

23   investigation?

24       A.    No.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 203

1      Q.   Were you made aware at any point during
2   the prosecution of James Fletcher that the
3   Chicago Police engaged in any misconduct related
4   to feeding facts to witnesses who implicated
5   Mr. Fletcher during the Willie Sorrell homicide
6   investigation?
7      A.   No.
8      Q.   Were you made aware at any point during
9   the prosecution of Mr. Fletcher that the Chicago
10  Police engaged in any misconduct related to
11  undisclosed police reports during the Willie
12  Sorrell homicide investigation?
13     A.   Can you repeat that?
14     Q.   Were you made aware at any point in time
15  about any allegations of misconduct by the
16  Chicago Police Department during the prosecution
17  of James Fletcher related to undisclosed police
18  reports during the pendency of the Willie Sorrell
19  homicide investigation?
20     A.   No.  I don't remember anything about
21  undisclosed police reports.
22     Q.   Were you aware at any point during the
23  prosecution of Mr. Fletcher that the Chicago
24  Police engaged in any misconduct related to false

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 204

1    facts or false information in a police report
2    during the Willie Sorrell homicide investigation?
3        A.   No.
4        Q.   Were you made aware at any point during
5    the prosecution of Mr. Fletcher that the Chicago
6    Police engaged in any misconduct involving the
7    fabrication of evidence during the Willie Sorrell
8    homicide investigation?
9        A.   No.
10       Q.   Were you made -- strike that.
11             Were you made aware at any point
12   during the prosecution of James Fletcher that the
13   Chicago Police engaged in any conduct concealing
14   exculpatory evidence during the Willie Sorrell
15   homicide investigation?
16       A.   No.
17       Q.   If you'd been made aware of any of those
18   things -- strike that.
19             If you had been made aware of any of
20   that misconduct, would you have turned that
21   information over to criminal defense attorneys?
22       MR. COYNE:  Objection; foundation,
23   speculation.
24   BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 205

1    A.   If any of that happened, or I'd been

2  aware of any such, yes, I would have turned to

3  over.

4    **Q.   Were you -- do you know if you were**

5  **provided a CR history for all the investigating**

6  **officers assigned to the Willie Sorrell homicide**

7  **investigation during the criminal prosecution?**

8    A.   Not that I know of.

9    **Q.   Do you know what a CR -- what I'm**

10 **referring to when I reference a CR?**

11   A.   It's kind of ringing a bell.  It's been

12 a long time since I heard that term.

13   **Q.   It's like a complaint register made by**

14 **civilians against police or investigating bodies**

15 **against police.**

16   A.   Okay.

17   **Q.   If you had been provided the CR for the**

18 **investigating detectives in this case, would you**

19 **have necessarily provided that to James**

20 **Fletcher's defense attorneys?**

21   MR. COYNE:  Objection; foundation,

22 speculation.

23   MS. WEST:  Join.

24 BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 206

1      A.   That would require speculation.  I can't

2   answer that.

3      **Q.   If you received -- during any -- the**

4   **pendency of any criminal prosecution as a State's**

5   **Attorney, if you received the CR history in**

6   **discovery, would you not be obligated to turn**

7   **that over to defense?**

8      MR. COYNE:  Objection; speculation.

9      MS. WEST:  Same objection.

10     MS. HARRIS:  Join.

11  BY THE WITNESS:

12     A.   I believe that would require an

13  in-camera inspection by the Court to determine if

14  it was relevant.

15     **Q.   In some circumstances, I think that's**

16  **correct.  But if there was a discovery request**

17  **for a CR history from the criminal defense, and**

18  **you received it, you would have an obligation to**

19  **either turn it over or bring it to the attention**

20  **of the Court and do an in-camera inspection,**

21  **correct?**

22     MR. COYNE:  Objection; foundation,

23  speculation.

24     MS. WEST:  Join.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 207

1   BY THE WITNESS:

2       A.   If such a request, I believe it would

3   require such an inspection before being turned

4   over, if it was to be turned over.

5       Q.   **If there was a discovery request for a**

6   **CR history of the investigating detectives**

7   **assigned to the Sorrell murder, you would not**

8   **just ignore that discovery request if you had**

9   **that CR history, correct?**

10      MR. COYNE:  Objection; foundation,

11  speculation.

12  BY THE WITNESS:

13      A.   If I ever had such a report, I would not

14  ignore it, no.

15      Q.   **You would respond to the discovery**

16  **request in some form or fashion, correct?**

17      A.   Yes.

18      Q.   **And you would not hide the fact that you**

19  **had a CR history disclosed to you for**

20  **investigating detectives?  You would not hide**

21  **that fact from the criminal defense attorneys,**

22  **correct?**

23      A.   Correct.

24      Q.   **Are you familiar with the phrase, "Undue**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 208

1    or wrongful influence" in the context of police

2    identification procedures?

3        A.   No.

4        Q.   So when I say undue or wrongful

5    influence on identification procedures, what I'm

6    referring to is when the police influence a

7    person or induce a person to act otherwise in

8    their own freewill or without adequate attention

9    to the consequences; does that make sense?

10       A.   I understand the concept.

11       Q.   Did you ask Detective Bogucki if he ever

12   unduly influenced any of the identification

13   procedures that occurred during the Chicago

14   Police Department investigation into the Willie

15   Sorrell homicide?

16       A.   I don't recall.

17       Q.   Did you ask Detective Schalk if he ever

18   unduly influenced any of the identification

19   procedures that occurred during the Chicago

20   Police investigation into the Willie Sorrell

21   homicide?

22       A.   I don't remember.  I don't recall.  Same

23   thing, I don't know.

24       Q.   When did you first become aware that

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 209

1    there were allegations that Detectives Bogucki

2    and Schalk had unduly influenced any of the

3    identification procedures in the Willie Sorrell

4    homicide investigation?

5       MR. COYNE:  Objection.  Instruct you not to

6    answer any questions if you would need to divulge

7    what I told you or what you told me in our

8    private communications.

9              Go ahead and answer, as long as it

10   doesn't include the information I provided to you

11   or you to me in our private conversations.

12      MR. STARR:  For clarity, I didn't ask what

13   she learned or who she learned it from, I said

14   when.

15      MR. COYNE:  I know.

16      MR. STARR:  Just making sure you heard the

17   question.

18      MS. WEST:  Objection to foundation.

19   BY THE WITNESS:

20      A.   Today.

21      Q.   Have you ever become aware that there

22   are other allegations by other individuals

23   regarding Detectives Bogucki and Schalk unduly

24   influencing identification procedures in their

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 210

1    **cases?**

2        MS. WEST:  Objection to foundation.

3        MR. COYNE:  Instruction as previously given.

4    BY THE WITNESS:

5        A.   No, I don't know.

6        **Q.   If you had -- during the prosecution of**

7    **Mr. Fletcher, if you had learned that there were**

8    **other cases where people made allegations that**

9    **Detectives Bogucki and Schalk could unduly**

10   **influence witness identifications, is that**

11   **information that you would have to have disclosed**

12   **to the criminal defense under Brady?**

13       MR. COYNE:  Objection; form, foundation, and

14   incomplete hypothetical.  The question calls for

15   speculation.

16       MS. WEST:  Join.

17       MS. HARRIS:  Join.

18   BY THE WITNESS:

19       A.   I can't answer that.  I don't know.

20       **Q.   Why can't you answer it?**

21       A.   If I had learned of other allegations on

22   other cases against Bogucki and Schalk, would I

23   have disclosed that?  Is that what you asked me?

24       **Q.   Yes.  Specifically other allegations of**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 211

1     **undue identification procedures -- undue**

2     **influence on identification procedures.**

3         MS. WEST:  Objection to incomplete

4     hypothetical.

5     BY THE WITNESS:

6         A.   Certainly is a hypothetical.  It didn't

7     happen, and I would need to research that.  I

8     don't know.

9         **Q.   At any point while murder charges were**

10    **pending against Mr. Fletcher, did any member of**

11    **Chicago Police Department ever inform you, orally**

12    **or in writing or in any way at all, that either**

13    **Detective Bogucki or Detective Schalk unduly**

14    **influenced any of the identification procedures**

15    **in this case?**

16        A.   Anyone from the Chicago Police

17    Department tell me that?

18        **Q.   Yes.**

19        A.   No.

20        **Q.   If they had, you would have disclosed**

21    **that to the criminal defense, correct?**

22        MR. COYNE:  Objection; foundation, requires

23    speculation.

24    BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 212

1    A.   If that had happened, yes, I would

2    disclose it, if that had happened.

3        **Q.   As you sit here today, do you have any**

4    **opinion about James Fletcher's guilt or innocence**

5    **in the Willie Sorrell shooting?**

6        MR. COYNE:  Objection.  Don't answer the

7    question if you would need to disclose your

8    evaluation of evidence, your opinion on the

9    evidence, your analysis of the evidence, your

10   legal theories on the evidence.  If in order to

11   answer the question, you would need to disclose

12   the mental impressions you generate from your

13   involvement as a prosecutor in this case, I would

14   instruct you not to answer based on work product.

15                If you can answer without doing

16   that, go ahead.

17       MR. HOLMES:  Same objection on behalf of the

18   State's Attorney's Office on grounds of

19   deliberative process privilege and same

20   instruction to the witness.

21   BY THE WITNESS:

22       A.   Based on my attorney's advice, I can't

23   answer.

24       **Q.   Does the fact that Mr. Fletcher was**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 213

1    **exonerated for the murder of Willie Sorrell**
2    **influence your opinion whatsoever of his guilt or**
3    **innocence?**
4        MR. COYNE:  Same objection, same instruction.
5        MR. HOLMES:  Same objection, same
6    instruction.
7
8    BY THE WITNESS:
9        A.   Same answer.
10       **Q.   Does the fact that the Cook County**
11   **courts have awarded Mr. Fletcher a certificate of**
12   **innocence for his false conviction in the murder**
13   **of Willie Sorrell influence your opinion of his**
14   **guilt or innocence whatsoever?**
15       MR. COYNE:  Same objection, same instruction.
16       MR. HOLMES:  Same objection, same instruction
17   on behalf of the State's Attorney's Office.
18   BY THE WITNESS:
19       A.   I can't answer.
20       MR. STARR:  I have three more questions that
21   involve one of the exhibits, so give me a
22   five-minute break, and we'll come back and I'll
23   finish up.
24       MR. COYNE:  Okay.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 214

1               (Recess.)

2   BY MR. STARR:

3       Q.   Ms. O'Connor, I want to show you a

4   couple of exhibits that have been shown to you

5   already and ask you just a couple of questions

6   about them.

7               The first one is exhibit -- I

8   believe it was marked as Exhibit No. 3.  It's the

9   blue-back.  Is that correct, Allyson?

10      MS. WEST:  Yes.

11  BY MR. STARR:

12      Q.   I want to ask you -- you've been asked a

13  lot of questions about handwriting and stuff on

14  this document.  I appreciate you are giving your

15  best answer.  I want to ask you about one more

16  thing on here.  It is -- trying to get to the

17  page.  It appears to be on Bates page Independent

18  Defendants 1910.  Do you see that down there?

19      A.   Yes.

20      Q.   The part I want to ask you about is up

21  here at the top.  I'll zoom in a little bit.  Do

22  you see on the left-hand side at the top it says,

23  "Detective Bogucki, Detective Norrigan," and

24  there is a redacted box there?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 215

```
 1      A.   Yes, I see that.
 2      Q.   So right below that -- do you see the
 3 handwriting right below that?
 4      A.   Yes.
 5      Q.   Is that your handwriting, ma'am?
 6      A.   No.
 7      Q.   Do you know whose handwriting that is?
 8      A.   No.
 9      Q.   And then you see it says, "Received
10 letter on 9/16 from Jenner & Block re:," and then
11 I think that may be D-I-S-C for discovery.  Do
12 you see that?
13      A.   Yes.
14      Q.   Do you think I read that correctly?
15      A.   It appears that you did.
16      Q.   And then the next entry there it says
17 the date of 9/19.  Are you able to discern what
18 that first word is?
19      A.   The one that's crossed off or the next
20 one?
21      Q.   The crossed-off one -- whatever you can
22 read from that, if you can read into the record
23 for me.
24      A.   It looks like initials, but I don't know
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 216

 1    what it's initialing.  I mean like a shorthand or

 2    something.  I really can't.

 3        Q.   I don't want you to speculate.  I

 4    thought maybe you could interpret the State's

 5    Attorney's chicken scratch for me.

 6             Do you see the rest of the sentence,

 7    it says -- and correct me if you read this

 8    differently -- "Detective Bogucki re: 1995 photo

 9    array.  He will check file."  Do you see that?

10        A.   Yes.

11        Q.   Do you know if you ever -- in the course

12    of this discovery in the prosecution of Mr.

13    Fletcher, did you ever see the 1995 photo array

14    that Detective Bogucki conducted?

15        A.   If that's the one used at trial.  We had

16    it for trial.  Photo arrays are generally

17    evidence that's brought in for trial.  I don't

18    know when that was received.  I couldn't tell

19    you.

20        Q.   Do you know if the 1995 photo array was

21    the same photo array as the one you used as a

22    demonstrative at trial?

23        MS. WEST:  Objection to foundation,

24    speculation.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 217

1   BY THE WITNESS:

2       A.   I don't know.  I would have to review

3   the entire transcript to answer that.

4       **Q.   And I'm just going to ask this another**

5   **way.  Maybe I'm splitting hairs here.**

6            **Do you know whether or not the 1995**

7   **photo array that's referenced here is the same**

8   **photo array that was entered into evidence in the**

9   **criminal prosecution of Mr. Fletcher?**

10      MS. WEST:  Same objections.

11  BY THE WITNESS:

12      A.   Independently, no.  But from my review

13  of the documents now, I think I remember there

14  was an earlier photo array where no one was

15  identified.  So that would have been a different

16  photo array.

17      **Q.   Do you know if you ever got that photo**

18  **array from the Chicago Police Department?**

19      A.   I don't know.

20      **Q.   Do you know who was in that photo array?**

21      A.   No.

22      **Q.   Do you know whether or not Mr. Fletcher**

23  **was in that photo array?**

24      A.   No.  I don't think he was from my review

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 218

1    of the documents I received via email.

2        Q.    But do you know one way or the other

3    with any authority whether or not Mr. Fletcher

4    was in that 1995 or earlier, as you called it,

5    photo array?

6        A.    No.

7        Q.    And based on the information presented

8    here, does this suggest to you that there were

9    police documents that were tendered, and these

10   were missing, and at some point somebody reached

11   out to Detective Bogucki to see if he could

12   supplement the record?

13       MR. COYNE:  Objection; speculation.

14       MS. WEST:  Foundation and speculation.

15   BY THE WITNESS:

16       A.    I wouldn't be able -- I don't know from

17   what I've seen and what you told me.  I don't

18   know the answer.

19       Q.    I think -- and correct me if I'm wrong.

20   I think it was your testimony earlier, part of

21   your practice as a State's Attorney that if you

22   thought there was something missing from the

23   police reports or the information that was

24   produced by the police department, you would

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 219

1  **reach out and ask them; is that correct?**

2      A.   Yes.

3      **Q.   So is there any way to tell whether or**

4  **not this information -- this 1995 photo array --**

5  **was missing from the initial documents that were**

6  **tendered via subpoena from this -- the police**

7  **department to the State's Attorney's Office?**

8      MR. COYNE:  Objection; foundation,

9  speculation.

10     MS. WEST:  And form.

11 BY THE WITNESS:

12     A.   Well, I don't have independent

13 recollection of what the 1995 photo array was, if

14 there was an identification made from it or not.

15 And the negative photo arrays, I don't remember

16 how they are -- if they are or if they are not

17 preserved in any way.  I don't remember.

18     **Q.   This entry here suggests that Detective**

19 **Bogucki was going to look in his file for this**

20 **1995 photo array, correct?**

21     MS. WEST:  Objection to foundation, form,

22 speculation on what the record says or suggests.

23     MR. COYNE:  Join.

24 BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 220

1      A.   It says what the State's Attorney wrote,

2   he will check file.  That's all I can say.  I

3   don't know if he did.  If they asked him to or if

4   it's a note.  We can't read the entire note, so I

5   don't really know.

6      **Q.   You were asked a bunch of questions**

7   **about information that's in the blue-back and**

8   **asked to opine what it meant, correct, earlier in**

9   **the deposition?**

10     A.   Yes.  Mostly my own.

11     **Q.   Okay.  I'm going to show you another**

12  **exhibit, this is previously marked as Exhibit No.**

13  **13.  And this is a photo array that we looked at**

14  **earlier.  Do you remember looking at this**

15  **exhibit?**

16     A.   Yes.

17     **Q.   I'm just going to scroll through this.**

18  **First of all, do you recognize this first**

19  **individual that's in this photograph that's on**

20  **the screen?  And that's on Bates CCSAO Conflicts**

21  **Fletcher Dixon Bogucki 1761.  Do you see that**

22  **Bates stamp?**

23     A.   No, I don't see the Bates stamp.  Oh,

24  okay.  I do see it.  Do I recognize that person

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 221

1   independently?  No.

2           But after reviewing the records

3   and -- I know that that's James Fletcher.

4       Q.   Is this -- you said you had independent

5   recollection of what Fletcher looked like during

6   the trial, and you said that he looked similar to

7   one of the photos.  Is this the photo that you

8   were referring to?

9       A.   Could be.

10      Q.   Well, does this photo of Mr. Fletcher

11  look like your independent recollection of what

12  Mr. Fletcher looks like?

13      A.   Yeah, younger version.

14      Q.   And we went through this briefly.  You

15  looked at this exhibit, and you saw this page,

16  this page.  I'm going to scroll through it

17  briefly.  Let me know if you want me to stop at

18  any point in time.  And these are IDOC printouts

19  of photographs of IDOC inmates, correct?

20      A.   Appears to be, yes.

21      Q.   Do you know whether or not these were

22  the photos used in the photo array in this case?

23      A.   I don't know.

24      Q.   If I represented to you that there's

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 222

1    testimony from the detectives that these were the

2    photos that were used in the photo array, would

3    you have any reason to doubt that?

4        A.   No.

5        Q.   Do you have any recollection of working

6    on any other case where there was a photo array

7    done where information about the individuals

8    included in the photo, like the name or any of

9    these physical characteristics that you can see

10   on this photo?

11       A.   I think there were possibly some numbers

12   or letters on photos used in a photo array.

13       Q.   In another case you're talking about,

14   right?

15       A.   I think that was your question.

16       Q.   Right, that was.  I'm making sure that

17   was your answer.

18       A.   Yes.

19       Q.   On this particular photo, it says

20   "Arnold Dixon," but we know this to be Mr.

21   Fletcher, correct?

22       A.   Right.

23       Q.   Do you see that on this photograph here

24   there is a name and then there is a date of

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 223

```
 1    birth, which on this version is redacted, and

 2    then there is a weight, hair, sex, height, race,

 3    and eye color?  Do you see all that personal

 4    characteristic information?

 5        A.   Yes.

 6        Q.   Have you ever seen another photo array

 7    in any of the cases that you prosecuted where

 8    that type of information was present in a

 9    photograph that was used in a photo array?

10        A.   I really don't remember an IDOC photo

11    with that type of information.  I don't remember

12    if that was seen by me in another case.

13        Q.   You were asked by Ms. West whether or

14    not you thought this photo array was fair, and

15    you say you thought it was fair.  What do you

16    base that opinion on?

17        MR. HOLMES:  Object on behalf of the State's

18    Attorney's Office on grounds of deliberative

19    process privilege and instruct the witness not to

20    answer.

21        MR. STARR:  She waived that process by saying

22    that she thought this process was fair.  I'm

23    asking her --

24        MR. HOLMES:  I disagree why it's different.
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 224

1    It is akin to asking is it given -- is the

2    exhibit admissible.  And whether an exhibit is or

3    wasn't in a trial, for example, may have been

4    something ruled on by court, but the why goes to

5    why the attorney would argue an exhibit is

6    admissible, et cetera.

7                    So that goes to deliberative

8    process of the prosecutor and as to her mental

9    impressions.

10       MR. COYNE:  Same instruction.  Objection and

11   instruction as to work product.  But same

12   instruction.  Go ahead.

13       MR. STARR:  I know it is not akin to saying

14   an objective fact -- whether an exhibit was

15   admitted to trial or not is an objective

16   question.  She was asked whether she thought this

17   photo array was fair, and she said yes.  I'm

18   asking her why she thinks it's fair.  If there

19   was a deliberative process -- I don't think there

20   is.  If there was, I think she waived it by

21   saying she thought it was fair.

22       MR. COYNE:  Just to respond to that.  It

23   would be akin to asking do you believe there was

24   probable cause for a prosecution?  Yes.  Why do

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 225

1    you believe there was probable cause?  So I think

2    that would be analogous to this.

3                   But I'll let -- from my insertion

4    of the work-product doctrine, I'll let the

5    witness decide.

6                   It would appear to me that

7    characterizing the evidence in this case,

8    providing you her testimony about opinions and

9    evaluation of why she thinks it's fair, would

10   constitute work product, regardless of the fact

11   that she has already testified that it is fair.

12   But I'll let her answer.  If she can answer the

13   question without disclosing mental impressions,

14   then she can go ahead.  I didn't mean to

15   interrupt Cliff either.

16       MR. HOLMES:  On behalf of the office, I do

17   instruct the witness not to answer.

18                   I think in addition, this is not an

19   expert witness.  She is a lay witness.  She is a

20   fact witness.  So questions about facts

21   surrounding this exhibit are fair, but asking her

22   directly about her mental impressions are not.

23   BY THE WITNESS:

24       A.   I cannot answer that question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 226

1    Q.   Are you refusing to answer my question

2    because of the instruction of the Cook County

3    State's Attorney's Office?

4    A.   Yes, and my attorney.

5    Q.   So you think it's fair to compare this

6    individual in this photograph on 1767 to this

7    photograph on 1761, correct?

8    A.   I'm not going to answer that question.

9    MR. COYNE:  Same instruction.  Go ahead.

10   BY MR. STARR:

11   Q.   You are going to answer Ms. West's

12   question about whether the photo is fair as a

13   general proposition, and I'm asking if it's fair

14   to compare -- to put one photo next to another,

15   and you are not going to answer that question?

16   MR. COYNE:  For the record, that is a

17   different question.

18   MR. STARR:  Yeah, it is a slightly different

19   question.  I'm not asking the same question that

20   Ms. West asked.  But I think it's inappropriate

21   to not answer my question if she was able to

22   answer the previous question that Ms. West asked

23   her.

24   MR. COYNE:  Which you admit was a different

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 227

1    question.

2        MR. STARR:  Yeah, I'm not trying to reask the

3    same question.

4        MR. COYNE:  You can answer provided you are

5    not disclosing your mental impressions about the

6    evidence.

7

8    BY THE WITNESS:

9        A.    It appears to be a fair photo array to

10   me.

11       Q.    Let's take a look at another photo array

12   that you characterize as fair.

13             I'm going to show you what I believe

14   is marked as Exhibit No. 14.  Do you recall

15   looking at this exhibit earlier during the course

16   of the deposition, ma'am?

17       A.    Yes.

18       Q.    And you were asked whether or not you

19   thought this photo -- strike that.  This lineup

20   was fair, and your answer was yes, correct?

21       A.    Yes.

22       Q.    And why do you think that this photo --

23   strike that.  Why do you think this lineup is a

24   fair lineup?

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 228

```
 1      MR. COYNE:  Same objection, same instruction

 2   as to work product.

 3      MR. HOLMES:  Object on behalf of the State's

 4   Attorneys on the grounds of deliberative process

 5   privilege and instruct the witness not to answer.

 6   BY THE WITNESS:

 7      A.   I'm not going to answer based on the

 8   attorney's instruction.

 9      Q.   I'm going to show you one more exhibit,

10   which was not marked.  I'm going to mark this.  I

11   think you were up to 16, Allyson?

12      MS. WEST:  I was up to 18.

13   BY MR. STARR:

14      Q.   So this is going to be 19.  For the

15   record, this is the CCSAO Conflict Fletcher Dixon

16   Bogucki 283 through 284.  And you see this

17   document on your screen, ma'am?  I'll make it

18   smaller so it fits better.  Can you see this

19   two-page document on your screen?

20                       (WHEREUPON, said document

21                        was marked as Deposition

22                        Exhibit No. 19 for

23                        Identification.)

24      A.   Yes.  I can't see the top of the first
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 229

1    page.

2         Q.    Is it because the attorney's video --

3         A.    The top of it is where it says,

4    "Confidential."

5         Q.    Yes.  That's the top.

6         A.    Okay.

7         Q.    Is this your handwriting, ma'am?

8         A.    No.

9         Q.    Do you recognize this handwriting?

10        A.    No.

11        Q.    And then I was talking about the

12   handwriting at the top that's in blue ink.  Do

13   you see that?

14        A.    I do.  It's not mine.

15        Q.    There is another section of handwriting

16   that may or may not be a different person's

17   handwriting.  Do you see that handwriting in

18   black ink?

19        A.    Yes.

20        Q.    Do you recognize that handwriting?

21        A.    No.

22        Q.    And then, lastly, I think this is the

23   same handwriting.  Might be the same exact

24   handwriting as above.  You don't recognize this

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 230

```
 1    handwriting, do you, ma'am?
 2         A.   I don't.
 3         Q.   You see where it says, "Edward Cooper,
 4    bread truck driver," and his address, right?
 5         A.   Right.
 6         Q.   And you see it says, "Dixon a/k/a
 7    Fletcher," and then in parenthetical it says,
 8    "(Big lips)."  Do you see that?
 9         A.   Yes.
10         Q.   Do you have any recollection at any
11    point in time any of the witnesses or the police
12    or anyone telling you that one of the ways in
13    which Mr. Fletcher was identified was because he
14    had big lips?
15         A.   Another description coming up in the
16    case.  I don't know who said it.
17         Q.   Do you know if it was something that was
18    elicited via testimony during the trial?
19         A.   No, I don't remember.
20         Q.   Do you know whether or not that was
21    something that came from a witness or a police
22    officer?
23         A.   Don't know.
24         Q.   Did Mr. Cooper ever tell you that when
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 231

1    the police came out to his home with the photo

2    array, and he was unable to identify Mr.

3    Fletcher, they said, "Look at that guy.  He is

4    the suspect.  Look at his big lips.  Remember the

5    big lips," or something to that effect?

6        A.   No, he never told me that.

7        Q.   Did the police ever tell you or inform

8    you in any form of documentation that when they

9    visited Mr. Cooper and showed him a photo array,

10   and he was unable to identify Mr. Fletcher, they

11   told him to remember the big lips?

12       A.   No.

13       Q.   If the police or Mr. Cooper had told you

14   that when they came out to Mr. Cooper's home, and

15   he was unable to identify anyone in the photo

16   array, and they instructed him to remember the

17   big lips, is that something that you would have

18   disclosed to the criminal defense attorneys?

19       MR. COYNE:  Objection; foundation, calls for

20   speculation.

21   BY THE WITNESS:

22       A.   If that happened, that would have to be

23   disclosed.

24       Q.   Would it have to be disclosed because

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 232

1    that's the kind of exculpatory evidence that you

2    are obligated to disclose under Brady?

3        A.   Right.

4        Q.   Okay.  Is there anything else that you

5    have any independent recollection of related to

6    the Willie Sorrell homicide or the prosecution of

7    James Fletcher that you haven't told us today,

8    ma'am?

9        MS. WEST:  Objection to form.

10       MR. COYNE:  Join in that.

11

12   BY THE WITNESS:

13       A.   I don't know.

14       Q.   Is there anything you can independently

15   recall that you haven't told us?

16       MR. HOLMES:  Object on the grounds of

17   deliberative process privilege.  Depending on her

18   answer, she should not disclose information

19   protected by the deliberative process privilege.

20       MR. COYNE:  Same objection, same instruction.

21   BY THE WITNESS:

22       A.   I wouldn't be able to answer that based

23   on the instruction.

24       Q.   Safe to say there are additional things

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 233

1   you independently recall that you haven't

2   testified to, but you are restraining to testify

3   to them because of the instruction related to the

4   deliberative process privilege, correct?

5       MR. COYNE:  And the work product.

6   BY MR. STARR

7       Q.   And the work-product privilege?

8       A.   Are you waiting for me?

9       MR. COYNE:  He's asking you a question.

10  BY THE WITNESS:

11      A.   I can't think of anything.  I don't know

12  anything.

13      Q.   You are not intending to come to the

14  civil trial in this case and waive the

15  work-product privilege and the deliberative

16  process privilege and provide additional

17  information that you refused to provide today,

18  are you?

19      A.   I don't have any intentions like that.

20      Q.   If in the course of any criminal

21  prosecution that you were the trial attorney on,

22  you encountered a photo array or a lineup that

23  you thought was unfair, what would you have done?

24      MR. COYNE:  Objection; form, foundation,

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 234

1    incomplete hypothetical, and requires the witness

2    to speculate.

3    BY THE WITNESS:

4        A.   Make sure the other -- that the defense

5    attorney sees it.  That they would see it anyway,

6    so -- but I don't remember any such situation.

7                 That's a hypothetical.  Again, if

8    it was Brady material, I would make sure the

9    defense attorney saw it and knew about it.

10       **Q.   And it wasn't your job as a State's**

11   **Attorney -- Cook County State's Attorney felony**

12   **trial attorney to make determinations about**

13   **whether or not a photo array or lineup was a fair**

14   **or unfair photo array lineup, was it?**

15       A.   No.

16       **Q.   And you relied on the evidence that the**

17   **police presented to you regarding photo arrays**

18   **and lineups that they conducted to be authentic,**

19   **correct, and truthful, right?**

20       MR. COYNE:  Objection; form.  Again, you can

21   answer as long as you don't divulge your mental

22   impression as to a particular case.

23       MR. HOLMES:  Same objection about the State's

24   Attorney's Office and grounds of deliberative

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 235

1   process.

2       MS. WEST:  Join as to form.

3   BY THE WITNESS:

4       A.   In general, I would rely on the lineup

5   photos and the photo arrays that the police

6   presented in the prosecution of the case.

7       **Q.   And you would expect those lineups and**

8   **those photo arrays to have been done properly and**

9   **within the boundaries of the law, correct?**

10      MR. HOLMES:  Object on the ground of

11  deliberative process.  Ask the witness not to

12  divulge information that would reveal the

13  Office's deliberative process.

14  BY THE WITNESS:

15      A.   In general, I would rely on that, yes,

16  to be appropriate methods of identification in

17  general, yes.

18      MR. STARR:  Thank you, ma'am.  I have nothing

19  further.  Appreciate your time today.

20      MR. COYNE:  Anybody else?

21      MS. WEST:  I do.  But Dhaviella can go first.

22      MS. HARRIS:  At this time, I do not have any

23  questions.

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 236

```
 1                      EXAMINATION

 2   BY MS. WEST:

 3       Q.   I'll keep it brief.  Just some follow-up

 4   questions.

 5             Ms. O'Connor, I know it's been a

 6   long day.  Thank you for being patient with us.

 7             Counsel asked you some questions

 8   about what documents you reviewed in preparation

 9   for your deposition today, correct?

10       A.   Someone did, yes.

11       Q.   Okay.  I know it's been a long day.  And

12   one of those documents that you indicated that

13   you reviewed was trial testimony; is that right?

14       A.   Yes.

15       Q.   And during the course of the trial, Ms.

16   Friend identified James Fletcher as the offender,

17   correct?

18       A.   She did.

19       Q.   And during that trial testimony, Mr.

20   Cooper also identified Mr. Fletcher as the

21   offender, correct?

22       A.   Yes, correct.

23       Q.   I think we already established that it

24   was your common practice to, if possible, talk to
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 237

1  **a witness or interview a witness prior to trial,**
2  **correct?**
3      A.   Yes.
4      **Q.   And you wouldn't necessarily document**
5  **what that individual said in like a handwritten**
6  **note that was placed in the file, right?**
7      A.   Correct.
8      MR. STARR:  Objection; asked and answered.
9  BY MS. WEST:
10     **Q.   Was it your common practice to meet with**
11 **a witness that you intended to call at trial as**
12 **you got closer to the date of that trial?**
13     A.   Yes.
14     **Q.   And was that to ensure that you knew**
15 **what that individual was going to testify to when**
16 **they hit the stand at trial?**
17     MR. COYNE:  Objection and instruct you not to
18 answer if you would need to divulge your mental
19 impressions or your strategies regarding your
20 prosecution of the particular case.
21          To the extent you would need to
22 answer why you did what you did as a prosecutor
23 in a particular case, I would instruct you not to
24 answer.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 238

```
 1              If you can answer without divulging
 2   that, go ahead.
 3        MR. HOLMES:  Objection by the State's
 4   Attorney on the grounds of deliberative process
 5   privilege and similar instruction.
 6   BY THE WITNESS:
 7        A.   Yes, in general, you know, you would try
 8   to meet with the witness to discuss what they
 9   knew about the case and what they would testify
10   to.
11        Q.   And, generally speaking, if that witness
12   changed their prior version of events, would that
13   give you pause on whether you would call that
14   individual at trial?
15        MR. COYNE:  Objection; foundation,
16   speculation, incomplete hypothetical.
17        MR. STARR:  Join.
18        MS. WEST:  Objection based on -- was this a
19   work-product objection?
20        MR. COYNE:  No.  I said objection; incomplete
21   hypothetical.  You're -- this couldn't be a
22   specific case because she is asking you about a
23   hypothetical.
24   BY THE WITNESS:
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 239

1      A.    Okay.  It depends if I would have pause.

2  If I would -- it depends.  So I can't answer with

3  a yes or no because it would all depend.

4      **Q.    For example, if a witness in a case**

5  **previously identified an offender in a police**

6  **report, but when you interview them prior to**

7  **trial they recanted that identification, would**

8  **you still put them on the stand?**

9      MR. COYNE:  Objection; foundation, incomplete

10  hypothetical, requires speculation.

11  BY THE WITNESS:

12      A.    If that happened, it would -- my answer

13  still is it would depend on other circumstances.

14  It would depend.

15      **Q.    What would it depend on?**

16      MR. STARR:  Form, foundation.

17      MR. COYNE:  Speculation, foundation.

18  BY THE WITNESS:

19      A.    If a witness -- if that had happened in

20  a case, it would depend on whether that witness

21  had given prior statements under oath, signed,

22  and whether that witness was a necessary witness,

23  and if there had been any -- this is a very

24  complicated question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 240

1      MR. COYNE:  That's why I objected.  Answer

2  the best you can.

3  BY THE WITNESS:

4      A.   Well, it's a hypothetical, right?

5      **Q.   Correct.**

6      A.   I certainly would have considered the

7  prior statements that were taken under oath and

8  signed if there were such.

9      **Q.   Are you finished with your answer?  I**

10  **don't want to cut you off.**

11      A.   Yes.

12      **Q.   I have a question in follow up to that.**

13  **Is that because you could impeach that individual**

14  **based on their prior sworn statement?**

15      MR. COYNE:  Objection; form, foundation,

16  incomplete hypothetical, requires speculation.

17      MR. STARR:  Join.

18  BY THE WITNESS:

19      A.   Hypothetically speaking, that would be

20  one of the considerations.

21      **Q.   With regard to Mr. Cooper, did you have**

22  **any concerns about his credibility as a witness?**

23      MR. COYNE:  Objection.  Don't answer the

24  question to the extent it calls for you to reveal

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 241

1  your mental impressions involving evidence in

2  this case, i.e., testimony or the witness status

3  of Mr. Cooper.

4            So to the extent you would need to

5  divulge your mental impressions, your evaluation

6  of the evidence, your opinions of the witnesses,

7  I would instruct you not to answer those

8  questions, because they would reveal mental

9  impression, work-product-privileged material.

10            If you can answer without doing

11  that, you can proceed.

12    MR. HOLMES:  Similar objection on behalf of

13  the State's Attorney on grounds of deliberate

14  process privilege, and I similarly instruct the

15  witness not to answer if her answer would reveal

16  deliberative process privilege of the State's

17  Attorney.

18    MR. STARR:  I would add I believe it was

19  asked and answered.

20  BY THE WITNESS:

21    A.   Based on my attorney's instruction, I

22  can't answer that.

23    **Q.   Counsel previously asked you -- strike**

24  **that.**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 242

```
 1              Counsel previously indicated that

 2   Mr. Cooper has testified in the civil case

 3   regarding Mr. Fletcher.  Do you recall him

 4   telling you that?

 5       A.   Yes.

 6       Q.   And Mr. Fletcher -- Mr. Cooper testified

 7   that he told you prior to trial that he was only

 8   50 percent sure of his identification of Mr.

 9   Fletcher.  Do you recall him telling you that?

10       MR. STARR:  Objection; asked and answered.

11   BY THE WITNESS:

12       A.   No, I don't remember him making that

13   statement.

14       Q.   If he had made that statement, would you

15   still have called him as a witness?

16       MR. COYNE:  Objection; form, speculation.

17       MR. STARR:  Join.

18   BY THE WITNESS:

19       A.   It's possible.

20       Q.   Mr. Cooper also testified that

21   detectives in this case pointed to one of the

22   photos to specify who he should pick out.  Did he

23   specifically tell you that?

24       MR. STARR:  Objection; asked and answered
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 243

1  regarding conversation with Mr. Cooper.

2  BY THE WITNESS:

3      A.   No.

4      **Q.   If he had told you that, would you still**

5  **have called him as a witness at trial?**

6      MR. COYNE:  Objection; foundation, calls for

7  speculation.

8      MR. STARR:  Join.

9      MR. HOLMES:  Object on the State's Attorney's

10  Office on the ground of deliberative process

11  privilege.

12

13  BY THE WITNESS:

14      A.   I can't answer that.

15      **Q.   Based on the advice of your counsel?**

16      A.   Right.

17      **Q.   I believe counsel did ask you if Mr.**

18  **Cooper ever told you that the detectives told him**

19  **that when looking at the photo array to look at**

20  **the lips of the individuals in the photographs.**

21  **Do you recall him asking that question?**

22      A.   Yes.

23      **Q.   I believe your answer was that Mr.**

24  **Cooper did not provide you with that information,**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 244

1    **right?**

2        A.    Right.

3        **Q.    And my question is, if he had told you**

4    **that, would you have put him on the stand?**

5        MR. COYNE:  Objection; foundation,

6    speculation, and instruct you not to answer if

7    you need to reveal your mental impressions based

8    on attorney work-product privilege.

9    BY THE WITNESS:

10       A.    I can't answer based on my attorney's

11   advice.

12       **Q.    And did Mr. Cooper tell you that during**

13   **the photo array, the police told him that two**

14   **other witnesses had previously identified Mr.**

15   **Fletcher?**

16       A.    No.

17       **Q.    Had he told you that information prior**

18   **to trial, would you have put him on the stand as**

19   **a witness?**

20       MR. COYNE:  Objection; foundation,

21   speculation.  Same instruction as to mental

22   impressions.  If you need to reveal those in

23   order to answer the question, answer the question

24   singular, don't answer based on work-product

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 245

1    privilege.

2         MR. HOLMES:  On behalf of the State's

3    Attorney's Office, on grounds similar, I instruct

4    the witness.

5         MR. STARR:  Belated asked and answered to the

6    question.  I didn't want to interrupt the

7    witness.

8    BY THE WITNESS:

9         A.   Yeah, I can't answer.

10        **Q.   Based on the advice of your counsel?**

11        A.   Yes.

12        **Q.   Previously, we talked about the entire**

13   **criminal file and how it informs the prosecution.**

14   **Do you recall that line of question generally?**

15        A.   Generally.

16        **Q.   Now, what's included in that file, the**

17   **criminal file, is also information from the**

18   **felony review Assistant State's Attorney,**

19   **correct?**

20        MR. COYNE:  Talking about this case or

21   generally?

22        MS. WEST:  Generally.

23        MR. COYNE:  Foundation.

24   BY THE WITNESS:

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 246

1    A.   Generally, there would be a felony
2  review folder in the file.
3    Q.   **And specifically in Mr. Fletcher's case,**
4  **there were handwritten statements taken by the**
5  **Assistant State's Attorney, correct?**
6    A.   Correct.
7    Q.   **And that was a statement of Terry**
8  **Rogers, correct?**
9    A.   I'm not sure.  There was definitely one
10  that Sheenee Friend gave.  Jennifer Walker I
11  think was -- I was asked about Jennifer Walker in
12  connection with that, but I don't remember how
13  many handwritten were in the file.  Sorry.
14    Q.   **Generally, if a handwritten statement is**
15  **taken of a witness during the felony review**
16  **process, is it made a part of the criminal trial**
17  **file?**
18    A.   Yes.
19    Q.   **And that's something that you would be**
20  **generally reviewing related to the underlying**
21  **prosecution, correct?**
22    A.   Right.  Yes.
23    Q.   **And you were in felony review multiple**
24  **times, correct?**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 247

1    A.   Correct.

2    Q.   And as a part of the felony review

3  process, part of your job is to interview

4  potential witnesses, right?

5    A.   Yes.

6    Q.   And take handwritten or court-reported

7  statements of those witnesses, correct?

8    A.   Sometimes.

9    Q.   And, ultimately, as a part of the felony

10 review process, it is the State's Attorney's

11 Office's determination to charge the individual

12 suspect or suspects, correct?

13    A.   Yes.

14    Q.   And in this case, obviously because the

15 case was prosecuted, the State's Attorney's

16 Office made a determination to charge Mr.

17 Fletcher during the felony review process, right?

18    A.   Correct.

19    Q.   Okay.  And we've already talked about

20 the fact that typically if Grand Jury testimony

21 is taken, it is included in the trial file,

22 right?

23    A.   Correct.

24    Q.   And I may have asked you this.  I

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 248

1    apologize.  It's been a long day.  Was the Grand

2    Jury testimony of Ms. Friend included in the

3    trial file that you reviewed prior to trial?

4        MR. STARR:  Asked and answered.

5    BY THE WITNESS:

6        A.   I don't remember physically.  I can't

7    tell you I've physically saw it in the file, but

8    I'm sure it was in the file.

9              You asked me if it was part of the

10   file, the State's Attorney's file?

11       Q.   Correct.

12       A.   I don't know.  I don't know.

13       Q.   Earlier counsel for Mr. Fletcher asked

14   you what types of documents were contained in the

15   criminal trial file, and you testified like

16   police reports, forensics, Grand Jury testimony.

17   If Grand Jury testimony was not included in that

18   criminal trial file, would you have ordered or

19   requested any Grand Jury testimony?

20       MR. COYNE:  Objection; foundation,

21   speculation.

22   BY THE WITNESS:

23       A.   Hypothetically speaking, if it was not

24   there, yes, I would have requested it.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 249

```
 1      Q.   Counsel asked you earlier about the
 2   felony review sheet and summaries or notes that
 3   the felony review Assistant State's Attorney
 4   would have documented.  Do you recall that line
 5   of questioning generally?
 6      A.   Yes.
 7      Q.   If there was a handwritten statement or
 8   court-reported statement associated with those
 9   notes or summary of an individual witness, would
10   that typically be included with the felony review
11   file?
12      MR. COYNE:  Foundation, speculation.
13   BY THE WITNESS:
14      A.   I'm sorry.  Can you repeat your
15   question?  I'm really sorry.
16      Q.   You're fine.
17      MS. WEST:  If the court reporter can read it
18   back.
19                    (Said question was read
20                     back.)
21      MR. COYNE:  Do you understand the question?
22   BY THE WITNESS:
23      A.   Well, I'm not sure if you're asking if
24   the handwritten statement and the court-reported
```

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 250

1   statement would be in the felony review folder.

2       **Q.   That is what I'm asking.**

3       A.   Okay.  Typically -- typically, the

4   handwritten statement would be there, but not the

5   Grand Jury testimony.

6       **Q.   If there was a court-reported statement,**

7   **would it be included there as well?**

8       MR. COYNE:  Same objections.

9   BY THE WITNESS:

10      A.   I don't know.  We didn't take a

11  court-reported statement of witnesses.

12      **Q.   Okay.  Counsel asked you a question**

13  **earlier about how you learned that Terry Rogers**

14  **knew James Fletcher, and you indicated that it**

15  **was from police reports, correct?**

16      A.   Yes.

17      **Q.   Now, we looked at this early in the day,**

18  **but based on Terry Rogers' handwritten statement,**

19  **you also learned that he knew James Fletcher,**

20  **correct?**

21      MR. STARR:  Objection; form, foundation,

22  calls for speculation.

23  BY THE WITNESS:

24      A.   Well, I don't remember saying that, but

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 251

1    I -- I don't remember really what you showed me

2    five hours ago.

3        Q.    Let me show you the handwritten

4    statement again.  And this was marked as Exhibit

5    2.  Do you see a document on your screen?

6        A.    Yes.

7        Q.    And does that document -- go ahead.

8        A.    Terry Rogers' handwritten statement.

9        Q.    The document appears to be the

10   handwritten statement of Terry Rogers, right?

11       A.    Appears to be, yes.

12       Q.    And I'm going to scroll down and direct

13   you to page two on -- if you can see my curser,

14   this line where it says "Terry."

15       A.    Yes.

16       Q.    This one, "Terry states he has known

17   Fletcher since they were kids, and they used to

18   go roller skating at the same place."  Do you see

19   that?

20       A.    Yes.

21       Q.    So, Mr. Rogers' handwritten statement

22   also informs the fact that he knew Mr. Fletcher

23   prior to the homicide of Mr. Sorrell?

24       A.    It does indicate that, yes.

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 252

1      **Q.   Ultimately -- you testified to this**
2  **earlier -- Mr. Rogers wasn't called as a witness**
3  **because he wouldn't come to court, right?**
4      MR. STARR:  Objection; form, foundation,
5  asked and answered.
6  BY THE WITNESS:
7      A.   Well, he didn't come to court.  We were
8  unable find him to bring him to court.  He did
9  not testify.
10     **Q.   Have you ever had a criminal prosecution**
11 **where you were provided with a detective or an**
12 **officer's complaint history or CR files?**
13     MR. STARR:  I think that was asked and
14 answered.  Maybe I'm wrong.
15 BY THE WITNESS:
16     A.   I think I said I don't remember.  But I
17 don't remember.
18     **Q.   Counsel asked you earlier -- asked you**
19 **earlier if cases were prosecuted to determine**
20 **justice at the State's Attorney's Office; is that**
21 **right?**
22     A.   Something to that effect.
23     **Q.   So, in prosecuting the case against Mr.**
24 **Fletcher, is it fair to say you were seeking**

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 253

1 **justice on behalf of the victims?**

2     MR. COYNE:  As long as you can answer the

3 question without revealing your mental

4 impressions about the evidence in the prosecution

5 of this case, you may answer.

6             If you would need to disclose --

7 since you're being asked about this particular

8 case, if you would need to disclose your mental

9 impressions about the evidence to your decisions

10 as a prosecutor and your objectives as a

11 prosecutor, to the extent that would reveal

12 mental impressions, I will instruct you not to

13 answer the question pursuant to the work-product

14 privilege.

15             If you can answer without doing

16 that, go ahead.

17     MR. HOLMES:  Similar objection on behalf of

18 the State's Attorney's Office on grounds of

19 deliberative process and the deliberative process

20 privilege, and I similarly instruct the witness

21 not to answer if her answer would disclose

22 elements protected by the deliberative process.

23     MR. STARR:  I have a different objection.  I

24 object to the form of the question.

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 254

1    BY THE WITNESS:

2        A.   My answer is, justice for the victims

3    and for the people of the State of Illinois.

4        MS. WEST:  That's all I have.  Thank you.

5        MR. COYNE:  Anybody else?

6        MR. STARR:  I have no further questions.

7        MS. HARRIS:  None here.

8        MR. COYNE:  Ms. O'Connor, you have the right

9    to review your transcript prior to the time it's

10   finalized.  It's a right you can reserve, or you

11   can waive that right.  How do you choose?

12       THE WITNESS:  I will reserve it.

13       MR. COYNE:  Signature reserved.

14       MS. WEST:  Thank you very much for your time

15   today, Ms. O'Connor.

16       THE COURT REPORTER:  Counsel, do you want

17   this written up?

18       MS. WEST:  Yes, please.

19       MR. STARR:  Not right now.

20       MR. HOLMES:  None for our office.  Thanks.

21                    (WHEREUPON, the proceedings

22                    were adjourned at 4:57 p.m.)

23

24

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 255

1          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
2                   EASTERN DIVISION

3   JAMES FLETCHER JR.,          )
                                 )
4           Plaintiff,           )
                                 ) No. 20 CV 4768
5           -vs-                 )
                                 )
6   JEROME BOGUCKI; ANTHONY      )
    NORADIN; RAYMOND SCHALK;     )
7   ANTHONY WOJCIK; UNKNOWN      )
    CITY OF CHICAGO POLICE       )
8   OFFICERS, and the CITY OF    )
    CHICAGO,                     )
9                                )
                    Defendants.  )
10

11          I, AIDEN O'CONNOR, state that I have

12   read the foregoing transcript of the testimony

13   given by me at my deposition on October 10, 2023,

14   and that said transcript constitutes a true and

15   correct record of the testimony given by me at

16   said deposition except as I have so indicated on

17   the errata sheets provided herein.

18

19                          _____
                            AIDEN O'CONNOR
20   SUBSCRIBED AND SWORN to

21   before me this _____ day

22   of _____, 2023.

23

    _____
24   NOTARY PUBLIC

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 256

```
 1   STATE OF ILLINOIS )
                       )  SS:
 2   COUNTY OF C O O K )

 3       I, MAUREEN A. WOODMAN, Certified Shorthand

 4   Reporter and Notary Public in and for the County

 5   of Cook and State of Illinois, do hereby certify

 6   that AIDEN O'CONNOR was first duly sworn to

 7   testify the whole truth and that the above

 8   deposition was recorded stenographically by me,

 9   and was reduced to typewriting under my personal

10   direction.

11       I further certify that the said deposition

12   was taken at the time and place specified.

13       I further certify that I am not a relative

14   nor employee or attorney nor counsel of any of

15   the parties, nor a relative or employee of such

16   attorney nor counsel nor financially interested

17   directly nor indirectly in this action.

18       In witness whereof, I have hereunto set my

19   hand and affixed my seal of office at Chicago,

20   Illinois, this 1st day of November A.D., 2023.

21

22

23
                     MAUREEN A. WOODMAN, C.S.R.
24                   License No.  084-002740
```

Royal Reporting Services, Inc.
312.361.8851

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 257

**A**

**A.D** 256:20
**a.m** 1:19
**a/k/a** 230:6
**Aberdeen** 2:3
**ability** 188:15
    195:4
**able** 27:1 37:5
    43:3,19 54:13
    58:1 91:21
    113:7 116:20
    124:7 164:7
    167:19 168:6
    174:24 215:17
    218:16 226:21
    232:22
**absence** 136:9
**absent** 146:23
**absolutely** 79:14
    127:2
**ACC** 64:2
**accurate** 43:22
    44:4 126:1,10
    126:18
**act** 208:7
**acting** 122:8,17
**action** 256:17
**acts** 124:1
**actual** 146:22
**add** 28:4 33:23
    241:18
**addition** 78:3
    85:14 98:18
    225:18
**additional** 80:24
    81:7 82:10
    185:5 193:22
    232:24 233:16
**address** 103:2
    230:4
**addressed** 40:18
**adequate** 208:8
**adhere** 99:13,18
**adhered** 101:13

**adjourned**
    254:22
**adjudged** 25:24
**admissible**
    224:2,6
**admit** 226:24
**admitted** 224:15
**admonish** 140:4
**admonition** 94:4
    124:4 128:15
    129:7
**adversary** 116:3
    119:5
**advice** 212:22
    243:15 244:11
    245:10
**affixed** 256:19
**afraid** 196:15,23
    197:1,4,11
**African** 107:12
**afternoon** 64:6
    83:5,6
**age** 77:21
**agencies** 122:23
    124:1,14,24
    125:24
**agency** 123:8
**agent** 64:1
**ago** 5:20 96:1
    251:2
**agree** 95:6
    198:11 199:2
**agreement**
    45:19 80:23
    81:7,21 82:4
    94:19 96:7
**agreements**
    94:16,24
**ahead** 13:5 15:5
    15:20 16:18
    19:1 24:2 28:5
    33:21 49:9,21
    59:1 64:17
    76:24 87:7,19
    89:16 90:20

96:14 107:19
    112:1 118:10
    127:17 128:13
    129:21 145:13
    165:4 171:17
    172:1 180:18
    184:7,23
    185:11 186:7
    187:10,24
    209:9 212:16
    224:12 225:14
    226:9 238:2
    251:7 253:16
**Aiden** 1:11 2:20
    3:3 4:2,10
    255:11,19
    256:6
**akin** 224:1,13,23
**allegations** 54:7
    55:1,3,12
    121:4 159:2
    203:15 209:1
    209:22 210:8
    210:21,24
**alleged** 201:15
    201:19
**allegedly** 167:13
    167:19 168:6
    169:9,23
**allowed** 55:8
    69:18 82:11
    96:5 98:15
**Allyson** 2:7 4:11
    11:22 63:9
    214:9 228:11
**American**
    107:12
**amount** 149:12
    149:23 150:22
**analogous** 225:2
**analysis** 16:14
    150:5 177:9
    212:9
**and/or** 71:15
    145:11 161:20

**angle** 109:1
**Ann** 3:14 51:9
    52:2
**announce** 79:24
**answer** 3:19
    16:11,17,19,20
    16:22 27:19,23
    28:7,12,15
    30:10 33:20
    34:2 37:5
    39:17 42:11
    48:24 49:2,4,9
    49:13 50:6,10
    50:19 54:12,13
    72:9,14 73:20
    73:21 74:8,11
    76:21,22 78:24
    79:4 90:16
    93:14,15 94:7
    94:8 96:10,14
    96:19,20,22,23
    105:2,3 111:20
    112:3 123:18
    124:7,20
    125:13 128:3,7
    128:8,10,13
    129:19,21
    136:4,6 140:3
    142:6 143:24
    145:3,8,9,13
    148:11 150:3,8
    150:9,14,14
    164:23 165:2
    165:21 166:8
    171:3,12,15,16
    172:4,14,20
    173:10,16
    175:12 176:2,7
    176:7 177:10
    177:12,13
    184:14,19,20
    184:22 185:4
    194:7,10,12,13
    206:2 209:6,9
    210:19,20

212:6,11,14,15
    212:23 213:9
    213:19 214:15
    217:3 218:18
    222:17 223:20
    225:12,12,17
    225:24 226:1,8
    226:11,15,21
    226:22 227:4
    227:20 228:5,7
    232:18,22
    234:21 237:18
    237:22,24
    238:1 239:2,12
    240:1,9,23
    241:7,10,15,15
    241:22 243:14
    243:23 244:6
    244:10,23,23
    244:24 245:9
    253:2,5,13,15
    253:21,21
    254:2
**answer's** 151:3
**answered** 21:8
    30:13 31:14
    32:6 81:14
    85:8 118:10
    153:16 237:8
    241:19 242:10
    242:24 245:5
    248:4 252:5,14
**answering** 33:19
    76:20 111:21
    173:10
**answers** 88:3
    201:20,24
**Anthony** 1:6,7
    155:15,18
    157:12 255:6,7
**anybody** 162:2
    167:1 235:20
    254:5
**anyway** 234:5
**AOC** 11:21 45:3

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 258

81:5
**Apart** 113:13
**apologize** 12:18
61:13 178:15
248:1
**apparently** 73:9
169:13 170:24
**appeals** 200:8,9
200:12
**appear** 10:22
12:10,13,17
20:20 24:2
34:16 45:9
47:11 51:14
52:9,12 57:12
59:12 64:10
65:4,9 67:24
75:1 81:5
82:19 225:6
**appearance**
46:23 79:24
**APPEARAN...**
2:1
**appeared** 34:19
186:9
**appears** 11:8,11
14:17 20:21,24
22:17 25:11
26:6 32:15
36:21 40:17
41:22 44:22
51:8 53:18
54:15 55:6,9
56:14 57:18
58:12 59:23
60:5,21 62:1
63:7 66:9
67:19 70:5
72:9 76:7,15
80:13 82:17
214:17 215:15
221:20 227:9
251:9,11
**applies** 17:2
**appreciate**

214:14 235:19
**approach**
201:22
**appropriate**
235:16
**approximately**
149:11 188:23
**April** 66:18 67:3
**Area** 155:21
158:23 159:3
**argue** 73:9
224:5
**argued** 73:6
75:19
**arguing** 53:19
75:2,9,10
**argument** 53:21
54:23 56:3
74:16 75:1,11
**arguments**
33:17 70:2
**armed** 77:23
78:5,8
**Arnold** 222:20
**arrangements**
97:3
**array** 3:17 59:14
60:21,23 61:5
61:5 68:21,21
69:4,4 75:2,5
110:1 166:3,5
166:7,10,15
167:21 168:7
168:15 181:4
181:10,15
182:5 191:8,15
191:21 192:9
196:1 216:9,13
216:20,21
217:7,8,14,16
217:18,20,23
218:5 219:4,13
219:20 220:13
221:22 222:2,6
222:12 223:6,9

223:14 224:17
227:9,11 231:2
231:9,16
233:22 234:13
234:14 243:19
244:13
**arrays** 216:16
219:15 234:17
235:5,8
**arrest** 29:7
34:14 123:15
**arrested** 26:3
52:10
**arson** 178:4
**aside** 48:14
**asked** 12:18
21:8 30:13
31:14 32:6
68:18,19 93:20
108:3 118:10
130:8 134:19
138:11,14,23
144:18 150:18
150:20 151:4
178:20,22
198:11,18
199:1 210:23
214:12 220:3,6
220:8 223:13
224:16 226:20
226:22 227:18
236:7 237:8
241:19,23
242:10,24
245:5 246:11
247:24 248:4,9
248:13 249:1
250:12 252:5
252:13,18,18
253:7
**askew** 36:22
**asking** 17:2
73:23 96:2,3
123:11 124:21
124:22 134:23

138:21 140:24
145:15 146:2
146:21 147:14
172:5 175:13
175:14 223:23
224:1,18,23
225:21 226:13
226:19 233:9
238:22 243:21
249:23 250:2
**assigned** 7:2,5
7:10 9:9 11:1
12:20 13:15,20
15:1,12 72:23
84:12,18 85:1
87:1 89:8 90:5
205:6 207:7
**assignment** 6:16
120:16
**assignments**
83:19
**assistant** 76:19
80:2,3 120:23
139:18 140:11
140:15,23
141:1,13,21,23
160:2,7 245:18
246:5 249:3
**associated** 76:8
249:8
**assume** 37:8,9
38:14 58:21
179:10,16
183:19 184:5
193:2,9,10
199:17
**assuming**
183:21 184:1
187:21
**ATTACHED**
3:21
**attaching** 57:19
**attempt** 51:19
52:2 189:20
**attempted** 77:22

198:5
**attempting**
146:2
**attention** 17:20
42:20 53:16
77:10 206:19
208:8
**attorney** 5:15
13:9 41:8,11
55:7 56:23
80:2,4 83:11
84:24 86:17
90:18 92:16
95:6 99:2,17
100:9,14,20,23
101:14,18,23
102:2,18,22
104:11,20
105:24 111:14
111:15 112:7
114:10 115:17
117:6,8,16
118:17 120:24
121:12 122:3,4
122:20 123:6
124:1,12
136:23 142:12
143:9 145:16
145:16,17
146:4 148:3
159:8,21 160:3
160:8,19,23
162:3,6,10
163:11,21
165:2 167:7
185:1 194:15
206:5 218:21
220:1 224:5
226:4 233:21
234:5,9,11,11
234:12 238:4
241:13,17
244:8 245:18
246:5 249:3
256:14,16

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 259

| | | | | |
|---|---|---|---|---|
| **attorney's** 6:2,8 | 164:14 167:9 | 69:13,18,20 | 186:4 | **best** 5:10 9:22 |
| 6:16 7:3 66:19 | 176:5 177:15 | 70:14,20 79:20 | **Bates** 58:13 63:8 | 68:5 131:18 |
| 72:10 74:10 | 204:21 205:20 | 79:23 93:24 | 82:14 214:17 | 147:13 157:5 |
| 76:19 78:17 | 207:21 228:4 | 94:2 106:9 | 220:20,22,23 | 214:15 240:2 |
| 80:1 84:7 90:8 | 231:18 | 132:8 162:22 | **Bates-stamp** | **better** 11:5 |
| 93:5 95:10 | **atypical** 149:12 | 174:5 185:8 | 53:4 58:14 | 228:18 |
| 96:5,12,21,23 | 149:20 | 213:22 249:18 | 69:22 72:12 | **beyond** 73:17 |
| 97:2 99:12 | **authentic** | 249:20 | **Bates-stamped** | 74:8 78:22 |
| 100:3,10,15 | 234:18 | **bad** 97:16 | 10:17 11:4 | **big** 230:8,14 |
| 101:7,9 104:20 | **authority** 218:3 | **barely** 121:1,2 | 14:13 38:10 | 231:4,5,11,17 |
| 105:18 111:22 | **available** 32:22 | **base** 6:15 153:11 | 39:10 | **birth** 223:1 |
| 112:12,18 | **awarded** 213:11 | 155:6 157:1 | **bearing** 93:11 | **bit** 11:5 20:19 |
| 113:16 114:10 | **aware** 101:2,6 | 223:16 | **becoming** 102:1 | 67:17 76:4 |
| 116:4 122:21 | 105:4,8 113:17 | **based** 12:6 18:3 | **began** 7:19 | 122:2 162:23 |
| 123:23 125:2,7 | 127:7 131:11 | 19:7 29:24 | **Beginning** 54:4 | 214:21 |
| 125:23 127:9 | 159:1,9,22 | 34:22 35:5 | **begins** 42:21 | **black** 107:12 |
| 128:17 131:20 | 167:8,11 178:2 | 37:21 40:19 | 54:3 | 229:18 |
| 132:2 133:13 | 178:6 179:19 | 41:17 42:5,21 | **behalf** 2:5,10,15 | **block** 3:13 40:19 |
| 137:20,23 | 179:24 181:2,7 | 47:7 49:1,2 | 2:20 27:11 | 40:21 45:1 |
| 139:4,6 150:12 | 182:3,8 186:18 | 51:18,20 52:9 | 80:1 125:1 | 215:10 |
| 158:24 159:13 | 186:21 189:23 | 54:6,23 56:13 | 150:11 172:22 | **blond** 154:10 |
| 159:19 167:2 | 190:3,5 191:6 | 57:18 59:12,16 | 176:4 177:14 | **blue** 229:12 |
| 172:23 173:12 | 196:13 198:8 | 59:23 61:4 | 184:24 194:14 | **blue-back** 10:23 |
| 196:10 200:22 | 200:14,17,18 | 62:16 64:9,20 | 212:17 213:17 | 11:1 23:4 |
| 212:18,22 | 201:9 202:1,6 | 65:4 66:13 | 223:17 225:16 | 44:14,17 62:22 |
| 213:17 216:5 | 202:12,18 | 73:10 74:24 | 228:3 241:12 | 69:20,22 80:7 |
| 219:7 223:18 | 203:1,8,14,22 | 75:11 82:15,18 | 245:2 253:1,17 | 80:8 139:19 |
| 226:3 228:8 | 204:4,11,17,19 | 83:12 95:23 | **Belated** 245:5 | 148:1 214:9 |
| 229:2 234:24 | 205:2 208:24 | 96:23 128:1 | **believe** 25:19 | 220:7 |
| 241:21 243:9 | 209:21 | 129:3 130:14 | 30:21 44:8 | **bodies** 205:14 |
| 244:10 245:3 | **awareness** | 130:18 146:16 | 67:1 68:18 | **Bogucki** 1:6 |
| 247:10,15 | 201:14 | 150:10 154:17 | 83:13 120:20 | 50:23 60:10 |
| 248:10 252:20 | **awest@halem...** | 165:21 167:23 | 139:20 148:13 | 151:23 152:1,4 |
| 253:18 | 2:9 | 168:22 176:2 | 158:16 166:18 | 152:19,22 |
| **attorneys** 49:7 | | 177:10 194:10 | 185:14 206:12 | 161:11,20 |
| 96:6 99:18 | **B** | 212:14,22 | 207:2 214:8 | 167:14,20 |
| 100:5 104:11 | **B** 3:7 63:17 | 218:7 228:7 | 224:23 225:1 | 169:21 170:2,8 |
| 104:21 105:6 | 80:20,22 81:3 | 232:22 238:18 | 227:13 241:18 | 170:24 175:1,4 |
| 105:11,17 | **B/A** 23:23 | 240:14 241:21 | 243:17,23 | 182:5,11,17 |
| 113:2,18,24 | **back** 7:7 10:12 | 243:15 244:7 | **believing** 186:4 | 183:1 208:11 |
| 114:18,22 | 14:14 23:3 | 244:10,24 | **bell** 205:11 | 209:1,23 210:9 |
| 115:5 116:24 | 30:23 32:10 | 245:10 250:18 | **Bergstrom** 2:23 | 210:22 211:13 |
| 120:9,14 127:1 | 35:18,18 36:4 | **basically** 26:3 | 17:1 28:1 30:4 | 214:23 216:8 |
| 143:11 149:3 | 44:13 49:24 | 140:11 155:20 | 73:13 75:14 | 216:14 218:11 |
| 163:6,18 164:3 | 50:13,15 69:5 | **basis** 185:14 | 79:1,18 80:3 | 219:19 220:21 |

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 260

228:16 255:6
**Bogucki's** 153:6
153:23 154:7
171:6 173:5
**bold** 29:5
**Bond** 64:7
**bottom** 11:17
26:4,5 40:22
47:14 54:24
56:16 76:13
**Boulevard** 2:7
2:17
**bound** 112:17
**boundaries**
235:9
**box** 24:7 64:7,8
214:24
**Brady** 97:9,13
97:17,18,24
98:13,18,19
99:3,19 100:9
101:3,19,21
102:6,9,14,19
102:23 103:2
103:13 104:2
107:22 108:7
108:14 109:2
109:15 110:3
110:16 112:8
112:13 113:1,4
113:11 135:7
180:22 181:24
183:12 187:15
191:4 192:22
193:21 199:12
210:12 232:2
234:8
**bread** 179:2
230:4
**break** 4:17 40:1
79:16 118:14
121:17 188:19
213:22
**brief** 7:2 141:17
236:3

**briefed** 148:14
**briefly** 221:14
221:17
**bring** 206:19
252:8
**broke** 78:11
**brought** 30:23
122:24 124:13
124:24 125:8
128:1 129:3
130:14,19
216:17
**buck** 117:10
**bunch** 220:6
**BURNS** 2:11
**by-agreement**
82:12

___

**C**

**C** 2:16,17 256:2
**C.S.R** 256:23
**call** 19:9 33:12
90:24 91:4
95:1 141:16
149:19 163:9
176:9 237:11
238:13
**called** 1:11 4:3
8:21 10:23
20:21 34:3
133:5 159:9
218:4 242:15
243:5 252:2
**calling** 38:6
77:10 175:23
175:24
**calls** 25:23 27:19
60:3 73:13
75:15 79:1
123:17 125:13
127:5 192:2,15
210:14 231:19
240:24 243:6
250:22
**Canadian** 78:10

**caption** 46:18,18
**car** 78:11
**case** 4:14 8:11
9:10 11:1
12:20 13:1,8
13:15,19 14:18
15:2,12,13
16:16 17:3,7,8
21:7 24:9,10
24:22 25:12
27:7,22 30:12
31:9,19 38:14
46:2 48:15
49:1,6 50:2,8
50:10 58:18
62:2 64:2
67:20,20 71:18
72:11 73:1
74:15 76:8,11
77:6 84:18
85:2,5,19,23
87:1,21,22
88:1,1,2,4,8
90:5 92:23
96:8,13 97:1,9
97:10,13,17
98:18 103:6,15
103:21 104:9
105:10 115:9
115:12,17,22
116:24 117:2,6
117:11 118:6
118:20 119:1
120:2,16
125:14 126:14
127:21 129:20
131:3,9 132:1
132:10 135:1
136:22 137:18
138:7,8 140:12
143:21 144:1
144:20 145:19
146:5,14,23
148:17,21,23
149:1,4,13,20

150:6,19 151:9
152:16 153:13
153:15,24
154:14 155:9
156:3,6,10,13
157:5,19,24
158:13,20,21
160:12,14,19
161:2,6,12
163:24 164:4
164:12,24
165:4 169:21
170:8 172:16
172:18 173:2,4
173:6,17
174:22 176:1
179:22 183:24
184:17 185:15
185:20,22,23
186:3,5 188:13
190:1 194:9
196:7 200:16
201:16 202:5,6
205:18 211:15
212:13 221:22
222:6,13
223:12 225:7
230:16 233:14
234:22 235:6
237:20,23
238:9,22 239:4
239:20 241:2
242:2,21
245:20 246:3
247:14,15
252:23 253:5,8
**cases** 6:10 13:22
13:24 24:17
39:15 88:3
89:7 94:17
98:5 100:24
104:14 116:3
119:5,7 122:24
124:13,23
125:9 153:13

157:3,7,8
158:14,17
195:23,23
201:18 210:1,8
210:22 223:7
252:19
**Caucasian**
107:14
**cause** 49:18
131:2,8 145:4
224:24 225:1
**caution** 104:5
**CCSAO** 3:20
50:22 60:9
220:20 228:15
**certain** 86:7,22
107:6,15 111:2
**certainly** 39:20
105:24 161:19
163:19 176:23
182:15 211:6
240:6
**certificate** 27:13
200:19 213:11
**Certified** 256:3
**certify** 256:5,11
256:13
**cetera** 224:6
**chair** 117:1,4,6
117:11 118:2
120:18
**chairs** 120:19
**Chamber's** 3:14
**Chambers** 51:9
**Chambers'** 52:2
**chance** 53:20
**changed** 238:12
**characteristic**
223:4
**characteristics**
222:9
**characterize**
113:21,23
227:12
**characterizing**

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 261

225:7
**charge** 66:24
123:14 131:2,8
178:4 247:11
247:16
**charged** 67:1
106:2
**charges** 93:12
95:23 195:14
196:3 200:23
211:9
**charging** 66:12
130:4 131:12
**check** 216:9
220:2
**Chicago** 1:7,8
2:3,8,13,15,18
29:6 90:9,18
92:3 126:15
128:2 129:3,15
130:15,20
132:19,24
133:8,11
151:22 153:6
153:17 154:22
155:4,14
156:22 157:10
158:10 159:23
172:12 180:1
199:24 202:3,8
202:14,20
203:3,9,16,23
204:5,13
208:13,19
211:11,16
217:18 255:7,8
256:19
**chicken** 216:5
**choose** 254:11
**circumstance**
123:5
**circumstances**
87:13 90:8
91:15 206:15
239:13

**cited** 74:15
**City** 1:7,8 2:15
255:7,8
**City-JF** 14:13
58:15
**civil** 1:14 4:13
127:2 185:22
186:3 201:18
233:14 242:2
**civilians** 205:14
**claim** 201:18
**claiming** 55:7
**clarification**
6:14
**clarify** 188:24
**clarity** 209:12
**Clark** 14:6
120:13 121:9
121:10,11,13
121:22
**clear** 5:11 69:9
73:23 122:6,15
130:8,12,12
146:1,19 147:2
166:4 170:6
185:21,24
188:21
**Cliff** 79:18
225:15
**Clifton** 2:23
80:3
**close** 48:3 84:3
**closer** 237:12
**coerced** 110:14
**coercion** 202:4,9
**collected** 133:18
**color** 223:3
**come** 26:12 34:7
34:13 48:16
50:3 56:23
79:20 97:19
149:7 162:22
213:22 233:13
252:3,7
**coming** 178:23

230:15
**committed**
77:21 78:1
152:22 154:21
156:15
**committing**
158:3
**common** 236:24
237:10
**communication**
162:15
**communicatio...**
145:10 209:8
**community**
114:9,15
**company** 92:3
**compare** 226:5
226:14
**complaint** 3:18
66:9,11,14,22
205:13 252:12
**complete** 126:1
126:9,17
147:11
**completeness**
54:10
**complicated**
239:24
**component**
123:24
**concealing**
204:13
**concept** 95:18
95:20 208:10
**concern** 177:1,5
**concerned** 49:11
**concerns** 50:1
52:19 149:23
150:21 184:10
194:3,19
240:22
**conclusion**
127:5
**concurrent** 78:8
**conduct** 98:22

204:13
**conducted**
137:22 138:6
138:20 164:11
165:15 216:14
234:18
**Confidential**
229:4
**conflict** 189:15
228:15
**Conflicts** 50:23
60:10 220:20
**confuse** 136:8
**confusing** 37:4
**conjunction**
120:15
**connected** 14:18
153:13
**connection**
246:12
**consequences**
208:9
**consider** 33:6
61:5 62:17
102:16,17,21
**considerations**
240:20
**considered**
31:19 83:22
106:1 240:6
**constitute** 16:15
172:18 225:10
**constitutes**
255:14
**constrain** 88:2
**contact** 97:20
100:13
**contain** 87:14
142:22
**contained** 73:24
133:22,23
142:10 167:22
248:14
**contemporane...**
149:18

**context** 54:12
208:1
**continuance**
81:18
**continued** 63:23
63:24 65:7
**continues** 74:22
**continuing**
88:14 102:12
102:13 145:9
**contrary** 105:21
**convenient**
186:12
**conversation**
41:23 42:3
52:18,24
161:19 163:3
164:9 243:1
**conversations**
146:24 152:3
161:16,23
209:11
**convict** 99:23
100:6 179:8
197:23
**convicted** 78:3
**conviction** 77:18
77:20 79:8
200:15,20
201:1 213:12
**Cook** 1:17 6:7
84:7 93:5 95:6
95:10 96:5
99:2,12,16,17
99:18 100:3,4
100:15,19,22
101:17,22
103:1 104:12
104:20,21
105:18 111:15
112:11 113:16
114:15 116:4
117:7 122:2,3
122:20,20
123:5,23

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 262

125:22 133:12
137:19,23
143:9,11
160:23 196:9
213:10 226:2
234:11 256:5
**Cooper** 31:20
32:4 57:21
58:1 59:13,17
60:5 63:21
64:11,21 65:13
178:21,22
179:1,4,12,16
179:19,24
180:8,13 181:2
181:10,15
182:3,11,18
183:2,23 186:3
186:14,18,24
187:5,18 188:2
188:6,14
196:22 197:14
230:3,24 231:9
231:13 236:20
240:21 241:3
242:2,6,20
243:1,18,24
244:12
**Cooper's** 59:7
65:17 179:7
183:18 184:11
185:6,15
231:14
**copies** 9:15
**copy** 72:17
**corner** 63:4
**correct** 13:2
17:9,12 22:16
24:11 29:21,22
30:1 34:4
35:20 38:16
42:16,17 44:7
47:12 51:21
58:24 60:1
83:12,15 84:1

84:7 86:10,11
91:2 97:20
98:3,4,7,19,24
100:7 101:4,11
101:15 102:7
103:3,6,19
106:14 107:1
111:11,17
112:13,14,19
117:2 118:6,9
119:11,23
120:5 122:21
124:10 125:19
126:18 127:3,8
127:14,19,22
128:2 129:4
130:15,23
131:13,16,17
132:4 133:19
134:15 135:2
137:12 138:17
139:23 141:15
142:23 143:12
144:13,21
146:17,18
148:3 154:18
156:11 158:16
159:19,24
160:1 167:14
167:17,22
168:8,20 169:1
171:7,23 173:6
173:20 174:1,6
174:15 176:15
176:20 177:24
179:5,8 180:24
183:5,20 184:6
184:9 185:9,16
186:4 187:16
188:10 189:12
189:15 192:22
193:5 194:1
195:9 197:21
198:6 199:13
199:18,21

200:2,3,5
206:16,21
207:9,16,22,23
211:21 214:9
216:7 218:19
219:1,20 220:8
221:19 222:21
226:7 227:20
233:4 234:19
235:9 236:9,17
236:21,22
237:2,7 240:5
245:19 246:5,6
246:8,21,24
247:1,7,12,18
247:23 248:11
250:15,20
255:15
**corrected**
191:16,22
192:10
**Corrections**
77:24 78:6,8
78:14
**correctly** 41:18
215:14
**corroborate**
169:16,22
170:9 175:5
**corroborating**
170:23
**counsel** 3:21
4:24 36:6
42:13 52:19
53:19 55:1
57:13,19 61:13
73:7 92:7,13
236:7 241:23
242:1 243:15
243:17 245:10
248:13 249:1
250:12 252:18
254:16 256:14
256:16
**counsel's** 72:19

**County** 1:17 6:8
84:7 93:5 95:6
95:10 96:5
99:2,12,16,17
99:18 100:3,4
100:15,19,22
101:17,22
103:1 104:12
104:20,22
105:18 111:15
112:11 113:16
114:15 116:4
117:7 122:3,3
122:20,21
123:5,23
124:11 125:6
125:22 133:13
137:19,23
143:9,11
160:23 196:9
213:10 226:2
234:11 256:2,4
**couple** 118:15
147:22 214:4,5
**course** 74:2
94:17 119:16
137:10,18
145:6,12
216:11 227:15
233:20 236:15
**court** 1:1 5:11
25:14,20,22
26:2,18 27:5
27:12 28:9,18
30:23 31:5
34:14,15,20
38:14 44:24
45:1,6,8 54:8
56:14 63:17,23
63:24 64:2,11
64:21,23 65:5
65:7,7,10 71:7
80:19,22 81:3
97:17 106:5,7
106:8 139:7,10

141:11 149:6,7
176:12 189:9
196:4 206:13
206:20 224:4
249:17 252:3,7
252:8 254:16
255:1
**court-reported**
247:6 249:8,24
250:6,11
**courtroom**
13:18,21 72:23
92:14
**courts** 1:15
103:1 213:11
**covered** 191:4
**COYNE** 2:16,17
9:21 10:5 13:5
13:16 15:3,19
16:6,11 17:13
18:8,13 19:1
20:8 21:15,24
24:1 26:19
27:17 28:11
29:11 30:2,6
31:2 33:8,14
35:14 38:1,12
39:17 40:2,22
41:1 42:8,15
43:23 44:8
48:9,23 49:21
50:5,16 51:12
51:24 58:13
59:1 61:7
62:18 65:1,19
68:15 69:6
73:15 74:6
75:16 76:17
78:20 79:11
84:8 85:24
87:6,19 88:11
88:23 89:15,22
90:11,20 91:11
91:18 92:8,19
93:1,8,17,22

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 263

94:5,11 95:11
96:9 99:6
103:7 104:15
104:24 107:18
108:1,8,17
109:5,18 110:6
110:18 111:4
111:24 112:20
114:3 115:18
116:17 117:22
118:10 119:18
122:10 123:1,9
125:10,18
126:2,20 127:4
127:11,17
128:3 129:5,16
130:16 131:4
134:16 135:4
135:13,24
136:14 137:2
137:13,24
140:3,8,19
141:6 142:1,13
143:3,13 144:6
144:14 145:3
145:21 150:2
152:24 154:23
156:18 158:5
159:4 164:15
164:23 165:8
165:12,16
169:10,24
170:14,18
171:8,24
172:14 173:7
173:13 174:7
174:16 175:7
175:20 176:21
177:4 178:12
180:17 181:18
183:6 184:7,13
185:10,17
186:6,11,15
187:9,23
188:11,21

190:22 192:2
192:15 193:6
193:18 194:6
194:24 195:10
199:6,19
204:22 205:21
206:8,22
207:10 209:5
209:15 210:3
210:13 211:22
212:6 213:4,15
213:24 218:13
219:8,23
224:10,22
226:9,16,24
227:4 228:1
231:19 232:10
232:20 233:5,9
233:24 234:20
235:20 237:17
238:15,20
239:9,17 240:1
240:15,23
242:16 243:6
244:5,20
245:20,23
248:20 249:12
249:21 250:8
253:2 254:5,8
254:13
**CR** 205:5,9,10
205:17 206:5
206:17 207:6,9
207:19 252:12
**credibility** 194:5
240:22
**credible** 177:3
184:12 193:24
**crime** 66:24
123:7 131:16
149:9,13,24
150:23 168:20
169:9,18,23
170:11 171:6
173:19 175:6

186:20 187:1,7
**crimes** 122:23
126:9 127:1
**criminal** 3:18
15:17 21:22
24:9,10,17
32:4,18 37:24
38:13 41:9
42:14 58:18
62:4,8 66:9,11
66:14,22 103:1
105:6,10,16,17
106:6,13 111:2
114:1,8,14,18
114:22 115:17
116:16 118:5
134:10,14
138:13 142:12
144:13 152:12
154:3 156:2
157:18 160:12
163:15,16,17
177:24 185:23
187:8 188:9,17
195:6,9,14,23
196:3,16 199:5
199:15 200:14
200:24 204:21
205:7 206:4,17
207:21 210:12
211:21 217:9
231:18 233:20
245:13,17
246:16 248:15
248:18 252:10
**crossed** 81:1
215:19
**crossed-off**
215:21
**currently** 5:14
5:21 36:16
**curser** 251:13
**custody** 44:24
52:6,11 63:17
80:19,22 81:3

**cut** 64:3 240:10
**CV** 1:4 255:4

**———— D ————**

**D** 3:1
**D-I-S-C** 215:11
**Dan** 78:10
**dark** 152:20
160:9
**date** 14:19 47:5
47:11 53:12,14
56:14,19 57:15
63:4,15,16
64:11,16 68:8
71:8,10,12
81:1,8,10,16
81:16,17 82:5
82:7,9,12,12
215:17 222:24
237:12
**dated** 11:11,12
**day** 1:18 45:3,21
236:6,11 248:1
250:17 255:21
256:20
**days** 45:22 46:1
68:1,7,13
80:24 81:7
82:10 182:4
**dead** 127:23
**deals** 178:10,16
196:11
**December** 45:2
45:21 46:8,21
81:13
**decide** 225:5
**decision-maker**
117:20
**decision-maki...**
16:14
**decisions** 123:16
175:22,23
253:9
**declaration**
179:21 189:24

190:3,6 191:7
198:9
**declared** 30:22
**defendant** 2:15
4:12 44:16
46:9 78:3,9
94:19,20 168:1
**defendant's**
77:18,19 78:12
82:14 94:21
201:19
**defendants** 1:9
1:12 2:10 3:10
10:18 23:6
53:4 61:16
63:11 80:9
105:16 201:17
214:18 255:9
**defended** 9:3
41:8
**Defender's**
114:19
**defense** 45:18
52:18 53:18
55:1,7 57:13
57:19 71:15,21
72:19 73:7
75:1 92:7,13
98:2 103:12
104:11,21
105:6,11,17
106:6,14 111:2
114:1,9,14,18
114:22 115:11
115:17 116:16
118:5,17
134:11,15
138:13 142:12
144:13 148:12
149:3 163:15
163:16,18,20
177:24 180:16
180:23 181:17
183:5,15,17
184:4 185:8

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 264

187:8 188:10
190:21 191:3
192:1,14,24
193:17 194:1
195:9 199:5,16
204:21 205:20
206:7,17
207:21 210:12
211:21 231:18
234:4,9
**defined** 95:4
**definitely** 246:9
**deliberate**
194:16 241:13
**deliberation**
70:18,22
**deliberative**
30:4 73:14
75:15 79:2
93:10,16 94:9
96:15 111:19
111:21 112:5
112:22 123:13
124:4,8,15
125:12 128:16
140:6 150:13
150:15 172:22
173:9,11 176:5
176:8 177:15
185:1 212:19
223:18 224:7
224:19 228:4
232:17,19
233:4,15
234:24 235:11
235:13 238:4
241:16 243:10
253:19,19,22
**delivering** 106:5
**demonstrative**
216:22
**department**
29:6 77:24
78:6,7,14
90:10,19

126:16 128:2
129:4,15
130:15,20
131:24 132:3
132:20 133:1,8
133:12 151:22
153:17 155:15
157:11 172:12
199:24 202:3
203:16 208:14
211:11,17
217:18 218:24
219:7
**depend** 87:21
135:17 239:3
239:13,14,15
239:20
**depending**
171:15 232:17
**depends** 239:1,2
**Deponent** 2:20
**deposed** 4:21
24:9,22
**deposition** 1:11
4:15,18 9:18
14:20 19:17
20:15 22:7
25:6 31:11
39:4 40:12
46:13 51:2
53:8 57:8 58:6
61:19 66:3
67:13 71:23
72:4 75:24
87:24 145:6
147:6 162:4,8
163:12 179:22
220:9 227:16
228:21 236:9
255:13,16
256:8,11
**depositions** 1:15
24:5,14,16
**describe** 105:14
**described** 104:3

**description** 3:8
230:15
**designed** 100:5
**destroy** 98:15
100:23
**destruction** 98:6
98:10
**detail** 7:12 9:7
**details** 65:17
**detective** 3:16
58:12 59:13
91:24 151:22
152:19,22
153:5,18,24
154:1,2,5,6,14
154:21 155:3
155:11,12,15
156:1,10,15,21
156:23 157:4,7
157:11,23
158:3,9,15,17
158:18 167:14
169:21 170:8
171:6 173:5
174:5 175:1
208:11,17
211:13,13
214:23,23
216:8,14
218:11 219:18
252:11
**detectives** 29:7
152:15 159:3
161:10,11,16
167:20 175:4
182:5,10,17
183:1 205:18
207:6,20 209:1
209:23 210:9
222:1 242:21
243:18
**determination**
85:21 247:11
247:16
**determinations**

234:12
**determine**
206:13 252:19
**determined**
131:7
**determining**
131:1
**deviation** 84:14
**dharris@reite...**
2:14
**Dhaviella** 2:12
235:21
**differed** 106:11
106:17 107:4
**different** 42:13
91:24 94:11
107:14 113:9
191:8,22 192:9
217:15 223:24
226:17,18,24
229:16 253:23
**differently**
216:8
**difficult** 34:12
149:5 189:9
**difficulty** 34:6
44:6 48:6,14
48:15 50:3
**direct** 41:13
42:20 251:12
**direction** 256:10
**directly** 81:20
225:22 256:17
**disagree** 223:24
**disbarment**
101:4
**discern** 215:17
**discipline** 101:3
**disclose** 76:22
97:14,19
100:18 101:10
104:5,7 107:16
108:7,15 109:3
109:16 110:4
110:16 111:10

111:16 112:13
112:19 113:18
119:10 121:5
123:11 128:6
171:13 180:20
180:23 181:22
192:19 193:21
212:2,7,11
232:2,18 253:6
253:8,21
**disclosed** 104:7
111:2 134:10
135:12 137:22
180:16 181:17
181:23 183:4
183:10,11
187:8,13,14
188:9 190:20
191:2 192:1,13
193:17 195:8
199:5,10,11
207:19 210:11
210:23 211:20
231:18,23,24
**disclosing** 76:23
105:15 121:14
128:11 138:12
165:3 171:17
225:13 227:5
**discovered**
113:19 118:4
119:10,16,22
120:2
**discovery** 103:2
103:5,13,17,22
104:23 132:9
206:6,16 207:5
207:8,15
215:11 216:12
**discuss** 238:8
**discussed**
113:15
**Discussion** 10:9
**dispute** 43:10
**District** 1:1,1,14

Case: 1:20-cv-04768 Document #: 184-74 Filed: 05/06/25 Page 267 of 292 PageID #:8929

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 265

255:1,1
**division** 1:2 6:18
  6:20,23 7:6,17
  7:20,23 67:4
  83:14,23 84:2
  84:6,13,19
  101:23 102:5
  102:22 103:10
  131:20,24
  255:2
**divulge** 16:21
  76:18 177:6
  209:6 234:21
  235:12 237:18
  241:5
**divulging** 16:17
  238:1
**Dixon** 50:23
  60:10 220:21
  222:20 228:15
  230:6
**do-not-call**
  159:10,15,22
**doctrine** 225:4
**document** 9:17
  10:14,20,22,24
  14:7,9,16,20
  20:12,14,20,23
  21:2,4 22:21
  25:3,5,10,11
  25:14,17 26:5
  26:24 27:3
  29:17 31:10
  32:11,14,24,24
  35:23 36:7
  37:4 38:18,22
  38:24 40:9,11
  40:16 46:10,12
  50:24 51:1,6
  53:5,7 57:5,7
  58:5,10 59:5
  59:17 60:15,18
  61:16,18,23
  62:24 66:1,2,7
  66:12,13 67:10

67:12,18,24
  69:23 71:1,3
  72:1,3,8 74:7,9
  75:21,23 76:6
  78:21,22 80:10
  106:12,21,24
  107:6,16
  132:16 134:22
  141:24 147:17
  214:14 228:17
  228:19,20
  237:4 251:5,7
  251:9
**documentation**
  17:11 135:19
  180:8,13 181:9
  181:14 182:10
  182:16,24
  186:23 187:4
  190:12,17
  191:14,20
  192:7 198:16
  198:23 231:8
**documented**
  82:19 106:18
  134:8 135:2,12
  136:10,24
  137:11,22
  138:8 139:10
  140:16 141:3,5
  141:22 196:20
  249:4
**documents** 17:9
  31:16,23 34:15
  34:23 37:21
  85:1 115:4,8
  130:4 131:22
  132:8 139:7,9
  146:16,23
  147:7,9,14
  148:2,15,20
  168:22 176:17
  176:20 178:8
  217:13 218:1,9
  219:5 236:8,12

248:14
**doing** 5:8 33:21
  79:11 145:13
  177:13 184:22
  194:13 212:15
  241:10 253:15
**Donohue** 64:5
**doubt** 171:1
  222:3
**Dr** 64:5
**draft** 28:20
**drafted** 29:9,20
  29:23
**drafting** 29:16
  72:18
**drafts** 28:17
**drag** 18:11
**draw** 53:16
**Drive** 2:12
**driver** 179:3
  230:4
**Dropbox** 12:1
**dropped** 200:24
**due** 48:7 81:7
**duly** 4:1,4 256:6
**duties** 117:5
**duty** 99:22

---

**E**

**E** 3:1,7
**E-mail** 2:4,9,14
  2:19
**earlier** 33:14
  44:18 75:16
  76:17 78:20
  83:13 104:1
  134:19 138:11
  144:18 151:4
  166:18 172:6,7
  172:8 178:20
  217:14 218:4
  218:20 220:8
  220:14 227:15
  248:13 249:1
  250:13 252:2

252:18,19
**early** 7:10
  250:17
**EASTERN** 1:2
  255:2
**easy** 128:24
**echo** 98:19
**Ed** 63:21
**education**
  102:13,13
**Edward** 31:20
  57:21 59:7
  64:20 65:13
  178:21 179:1
  180:8,13 181:2
  182:3 197:14
  230:3
**effect** 231:5
  252:22
**effort** 84:19
  89:12 91:3
**efforts** 30:17
**either** 12:14
  47:19 121:21
  134:14 206:19
  211:12 225:15
**elapsed** 149:24
  150:22 180:4
**elements** 253:22
**elicited** 74:3,14
  230:18
**email** 12:1 148:3
  218:1
**emailed** 147:7
  147:11
**Emmett** 32:1
  63:23 65:6
  197:18,23
  198:8,17,24
  199:17
**employed** 5:21
**employee**
  256:14,15
**encompass**
  123:14

**encounter**
  183:19 193:2
**encountered**
  112:15 116:15
  119:9 233:22
**encountering**
  116:6
**ended** 161:13
  189:11
**enforcement**
  122:17
**engage** 127:1
**engaged** 202:3,8
  202:14,20
  203:3,10,24
  204:6,13
**ensure** 237:14
**ensured** 113:17
**enter** 27:5
**entered** 26:10
  31:1 217:8
**entire** 18:4
  35:11 36:13
  130:4 217:3
  220:4 245:12
**entirely** 145:10
**entirety** 22:16
  54:19 90:2
  148:6
**entries** 81:6
**entry** 11:11,12
  11:14 23:7
  44:23 64:16
  82:6 215:16
  219:18
**episodes** 7:2
**err** 104:4
**errata** 255:17
**especially** 13:20
**established**
  236:23
**et** 224:6
**evaluation**
  171:11 184:16
  212:8 225:9

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 266

241:5
evaluations
177:6
events 238:12
evictions 6:12
evidence 50:8,9
66:24 67:2
69:5 97:19
98:1,7,10,12
98:15,24
100:13,18,23
101:11 103:19
104:6,13,23
105:6,10,16,20
106:3,4,13
113:18 116:9
116:15,23
117:18 118:3
119:9,15,22
120:4 121:6,14
121:22 128:1
129:3,11,13,14
129:24 130:10
130:14,18,21
134:21 135:20
138:12,13,24
142:11 144:11
150:5 170:12
171:12,22
175:10 177:7,8
177:9,21
183:18 184:16
184:17,18
185:6,19 193:1
199:12,16,23
204:7,14 212:8
212:9,9,10
216:17 217:8
225:7 227:6
232:1 234:16
241:1,6 253:4
253:9
exact 229:23
exactly 26:11
132:8

examination
1:12 3:4,4,5
4:6 83:3 236:1
examined 4:4
example 11:17
107:8 123:4
224:3 239:4
examples 107:3
107:10 110:24
111:1
exchange 92:17
93:6 95:7,15
97:4 196:11
exchanging
132:9
exclude 145:10
excluding 163:3
exculpatory
97:19 98:23
100:13 101:11
103:19 104:9
104:13,22
105:5,10,16,20
106:1,3 107:7
107:17,24
108:16 109:4
109:17 110:5
110:17 111:3
111:11 112:16
113:18 116:8
116:14,22
117:18 118:3
119:9,15,22
120:4 121:5,14
121:22 134:21
138:12,22
139:1 141:21
142:11,16
143:2,8,20,22
144:1,8,10
182:1 183:13
183:18 187:16
187:19 188:3,7
191:4 192:21
193:1,3,14

194:21 199:12
199:16,23
204:14 232:1
executed 64:7
exhibit 3:8,9,9
3:10,11,12,12
3:13,13,14,15
3:16,16,17,17
3:18,19,19,20
3:20 9:13,19
10:14 14:8
20:12,16 22:7
23:4 25:1,7
31:7,12 32:10
37:8 38:10
39:12 40:7,13
44:13,17 46:7
46:14 50:21
51:3 53:2,9
57:4,9 58:4,7
60:8 61:12,20
62:23 65:23
66:4 67:8,14
69:20 72:1,5
75:21 76:1
80:7,8 139:20
214:7,8 220:12
220:12,15
221:15 224:2,2
224:5,14
225:21 227:14
227:15 228:9
228:22 251:4
exhibits 9:24
213:21 214:4
existed 143:21
159:23
exonerated
213:1
expect 4:15
104:12,22
105:3 137:6,9
164:12 235:7
expectation
84:23 136:21

expected 84:24
126:16
expedite 87:24
experience 48:3
48:5,13,20
83:11 84:2
104:19 106:16
139:3,5 143:10
149:14 155:8
expert 225:19
explain 25:17
45:11,23
explains 82:10
extend 3:19 46:4
67:19,22
extension 34:17
68:11
extent 17:2
27:18 33:16,18
48:24 50:7
73:13,15,17,18
73:20 75:14
79:1 93:9
111:20 118:22
122:2 123:10
123:16 124:16
125:13 148:8
171:9 177:5
237:21 240:24
241:4 253:11
eye 223:3
eyewitness
30:12 31:19
174:4
eyewitnesses
31:9 48:16
50:3

——————
F
fabrication
204:7
fact 47:8 106:19
108:13 109:1
111:11,17
112:16,18

135:18,22
136:13 149:4,6
154:6 171:1
175:5 187:5
207:18,21
212:24 213:10
224:14 225:10
225:20 247:20
251:22
factor 34:18
factors 93:11
facts 29:24
203:4 204:1
225:20
Factually
129:10
failed 34:16 45:9
121:5
fair 21:4 62:17
96:2 105:4
117:1 125:6,22
223:14,15,22
224:17,18,21
225:9,11,21
226:5,12,13
227:9,12,20,24
234:13 252:24
fairly 84:5
falls 112:5
false 177:23
185:7 203:24
204:1 213:12
familiar 4:23
10:19 39:21
85:11 86:16
97:9 99:21,23
102:18 114:13
114:17,21
118:19,21,22
133:5 139:12
153:18 207:24
far 49:10 94:21
116:11 130:1
138:10 148:23
162:23

Case: 1:20-cv-04768 Document #: 184-74 Filed: 05/06/25 Page 269 of 292 PageID #:8931

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 267

**fashion** 207:16
**February** 52:6
  52:10
**Federal** 1:13
**feeding** 203:4
**fellow** 164:3
**felony** 6:18,19
  6:22 7:4,6,9,13
  7:16,19,23 8:2
  8:5 83:11,14
  83:22,23,24
  84:2,6,13,18
  84:23 92:16
  101:22 102:18
  113:3,10 130:7
  131:20 139:13
  139:16,17,18
  139:21 140:1
  140:12,15,18
  140:23 141:1,5
  141:10,12,13
  141:20,23
  142:8,19 144:2
  144:12 158:20
  160:14 178:3
  234:11 245:18
  246:1,15,23
  247:2,9,17
  249:2,3,10
  250:1
**felt** 54:8
**female** 108:14
**field** 114:1
**file** 15:1,10,12
  15:15,18,23
  16:2 17:9
  21:13,23 33:1
  34:17 37:24
  42:7,14 58:17
  58:22 60:23
  61:3 85:6,10
  85:12 86:10,24
  87:14 88:5
  89:8,11,21
  90:1,2 103:12

130:4 132:9,16
134:14,15
136:10 139:4,6
151:14 163:15
163:16,16,21
164:14 174:1,3
174:11,19
216:9 219:19
220:2 237:6
245:13,16,17
246:2,13,17
247:21 248:3,7
248:8,10,10,15
248:18 249:11
**filed** 30:21 49:17
71:21 72:9
**files** 135:22
252:12
**filing** 71:14
**final** 117:20
**finalized** 254:10
**financially**
256:16
**find** 17:12 85:22
119:4 252:8
**fine** 88:22 153:7
153:8 155:5
186:15 192:6
249:16
**finish** 213:23
**finished** 22:13
56:5 59:10
70:22 73:4,5
74:23 79:10
240:9
**first** 4:4,8 6:11
6:19 7:19 9:9
11:1 12:20
15:11,12 22:5
31:7 41:15
59:6 77:19
84:18 85:1
89:20 101:17
104:1 117:1,4
117:5,10 118:2

120:18,19
173:19 208:24
214:7 215:18
220:18,18
228:24 235:21
256:6
**fit** 88:19
**fits** 228:18
**five** 17:21 40:2
78:1 79:11
162:20 186:13
251:2
**five-minute** 40:1
118:14 213:22
**Fleming** 174:5
**Fletcher** 1:3
3:11,12,18
4:13 8:10,14
9:3 13:23 14:3
19:15 23:2
25:1 27:7 29:7
32:19 35:3,7
36:9 37:1,17
38:11 39:12
40:8 41:9
50:23 57:4
59:18 60:10
62:12 65:24
66:10 67:9
72:12 83:8
92:24 97:2
115:6 116:10
116:13 118:6
118:20 119:1
119:11,17
120:2,10
121:23 127:24
128:12 129:2
129:14 130:14
130:22 131:3,9
131:13 132:10
132:17,22
133:20 138:7
144:21 145:1
155:9 156:3,6

157:19,24
158:13 160:12
163:14 165:23
166:14 167:12
167:13,22
168:7,15,19
169:9,17,23
170:10 171:2,7
174:13,14
175:1,2,3,6,19
177:1,2,22
178:3,4,11,18
179:5,8,20
184:11 185:7
186:20 187:1,6
187:6 188:15
189:12,15
190:1 191:10
191:17,23
192:11 193:24
194:4 195:5,15
195:18 196:4
196:12,17
197:5,12,21,24
198:11,18
199:1 200:15
200:18 201:1,4
202:2,7,13,19
203:2,5,9,17
203:23 204:5
204:12 210:7
211:10 212:24
213:11 216:13
217:9,22 218:3
220:21 221:3,5
221:10,12
222:21 228:15
230:7,13 231:3
231:10 232:7
236:16,20
242:3,6,9
244:15 247:17
248:13 250:14
250:19 251:17
251:22 252:24

255:3
**Fletcher's** 9:10
13:1,15 15:2
21:6 38:7
48:14 67:20
68:9 72:24
127:21 176:14
200:8 201:17
205:20 212:4
246:3
**Floor** 2:3
**flow** 186:16
**focused** 148:10
**folder** 139:17,17
139:21 140:2
140:18 141:5
141:10,12,24
142:8,19
143:21 144:2
144:12,12
246:2 250:1
**follow** 87:15
88:8 89:12
100:8 240:12
**follow-up** 79:22
236:3
**followed** 102:23
**following** 101:2
**follows** 4:5
173:5
**foregoing**
255:12
**forensic** 106:1
**forensics** 84:21
85:15 248:16
**forgot** 6:9
**form** 8:15 13:4
13:16 15:6,19
16:4 17:13
21:15 26:14,19
29:10 30:2
32:20 33:8,22
34:8 35:1,9
36:11 37:3,13
38:1 39:16

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 268

42:8 43:5,12
47:23 48:9,17
48:23 49:10,21
50:5 52:21
54:9 55:13
58:19 60:2,24
61:7 62:13,18
65:19 68:14,23
69:6 84:8 85:3
88:10 89:22
90:20 91:11
92:19 93:1,8
96:16 97:21
98:8 99:6
104:15 108:1
109:18 114:3
115:18 117:12
122:10 123:1,9
126:12 127:4
127:11,17
129:16 131:4
134:22 135:12
136:15 137:3
137:13 142:1
152:24 154:23
156:18 158:5
159:4 162:11
168:9 169:24
170:18 171:8
174:16 175:7,9
175:15 178:12
187:24 199:19
207:16 210:13
219:10,21
231:8 232:9
233:24 234:20
235:2 239:16
240:15 242:16
250:21 252:4
253:24
**format** 106:21
106:23 107:1
135:3
**formed** 50:9
**former** 153:17

155:14
**forth** 75:11
**forward** 33:6
**found** 99:3
121:15 135:10
**foundation** 13:4
15:6,19 16:4
17:13 19:1,24
20:6 21:15,24
24:1,18 26:19
29:11 30:2
31:2 32:20
33:8 34:8 35:9
36:11 37:4,13
38:1 39:16
42:8,15 43:5
43:12,23 47:23
48:10,23 49:11
50:5 51:12,24
52:21 54:9
55:13 58:19
59:1 60:2,24
61:7 62:18
65:1 68:14,23
69:6 85:24
87:6,18 88:11
88:15 89:22
90:11 91:11,18
92:8 93:8
95:11 96:9,17
104:15 107:18
108:17 109:5
109:18 110:6
110:18 112:20
113:5 114:3
115:18 116:17
116:18 117:22
119:18 125:10
126:2,12 127:4
127:11 128:14
128:18 133:15
134:4,16 135:4
136:1 137:2,13
140:19 142:1
142:13 143:3

143:13 144:14
149:15 151:16
153:1 154:24
156:17 158:6
159:5,11
164:15 169:10
169:24 170:18
174:7,16 175:7
175:9,20
176:21 180:17
181:18 183:6
184:7 185:10
185:17 187:9
187:24 188:11
190:22 192:2
192:15 193:6
193:18 194:24
195:10 197:6
199:6,19
204:22 205:21
206:22 207:10
209:18 210:2
210:13 211:22
216:23 218:14
219:8,21
231:19 233:24
238:15 239:9
239:16,17
240:15 243:6
244:5,20
245:23 248:20
249:12 250:21
252:4
**four** 161:10
**fourth** 41:13
**freewill** 208:8
**Friday** 63:21
162:16 163:10
188:24
**friend** 6:12
31:20 32:3
33:12 34:3,7
34:19,23 36:8
37:2,10,19
39:11 41:19,23

42:3,6 45:1,4,5
47:8 49:18
51:19 52:5,10
52:19 54:7
55:2,11,17
56:8 63:24
64:2 65:9
189:7,11,17,20
189:23 190:12
190:17 191:6
191:15,21
192:8 193:3,13
194:20 195:3
195:14 196:2
196:11,14
197:16 236:16
246:10 248:2
**Friend's** 3:12
32:15 35:6
38:5 39:5
53:20 148:13
189:14 190:3,5
193:1,23 194:4
**front** 9:15 12:7
14:10,22 17:17
23:15 32:12
80:10
**full** 59:5 88:5
**further** 235:19
254:6 256:11
256:13

───── **G** ─────

**general** 84:14
86:17,20 87:4
87:5,10,11,14
87:16 88:6,9
88:16 89:10,13
90:16 92:2
97:12 125:16
126:23 143:23
151:5,9 160:17
189:22 198:4
226:13 235:4
235:15,17

238:7
**generally** 8:17
8:19 25:13
28:17,19 29:14
33:3,5 39:17
42:16,19 49:5
69:3,8,16
83:10 84:11,17
86:1,2,4 88:21
89:18 114:7,13
114:17,21
117:24 125:4
125:18 131:19
136:22 139:12
140:3,5 144:18
148:9 172:15
173:1,3 216:16
238:11 245:14
245:15,21,22
246:1,14,20
249:5
**generate** 212:12
**generated** 51:8
132:1 172:17
**getting** 25:20
34:6,12 48:6
48:15 50:3
149:5
**give** 53:20 54:11
79:9 107:8
123:4 145:10
147:10 213:21
238:13
**given** 27:18 30:7
33:15 75:16
85:19,22 93:12
108:5 117:11
126:14 176:17
179:15 201:20
210:3 224:1
239:21 255:13
255:15
**Gives** 80:23
**giving** 214:14
**go** 11:3 13:5

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 269

15:5,19 16:18
19:1 23:3 24:2
28:5 33:21
35:18,18 44:13
49:9,21 54:1
59:1 64:17
69:4,13,18
74:8 76:24
78:21 81:20
82:8 83:2
85:18 87:7,19
89:16 90:20
96:14 106:5
107:19 112:1
118:10 127:17
128:13 129:20
132:7 145:13
165:4 170:22
171:17 172:1
180:18 184:7
184:23 185:10
186:7 187:10
187:24 209:9
212:16 224:12
225:14 226:9
235:21 238:2
251:7,18
253:16
**goes** 29:8 224:4
224:7
**going** 4:14 5:2
9:12,13 11:3
12:23 14:7
23:3 24:24
26:11 28:4,21
28:23 31:6
36:14 37:3
38:9 39:8,9,23
39:24 40:6
41:3 44:13
45:18 53:16
54:1,10 55:19
56:2,15,17
57:3 58:3 59:4
60:7,18 61:11

62:22 64:18
65:22 67:7
69:21 73:15,17
75:20 76:21
79:9,18 83:1
88:19 89:1
96:16 147:16
178:15 186:11
201:1 217:4
219:19 220:11
220:17 221:16
226:8,11,15
227:13 228:7,9
228:10,14
237:15 251:12
**good** 18:13 40:3
83:5 97:15
109:1 114:8
115:20 121:11
156:23 158:14
160:24
**gotten** 10:6
**Grand** 37:20,23
38:5,12 39:3,5
39:14 48:21
49:8,15 56:24
84:21 85:14
130:3 247:20
248:1,16,17,19
250:5
**granted** 68:4,7
**gritty** 8:18
**ground** 235:10
243:10
**grounds** 111:18
150:12 173:8
176:5 177:15
185:1 194:15
212:18 223:18
228:4 232:16
234:24 238:4
241:13 245:3
253:18
**guess** 95:1
134:22

**guilt** 212:4
213:2,14
**guilty** 70:24
71:4 186:20
187:1,7
**gunpoint** 78:10
**guy** 158:12
231:3
**guys** 9:15

_____

**H**

**H** 3:7
**habit** 160:18
**hair** 152:20
154:10 160:9
223:2
**hairs** 217:5
**HALE** 2:6
**hand** 256:19
**handle** 13:1
**handled** 72:23
138:16
**handwriting**
11:7,8,9,10
12:9 23:10,12
23:19,21 44:21
63:6 70:4
80:12 82:16
214:13 215:3,5
215:7 229:7,9
229:12,15,17
229:17,20,23
229:24 230:1
**handwritten** 3:9
19:19,22 20:22
20:24 21:12,20
22:5,10 32:16
35:6,8 36:8,20
36:24 86:5
160:14 167:3,8
237:5 246:4,13
246:14 247:6
249:7,24 250:4
250:18 251:3,8
251:10,21

**hang-up** 168:13
**happen** 59:24
149:19 211:7
**happened** 49:20
63:14 149:17
180:21 181:21
183:9 187:12
192:18 193:20
199:9 205:1
212:1,2 231:22
239:12,19
**happening**
201:11
**happens** 149:17
**hard** 142:18
**HARRIS** 2:12
82:24 90:13
91:19 109:8
110:9,21
126:21 128:18
135:15 136:2
136:16 137:4
137:14 138:2
140:21 142:4
143:16 151:18
206:10 210:17
235:22 254:7
**hear** 22:23
54:22 79:5
93:22,23 121:4
128:21 152:21
153:4 154:20
156:14 158:2
165:8,17
**heard** 19:8
95:13 155:2
159:17,18
205:12 209:16
**hearing** 80:21
81:17,17,19
**hearsay** 74:3,14
**height** 154:9
223:2
**help** 26:11
197:23

**helped** 179:7
189:14
**hereunto** 256:18
**hide** 207:18,20
**Hill** 115:2,3,7,11
116:9,15
163:17
**Hill's** 115:16
116:3
**history** 205:5
206:5,17 207:6
207:9,19
252:12
**hit** 237:16
**hold** 147:16
**Holmes** 2:23
79:19,24 80:3
93:9 94:3
96:15 111:18
112:22 123:10
124:3,15 125:1
125:12 128:15
129:7 140:4
150:11,24
172:21 173:8
176:4 177:14
184:24 194:14
212:17 213:5
213:16 223:17
223:24 225:16
228:3 232:16
234:23 235:10
238:3 241:12
243:9 245:2
253:17 254:20
**home** 180:2
198:10,17,24
231:1,14
**homicide** 88:2,4
89:7 138:7
152:16 198:13
198:20 199:3
200:20 202:10
202:16,22
203:5,12,19

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 270

204:2,8,15
205:6 208:15
208:21 209:4
232:6 251:23
hope 15:14
84:10 91:8
176:23
hoped 126:5
Hopefully 91:1
139:11
hour 1:18 39:23
162:21 186:11
188:23
hours 52:6
251:2
hundreds
138:17,18
hypothetical
88:12,16 89:15
96:10 107:19
108:6,18 109:6
109:19 110:7
110:19 112:21
126:20 140:20
142:2,14
143:14 144:15
201:23 210:14
211:4,6 234:1
234:7 238:16
238:21,23
239:10 240:4
240:16
Hypothetically
134:18 136:18
142:24 191:1
240:19 248:23

_____ I _____

I-bond 64:1,7
i.e 241:2
IC 65:7
idea 142:17
144:3
identification
9:20 20:17

25:8 31:13
40:14 46:15
51:4 53:10
57:10 58:8
59:21,24 60:6
61:21 66:5
67:15 72:6
76:2 110:15
177:2,23
179:20 184:11
185:6 186:24
187:6 189:24
190:19 193:23
194:4 208:2,5
208:12,18
209:3,24 211:1
211:2,14
219:14 228:23
235:16 239:7
242:8
identifications
210:10
identified 37:15
109:12,24
110:13 167:13
168:15 178:4
191:8,16,21
192:9 195:15
195:18 196:1
217:15 230:13
236:16,20
239:5 244:14
identifies 37:7
identify 34:24
35:7 168:7
174:24 180:5,9
180:14 188:15
190:7,13
191:23 195:4
198:12,19
199:2 231:2,10
231:15
identifying
85:18
IDOC 76:5 81:3

167:21 168:7
168:13 221:18
221:19 223:10
ignore 207:8,14
Illinois 1:1,17
2:3,8,13,18
5:15,19 77:24
78:6,7,14
98:19,21 254:3
255:1 256:1,5
256:20
imagine 138:17
immediately
102:1
immune 127:2
immunity 95:15
impeach 56:24
98:1 100:18
240:13
implicated
203:4
implicating
106:2
impression
76:18,20 128:7
172:19 234:22
241:9
impressions
16:13,15,18,22
27:20 33:16,19
50:9 73:19
76:24 128:11
129:20 150:4,8
165:1,3 172:16
175:22 184:15
184:19 194:8
212:12 224:9
225:13,22
227:5 237:19
241:1,5 244:7
244:22 253:4,9
253:12
in-camera
206:13,20
inability 195:4

inappropriate
226:20
include 168:24
209:10
included 15:17
21:22 89:11
105:19 222:8
245:16 247:21
248:2,17
249:10 250:7
includes 93:11
including 87:11
101:4 103:13
104:9 138:24
incomplete
88:11,15 89:15
96:10 107:18
108:17 109:5
109:19 110:6
110:18 112:20
126:20 140:20
142:2,13
143:14 144:14
210:14 211:3
234:1 238:16
238:20 239:9
240:16
incorporating
141:18
independent 8:9
8:12,20 9:2,5,8
12:19,21 18:1
21:2,3,5,10
23:6 27:4,15
29:15 30:11
38:4 43:2 44:3
44:16 52:17
65:12,16 71:19
71:20 90:18
115:10 116:22
120:21 122:23
123:8 144:19
144:24 145:18
146:4,7,10,20
148:19 149:22

150:20 151:10
151:12,21
157:22 161:18
161:23 163:22
164:8 165:22
178:24 189:6
197:17 201:20
214:17 219:12
221:4,11 232:5
independently
32:23 67:6
90:9 124:12,23
127:9,15
148:22 149:1
166:13 217:12
221:1 232:14
233:1
indicate 22:20
23:1 36:9 37:1
37:2 47:4
56:17,22 81:24
82:3,4 88:7
136:19 174:13
251:24
indicated 89:9
109:11,23
110:12 174:12
236:12 242:1
250:14 255:16
indicates 39:11
174:4
indicating 42:23
87:2
indirectly
256:17
individual 2:10
3:10 4:12
10:18 39:11
46:9 49:1,6
53:4 61:15
62:11,12 63:10
77:6 80:9
82:14 104:13
104:14 220:19
226:6 237:5,15

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 271

238:14 240:13
247:11 249:9
**individually**
141:19
**individuals**
31:21 32:2
209:22 222:7
243:20
**induce** 208:7
**influence** 208:1
208:5,6 210:10
211:2 213:2,13
**influenced**
208:12,18
209:2 211:14
**influencing**
209:24
**inform** 43:17
77:2 211:11
231:7
**information**
29:6 93:10
97:15 106:22
111:9,16
123:12,17
125:8,24 126:8
126:17 133:20
133:23 134:1
134:20 135:20
140:15 141:2,4
142:23 143:1
183:12 187:22
191:3 192:21
193:23 204:1
204:21 209:10
210:11 218:7
218:23 219:4
220:7 222:7
223:4,8,11
232:18 233:17
235:12 243:24
244:17 245:17
**informing** 43:3
**informs** 245:13
251:22

**inherently** 75:2
**initial** 66:12
219:5
**initialing** 216:1
**initially** 167:17
191:9,15
**initials** 11:13,20
63:18 81:5
215:24
**ink** 229:12,18
**inmates** 221:19
**innocence**
200:19 212:4
213:3,12,14
**insertion** 225:3
**insight** 5:1
**insofar** 27:20
165:1
**inspection**
206:13,20
207:3
**instance** 105:5,8
**instruct** 16:22
27:22 33:20
49:2 50:6
73:19 74:11
76:21 78:24
111:20 112:7
128:8 150:2,9
150:13 164:23
171:12 172:20
173:9 176:1,6
177:9 184:20
185:2 194:9,17
209:5 212:14
223:19 225:17
228:5 237:17
237:23 241:7
241:14 244:6
245:3 253:12
253:20
**instructed**
231:16
**instruction**
27:17,18 28:2

28:12 30:6
33:14 50:16
74:6 75:16
76:17 78:20
93:17 96:21,24
111:24 129:5
130:16 140:8
145:9 151:1
165:18 172:23
173:7,13 177:5
184:13 194:6
210:3 212:20
213:4,6,15,16
224:10,11,12
226:2,9 228:1
228:8 232:20
232:23 233:3
238:5 241:21
244:21
**instructions**
177:16 185:18
**integrity** 7:11
83:20
**intended** 90:24
91:4 237:11
**intending**
233:13
**intentions**
233:19
**interacting**
157:22
**interested**
256:16
**interpret** 216:4
**interpretation**
171:11,16
177:7
**interrupt** 35:22
95:3 118:13
186:16 225:15
245:6
**interrupted**
79:12 186:13
**interrupting**
88:14,23

**interview** 41:19
42:6 57:20
90:4,9,17,23
91:3,9,16,21
92:2,6 141:17
152:10,11
154:1 157:16
160:10,11
164:7 189:17
189:20 193:4
193:11,12
198:2,5 201:2
237:1 239:6
247:3
**interviewed**
87:3 89:10
92:12 108:24
152:15 154:18
164:3,6,20
166:23 167:2,9
173:19 174:5
179:12,16
193:13
**interviewing**
91:23 155:24
163:23
**interviews**
141:14 154:2
156:1 157:17
164:11,13
165:15
**introduce** 68:21
69:17
**introduced** 69:3
**investigate**
122:22 123:7
124:12,23
127:10,15
170:21
**investigated**
126:9,15
**investigating**
155:12 156:10
157:7 158:18
205:5,14,18

207:6,20
**investigation**
15:17 16:3,10
21:22 74:2
86:23 122:5,6
122:18 133:21
134:2,9,24
135:9,21
136:12,23
137:7,11,21
138:6 171:6
172:12 173:6
187:19 188:3,8
194:21 199:3
199:23 200:1
202:10,16,23
203:6,12,19
204:2,8,15
205:7 208:14
208:20 209:4
**investigations**
127:1 173:4
**investigative**
123:24 130:21
**investigator**
51:9,19 122:17
125:5
**investigator's**
57:20 147:23
**investigators**
122:8
**invoking** 94:9
**involve** 213:21
**involved** 88:7
90:5 94:18
122:4 157:9
158:20 202:9
202:21
**involvement**
148:17 200:8
200:11 201:6
212:13
**involves** 88:1
**involving**
199:24 202:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 272

202:15 204:6
241:1
**issue** 26:2 53:19
73:6,12 74:2
127:7
**issued** 34:14
45:2,4,6,8
49:23 103:6,23
131:23
**issuing** 123:15

_____
**J**
**J** 63:17 80:20,22
81:3
**Jackie** 64:1
**Jackson** 2:7,17
**James** 1:3 3:18
8:10,14 14:3
29:7 35:3
37:17 38:7
39:12 59:18
66:10 67:20
83:7 97:1
115:5 116:13
121:23 127:21
127:24 129:2
129:14 130:13
130:22 131:8
131:12 132:10
132:17,22
144:20 145:1
155:8 156:2,6
157:18 163:14
165:23 170:10
175:3,19
176:14 177:1
178:11,18
189:15 197:12
202:2,13,19
203:2,17
204:12 205:19
212:4 221:3
232:7 236:16
250:14,19
255:3

jcc@johnccoy...
2:19
**Jenner** 3:13
40:21 44:24
215:10
**Jennifer** 160:3
246:10,11
**Jeremy** 2:23
80:2
**Jerome** 1:6
151:22 255:6
**job** 115:20 155:5
234:10 247:3
**John** 2:16,17
9:14 189:2
**join** 13:5 15:21
17:1 19:2 20:8
21:17 22:1
26:20 28:1,3
30:3 31:3 33:9
43:24 44:10
49:10 61:8
62:19 68:15
79:1 89:1,23
90:12,13 91:12
91:19 96:16
99:7 108:19
109:7,8,20
110:8,9,20,21
111:5 126:3,21
128:18 135:5
135:14,15
136:2,16 137:4
137:14,15
138:1,2 140:21
141:7 142:3,4
143:5,15,16
151:18 205:23
206:10,24
210:16,17
219:23 232:10
235:2 238:17
240:17 242:17
243:8
**Joseph** 41:4,5

118:18,19
**JR** 1:3 255:3
**judge** 26:6 149:3
**July** 78:1
**June** 53:3,13
**jurisdiction**
25:21
**jury** 37:20,23
38:5,13 39:3,5
39:14 45:3
48:21 49:8,15
56:24 63:18
68:9 69:4,5,14
69:18 70:6,13
70:17,18,21
80:23 81:4,22
82:1,5,8,20
84:21 85:15
130:3 179:9
247:20 248:2
248:16,17,19
250:5
**justice** 99:22
100:5 252:20
253:1 254:2

_____
**K**
**K** 256:2
**Kathleen** 66:15
66:16
**keep** 36:14
39:24 88:13,23
236:3
**kept** 42:14
**kids** 251:17
**killed** 77:21
**kind** 96:6 112:6
195:24 205:11
232:1
**Kirby** 26:6
44:24 63:17
80:19,21 81:2
**knew** 121:1,2
151:5 160:7
167:24,24

168:19 169:9
169:17 170:10
170:20,21
171:1 173:18
173:21 174:14
174:24 175:2,2
175:6 176:13
187:21 195:22
234:9 237:14
238:9 250:14
250:19 251:22
**know** 4:17 5:4
6:9 7:12 13:11
17:7 18:16
23:12,21 24:8
24:12 25:23
28:17 35:5
44:3 54:16
56:5,15,17
58:21 59:10
61:2 62:5,10
62:11 65:3
66:16,17 67:3
67:5,6 69:15
73:4 77:8
81:15,16 83:5
84:15 85:5
92:12,22 93:4
94:8,14 95:17
95:22 96:21
103:16 105:3
113:2,8,20
115:2,7 116:11
119:20 120:20
121:13 127:13
127:20 131:7
132:13,19,24
133:11,17,18
135:17 138:10
138:18,19
142:7 143:19
143:23 144:17
147:10,18
152:5,7,9
153:21 154:13

155:10,16
156:5,8 157:12
157:13,14,20
159:15 160:2,4
160:4,6,13
161:19 162:20
162:21 164:2
166:22 167:1,3
169:3,3,15,19
170:21,22
171:2 172:3,6
172:7 173:21
173:21,22,22
174:19 176:16
178:9,14,16,19
179:11,13,23
180:6 187:20
189:18 190:9
195:16,23
196:2,9 197:13
198:1 200:4
205:4,8,9
208:23 209:15
210:5,19 211:8
215:7,24
216:11,18,20
217:2,6,17,19
217:20,22
218:2,16,18
220:3,5 221:3
221:17,21,23
222:20 224:13
230:16,17,20
230:23 232:13
233:11 236:5
236:11 238:7
248:12,12
250:10
**knowing** 169:23
**knowledge**
29:24 132:7
201:19
**known** 176:18
251:16
**knows** 94:12

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 273

**L**

**L** 2:7
**lag** 5:9
**Lanahan** 66:15
  66:16 67:4
**land** 162:22
**language** 29:8
  29:16
**largest** 41:14
**lasted** 188:23
**lastly** 229:22
**late** 187:23
**Latino** 107:14
**Latsen** 64:1
**law** 2:16 5:18
  6:5 74:15
  78:19 79:6,7
  102:10 122:17
  235:9
**law-enforcem...**
  122:5
**lawyers** 18:10
  18:12
**lay** 225:19
**laying** 122:14
**lead** 101:3 117:8
  117:16 130:4
  152:15
**leading** 130:1
**learn** 102:9
  135:8,23
  136:13,19
  137:6,20
  169:20 170:7
**learned** 52:5
  111:9,17 121:6
  134:8,20,23
  136:11 140:12
  140:15,23
  141:2 142:9
  144:11 167:16
  168:2,5 169:8
  169:14 183:20
  199:17,18

209:13,13
210:7,21
250:13,19
**learning** 135:19
  168:17
**leave** 123:6,24
**leaving** 122:7,16
**led** 29:7 127:21
  130:21
**left-hand** 17:22
  44:18 63:3
  214:22
**legal** 102:13
  127:5 128:5
  177:8 184:17
  212:10
**legible** 24:2
**lest** 81:7
**let's** 23:14 26:4
  29:14 40:2
  77:11 227:11
**letter** 3:13,16,20
  40:17,20 43:11
  57:12,18 76:7
  76:9,10,11,16
  147:24 148:14
  215:10
**letters** 23:23
  71:5 222:12
**License** 256:24
**licensed** 5:15,18
**life** 52:20 54:8
  55:3,12 77:19
  78:3,15 196:15
  196:23 197:2,4
  197:12
**Likewise** 96:15
**line** 55:22 81:9
  86:1 88:14
  245:14 249:4
  251:14
**lineup** 3:17 62:1
  62:3,7,16,17
  68:19 69:10,13
  69:17 75:5,7,9

166:2 182:4,7
182:13,19
183:3 196:1
227:19,23,24
233:22 234:13
234:14 235:4
**lineups** 234:18
  235:7
**lips** 230:8,14
  231:4,5,11,17
  243:20
**list** 132:14 139:6
  147:11,12
  159:10,15,22
**little** 11:5 20:19
  67:17 122:2
  162:23 214:21
**LLC** 2:6
**locate** 42:23
  43:4 51:19
  58:1
**located** 28:10
  43:18 47:19
**LOEVY** 2:2,2
**long** 4:16 6:7,22
  8:8 40:23
  95:24 96:10
  129:18 162:18
  180:4 205:12
  209:9 234:21
  236:6,11 248:1
  253:2
**Longer** 162:20
**look** 22:4,9
  61:14 71:23
  79:10 147:9
  168:23 219:19
  221:11 227:11
  231:3,4 243:19
**looked** 14:21
  15:4 59:19
  115:4 139:19
  146:17 147:7
  147:11,19
  152:2 155:20

163:20 165:24
166:7,9,10,14
220:13 221:5,6
221:15 250:17
**looking** 26:22
  166:1,6 220:14
  227:15 243:19
**looks** 11:17 24:4
  41:17 42:22
  70:11 74:15
  166:2,5 215:24
  221:12
**lot** 128:23
  214:13
**loud** 77:16

**M**

**ma'am** 97:10
  106:22 112:10
  115:8 155:7,16
  155:19 157:2
  183:24 199:13
  215:5 227:16
  228:17 229:7
  230:1 232:8
  235:18
**main** 157:4
**making** 55:11
  209:16 222:16
  242:12
**male** 108:12
**man** 127:23
**mandated** 77:18
**mark** 11:22
  228:10
**marked** 9:13,18
  10:13 11:24
  12:2 14:8
  20:11,15 22:6
  23:3 24:24
  25:6 31:7,11
  38:9 40:7,12
  46:6,13 50:20
  51:2 53:2,8
  57:3,8 58:3,6

60:8 61:11,19
62:23 65:22
66:3 67:7,13
71:24 72:4
75:20,24 80:7
214:8 220:12
227:14 228:10
228:21 251:4
**Maryland** 97:9
**material** 25:14
  25:24,24 27:6
  27:6 30:22
  47:18 98:6,12
  98:15 100:23
  103:13 104:9
  112:13 113:1,4
  113:11 135:7
  138:22 139:1
  141:4 142:16
  143:20,22
  144:1,8 180:22
  181:24 183:13
  187:15 193:10
  234:8 241:9
**materials** 84:19
  85:11
**matter** 89:12
  126:16 160:17
  164:19 165:14
  198:4
**MAUREEN**
  1:16 256:3,23
**mean** 18:21
  42:15 45:7,16
  45:20 55:9
  70:18,20 71:10
  71:11 76:10
  81:13,15,22
  88:18 90:15
  95:3 114:24
  115:20 117:4
  117:14,17
  141:11 146:11
  147:16 163:16
  176:16 216:1

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 274

225:14
meaning 81:1
means 45:5,8,14
  45:17,21 66:23
  114:5 147:2
  166:8
meant 64:16
  220:8
media 162:12
meet 55:16
  112:8 162:6
  163:2 237:10
  238:8
meeting 65:13
  162:14,18
  163:2,5,10
  188:22
meetings 163:5
  163:10
member 132:19
  133:1 211:10
memorandum
  135:18 136:10
memorialize
  106:24
memory 56:7
  146:22 174:21
mental 16:15,18
  16:21 27:20
  28:13,16 33:16
  33:18 50:9
  73:18 76:18,19
  76:23 96:12
  128:4,7,11
  129:19 150:4,8
  165:1,3 171:9
  171:14 172:16
  172:18 175:21
  184:15,19
  194:8 212:12
  224:8 225:13
  225:22 227:5
  234:21 237:18
  241:1,5,8
  244:7,21 253:3

253:8,12
mentioned
  106:10 158:23
merely 99:22
  100:6
merge 124:16,21
merits 50:2
met 18:21 56:8
  64:24
methods 235:16
middle 29:4
  55:21 80:17
Midway 59:6
Mike 14:6
  120:13 121:9
  121:10,11,13
  121:22 164:10
mine 11:12
  229:14
minute 22:9
minutes 40:2
  118:15 162:20
  163:8 188:24
mischaracteri...
  28:4 44:9
  145:21
misconduct
  152:22 154:21
  156:15 158:4
  159:2 201:15
  201:19 202:4,8
  202:14,20
  203:3,10,15,24
  204:6,20
missed 165:9
missing 85:7
  151:14 218:10
  218:22 219:5
Mississippi
  47:18,22
misstate 146:2
misstates 91:5
  145:22 170:12
  171:24 175:10
moment 18:5

74:20 172:4
MONICO 2:6
months 78:1
morning 10:3,5
  83:6
motion 3:19,19
  25:23 30:21
  34:18 45:2,12
  46:4 63:17
  67:19 68:3
  71:15 72:10,14
  72:19 73:7
  80:20 81:3,18
  82:9 103:12
  147:21 148:11
  148:12
motions 71:21
  72:24
motor 78:4
moving 33:6
multiple 246:23
murder 13:21
  13:24 18:24
  24:21 39:15
  77:13,17,18,20
  77:20 78:2
  79:7 87:22
  88:1,3 127:10
  127:15 131:11
  138:19 144:20
  145:2 207:7
  211:9 213:1,12

───────────
            N
───────────
N 2:12 3:1
name 4:9,11
  18:7 19:10,12
  19:15 41:3,4,7
  41:12 47:3
  55:20 59:7
  72:16 83:7
  118:18,23
  155:15 157:11
  158:22 160:3
  174:13 176:14

178:21,23
  179:1 189:7
  197:18 222:8
  222:24
named 27:13
  39:12 166:19
  198:11,18
  199:1
national 98:18
  99:4
natural 77:19
  78:2 79:6
nature 111:3
  143:2,8 187:16
  188:7 191:4
  192:22 193:14
necessarily
  54:11 88:19
  191:24 192:13
  193:16 196:21
  199:4 205:19
  237:4
necessary 17:12
  239:22
need 16:21 30:8
  35:5 48:24
  50:11,16 73:20
  74:8 76:18
  78:21 85:7
  128:4,6 150:3
  150:7 165:17
  172:15 175:21
  184:14,18
  185:19 186:12
  194:8 209:6
  211:7 212:7,11
  237:18,21
  241:4 244:7,22
  253:6,8
needed 56:24
needs 54:12
  143:23
negative 52:3
  219:15
never 18:21 31:5

94:21 95:13
  121:1 143:24
  146:6 149:7
  155:2 159:22
  161:1 163:20
  166:24 176:11
  176:11 183:15
  183:17,20
  184:4 192:24
  193:9 197:9,14
  199:15,18,22
  231:6
new 3:19 71:15
  72:11,15,19
  73:7
nitty 8:18
non-criminal
  6:10
NORADIN 1:6
  255:6
normal 198:4
normally 103:12
Norrigan
  155:16,19
  156:1,15,22
  161:11 214:23
North 2:3
NORTHERN
  1:1 255:1
notary 1:16
  255:24 256:4
note 24:13 47:14
  80:24 81:8
  82:10 220:4,4
  237:6
note-taking
  142:21
notes 41:19,23
  42:2,12 79:10
  86:13,22
  139:13,16
  140:18 141:14
  141:16 164:13
  164:20 165:6
  165:14 249:2,9

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 275

**November**
  43:18,20 64:8
  256:20
**number** 46:1
  60:12 74:18
  149:10,21
**numbers** 222:11

---

**O**

**O** 256:2,2
**o'clock** 79:20
**O'Connor** 1:11
  2:20 3:3 4:2,10
  4:11 5:14
  10:14,19 12:6
  14:9,15 16:12
  17:18 25:3
  32:11 36:4
  38:18 39:22
  40:6,9 47:3
  55:20 60:15
  80:10 83:5
  121:20 186:2
  189:5 201:13
  214:3 236:5
  254:8,15
  255:11,19
  256:6
**oath** 239:21
  240:7
**object** 37:3
  73:13 93:9
  108:1 111:18
  123:10 150:11
  173:8 176:4
  177:14 184:24
  194:14,24
  223:17 228:3
  232:16 235:10
  243:9 253:24
**objected** 240:1
**objection** 8:15
  13:4,16 15:3,6
  15:19 16:4,11
  17:13 19:24

20:6 21:15,24
24:1,18 26:14
26:19 28:1,11
29:10,11 30:2
30:4,6,19 31:2
32:6 33:8,23
35:1 38:1 42:8
42:15 43:23
44:8 48:9,23
49:21 50:5
51:24 54:9
56:10 59:1
60:2 61:7
62:18 65:1,19
68:23 69:6
75:14 84:8
85:3,24 87:6
87:18 88:10,11
88:15,22 89:2
89:2 90:20
91:5 92:8,19
93:1,8 94:3,11
95:11 96:9
97:21 98:8
99:6 104:15,24
107:18 108:17
109:5,18 110:6
110:18 112:20
112:22 113:5
114:3 116:17
116:18 117:12
117:22 122:10
123:1,9 124:3
124:15 125:1
125:10,12
126:12,19
127:4,11,17
128:3,15,19
129:6,7,16
131:4 133:15
134:4,16 135:4
135:13,24
137:2,13,24
140:19 142:1
142:13 143:3

143:13 144:14
145:20,22
149:15 150:2
150:24 151:16
152:24 153:1
154:23,24
156:17 158:5,6
159:4,5,11
164:15 168:9
169:10,24
170:12,14,18
171:8 172:21
173:7 174:7,16
175:7,9,15,20
176:21 177:4
178:12 180:17
181:18 183:6
184:13 185:17
186:6 187:9,23
187:24 190:22
192:2,15 193:6
194:6 195:10
197:6 199:6
204:22 205:21
206:8,9,22
207:10 209:5
209:18 210:2
210:13 211:3
211:22 212:6
212:17 213:4,5
213:15,16
216:23 218:13
219:8,21
224:10 228:1
231:19 232:9
232:20 233:24
234:20,23
237:8,17 238:3
238:15,18,19
238:20 239:9
240:15,23
241:12 242:10
242:16,24
243:6 244:5,20
248:20 250:21

252:4 253:17
253:23
**objections** 16:6
  17:14 28:3
  49:5 55:4
  88:20 89:14
  108:8 111:4
  128:23 136:14
  141:6 144:6
  217:10 250:8
**objective** 224:14
  224:15
**objectives** 33:17
  253:10
**obligate** 108:15
  109:3,16 110:4
  110:16
**obligated**
  112:13 206:6
  232:2
**obligation** 97:8
  97:14 108:7
  206:18
**obligations** 97:7
  101:3,19 102:6
  102:10,14,19
  102:23 103:3
  104:2 107:22
  112:8
**observe** 99:3
**obstructed** 18:9
**obtaining**
  131:21
**obviously** 54:13
  82:8 247:14
**OC** 71:7
**occasion** 95:19
**occurred** 131:16
  150:23,23
  173:20 208:13
  208:19
**October** 1:18
  43:4 63:16
  64:15 255:13
**off-the-record**

52:17
**offender** 19:9
  37:11 236:16
  236:21 239:5
**offenders** 19:9
  22:20 23:1
  34:24 35:7
  36:10 37:2
  59:20
**offer** 95:15 96:6
  97:2
**offered** 178:17
  196:10
**office** 6:3,8,17
  7:3 66:19
  72:10 74:10
  78:18 79:13
  80:1 84:7 90:8
  93:5,12 95:10
  97:2 100:4,10
  100:15 101:7,9
  103:18 104:21
  105:18 111:22
  112:18 113:17
  114:11,19
  116:5,13
  119:14 122:21
  124:18 125:2,7
  125:23 127:9
  128:17 131:20
  132:2 133:13
  137:20,23
  150:12,15
  159:1,14,19
  167:2 172:23
  173:12 176:8
  194:15 196:10
  200:22 212:18
  213:17 219:7
  223:18 225:16
  226:3 234:24
  243:10 245:3
  247:16 252:20
  253:18 254:20
  256:19

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 276

Office's 235:13 247:11
officer 153:6 154:22 155:4 156:22 158:11 230:22
officer's 252:12
officers 1:8 4:12 159:23 180:2 205:6 255:8
OFFICES 2:16
officials 76:12
Oh 220:23
okay 7:15,22 8:23 9:14 22:12,12,12,12 22:13 23:10 26:17 35:17,18 35:21 36:17,17 36:17,18,18,18 36:18 38:21 39:14,23 41:8 51:17 53:5 54:5 56:6,21 57:12 64:6,18 74:23 82:6 86:24 87:13 95:14 104:1 105:4 118:1 120:7 130:6 142:10 185:5 205:16 213:24 220:11,24 229:6 232:4 236:11 239:1 247:19 250:3 250:12
once 34:17
ones 148:10
open 106:5,7 139:7,10
opine 220:8
opinion 104:10 115:16,21 118:24 120:22

121:10 150:6 153:5,11 155:3 155:6 156:21 157:1 158:9 160:22 185:19 212:4,8 213:2 213:13 223:16
opinions 50:8 128:6 150:4,5 171:10 177:8 184:16 225:8 241:6
opportunity 22:15 28:24 36:15,19
orally 211:11
order 16:2,9,20 17:6 25:22 26:2,9,10,18 27:2,5,10,12 28:9,18,20 29:21,23 30:24 35:23,24 36:7 36:21 38:14 71:7 85:7 128:7 150:8 184:14,19 194:7 212:10 244:23
ordered 248:18
ordering 17:11
ordinary 48:6
outcome 8:24
outside 91:9,16 92:14 115:7 139:9 161:22

─────────
P
─────────
P 2:23
p.m 63:21 70:12 70:15,17 254:22
page 3:2,8 11:7 12:8,11,15 17:21,22 23:5

23:7,14 29:4 35:19,24 36:16 41:15 44:15 47:2,14 53:17 53:17 54:1,19 54:19,24 55:21 56:3,16 59:4 63:3,10 64:3 70:2 72:13 73:16 76:14 77:10 80:6,9 80:12,16,17 82:15,16,18 214:17,17 221:15,16 229:1 251:13
pages 36:22 40:24 82:13
paper 9:15
papers 47:18
paragraph 18:4 18:6,9,17 19:7 28:21,22 29:1 41:14,14,17 42:21,22 43:15 43:16 47:7 51:16 53:22,24 54:2,3,10 59:6 59:9,12,16,23 73:3,24 74:21 74:23 75:12 77:12
parenthetical 230:7
parole 64:1,2,5 196:6
Paroled 77:24
part 4:18 15:1,9 15:15 17:8 20:18 21:12,21 24:21 37:24 42:7 58:17,22 60:23 61:2 68:6 83:22 134:14 135:10

139:20 168:13 188:4 214:20 218:20 246:16 247:2,3,9 248:9
participate 200:10
participated 132:20 133:1
participation 201:3
particular 73:11 164:24 176:1 201:14 222:19 234:22 237:20 237:23 253:7
parties 256:15
partner 14:2,5 149:3 153:23 154:7 164:5
parts 147:24
party 27:2 29:9 29:15,20
passage 48:7
passed 63:22 64:15
patient 236:6
pause 238:13 239:1
pay 95:7
pen 3:20 76:7,9 76:9,16 147:24 148:14
pendency 116:10 118:4 161:17 203:18 206:4
pending 195:15 195:24 196:3,7 211:10
penitentiary 76:12 77:3
people 114:14 146:24 171:23 172:13 210:8

254:3
People's 39:11
percent 242:8
person 26:23 28:19 37:7 66:24 77:3 106:2 121:3 162:9 181:5 191:9,22 198:12,19 199:2 208:7,7 220:24
person's 229:16
personal 105:15 113:21 223:3 256:9
personnel 91:10 91:17 92:4
pertaining 1:15
petition 49:17
phone 2:4,8,13 2:18 163:7,9
photo 3:17 59:13,18 60:21 60:22 61:4,5 62:3,7,17 68:20,21 69:4 69:10,13,17 75:2,4,5,7,9 110:1,2 166:3 166:5,5,7,10 166:15,15 167:21,22 168:7,15 181:3 181:4,10,15 182:5,6,11,18 183:2 191:8,15 191:21 192:8 196:1 198:10 198:17 199:1 216:8,13,16,20 216:21 217:7,8 217:14,16,17 217:20,23 218:5 219:4,13

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

219:15,20
220:13 221:7
221:10,22
222:2,6,8,10
222:12,19
223:6,9,10,14
224:17 226:12
226:14 227:9
227:11,19,22
231:1,9,15
233:22 234:13
234:14,17
235:5,8 243:19
244:13
**photograph**
37:8 62:12
220:19 222:23
223:9 226:6,7
**photographs**
60:20 221:19
243:20
**photos** 18:9,11
110:3 167:21
168:8 221:7,22
222:2,12 235:5
242:22
**phrase** 207:24
**physical** 9:15
98:10 146:22
222:9
**physically**
133:17 248:6,7
**pick** 242:22
**picked** 59:18
**picture** 3:17
62:1,10
**pivot** 97:6
**place** 52:18
78:13 80:2
101:10 136:24
169:14 251:18
256:12
**placed** 237:6
**plaintiff** 1:4 2:5
83:7 255:4

**play** 131:1
**plea** 94:16,19,24
96:7 97:3
**please** 4:8,9,17
5:3 22:10
35:13 59:10
63:15 73:4
77:16 80:18
104:18 105:14
165:9 254:18
**point** 4:16 5:3
46:3 52:16
55:23 90:6
102:5 152:11
156:6 161:3,7
161:12 162:7
167:11 168:6
176:24 195:17
202:1,12,18
203:1,8,14,22
204:4,11 211:9
218:10 221:18
230:11
**pointed** 36:6
109:14 181:4
181:10,15
182:12,18
183:2 191:10
191:17 192:10
242:21
**pointing** 181:5
**police** 1:7 3:9,16
14:17,22 15:9
15:16 16:1,2,9
19:4,8,13 29:6
58:12 84:21
85:14 86:4,9
86:13,22 87:2
87:2,11,16
88:5 89:8
90:10,18 91:10
91:17 92:3
105:20 107:11
108:22 109:11
109:12,13,23

110:12,14
122:23 123:8
124:1,13,24
125:8,24 126:8
126:15 128:2
129:4,15 130:1
130:2,15,20
131:21,24
132:1,3,20
133:1,8,11,13
133:21,22,24
134:2,2,9,10
134:24 135:9
135:10,20,21
136:11,12,23
136:24 137:7
137:10,12,21
138:6,8 140:16
140:24 141:3
147:22 148:14
151:14,22
153:6,17
154:22 155:4
155:14 156:22
157:10 158:10
159:23 167:16
168:18,19,24
169:2,7,15
171:21 172:12
173:1,4,19,24
174:3,18,20,22
176:14 180:1,7
180:12 181:3,8
181:13 182:9
182:15,21,23
183:19 186:19
186:22 187:3
187:19 188:3,4
188:7,16 190:4
190:6,11,16
191:7,9,13,19
192:6 193:2
194:21 195:19
198:9,15,22
199:24 201:15

202:3,8,14,20
203:3,10,11,16
203:17,21,24
204:1,6,13
205:14,15
208:1,6,14,20
211:11,16
217:18 218:9
218:23,24
219:6 230:11
230:21 231:1,7
231:13 234:17
235:5 239:5
244:13 248:16
250:15 255:7
**policeman** 202:5
**policies** 84:5
100:4 101:13
111:14 112:17
113:14,15
124:17
**policy** 93:4
94:15 95:9
96:5 99:12,17
101:10 112:12
123:23 143:9
**popped** 10:15
14:10
**portion** 11:10
18:8 165:9
**posed** 172:8
**position** 73:11
74:4,7,9,13
75:12 78:17
**positive** 13:12
59:20,24 60:6
**possession** 78:4
**possible** 24:20
91:23 143:7
236:24 242:19
**possibly** 222:11
**post-conviction**
201:7,10
**post-trial** 71:21
72:24 147:21

**potential** 71:14
247:4
**practice** 5:18
85:9 87:10
89:12,20 90:3
92:2 100:8,12
100:17 105:15
111:8,10
113:14 114:23
118:8 124:11
124:22,23
126:7,16
143:10 152:14
154:17 156:9
160:17 164:19
165:14 179:15
189:19 198:5
218:21 236:24
237:10
**practices** 84:6
84:12,15
124:17
**practicing** 6:5
**preparation**
14:20,24 21:14
32:18 55:17
58:23 130:3
132:20 133:2
147:14,19
162:3,7 163:6
163:11 236:8
**preparations**
145:5
**prepare** 91:22
147:5 161:21
**prepared** 56:22
148:12
**preparing** 19:18
19:21
**presence** 87:5
91:10,16 92:7
92:13
**present** 2:22
152:11 154:2
156:1 157:17

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 278

160:11 223:8
**presented** 31:17
36:23 37:5
69:10 71:22
130:1 218:7
234:17 235:6
**preserved**
219:17
**press** 168:2
**prevent** 98:6
**previous** 106:18
129:23 226:22
**previously** 9:13
11:24 14:8,23
27:18 29:19
30:7 31:6 40:7
44:5 53:1
62:23 68:18
106:12 107:11
108:12,22
109:24 112:10
171:20 210:3
220:12 239:5
241:23 242:1
244:14 245:12
**principals** 99:3
**printouts**
221:18
**prior** 5:1 13:2
13:23 14:19
19:17 21:6
22:7 28:5 38:6
39:4 55:16
56:8 65:13
81:18 82:11
107:5 118:21
161:4 172:4
179:16 182:12
183:3 186:24
187:5 189:20
195:20 196:6
237:1 238:12
239:6,21 240:7
240:14 242:7
244:17 248:3

251:23 254:9
**prison** 77:7
**private** 114:22
209:8,11
**privilege** 16:24
27:24 30:7
75:15 93:11,16
94:10 96:12
111:19 123:13
124:9 150:10
150:13 172:22
173:9 176:3,6
177:11,16
184:21 185:2
194:11,16
212:19 223:19
228:5 232:17
232:19 233:4,7
233:15,16
238:5 241:14
241:16 243:11
244:8 245:1
253:14,20
**probable** 131:2
131:8 224:24
225:1
**probably** 7:14
25:19 149:18
168:22
**problem** 189:2
**problems**
153:12
**Procedure** 1:14
**procedures**
113:16 208:2,5
208:13,19
209:3,24 211:1
211:2,14
**proceed** 43:19
47:4 68:12
82:1 241:11
**proceeded** 82:19
**proceedings**
3:14,15 46:7
46:21 53:3

152:12 154:3
156:2 157:18
160:12 201:7
201:10 254:21
**process** 4:24
28:13 30:5
73:14 75:15
79:2 93:11,16
94:9 96:12,15
111:19 112:5
112:23 123:13
124:4,8,15
125:12 128:16
131:21 138:11
138:16 142:21
150:13 172:22
173:9,11 176:5
177:15 185:1
194:16 200:9
200:12,23
212:19 223:19
223:21,22
224:8,19 228:4
232:17,19
233:4,16 235:1
235:11,13
238:4 241:14
241:16 243:10
246:16 247:3
247:10,17
253:19,19,22
**processes** 28:16
111:22 128:5
140:6 150:15
171:9,14 176:8
**produce** 103:18
**produced**
218:24
**product** 49:3
75:17 93:18
111:24 140:9
173:14 212:14
224:11 225:10
228:2 233:5
**professional**

98:22 113:24
115:21 118:24
120:22 121:10
**progeny** 97:18
97:24 98:14
**progress** 86:17
86:21 87:4,5
87:11,15,16
88:6,9 89:10
89:13 151:5,9
**prohibit** 98:22
**prohibited** 95:9
**promise** 79:23
95:1
**promises** 92:17
92:22 93:6
94:22,23,24
95:4 178:9,16
196:10 202:15
**pronunciation**
41:6
**properly** 235:8
**proposition**
226:13
**prosecute**
129:11,14
149:13 171:7
171:22 172:13
173:2,4,6
**prosecuted**
96:13 118:20
132:17 158:17
158:19 171:23
172:13 223:7
247:15 252:19
**prosecuting**
96:8 117:6
122:4 125:9
137:18 152:16
156:11 157:6
160:20 252:23
**prosecution**
27:22 92:24
97:1 116:10,14
117:19 118:4

119:11,17,23
120:3,9 121:6
121:15,23
127:22,24
128:12,17
129:2,20 130:2
130:5,13,23
132:22 133:20
140:7 144:20
145:1 149:8,19
150:1,16,23
163:14 167:12
172:17 173:12
175:19 176:19
176:24 177:22
178:2,11,18
179:5 185:8
188:17 189:12
196:17 197:12
197:21 201:3
202:2,7,13,19
203:2,9,16,23
204:5,12 205:7
206:4 210:6
216:12 217:9
224:24 232:6
233:21 235:6
237:20 245:13
246:21 252:10
253:4
**prosecutions**
133:14 155:11
**prosecutor**
16:16 33:17
97:8 99:5,16
102:14 105:9
122:16 124:2
171:5,21
172:11 212:13
224:8 237:22
253:10,11
**prosecutor's**
99:22 103:18
**prosecutorial**
122:8,16 123:7

Case: 1:20-cv-04768 Document #: 184-74 Filed: 05/06/25 Page 281 of 292 PageID #:8943

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 279

123:16
**prosecutors**
49:7 97:18
98:6,14,23
104:13 116:12
119:14 122:7
122:22 123:6
201:18
**protected** 93:10
123:12 232:19
253:22
**provide** 171:21
180:7 181:8
182:9,16
186:22 190:11
191:13 198:15
233:16,17
243:24
**provided** 42:5
42:12 125:24
126:8 129:15
180:12 181:13
182:22,24
187:4 190:16
191:19 192:7
198:22 205:5
205:17,19
209:10 227:4
252:11 255:17
**providing** 225:8
**public** 1:16 7:11
83:20 114:18
255:24 256:4
**purpose** 76:16
77:2 140:1
**purposes** 87:23
**pursuant** 1:13
27:23 51:11
184:21 193:21
253:13
**put** 9:14 11:13
132:21 133:3
226:14 239:8
244:4,18
**putting** 189:20

**Q**

**question** 5:3
16:12,17,20,23
18:7 27:19,23
28:7,23 29:13
33:19,20 36:7
39:9 49:1,4
50:6,10,12,14
50:19 54:12,17
54:21,22 73:21
75:8 76:20,23
78:24 85:8
89:5 90:16
93:12,14,24
94:1,14 104:18
108:5 112:3
122:19 123:11
123:17 124:16
125:19 128:4,8
128:9,10,22,24
129:17,19,23
130:9,11,13
136:7 142:19
144:4 146:1
150:3,9,10
153:16 164:24
165:2,8,10,13
165:18 168:5
168:14 171:13
171:17 172:4,8
172:14 174:23
176:2 177:10
177:12 184:3,6
184:15,20
194:7,10,12
209:17 210:14
212:7,11
222:15 224:16
225:13,24
226:1,8,12,15
226:17,19,19
226:21,22
227:1,3 233:9
239:24 240:12

240:24 243:21
244:3,23,23
245:6,14
249:15,19,21
250:12 253:3
253:13,24
**questioning**
86:1 249:5
**questions** 4:15
5:2 82:22,24
83:10 88:3,17
97:7 120:7
145:3 166:20
201:14,22
209:6 213:20
214:5,13 220:6
225:20 235:23
236:4,7 241:8
254:6
**quick** 35:15
60:19
**quite** 129:16
160:21
**quoting** 174:20

**R**

**race** 107:14
223:2
**Raymond** 1:6
153:18,21
255:6
**reach** 201:2
219:1
**reached** 218:10
**read** 18:4 20:3,4
20:5 22:17
23:24 24:6
28:24 35:11,17
35:17 36:15,22
44:23 50:12,14
51:15,17 53:21
53:22,24 54:5
54:18,23 56:3
56:4,6 59:9,17
63:14,19,22

64:3,9,20
70:10 73:3,10
74:20 77:15
78:18 80:15,17
81:6 85:6,10
86:7 93:24
94:1 130:9
148:13,13
174:6,14,18
215:14,22,22
216:7 220:4
249:17,19
255:12
**reading** 19:13
55:10 73:8
148:15
**reads** 63:16
**ready** 47:4
80:22 81:11,14
82:1
**real** 35:15
128:23
**realized** 168:21
**really** 36:8
60:19 117:14
122:6 128:21
142:17 143:24
155:23 171:2
189:10 216:2
220:5 223:10
249:15 251:1
**reask** 89:6
178:15 185:24
227:2
**reason** 43:10
64:19 121:20
171:1 222:3
**reasons** 48:21
**recall** 6:17 13:8
19:22 20:2
26:1 27:9
31:22 34:11,12
42:2 46:5
49:17 52:23
55:11 68:8

71:17 73:6
92:21 93:3
96:3,4 101:20
103:21 106:23
113:10 116:2
120:8 132:23
134:7 149:1,8
151:20 152:3
152:13,18
153:12,14
154:5 155:18
155:24 157:6
158:19 160:13
161:14 163:20
166:1,4,5,9,14
168:17 178:21
188:5 189:18
194:22 195:7
196:7 197:1,16
202:17 208:16
208:22 227:14
232:15 233:1
242:3,9 243:21
245:14 249:4
**recalled** 148:23
**recanted** 179:20
239:7
**recanting**
189:24
**receive** 101:18
101:21 104:12
**received** 87:14
88:5 89:8,20
102:1 104:14
138:24 148:2
151:8,15
200:19 206:3,5
206:18 215:9
216:18 218:1
**receiving** 71:17
77:4
**Recess** 40:4
79:21 121:18
189:3 214:1
**recognize** 11:6

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 280

14:16 20:23
25:10 32:14
38:22 40:16
51:6 58:10
60:19 61:23
66:7 67:18
72:8 76:5
220:18,24
229:9,20,24
**recollection** 8:9
8:13,20,23 9:2
9:5,9 12:19,22
13:14 17:24
18:1,19 19:16
21:2,4,5,11
27:4,16 29:16
30:11,16 31:8
32:3,7 34:22
37:10 38:4
43:2,8,22 44:3
49:14 52:14,17
57:23 60:22
65:12,16 68:3
68:5 69:10
71:19,20 72:18
74:1 94:18
102:4 115:10
116:22 131:19
144:19,24
145:19 146:4,8
146:10,21
147:13 148:16
148:19 149:22
150:21 151:7
151:10,12,21
157:5,22
161:15,18,23
163:22 164:8
165:22 167:23
178:24 189:6
195:24 197:17
200:7 201:21
219:13 221:5
221:11 222:5
230:10 232:5

**reconstruct**
132:8
**record** 4:9 5:12
10:8,10,12,17
14:12 23:5,15
25:1 26:7
33:23 38:10
40:8 44:15
46:9,24 50:22
53:2,12 57:4
58:14 60:8
61:15 63:24
65:8,24 67:9
69:21 72:12
76:4 78:12
79:23 80:8
89:1 130:10,11
132:15 140:11
170:6,13 172:9
175:10 188:22
189:1 195:5
215:22 218:12
219:22 226:16
228:15 255:15
**recorded** 256:8
**records** 131:24
133:14,18
221:2
**recreate** 147:12
**redacted** 214:24
223:1
**reduced** 256:9
**refer** 39:20
56:19 146:13
172:15
**reference**
146:23 205:10
**referenced**
217:7
**referred** 44:17
139:13
**referring** 26:9
37:16 47:21
205:10 208:6
221:8

**refers** 146:9
**reflected** 140:18
**refrain** 121:14
**refresh** 18:19
56:7 148:16
**refused** 233:17
**refusing** 226:1
**regard** 27:21
49:6 125:13
128:17 129:24
173:12 175:24
176:8 240:21
**regarding** 52:2
73:11 75:17
128:12 159:23
184:15 194:4
209:23 234:17
237:19 242:3
243:1
**regardless**
225:10
**regards** 173:16
**Reginald** 115:2
115:3,7,11
**register** 205:13
**regular** 179:15
**regulations** 99:4
**REITER** 2:11
**related** 15:13,16
16:3,10 18:4
25:11,14 27:5
28:9 42:13
47:8 53:19
72:24 104:8,8
152:12 154:3
156:2 157:18
159:2 160:11
197:12 203:3
203:10,17,24
232:5 233:3
246:20
**relates** 8:13
25:20 164:24
**relation** 150:16
**relationship**

113:22,24
114:6,8
**relative** 256:13
256:15
**released** 38:13
**relevant** 134:24
135:11 137:7
137:10 156:13
206:14
**relied** 125:7,23
171:5,21 173:2
173:3,5 234:16
**rely** 39:14,19,19
126:6,7 171:16
172:11 235:4
235:15
**remain** 165:19
**remember** 8:11
20:10 24:23
32:23 41:5,6
41:12 44:2
49:16 55:15,18
58:2 68:7,17
69:2 83:22
92:11,15 94:23
95:17,17,18
101:24 102:2
102:11 103:24
107:9 113:12
116:6 118:23
119:6 120:14
120:21 133:4
134:12 138:4
138:14 146:14
147:17 149:2,2
149:3,4 151:24
152:1,2 154:4
154:15 155:13
155:17,20
156:4 157:9
158:21 161:5
165:24 166:19
167:5 168:11
168:12,14,21
172:3 173:23

178:7,23 179:2
179:13 189:8
193:11 196:8
196:18 197:15
198:3 203:20
208:22 217:13
219:15,17
220:14 223:10
223:11 230:19
231:4,11,16
234:6 242:12
246:12 248:6
250:24 251:1
252:16,17
**remembered**
146:16 148:21
**repeat** 5:4 19:20
29:13 54:17
64:18 79:4
104:18 136:7
182:14 203:13
249:14
**repeated** 30:8
**rephrase** 5:5
108:5
**report** 3:9,13,14
3:15,16 14:17
14:22 15:9
17:17 19:8,13
46:7,20 51:8
51:10,20 52:13
53:3 57:20
58:12 84:21
86:18 106:18
109:11,23
110:12 136:24
137:12 140:17
141:3 147:23
174:3,6,11,12
174:15,20
204:1 207:13
239:6
**reporter** 5:11
141:11 249:17
254:16 256:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 281

**reports** 15:16
16:1,2,9 17:6
19:4 85:14
86:4,9,21 87:2
87:4,5,11,12
87:15,17 88:5
88:6,9 89:9,11
89:13 105:20
106:1 132:1
133:22,24
134:3,10
135:10,21
136:12 137:8
138:8 147:22
148:14 151:5,9
151:14 167:17
167:24 168:3
168:18,24
169:2,7 173:1
174:1,18,22
188:4,8,16
203:11,18,21
218:23 248:16
250:15
**represent** 4:12
53:13 83:7
167:6
**representation**
43:11 56:13
145:12
**representations**
145:6
**represented**
221:24
**representing**
115:5
**reputation**
160:24
**request** 51:11
104:23 206:16
207:2,5,8,16
**requested** 27:2
41:22 68:1,12
248:19,24
**requesting**

26:23 27:5
29:9,15,20
**requests** 26:17
103:2,5,17,22
**require** 97:18,24
98:5 177:6
206:1,12 207:3
**required** 101:10
103:17 111:15
144:4,8 180:20
180:23
**requires** 88:12
91:18 92:8
144:15 171:13
175:8 180:17
181:18 183:6
187:9 211:22
234:1 239:10
240:16
**research** 211:7
**reserve** 254:10
254:12
**reserved** 254:13
**respect** 16:16
49:8 172:17
**respond** 140:5
207:15 224:22
**responded**
133:12
**responding** 73:8
**response** 72:10
72:19 74:24
75:13 104:23
148:12
**responsibilities**
117:5 118:2
**responsibility**
117:9,17
**responsible**
13:19 119:21
**rest** 78:15 216:6
**restraining**
233:2
**result** 30:24
49:20

**resulted** 131:12
**Retained** 3:21
**retire** 6:1
**retired** 5:23 6:2
6:11,24 83:18
84:4
**reveal** 27:20
33:18 74:9
78:22 111:21
128:4 145:4
150:3,7,14
171:9 173:10
175:21 176:7
184:14,18
185:19 194:8
235:12 240:24
241:8,15 244:7
244:22 253:11
**revealed** 74:7
**revealing** 16:13
28:12,16 50:7
73:18 96:11
129:19 140:5
253:3
**reveals** 33:16
165:1
**review** 7:4,10,13
8:3,5 14:19
15:12 18:6,17
22:5,15 27:1
28:22 34:23
35:5 36:19
37:21 39:5
54:6 61:4
62:16 83:22,24
84:20,24 85:16
86:9,14 89:20
90:1 113:3,10
115:8 130:7
139:13,16,17
139:18,21
140:2,13,15,18
140:23 141:1,5
141:10,12,13
141:20,23

142:8,19 144:2
144:12 148:5,8
158:20 160:15
217:2,12,24
245:18 246:2
246:15,23
247:2,10,17
249:2,3,10
250:1 254:9
**reviewed** 14:23
15:5 18:18
21:14 32:18
33:2 58:23
147:14,18,19
148:10,20
173:24 176:19
236:8,13 248:3
**reviewing** 17:8
18:3 19:18,22
20:2 21:6,11
31:16,23 34:15
35:4 38:5
86:24 148:16
176:16 178:7
200:23 221:2
246:20
**RI** 52:5
**right** 5:8 7:24
8:1 35:19
47:13 69:11
81:21 83:2,18
98:22 101:7
119:24 130:24
131:14 132:5
132:11 139:24
141:12 147:3
159:20 165:17
167:15,18
168:3,4 169:5
181:1 182:2
183:14 184:9
187:17 199:14
200:6 215:2,3
222:14,16,22
230:4,5 232:3

234:19 236:13
237:6 240:4
243:16 244:1,2
246:22 247:4
247:17,22
251:10 252:3
252:21 254:8
254:10,11,19
**right-hand**
23:16 45:10
**ringing** 205:11
**road** 78:12
78:5,9
**robbed** 78:9
**robbery** 77:23
78:5,9
**Roger's** 3:9
**Rogers** 17:21
18:1,5,20,22
18:23 19:8,19
19:23 20:22
21:1 22:6,20
22:24 24:6,7,8
27:14 28:9
29:5,6 30:12
30:18,22 31:18
42:24 43:4,19
44:6 47:21
49:15 64:8
166:19,20,23
167:2,9,12,19
167:21 168:6
168:18 169:5,8
169:17,22
170:10 171:1
173:18 174:4
174:12,23
175:5,18
176:13 178:3
178:10,17
197:3,13 246:8
250:13 251:10
252:2
**Rogers'** 18:7
177:2,22
250:18 251:8

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 282

251:21
**role** 122:8,16
123:7 131:1
**roller** 251:18
**roughly** 4:20
7:20
**rule** 49:18 54:10
63:24
**ruled** 224:4
**rules** 1:13 98:19
98:21 99:13
113:13
**rumors** 152:21
154:20 155:2
156:14 158:2
**running** 45:17
**Ryan** 78:10

**S**

**S** 3:7 81:1,8
**safe** 7:22 232:24
**Saltiel** 41:4,18
43:3 118:18,19
119:4,10,15
**Saltier** 42:22
163:17
**Saltier's** 43:11
**sat** 182:7,19
**saved** 164:13
**saw** 108:23
178:8 221:15
234:9 248:7
**saying** 26:2
41:18 197:1,15
223:21 224:13
224:21 250:24
**says** 17:21 23:16
23:24 24:4,6,7
24:13 29:4,5
43:16 44:19
47:17 52:2
64:14,22 65:6
70:2 77:12
78:22 80:17
81:20 214:22

215:9,16 216:7
219:22 220:1
222:19 229:3
230:3,6,7
251:14
**scenario** 88:17
122:14
**scenarios** 92:1,6
**scene** 31:24
**Schalk** 1:6
153:18,21
154:1,3,6,14
154:21 155:4
155:11 161:11
161:21 167:14
167:20 175:2,4
182:6,11,17
183:1 208:17
209:2,23 210:9
210:22 211:13
255:6
**Schedule** 82:11
**scheduling**
163:4
**school** 102:10
**scope** 137:24
**scratch** 216:5
**screen** 9:14,21
10:15 12:7,23
14:10 18:12
20:13 22:18
25:4 32:12
38:19 40:10
46:11 50:24
53:6 57:6 58:4
60:16 61:17
63:1 66:1
67:11 69:23
72:2 75:22
220:20 228:17
228:19 251:5
**scroll** 18:3 20:19
22:11 26:4
38:21 39:8
40:22 46:17

47:2 51:10
53:23 55:19
56:2 59:4
60:18 64:4
67:17 70:1
74:21 76:4
82:13 220:17
221:16 251:12
**se** 20:2 32:24
**seal** 256:19
**Sean** 2:2 83:7
88:13 118:13
185:22
**sean@loevy.c...**
2:4
**second** 10:8
12:24 28:22
43:16 51:15
59:5 77:12,18
79:7,9
**second-to-the-...**
52:4 54:2
**secret** 137:21
**section** 229:15
**secure** 44:12
**secures** 48:21
**securing** 44:6
**see** 10:1,14 11:5
11:6,16 14:9
17:21 18:10
19:10 20:12,18
23:6,9,14,14
23:16,23 24:5
24:13 25:3
26:5 29:3
32:11 36:1
38:18 39:9,13
40:9,23 41:20
41:24 43:20
44:18 46:17,18
46:20,23 47:5
47:15,19,20
50:24 52:4,7
53:5 55:20,24
56:15,18,21

57:5,16,21
58:4,13 59:5,7
59:21 60:15
61:16 62:24
63:4 66:1
67:10,16 69:22
70:1 72:1
74:16,18 75:21
77:12 80:9
81:11 85:6
109:1 163:15
182:4 201:24
214:18,22
215:1,2,9,12
216:6,9,13
218:11 220:21
220:23,24
222:9,23 223:3
228:16,18,24
229:13,17
230:3,6,8
234:5 251:5,13
251:18
**seeing** 42:2
163:20
**seek** 28:8 99:22
100:5
**seeking** 25:22
28:19 252:24
**seeks** 93:10
124:16
**seen** 25:13 36:13
218:17 223:6
223:12
**sees** 234:5
**send** 9:24
**sense** 122:9,12
122:13 162:23
208:9
**sent** 10:2,5 12:2
34:16 168:23
**sentence** 43:16
52:5 59:6
77:19 79:7
216:6

**sentenced** 77:6
77:23 78:2,5
**sentencing**
71:16
**separate** 135:21
139:23
**September** 6:3
57:15,24
**sergeant** 13:13
120:17 121:5
121:21 157:11
157:23 158:3
158:10
**Sergeant's**
120:23
**series** 4:14 5:2
60:19 110:2
**served** 34:13
47:18
**service** 133:6,9
**set** 48:14 75:11
82:7 88:20
91:21 256:18
**sex** 223:2
**share** 9:14,21
**sharing** 12:24
**Sheenee** 3:12
31:20 32:15
45:1,5 63:24
64:2 189:7
197:15 246:10
**sheet** 249:2
**sheets** 255:17
**shoehorn** 88:20
**shooter** 190:7
198:12,19
199:2
**shooting** 77:22
180:3,10 190:8
190:14,19
200:1 212:5
**shopkeeper**
77:21
**short** 13:7 83:19
83:21

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 283

short-term 7:11
shorter 149:21
shorthand 216:1
  256:3
shotgun 77:22
show 9:12 10:13
  11:3 14:7
  20:11 24:24
  28:21 31:6
  35:14 38:9
  40:6 46:6
  49:18 50:20
  53:1 54:7 55:2
  57:3 58:3 60:7
  61:11 62:22
  65:22 67:7
  69:21 71:24
  75:20 80:6
  214:3 220:11
  227:13 228:9
  251:3
showed 22:18
  59:13 167:20
  181:3,10,14
  182:11,17
  191:7,15,20
  192:8,8,11
  198:10,17,24
  231:9 251:1
showing 72:17
shown 110:2
  182:6 183:1
  214:4
side 17:22 23:16
  44:18 45:10
  97:15 104:5
  115:11 214:22
sides 82:4
  147:23
sign 72:14
signature 40:19
  76:14 254:13
signed 26:6
  66:13 72:16
  189:23 191:6

198:9 239:21
  240:8
significance
  66:21
signing 66:21
  179:21
similar 59:19
  166:6,9,12,15
  177:16 193:15
  221:6 238:5
  241:12 245:3
  253:17
similarly 176:6
  185:2 194:14
  194:16 241:14
  253:20
simply 142:20
single 103:15
  132:15 147:17
  198:10,17,24
singular 89:2
  244:24
sit 132:6,14
  151:8,13 212:3
sitting 183:3
situation 234:6
six 59:4
skating 251:18
slightly 226:18
smaller 228:18
smart 158:12
somebody
  109:12 144:10
  218:10
something's
  85:7
soon 186:14
Sorrell 127:10
  127:16,20
  138:7 144:20
  145:2 180:3,10
  190:7,14,19
  198:13,20
  199:3 200:1,15
  200:20 202:10

202:16,22
  203:5,12,18
  204:2,7,14
  205:6 207:7
  208:15,20
  209:3 212:5
  213:1,13 232:6
  251:23
sorry 12:7 22:23
  37:1 47:15
  54:17 64:17
  75:7 118:13
  128:21 170:4
  187:23 192:5
  246:13 249:14
  249:15
sorts 142:22
sought 27:10,11
  27:16
Sounds 40:3
South 2:12
speak 5:10
  156:10 160:18
speaking 28:19
  42:16,19 55:23
  69:3,8,16
  84:17 117:24
  125:4 134:18
  136:18 185:22
  238:11 240:19
  248:23
speaks 22:21
  78:12,21 172:9
specific 53:17
  62:5 63:10
  125:14 140:6
  161:18 165:4
  172:1,15,18
  173:17 201:13
  238:22
specifically
  78:23 101:24
  146:9 152:5
  154:15 159:2
  210:24 242:23

246:3
specified 256:12
specify 242:22
speculate 96:3
  175:14 180:18
  216:3 234:2
speculating
  42:11 107:21
  107:23 175:12
speculation 16:5
  20:7 21:16
  33:22 34:8
  35:9 36:11
  42:9 43:12
  48:10 52:21
  58:19 60:3,24
  87:7,19 88:12
  88:16 89:16
  90:15 91:18
  92:9 104:16
  109:7 125:11
  126:2 136:1,4
  143:4,14
  144:15 151:17
  153:2 164:16
  169:11 171:3
  174:8 175:8
  181:19 183:7
  185:10,18
  187:10 188:11
  190:23 192:3
  192:16 193:7
  193:18 195:11
  199:7 204:23
  205:22 206:1,8
  206:23 207:11
  210:15 211:23
  216:24 218:13
  218:14 219:9
  219:22 231:20
  238:16 239:20
  239:17 240:16
  242:16 243:7
  244:6,21
  248:21 249:12

250:22
Speculatively
  169:13
splitting 217:5
spoke 59:14
  154:13 156:5
  200:5
spoken 160:15
  161:20 164:9
SS 256:1
stamp 58:13
  220:22,23
stand 133:3
  189:21 237:16
  239:8 244:4,18
standard 103:2
  103:5,16
standing 89:3
stands 97:13
Starr 2:2 3:4
  8:15 9:24 10:4
  11:22 12:1,4
  13:4 15:6,21
  16:4 17:14
  18:11 19:2,24
  20:6 21:8,17
  22:1,21 24:18
  26:14,20 28:3
  29:10 30:3,13
  30:19 31:3,14
  32:6,20 33:9
  33:22 34:8
  35:1,9,22 36:2
  36:11 37:3,13
  39:16 43:5,12
  43:24 44:10
  47:23 48:10,17
  49:10 50:12
  52:21 54:9
  55:4,13 56:10
  58:19 60:2,12
  60:24 61:8
  62:13,19 63:8
  63:12 68:14,23
  79:15 83:4,7

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 284

86:2 88:18
93:24 94:13
95:2 103:9
112:4,9 118:15
118:16 121:17
121:19 125:20
126:13 128:23
129:1 145:14
145:24 165:10
165:13 185:24
186:1,14,17
188:1,19 189:2
189:4 209:12
209:16 213:20
214:2,11
223:21 224:13
226:10,18
227:2 228:13
233:6 235:18
237:8 238:17
239:16 240:17
241:18 242:10
242:17,24
243:8 245:5
248:4 250:21
252:4,13
253:23 254:6
254:19
**start** 6:19 29:14
36:4
**started** 83:6
104:2
**starting** 77:11
80:16 83:14
**starts** 29:4 41:15
56:4
**state** 1:17 4:8
5:15,18 26:3
26:12 27:11
28:10 47:4
48:21 53:14
80:22 81:11,14
82:1 98:1 99:4
100:18 254:3
255:11 256:1,5

**state's** 6:2,8,16
7:3 13:9 49:7
56:23 66:19
72:10 73:11
74:4,10 75:12
76:19 78:17
80:1,2,4 83:11
84:7 90:8 93:5
95:6,10 96:12
97:2 99:2,12
99:17,18 100:3
100:10,15
101:7,9,18
104:20 105:18
105:24 111:14
111:15,22
112:6,12,17
113:2,16,18
114:10 116:4
120:23 122:3
122:21 123:5
123:23 124:1
124:12 125:2,7
125:23 126:24
127:8 128:16
131:20 132:2
133:13 137:19
137:23 139:4,5
143:9,11
150:12 158:24
159:8,13,19,21
160:2,7,18,23
164:3,14 167:1
167:7,9 172:23
173:11 176:4
177:14 184:24
194:15 196:9
200:22 206:4
212:18 213:17
216:4 218:21
219:7 220:1
223:17 226:3
228:3 234:10
234:11,23
238:3 241:13

241:16 243:9
245:2,18 246:5
247:10,15
248:10 249:3
252:20 253:18
**stated** 19:8
59:19
**statement** 3:10
3:12 19:19,23
20:22 21:1,12
22:6,10,15,19
22:24 29:3
32:16,17,24
35:6,8,12 36:9
36:13,20,24
107:5 160:14
160:19 167:4,8
240:14 242:13
242:14 246:7
246:14 249:7,8
249:24 250:1,4
250:6,11,18
251:4,8,10,21
**statements**
21:21 33:3,5
86:6 239:21
240:7 246:4
247:7
**states** 1:1,14
96:5 100:5
190:4,6 251:16
255:1
**stating** 191:7
198:9
**status** 241:2
**stayed** 45:2,12
63:18 80:20
81:4,18 82:9
**stenographica...**
256:8
**step** 49:24 79:19
**steps** 30:17
**stint** 7:13
**stolen** 78:4
**stop** 12:23

117:10 221:17
**stranded** 78:11
**strange** 112:6
**strategies** 128:5
237:19
**strategy** 16:13
**Street** 2:3
**strength** 150:6
**strike** 17:18
33:4 86:12
99:13 102:16
105:13 113:22
115:15 129:12
139:4 177:20
182:22 183:16
190:4 204:10
204:18 227:19
227:23 241:23
**Stu** 13:12
120:17,23
121:5,21
**stuff** 214:13
**subject** 49:5
**subjects** 122:1
**submit** 132:3
**subpoena** 24:7
34:13 63:23
65:7 87:10
131:23 132:3
133:6,8 138:24
219:6
**subpoenaed**
156:12
**subpoenas** 81:2
81:8 133:12
**SUBSCRIBED**
255:20
**substantial**
149:10
**substantive**
163:4,10
**sued** 4:13
**suggest** 218:8
**suggested** 186:2
**suggesting**

54:16
**suggestive** 75:3
**suggests** 219:18
219:22
**Suite** 2:7,12,17
**suits** 127:2
**summaries**
141:11 249:2
**summarize**
142:8
**summary**
141:18 142:9
142:10,11,20
142:22 249:9
**supplement**
218:12
**supporting**
74:15
**supposed** 38:3
**Supreme** 97:17
**sure** 4:24 10:3
19:21 29:14
36:14 39:19
40:24 54:18
62:15 68:6
69:2 75:4,4
79:12,17 85:8
85:10 88:21
102:15 104:5
114:5 117:14
118:3,8 120:1
122:15 130:11
160:15 166:7
186:13 209:16
222:16 234:4,8
242:8 246:9
248:8 249:23
**surprise** 169:20
170:2,7,17
175:3
**surprises** 175:13
**surrounding**
225:21
**suspect** 93:13
107:11,13

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 285

108:12,13,23
109:2,14,15,24
180:3 181:6,11
181:16 182:6
182:19 183:2
191:11,17,23
192:9,11 231:4
247:12
suspects 247:12
suspension
101:4
switch 122:1
sworn 4:1,4
240:14 255:20
256:6

**T**

T 3:7
take 4:16,16
5:11 14:13
18:5 22:4,9
28:22 39:24
40:2 49:24
51:15 71:22
74:20 79:11
106:9 118:14
121:17 141:13
164:19 165:6
165:14 186:13
188:19 227:11
247:6 250:10
taken 1:12 4:18
21:21 24:16
52:5,11 86:14
160:13 240:7
246:4,15
247:21 256:12
talk 83:9 122:1
161:2,6,9
162:2,10
236:24
talked 67:21
118:18 152:5,7
154:18 161:10
163:7 166:18

197:14 245:12
247:19
talking 75:6
94:22 103:7
104:2 122:7,15
135:7,8 183:21
185:23 222:13
229:11 245:20
tall 154:8 160:9
team 116:16
120:3,8
telephone
162:11
tell 11:9 12:6
22:11 27:1,3
40:20 83:21
107:4 113:7
116:20 119:13
131:18 135:22
136:13 180:7
181:8 182:9,15
186:22 187:18
188:2,14
190:11 191:13
193:3 194:20
195:3 196:14
196:22 197:3
197:11 198:15
211:17 216:18
219:3 230:24
231:7 242:23
244:12 248:7
telling 230:12
242:4,9
ten-minute
79:15
tend 141:17
tender 104:7
106:4 113:1
tendered 105:23
116:23 138:22
138:23 139:7,9
142:17 143:23
144:3,3,5,5,9
144:13 218:9

219:6
tendering
138:12
term 3:19 34:18
45:17,18,22,24
46:4 64:8
67:20,22 146:7
146:12 147:2
205:12
terms 175:23
Terry 3:9 17:22
18:1,6,20,21
19:19,23 20:22
21:1 24:6,8
27:13 28:9
29:5,5 30:12
30:17,22 42:24
47:21 49:14
64:7 166:19,20
166:23 167:2,9
167:12 169:8
169:22 170:10
173:18 174:23
175:18 178:3
178:10,17
197:13 246:7
250:13,18
251:8,10,14,16
testified 4:4 9:6
29:19 32:4
37:11,11 44:5
49:15 112:10
146:15 168:17
169:21 170:3,8
171:20 172:6,7
176:11 179:4
179:12 180:1
181:3 182:4
183:23 186:19
195:6 196:4,23
197:20 225:11
233:2 242:2,6
242:20 248:15
252:1
testify 15:4

30:18 34:7
37:19 48:16
50:4 55:8
56:23 94:20
132:22 169:5
175:18 188:17
196:16 197:5
233:2 237:15
238:9 252:9
256:7
testifying 65:14
179:17,21
189:11 196:6
testimony 15:3
28:5 37:23
38:6 39:6,10
39:15 44:9
48:22 53:20
55:17 56:9
65:17 74:3
83:13 84:22
85:15 91:6
92:18 93:7
95:7,16,24
97:4 145:21,23
147:20 148:13
172:1,19 179:7
185:15 186:3,5
186:7 189:14
196:12 197:23
218:20 222:1
225:8 230:18
236:13,19
241:2 247:20
248:2,16,17,19
250:5 255:12
255:15
Thank 6:14 9:8
12:4 18:13,14
19:16 22:14
35:15 36:1,2
37:19 41:1
60:7 64:9
74:24 80:4
82:23 235:18

236:6 254:4,14
Thanks 63:12
189:2 254:20
theories 128:5
177:8 184:17
212:10
Thin 154:12
thing 63:19 82:6
135:1 188:21
208:23 214:16
things 16:14
83:1 87:24
146:16 183:20
183:23 184:4,6
204:18 232:24
think 6:11,21
8:4 12:18 26:1
31:24 34:16
35:23 36:17
64:15 79:6,10
80:15 84:3
85:15 88:18
95:24 104:1
107:3 112:4,6
114:12 118:17
120:17 121:21
123:20 125:21
129:24 132:14
132:18 134:6
142:6 152:20
154:10 157:4,8
158:13 160:24
161:8,8,20
162:16,16,17
163:19 165:10
165:13,17
169:4 171:24
189:16 206:15
215:11,14
217:13,24
218:19,20
222:11,15
224:19,20
225:1,18 226:5
226:20 227:22

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 286

227:23 228:11
229:22 233:11
236:23 246:11
252:13,16
**thinks** 224:18
225:9
**third** 42:21
43:15
**thorough**
115:23,24
119:3
**thought** 107:6
112:16 121:11
156:23 165:16
216:4 218:22
223:14,15,22
224:16,21
227:19 233:23
**threatened**
52:20 54:8
55:3,12
**threats** 202:21
**three** 8:4 28:21
28:23 29:1
32:2 77:10
78:5,10 213:20
**three-week**
162:22
**time** 5:17 7:23
8:8 12:15 13:7
18:16 27:1
34:12,18 46:3
48:8 52:16
60:6 66:18
70:8,10 78:16
83:21 84:4,12
86:16 95:6
96:1 99:5,16
100:3,9,14,19
100:22 101:6
101:14 102:5
102:22 103:9
104:10 105:17
111:23 113:10
114:9 116:4

120:16 122:19
128:7 131:19
136:22 137:19
142:18 149:12
149:23 150:22
156:7 158:24
159:8,13,18,21
161:3,7,12
162:7,23 180:4
186:10 195:17
196:8 203:14
205:12 221:18
230:11 235:19
235:22 254:9
254:14 256:12
**times** 4:20 8:2,6
86:23 105:22
130:9 138:17
138:18,22,23
139:2 152:7,9
163:2 246:24
**title** 25:23
**today** 5:1 14:24
22:7 39:4
132:6 144:23
145:19 146:3
146:15 147:15
148:23 151:8
151:13 163:6
209:20 212:3
232:7 233:17
235:19 236:9
254:15
**today's** 14:19
87:24 147:6
162:3,7 163:12
**told** 106:11,17
107:11,12
108:11,13,22
108:24 109:13
109:14 110:1
110:14 141:20
144:23 145:4,5
145:15,16,18
146:3,6 148:22

168:18 175:1
180:2,4,9,12
180:14 181:4
181:13 182:21
182:23 183:15
183:17 184:4,5
186:19,24
187:3,5 188:6
190:6,13,16,18
191:10,19
192:5,6,12,24
193:9,14
196:20 197:9
198:22 199:15
199:22 209:7,7
218:17 231:6
231:11,13
232:7,15 242:7
243:4,18,18
244:3,13,17
**Tony** 157:12
**top** 14:14 18:12
23:4,7 35:14
40:20 46:17
63:3 67:16
70:2 82:15
214:21,22
228:24 229:3,5
229:12
**totally** 130:12
**touch** 6:15
**trained** 102:6
113:4,11
**training** 101:18
101:21 102:2,3
113:13
**transcript** 38:13
39:1,2,5 53:15
53:18 54:15
55:6 56:20
147:21 217:3
254:9 255:12
255:14
**transcripts** 49:8
**transferred**

13:18
**trial** 3:19,19
6:18,20,23 7:6
7:16,20,23
8:13,21,24
13:2,7,23 14:2
19:18,22 21:6
21:14,23 26:13
30:18 32:5,19
33:7,13 34:4,7
37:12 38:7
41:9 43:20
44:7,12 45:18
45:22,23 48:7
48:16 55:16
58:17,24 60:23
61:3 62:4,8
63:18 65:14,18
68:9,12,22
69:4,11,17
71:15 72:11,15
72:20 73:7
81:14,16 82:1
82:5,8,8,20
83:11,14,23
84:2,6,13,18
84:24 86:17
90:17,24 91:4
91:22 92:16
94:21 96:6
100:9,14,19,22
101:14,22,23
102:1,5,18,22
103:9 104:11
104:19 114:10
117:6 120:8,11
120:15 122:20
131:20 136:22
147:20 149:2
161:4,7,13,17
161:21 164:5
166:6,11,15
186:10 195:6
195:20 196:8
216:15,16,17

216:22 221:6
224:3,15
230:18 233:14
233:21 234:12
236:13,15,19
237:1,11,12,16
238:14 239:7
242:7 243:5
244:18 246:16
247:21 248:3,3
248:15,18
**trials** 138:19
**tried** 8:11 13:24
68:9 85:13
91:8 149:20
**trip** 162:22
**troubles** 195:22
**truck** 179:2
230:4
**true** 183:22
185:16 186:5
255:14
**truth** 83:21
184:2 256:7
**truthful** 126:17
186:9 234:19
**try** 5:4,9 11:4
25:19 46:1
147:12 238:7
**trying** 39:15
136:8 146:19
155:8 214:16
227:2
**turn** 17:20
100:12 104:3
106:13 116:8
206:6,19
**turned** 98:2
116:14,21
117:21 118:5
119:8,15 120:4
137:1 138:8
142:12 143:11
143:18,18,19
177:23 185:7

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 287

194:1 204:20
205:2 207:3,4
**twice** 4:22 130:9
**two** 5:20 12:8
35:19 40:24
50:3 74:18,23
75:1,12 78:9
81:5 82:4,13
120:7 163:8
180:1 244:13
251:13
**two-page** 228:19
**type** 10:20 26:10
26:17 28:18
29:20 38:22,24
111:16 223:8
223:11
**typed** 72:16
**types** 201:15
248:14
**typewriting**
256:9
**typically** 10:24
11:13,15 21:20
29:19 37:23
69:18 72:22
77:5 122:4,22
123:3 125:7,21
247:20 249:10
250:3,3

**U**

**ugly** 97:16
**ultimately** 34:19
119:21 247:9
252:1
**um** 81:7
**unable** 42:23
44:12 180:9,14
190:13,18
231:2,10,15
252:8
**unaware** 94:23
190:9
**uncovered**

117:19 137:10
**underlying**
15:17 16:3,10
18:24 21:22
29:24 58:18
246:20
**understand** 5:3
5:5 80:15
93:18,20 95:20
98:17 126:24
129:17 131:15
146:12 208:10
249:21
**understanding**
38:15 43:17
86:20 97:12
98:13 99:11,15
100:2 111:13
112:11 118:1
123:22 138:5
139:15 140:14
142:18 146:8
**understood** 5:6
5:12 163:1
**undisclosed**
137:21 203:11
203:17,21
**undue** 207:24
208:4 211:1,1
**unduly** 208:12
208:18 209:2
209:23 210:9
211:13
**unfair** 61:6 75:3
75:9,19 233:23
234:14
**unit** 7:11 67:4
133:6,9
**United** 1:1,14
255:1
**units** 7:3,6 83:20
**unknown** 1:7
144:1 255:7
**unrelated** 96:7
**unsuccessful**

51:23
**upside** 61:14
**use** 68:11 94:20
95:15,19
125:18 129:13
146:7
**usually** 106:8
139:3

**V**

**V** 97:9
**vacated** 200:16
201:2
**vaguely** 18:21
152:2
**varieties** 106:3
**variety** 95:4
**vehicle** 78:4
**verbatim** 174:20
174:21
**verdict** 70:21,23
71:4,17
**versed** 84:5
**version** 221:13
223:1 238:12
**VG** 71:4,6
**victim** 77:17
127:21
**victims** 253:1
254:2
**video** 5:9 229:2
**videoconference**
1:13 2:1,22
**viewing** 182:12
**violating** 93:15
**violation** 196:6
**visited** 231:9
**vs-** 1:5 255:5

**W**

**W** 80:3
**Wacker** 2:12
**Wade** 32:1,4
63:23 65:5,6
197:18,20

198:2,6,8
199:17,22
200:5
**Wade's** 197:23
198:17,24
**waiting** 233:8
**waive** 233:14
254:11
**waived** 223:21
224:20
**Walker** 160:3,6
160:10,11
246:10,11
**Walker's** 160:22
**want** 4:16 6:15
7:12 11:3,4
17:20 18:5
22:9 28:22
33:12 35:11,22
39:22 41:13
42:20 50:20
63:19 79:12
80:6 83:9
84:11 85:5
88:18,21,23
93:22 97:6
122:1,5,15
130:11 147:12
147:18 170:5
186:15 188:20
188:24 196:16
197:5 201:21
214:3,12,15,20
216:3 221:17
240:10 245:6
254:16
**wanted** 17:6
33:15 47:9
67:22
**warrant** 34:14
45:1,4,6,9 47:9
49:23 64:6
123:15
**wasn't** 81:16
106:2 134:9

135:10 140:16
145:15 188:8
224:3 234:10
252:2
**way** 22:17 52:12
62:10 83:17
90:7 113:9
122:12 124:18
132:7 166:2
196:24 211:12
217:5 218:2
219:3,17
**ways** 95:4
230:12
**we'll** 48:14
201:23 213:22
**we're** 11:3 77:11
79:12 130:8
147:2 166:4
186:13
**we've** 9:12 10:13
14:8 20:11
22:6 24:24
39:23 40:7
60:8 113:14
186:11 247:19
**weight** 223:2
**went** 82:4
110:24 120:18
182:4 193:15
198:16 221:14
**weren't** 16:1
43:3
**West** 2:7,7,17
3:4,5,21 4:7,11
8:16 9:23 10:2
10:8,11 11:24
12:3,5 18:14
18:15 36:1,3
38:15,17 40:3
40:5,24 41:2
42:17 58:14,16
60:13,14 63:10
63:13 73:22
79:3,9,14,17

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 288

79:20,22 80:5
82:22 85:3
87:18 88:10
89:1,14,23
90:12 91:5,12
96:16 97:21
98:8 99:7
108:19 109:7
109:20 110:8
110:20 111:5
113:5 116:18
117:12 118:13
126:3,12,19
128:14 129:6
133:15 134:4
135:5,14 136:1
136:15 137:3
137:15 138:1
141:7 142:3
143:5,15
145:20,22
149:15 151:16
153:1 154:24
156:17 158:6
159:5,11 168:9
170:12 175:9
175:15 185:21
197:6 205:23
206:9,24
209:18 210:2
210:16 211:3
214:10 216:23
217:10 218:14
219:10,21
223:13 226:20
226:22 228:12
232:9 235:2,21
236:2 237:9
238:18 245:22
249:17 254:4
254:14,18
**West's** 226:11
**WFJ** 81:21
**whatsoever**
121:21 170:9

181:9 182:16
186:23 191:14
201:6 213:2,14
**whereof** 256:18
**white** 180:1
**WILLIAM** 2:23
**Willie** 127:10,15
127:20 138:7
144:19 145:1
180:3 190:7
198:12 200:1
200:15,20
202:9,16,22
203:5,11,18
204:2,7,14
205:6 208:14
208:20 209:3
212:5 213:1,13
232:6
**withheld** 105:5
105:9 121:22
**withholding**
98:23
**witness** 3:2 4:1,3
13:6,17 15:8
15:22 16:7
17:5,15 18:23
19:3 20:1,9
21:9,18 22:2
22:22 24:3,19
24:22 25:15,20
25:24 26:1,12
26:15,21,22
27:6,12 28:6
28:14 29:12
30:9,14,20,22
31:4,15,24
32:3,8,21 33:3
33:5,10,12
34:1,3,7,9 35:2
35:10,16 36:12
37:6,14 38:2,6
39:3,18 42:10
42:13,18 43:6
43:13 44:1,7

44:11 47:17,18
47:22 48:1,11
48:18 49:12,22
50:18 51:13
52:1,22 54:11
54:14 55:5,14
56:11 58:20
59:2 60:4 61:1
61:9 62:14,20
65:2,20 68:16
69:1,7 74:12
75:18 77:1
84:9 85:4 86:3
87:9,20 89:4
89:17,24 90:14
90:21 91:7,13
91:20,22 92:7
92:10,13,20
93:2,14,19,23
94:6 95:7,12
95:15 96:7,18
97:22 98:9
99:9 103:11
104:17 105:1
105:21 106:10
106:17 107:4
107:11,20
108:2,9,11,11
108:13,20,22
109:9,12,13,21
109:24 110:1
110:10,13,13
110:22 111:6
111:20 112:2
112:24 113:6
114:4 115:19
116:19 117:13
117:23 118:11
119:19 122:11
123:2,11,17,19
124:5,6,19
125:3,15 126:4
126:22 127:6
127:12,18
128:20 129:9

129:22 130:17
131:5 133:2,16
134:5,17 135:6
135:16 136:3
136:17 137:5
137:16 138:3
140:4,10,16,22
141:2,9,20
142:5,15 143:6
143:17 144:7
144:11,16
149:5,16
150:14,17
151:2,19 153:3
155:1 156:19
158:7 159:6,12
164:17 165:5
165:20 166:19
168:10 169:12
170:1,15,19
171:18 172:2
172:24 173:10
173:15 174:9
174:17 175:11
175:16,23,24
176:6,9,10,13
176:22 177:17
177:18 178:13
178:20 179:1
180:18,19
181:20 183:8
184:8 185:2,3
185:12 186:8
186:10 187:11
188:12,23
189:6,8 190:24
192:4,17 193:8
193:19 194:17
194:18 195:1
195:12 197:8
197:18 199:8
199:20 202:4,9
204:24 205:24
206:11 207:1
207:12 209:19

210:4,10,18
211:5,24
212:20,21
213:8,18 217:1
217:11 218:15
219:11,24
223:19 225:5
225:17,19,19
225:20,23
227:8 228:5,6
230:21 231:21
232:12,21
233:10 234:1,3
235:3,11,14
237:1,1,11
238:6,8,11,24
239:4,11,18,19
239:20,22,22
240:3,18,22
241:2,15,20
242:11,15,18
243:2,5,13
244:9,19 245:4
245:7,8,24
246:15 248:5
248:22 249:9
249:13,22
250:9,23 252:2
252:6,15
253:20 254:1
254:12 256:18
**witness'** 27:20
124:17
**witnesses** 8:20
9:6 48:7,22
85:19,22 86:6
87:3 88:7 89:9
90:4,4,9,17,23
91:3,9,16 92:3
92:17,23 93:6
94:22,24 97:3
98:2 100:19
132:21 141:14
141:18 149:6
163:23 164:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 289

164:12,20
165:15 197:10
202:15,22
203:4 230:11
241:6 244:14
247:4,7 250:11
**Wojcik** 1:7
157:12,14,17
157:23,23
158:3,17
161:12 255:7
**Wojcik's** 158:10
**women** 78:10
**WOODMAN**
1:16 256:3,23
**word** 70:13
125:18,21
129:24 130:10
171:16 215:18
**work** 16:16 49:2
75:17 87:1
93:17 111:24
115:17 119:1
120:23 130:3,7
130:21 140:8
153:6 157:15
158:10 160:23
173:13 194:9
212:14 224:11
225:10 228:2
233:5
**work-product**
16:23 27:23
30:7 150:10
176:2 177:11
184:21 194:10
225:4 233:7,15
238:19 244:8
244:24 253:13
**work-product...**
172:19 241:9
**worked** 18:13
100:24 103:22
114:1 120:9,14
121:1,7,15

153:14 155:21
158:13 161:1
**working** 67:5
104:14,21
113:3 114:8
115:11,22
116:13 120:3
222:5
**worries** 170:5
**wouldn't** 10:6
82:3 96:11
113:7 116:20
141:16 149:19
218:16 232:22
237:4 252:3
**writ** 45:2 80:21
80:23 81:4,17
81:18,22
**write** 141:17
**writes** 139:18
**writing** 12:13
24:5 105:23
211:12
**written** 64:10
73:16,17 74:8
76:11 78:23
105:23 107:1
108:3 134:22
135:3,12
254:17
**wrong** 41:3
83:12 218:19
252:14
**wrongful** 208:1
208:4
**wrote** 63:14
78:16 81:10
144:10 220:1

———————
**X**
———————
**X** 3:1,7

———————
**Y**
———————
**Yeah** 21:10 32:9
38:15 84:3

85:13 93:20
94:7,16 116:20
124:7 134:6
139:2 148:21
162:21 165:24
173:16 200:11
221:13 226:18
227:2 245:9
**year** 6:4,4,11
**years** 5:20 6:9
7:5 77:23 78:5
78:7 84:2
94:17 131:15
149:9,10,11,21
160:8
**yesterday** 163:7
**younger** 121:2
160:8 221:13

———————
**Z**
———————
**zoom** 11:5
162:11 214:21

———————
**0**
———————
**0015** 52:6
**04** 45:2 63:16
81:14
**06** 7:9
**07** 70:11
**084-002740**
256:24
**09** 7:9

———————
**1**
———————
**1** 3:9 11:23 14:8
37:8 39:12
**1:00** 79:20
**10** 3:15 53:2,9
63:22 64:15
255:13
**10,000** 64:7
**10.4** 64:16
**10/1** 63:21 64:21
64:23
**10/4** 65:6,10

**10/4/04** 63:4
**10:30** 1:19
**103-5** 81:6 82:11
**108** 45:21
**108/120** 45:3,20
**10th** 1:18
**11** 3:16 57:4
**11/10** 64:6
**11/8** 64:1
**11/8/04** 44:19,23
63:18
**1136** 53:4
**116/120** 80:20
**1180** 25:2
**1180-1182** 3:11
**1182** 25:2
**12** 3:16 58:4,7
131:15
**12/13/04** 80:16
80:19
**12/14/04** 80:20
80:21 81:10,18
**12/16** 80:24 81:1
**12/30/2004** 3:16
**12/6/2004** 3:13
**120** 45:22
**1268** 53:5
**13** 3:17 60:8,13
220:13
**14** 3:9,17 61:12
61:20 227:14
**140** 58:15
**148** 58:15
**14th** 81:13
**15** 3:18 65:23
66:4 149:8,11
**16** 3:19 53:3
55:22 67:8,14
77:21 228:11
**16th** 53:13
**17** 3:19 52:6
72:1,5
**1750** 2:17
**1761** 60:11
220:21 226:7

**1767** 60:11
226:6
**17th** 52:10
**18** 3:20 75:21
76:1 228:12
**19** 3:20 228:14
228:22
**1904** 10:18
**1904-1938** 3:11
**1905** 12:8
**1906** 12:12
**1907** 12:16
23:15
**1908** 23:6
**1910** 214:18
**1918** 11:4,6,17
**1919** 44:16
63:11
**1921** 80:9
**1923** 82:14
**1925** 69:22
**1938** 10:18
**1980** 77:20
**1989** 6:21 7:7,20
7:24 83:14
**1990** 78:1 103:8
131:11 173:18
174:6,23
**1990s** 152:23
154:22 156:16
158:4
**1991** 78:4,8
**1995** 216:8,13
216:20 217:6
218:4 219:4,13
219:20
**1st** 23:7 64:15
256:20

———————
**2**
———————
**2** 3:9 20:12,16
22:7 70:11
251:5
**2/10/03** 23:17
**2/22/05** 81:4

James Fletcher Jr. v. Jerome Bogucki; et al.
Deposition of Aiden O'Connor - Taken 10/10/2023

Page 290

| | | | |
|---|---|---|---|
| 82:20 | 80:7,8 139:20 | **51** 3:14 14:13 | **8th** 43:18 64:8 |
| **2/7/05** 81:2,21 | 214:8 | **5200** 2:12 | |
| 82:2,7 | **3/05** 64:3,5 | **53** 2:7,17 3:15 | **9** |
| **2:07** 70:17 | **3/21/05** 71:11 | **57** 3:16 | **9** 3:11,14 50:21 |
| **20** 1:4 3:10 84:1 | **3:45** 70:15 | **58** 3:16 | 51:3 |
| 255:4 | **30** 6:9 57:15 | | **9/16** 215:10 |
| **2000s** 114:2,9,15 | **305** 76:5 | **6** | **9/19** 215:17 |
| 114:19,23 | **307** 76:5 | **6** 3:12 38:10 | **9/27/04** 11:12 |
| 152:23 154:22 | **30th** 57:24 | **6/16/05** 3:15 | **90s** 7:10 |
| 156:16 158:4 | **31** 3:12 | **60** 3:17 68:1,6 | **939** 61:16 |
| **2002** 6:17 7:16 | **311** 2:3,12 | 68:13 | **98** 7:14 |
| 7:24 66:18 | **312.243.5900** | **60-day** 68:11 | **9965** 72:13 |
| 67:3 131:12 | 2:4 | **60604** 2:8,18 | **9968** 72:13 |
| 175:1 180:1,9 | **312.341.9646** | **60606** 2:13 | |
| 180:14 | 2:8 | **60607** 2:3 | |
| **2003** 23:8 | **312.929.4308** | **61** 3:17 | |
| **2004** 43:4 46:8 | 2:18 | **66** 3:18 | |
| 46:21 57:16,24 | **312.982.0090** | **67** 3:19 | |
| **2005** 7:16 52:6 | 2:13 | **6924** 66:1 | |
| 52:10 53:3,13 | **334** 2:7 | **6th** 45:2,21 46:8 | |
| **2012** 6:3,6 7:1 | **37** 3:12 | 46:21 | |
| 83:18 84:4 | **3rd** 2:3 | | |
| **2023** 1:18 | | **7** | |
| 255:13,22 | **4** | **7** 3:13 40:7,13 | |
| 256:20 | **4** 3:11 25:1,7 | 70:11 | |
| **21** 80:23 81:6 | 63:16 | **70** 54:19 | |
| 82:10 | **4-82** 3:4 | **71** 53:17 54:19 | |
| **22** 77:23 | **4:57** 254:22 | **72** 3:19 54:19 | |
| **228** 3:20 | **40** 3:13 188:23 | **73** 54:1,19,24 | |
| **236-253** 3:5 | **419** 46:10 | **75** 3:20 | |
| **243** 3:11 | **426** 46:10 | **76** 55:19 | |
| **2466** 50:23 | **46** 3:14 | | |
| **25** 78:6 | **47** 14:13 | **8** | |
| **27** 43:4 | **474** 38:11 | **8** 3:13 43:20 | |
| **2705** 80:23 | **474-489** 3:12 | 46:7,14 57:9 | |
| **283** 228:16 | **4768** 1:4 255:4 | **8/16/04** 11:11 | |
| **283-294** 3:20 | **481** 39:10 | **80/120** 64:8 | |
| **284** 228:16 | **489** 38:11 | **82-235** 3:4 | |
| | | **83** 56:3 | |
| **3** | **5** | **8558** 67:10 | |
| **3** 3:10 9:13,19 | **5** 3:12 31:7,12 | **8559** 67:10 | |
| 10:14 11:24 | 32:10 155:21 | **8574** 40:8 | |
| 12:2 23:4 | 158:23 159:3 | **8575** 40:8 | |
| 44:13,17 47:2 | **5/1/03** 23:8 | **8584** 57:5 | |
| 62:23 69:20 | **50** 242:8 | **8586** 57:5 | |