# EXHIBIT 80

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES FLETCHER JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | Case No. 20 CV 4768 |
| | ) | |
| JEROME BOGUCKI, ANTHONY | ) | Honorable Andrea R. Wood |
| NORADIN, RAYMOND SCHALK, | ) | |
| ANTHONY WOJCIK, UNKNOWN | ) | |
| CITY OF CHICAGO POLICE OFFICERS, | ) | |
| and the CITY OF CHICAGO | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT BOGUCKI'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff James Fletcher, by and through his attorneys, responds as follows to
Defendant Bogucki's Interrogatories to Plaintiff as follows:

**GENERAL OBJECTIONS**

Plaintiff's investigation is ongoing as to all matters referenced in the objections and
responses below. Plaintiff's objections and responses are based upon, and necessarily
limited by, information now reasonably available to Plaintiff. Plaintiff specifically reserves
all rights to revise, correct, supplement, modify, or clarify the content of his objections and
responses below, in accordance with the applicable Federal Rules of Civil Procedure and
Federal Rules of Evidence.

Each objection below applies to each instruction, definition, and specific request
included in the interrogatories; and unless otherwise stated, shall have the same force and
effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff construes Defendant's interrogatories to request information within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure.

Plaintiff objects to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the psychotherapist-patient privilege, the marital communications privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to the interrogatories as a whole and to each interrogatory contained therein, to the extent that they are compound and a violation of the applicable

Rules, which limit Defendant's interrogatories, including all discrete subparts. Plaintiff objects to the interrogatories that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules.

Plaintiff objects to these Requests to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Requests are not limited temporally to time relevant to this lawsuit.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## RESPONSES

1.      Please state and identify: (a) your full name and any other names or nicknames you have ever used; (b) all of your resident addresses within the last five (5) years of your arrest on April 19, 2002, and since your release from incarceration; and (c) your date of birth.

**RESPONSE:** Plaintiff objects to this interrogatory as overly broad, unreasonable, unduly burdensome, and of an inappropriate temporal scope. Plaintiff objects to this multi-part request, which is actually three distinct requests and will be treated as such. Plaintiff objects that this interrogatory seeks private and confidential information from Plaintiff, and he provides the following response subject to the protective order entered, or to be entered, in this case. Plaintiff objects further that this interrogatory seeks information that is irrelevant and not proportional to the needs of the case, such as his residences up to 25 years ago, prior to Defendants' framing of him for a murder he did not commit. Plaintiff objects on privacy and relevance grounds to disclosure of his residential address, but he

3

will provide such information if and when all Individual Defendants agree to do the same for the same time period.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that his full is James Fletcher Jr., his date of birth is March 30, 1963, and he has gone by the alias, Arnold Dixon.

2.      Please state and identify all of the educational institutions you have attended, and the dates attended for each, subsequent to the eighth grade.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it is overbroad with respect to time frame and subject matter and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he attended Austin Community Academy High School, Chicago Cathedral Catholic High School, and Wells Community Academy High School from 1977-1979. Plaintiff further states that he received his G.E.D. at Danville Correctional Center in 1987, his Certificate in Culinary Arts in Statesville sometime in the 1980s, and his Certificate in Welding at Danville Correctional Center in 1988.

3.      Please identify by name and address all persons who, to the best of your understanding, have knowledge of the facts that relate to any of the claims or defenses in

this action, including but not limited to, all persons who are not listed in Plaintiff's Rule 26(a)

disclosures.

**RESPONSE**: Plaintiff objects to this interrogatory as vague, ambiguous, overly

broad, and unduly burdensome, in that it seeks "by name and address all persons who . . .

have knowledge of the facts that relate to any of the claims or defense in this action"

without any limitation whatsoever. Plaintiff objects further that this interrogatory is being

propounded before Plaintiff has had an opportunity to depose the Defendants and other

relevant witnesses and calls for information that Plaintiff does not now know and that is

equally accessible to Defendants. Plaintiff also objects to the extent this interrogatory calls

for any information protected by attorney-client or work-product privilege.

Subject to these and the general objections, and without waiving Plaintiff's

objections to this interrogatory and to Defendants' definitions and instructions, please see

the witnesses identified in the parties' Rule 26(a)1 disclosures, all of Plaintiff's responses to

Defendants' interrogatories, and the documents produced by the parties in discovery.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or

modify this answer as new information comes to light.

**4.** With respect to each individual Defendant Officer identified in your

Complaint, please provide, with specificity, what actions you allege that Defendant Officer

performed that were wrong and the facts upon which you base these allegations.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the

outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many

of the relevant witnesses, and before Defendants have disclosed documents in their

possession. Plaintiff further objects because much of the information relevant to this

inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also

objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive complaint that alleges in detail how each of the Defendants, including Defendants Jerome Bogucki, Anthony Noradin, Raymond Schalk,

6

and Anthony Wojcik, acted individually and in conspiracy with one another to conceal and withhold exculpatory evidence from Plaintiff, his defense counsel, and the State's Attorney's Office, to fabricate false evidence against Plaintiff implicating him in a crime he had not committed, and to prosecute Plaintiff without any probable cause to believe that he had committed the murder of Willie Sorrell. *See* Plaintiff's Complaint.

Plaintiff specifically alleges that, as part of the investigative team, these Defendants, acting in conspiracy with one another, and others still unknown to Plaintiff, fabricated evidence in order to connect Plaintiff to the crimes, including false police reports and witness statements regarding Plaintiff's purported connection to the crimes; manipulated and coerced eyewitnesses to make false identifications and manufactured false witness testimony that was used to implicate Plaintiff; and then suppressed that information during criminal proceedings; covered up their misconduct and destroyed or suppressed additional evidence that would have exculpated Plaintiff, including witness statements pointing to other suspects and pointing away from Plaintiff, hiding that information from Plaintiff, his attorneys, and state prosecutors; presented false evidence to state prosecutors and judicial authorities in order to secure and continue charges against Plaintiff; and provided false reports, statements and testimony in order to implicate Plaintiff in a crime he had not committed. Answering further, Plaintiff states that Defendants engaged in this misconduct even though there was absolutely no evidence (forensic, eyewitness, circumstantial, character, or otherwise), apart from that evidence fabricated by the Defendants, that connected Plaintiff to the murder of Willie Sorrell.

Answering further, Plaintiff states that the Individual Defendants fabricated the photo identifications and live lineup identifications of Plaintiff by Terry Rogers, Edward Cooper, and Sheenee Friend. All of these witnesses had limited opportunity to view the

offenders because of the circumstances in 1990, and could not be reasonably relied upon to make an identification almost 12 years later in 2002. In fact, Defendant Bogucki admitted in his deposition in this case that they may have shown Cooper a different photo array – one that included Plaintiff's photo – in which Cooper was unable to make an identification, as far back as 1995. Nonetheless, under the supervision of Defendant Wojcik, Defendants Bogucki and Schalk got Rogers to make a purported identification of Plaintiff – who Rogers personally knew in 1990 but failed to identify – while under duress from his own arrest. Rogers could not and did not identify Plaintiff in 1990. In 2002, he had real incentive to provide Defendants with a name – he was under arrest and facing a real likelihood of prosecution and more jail time. Additionally, Cooper had told Defendants that he believed Rogers was involved in the crime from the beginning. In fact, Cooper testified that Rogers told his mother the police had let him go in exchange for his identification of Plaintiff. Defendants Bogucki and Schalk took that false identification and concocted a highly biased photo array using 2002 inmate photos, replete with multiple personal identifying characteristics listed on the photos, that they printed off the IDOC website, in contravention of CPD practice and policies. Defendants then turned their attention to Cooper and Friend and got Cooper and Friend to falsely identify Plaintiff in 2002 using the IDOC photo array. Cooper has provided extensive testimony that Defendants fabricated his photo array identification in 2002. But the highly suggestive and improper IDOC photo array was not initially enough – at first, Cooper told Defendant it had been too long to identify anyone. Nonetheless, Defendants Bogucki and Schalk showed Cooper photos in 2002 and told Cooper who to pick, all the while assuring Cooper that other witnesses had identified Plaintiff already and that Plaintiff was a "bad guy" who they needed help keeping off the streets. Defendants then fabricated a photo array identification with Friend, as recounted in

8

her two sworn declarations. Finally, Defendants Bogucki, Schalk, and Noradin fabricated live lineup identification procedures shown to Cooper and Friend. Defendants also attempted to fabricate an identification with a fourth witness, Emmet Wade, as his extensive testimony establishes. Wade refused Defendants' attempts to get him to falsely identify Plaintiff, so Defendants suppressed the photo array that they showed Wade. Answering further, Defendants falsified reports claiming that Rogers, Cooper, and Friend had identified Plaintiff, when in fact that evidence was entirely fabricated. All this was done under the supervision of Defendant Wojcik who approved reports during the investigation. Answering further, Defendants fabricated witness statements to implicate Plaintiff. Also fabricated were Defendants' claims and reports that they had developed information and investigated an alternative suspect named Fletcher Clinton. All evidence of Defendants' fabrications was withheld from Plaintiff, and it would have been powerful exculpatory and impeaching evidence had it been disclosed. In addition, pursuant to CPD policy and practice, Defendants also suppressed notes, memos, and other evidence they developed during the course of their investigation, all of which was kept in secret police files and repositories where they were routinely withheld from criminal defendants and their counsel. Indeed, Defendants testified that they took notes as a homicide detective, yet there are no such notes documenting the interviews of Cooper and only a scant record of notes documenting interviews with the other witnesses in the investigative file produced by Defendants in this case.

In addition, Plaintiff references and incorporates the detailed allegations in his Complaint, the post-conviction briefs and evidence supporting those briefs which resulted in his conviction being vacated, and the documents he has or will produce in response to Defendants' requests for production. Plaintiff's investigation into this matter continues, and

he reserves the right to supplement or modify this answer as new information comes to light.

     **5.**     Please describe all injuries (physical, emotional, and mental) you claim to have sustained as a result of the events giving rise to your Complaint.

     **RESPONSE**: Plaintiff directs Defendants to his objections and response to Defendant Schalk's Request No. 11, which he expressly references and incorporates herein.

     **6.**     Have you suffered any personal injury, including but not limited to prolonged, serious, and/or chronic physical and/or mental illness before, during, or after the Sorrell Murder? If so, state: (1) when and how you were injured and/or became ill, (2) where you were injured and/or became ill, (3) describe the injuries, and/or illness suffered, and (4) state the name and address of each physician, or other health care professional, hospital and/or clinic rendering treatment to you for each injury and/or chronic illness. In addition, please state, what steps, if any, you took to heal, treat, or care for the injury or illness.

     **RESPONSE**: Plaintiff objects to this interrogatory on the ground that it is overbroad with respect to time frame and subject matter and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this interrogatory seeks: (1) medical or psychiatric diagnoses and opinions that he is not qualified to offer, (2) information protected from disclosure by the work product doctrine, or (3) information protected by therapist-client privilege. Plaintiff further objects to this interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert opinions as required by Rule 26 and on the schedule set by the Court. Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and

response to Defendant Schalk's Request No. 11, which he expressly references and incorporates herein.

7.    Please identify any and all employment you have held prior to your arrest in 2002 and after your release from incarceration. For each employer, please state the full name and address of each employer, the dates of commencement and termination, a brief description of the services or work performed, the average weekly wages or earnings, and the annual income as reported to the IRS for those calendar years.

**RESPONSE**: Plaintiff objects to this Interrogatory as overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects further to the extent that this interrogatory is vague, ambiguous, and unduly burdensome. Plaintiff also objects to this interrogatory on the basis that it calls for narrative and is better posed during deposition. Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions Plaintiff states as follows: Plaintiff was incarcerated in 1991 and did not hold any employment during his incarceration. Since Plaintiff was released from incarceration in 2020, he has been working at the Great American Delivery Services, where he makes commission each week of approximately $1000-$2000.

8.    State with specificity every piece of evidence that was fabricated and used against you in your criminal case. For each piece of evidence identified please state which individual defendant fabricated the evidence and how the evidence was fabricated.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this

inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff

12

directs Defendants to his objections and response to Request No. 4 above, which he expressly references and incorporates herein.

9. State the factual basis for your allegation in paragraph 11 of the Complaint that Defendant Wojcik participated in the misconduct alleged in the Complaint.

RESPONSE: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information

13

during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL
4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention
interrogatories because fact discovery was nearly closed, but limiting questions to
"material" facts rather than "all" relevant facts, and explaining that responding party should
supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's
objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff
directs Defendants to his objections and response to Request No. 4 above, which he
expressly references and incorporates herein.

**10.** State with specificity the factual basis for your allegation in paragraph 26 of
your Complaint that the police had evidence that at the time of the Sorrell Murder you had
short, non-curly hair, and identify the piece(s) of evidence the police had and the individual
defendant(s) who knew of such evidence.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the
outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many
of the relevant witnesses, and before Defendants have disclosed documents in their
possession. Plaintiff further objects because much of the information relevant to this
inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also
objects to any used in these interrogatories that are vague and ambiguous and to the extent
the call for a legal conclusion or otherwise are defined in a manner that is unsupported by
the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the
extent that this interrogatory seeks information protected from disclosure by the attorney-
client privilege, the work-product doctrine, or any other statutory or common-law privilege.

14

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request No. 4 above, which he expressly references and incorporates herein. Answering further, Plaintiff directs Defendants to the trial testimony of James Fletcher Sr., the trial and deposition testimony of Deborah Sanders, and the deposition testimony of CPD member James Martin – who specifically testified that he knew Plaintiff in 1990 and never saw him with long shoulder length hair at any time.

15

**11.** In paragraph 28 of your Complaint you allege that Rogers had an incentive to "shift the blame" for the Sorrell murder to another person because in 1995 Cooper told Bogucki and Schalk that he suspected Rogers was involved in the crime. Please identify all evidence you have and the factual basis for your belief that Rogers knew Cooper told the detectives that Cooper suspected Rogers was involved in the crime.

**RESPONSE**: Plaintiff objects to interrogatory on the grounds that it is both argumentative and misstates allegations in the complaint, and is thus vague, ambiguous, overbroad, and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff also objects to the extent that his interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request No. 4 above, which he expressly references and incorporates herein. Answering further, Plaintiff directs Defendants to the deposition testimony of Edward Cooper, wherein Cooper testified that he had conversations with members of Rogers' family including Rogers' mother who told him that Rogers implicated Plaintiff because Rogers was in police custody and that Rogers told police Plaintiff was involved in the Sorrell Homicide in order to get out of custody.

**12.** Identify all evidence and state the factual basis for your allegation in paragraph 23 of the Complaint that in February 2002 Rogers was arrested in possession of incendiary material, for arson, and criminal trespassing.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many

16

of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

17

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request Nos. 4 above, which he expressly references and incorporates herein.

**13.** Identify all evidence and state the factual basis for your allegation in paragraph 29 of the Complaint that "Defendants struck an illegal and undisclosed deal with Rogers, wherein they declined to investigate or seek charges for arson, in exchange for his false statement implicating Fletcher" and identify which individual defendant(s) you are referring to.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require

18

answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request Nos. 4 and 11 above, which he expressly references and incorporates herein.

**14.**    State with specificity which individual defendant you claim destroyed evidence and identify the evidence said defendant destroyed as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by

19

the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request Nos. 4, 10, and 11 above, which he expressly references and incorporates herein.

**15.**    Identify the individual defendant(s) you claim gave false statements to

prosecutors as alleged in paragraph 116 of your complaint, the date of the false statements, and the substance of the false statements.

      **RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

      Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention

21

interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request Nos. 4, 10, and 11 above, which he expressly references and incorporates herein.

**16.** State with specificity what information or evidence you have that Defendant Wojcik was "aware of Defendants' misconduct and their fabrication of a case against Plaintiff" as alleged in paragraph 119 of the Complaint.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to

22

contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request No. 4 above, which he expressly references and incorporates herein.

**17.** State with specificity all bases for your belief that Defendants "suppressed and destroyed additional evidence" as alleged in paragraph 120 of your Complaint and identify which individual defendant suppressed or destroyed the evidence and state what evidence you claim said defendant suppressed and/or destroyed.

**RESPONSE**: Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession. Plaintiff further objects because much of the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. Plaintiff also

23

objects to any used in these interrogatories that are vague and ambiguous and to the extent the call for a legal conclusion or otherwise are defined in a manner that is unsupported by the law and is irrelevant to the legal claims in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege.

Plaintiff also objects to this interrogatory on the basis that it is premature as discovery in this matter is just getting underway and no person has yet been deposed. Indeed, this interrogatory is akin to a contention interrogatory, which is inappropriate at this stage of the litigation. Parties are typically not required to provide complete answers to contention interrogatories until the end of discovery, though courts may at times require answers before then. *See, e.g., In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete."). Moreover, as with any interrogatory, parties may supplement their answers to contention interrogatories as they learn additional responsive information during discovery. *E.g., Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (requiring party to answer contention interrogatories because fact discovery was nearly closed, but limiting questions to "material" facts rather than "all" relevant facts, and explaining that responding party should supplement response if additional discovery provided additional responsive information).

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff directs Defendants to his objections and response to Request No. 4, 10, and 11 above, which he expressly references and incorporates herein.

24

Respectfully submitted,

/s/ Sean Starr
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Sean Starr
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinoi 60607
(312) 243-5900
sean@loevy.com

Jennifer Blagg
1333 W. Devon Ave., Suite 267
Chicago, IL. 60660
(773) 859-0081
jennifer@blagglaw.net

## CERTIFICATE OF SERVICE

I, Sean Starr an attorney, certify that on October 1, 2024, I served the foregoing Supplemental Responses to Defendant Bogucki's First Set of Interrogatories upon all counsel of record via electronic mail.

/s/ Sean Starr
*One of Plaintiff's Attorneys*